Jessica L. Blome (State Bar No. 314898)
Christian R. Bucey (State Bar No. 341921)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
        cbucey@greenfirelaw.com

*Attorneys for PLAINTIFF Deniz Bolbol*

JOSEPH P. CUVIELLO
P.O. Box 2834
Redwood City, CA  94064
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*PLAINTIFF In Pro Per*

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>PLAINTIFFS.<br><br>v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; and DOES 1 and 2, in their individual and official capacities, jointly and severally,<br><br>DEFENDANTS. | Case No. _____<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>1. Assault<br>2. Battery<br>3. Civil Code § 52.1<br>4. Civil Code § 51.7; Code of Civ. Proc. § 526<br>5. Cal. Const. Art. I; Civil Code § 52.1; Code of Civ. Proc. § 526<br>6. 42 U.S.C. § 1983; U.S. Const. amend. I |

PLAINTIFFS, DENIZ BOLBOL and JOSEPH CUVIELLO, for their Complaint against

DEFENDANTS, allege as follows:

## JURISDICTION AND VENUE

1.    This is a civil rights action arising from DEFENDANTS' interference and attempted interference with PLAINTIFFS' constitutionally protected right to free speech through threats, coercion and intimidation and by assault and battery/violence based on PLAINTIFFS' political affiliation as animal rights activists. This action is brought pursuant to 42 U.S.C. § 1983, the First Amendment to the United States Constitution, Article 1, Section 2 of the California Constitution, California Civil Codes Sections 43, 51.7, 52.1 and the common law torts of Assault and Battery.

2.    This complaint requests declaratory and injunctive relief and the imposition of monetary damages, civil penalties and reasonable attorneys' fees against all DEFENDANTS as permitted under law and pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 2201(a), and California Civil Code, sections 51.7, 52, and 52.1.

3.    Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions. PLAINTIFFS further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law, which are part of the same case or controversy as the federal claims.

4.    All of the events and/or omissions complained of herein occurred in Castro Valley, California, in the County of Alameda, as such, under Local Rule 3-2(c) and (d), this action is properly assigned to the Oakland Division of the United States District Court for the Northern District of California.

5.    PLAINTIFFS have complied with the California Government Tort Claims Act, section 910, et seq.

## PARTIES AND PROCEDURE

6.    PLAINTIFFS JOSEPH CUVIELLO and DENIZ BOLBOL are residents of the State of California.

7.    DEFENDANT ROWELL RANCH RODEO, INC. is a non-profit organization, located in Castro Valley, Alameda County, California, which operates the Rowell Ranch Rodeo.

DEFENDANT ROWELL RANCH RODEO, INC. is responsible for the actions of its employees.

8. DEFENDANT HAYWARD AREA RECREATON AND PARK DISTRICT, known locally as "HARD," is an independent special use district within Alameda County, California, created by ballot initiative in 1944, to provide park and recreation services for over 309,000 residents. Its boundaries encompass a 100 square-mile area, which includes the City of Hayward and the unincorporated communities of Castro Valley, San Lorenzo, Ashland, Cherryland, and Fairview. HARD owns and manages the Rowell Ranch Rodeo Park, which is located within Alameda County, where the Rowell Ranch Rodeo takes place.

9. DEFENDANT KEVIN HART, upon information and belief, is the former Kensington Police Chief and on May 20, 2022, was the Hayward Area Recreation and Park District (HARD) Public Safety Manager/Ranger.

10. DOE DEFENDANTS 1 and 2 are individuals who, upon information and belief, were agents of or employed by DEFENDANT ROWELL RANCH RODEO, INC. DOE DEFENDANTS 1 and 2. The true names and capacities of DEFENDANTS sued herein as Does 1 and 2 are unknown to PLAINTIFFS who therefore sue said DEFENDANTS by such fictitious names. PLAINTIFFS will seek to amend this Complaint to allege their true names and capacities when and if ascertained. PLAINTIFFS are informed and believe and thereon allege that each of the fictitiously named DEFENDANTS are responsible in some manner for the occurrences herein alleged and that PLAINTIFFS' damages as herein alleged were proximately caused by their conduct.

11. PLAINTIFFS are informed and believe and thereon allege that each of the DEFENDANTS sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as described hereinafter, and proximately caused injuries and damages to PLAINTIFFS.

12. PLAINTIFFS are also informed and believe, and thereon allege, that each of the DEFENDANTS was at all material times a managing agent, agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining DEFENDANTS, and in doing

the things herein alleged, was acting within the course and scope of that relationship.
PLAINTIFFS are further informed and believe, and thereon allege, that each of the
DEFENDANTS herein gave consent, aid, and assistance to each of the remaining
DEFENDANTS, and ratified and/or authorized the acts or omissions of each DEFENDANT as
alleged hereinafter, except as may be otherwise specifically alleged.

## LEGAL FRAMEWORK

### *California Law*

13.     Under California common law, an assault occurs where: (1) the defendant acted
with the intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful
or offensive manner, (2) the plaintiff reasonably believed he was about to be touched in a
harmful or offensive manner or it reasonably appeared to plaintiff that the defendant was about
to carry out the threat, (3) the plaintiff did not consent to the defendant's conduct, (4) the
plaintiff was harmed, and (5) defendant's conduct was a substantial factor in causing that harm.
See *So v. Shin,* 212 Cal.App.4th 652, 668−669 (2013); see also Judicial Council of California
Civil Jury Instructions No. 1301.

14.     Under California common law, a battery occurs where: (1) the defendant touched
the plaintiff or caused the plaintiff to be touched with the intent to harm or offend the plaintiff,
(2) the plaintiff did not consent to the touching, (3) the plaintiff was harmed or offended by the
defendant's conduct, and (4) a reasonable person in the plaintiff's position would have been
offended by the touching. See *So v. Shin,* 212 Cal.App.4th 652, 669 (2013); see also Judicial
Council of California Civil Jury Instructions No. 1300.

15.     According to the Tom Bane Civil Rights Act, California Civil Code, section
52.1, "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws
of the United States, or of rights secured by the Constitution or laws of this state, has been
interfered with, or attempted to be interfered with," "by threat, intimidation, or coercion" "may
institute and prosecute in their own name and on their own behalf a civil action for damages,
including, but not limited to, damages under Section 52, injunctive relief, and other appropriate

equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct." Civ. Code, sec. 52.1(b), (c).

16.     One such right secured by the laws of California is "the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations." Civ. Code, sec. 43.

17.     Additionally, the Ralph Civil Rights Act of 1976, California Civil Code, section 51.7, requires that "[a]ll persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, . . . or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. Civ. Code, sec. 51.7(b)(1).

18.     The Legislature explicitly recognized that the "particular bases of discrimination" in California Civil Code, section 51.7, subd. (b)(1) are "illustrative rather than restrictive." Civ. Code, sec. 51.7(b)(1).

19.     "Intimidation by threat of violence" as used in California Civil Code, section 51.7, "includes, but is not limited to, making or threatening to make a claim or report to a peace officer or law enforcement agency that falsely alleges that another person has engaged in unlawful activity or in an activity that requires law enforcement intervention, knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report." Civ. Code, sec. 51.7(b)(2).

20.     Under the California Constitution, Article I, section 2, "[e]very person may freely speak, write and publish his or her sentiments on all subjects." Cal. Const. art

***Federal Law***

21.     The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. amend. I.

22. The First Amendment is made applicable to the states through the Fourteenth Amendment.

23. Under 42 USC § 1983, a party may seek injunctive relief against a party who, under color of law of any state, subjects any person within the jurisdiction of the United States to a deprivation of any rights, privileges, or immunities secured by the Constitution and other laws.

24. In addition to protection from state actors interfering with a person's free speech rights, a private entity may also violate the First Amendment and be considered a state actor under several circumstances, including where the private entity performs a traditional, exclusive public function, where the government forces the private entity to act, or when the government and private entity jointly act in concert with one another.

## FACTUAL ALLEGATIONS

25. PLAINTIFFS reallege each and every paragraph in this complaint as if fully set forth here.

26. PLAINTIFFS JOSEPH CUVIELLO and DENIZ BOLBOL are animal rights activists who have been active in advocating for the humane treatment of animals since 1986 and 2000, respectively. PLAINTIFFS are the founders of, and organizers for, "Humanity Through Education," a grassroots animal rights non-profit located in San Mateo, California. PLAINTIFFS' advocacy is mainly targeted at educating patrons who frequent businesses that use animals for entertainment and includes holding signs and banners, offering informational flyers, and showing video on a large-screen television. PLAINTIFFS' speech also includes video recording the treatment of animals for whom they advocate. PLAINTIFFS use their video to educate the public and provide news media information about the abuse and mistreatment of animals. PLAINTIFFS' demonstrations are always peaceful and without interference.

27. PLAINTIFFS have demonstrated at or near the entrance of numerous public gathering facilities in California including the Oakland Arena, the San Jose Arena, the Cow Palace in Daly City, the Stockton Arena, the Fresno Arena, the Santa Clara County Fairgrounds, the Nevada County Fairgrounds, the Santa Cruz County Fairgrounds, the San Mateo County

Fairgrounds, the Contra Costa County Fairgrounds, the San Benito County Fairgrounds, the Sonoma County Fairgrounds, the San Joaquin County Fairgrounds, the Napa Town and Country Fairgrounds, Cal Expo in Sacramento, the Richmond Auditorium Civic Center, the San Francisco Zoo, Six Flags Discovery Kingdom in Vallejo, Livermore Rodeo Arena and Rowell Ranch Rodeo Park in Castro Valley.

28.     PLAINTIFFS are especially concerned about documenting and disseminating information about the cruel and inhumane treatment of animals in rodeos, like those who suffer during rodeo events hosted by DEFENDANTS at the Rowell Ranch Rodeo Park. Animals used in rodeos are subjected to roping, prodding, kicking, whipping, spur-raking and ear- and- tail twisting and bucking straps, all causing pain, fear and stress. The pain and fear of animals is exploited as a form of entertainment.

29.     PLAINTIFFS have successfully filed lawsuits for injunctive relief and damages against the owners and/or managers of some of the above-listed facilities, and individual police officers working at the facilities, to remedy violations of their constitutionally protected right to free speech and to have their constitutional right upheld and protected while demonstrating at the facilities.

30.     PLAINTIFFS' speech and association is on matters of great public concern locally, nationally, and internationally—the abuse and mistreatment of animals by circuses, amusement parks, rodeos, and other "entertainment" entities.

31.     The Rowell Ranch Rodeo Park is a publicly owned special event facility that is owned, operated, and maintained by DEFENDANT HARD. The facility can be rented for rodeos, special events, and picnics.

32.     In 1995, PLAINTIFF JOSEPH CUVIELLO was demonstrating with other activists at the Bill Pickett Invitational Rodeo at the Rowell Ranch Rodeo Park, and there was an incident regarding interference with the activists' free speech rights. Baron Miller, an attorney colleague of PLAINTIFF JOSEPH CUVIELLO, wrote a letter to DEFENDANT HARD regarding the incident. On July 21, 1995, HARD responded by writing a letter to Lu Vason, President of the Bill Pickett Invitational Rodeo, informing him that the Rowell Ranch Rodeo

Park "is public property and groups such as that represented by Mr. Miller, have a right to make known their beliefs by distributing leaflets or posting signs."

33.     PLAINTIFFS JOSEPH CUVIELLO and DENIZ BOLBOL have been demonstrating against rodeos at the Rowell Ranch Rodeo Park intermittently from 1988 to 2022 and 2018-2022, respectively.

34.     PLAINTIFFS have always stood near the entrance to the rodeo and demonstrated without causing interference or incident.

35.     In 2022, the Rowell Ranch Rodeo event occurred over a three-day period from May 20 to 22, 2022, and DEFENDANT ROWELL RANCH RODEO, INC. was responsible for managing and operating the rodeo event at the Rowell Ranch Rodeo Park.

36.     Each of the incidents complained of herein were video recorded by PLAINTIFFS.

***Events Of May 20, 2022***

37.     On May 20, 2022, at approximately 6:00 pm, PLAINTIFFS arrived at the Rowell Ranch Rodeo Park in Castro Valley, California to attend a demonstration they organized, through Humanity Through Education, to protest the use of animals in rodeos. This was the first day of three days of scheduled demonstrations against the Rowell Ranch Rodeo.

38.     Upon walking into the parking lot PLAINTIFFS noticed a cordoned off area near the vehicle entrance that had a sign which read "Free Speech Area." This area was far from the pedestrian entrance where people parking in the lot would be entering the rodeo. PLAINTIFFS viewed this area as ineffective for getting their message to patrons, because PLAINTIFFS would not be able to quietly speak with patrons and hand them leaflets and patrons would not be able to see PLAINTIFFS' banners and signs. Accordingly, PLAINTIFFS continued on to the area near the front entrance, where they had always demonstrated in previous years without incident. PLAINTIFFS then proceeded to hold their banner and signs and pass out leaflets.

39.     Shortly thereafter an employee of DEFENDANT ROWELL RANCH RODEO, INC., who PLAINTIFFS will refer to as DOE DEFENDANT 1 in this Complaint and who was wearing a badge that read "All Access Credential 7", approached PLAINTIFFS and told them

that DEFENDANT ROWELL RANCH RODEO, INC. had set up a "Free Speech Area" and that PLAINTIFFS had to demonstrate in that "Free Speech Area." PLAINTIFFS told DOE DEFENDANT 1 to call the police if he had a problem, and DOE DEFENDANT 1 then tried to grab the end of the banner PLAINTIFF JOSEPH CUVIELLO was holding. PLAINTIFFS told him he was not allowed to touch them and reiterated he should call the police. DOE DEFENDANT 1 then told PLAINTIFFS he could block their banner and proceeded to stand in front of PLAINTIFFS' banner to obstruct its view. DOE DEFENDANT 1 then called the police and intentionally falsely told the dispatcher PLAINTIFFS were blocking the parking lot and the entrance. The police arrived approximately five minutes later, and upon arrival, PLAINTIFF DENIZ BOLBOL observed and video recorded Alameda County Deputy Sheriff Joshua Mayfield hugging a woman who appeared to be affiliated with the rodeo.

40.     Shortly thereafter, four police officers—three males and one female— approached PLAINTIFFS, and one of the male officers, who this Complaint will refer to as "Officer 1," told PLAINTIFFS that he was with the Sheriff's Office and just wanted to say hello. Officer 1 said he and his fellow officers would be "hanging out" there and acknowledged that PLAINTIFFS' demonstration was protected as free speech. He told PLAINTIFFS that the officers "get it" and that, "it's totally cool." PLAINTIFFS told Officer 1 they had no intention of blocking anyone, and Officer 1 responded by saying, "All we ask is that everyone play nice." Officer 1 then told PLAINTIFFS that DEFENDANT ROWELL RANCH RODEO, INC. wanted PLAINTIFFS to go to the "Free Speech Area." PLAINTIFFS told Officer 1 they knew of the Rodeo's request, but PLAINTIFFS reiterated that they would not be using the "Free Speech Area." Officer 1 indicated he was fine with that.

41.     Moments later, Deputy Mayfield again told PLAINTIFFS about the "Free Speech Area." Deputy Mayfield told PLAINTIFFS that if they were to stay where they were, they would have to "keep it peaceful." PLAINTIFFS responded that they are always peaceful, and all four police officers walked away.

42.     A short time later, Deputy Mayfield and DEFENDANT KEVIN HART approached PLAINTIFFS. DEFENDANT HART was wearing a blue shirt that read "K. Hart,

Public Safety Manager." A badge appeared on DEFENDANT HART's blue shirt that read "Ranger, Hayward Area Recreation and Park District." Working in concert to enforce DEFENDANT ROWELL RANCH RODEO, INC.'S free speech policy, DEFENDANT HART and Deputy Mayfield threatened to arrest PLAINTIFFS if they did not move to the "Free Speech Area" set up by DEFENDANT ROWELL RANCH RODEO, INC.. PLAINTIFFS felt intimidated and coerced but refused to move to the "Free Speech Area," as these new threats of arrest contradicted not only what Deputy Mayfield and Officer 1 had just told PLAINTIFFS but also PLAINTIFFS' history of demonstrating near the front entrance without incident.

43.     DEFENDANT HART continued to harass PLAINTIFFS. He told PLAINTIFFS they had to go to the designated "Free Speech Area," and he said, "Failure to do so will not be good." PLAINTIFF JOSEPH CUVIELLO asked DEFENDANT HART what would happen if they didn't go, and DEFENDANT HART said, "You'll have to figure that out."

44.     Based on his many years of experiences with law enforcement, PLAINTIFF JOSEPH CUVIELLO understood that DEFENDANT HART was suggesting that PLAINTIFFS could be arrested as a form of intimidation and coercion so that PLAINTIFFS would voluntarily acquiesce and give up their right to free speech near the entrance. Because PLAINTIFF JOSEPH CUVIELLO did not know if DEFENDANT HART was a law enforcement officer, he turned to Deputy Mayfield, who was working in concert with DEFENDANT HART and asked him if he would arrest PLAINTIFFS if they didn't comply with the request. Deputy Mayfield said, "You could be arrested." Because Deputy Mayfield was threatening PLAINTIFFS with arrest if they did not move, and because PLAINTIFF JOSEPH CUVIELLO did not want to be arrested, PLAINTIFF JOSEPH CUVIELLO told Deputy Mayfield he did not want to get arrested and asked him to let him know ahead of time if he was going to arrest him so he could leave. Deputy Mayfield told PLAINTIFF JOSEPH CUVIELLO he was not required to tell him whether he would arrest him or not, and continued to threaten PLAINTIFFS with arrest by telling them if they did not move, they "could be" arrested and maintaining that arrest was a "possibility." PLAINTIFF JOSEPH CUVIELLO told Deputy Mayfield he needed to call his watch commander.

45.     PLAINTIFF JOSEPH CUVIELLO then explained that this is a public park, and unless there was a significant interest in keeping PLAINTIFFS from demonstrating near the entrance, he could not arrest PLAINTIFFS for being there. Based on his years of experience with police at protests, PLAINTIFF JOSEPH CUVIELLO understood  Deputy Mayfield's threats of arrest were an intimidation tactic meant to scare PLAINTIFFS and coerce them into relinquishing their right to engage in free speech activity near the rodeo entrance, the most effective free speech location at the Rowell Ranch Rodeo Park.

46.     DEFENDANT HART, standing with Deputy Mayfield, told PLAINTIFF JOSEPH CUVIELLO, "You don't have too much of a choice." PLAINTIFF JOSEPH CUVIELLO responded that he does have a choice, and DEFENDANT HART replied, "I'm asking you nicely." PLAINTIFF JOSEPH CUVIELLO responded, "I don't give up my rights because someone asks nicely." DEFENDANT HART then asked PLAINTIFF JOSEPH CUVIELLO if he was refusing to leave and PLAINTIFF JOSEPH CUVIELLO responded, "Yes, I am." DEFENDANT HART then asked PLAINTIFF JOSEPH CUVIELLO'S colleague Mike Sage, if he was refusing to leave. PLAINTIFF JOSEPH CUVIELLO told Mr. Sage he could leave if he wanted, and Mr. Sage asked PLAINTIFF JOSEPH CUVIELLO what he planned to do. PLAINTIFF JOSEPH CUVIELLO told Mr. Sage he would not be leaving. Mr. Sage then told DEFENDANT HART he, too, would not be leaving.

47.     DEFENDANT HART then asked PLAINTIFF DENIZ BOLBOL if she was refusing to leave, and she said, "I'm not going to leave." DEFENDANT HART then asked other activists if they were refusing to leave, and they confirmed they would stay. At this point PLAINTIFF JOSEPH CUVIELLO saw Deputy Mayfield on his cellphone.

48.     After being on his cellphone for approximately five minutes, Deputy Mayfield spoke with DEFENDANT HART and the other police officers for approximately three minutes. During this time, DOE DEFENDANT 1 approached Mr. Sage, who was holding a sign and handing out leaflets, and stood right in front of him. PLAINTIFF DENIZ BOLBOL told DOE DEFENDANT 1 that he was not allowed to touch Mr. Sage. Mr. Sage told PLAINTIFF DENIZ BOLBOL that DOE DEFENDANT 1 had pushed him. DOE DEFENDANT 1 then walked away.

49.    Shortly thereafter,  Deputy Mayfield approached PLAINTIFFS and told them to stay out of the walkway and not block anybody, and PLAINTIFF JOSEPH CUVIELLO told him, "You know that's what we're doing." The "walkway" referred to by  Deputy Mayfield is a combination roadway/walkway mostly used by patrons to walk to the entrance from the parking lot or street. On rare occasions, a vehicle will also use the walkway to enter or exit through the rodeo entrance.

50.     Deputy Mayfield then attempted to tell another activist he couldn't be in the walkway to leaflet patrons, who were entering the rodeo park via the walkway. PLAINTIFF JOSEPH CUVIELLO told Deputy Mayfield, "We're not blocking anybody, and you know that," and "You just want to make a problem."  Deputy Mayfield again told the activist not to stand in the walkway. PLAINTIFF JOSEPH CUVIELLO told the activist, "As long as you're not blocking anybody you're fine."  Deputy Mayfield walked away, and PLAINTIFFS proceeded to demonstrate with their colleagues near the front entrance, standing in the walkway and leafleting patrons as they passed by, without interference or incident that evening.

51.    Around 7:15 p.m., the number of patrons entering the front entrance waned, so PLAINTIFF DENIZ BOLBOL and one of her colleagues went to the back entrance to distribute informational leaflets to patrons entering there.  Shortly thereafter PLAINTIFF JOSEPH CUVIELLO and the rest of the demonstrators also went to the back entrance. PLAINTIFFS' demonstration ended at approximately 7:40 p.m..

***Events Of May 21, 2022***

52.    On May 21, 2022, PLAINTIFFS again attended a demonstration at Rowell Ranch Rodeo Park, arriving around noon at the front entrance. This was the second day of the planned three-day demonstration against the Rowell Ranch Rodeo. PLAINTIFFS and their colleagues demonstrated without incident at the front entrance for approximately 30 minutes and then headed to the back entrance, as they had done the night before.

53.    As PLAINTIFFS passed through the gate heading toward the back entrance, they observed several employees of DEFENDANT ROWELL RANCH RODEO, INC. were present and now wearing yellow reflective vests. A white male, approximately sixty years old wearing, a

yellow vest, whom PLAINTIFFS will refer to as DOE DEFENDANT 2 throughout this
Complaint, attempted to block PLAINTIFF JOSEPH CUVIELLO from proceeding toward the
back entrance by stepping in front of him and telling him he needed a ticket to the rodeo.
PLAINTIFF DENIZ BOLBOL told DOE DEFENDANT 2 not to touch PLAINTIFF JOSEPH
CUVIELLO and DOE DEFENDANT 2 then turned his attention to PLAINTIFF DENIZ
BOLBOL. He physically stepped in front of her and started pushing her and attempted to use his
body to block her from walking toward the back entrance while yelling she needed a ticket to the
rodeo. DOE DEFENDANT 2 also repeatedly shouted, "Out." PLAINTIFF DENIZ BOLBOL
tried to walk around DOE DEFENDANT 2, but he would continually step in front of her and use
his body to stop her. PLAINTIFF DENIZ BOLBOL told DOE DEFENDANT 2 to stop touching
her, and as he repeatedly stepped in front of her, pushing his body into hers, he told her, "You're
touching me."

   54.  After about 15 seconds, DOE DEFENDANT 2 stopped blocking PLAINTIFF
DENIZ BOLBOL, and PLAINTIFFS proceeded to the back entrance. They soon encountered a
female employee or agent of DEFENDANT ROWELL RANCH RODEO, INC., whom who told
PLAINTIFFS they needed a ticket. PLAINTIFFS told her to call the police if she has a problem
and continued to walk by her to the back entrance.

   55.  At the back entrance, PLAINTIFF DENIZ BOLBOL held a sign and leafleted
near the entrance, where DOE DEFENDANT 1 was also standing. PLAINTIFF JOSEPH
CUVIELLO held a banner with a colleague near a tree, where an electric utility vehicle was
parked.

   56.  At some point, PLAINTIFF JOSEPH CUVIELLO moved the banner away from
the tree and positioned it behind the electric utility vehicle for better public visibility. A short
time later, DOE DEFENDANT 1 approached PLAINTIFF JOSEPH CUVIELLO and told him to
not touch his electric utility vehicle with the banner, and PLAINTIFF JOSEPH CUVIELLO
moved away from the vehicle to comply. Then DOE DEFENDANT 1 told PLAINTIFF JOSEPH
CUVIELLO he had to move and got into the electric utility vehicle. PLAINTIFF JOSEPH
CUVIELLO was not blocking DOE DEFENDANT 1's vehicle, as DOE DEFENDANT 1 could

have easily driven forward to leave. An unidentified woman told PLAINTIFF JOSEPH CUVIELLO he had to move, so DOE DEFENDANT 1 could move his vehicle. As PLAINTIFF JOSEPH CUVIELLO was telling the woman that DOE DEFENDANT 1 could drive the vehicle forward, DOE DEFENDANT 1 backed up the electric utility vehicle and rammed it into PLAINTIFF JOSEPH CUVIELLO. PLAINTIFF JOSEPH CUVIELLO got angry and began yelling and cussing, "That's assault with a deadly weapon." DOE DEFENDANT 1 smiled and told PLAINTIFF JOSEPH CUVIELLO, "I asked you to move." PLAINTIFF JOSEPH CUVIELLO told DOE DEFENDANT 1, "You're not allowed to run into people if they don't move;" DOE DEFENDANT 1 said again, "I asked you to move," and drove off.

***PLAINTIFFS' Constitutional Rights***

57.     PLAINTIFFS desire to continue to demonstrate at Rowell Ranch Rodeo Park during rodeo events without being threatened, assaulted, and battered and without interference, or attempted interference, of their constitutionally protected free speech rights by DEFENDANTS.

58.     At all material times, PLAINTIFFS were peacefully exercising their protected rights to free speech, press, association, conscience, and beliefs under California Constitution Article 1, Section 2 by disseminating information on matters of great public concern in a public forum.

59.     At all material times, PLAINTIFFS acted lawfully, as they never threatened any person and never resisted any lawful order by any police officer.

60.     DEFENDANTS' conduct was discriminatory and objectively unreasonable under the circumstances.

61.     DEFENDANTS ROWELL RANCH RODEO, INC., HARD, and HART engaged in a concert of action and joint venture to interfere with PLAINTIFFS' rights to freedom of speech, press, association, conscience and beliefs through threats, intimidation, and coercion, and in furtherance of a common scheme to violate PLAINTIFFS' aforementioned rights, with knowledge of the conspiracy and its unlawful purpose.

62. At all material times, each DEFENDANT was engaged in unlawful activity, resulting in the interference and attempted interference of PLAINTIFFS' constitutional rights and other harm.

63. DEFENDANTS' conduct described herein was intended to deter or chill PLAINTIFFS' exercise of constitutionally protected rights and was in retaliation for PLAINTIFFS' political views and their constitutionally protected expression of those views.

64. PLAINTIFFS' exercise of their constitutional rights to freedom of speech, press, assembly, association, conscience, and beliefs, and the content and/or viewpoint of PLAINTIFFS' protected expression, or perceived expression, was a substantial or motivating factor for DEFENDANTS' conduct described herein.

65. At all material times, and alternatively, the actions and omissions of each DEFENDANT were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to each PLAINTIFF's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

66. As a direct and proximate result of each DEFENDANT's conduct as set forth above, PLAINTIFFS suffered embarrassment, humiliation, mental suffering, and emotional distress.

### FIRST CAUSE OF ACTION
**Assault**
**(PLAINTIFF JOSEPH CUVIELLO Against DOE DEFENDANT 1**
**and PLAINTIFF DENIZ BOLBOL Against DOE DEFENDANT 2)**

67. PLAINTIFFS reallege each paragraph of this Complaint as if fully set forth herein.

68. Under California common law, an assault occurs where: (1) the defendant acted with the intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner, (2) the plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that the defendant was about to carry out the threat, (3) the plaintiff did not consent to the defendant's conduct, (4) the plaintiff was harmed, and (5) defendant's conduct was a substantial factor in causing that harm.

69.	DOE DEFENDANT 1 (1) intentionally drove an electric utility vehicle into PLAINTIFF JOSEPH CUVIELLO with the intent to cause him harm, (2) PLAINTIFF JOSEPH CUVIELLO reasonably believed he was about to be struck by the electric utility vehicle, (3) PLAINTIFF JOSEPH CUVIELLO did not consent to DOE DEFENDANT 1's action, (4) PLAINTIFF JOSEPH CUVIELLO feared for his safety, and (5) DOE DEFENDANT 1's action was substantial factor in causing PLAINTIFF JOSEPH CUVIELLO to fear for his safety.

70.	As to PLAINTIFF DENIZ BOLBOL, DOE DEFENDANT 2 (1) threatened to push his body into PLAINTIFF DENIZ BOLBOL as means to prevent her from walking, (2) PLAINTIFF DENIZ BOLBOL reasonably believed she was about to be touched by DOE DEFENDANT 2's body in an unreasonable manner, (3) PLAINTIFF DENIZ BOLBOL did not consent to DOE DEFENDANT 1's conduct, (4) PLAINTIFF DENIZ BOLBOL feared for her safety, and (5) DOE DEFENDANT 1's conduct was a substantial factor in causing PLAINTIFF DENIZ BOLBOL to fear for her safety.

71.	The actions of DOE DEFENDANTS 1 and 2 violated PLAINTIFFS' right to be free from assault.

72.	As a direct and proximate result of DEFENDANTS' actions PLAINTIFFS sustained injuries and damages as set forth above. Further, PLAINTIFFS claim all damages and penalties allowed by law.

73.	This court has the power to remedy DEFENDANTS' violations of California common law through compensatory and punitive damages, and without this court's intervention, PLAINTIFFS' injuries caused by DOE DEFENDANTS 1 and 2 will continue to be unaddressed.

**SECOND CAUSE OF ACTION**
**Battery**
**(PLAINTIFF JOSEPH CUVIELLO Against DOE DEFENDANT 1**
**and PLAINTIFF DENIZ BOLBOL Against DOE DEFENDANT 2)**

74.	PLAINTIFFS reallege each paragraph of this Complaint as if fully set forth herein.

75.	Under California common law, a battery occurs where: (1) the defendant touched the plaintiff or caused the plaintiff to be touched with the intent to harm or offend the plaintiff,

(2) the plaintiff did not consent to the touching, (3) the plaintiff was harmed or offended by the defendant's conduct, and (4) a reasonable person in the plaintiff's position would have been offended by the touching.

76.     DOE DEFENDANT 1 (1) touched PLAINTIFF JOSEPH CUVIELLO by driving an electric utility vehicle into his body with the intent to harm PLAINTIFF JOSEPH CUVIELLO, (2) PLAINTIFF JOSEPH CUVIELLO did not consent to being hit by the electric utility vehicle, (3) PLAINTIFF JOSEPH CUVIELLO was harmed by the incident and offended by DOE DEFENDANT 1's action, and (4) a reasonable person would be offended by an electric utility vehicle being driven into their person.

77.     As to PLAINTIFF DENIZ BOLBOL, DOE DEFENDANT 2 (1) pushed PLAINTIFF DENIZ BOLBOL and pressed his body against hers with the intent to harm PLAINTIFF DENIZ BOLBOL, (2) PLAINTIFF DENIZ BOLBOL did not consent to being touched by DOE DEFENDANT 2 as evidenced by her telling DOE DEFENDANT 2 to stop touching her body, (3) PLAINTIFF DENIZ BOLBOL was offended by this unwanted touching, and (4) any reasonable person would have been offended by DOE DEFENDANT 1's touching.

78.     The actions of DOE DEFENDANTS 1 and 2 violated PLAINTIFFS' right to be free from battery.

79.     As a direct and proximate result of DEFENDANTS' actions PLAINTIFFS sustained injuries and damages as set forth above. Further, PLAINTIFFS claim all damages and penalties allowed by law.

80.     This court has the power to remedy DEFENDANTS' violations of California common law through compensatory and punitive damages, and without this court's intervention, PLAINTIFFS' injuries caused by DOE DEFENDANTS 1 and 2 will continue to be unaddressed.

## THIRD CAUSE OF ACTION
### Violation of California Civil Code, section 52.1(c)
### Injunctive and Declaratory Relief
### (All PLAINTIFFS Against All DEFENDANTS)

81.      PLAINTIFFS reallege each paragraph of this Complaint as if fully set forth herein.

82.      "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with," "by threat, intimidation, or coercion" "may institute and prosecute in their own name and on their own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct." Civ. Code, sec. 52.1(b), (c).

83.      On May 20, 2022, DEFENDANT HART and Deputy Mayfield, working in concert, threatened to arrest PLAINTIFFS if they did not move to the "Free Speech Area."

84.      PLAINTIFFS felt intimidated and coerced but refused to move to the "Free Speech Area," as these new threats of arrest contradicted what Deputy Mayfield and Officer 1 had just told PLAINTIFFS.

85.      DEFENDANT HART continued to harass PLAINTIFFS. He told PLAINTIFFS they had to go to the designated "Free Speech Area," and he said, "Failure to do so will not be good."

86.      PLAINTIFF JOSEPH CUVIELLO asked DEFENDANT HART what would happen if they didn't go, and DEFENDANT HART said, "You'll have to figure that out."

87.      PLAINTIFFS took these statements to mean that that PLAINTIFFS could be arrested as a form of intimidation and coercion so that PLAINTIFFS would voluntarily acquiesce and give up their right to free speech near the entrance.

88.     On May 21, 2022, DOE DEFENDANT 2 used threats, intimidation and coercion to attempt to interfere with PLAINTIFF DENIZ BOLBOL'S free speech rights by physically blocking her from accessing the free speech public forum.

89.     On May 21, 2022, DOE DEFENDANT 1 drove an electric utility vehicle into PLAINTIFF JOSEPH CUVIELLO's person to interfere with PLAINTIFF exercising his free speech rights as an animal rights activist.

90.     By and through such acts, DEFENDANTS have violated PLAINTIFFS' rights under California Civil Code, section 52.1, by interfering or attempting to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the First Amendment, the Constitution or laws of the State of California, including but not limited to the following clearly-established rights under the California Constitution and laws of the State of California: (a) the right of protection from bodily harm pursuant to California Civil Code, section 43 and (b) the right to be free from interference, or retaliation for, their exercise of constitutionally protected rights, including but not limited to speech, press, association, conscience, and beliefs, as secured by the First and Fourteenth Amendments of the United States Constitution and the California Constitution, Article I, Section 2(a).

91.     As a direct and proximate result of DEFENDANTS' violation of California Civil Code, section 52.1, PLAINTIFFS sustained injuries and damages as set forth above. Further, PLAINTIFFS claim all damages and penalties allowed by law, including California Civil Code, sections 52 and 52.1, and including costs, treble damages, civil penalties and attorney fees.

92.     PLAINTIFFS are entitled to an injunction under California Civil Code, section 52.1 to prevent DEFENDANTS from interfering or attempting to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the First Amendment, the Constitution or laws of the State of California.

93.     Absent an injunction from this court, PLAINTIFFS will continue to be irreparably harmed by DEFENDANTS' actions.

94.     PLAINTIFFS are entitled to a declaration from this court that DEFENDANTS' actions violated California Civil Code, section 52.1(c).

**FOURTH CAUSE OF ACTION**
**Violation of California Civil Code, section 51.7**
**Injunctive Relief under Code of Civil Procedure, section 526**
**(All PLAINTIFFS Against DOE DEFENDANT 1)**

95.     PLAINTIFFS reallege each paragraph of this Complaint as if fully set forth herein.

96.     California Civil Code, section 51.7 requires that "[a]ll persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation." Civ. Code, sec. 51.7(b)(1).

97.     "Intimidation by threat of violence" as used in California Civil Code, section 51.7, "includes, but is not limited to, making or threatening to make a claim or report to a peace officer or law enforcement agency that falsely alleges that another person has engaged in unlawful activity or in an activity that requires law enforcement intervention, knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report." Civ. Code, sec. 51.7(b)(2).

98.     On May 20, 2022, DOE DEFENDANT 1, in response to PLAINTIFFS exercising their free speech rights as animal rights activists, called the police and falsely stated that PLAINTIFFS were blocking the parking lot and entrance to the rodeo despite DOE DEFENDANT 1 knowing that statement to be false.

99.     On May 21, 2022, DOE DEFENDANT 1, in response to PLAINTIFF JOSEPH CUVIELLO exercising his free speech rights as an animal rights activist, drove an electric utility vehicle into PLAINTIFF JOSEPH CUVIELLO.

100.    As such, DOE DEFENDANT 1 violated PLAINTIFFS' right to be free from any violence or threat of violence, or intimidation by threat of violence committed against his person because of PLAINTIFF's animal rights political affiliation when DOE DEFENDANT 1 falsely reported to the police that PLAINTIFFS were acting unlawfully when exercising their free speech rights and when he drove the electric utility vehicle into PLAINTIFF JOSEPH CUVIELLO, causing him physical distress and harm.

101. As is supported by the facts herein, DOE DEFENDANT 1's actions were motivated by PLAINTIFFS' political affiliations and beliefs.

102. As a direct and proximate result of DEFENDANTS' violation of California Civil Code, section 51.7, PLAINTIFFS sustained injuries and damages as set forth above. Further, PLAINTIFFS claim all damages and penalties allowed by law, including California Civil Code, section 52(b), including costs, punitive damages, and civil penalties.

103. PLAINTIFFS are also entitled to an injunction enjoining DOE DEFENDANT 1 from violating California Civil Code, section 51.7.

104. Absent an injunction, DOE DEFENDANT 1 will be permitted to continue to interfere with PLAINTIFFS' "right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation." Civ. Code, sec. 51.7(b)(1).

105. PLAINTIFFS, who have no intention of ending their demonstrations against rodeos at Rowell Ranch Rodeo Park, will be irreparably harmed without the court's intervention.

106. Monetary damages will only compensate the harm that has been done to PLAINTIFFS in the past, so injunctive relief is necessary to secure their California Civil Code, section 51.7 rights in the future.

### FIFTH CAUSE OF ACTION
**Violation of Article I, Section 2(a) of the California State Constitution**
**Injunctive Relief under California Civil Code, section 52.1 & Code of Civil Procedure, section 526**
**(All PLAINTIFFS Against All DEFENDANTS)**

107. PLAINTIFFS reallege each paragraph of this Complaint as if fully set forth herein.

108. Under the California Constitution, Article I, section 2, "[e]very person may freely speak, write and publish his or her sentiments on all subjects." Cal. Const. art I, sec. 2.

109. No person may deprive or interfere with an individual's rights under California Constitution, Article I, section 2.

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**

110. DEFENDANTS interfered with PLAINTIFFS exercising their free speech rights, including through blocking PLAINTIFFS' signs, physically touching PLAINTIFFS, and threatening to arrest PLAINTIFFS.

111. PLAINTIFFS seek a preliminary injunction under California Civil Code, section 52.1 and Code of Civil Procedure section 526 during the pendency of this proceeding enjoining DEFENDANTS from further unlawful actions in violation of California Constitution, Article I, section 2, as prayed for below.

112. PLAINTIFFS also seek a permanent injunction under California Civil Code, section 52.1 and Code of Civil Procedure section 526 enjoining DEFENDANTS from interfering, or attempting to interfere, with PLAINTIFFS' free speech rights through threats, intimidation, or coercion, and from harassing PLAINTIFFS while lawfully engaged in free speech activity.

113. Absent an injunction, DEFENDANTS will be permitted to continue to harass, intimidate, threaten, and interfere with PLAINTIFFS' rights under Article I of the California Constitution.

114. PLAINTIFFS, who have no intention of ending their demonstrations against rodeos at Rowell Ranch Rodeo Park, will be irreparably harmed without the court's intervention.

115. Monetary damages will only compensate the harm that has been done to PLAINTIFFS in the past, so injunctive relief is necessary to secure the free exercise of their rights in the future.

**SIXTH CAUSE OF ACTION**
**Violation of First Amendment, as applied to the states under the Fourteenth Amendment**
**Injunctive Relief under 42 U.S.C. § 1983**
**Declaratory Relief under 28 U.S.C. § 2201(a)**
**(All PLAINTIFFS Against DEFENDANTS ROWELL RANCH RODEO, INC., HARD, and HART )**

116. PLAINTIFFS reallege each paragraph of this Complaint as if fully set forth herein.

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**

117.    Under 42 U.S.C. § 1983, a party may seek injunctive relief against a party who, under color of law of any state, subjects any person within the jurisdiction of the United States to a deprivation of any rights, privileges, or immunities secured by the Constitution and other laws.

118.    Free speech rights under the First Amendment to the United States Constitution have been made enforceable against the states through the Fourteenth Amendment.

119.    Rowell Ranch Rodeo Park is a publicly-owned park and therefore a public forum under the First Amendment.

120.    DEFENDANTS HARD and HART are state actors as they are a governmental entity and employee, respectively.

121.    DEFENDANT ROWELL RANCH RODEO, INC. was also a state actor, and acting under the color of law, as it worked in concert with each state actor DEFENDANTS HARD and HART to interfere with PLAINTIFFS exercising their free speech rights, including threatening to arrest PLAINTIFFS.

122.    PLAINTIFFS are entitled to an injunction under 42 U.S.C. § 1983 to prevent DEFENDANTS ROWELL RANCH RODEO, INC., HARD, and HART from continuing to violate PLAINTIFFS' First Amendment rights to freedom of speech.

123.    Absent an injunction, DEFENDANTS ROWELL RANCH RODEO, INC., HARD, and HART will be permitted to continue to harass, intimidate, threaten, and interfere with PLAINTIFFS' rights under the First Amendment.

124.    As such, PLAINTIFFS, who have no intention of ending their demonstrations against rodeos at Rowell Ranch Rodeo Park, will be irreparably harmed without the court's intervention.

125.    Monetary damages will only compensate the harm that has been done to PLAINTIFFS in the past, so injunctive relief is necessary to secure the free exercise of their rights in the future.

126.    Plaintiffs are also entitled to a declaration under 28 U.S.C. § 2201(a) that DEFENDANTS ROWELL RANCH RODEO, INC., HARD, and HART'S above-described actions violated PLAINTIFFS' First Amendment rights to free speech.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS respectfully request the following relief against each DEFENDANT herein as alleged, jointly and severally where appropriate:

a) For compensatory damages against each DEFENDANT in accordance with proof;

b) For punitive damages against each DEFENDANT in accordance with proof;

c) A civil penalty of $25,000 against each DEFENDANT for each violation of rights under Section 52.1 of the Civil Code. These penalties shall be awarded to each PLAINTIFF, separately, for each violation caused by DEFENDANTS;

d) A civil penalty of $25,000 against each DEFENDANT for each violation of rights under Section 51.7 of the Civil Code. These penalties shall be awarded to each PLAINTIFF, separately, for each violation caused by DEFENDANTS;

e) Special damages against DEFENDANTS ROWELL RANCH RODEO, INC., HARD, and HART pursuant to 42 U.S.C. §1983 in an amount to be proved at trial;

f) Treble damages against each DEFENDANT pursuant to Section 52 of the Civil Code;

g) Enjoin DEFENDANTS from violating PLAINTIFFS' rights under California Civil Code, section 52.1, by interfering or attempting to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the First Amendment, the Constitution or laws of the State of California;

h) Declare that DEFENDANTS' actions violated California Civil Code, section 52.1(c);

i) Enjoin DEFENDANTS from continuing to violate PLAINTIFFS' First Amendment rights to freedom of speech;

j) Enjoin DOE DEFENDANT 1 from interfering with PLAINTIFFS' California Civil Code, section 51.7 rights in the future;

k) Enjoin DEFENDANTS through preliminary and permanent injunctions under California Civil Code, section 52.1 and Code of Civil Procedure section 526 from interfering, or attempting to interfere, with PLAINTIFFS' free speech rights through threats, intimidation, or coercion, and from harassing PLAINTIFFS while lawfully engaged in free speech activity under California Constitution, Article I, section 2;

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

l)  Enjoin DEFENDANTS ROWELL RANCH RODEO, INC., HARD, and HART under 42 U.S.C. § 1983 from continuing to violate PLAINTIFFS' First Amendment rights to freedom of speech;

m) Declare under 28 U.S.C. § 2201(a) that DEFENDANTS' above-described actions violated PLAINTIFFS' First Amendment rights to free speech;

n)  Reasonable attorneys' fees, including pursuant to 42 U.S.C. § 1988;

o)  Costs of suit; and

p)  Such other and further relief as the court deems appropriate.

## DEMAND FOR JURY TRIAL

PLAINTIFFS demand a trial by jury of all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 3-6.

Respectfully submitted,

Dated: April 6, 2023

Jessica L. Blome
GREENFIRE LAW, PC
*Attorneys for PLAINTIFF Deniz Bolbol*

Dated: April 6, 2023

JOSEPH CUVIELLO
*PLAINTIFF In Pro Se*

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

**Verifications**

I, Joseph Cuviello, a citizen of the United States and a resident of the State of California, hereby verify under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this _6_ day of April 2023.

JOSEPH CUVIELLO
*PLAINTIFF In Pro Se*

I, Deniz Bolbol, a citizen of the United States and a resident of the State of California, hereby verify under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this _6_ day of April 2023.

DENIZ BOLBOL
*PLAINTIFF*