William B. Rowell, Bar No. 178587
Thiele R. Dunaway, Bar No. 130953
Marc Brainich, Bar No. 191034
Michele C. Kirrane, Bar No. 215448
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, CA  94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
browell@fennemorelaw.com
rdunaway@fennemorelaw.com
mbrainich@fennemorelaw.com
mkirrane@fennemorelaw.com

Attorneys for Defendants
County of Alameda and Alameda County Deputy
Sheriff Joshua Mayfield

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; ALAMEDA COUNTY SHERIFF'S OFFICE; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,<br><br>Defendants. | Case No. 3:23-cv-01652-VC<br><br>**DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:      April 6, 2023 |

Defendants COUNTY OF ALAMEDA ("County") and ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD ("Deputy Mayfield") (collectively "defendants"), in answer to the Second Amended Complaint on file herein, and each cause of action thereof, admit, deny, and allege as follows:

## GENERAL DENIAL

Except as expressly admitted herein, defendants deny each and every allegation in the Complaint.

## JURISDICTION AND VENUE

1.      Defendants deny the allegation that pertain to the County and Deputy Mayfield Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 as they pertain to other parties, and on that basis deny each and every allegation contained therein. The allegations of Paragraph 1 also contain conclusions of law to which no response is required.

2.      The allegations of Paragraph 2 contain conclusions of law to which no response is required.

3.      The allegations of Paragraph 1 contain conclusions of law to which no response is required.

4.      Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis deny each and every allegation contained therein. The allegations of Paragraph 1 also contain conclusions of law to which no response is required.

5.      Defendants admit the allegations of Paragraph 5 as they pertain to the County and Deputy Mayfield.

## PARTIES AND PROCEDURE

6.      Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis deny each and every allegation contained therein.

7.      Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis deny each and every allegation contained therein.

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA
MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT
29513027.1/059499.0021

8.      Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis deny each and every allegation contained therein.

9.      Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis deny each and every allegation contained therein.

10.      Defendants admit that the County of Alameda is a public entity. Further, the allegations of Paragraph 10 contain conclusions of law to which no response is required.

11.      Defendants admit that defendant Deputy Sheriff Joshua Mayfield, Badge No. 2336, is an employee of the County of Alameda's Sheriff's Department. Further, the allegations of Paragraph 11 contain conclusions of law to which no response is required.

12.      Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis deny each and every allegation contained therein.

13.      Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis deny each and every allegation contained therein. Further, the allegations of Paragraph 13 contain conclusions of law to which no response is required.

14.      Defendants admit that defendant Deputy Sheriff Joshua Mayfield, is an employee of the County of Alameda's Sheriff's Department. Defendants have insufficient knowledge or information to form a belief as to the truth of the other allegations contained in Paragraph 14, and on that basis deny each and every allegation contained therein. Further, the allegations of Paragraph 14 contain conclusions of law to which no response is required.

## **LEGAL FRAMEWORK**

### *California Law*

15.      The allegations of Paragraph 15 contain conclusions of law to which no response is required.

Fennemore Wendel
Attorneys at Law
Oakland

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

29513027.1/059499.0021

16.     The allegations of Paragraph 16 contain conclusions of law to which no response is required.

17.     The allegations of Paragraph 17 contain conclusions of law to which no response is required.

18.     The allegations of Paragraph 18 contain conclusions of law to which no response is required.

19.     The allegations of Paragraph 19 contain conclusions of law to which no response is required.

20.     The allegations of Paragraph 20 contain conclusions of law to which no response is required.

21.     The allegations of Paragraph 21 contain conclusions of law to which no response is required.

22.     The allegations of Paragraph 22 contain conclusions of law to which no response is required.

### *Federal Law*

23.     The allegations of Paragraph 23 contain conclusions of law to which no response is required.

24.     The allegations of Paragraph 24 contain conclusions of law to which no response is required.

25.     The allegations of Paragraph 25 contain conclusions of law to which no response is required.

26.     The allegations of Paragraph 26 contain conclusions of law to which no response is required.

### **FACTUAL ALLEGATIONS**

27.     In response to Paragraph 27, defendants repeat and reiterate their responses to paragraphs 1 through 84.

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA
MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

29513027.1/059499.0021

28.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis deny each and every allegation contained therein.

29.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29, and on that basis deny each and every allegation contained therein.

30.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30, and on that basis deny each and every allegation contained therein.

31.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31, and on that basis deny each and every allegation contained therein.

32.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32, and on that basis deny each and every allegation contained therein.

33.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33, and on that basis deny each and every allegation contained therein.

34.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34, and on that basis deny each and every allegation contained therein.

35.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35, and on that basis deny each and every allegation contained therein.

36.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36, and on that basis deny each and every allegation contained therein.

- 5 -

Fennemore Wendel
Attorneys at Law
Oakland

37.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37, and on that basis deny each and every allegation contained therein.

38.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38, and on that basis deny each and every allegation contained therein.

*Events of May 20, 2022*

39.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39, and on that basis deny each and every allegation contained therein.

40.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40, and on that basis deny each and every allegation contained therein.

41.     Defendants admit that Deputy Mayfield was working in uniform at the Rowell Ranch Rodeo on May 20, 2022, and that he hugged a woman affiliated with rodeo.  Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 41, and on that basis deny each and every allegation contained therein.

42.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45, and on that basis deny each and every allegation contained therein.

43.     Defendants admit the allegations as they pertain to Deputy Mayfield. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 43, and on that basis deny each and every allegation contained therein.

44.     Defendants deny the allegations as they pertain to Deputy Mayfield. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining

Fennemore Wendel
Attorneys at Law
Oakland

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

29513027.1/059499.0021

allegations contained in Paragraph 44, and on that basis deny each and every allegation contained therein. Further, the allegations of Paragraph 44 contain conclusions of law to which no response is required.

45.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45, and on that basis deny each and every allegation contained therein.

46.     Defendants admit that Deputy Mayfield stated that plaintiffs could be arrested and that he did not have to tell plaintiffs if he would arrest them. Defendants deny the remaining allegations as they pertain to Deputy Mayfield.  Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 46 as they pertain to other parties, and on that basis deny each and every allegation contained therein.

47.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47, and on that basis deny each and every allegation contained therein.

48.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48, and on that basis deny each and every allegation contained therein.

49.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49, and on that basis deny each and every allegation contained therein.

50.     Defendants admit Deputy Mayfield used his cell phone. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 50, and on that basis deny each and every allegation contained therein.

51.     Defendants admit that Deputy Mayfield told plaintiffs to stay out of the path/walkway and not block ingress and egress. Defendants have insufficient knowledge or

29513027.1/059499.0021

1  information to form a belief as to the truth of the remaining allegations contained in Paragraph 51,

2  and on that basis deny each and every allegation contained therein.

3      52.    Defendants admit that Deputy Mayfield told protestors to stay out of the

4  path/walkway and not block ingress and egress.  Defendants deny the remaining allegations

5  pertaining to Deputy Mayfield. Defendants have insufficient knowledge or information to form a

6  belief as to the truth of the remaining allegations contained in Paragraph 52 as they pertain to

7  other parties, and on that basis deny each and every allegation contained therein.

8      53.    Defendants have insufficient knowledge or information to form a belief as to the

9  truth of the allegations contained in Paragraph 53, and on that basis deny each and every

10  allegation contained therein.

11      54.    Defendants have insufficient knowledge or information to form a belief as to the

12  truth of the allegations contained in Paragraph 54, and on that basis deny each and every

13  allegation contained therein.

14      55.    Defendants admit that Deputy Mayfield told plaintiffs to stay out of the

15  path/walkway and not block ingress and egress. Defendants deny the remaining allegations

16  pertaining to Deputy Mayfield. Defendants have insufficient knowledge or information to form a

17  belief as to the truth of the remaining allegations contained in Paragraph 55 as they pertain to

18  other parties, and on that basis deny each and every allegation contained therein.

19      56.    Defendants admit that Deputy Mayfield told plaintiffs to stay out of the

20  path/walkway and not block ingress and egress. Defendants deny the remaining allegations

21  pertaining to Deputy Mayfield. Defendants have insufficient knowledge or information to form a

22  belief as to the truth of the remaining allegations contained in Paragraph 56 as they pertain to

23  other parties, and on that basis deny each and every allegation contained therein.

24      57.    Defendants admit that Deputy Mayfield told plaintiffs to stay out of the

25  path/walkway and not block ingress and egress. Defendants deny the remaining allegations

26  pertaining to Deputy Mayfield. Defendants have insufficient knowledge or information to form a

27

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

29513027.1/059499.0021

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA
MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

belief as to the truth of the remaining allegations contained in Paragraph 57 as they pertain to other parties, and on that basis deny each and every allegation contained therein.

58.     Defendants admit that Deputy Mayfield told plaintiffs to stay out of the path/walkway, not block ingress and egress, and not to block the bathroom. Defendants deny the remaining allegations pertaining to Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 58 as they pertain to other parties, and on that basis deny each and every allegation contained therein.

59.     Defendants admit that Deputy Mayfield told plaintiff that patrons had to divert around the protestors. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 59 as they pertain to other parties, and on that basis deny each and every allegation contained therein.

60.     Defendants deny the allegations that pertain to Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 60, and on that basis deny each and every allegation contained therein.

61.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 61, and on that basis deny each and every allegation contained therein.

62.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62, and on that basis deny each and every allegation contained therein.

***Events of May 21, 2022***

63.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63, and on that basis deny each and every allegation contained therein.

/ / /

/ / /

Fennemore Wendel
Attorneys at Law
Oakland

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

29513027.1/059499.0021

64.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64, and on that basis deny each and every allegation contained therein.

65.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 65, and on that basis deny each and every allegation contained therein.

66.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 66, and on that basis deny each and every allegation contained therein.

67.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 67, and on that basis deny each and every allegation contained therein.

### *Plaintiffs' Constitutional Rights*

68.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68, and on that basis deny each and every allegation contained therein.

69.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 69, and on that basis deny each and every allegation contained therein. Further, the allegations of Paragraph 69 contain conclusions of law to which no response is required.

70.     Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 70, and on that basis deny each and every allegation contained therein. Further, the allegations of Paragraph 70 contain conclusions of law to which no response is required.

71.     Defendants deny the allegations that pertain to the County and Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 71, and on that basis deny each and every allegation contained

Fennemore Wendel
Attorneys at Law
Oakland

29513027.1/059499.0021

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

therein. Further, the allegations of Paragraph 71 contain conclusions of law to which no response is required.

72.     Defendants deny the allegations that pertain to the County and Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 72, and on that basis deny each and every allegation contained therein. Further, the allegations of Paragraph 72 contain conclusions of law to which no response is required.

73.     Defendants deny the allegations that pertain to the County and Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 73, and on that basis deny each and every allegation contained therein. Further, the allegations of Paragraph 73 contain conclusions of law to which no response is required.

74.     Defendants deny the allegations that pertain to the County and Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 74, and on that basis deny each and every allegation contained therein. Further, the allegations of Paragraph 74 contain conclusions of law to which no response is required.

75.     Defendants deny the allegations that pertain to the County and Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 75, and on that basis deny each and every allegation contained therein. Further, the allegations of Paragraph 75 contain conclusions of law to which no response is required.

76.     Defendants deny the allegations that pertain to the County and Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 76, and on that basis deny each and every allegation contained therein. Further, the allegations of Paragraph 76 contain conclusions of law to which no response is required.

Fennemore Wendel
Attorneys at Law
Oakland

29513027.1/059499.0021

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

77.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77, and on that basis deny each and every allegation contained therein. Further, the allegations of Paragraph 77 contain conclusions of law to which no response is required.

## **FIRST CAUSE OF ACTION**

### **Assault**

**(Plaintiff Joseph Cuviello Against Doe Defendant 1 and**

**Plaintiff Deniz Bolbol Against Doe Defendant 2)**

78.     In response to Paragraph 78, defendants repeat and reiterate their responses to Paragraphs 1 through 77.

79.     The allegations of Paragraph 79 contain conclusions of law to which no response is required.

80.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 80, and on that basis deny each and every allegation contained therein.

81.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 81, and on that basis deny each and every allegation contained therein.

82.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 82, and on that basis deny each and every allegation contained therein.

83.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 83, and on that basis deny each and every allegation contained therein.

84.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 84, and on that basis deny each and every allegation contained therein.

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

29513027.1/059499.0021

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

<u>**SECOND CAUSE OF ACTION**</u>

**Battery**

**(Plaintiff Joseph Cuviello Against Doe Defendant 1 and**

**Plaintiff Deniz Bolbol Against Doe Defendant 2)**

85.     In response to Paragraph 85, defendants repeat and reiterate their responses to paragraphs 1 through 84.

86.     The allegations of Paragraph 86 contain conclusions of law to which no response is required.

87.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 87, and on that basis deny each and every allegation contained therein.

88.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 88, and on that basis deny each and every allegation contained therein.

89.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 89, and on that basis deny each and every allegation contained therein.

90.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 90, and on that basis deny each and every allegation contained therein.

91.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 91, and on that basis deny each and every allegation contained therein.

/ / /

/ / /

/ / /

/ / /

Fennemore Wendel
Attorneys at Law
Oakland

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

1

## **THIRD CAUSE OF ACTION**

2

### **Violation of California Civil Code, section 52.1(c)**

3

### **Injunctive and Declaratory Relief)**

4

### **(All Plaintiffs Against all Defendants)**

5       92.     In response to Paragraph 92, defendants repeat and reiterate their responses to

6    paragraphs 1 through 91.

7       93.     The allegations of Paragraph 93 contain conclusions of law to which no response

8    is required.

9       94.     Defendants deny the allegations of Paragraph 94 as they pertain to Deputy

10   Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth

11   of the remaining allegations contained in Paragraph 94 as they pertain to other parties, and on that

12   basis deny each and every allegation contained therein. Further, the allegations of Paragraph 94

13   contain conclusions of law to which no response is required.

14      95.     Defendants deny the allegations of Paragraph 95 as they pertain to Deputy

15   Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth

16   of the remaining allegations contained in Paragraph 95 as they pertain to other parties, and on that

17   basis deny each and every allegation contained therein.

18      96.     Defendants have insufficient knowledge or information to form a belief as to the

19   truth of the remaining allegations contained in Paragraph 96 and on that basis deny each and

20   every allegation contained therein.

21      97.     Defendants have insufficient knowledge or information to form a belief as to the

22   truth of the remaining allegations contained in Paragraph 97 and on that basis deny each and

23   every allegation contained therein.

24      98.     Defendants have insufficient knowledge or information to form a belief as to the

25   truth of the remaining allegations contained in Paragraph 98 and on that basis deny each and

26   every allegation contained therein.

27

28

- 14 -

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA
MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

29513027.1/059499.0021

99.     Defendants admit that Deputy Mayfield told plaintiffs to stay out of the path/walkway and not block ingress and egress. Defendants deny the remaining allegations of Paragraph 99 as they pertain to Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 99 as they pertain to other parties, and on that basis deny each and every allegation contained therein.

100.    Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 100 and on that basis deny each and every allegation contained therein.

101.    Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 101 and on that basis deny each and every allegation contained therein.

102.    Defendants deny the allegations of Paragraph 102 as they pertain to the County and Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 102 as they pertain to other parties, and on that basis deny each and every allegation contained therein. Further, the allegations of Paragraph 102 contain conclusions of law to which no response is required.

103.    Defendants deny the allegations of Paragraph 103 as they pertain to the County and Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 103 as they pertain to other parties, and on that basis deny each and every allegation contained therein. Further, the allegations of Paragraph 103 contain conclusions of law to which no response is required.

104.    The allegations of Paragraph 104 contain conclusions of law to which no response is required.

105.    Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 105 and on that basis deny each and every allegation contained therein.

Fennemore Wendel
Attorneys at Law
Oakland

29513027.1/059499.0021

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

1    106.    The allegations of Paragraph 106 contain conclusions of law to which no response

2    is required.

### FOURTH CAUSE OF ACTION

**Violation of California Civil Code, section 51.7**

**Injunctive Relief under Code of Civil Procedure, section 526**

**(All Plaintiffs Against Doe Defendant 1)**

7    107.    In response to Paragraph 107, defendants repeat and reiterate their responses to

8    paragraphs 1 through 106.

9    108.    The allegations of Paragraph 108 contain conclusions of law to which no response

10    is required.

11    109.    The allegations of Paragraph 109 contain conclusions of law to which no response

12    is required.

13    110.    Defendants have insufficient knowledge or information to form a belief as to the

14    truth of the remaining allegations contained in Paragraph 110 and on that basis deny each and

15    every allegation contained therein.

16    111.    Defendants have insufficient knowledge or information to form a belief as to the

17    truth of the remaining allegations contained in Paragraph 111 and on that basis deny each and

18    every allegation contained therein.

19    112.    Defendants have insufficient knowledge or information to form a belief as to the

20    truth of the remaining allegations contained in Paragraph 112 and on that basis deny each and

21    every allegation contained therein.

22    113.    Defendants have insufficient knowledge or information to form a belief as to the

23    truth of the remaining allegations contained in Paragraph 113 and on that basis deny each and

24    every allegation contained therein.

25    114.    Defendants have insufficient knowledge or information to form a belief as to the

26    truth of the remaining allegations contained in Paragraph 114 and on that basis deny each and

27    every allegation contained therein.

28

Fennemore Wendel
Attorneys at Law
Oakland

29513027.1/059499.0021

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA
MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

115.    Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 115 and on that basis deny each and every allegation contained therein.

116.    Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 116 and on that basis deny each and every allegation contained therein.

117.    Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 117 and on that basis deny each and every allegation contained therein.

118.    Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 118 and on that basis deny each and every allegation contained therein.

**FIFTH CAUSE OF ACTION**

**Violation of Article I, Section 2(a) of the California State Constitution**

**Injunctive Relief under California Civil Code, section 52.1**

**& Code of Civil Procedure, section 526**

**(All Plaintiffs Against All Defendants)**

119.    In response to Paragraph 119, defendants repeat and reiterate their responses to paragraphs 1 through 118.

120.    The allegations of Paragraph 120 contain conclusions of law to which no response is required.

121.    The allegations of Paragraph 121 contain conclusions of law to which no response is required.

122.    Defendants deny the allegations of Paragraph 122 as they pertain to the County and Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 122 as they pertain to other parties, and on that basis deny each and every allegation contained therein.

- 17 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

29513027.1/059499.0021

123.    Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 123 and on that basis deny each and every allegation contained therein.

124.    Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 124 and on that basis deny each and every allegation contained therein.

125.    Defendants deny the allegations of Paragraph 125 as they pertain to the County and Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 122 as they pertain to other parties, and on that basis deny each and every allegation contained therein.

126.    Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 126 and on that basis deny each and every allegation contained therein.

127.    Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 127 and on that basis deny each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

**Violation of First Amendment, as applied to the states under the Fourteenth Amendment**

**Injunctive Relief under 42 U.S.C. § 1983**

**Declaratory Relief under 28 U.S.C. § 2201(a)**

**(All Plaintiffs Against Defendants Rowell Ranch Rodeo, Inc.,**

**Deputy Mayfield, Hard, and Hart)**

128.    In response to Paragraph 128, defendants repeat and reiterate their responses to paragraphs 1 through 127.

129.    The allegations of Paragraph 129 contain conclusions of law to which no response is required.

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

130.     The allegations of Paragraph 130 contain conclusions of law to which no response is required.

131.     Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 131 and on that basis deny each and every allegation contained therein.

132.     Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 132 and on that basis deny each and every allegation contained therein.

133.     Defendants admit that defendant Deputy Sheriff Joshua Mayfield, is an employee of the County of Alameda's Sheriff's Department. Further, the allegations of Paragraph 10 contain conclusions of law to which no response is required.

134.     Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 134 and on that basis deny each and every allegation contained therein.

135.     Defendants deny the allegations of Paragraph 135 as they pertain to Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 135 as they pertain to other parties, and on that basis deny each and every allegation contained therein.

136.     Defendants deny the allegations of Paragraph 136 as they pertain to Deputy Mayfield. Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 136 as they pertain to other parties, and on that basis deny each and every allegation contained therein.

137.     Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 137 as they pertain to other parties, and on that basis deny each and every allegation contained therein.

/ / /

/ / /

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

29513027.1/059499.0021

138.    Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 138 as they pertain to other parties, and on that basis deny each and every allegation contained therein.

139.    Defendants have insufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 139 as they pertain to other parties, and on that basis deny each and every allegation contained therein.

## PRAYER FOR RELIEF

The paragraphs addressing relief requested by plaintiffs on page 25, line 4 to page 26, line 14, do not contain any allegations of material fact but rather allege legal conclusions that do not require a response.  However, to the extent that statements on page 25, line 4 to page 26, line 14, do require a response, defendants deny each and every allegation contained therein, and deny that plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.    AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that the complaint and the causes of action therein fail to state facts sufficient to constitute a cause of action against these answering defendants.

2.    AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that plaintiffs lack standing to sue these answering defendants because plaintiffs have not suffered any damages or harm by reason of the conduct alleged against them.

3.    AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that plaintiffs' claims are barred by the failure to joint necessary or indispensable parties.

4.    AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that the sole and/or partial proximate cause of the incident and of plaintiffs' alleged damages and harm was due to the negligence, strict liability,

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

29513027.1/059499.0021

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

fault, intentional conduct and/or fraud of other persons, entities, parties, and non-parties, for whose conduct these answering defendants are not responsible.  These answering defendants request that the trier of fact apportion comparative fault among those responsible persons, entities, and parties under the doctrine of comparative negligence or comparative fault and/or based upon the doctrine of equitable indemnity and contribution and pursuant to Civil Code § 1431.2.

5.      AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that plaintiffs failed to mitigate damages which they contend they suffered and are therefore barred from recovery.

6.      AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege the complaint is barred by reason of the conduct, actions, and inactions of plaintiffs, which amount to a waiver of any right plaintiffs may or might have had in reference to the allegations of the complaint, or that otherwise estop plaintiffs from recovery in this action, including but not limited to the doctrines of waiver, laches, and unclean hands.

7.      AS AND FOR AN SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that the statements complained of in plaintiffs' complaint were made by defendants in good faith, honestly, and not maliciously.

8.      AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that the complaint and the causes of action therein are stricken for failure to comply with the Government Tort Claims Act, to wit, by the provisions of §§ 905 et seq., including but not limited to, § 910, 911.2, 911.3, 945.4, 945.5, 945.6, and 950.2 of the Government Code of the State of California, including but not limited to the fact that plaintiffs failed to file a government claim; plaintiffs failed to timely file the government claim; and the allegations and claims of plaintiffs' complaint exceed the scope of the public entity claims filed with this answering defendant.

/ / /

/ / /

Fennemore Wendel
Attorneys at Law
Oakland

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

29513027.1/059499.0021

9.      AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that they are immune from liability under California Government Code § 820.2 (exercise of discretion by public employee).

10.     AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that they are immune from liability under California Government Code § 820.4 (execution of enforcement of law by public employee).

11.     AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that they are immune from liability under California Government Code § 820.6. (good faith act under apparent authority of unconstitutional enactment).

12.     AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that they are immune from liability under California Government Code § 820.8 (public employee not liable for act or omission of another person).

13.     AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that they are immune from liability under California Government Code §§ 821 (public employee not liable for failure to enforce an enactment0 and 821.6 (public employee not liable for instituting or prosecuting judicial or administrative proceeding).

14.     AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that they are immune from liability under California Government Code § 818.82 (public entity employee not liable for misrepresentation by public employee)  and California Government Code § 822.2 (public employee not liable for misrepresentation).

15.     AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege they are immune from liability under

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

29513027.1/059499.0021

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

1   California Government Code § 820.8 in that the injuries alleged by plaintiffs were caused by the

2   acts or omissions of other person(s).

3       16.     AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE

4   TO SAID COMPLAINT, these answering defendants allege that they are immune from liability

5   under California Government Code § 815 (no public entity liability except where provided by

6   statute).

7       17.     AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE

8   DEFENSE TO SAID COMPLAINT, these answering defendants allege that pursuant to

9   Government Code §815.2(a) and (b), they are not liable for the damages, if any, alleged in the

10   complaint in that a public entity is not liable for any injury resulting from an act or omission of

11   any employee of the public entity where the employee is immune from liability.

12       18.     AS AND FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE

13   DEFENSE TO SAID COMPLAINT, these answering defendants allege that this lawsuit is

14   barred, in whole or in part, by the doctrine of qualified immunity because, among other reasons,

15   these answering defendants acted in good faith and with an honest and reasonable belief that their

16   actions were lawful, necessary and appropriate, and/or defendants did not violate a clearly

17   established statutory or constitutional right of which a reasonable person would have known. At

18   all relevant times, defendants acted within the scope of discretion and with due care, in good faith

19   fulfillment of responsibilities pursuant to applicable statutes, rules, and regulations, within the

20   bounds of reason and with a good faith belief that their actions comported with all state and

21   federal laws, including the state and federal constitutions. Further, defendant Joshua Mayfield

22   was a duly qualified, appointed, and acting law enforcement officer employed by the Sheriff's

23   Department of defendant County of Alameda and at all relevant times was engaged in the

24   performance of his regularly assigned duties within the scope of his employment as a law

25   enforcement officer.

26   / / /

27   / / /

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

29513027.1/059499.0021

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA
MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

19.     AS AND FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants assert that under the Eleventh Amendment to the United States Constitution, they are absolutely immune from liability for plaintiffs' claims.

20.     AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants assert that if a wrongful action did occur, it was not pursuant to custom, policy, practice or usage of the public entity.

21.     AS AND FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants assert that the acts that plaintiffs alleged to have occurred did not violate plaintiffs' constitutional rights.

22.     AS AND FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that plaintiffs' complaint, to the extent it seeks exemplary or punitive damages, including but not limited to by way of fines or other civil penalties, is barred as a matter of law and California Government Code § 818.

23.     AS AND FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that plaintiffs' complaint violates defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and the purported claim for punitive or exemplary damages is therefore barred.

24.     AS AND FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that to the extent the complaint seeks exemplary or punitive damages, the complaint violates defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, and the Constitution of the State of California, and the purported claim for punitive or exemplary damages is therefore barred.

25.     AS AND FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that to the extent that

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

29513027.1/059499.0021

plaintiffs' complaint seeks exemplary or punitive damages, is barred by Article VI of the United States Constitution.

26.     AS AND FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, these answering defendants allege that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated, affirmative defenses available.  These answering defendants reserve the right to assert additional affirmative defenses.

## DEMAND FOR JURY TRIAL

Defendants COUNTY OF ALAMEDA and ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD hereby demand a trial by jury in this action under Fed.R.Civ.P. 38 (b) on all issues so triable, if any issues are so determined by the Court.

Dated: July 11, 2023                               FENNEMORE WENDEL


By: */s/ Marc Brainich*
        William B. Rowell
        Thiele R. Dunaway
        Marc Brainich
        Michele C. Kirrane
        Attorneys for Defendants
        Alameda County Sheriff's Office and
        Alameda County Deputy Sheriff Joshua
        Mayfield

Fennemore Wendel
Attorneys at Law
Oakland

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

29513027.1/059499.0021

## CERTIFICATE OF SERVICE

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

I am a citizen of the United States and employed in  County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1111 Broadway, 24th Floor, Oakland, California  94607.

On July 11, 2023, I served true copies of the following document(s) described as **DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES** on the interested parties in this action as follows:

***Please see attached Service List.***

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 11, 2023, at Oakland, California.

_____
Lena S. Mason

- 26 -

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

1

### <u>SERVICE LIST</u>

2

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

3

4    Jessica L. Blome                          *Attorneys for Plaintiff Deniz Bolbol*
     Lily A. Rivo
5    Gina Tomaselli
     Greenfire Law, PC
6    2748 Adeline Street, Suite A
     Berkeley, CA 94703
7    Phone:    (510) 900-9502
     Email;    jblome@greenfirelaw.com
8              lrivo@greenfirelaw.com
               gtomaselli@greenfirelaw.com
9

10   Joseph P. Cuviello                        *Plaintiff Pro Per*
     205 DeAnza Boulevard, #125
11   San Mateo, CA 94402
     Phone:    (650) 315-3776
12   Email:    pcuvie@gmail.com

13
     Dale L. Allen, Jr.                        *Attorneys for Defendants Hayward Area*
14   William A. Aspinwall                      *Recreation and Park District, and Kevin*
     Allen, Glaessner, Hazelwood & Werth, LLP  *Hart*
15   180 Montgomery Street, Suite 1200
     San Francisco, CA 94104
16   Phone:    (415) 697-2000
     Fax:      (415) 813-2045
17   Email:    dallen@aghwlaw.com
               waspinwall@aghwlaw.com
18             erodas@aghwlaw.com
               mhernandez@aghwlaw.com
19

20   William Francis Burns                     *Attorneys for Defendant Rothwell Rand*
     Law Offices of William F. Burns           *Rodeo, Inc.*
21   699 Peters Avenue, Suite B
     Pleasanton, CA 94566
22   Phone:    (925) 461-4972
     Email:    wfburns@earthlink.net
23

24

25

26

27

28

Fennemore Wendel
Attorneys at Law
Oakland

DEFENDANTS COUNTY OF ALAMEDA AND ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA
MAYFIELD'S ANSWER TO SECOND VERIFIED AMENDED COMPLAINT

29513027.1/059499.0021