Jessica L. Blome (State Bar No. 314898)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
        lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 De Anza Blvd., #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in pro per*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>PLAINTIFFS.<br><br>v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; ALAMEDA COUNTY SHERIFF'S OFFICE; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,<br><br>DEFENDANTS. | Case No. 3:23-cv-01652-VC<br><br>**PLAINTIFF DENIZ BOLBOL'S NOTICE AND MOTION FOR SANCTIONS AGAINST DEFENDANT ROWELL RANCH RODEO, INC. PURSUANT TO THE COURT'S INHERENT POWERS**<br><br>  Judge:  Hon. Vince Chhabria<br>  Dept:  Courtroom 5 – 17th Floor<br>Hearing Date:<br>Hearing Time: |

1

## NOTICE OF MOTION

2

PLEASE TAKE NOTICE that on _____ at _____ __.m., at Courtroom 5, 17th

3

Floor of the United States District Court for the Northern District of California, 450 Golden Gate

4

Avenue, San Francisco, California, before the Honorable Vince Chhabria, Plaintiff Deniz Bolbol

5

will, and hereby does, move for an order granting this Motion for Sanctions against Defendant

6

Rowell Ranch Rodeo, Inc. pursuant to this Court's inherent power to levy sanctions for

7

discovery abuse and misconduct. This Motion is based on this Notice of Motion, the

8

Memorandum of Points and Authorities below, the Declaration of Jessica L. Blome, and the

9

Proposed Order.

10

11

Dated: February 15, 2024                    Respectfully submitted,

12

*/s Jessica L. Blome*

13

Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)

14

GREENFIRE LAW, PC

15

2748 Adeline Street, Suite A
Berkeley, CA 94703

16

Ph/Fx: (510) 900-9502
jblome@greenfirelaw.com

17

lrivo@greenfirelaw.com

18

*Attorneys for Plaintiff Deniz Bolbol*

19

20

21

22

23

24

25

26

27

28

**Memorandum of Points and Authorities**

**I.    Introduction**

In response to written interrogatories propounded by Plaintiff Deniz Bolbol, Defendant Rowell Ranch Rodeo, Inc. both withheld material information and provided false information. Defendant's responses were signed and verified under penalty of perjury. As a direct result, Plaintiff Bolbol incurred legal fees and costs for otherwise-unnecessary work proving a fact that Plaintiff knew was true. Plaintiff Bolbol was further prejudiced because Rowell Ranch Rodeo's failure to provide accurate responses delayed Plaintiff's ability to prepare a Motion for Summary Judgment. Accordingly, Plaintiff Deniz Bolbol seeks sanctions against Defendant Rowell Ranch Rodeo, Inc.

**II.    Statement of Facts**

As detailed in Plaintiffs' Second Amended Complaint (SAC), Plaintiffs are animal rights activists with a long history of peaceful demonstration. *See* ECF No. 54 (SAC) at ¶ 28. Their advocacy is mainly targeted at educating patrons who frequent businesses that use animals for entertainment, providing them with information about animal abuse and mistreatment. *See id.* at ¶¶ 28, 29. Plaintiffs' educational methods include holding signs and banners, handing out leaflets to patrons entering or exiting the event facilities, speaking with patrons, and displaying footage of animals on a large-screen television. *See id.* at ¶ 28.

Defendants intentionally interfered with Plaintiffs' constitutional right to demonstrate at the Rowell Ranch Rodeo Park in Hayward, California (Rodeo Park) during rodeo events by harassing them, threatening them, assaulting them, and committing battery against them during their lawful expression of free speech and association. *See id.* at ¶¶ 39-67.

Over the course of three days, from May 20 to May 22, 2022, Plaintiffs Joseph P. Cuviello and Deniz Bolbol organized and attended demonstrations against rodeo events held by Defendant Rowell Ranch Rodeo, Inc. at Rodeo Park in Hayward, California for the purpose of peacefully passing out leaflets and holding banners and signs. *See id.* at ¶¶ 37, 39, 63. To have reasonable access to patrons, Plaintiffs, without blocking entry or exit, placed themselves in an

area near the front and back entrances, as they routinely have done for years during these types of demonstrations. *See id.* at ¶¶ 29, 36, 40. During these three days, Plaintiffs were unlawfully harassed, intimidated, threatened with arrest, assaulted, and battered merely for exercising their constitutionally protected free speech rights. *See id.* at ¶¶ 39-67.

On the first day of demonstration, as Plaintiffs moved to stand near the front entrance of the Rodeo Park, a Rowell Ranch Rodeo agent, later identified as Gary Houts, told Plaintiffs they had to move to a "Free Speech Area" that was far from the pedestrian entrance. *See id.* at ¶¶ 40-41. After Plaintiffs refused to move to the "Free Speech Area," Mr. Houts attempted to grab Plaintiff Cuviello's banner and block the banner from being viewed. *See id.* at ¶ 41. He then placed a call to law enforcement and falsely reported that Plaintiffs were blocking the parking lot and entrance to the venue. *See id.* Officers from Defendant Alameda County Sheriff's Office arrived approximately five minutes later. *See id.* at ¶¶ 41, 42. Eventually, law enforcement officers threatened to arrest Plaintiffs if they refused to move to the designated "Free Speech Area" and continued to harass Plaintiffs when they refused. *See id.* at ¶¶ 44-60.

On May 8, 2023, Plaintiff Bolbol filed a declaration in conjunction with Plaintiffs' Request for a Temporary Restraining Order and Preliminary Injunction. *See* ECF 28-2. That declaration included submission of video recorded on May 20, 2022, depicting events that occurred while Ms. Bolbol was demonstrating at the Rowell Ranch Rodeo. *See id.* at Exhs. A-D. One of the videos captures the phone call made by Mr. Houts to someone with law enforcement whom he referred to as "ma'am." *See id.* at Exh. A, Video Timestamp 3:01-4:20.

Thereafter, on July 24, 2023, Plaintiff Bolbol served interrogatories on Rowell Ranch Rodeo to obtain information regarding Mr. Houts phone call with law enforcement on May 20, 2022:

> **Interrogatory No. 22**. DESCRIBE the telephone conversation between DOE DEFENDANT 1 and law enforcement on May 20, 2022, as referenced in paragraph 98 of the Complaint, including the number dialed, the agency contacted and all details of the call.
>
> **Interrogatory No. 23**. IDENTIFY the name of the person with whom DOE DEFENDANT 1 spoke during the telephone call referenced in paragraph 41 of the Complaint and Interrogatory No. 8 above.

Declaration of Jessica L. Blome (Blome Decl.), Exh. A, Interrogatories No. 22-23. The existence and subject of the call is of central import to Plaintiff Bolbol's Fourth Cause of Action against Rowell Ranch Rodeo, California Civil Code, section 51.7, in which "intimidation by threat of violence includes but is not limited to, making or threatening to make acclaim or report to a peace officer or law enforcement agency that falsely alleges that another person has engaged in unlawful activity or in an activity that requires law enforcement intervention, knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report." *See* SAC at ¶¶ 107-118.

Additionally, the existence and subject of the call is critical to Plaintiff Bolbol's Sixth Cause of Action against all Defendants, brought under 42 U.S.C. §1983 for violation of their First Amendment rights. *See* SAC at ¶¶ 128-139. Mr. Houts's phone call to law enforcement prompted the arrival of Alameda County deputies, and in combination with other facts surrounding Defendants' conduct, demonstrates "joint action" between the defendants. *See Franklin v. Fox,* 312 F. 3d 423, 444 (9th Cir. 2002) (describing "joint action" test under a section 1983 claim).

On August 20, 2023, Rowell Ranch Rodeo served responses to Plaintiff Bolbol's interrogatories. *See* Blome Decl. Exh. B. In response to Interrogatory No. 22, Rowell Ranch Rodeo testified, "Responding party does not understand that DOE 1 (Gary Houts) called the Alameda County Sheriff as alleged. Instead, he called Brian Morrison (Site Boss)." *Id.* at Response to No. 22. In response to Interrogatory 23, Rowell Ranch Rodeo testified, "Brian Morrison, who may be reached through Responding party's counsel." *Id.* at Response to No. 23. These responses were verified under penalty of perjury. *See id.* at p. 7.

Plaintiff Bolbol was present when Mr. Houts made the May 20, 2022 call to law enforcement, and the call was captured on video. *See* SAC at ¶¶ 38, 41; ECF 28-2 at Exh. A, Video Timestamp 3:01-4:20. As such, Plaintiff's counsel knew that Rowell Ranch Rodeo's interrogatory responses were not true and accurate. Blome Decl. at ¶ 5. On August 22, 2023, Plaintiff worked with counsel to propound discovery to Defendant Alameda County Sheriff's

Office to confirm the call to law enforcement. *See* Blome Decl. at ¶¶ 4, 5. In a request for documents submitted to Defendant Alameda County on August 22, 2023, Plaintiff sought "any documents relating to communications about or concerning Plaintiffs between YOU and Rowell Ranch Rodeo, Inc. representatives during the 2022 Events." Blome Decl., Exh. C, Request No. 8. The County's first response, dated October 27, 2023, stated, in part, "Responding Party has not been able to locate any nonprivileged documents responsive to this request," indicating the Sheriff's Office had no record of a call with Rowell Ranch Rodeo on May 20, 2022. *See* Blome Decl. at ¶ 6, Exh. D, Response to Request No. 6.

On November 21, 2023, counsel for Plaintiff Bolbol met and conferred via letter with the County's counsel to obtain phone records for calls made to the Sherriff's Office on that day. *See* Blome Decl., Exh. E. Plaintiff's counsel advised the County's counsel that the video recording Plaintiffs took of Mr. Houts' phone call clearly showed he was calling someone named "ma'am" in law enforcement. *See id.* Again, the Defendant Alameda County took the position that there was no record or knowledge of any such call to the Alameda County Sheriff. Plaintiffs provided Defendant Houts's cell phone number (despite Defendant Alameda County's ability to obtain this information on their own). Plaintiff's counsel implored upon the County to search their records again. *See id.* On December 14, 2023, Plaintiff sent Defendant Alameda County a follow-up letter to the meet and confer conference call which stated Plaintiffs would, within five days, file a motion to compel. Blome Decl. at ¶ 7, Exh. E, p. 4.

After conferring by phone with counsel for Plaintiff Bolbol, on December 15, 2023, counsel for the County wrote they would produce any responsive documents they may be able to locate. Blome Decl. at ¶ 8, Exh. F. Counsel for the County stated that, having now received Mr. Houts's cell phone number from counsel for Plaintiff Bolbol, they would pass on this information which may assist in locating responsive documents. *Id.* Accordingly, on December 21, 2023, the County produced an event register and link to a recording of the May 20, 2022, phone call placed by Gary Houts to the Alameda County Sheriff's Office, wherein Mr. Houts requested law enforcement assistance to "move the subjects." *See* Blome Decl. at ¶ 9, Exh. G.

The County served its production of the call event register and recording on all counsel, including counsel for Rowell Ranch Rodeo. *See id.*

On November 22, 2023, Plaintiff Bolbol had served a second set of interrogatories on Rowell Ranch Rodeo to obtain information about the May 20, 2022, phone call. *See* Blome Decl., Exh. H. Now faced with the County's evidence, Rowell Ranch Rodeo finally admitted that Gary Houts had called the Alameda County Sheriff's Office on May 20, 2022. *See* Blome Decl. at ¶ 10, Exh. I. Defendant further admitted that Mr. Houts told law enforcement that he wanted the activists moved, and that he had provided the Sheriff's Office with a physical description of the activists. *See id.* at Response to No. 30.

Prior to filing the instant motion, and in compliance with Local Rule 37-4(b)(2), counsel for Plaintiff Bolbol met and conferred with counsel for Rowell Ranch Rodeo to resolve this dispute without court intervention. Plaintiff Bolbol and Rowell Ranch Rodeo were unable to reach a resolution of the issues raised in the instant motion. *Id.* at ¶ 12. In their response to counsel for Plaintiff Bolbol's meet and confer letter, counsel for Rowell Ranch Rodeo stated they provided Mr. Houts's cell phone number to the County, and this new information led the County to produce responsive documents. Blome Decl. at ¶ 13, Exh. K, p. 2.

## III.  Argument

### A.  Sanctions are appropriate for Defendant Rowell Ranch Rodeo's bad-faith discovery conduct.

It is well-settled that a district court has inherent authority to sanction bad-faith litigation conduct. *Amezcua v. Jordan Transp., Inc.*, No. 2:13-cv-01608-APG-CWH, 2016 U.S. Dist. LEXIS 71259, at *3 (D. Nev. May 27, 2016); *Rogler v. Standard Ins. Co.*, 30 F. App'x 909, 914 (10th Cir. 2002); *Da Silva v. Smith's Food & Drug Ctrs.*, No. 2:12-cv-00595-GMN-VCF, 2013 U.S. Dist. LEXIS 81217, at *4 (D. Nev. Feb. 6, 2013). Such sanction includes ordering "a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017).

Sanctions for bad-faith litigation conduct can be ordered where a party engages in deceptive discovery practices, such as making false statements in response to interrogatories or

perjury. *See Amezcua*, 2016 U.S. Dist. LEXIS at *6; *Da Silva*, 2013 U.S. Dist. LEXIS at *4-5; *Arnold v. Cnty. of El Dorado*, No. 2:10-cv-3119 KJM GGH PS, 2012 U.S. Dist. LEXIS 112398, at *12-13 (E.D. Cal. Aug. 8, 2012).  "Federal courts have long recognized that . . . knowingly providing incomplete and/or misleading interrogatory answers constitutes perjury and, in effect, constitutes fraud on the court." *Da Silva*, 2013 U.S. Dist. LEXIS at *4. Committing perjury or making a materially false statement in discovery is sufficient grounds for a finding of bad faith and awarding sanctions. *See Amezcua*, 2016 U.S. Dist. LEXIS at *3; *Arnold*, 2012 U.S. Dist. LEXIS at *12-13.

In response to Plaintiff's first set of interrogatories, Defendant Rowell Ranch Rodeo not only denied that Gary Houts contacted law enforcement on May 20, 2022, but affirmatively represented that the call Mr. Houts made that day was to Brian Morrison, furthering the deception from omission to redirection of the truth. The fact is, Mr. Houts did call law enforcement, and Rowell Ranch Rodeo not only concealed that fact but misrepresented to whom the call was made. It is curious that Defendant Alameda County upheld this false representation until Plaintiff threatened a motion to compel, which led Defendant Alameda County to finally reveal the responsive documents. Only when faced with responsive evidence provided by Defendant Alameda County did Rowell Ranch Rodeo provide truthful information. At that time, it also was miraculously able to provide details about the conversation that Mr. Houts had with law enforcement. *See* Blome Decl. at ¶ 11, Exh. I.

All Defendants have a duty to make diligent, good faith responses to Plaintiff's discovery requests. This includes the duty to investigate sources reasonably available to Defendants and to provide complete responses in good faith to interrogatories. *See ATC Media, LLC v. Michaels Stores, Inc.,* Civil Action No. 3:22-CV-1416-N, 2023 U.S. Dist. LEXIS 151021, at *9 (N.D. Tex. Aug. 28, 2023); *City of Spokane v. Monsanto Co.*, No. 2:15-CV-0201-SMJ, 2017 U.S. Dist. LEXIS 193932, at *18 (E.D. Wash. Feb. 21, 2017); *Ameripride Servs. v. Valley Indus. Servs*., No. CIV 2:00-cv-0113-LKK-JFM, 2011 U.S. Dist. LEXIS 39408, at *8 (E.D. Cal. Apr. 1, 2011). Yet, this did not occur. There can be no doubt that Rowell Ranch Rodeo had access to Mr. Houts

1   telephone records, which would have verified that the call Mr. Houts placed to law enforcement
2   in May 2022 existed. *See* Blome Decl. at ¶ 13, Exh. K, p. 2 ("RRR provided Gary Houts' phone
3   number to the Counsel for Defendant Alameda County Sheriff's Office."). There can also be no
4   doubt that Defendant's false interrogatory responses constitute bad faith. The inescapable
5   conclusion is either that Defendant willfully lied, hoping that Plaintiff would not uncover the
6   truth, or it wantonly ignored its discovery obligations by failing to gather information from Mr.
7   Houts or Mr. Morrison.

8   　　　　This is no trivial matter of mistaken recollection or innocent confusion. Defendant's
9   perjury is material to establishing liability for Plaintiffs' Fourth Cause of Action based on
10  California Civil Code, section 51.7, which holds a person liable for knowingly making a report to
11  a peace officer or law enforcement agency that falsely alleges a person is engaged in unlawful
12  activity that requires law enforcement intervention. SAC, Fourth Cause of Action.

13  　　　　Significantly, Defendant's perjury affects Plaintiffs' Sixth Cause of Action as well, as
14  evidence of this phone call supports a finding of "joint action" between the Rodeo and law
15  enforcement. SAC, Sixth Cause of Action.

16  　　　　Accordingly, Rowell Ranch Rodeo's motivation to conceal the truth is clear and can be
17  inferred as an attempt to evade liability under §51 and §1983. In the face of later discovery, this
18  concealment was no longer tenable. Plaintiff caught Defendant Rodeo red-handed and is entitled
19  to reimbursement of her attorneys' fees and costs for any time spent pursuing discovery that was
20  withheld in bad faith.

21  　　**B.**　　**Plaintiff Bolbol incurred unnecessary attorneys' fees and costs as a result of Rowell Ranch Rodeo's discovery abuse.**

22  　　　　Plaintiff is entitled to an award of sanctions for the fees and costs arising directly from
23  Rowell Ranch Rodeo's bad faith conduct. *See Goodyear Tire & Rubber Co.*, 581 U.S. at 107. As
24  a direct result of Rowell Ranch Rodeo's withholding of material information and provision of
25  false information, Plaintiff Bolbol incurred legal fees and costs for otherwise-unnecessary
26  discovery on the County of Alameda and follow-on discovery on Rowell Ranch Rodeo itself. As
27  a direct result of the County's initial failure to produce information regarding the May 20, 2022

28

call, Plaintiff's counsel had to meet with Ms. Bolbol to prepare discovery for the County, prepare and service discovery on the County, meet and confer over the County's responses which notably failed to include the recording or transcript of the call, and had to serve a second set of discovery on Rowell Ranch Rodeo – all of which resulted in the incurring of unnecessary fees, and all of which could have been avoided had Rowell Ranch Rodeo provided accurate information in its verified responses to Plaintiff's first set of discovery. Blome Decl. ¶ 16.

Rowell Ranch Rodeo's failure to provide accurate responses further prejudiced Plaintiff by delaying Plaintiff's ability to prepare a Motion for Summary Judgment, as the fact of Mr. Houts's call to law enforcement and the subject matter thereof is essential to liability under §51.7 as well as foundational to liability under §1983. Blome Decl. ¶ 16. The delay amounted to six months of unnecessary time and expense spent seeking information that should have been provided at the time of Rowell Ranch Rodeo's initial responses Plaintiff's first set of discovery last July. *See* Blome Decl. at ¶ 2, Exh. A. Moreover, Rowell Ranch Rodeo's falsehood likely contributed substantially to the parties' failure to settle this matter at the October settlement conference, during which Rowell Ranch Rodeo insisted it did not make the call to law enforcement. This artificially emboldened the Alameda County Sheriff's Office's defense. Blome Decl. ¶ 16.

Greenfire Law attorneys maintain complete, contemporaneous time records throughout this litigation. The hourly rates Plaintiff seeks are consistent with the rates local attorneys charge in the East Bay where Greenfire Law regularly practices. Ms. Bolbol's counsel requests the following hourly rates for attorneys at Greenfire Law, PC: $720 for Jessica L. Blome, Brian Colton, and Jennifer Rae Lovko, $500 for Lily Rivo, and $150 for administrative staff. Attorney market rates for similarly experienced attorneys in the East Bay are much higher than those requested. *See* Blome Decl. at ¶ 14. A full explanation and accounting is contained in the Declaration of Jessica Blome, attached hereto, including attorney rates, hours, and background. Blome Decl. at ¶¶ 14, 15 Exhs. L, M.  In total, Plaintiff requests sanctions in the amount of $45,000 in attorneys' fees and costs. *Id.*

**IV.     Conclusion**

  For the foregoing reasons Plaintiff Bolbol respectfully request that this Court grant Plaintiff's Motion for Sanctions in the amount of $45,000.00 against Rowell Ranch Rodeo, Inc.

Dated: February 15, 2024     Respectfully submitted,

            */s Jessica L. Blome*
            Jessica L. Blome (State Bar No. 314898)
            Lily A. Rivo (State Bar No. 242688)
            GREENFIRE LAW, PC
            2748 Adeline Street, Suite A
            Berkeley, CA 94703
            Ph/Fx: (510) 900-9502
            jblome@greenfirelaw.com
            lrivo@greenfirelaw.com

            *Attorneys for Plaintiff Deniz Bolbol*