Jessica L. Blome (State Bar No. 314898)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 De Anza Blvd., #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in pro per*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,

PLAINTIFFS.

v.

ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; ALAMEDA COUNTY SHERIFF'S OFFICE; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,

DEFENDANTS.

Case No. 3:23-cv-01652-VC

**DECLARATION OF JESSICA L. BLOME IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFEDANT ROWELL RANCH RODEO, INC. PURSUANT TO THE COURT'S INHERENT POWERS**

Judge: Hon. Vince Chhabria
Dept: Courtroom 5 – 17th Floor
Hearing Date: XXX
Hearing Time: XXX

I, Jessica L. Blome, do declare and state:

1.      I am an attorney at law duly licensed to practice before the United States District Court for the Northern District of California, and all the Courts of the State of California. I am a shareholder and partner for Greenfire Law, PC, counsel of record for Plaintiff Deniz Bolbol (Bolbol).  If sworn as a witness, I could and would testify to my personal knowledge of the facts set forth herein. I am submitting this declaration in support of Bolbol's Motion for Sanctions.

2.      Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff Bolbol's Interrogatories, Set One to Defendant Rowell Ranch Rodeo, Inc., dated July 24, 2023. Interrogatories No. 22 and 23 specifically requested information regarding Mr. Houts's phone call with Defendant Alameda County Sheriff's Office.

3.      Attached hereto as **Exhibit B** is a true and correct copy of Defendant Rowell Ranch Rodeo, Inc.'s verified responses to Plaintiff Bolbol's Interrogatories, Set One, dated August 20, 2023. Relevant to this motion, in response to Interrogatory No. 22, Rowell Ranch Rodeo testified, "Responding party does not understand that DOE 1 (Gary Houts) called the Alameda County Sheriff as alleged. Instead, he called Brian Morrison (Site Boss)." *See* Exh. B, Response to No. 22. In response to Interrogatory 23, Rowell Ranch Rodeo testified, "Brian Morrison, who may be reached through Responding party's counsel." *Id.* at Response to No. 23. Rowell Ranch Rodeo verified these responses under penalty of perjury. *Id.* at p. 7.

4.      On August 22, 2023, Plaintiff worked with counsel to propound discovery to Defendant Alameda County Sheriff's Office to confirm Rowell Ranch Rodeo agent Gary Houts' call to law enforcement.

5.      Plaintiff Bolbol was present when Mr. Houts made the May 20, 2022, call to law enforcement, and the call was captured on video. *See* ECF 28-2 at Exh. A, Video Timestamp 3:01-4:20. As a result, I knew that Rowell Ranch Rodeo's interrogatory responses were not true and accurate. On August 22, 2023, Plaintiff worked with counsel to propound discovery to Defendant Alameda County Sheriff's Office to confirm the call to law enforcement. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiffs' Request for Production of Documents to Defendant Alameda County Sheriff's Office, Set One. This

discovery request sought "any documents relating to communications about or concerning Plaintiffs between YOU and Rowell Ranch Rodeo, Inc. representatives during the 2022 Events." *Id.* at Request No. 8.

6.      Attached hereto as **Exhibit D** is a true and correct copy of Defendant Alameda County Sheriff's Office responses to Plaintiff Bolbol's Request for Production of Documents, Set One, dated October 27, 2023. In response to Request No. 6, the County stated, "Responding Party has not been able to locate any nonprivileged documents responsive to this request," indicating the Sheriff's Office had no record of a call with Rowell Ranch Rodeo on May 20, 2022.

7.      Attached hereto as **Exhibit E** is a true and correct copy of my meet and confer letter to counsel for Defendant Alameda County Sheriff's Office dated November 21, 2023. Following this letter requesting phone records for calls made to the Sherriff's Office on May 20, 2022, I provided Defendant Houts's cell phone number to counsel for Defendant Alameda County Sheriff's Office and again asked the County to search their records.

8.      Attached hereto as **Exhibit F** are true and correct copies of the follow-up letter from counsel for Defendant Alameda County Sheriff's Office, dated December 15, 2023, confirming that the County would produce any responsive documents they may locate. Additionally, counsel for Defendant Alameda County Sheriff's Office stated that, having now received Mr. Houts's cell phone number from counsel from Plaintiff Bolbol, they would pass on this phone number which may assist in locating responsive documents. Exh. F, p. 1.

9.      Attached hereto collectively as **Exhibit G** are true and correct copies of the supplemental production letter from counsel for Defendant Alameda County Sheriff's Office containing a link to the audio recording of the call placed by Gary Houts to the Alameda County Sheriff's Department on May 20, 2022, as well as a copy of the event register for the call.

10.      On November 22, 2023, five months after her initial request for basic information about Gary Houts' call with law enforcement on May 20, 2022, Plaintiff Bolbol served her second set of interrogatories on Rowell Ranch Rodeo. Attached hereto as **Exhibit**

**H** is a true and correct copy of Plaintiff Bolbol's Interrogatories, Set Two, to Defendant Rowell Ranch Rodeo.

11.     Attached hereto as **Exhibit I** is a true and correct copy of Defendant Rowell Ranch Rodeo's Responses to Plaintiff Deniz Bolbol's Interrogatories, Set Two, dated January 5, 2023.

12.     Prior to filing the instant motion, and in compliance with Local Rule 37-4(b)(2), I wrote to counsel for Rowell Ranch Rodeo in good faith in an effort to resolve this dispute without court action. Attached hereto as **Exhibit J** is a true and correct copy of my meet and confer letter to counsel for Rowell Ranch Rodeo, dated February 6, 2024. Plaintiff Bolbol and Rowell Ranch Rodeo were unable to reach a resolution of the issues raised in the instant motion.

13.     Attached hereto as **Exhibit K** is a true and correct copy of counsel for Rowell Ranch Rodeo's response to my meet and confer letter. Of note, counsel for Rowell Ranch Rodeo stated they provided Mr. Houts's cell phone number to the County on December 18, 2023. *See* Exh. K, p 2.

14.     Greenfire Law attorneys Lily Rivo and I have maintained complete, contemporaneous time records thought this litigation. The hourly rates Bolbol seeks are consistent with the rates local attorneys charge in the East Bay where Greenfire Law regularly practices. Bolbol's counsel requests the following hourly rates for attorneys at Greenfire Law, PC: $720 for Jessica L. Blome, Brian Colton, and Jennifer Rae Lovko, $500 for Lily Rivo, and $150 for administrative staff. Attorney market rates for similarly experienced attorneys in the East Bay are much higher than those requested. True and correct copies of resumes for Greenfire Law attorneys Jessica L. Blome, Brian Colton, Jennifer Rae Lovko, and Lily Rivo are attached collectively as **Exhibit L.**

15.     Detailed time records for Greenfire Law, PC for otherwise unnecessary expenses, including attorney fees, that were directly caused by the conduct of defendant Rowell Ranch Rodeo, Inc. are attached hereto as **Exhibit M**.

I make this declaration under penalty of perjury under the laws of the United States of America, executed this 15th day of February 2024 in Berkeley, California.

By: */s/ Jessica L. Blome*
Jessica L. Blome

# EXHIBIT A

Jessica L. Blome (State Bar No. 314898)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 DeAnza Blvd. #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff In Pro Se*

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,

PLAINTIFFS.

v.

ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; COUNTY OF ALAMEDA; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,

DEFENDANTS.

Case No. 3:23-cv-01652-VC

**PLAINTIFF DENIZ BOLBOL'S INTERROGATORIES TO DEFENDANT ROWELL RANCH RODEO, INC., SET ONE**

Pursuant to Fed. R. Civ. Proc. 33, Plaintiffs JOSEPH P. CUVIELLO and DENIZ BOLBOL request that Defendant ROWELL RANCH RODEO, INC. (ROWELL RANCH) respond within 30 days to these interrogatories. Plaintiffs request that Defendant respond in accordance with the Instructions and Definitions set forth below.

**INSTRUCTIONS**

1. You must answer each interrogatory separately and fully in writing and under oath, unless you object to such interrogatory, in which case you must state the reason for the objection with specificity. For any objection based on attorney-client privilege, you must provide a privilege log, and specify the date, author, recipient, and the nature of the document to which such objection is made.

2. Pursuant to Fed. R. Civ. Proc. Rule 33(b)(5), the person who provides the answers must sign them, and, if you make any objections, the attorney who objects must sign them.

3. If any document(s) requested to be identified or produced was, but is no longer in your control, or is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom; or (4) otherwise disposed of. In each instance, explain the circumstances surrounding and authorization for such disposition thereof, and state the approximate date thereof.

4. In responding to these interrogatories, you are required to furnish all information that is available to you, including (to the extent not privileged) information in the possession of your attorneys or other persons directly or indirectly employed by or connected with you, or your attorneys and anyone else acting in your behalf or otherwise subject to your control.

5. In responding to these interrogatories, if you must review a document or information to answer an interrogatory, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your agents. If you cannot obtain the records or information to answer these interrogatories, you should explain in your answer the circumstances and what has been and is being done to obtain the information specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

6.      If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information. Otherwise, an evasive or incomplete disclosure, answer, or response will be deemed as a failure to disclose, answer or respond.

7.      If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing your business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, you may answer by: specifying the records that must be reviewed, in sufficient detail to enable Plaintiffs to locate and identify them as readily as you could; and giving Plaintiffs a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

8.      Where knowledge, information, or documents are requested, such request encompasses knowledge, information, or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who has possession, custody or control of your proprietary knowledge, information or documents.

9.      For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

10.     Where the name of a person is requested, indicate the full name, home address, business address, e-mail address, and all available telephone numbers of the person.

11.     If you are unable to provide an accurate answer to an interrogatory, or are uncertain regarding a response to any item, please provide your best estimate of the information requested, specifying that the answer is merely an estimate, and that an accurate response cannot be given by you to the item.

12. These interrogatories will be deemed to be continuing in nature in order to allow supplemental answers so that your responses to each item remain accurate and complete if you or counsel representing you should obtain any further or different information between the time the answers to these items are made and the time of any trial on the merits.

**DEFINITIONS**

1. "2022 Events" means the rodeo events that took place at Rowell Ranch Rodeo Park, hosted by you, on May 20, 2022 and May 21, 2022.

2. "Answer" means the Answer you filed with the court on May 2, 2023 as Docket No. 18.

3. "Communicate" and "Communication" mean any disclosure, transfer, or exchange of information, by any means or matter, including, but not limited to, letters, e-mails, memoranda, minutes, writings, correspondence, comments, blogs, or other communication(s) provided via the Internet or on websites; facsimile transmission, telephone conversations, oral conversations, electronic (e-mail) or computer messages, text messaging, or other electronic transmission.

4. "Complaint" refers to the Second Amended Complaint filed as Docket Entry No. 54, Exhibit A, on June 20, 2023.

5. "Contact information" means the name; home, work, and mobile phone numbers; fax number; home and work addresses; and email address of an individual or entity.

6. "Contractor" means any individual or entity other than your employee that you engage or contract with to appear at rodeo events at Rowell Ranch Rodeo Park.

7. "Demonstrator" means any person who appeared or appeared at your rodeo events to express disagreement with the practice of rodeos, including, but not limited to, any person who distributes any written materials and/or holds signs and/or banners expressing such disagreement.

8. "Deputy Mayfield" means Defendant Alameda County Deputy Sheriff Joshua Mayfield, as identified in the Complaint.

9.     "Describe" means state with particularity each fact, person, document, and thing that relates or logically pertains to your response.

10.     "Document(s)" shall be interpreted in the broadest sense permitted under the Federal Rules of Civil Procedure and the Rules of this Court and includes tangible things and any media upon which information is recorded, stored, or placed, including, without limitation, the original and any non-identical copy (whether different from the original by reason of notations or otherwise) of any printed, typewritten, or otherwise recorded matter, of whatever character, including, without limitation, letters, correspondence, memoranda, notes, email, catalogs, diaries, reports, calendars, intra-office communications, statements, announcements, photographs, tape recordings, video-taped recordings, or any other writings or tangible objects, whether produced or reproduced mechanically, electronically, electrically, photographically, or chemically. This definition includes all information stored on computer hard drives, CDs, computer networks, or other types of computer storage.  "Document" also means identical copies of unavailable original documents and of unavailable non-identical copies, as well as any "writing(s)" or "recording(s)" as defined in the Federal Rules of Evidence Code, Rule 1001.

11.     "DOE DEFENDANT 1" means the individual described as DOE DEFENDANT 1 in Plaintiffs' complaint and as depicted in Exhibit A hereto.

12.     "DOE DEFENDANT 2" means the individual described as DOE DEFENDANT 2 in Plaintiffs' complaint and as depicted in Exhibit B hereto.

13.     "First Amendment Rights" means the rights provided to individuals under the First Amendment of the United States and Article 1 of the California Constitution.

14.     "Free Speech Area" means the area at Rowell Ranch Rodeo Park that is designated to confine demonstrators, as referenced in the Complaint.

15.     "HARD" means the Hayward Area Recreation and Park District and any of its agents, representatives, employees, assigns or other persons employed by or acting on its behalf.

16.     "Identify," when used in connection with a document, means to state its type (e.g., letter, memorandum, drawing, etc.), subject matter and date, by whom written or prepared, by whom signed, to whom sent, its present location (name and address of place), and the present

custodian of the original and all copies thereof.  If any such document was, but no longer is, in your possession or custody or subject to your control, state what disposition was made of the document.  In lieu of providing a list or otherwise identifying documents in your possession as requested, you may attach copies of the documents along with your answers to these interrogatories.

17.    "Identify," when used in connection with an individual, means to state the person's full name; last known home address and home telephone number; the full name, current address, and telephone number of the company, firm, or other organization with which the person is affiliated or by whom the person is employed; and the person's position, title, or job capacity at the date of your response and at the time covered by the interrogatory.

18.    "Person" means a natural person, partnership, corporation, pension fund, trust, unincorporated association, group, governmental agency or agent, and any other organization or entity.

19.    "Sheriff's Office" means the Alameda County Sheriff's Office any of its agents, representatives, employees, assigns or other persons employed by or acting on its behalf.

20.    "Statement" means a written statement signed or otherwise adopted or approved by the person making it or an electronic or written recording which is a substantially verbatim recital of an oral statement.

21.    "You" and "your" mean the entity known as Rowell Ranch Rodeo, Inc., as well as any agent, representative, employee, or other person acting on your behalf.

**INTERROGATORIES**

**Interrogatory No. 1.** IDENTIFY DOE DEFENDANT 1.

**Interrogatory No. 2.** DESCRIBE DOE DEFENDANT 1's relationship to the Rowell Ranch Rodeo, including his function during the 2022 Events.

**Interrogatory No. 3.** IDENTIFY DOE DEFENDANT 2

**Interrogatory No. 4.** DESCRIBE DOE DEFENDANT 2's relationship to the Rowell Ranch Rodeo, including his function during the 2022 Events.

**Interrogatory No. 5.** IDENTIFY DOE DEFENDANT 1's supervisor.

**Interrogatory No. 6.** IDENTIFY DOE DEFENDANT 2's supervisor.

**Interrogatory No. 7.** DESCRIBE the policies and procedures YOU follow to ensure a DEMONSTRATOR'S FIRST AMENDMENT RIGHTS are not violated at the Rowell Ranch Rodeo Park in Hayward, California.

**Interrogatory No. 8.** DESCRIBE the training and instruction YOU provide to YOUR employees to ensure compliance with the policies and procedures described in Interrogatory

No. 5, including specifications for differences in training and instructions for different individuals.

**Interrogatory No. 9.** DESCRIBE the training and instruction YOU provide to YOUR contractors to ensure compliance with the policies and procedures described in Interrogatory No. 8.

**Interrogatory No. 10.** DESCRIBE the training and instruction YOU provide to YOUR volunteers to ensure compliance with the policies and procedures described in Interrogatory No. 8.

**Interrogatory No. 11.** DESCRIBE the reason you set up a "Free Speech Area" during the "2022 Events?"

**Interrogatory No. 12.** IDENTIFY the person(s) who determined where to locate the "Free Speech Area" that was set up on May 20, 2022.

**Interrogatory No. 13.** DESCRIBE the process and determining factors for the location of the "Free Speech Area" during the 2022 Events.

**Interrogatory No. 14.** DESCRIBE whether the Hayward Area Recreation and Park District (HARD) provided any input regarding the location of the "Free Speech Area" during the 2022 Events.

**Interrogatory No. 15.** IDENTIFY all HARD representatives of HARD who assisted in the development of the "Free Speech Area" for the 2022 Events.

**Interrogatory No. 16.** DESCRIBE all communications with the Alameda County Sheriff's Office or its representatives regarding the location of the "Free Speech Area" during the 2022 Events.

**Interrogatory No. 17.** IDENTIFY the representatives of the Alameda County Sherriff's Office or its representatives that participated in the communications described in Interrogatory No. 14.

**Interrogatory No. 18.** IDENTIFY all Board members for Rowell Ranch Rodeo Inc.

**Interrogatory No. 19.** LIST and DESCRIBE the current financial holdings and assets of Rowell Ranch Rodeo, Inc.

**Interrogatory No. 20.** LIST and DESCRIBE the net income which resulted from the 2022 Events.

**Interrogatory No. 21.** LIST and DESCRIBE compensation paid to employees, contractors, volunteers, and associates in connection with the 2022 Events.

**Interrogatory No. 22.**          DESCRIBE the telephone conversation between DOE DEFENDANT 1 law enforcement on May 20, 2022, as referenced in paragraph 98 of the Complaint, including the number dialed, the agency contacted and all details of the call.

**Interrogatory No. 23.**          IDENTIFY the name of the person with whom DOE DEFENDANT 1 spoke during the telephone call referenced in paragraph 41 of the Complaint and Interrogatory No. 8 above.

**Interrogatory No. 24.**          Describe any complaints, whether informal or formal, YOU have received alleging DOE DEFENDANT 1's interference with a DEMONSTRATOR's FIRST AMENDMENT RIGHTS. This interrogatory is limited in time only with respect to DOE DEFENDANT 1's agency relationship with YOU.

**Interrogatory No. 25.**          Describe any complaints, whether informal or formal, YOU have received alleging DOE DEFENDANT 2's interference with a DEMONSTRATOR's FIRST AMENDMENT RIGHTS. This interrogatory is limited in time only with respect to DOE DEFENDANT 2's agency relationship with YOU.

**Interrogatory No. 26.**          Describe any action YOU have taken regarding DOE DEFENDANT 1's interference with a DEMONSTRATOR's FIRST AMENDMENT RIGHTS.

**Interrogatory No. 27.**          Describe action YOU have taken regarding DOE DEFENDANT 2's interference with a DEMONSTRATOR's FIRST AMENDMENT RIGHTS.

**Exhibit A**

**Exhibit B**

Dated: July 24, 2023

By: /s/ Jessica L. Blome
Jessica L. Blome
Attorney for Plaintiff Deniz Bolbol

# VERIFICATION

I, ____________, declare:

I am _____________________. I am authorized to make this verification on behalf of Rowell Ranch Rodeo, Inc.

I have read Rowell Ranch Rodeo, Inc.'s Responses to Plaintiffs' Interrogatories to Rowell Ranch Rodeo, Inc., Set One and know the contents thereof. I am informed and believe that the responses to the interrogatories are true based on information assembled by Rowell Ranch Rodeo, Inc. employees and/or representatives. Rowell Ranch Rodeo, Inc. and I reserve the right to make any changes should it appear that any omission or errors have been made.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated this ________day of _________, 2023, at ______________, California.

________________________

By: _____________________

**PROOF OF SERVICE**

I am employed in the County of Alameda. My business address is P.O. Box 8055, Berkeley California 94710. I am over the age of 18 years and not a party to the above-entitled action. Document(s) served:

- Plaintiff Deniz Bolbol's Interrogatories to Defendant Rowell Ranch Rodeo, Inc., Set One
- Plaintiff Deniz Bolbol's Requests for Production of Documents to Defendant Rowell Ranch Rodeo, Inc., Set One

On July 24, 2023, I served the foregoing document(s) on the parties in this action, located on the attached service list as designated below:

| | | |
|---|---|---|
| ( ) | By First Class Mail, where indicated: | Deposited the above documents in a sealed envelope with the United States Postal Service, with the postage fully paid. |
| ( ) | By Personal Service: | I personally delivered each in a sealed envelope to the office of the address on the date last written below. |
| ( ) | By Overnight Mail: | I caused each to be placed in a sealed envelope and placed the same in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for. |
| (X) | By Electronic Transmission: | Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 24, 2023, in Berkeley, California.

Donna Wallace

______________________________

Donna Wallace

# SERVICE LIST

| | |
|---|---|
| Joseph P. Cuviello<br>205 De Anza Blvd., #125<br>San Mateo, CA 94402<br>(650) 315-3776<br>Email: pcuvie@gmail.com<br><br>*Pro Se Plaintiff* | William F. Burns<br>Law Offices of William F. Burns<br>699 Peters Avenue, Suite B<br>Pleasanton, CA 94566<br>(925) 461-4972<br>Email: wfburns@earthlink.net<br><br>*Atty. for Defendant Rowell Ranch Rodeo, Inc.* |
| Dale L. Allen, Jr<br>Allen, Glaessner, Hazelwood & Werth LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>(415) 697-2000<br>Email: dallen@aghwlaw.com<br>Email: erodas@aghwlaw.com<br>Email: mhernandez@aghwlaw.com<br><br>*Atty. for Defendants Hayward Area Recreation and Park District and Kevin Hart, Hayward Area Recreation and Park Public Safety Manager/Ranger* | William Blake Rowell<br>Marc Brainich<br>Michele C. Kirrane<br>Thiele R. Dunaway<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94067<br>(510) 834-6600<br>Email: browell@fennemorelaw.com<br>Email: mbrainich@fennemorelaw.com<br>Email: mkirrane@fennemorelaw.com<br>Email: rdunaway@fennemorelaw.com<br>Email: lmason@fennemorelaw.com<br><br>*Attys. for Defendants County of Alameda, Alameda County Sheriff's Office and Alameda County Deputy Sherriff Joshua Mayfield* |

# EXHIBIT B

William F. Burns, (sbn 121357)
LAW OFFICE OF WILLIAM F. BURNS
699 Peters Avenue, Suite B
Pleasanton, California 94566
Tel: (925) 461 4972
Fax: (925) 462 0837
Email: wfburns@earthlink.net

Attorney For Rowell Ranch Rodeo Inc.

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH P. CUVIELLO and DENIZ
BOLBOL, individually,

              PLAINTIFFS.

    v.

ROWELL RANCH RODEO, INC., et al.,

              DEFENDANTS.

Case No. 3:23-cv-01652-VC

**DEFENDANT ROWELL RANCH
RODEO'S RESPONSE TO
PLAINTIFF DENIZ BOLBOL'S
FIRST SET OF INTERROGATORIES
[F.R.C.P Rule 33]**

The Defendant Rowell Ranch Rodeo Inc., pursuant to Federal Rule of Civil Procedure Rule 33, responds to the Plaintiff Deniz BolBol first set of interrogatories as follows:

**INTERROGATORIES**

**INTEROGATORY NO. 1:** IDENTIFY DOE DEFENDANT 1:

**RESPONSE TO INTERROGATORY NO. 1:** Gary Houts, 3473 Castro Valley Blvd. Castro Valley, California 94546. Tel: (804) 704 1051.

**INTEROGATORY NO. 2:** DESCRIBE DOE DEFENDANT 1's relationship to the Rowell Ranch Rodeo, including his function during the 2022 Events.

**RESPONSE TO INTERROGATORY NO. 2:** Mr. Houts was a volunteer. In 2022, he served as Rowell Ranch Rodeo Inc's. Public Safety Coordinator.

**INTEROGATORY NO. 3:** IDENTIFY DOE DEFENDANT 2.

**REPONSE TO INTERROGATORY NO. 3:** George Ferris, 6674 Palo Verde Road, Castro Valley, C 94552, Tel: (510) 715 4358.

**INTEROGATORY NO. 4:** DESCRIBE DOE DEFENDANT 2's relationship to the Rowell Ranch Rodeo, including his function during the 2022 Events.

**RESPONSE TO INTERROGATORY NO. 4:** Mr. Ferris was a Volunteer. In 2022, he served as a parking lot attendant for Rowell Ranch Rodeo Inc.

**INTEROGATORY NO. 5:** IDENTIFY DOE DEFENDANT 1's supervisor.

**RESPONSE TO INTERROGATORY NO. 5:** The Arena Boss and Site Boss as defined in the 2022 Emergency Action Plan (EAP). In 2022 the Arena Boss was Russell Fields and the Site Boss was Brian Morrison. Both are members of the Board of Rowell Ranch and can be contacted through its counsel.

**INTEROGATORY NO. 6:** IDENTIFY DOE DEFENDANT 2's supervisor.

**RESPONSE TO INTERROGATORY NO. 6:** The Arena Boss and Site Boss as defined in the 2022 Emergency Action Plan (EAP). In 2022 the Arena Boss was Russell Fields and the Site Boss was Brian Morrison. They are current members of the Rowell Ranch Board and can be reached through its counsel.

**INTEROGATORY NO. 7:** DESCRIBE the policies and procedures YOU follow to ensure a DEMONSTRATOR'S FIRST AMENDMENT RIGHTS are not violated at the Rowell Ranch Rodeo Park in Hayward, California.

**RESPONSE TO INTERROGATORY NO. 7:** A Free Expression area is established as part of the EAP. Section 6A of HARD policy requires that the EAP include a designated area for "Public Speech". Any questions regarding an attendee's conduct, at the rodeo event, are

referred to law enforcement as required in the EAP.

**INTEROGATORY NO. 8:** DESCRIBE the training and instruction YOU provide to YOUR employees to ensure compliance with the policies and procedures described in Interrogatory number 5 (sic 7), including the specifications for differences in training and instructions for different individuals.

**RESPONSE TO INTERROGATORY NO. 8:** Rowell Ranch Rodeo Inc. has no employees. It is a non-profit organization. All persons assisting with the rodeo are volunteers. Rowell Ranch briefs the security contractor, who in 2022 was Admiral Security License number CAPPO15200, and the volunteers prior to the commencement of the annual event on the policies and procedures stated in the EAP. There are daily meetings with the Public Safety Coordinator during the event to review the EAP and any issues that may have arisen during the previous day.

**INTEROGATORY NO. 9:** DESCRIBE the training and instruction YOU provide to YOUR contractors to ensure compliance with the policies and procedures described in Interrogatory No. 8.

**RESPONSE TO INTERROGATORY NO. 9:** Rowell Ranch briefs the security contractor, who in 2022 was Admiral Security License number CAPPO15200, and the volunteers prior to the commencement of the annual event on the policies and procedures stated in the EAP. There are daily meetings with the Public Safety Coordinator during the event to review the EAP and any issues that may have arisen during the previous day.

**INTEROGATORY NO. 10:** DESCRIBE the training and instruction YOU provide to YOUR volunteers to ensure compliance with the policies and procedures described in Interrogatory No. 8.

**RESPONSE TO INTERROGATORY NO. 10:** Rowell Ranch briefs the volunteers prior to the commencement of the annual event on the policies and procedures stated in the EAP. There are daily meetings with the Public Safety Coordinator during the event to review the EAP and any issues that may have arisen during the previous day.

**INTEROGATORY NO. 11:** DESCRIBE the reason you set up a "Free Speech Area" during

the "2022 Events?"

**RESPONSE TO INTERROGATORY NO. 11:** Designation of a Free Speech area (or "Public Speech as defined by HARD requirements) is part of the security plan required by the Rowell Ranch Rodeo Policy, Fees and Guidelines published by HARD.

**INTEROGATORY NO. 12:** IDENTIFY the person(s) who determined where to locate the "Free Speech Area" that was set up on May 20, 2022.

**RESPONSE TO INTERROGATORY NO. 12:** The location was selected by the Arena Boss (Russell Fields) and the Site Boss (Brian Morrison), and HARD representatives. Mr. Fields and Mr. Morrison, as members of the RRR board, can be contacted through counsel.

**INTEROGATORY NO. 13:** DESCRIBE the process and determining factors for the location of the "Free Speech Area" during the 2022 Events.

**RESPONSE TO INTERROGATORY NO. 13:** The location selected was determined by using the areas where protestors normally convened during prior years. Also, the area provided protestors access to all the patrons and cars entering the park while minimizing possible dangers that would be caused when mixing pedestrians in the driving and parking areas.

**INTEROGATORY NO. 14:** DESCRIBE whether the Hayward Area Recreation and Park District (HARD) provided any input regarding the location of the "Free Speech Area" during the 2022 Events.

**RESPONSE TO INTERROGATORY NO. 14**: Yes. The location was designated on the EAP that was approved by HARD.

**INTEROGATORY NO. 15:** IDENTIFY all HARD representatives of HARD who assisted in the development of the "Free Speech Area" for the 2022 Events.

**RESPONSE TO INTERROGATORY NO. 15:** Chris Peterson, Lori Ryan, HARD General Manager whose name is not currently known.

**INTEROGATORY NO. 16:** DESCRIBE all communications with the Alameda County Sheriff's Office or its representatives regarding the location of the "Free Speech Area" during the 2022 Events.

**RESPONSE TO INTERROGATORY NO. 16:** Objection the request is vague as to

discussions between whom and the Sheriff's Department. Without waiving said objection and assuming the request seeks identification of communications between the Sheriff and Rowell Ranch associated personnel, the response is as follows: The Sheriff's Department personnel were shown where the free speech area was located and coned off.

**INTEROGATORY NO. 17**: IDENTIFY the representatives of the Alameda County Sheriff's Office or its representatives that participated in the communications described in Interrogatory No. 14 (sic 16).

**RESPONSE TO INTERROGATORY NO. 17:** At this time responding party has no information which could be used to identify which members of the Alameda County Sheriff's Office were shown the location of the "Free Speech Area."

**INTEROGATORY NO. 18:** IDENTIFY all board members of Rowell Ranch Rodeo Inc.

**RESPONSE TO INTERROGATORY NO. 18:** Objection vague as to time. Without waiving said objection and assuming the intent of the inquiry is identification of all board members as of 2022 and the present, responding party states as follows: the 2022 Board Members were: Brian Morrison, Janet Lemmons, Cliff Sherwood, Joe Paulo, Russell Fields, Luther Critzer, Guy Warren George Pacehco. In early 2023 Mr. Sherwood resigned and Mr. Paul Martin took his place on the board. All current members of the board can be reached through responding party's counsel. Mr. Sherwood's last known contact information is: Cliff Sherwood, P.O. Box 2673 Castro Valley, California 94546, (510) 828 1265 (cshwerwood@sherwoodandco.net).

**INTEROGATORY NO. 19:** LIST and DESCRIBE the current financial holding and assets of Rowell Ranch Rodeo Inc.

**RESPONSE TO INTERROGATORY NO. 19**: As responding party is a non-profit organization the requested information is available on its annual form 990 which is filed with the IRS and is available to the public on the internet. In its 2022 filing, made in January of 2023, Rowell Ranch Rodeo declared, on its form 990, $575,656 in gross receipts and expenses of $395,273. It listed net income, after administrative expenses, of $172,771. It listed total assets of $551,587.00.

**INTEROGATORY NO. 20**: LIST and DESCRIBE the net income which resulted from the

2022 Events.

**RESPONSE TO INTERROGATORY NO. 20:** For its tax year ending July of 2022, the total net income from operations was $172,771 as shown on its form 990.

**INTEROGATORY NO. 21:** LIST and DESCRIBE compensation paid to employees, contractors, volunteers and associates in connection with the 2022 Events.

**RESPONSE TO INTERROGATORY NO. 21:** Objection the request seeks information protected by third parties rights of privacy. Without waiving said objection responding party states: Rowell Ranch Rodeo Inc. has no employees. The volunteers receive no compensation. There is prize money paid to participants based upon their placing in the individual rodeo events.

**INTEROGATORY NO. 22:** DESCRIBE the telephone conversation between DOE DEFENDANT 1 law enforcement on May 20, 2022, as referenced in paragraph 98 of the Complaint, including the number dialed, the agency contacted and all details of the call.

**RESPONSE TO INTERROGATORY NO. 22:** Responding party does not understand that DOE 1, (Gary Houts) called the Alameda County Sheriff as alleged. Instead he called Brian Morrison (Site Boss).

**INTEROGATORY NO. 23:** IDENTIFY the name of the person whom DOE DEFENDANT 1 spoke during the telephone call referenced in paragraph 41 of the Complaint and Interrogatory No. 8 above.

**RESPONSE TO INTERROGATORY NO. 23:** Brian Morrison, who may be reached through Responding party's counsel.

**INTEROGATORY NO. 24:** Describe any complaints, whether informal or formal, YOU have received alleging DOE DEFENDANT 1's interference with a DEMONSTRATOR'S FIRST AMENDMENT RIGHTS. This interrogatory is limited in time only with respect to DOE DEFENDANT 1's agency relationship with YOU.

**RESPONSE TO INTERROGATORY NO. 24:** Prior to service of the pending action no complaints were ever received.

**INTEROGATORY NO. 25:** Describe any complaints, whether informal or formal, YOU have received alleging DOE DEFENDANT 2's interference with a DEMONSTRATOR'S

FIRST AMENDMENT RIGHTS. This interrogatory is limited in time only with respect to DOE DEFENDANT 2's agency relationship with YOU.

**RESPONSE TO INTERROGATORY NO. 25:** Prior to service of the pending action no complaints were ever received.

**INTEROGATORY NO. 26:** Describe any action YOU have taken regarding DOE DEFENDANT 1's interference with a DEMONSTRATOR'S FIRST AMENDMENT RIGHTS.

**RESPONSE TO INTERROGATORY NO. 26:** Objection this interrogatory exceeds the allowable number of interrogatories under the provisions of Federal Rule of Civil Procedure Rule 34. Without waiving said objection responding party states: In 2023, after receipt of the instant lawsuit, Responding party made sure that prior to the 2023 rodeo event, that the EAP was reviewed with the volunteers and that the policies and procedures stated in the EAP were covered. Daily meetings during the 2023 event were done to review the EAP and any issues that may have arisen during the prior day of the event.

**INTEROGATORY NO. 27:** Describe any action YOU have taken regarding DOE DEFENDANT 2's interference with a DEMONSTRATOR'S FIRST AMENDMENT RIGHTS.

**RESPONSE TO INTERROGATORY NO. 27:** Objection this interrogatory exceeds the allowable number of interrogatories under the provisions of Federal Rule of Civil Procedure Rule 34. Without waiving said objection responding party states: In 2023, after receipt of the instant lawsuit, Responding party made sure that prior to the 2023 rodeo event, that the EAP was reviewed with the volunteers and that the policies and procedures stated in the EAP were covered. Daily meetings during the 2023 event were done to review the EAP and any issues that may have arisen during the prior day of the event.

Date: August ~~15~~ 20, 2023

LAW OFFICE OF WILLIAM F. BURNS

William F. Burns, Esq. Attorney for Rowell Ranch Rodeo Inc.

**VERIFICATION**

I, Russell Fields, am the Chief Executive Office for Rowell Ranch Rodeo, Inc. I have read the foregoing response to Plaintiff Deniz BolBol's First Set of Interrogatories and know the contents to be true and correct, except where stated on information and belief and as to those matters I believe them to be true. Pursuant to the laws of the United States I declare under penalty of perjury that the foregoing is true and correct. Executed this 17 day of August 2023, at Castro Valley, California.

Russell Fields

**CERTIFICAT OF SERVICE**

I, William F. Burns. declare:

I am employed in Alameda County, State of California, am over the age of eighteen years, and not a party to the within action. My business address is 699 Peters Ave, Suite B Pleasanton, California 94566. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On 8/2023 I served the within:

DEFENDANT ROWELL RANCH RODEO'S RESPONSE TO INSPECTION DEMAN SET ONE OF BOLBOL

DEFENDANT ROWELL RANCH'S RESPONSE TO FIRST SET OF INTERROGATORIES OF BOLBOL

to the parties in this action by placing a true copy thereof in a sealed envelope, and each envelope addressed as follows:

JOSEPH P. CUVIELLO
205 DeAnza Blvd No. 125
San Mateo, CA 94402

Plaintiff/Pro Se

Via Email pcuvie@gmail.com

JESSICA BLOME, ESQ.
GREENFIRE LAW PC
2748 ADELINE ST. STE. A
BERKELEY, CA 94703

Attorney for D. BolBol

Via Email jblome@greenfirelaw.com

DALE ALLEN, Esq.
Allen, Glaessner, et al.,
180 Montgomery Street, Ste 1200
San Francisco, CA 94104

Attorney for HARD/Kevin Hart

Via Email Dallen@aghlaw.com

MARC BRAINICH
FENNEMORE, WENDEL PC
1111 Broadway, 24th floor
Oakland, CA 94607

Attorney Alameda County

Via Email mbrainich@fennemorelaw.com

[ ] I caused each such envelope to be served by depositing same, with postage thereon fully prepaid, in the United States Postal Service at Pleasanton, California

[xxx ] (via email) I caused the document to be service via facsimile to each party as follows as indicated above.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 8/20/23, at Pleasanton, California.

WILLIAM F. BURNS

# EXHIBIT C

Jessica L. Blome (State Bar No. 314898)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 DeAnza Blvd. #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff In Pro Se*

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,

PLAINTIFFS.

v.

ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; COUNTY OF ALAMEDA; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,

DEFENDANTS.

Hon. Vince Chhabria
Case No. 3:23-cv-01652-VC

**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COUNTY OF ALAMEDA, SET ONE**

Pursuant to Federal Rules of Civil Procedure 26(b) and 34, and Northern District of California Local Rule 34, Plaintiffs hereby submit the following Request for Production of Documents to Defendant County of Alameda. Plaintiffs request that Defendant County of Alameda serve its responses, in writing and under oath, to Plaintiff Joseph P. Cuviello and the undersigned counsel for Plaintiff Deniz Bolbol, Jessica Blome, via electronic mail at jblome@greenfirelaw.com or to the law offices of Greenfire Law, PC, located at 2748 Adeline Street, Suite A, Berkeley, California 94703, within thirty (30) days of service of these Requests for Production of Documents.

For the purpose of these Requests for Production of Documents only, Plaintiffs provide the following instructions and definitions:

**INSTRUCTIONS**

1. You must provide answers to each request for production separately and fully in writing and under oath, unless you object to such request, in which case you must state the reason for the objection in place of the answer. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part to which the objection applies and you must permit inspection of the remainder.

2. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request. You may state that you will produce copies of documents or electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

3. You must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.

4. If any document is responsive to a request for production and was, but is no longer, in your possession or custody or subject to your control, state what disposition was made

of it, by whom, and the date or dates, or approximate date or dates, on which such disposition was made, and why.

5. If any request asks for documents that are no longer in existence, identify each such request and, with respect thereto:

(a) Identify all such responsive documents;

(b) State the time period during which such documents were maintained;

(c) State the circumstances under which such documents ceased to exist;

(d) State the date when such documents ceased to exist;

(e) Identify all persons having knowledge of the circumstances under which such documents ceased to exist; and

(f) Identify all persons who have or had knowledge of the documents and the contents thereof.

6. If any documents called for in response to any of these requests were furnished in response to previous requests in this action, they need not be furnished again. Indicate, however, what the documents are and pursuant to which request they were produced.

7. For each document withheld under a claim of privilege, state:

(a) The name and title of the author(s);
(b) The name and title of the person(s) to whom a copy of the document was sent or to whom the document or a copy, or any part thereof, was shown;
(c) Its date;
(d) The name and title of the person(s) to whom the document was addressed;
(e) The number of pages;
(f) A brief description of the subject matter;
(g) The nature of the privilege claimed;
(h) The facts which support such claim of privilege; and
(i) The paragraph(s) to which the document is otherwise responsive.

8. This Request for Production is continuing in nature and if further or different information is made available to you, such information is to be made available for inspection and copying at the office of the undersigned attorneys during usual business hours within a reasonable time, not to exceed thirty (30) days, after the information is discovered.

**DEFINITIONS**

1. “2022 events” means the rodeo events that took place at Rowell Ranch Rodeo Park, hosted by Rowell Ranch Rodeo, Inc. on May 20, 2022 and May 21, 2022.

2. “Communicate” and “communication” mean any disclosure, transfer, or exchange of information, by any means or matter, including, but not limited to, letters, e-mails, memoranda, minutes, writings, correspondence, comments, blogs, or other communication(s) provided via the Internet or on websites; facsimile transmission, telephone conversations, oral conversations, electronic (e-mail) or computer messages, text messaging, or other electronic transmission including mobile apps.

3. “Complaint” means the Second Amended Complaint, filed in the court as Docket Entry No. 52, Exhibit A, on June 7, 2023.

4. “Contractor” means any individual or entity other than your employee that you engage or contract with that appears or assists at Alameda County events, including but not limited to the rodeo events at Rowell Ranch Rodeo Park.

5. “Demonstrator” or “Demonstrators” means any person or people who appeared or appears at events attended by Alameda County, or representatives of Alameda County, including but not limited to the rodeo events, to express disagreement with the practice of rodeos, including, but not limited to, any person who distributes any written materials and/or holds signs and/or banners expressing such disagreement.

6. “Deputy Mayfield” means Defendant Alameda County Deputy Sheriff Joshua Mayfield, as identified in the Complaint.

7. “Document(s)” shall be interpreted in the broadest sense permitted under the Federal Rules of Civil Procedure and the Rules of this Court, and includes tangible things and any media upon which information is recorded, stored, or placed, including, without limitation, the original and any non-identical copy (whether different from the original by reason of notations or otherwise) of any printed, typewritten, or otherwise recorded matter, of whatever character, including, without limitation, letters, correspondence, memoranda, notes, email, catalogs, diaries, reports, calendars, intra-office communications, statements, announcements, photographs, tape recordings, video-taped recordings, or any other writings or tangible objects, whether produced or reproduced mechanically, electronically, electrically, photographically, or chemically. This definition includes all information stored on computer hard drives, CDs,

computer networks, or other types of computer storage. “Document” also means identical copies of unavailable original documents and of unavailable non-identical copies, as well as any “writing” or “recording” as defined in the Federal Rules of Evidence Code, Rule 1001.

8. “Free Speech Area” means the area at Rowell Ranch Rodeo Park that is designated to confine demonstrators, as referenced in the Complaint.

9. “First Amendment Rights” means the rights provided to individuals under the First Amendment of the United States and Article 1 of the California Constitution.

10. “HARD” means the Hayward Area Recreation and Park District and any of its agents, representatives, employees, assigns, or other persons employed by or acting on its behalf.

11. “Ranger Hart” means Hayward Area Recreation and Park District Public Safety Manager/Ranger Kevin Hart.

12. “Person” means a natural person, partnership, corporation, pension fund, trust, unincorporated association, group, governmental agency or agent, and any other organization or entity.

13. “Sheriff’s Office” means the Alameda County Sheriff’s Office and any of its agents, representatives, employees, assigns or other persons employed by or acting on its behalf.

14. “You” and “your” mean the entity known as Alameda County, as well as any agent, representative, employee, or other person employed by or acting on your behalf.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1.**         Produce all documents used or viewed in the preparation of your responses to Plaintiffs' Interrogatories, Set One.

**Request for Production No. 2.**         Produce all documents related to any training YOU or your employees, representatives, contractors, volunteers, or other persons engaged, employed, or associated with you received on FIRST AMEDMENT RIGHTS within the two years preceding the 2022 events, including the dates on which those trainings occurred and dates on which any materials were distributed.

**Request for Production No. 3.**         Produce all documents related to any complaints, received before or after the 2022 events, about any of your employees who were present at the 2022 events, including any disciplinary action taken with respect to said employees, whether such action was taken in response to a complaint.

**Request for Production No. 4.**         Produce all documents related to any correspondence or discussion(s) YOU had with HARD or HARD representatives during the one-year period preceding the 2022 Events related to FIRST AMENDMENT RIGHTS, the Free Speech Area, and/or demonstrators.

**Request for Production No. 5.**         Produce all documents related to any correspondence or discussion(s) YOU had with Rowell Ranch Rodeo, Inc. representatives during the one-year period preceding the 2022 Events about FIRST AMENDMENT RIGHTS, the Free Speech Area, and demonstrators.

**Request for Production No. 6.**      Produce any documents relating to communications about or concerning Plaintiffs between YOU and HARD  during the 2022 Events, including, but not limited to, the content of the telephone call(s) made to the Sheriff's Office on May 20, 2022, regarding Plaintiffs, as referenced in paragraph 41 of the Complaint.

**Request for Production No. 7.**      Produce all documents, including, but not limited to, any correspondence, related to any policies, rules, agreements, and/or instructions regarding FIRST AMENDMENT RIGHTS, the Free Speech Area, and/or demonstrators.

**Request for Production No. 8.**      Produce any documents relating to communications about or concerning Plaintiffs between YOU and Rowell Ranch Rodeo, Inc. representatives during the 2022 Events.

**Request for Production No. 9.**      Produce any documents related to DEMONSTRATORS at Rowell Ranch Rodeo, Inc. events for the years 2018 through 2023.

**Request for Production No. 10.**      Produce all documents, including but not limited to body cam videos taken at the Rowell Ranch Rodeo Park during the 2022 Events, including but not limited to videos taken by YOU and Alameda County Sheriff's Department Deputy Sheriff Matthew Lazuk, Alameda County Sheriff's Department Deputy Sheriff Christian Campbell, and Alameda County Sheriff's Department Deputy Sheriff Sowmya Ramadas as identified in your Federal Rule of Civil Procedure 26(a)(2) Initial Disclosures.

**Request for Production No. 11.** Produce all documents that relate to animal rights demonstrations or Free Speech at the Rowell Ranch Rodeo in possession of Alameda County or considered by the Alameda County Board of Supervisors, including Board meeting agenda and minutes.

**Request for Production No. 12.** Produce all documents, including but not limited to video recordings, regarding demonstrators at Rowell Ranch Rodeo Park during the 2022 Events.

Dated: August 22, 2023

By: Jessica L. Blome
Jessica L. Blome
Attorney for Plaintiff Deniz Bolbol

**VERIFICATION**

I, ____________, declare:

I am _____________________. I am authorized to make this verification on behalf of County of Alameda.

I have read County of Alameda's Responses to Plaintiffs' Requests for Production of Documents to County of Alameda, Set One and know the contents thereof. I am informed and believe that the responses to the interrogatories are true based on information assembled by County of Alameda employees and/or representatives. County of Alameda and I reserve the right to make any changes should it appear that any omission or errors have been made.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated this ________day of _________, 2023, at ______________, California.

________________________

By: _____________________

# PROOF OF SERVICE

I am employed in the County of Alameda. My business address is 2748 Adeline Street, Suite A, Berkeley California 94703. I am over the age of 18 years and not a party to the above-entitled action.

- **Plaintiff Deniz Bolbol's Requests for Production of Documents to Defendant County of Alameda., Set One**

On August 22, 2023, I served the foregoing document(s) on the parties in this action, located on the attached service list as designated below:

| | | |
|---|---|---|
| ( ) | By First Class Mail, where indicated: | Deposited the above documents in a sealed envelope with the United States Postal Service, with the postage fully paid. |
| ( ) | By Personal Service: | I personally delivered each in a sealed envelope to the office of the address on the date last written below. |
| ( ) | By Overnight Mail: | I caused each to be placed in a sealed envelope and placed the same in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for. |
| (X) | By Electronic Transmission: | Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 22, 2023, in Berkeley, California.

Donna Wallace
______________________________
Donna Wallace

**SERVICE LIST**

| | |
|---|---|
| Joseph P. Cuviello<br>205 De Anza Blvd., #125<br>San Mateo, CA 94402<br>(650) 315-3776<br>Email: pcuvie@gmail.com<br><br>*Pro Se Plaintiff* | William F. Burns<br>Law Offices of William F. Burns<br>699 Peters Avenue, Suite B<br>Pleasanton, CA 94566<br>(925) 461-4972<br>Email: wfburns@earthlink.net<br><br>*Atty. for Defendant Rowell Ranch Rodeo, Inc.* |
| Dale L. Allen, Jr<br>Allen, Glaessner, Hazelwood & Werth LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>(415) 697-2000<br>Email: dallen@aghwlaw.com<br>Email: erodas@aghwlaw.com<br>Email: mhernandez@aghwlaw.com<br><br>*Atty. for Defendants Hayward Area Recreation and Park District and Kevin Hart, Hayward Area Recreation and Park Public Safety Manager/Ranger* | William Blake Rowell<br>Marc Brainich<br>Michele C. Kirrane<br>Thiele R. Dunaway<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94067<br>(510) 834-6600<br>Email: browell@fennemorelaw.com<br>Email: mbrainich@fennemorelaw.com<br>Email: mkirrane@fennemorelaw.com<br>Email: rdunaway@fennemorelaw.com<br>Email: lmason@fennemorelaw.com<br><br>*Attys. for Defendants County of Alameda, Alameda County Sheriff's Office and Alameda County Deputy Sheriff Joshua Mayfield* |

# EXHIBIT D

William B. Rowell, Bar No. 178587
Thiele R. Dunaway, Bar No. 130953
Marc Brainich, Bar No. 191034
Michele C. Kirrane, Bar No. 215448
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, CA 94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
browell@fennemorelaw.com
rdunaway@fennemorelaw.com
mbrainich@fennemorelaw.com
mkirrane@fennemorelaw.com

Attorneys for Defendants
County of Alameda and Alameda County Deputy Sheriff Joshua Mayfield

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,

Plaintiffs,

v.

ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; ALAMEDA COUNTY SHERIFF'S OFFICE; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,

Defendants.

Case No. 3:23-cv-01652-VC

**DEFENDANT COUNTY OF ALAMEDA'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
30329376.1/059499.0021

3:23-CV-01652-VC

PROPOUNDING PARTY: PLAINTIFFS JOSEPH P. CUVIELLO and DENIZ BOLBOL

RESPONDING PARTY: DEFENDANT COUNTY OF ALAMEDA

SET NO.: ONE

Defendant COUNTY OF ALAMEDA ("Responding Party") hereby makes the following responses to Plaintiffs JOSEPH P. CUVIELLO and DENIZ BOLBOL ("Plaintiffs") Request for Production of Documents, Set One.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents used or viewed in the preparation of your responses to Plaintiffs' Interrogatories, Set One.

**RESPONSE TO REQUEST NO. 1:**

Responding Party objects that this request is overbroad and unduly burdensome, and is vague and ambiguous as to the terms "used" and "viewed." Responding Party objects to this request to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents related to any training YOU or your employees, representatives, contractors, volunteers, or other persons engaged, employed, or associated with you received on FIRST AMENDMENT RIGHTS within the two years preceding the 2022 events, including the dates on which those trainings occurred and dates on which any materials were distributed.

**RESPONSE TO REQUEST NO. 2:**

Responding Party objects that the term "associated" is vague and ambiguous. Responding Party objects that this request fails to describe the requested documents with reasonable particularity as required by Rule 34(b)(1)(A). Responding Party objects that this request is overbroad and unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents and is outside the scope of discovery permitted by Rule 26(b)(1) to the extent it is not limited to the Alameda County

- 2 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

3:23-CV-01652-VC

30329376.1/059499.0021

Sheriff's Office and includes anyone "associated" with the Sheriff's Office. Pursuant to an agreement with plaintiffs' counsel, Responding Party accordingly limits its response to Alameda County Sheriff's Office. Responding Party objects to this request to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

The Alameda County Sheriff's Office provides its recruits with training and instruction in First Amendment issues as part of their Academy program. Training in First Amendment issues is also provided to deputies and sergeants during their one day annual training in October of each year, and members of the Crowd Management Team also receive training that may at times address free speech issues.

Responding Party identifies and produces documents responsive to this request from the Academy program, Bates-stamped AlamedaCounty_Bolbol_000001-AlamedaCounty_Bolbol_000277. These documents can be obtained using the link below:

https://fclaw.box.com/s/fc8yu1szqs6aedfmw2x62kt894u3tfzv

Responding Party is still in the process of performing a diligent and reasonable search and upon completion, it will produce all non-privileged training documents it has located responsive to this request. Some or all of these materials, however, may be proprietary and need to be subject to an appropriate stipulation and protective order.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents related to any complaints, received before or after the 2022 events, about any of your employees who were present at the 2022 events, including any disciplinary action taken with respect to said employees, whether such action was taken in response to a complaint.

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects that this request fails to describe the requested documents with reasonable particularity as required by Rule 34(b)(1)(A). Responding Party objects that this request is overbroad, including as to time, and outside the scope of discovery permitted by Rule

- 3 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE 3:23-CV-01652-VC
30329376.1/059499.0021

26(b)(1) to the extent it is not limited to complaints alleging interference with a demonstrator's First Amendment rights or to defendant Dep. Joshua Mayfield. Responding Party objects that this request violates California Penal Code Section 832.5, Penal Code Section 832.7, Evidence Code Section 1043, and Gov. Code Section 7927.700. Party objects to this request to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents related to any correspondence or discussion(s) YOU had with HARD or HARD representatives during the one-year period preceding the 2022 Events related to FIRST AMENDMENT RIGHTS, the Free Speech Area, and/or demonstrators.

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects that this request fails to describe the requested documents with reasonable particularity as required by Rule 34(b)(1)(A). Responding Party objects to this request to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

After a diligent and reasonable search, Responding Party has not been able to locate any documents regarding communications with HARD about First Amendment rights, the Free Speech Area, and/or the demonstrators within the time period specified.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents related to any correspondence or discussion(s) YOU had with Rowell Ranch Rodeo, Inc. representatives during the one-year period preceding the 2022 Events about FIRST AMENDMENT RIGHTS, the Free Speech Area, and demonstrators.

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this request to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

- 4 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

3:23-CV-01652-VC

30329376.1/059499.0021

After a diligent and reasonable search, Responding Party has not been able to locate any documents regarding communications with Rowell Ranch Rodeo, Inc. about First Amendment rights, the Free Speech Area, and/or the demonstrators within the time period specified.

**REQUEST FOR PRODUCTION NO. 6:**

Produce any documents relating to communications about or concerning Plaintiffs between YOU and HARD during the 2022 Events, including, but not limited to, the content of the telephone call(s) made to the Sheriff's Office on May 20, 2022, regarding Plaintiffs, as referenced in paragraph 41 of the Complaint.

**RESPONSE TO REQUEST NO. 6:**

Responding Party objects to this request to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

Other than the bodycam videos and cell phone videos previously produced in this case, after a diligent and reasonable search, Responding Party has not been able to locate any nonprivileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents, including, but not limited to, any correspondence, related to any policies, rules, agreements, and/or instructions regarding FIRST AMENDMENT RIGHTS, the Free Speech Area, and/or demonstrators.

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects that this request fails to describe the requested documents with reasonable particularity as required by Rule 34(b)(1)(A). Responding Party objects that this request is overbroad and unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents and is outside the scope of discovery permitted by Rule 26(b)(1) to the extent it is not limited to the Alameda County Sheriff's Office and the Rowell Ranch Rodeo and is unlimited as to time. Responding Party accordingly limits its response to Alameda County Sheriff's Office, to demonstrations at the

Rowell Ranch Rodeo, and from 2018 to the present. Responding Party objects to this request to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

Responding Party is still in the process of performing a diligent and reasonable search and upon completion, it will produce all non-privileged training documents it has located responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

Produce any documents relating to communications about or concerning Plaintiffs between YOU and Rowell Ranch Rodeo, Inc. representatives during the 2022 Events.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this request to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

With the exception of the bodycam videos and cell phone videos previously produced in this case, after a diligent and reasonable search, Responding Party has not been able to locate any nonprivileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

Produce any documents related to DEMONSTRATORS at Rowell Ranch Rodeo, Inc. events for the years 2018 through 2023.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects that this request fails to describe the requested documents with reasonable particularity as required by Rule 34(b)(1)(A). Responding Party objects that this request is overbroad in scope and as to time, and is unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents and is overbroad as to time. Responding Party accordingly limits its response to Alameda County Sheriff’s Office. Responding Party objects to the extent that this request violates

- 6 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA’S RESPONSE TO PLAINTIFFS’ REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

3:23-CV-01652-VC

30329376.1/059499.0021

the privacy rights of third parties. Responding Party objects to this request to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine.

Responding Party is still in the process of performing a diligent and reasonable search and upon completion, it will produce all non-privileged training documents it has located responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents, including but not limited to body cam videos taken at the Rowell Ranch Rodeo Park during the 2022 Events, including but not limited to videos taken by YOU and Alameda County Sheriff's Department Deputy Sheriff Matthew Laszuk, Alameda County Sheriff's Department Deputy Sheriff Christian Campbell, and Alameda County Sheriff's Department Deputy Sheriff Sowmya Ramadas as identified in your Federal Rule of Civil Procedure 26(a)(2) Initial Disclosures.

**RESPONSE TO REQUEST NO. 10:**

Responding Party objects that this request is vague and ambiguous as the term "All documents" is not further modified other than "including but not limited to…." Responding Party interprets this request to call for all documents, including body cam videos, identified in its Initial Disclosures. Responding Party objects to this request to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

Responding Party previously produced all bodycam videos taken by Alameda County Sheriff's Office deputies at the 2022 Rowell Ranch Rodeo.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents that relate to animal rights demonstrations or Free Speech at the Rowell Ranch Rodeo in possession of Alameda County or considered by the Alameda County Board of Supervisors, including Board meeting agenda and minutes.

/ / /

/ / /

- 7 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

3:23-CV-01652-VC

30329376.1/059499.0021

**RESPONSE TO REQUEST NO. 11:**

Responding Party objects that this request fails to describe the requested documents with reasonable particularity as required by Rule 34(b)(1)(A). Responding Party objects that this request is overbroad in scope and as to time, and unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents, is overbroad and unduly burdensome as to time and scope, and outside the scope of discovery permitted by Rule 26(b)(1) to the extent it is not limited to the Alameda County Sheriff's Office and to the extent it goes beyond the demonstrations on May 20, 2022. Responding Party accordingly limits its response to Alameda County Sheriff's Office and the Board of Supervisors, to the Board of Supervisors open meetings and related agendas and minutes, and from 2018 to the present. Responding Party objects to this request to the extent it calls for information or documents protected by the deliberative process privilege, the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

Responding Party is still in the process of performing a diligent and reasonable search and upon completion, it will update its Response to the extent it locates non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents, including but not limited to video recordings, regarding demonstrators at Rowell Ranch Rodeo Park during the 2022 Events.

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects that this request fails to describe the requested documents with reasonable particularity as required by Rule 34(b)(1)(A). Responding Party objects that this request is overbroad and unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents. Responding Party objects that this request is duplicative of the foregoing requests. Responding Party objects to the extent that this request violates the privacy rights of third parties. Pursuant to an agreement with

- 8 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S
RESPONSE TO PLAINTIFFS' REQUEST FOR
PRODUCTION OF DOCUMENTS, SET ONE
30329376.1/059499.0021

3:23-CV-01652-VC

plaintiffs' counsel, Responding Party accordingly limits its response to Alameda County Sheriff's Office. Responding Party objects to this request to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine.

Other than plaintiffs' complaints against the County of Alameda regarding the demonstration at the 2022 Rowell Ranch Rodeo and the bodycam videos and cell phone videos previously produced in this case, after a diligent and reasonable search, Responding Party has not been able to locate any nonprivileged documents responsive to this request.

Dated: October 27, 2023

FENNEMORE WENDEL

By: ______________________

William B. Rowell
Thiele R. Dunaway
Marc Brainich
Michele C. Kirrane
Attorneys for Defendants
County of Alameda and Alameda County Deputy Sheriff Joshua Mayfield

- 9 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

3:23-CV-01652-VC

30329376.1/059499.0021

**VERIFICATION TO FOLLOW**

**CERTIFICATE OF SERVICE**

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

I am a citizen of the United States and employed in County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1111 Broadway, 24th Floor, Oakland, California 94607.

On October 27, 2023, I served true copies of the following document(s) described as **DEFENDANT COUNTY OF ALAMEDA'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** on the interested parties in this action as follows:

***Please see attached Service List.***

**BY EMAIL OR ELECTRONIC TRANSMISSION**: By causing the document(s) listed above to be sent to the person at the e-mail addresses listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 27, 2023, at Oakland, California.

Lena S. Mason

- 11 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
3:23-CV-01652-VC
30329376.1/059499.0021

**SERVICE LIST**

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

Jessica L. Blome
Lily A. Rivo
Greenfire Law, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Phone: (510) 900-9502
Email; jblome@greenfirelaw.com
lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

Joseph P. Cuviello
205 DeAnza Boulevard, #125
San Mateo, CA 94402
Phone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff Pro Per*

Dale L. Allen, Jr.
Nicholas D. Syren
Allen, Glaessner, Hazelwood & Werth, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Phone: (415) 697-2000
Fax: (415) 813-2045
Email: dallen@aghwlaw.com
nsyren@aghwlaw.com
erodas@aghwlaw.com
mhernandez@aghwlaw.com

*Attorneys for Defendants Hayward Area Recreation and Park District, and Kevin Hart*

Paul Caleo
Osmaan Khan
Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607
Phone: (510) 463-8600
Fax: (510) 984-1721
Email: pcaleo@grsm.com
oakhan@grsm.com
khernandez@grsm.com

*Attorneys for Defendant Rowell Ranch Rodeo, Inc.*

# EXHIBIT E



GREENFIRE
LAW, PC

JESSICA L. BLOME
2748 Adeline Street, Suite A
Berkeley, CA 94703
Phone: (510) 900-9502
Email: jblome@greenfirelaw.com
www.greenfirelaw.com

November 21, 2023

William B. Rowell
Thiele R. Dunaway
Marc Brainich
Michele C. Kirrane
Fennemore Wendel
1111 Broadway, 24th Floor
Oakland, CA 94607
Email: browell@fennemorelaw.com
rdunaway@fennemorelaw.com
mrbainich@feenemorelaw.com
mkirrane@fennemorelaw.com

**RE: Discovery Meet and Confer**
*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*

Dear Marc:

I write to meet and confer regarding the County's responses to Plaintiff's Interrogatories and Requests for Production, dated October 27, 2023. Specifically, Plaintiff seeks information concerning communications made by Rowell Ranch Rodeo Inc. (Rodeo) to the Alameda County Sheriff's Office, as well as communications between the Sheriff's Office and Hayward Area Recreation Department (HARD) regarding the dispatch of deputies to the rodeo on May 20, 2022. Respectfully, I request that the County check their records and supplement their responses, providing correct and accurate information responsive to Plaintiff's requests.

In response to Interrogatory No. 7 requesting a description of all communications between the County and both the Rodeo and HARD, the County generally states that Deputies spoke with HARD employees and Rodeo volunteers. The County indicates that Deputies Mayfield, Campbell, Ramadas, and Laszuk "were present at Rowell Ranch Rodeo on May 20, 2022." This is an incomplete answer and fails to supply the requested information. Plaintiff's evidence establishes that these deputies were not just "present" at the Rodeo, they were dispatched to the rodeo based on a call to the Sheriff's Office. Interrogatory No. 7 requests information describing all communications with the Sheriff's Office, which encompasses any representatives who were present on behalf of the Sheriff.

In Response to Interrogatory No. 8 the County has not yet identified the County agent that participated in the conversation requesting the Sheriff's presence at the Rodeo or dispatching

the Sheriff to the rodeo. Please supplement the County's response with this requested information.

In response to Interrogatory No. 9, the County states that it does not believe Doe Defendant 1 (Gary Houts) spoke with anyone at the Sheriff's Office. The County maintains this position in responding to Interrogatories No. 10, 11, and 12. Specifically, responding to Interrogatories Nos. 9 and 11, the County states, "the only telephone conversation the Alameda County Sheriff's Office is aware of involving its Deputies before or after their arrival is the conversation by phone between Deputy Mayfield and Sergeant Gomez."

However, on May 20, 2022, Plaintiff Cuviello took video of Doe Defendant 1 making a phone call requesting a police response to remove the Plaintiffs from the rodeo parking lot. (Exhibit D to Plaintiff Cuviello's declaration in support of Plaintiffs' request for temporary injunctive relief. (ECF 28-4)). The relevant section begins in Exhibit D, Part 2 at timestamp 2:30.

Interrogatories Nos. 9-12 request information related to any calls received by the Sheriff's Office made by anyone, including the Rodeo or HARD, regarding Plaintiffs' demonstration and/or requesting the Sheriff's presence. Although, Plaintiff specifically mentioned Doe Defendant 1 as the person she believed called the Sheriff's Office, whether he made the call is irrelevant to these interrogatory requests. Plaintiff requests descriptions and identities regarding the call to the dispatcher on May 20, 2022.

As such, the County's answers to Interrogatories Nos. 9-12 are incomplete. I request that the County revisit their information concerning calls the Alameda County Sheriff's Office or its dispatch service received on May 20, 2022, regarding the Rodeo and supplement their response to Plaintiff's Interrogatories 7-12.

Additionally, the County's current responses to Plaintiff's Request for Production, Numbers 6 and 8, are insufficient. Expressly, Plaintiffs seek the "content of the telephone call(s)" as referenced in paragraph 41 of the Complaint, as well as documents relating to communications about Plaintiffs between the Alameda County Sheriff's Office and the Rodeo. The bodycam videos and cell phone videos produced by the County do not adequately respond to Plaintiffs requests. Responsive documents will address these communications, including  phone call(s) made to the Alameda County Sheriff's Office regarding demonstrations at the Rodeo on May 20, 2022. This includes dispatch call logs, and dispatch records which describe how and why deputies were dispatched to the rodeo. I request that the County check their documents once again.

Additionally, I request that the County provide further information in response to Interrogatory No. 19. Specifically, Plaintiff seeks information concerning the *reason* why Deputy Mayfield changed his position from allowing Plaintiffs to demonstrate the Free Speech Area to telling Plaintiffs they could be arrested for demonstrating outside the Free Speech Area. The County's response merely narrates a sequence of events which is insufficient. Something or someone convinced Deputy Mayfield to re-approach Plaintiffs.

Thank you for your attention, and I look forward to hearing from you soon.

Sincerely,

Jessica L. Blome
Greenfire Law, PC

C: Deniz Bolbol, Joseph P. Cuviello



**From:** **Jessica Blome** jblome@greenfirelaw.com
**Subject:** Follow up on our meet and confer
**Date:** December 14, 2023 at 12:46 PM
**To:** Brainich, Marc mbrainich@fennemorelaw.com
**Cc:** Pat Cuviello pcuvie@gmail.com, Lily Rivo lrivo@greenfirelaw.com
**Bcc:** Deniz Bolbol deniz_b@yahoo.com

Marc,

Per our meet and conference call earlier today, I want to follow up in writing to reiterate that my client's document requests (RFP Nos. 1 and 8) include requests for dispatch and/or call logs related to the events at Rowell Ranch on 5/20, including to dispatch, 911, or to individual officers. We originally requested these documents and information in our Production of Documents Request last August, followed up with a meet and confer letter on November 21, 2023, and again, reiterated our request today during our call. We understand from representations during that call that you have not consulted these phone logs or dispatch records but are instead relying on personal conversations with potential witnesses to inform your belief that no records exist. We did not request records that include certain evidence but rather the original documents themselves, so we can review them and draw our own conclusions about their import. You indicated you may need to make redactions to call logs to protect certain conditional information. Please ensure redactions are limited to identifying personal information (e.g. phone number, name, address).

In addition, the County's production of documents failed to include documents that indicate who made the determination and when the determination was made to have Sheriff deputies at the rodeo. You indicated this decision may have been made pursuant to an annual plan. Please produce records related to that annual plan, at a minimum, but we would also expect records related to the specific plan for the Rowell Ranch Rodeo. To date, these documents have not been produced and must also be produced.

Since you indicated during our call that you have been reviewing documents, including some of the above referenced documents, in response to our Interrogatory requests, (specifically Nos. 7-12), all of the documents you have reviewed need to be produced pursuant to RFP No. 1.

As you know, plaintiff has been asking for these documents for more than three months. The above-cited documents must be produced within five working days -- no later than Thursday, December 21, 2023. In the event these documents are not produced by next Thursday, we will begin work on a motion to compel for the court.

You also asked about settlement. I have conferred with my client, and we stand by our settlement offer which has yet to receive a substantive response. The offer apportioned penalties among the three parties, set out required injunctive relief, and included a demand for attorneys' fees and costs. The demand for attorneys' fees and costs has increased since the date of the settlement conference in October, so please keep this in mind when crafting a counter. If the County is interested in making an offer to settle its portion of the liability stemming from the events of the 2022 rodeo, we are willing to listen.

Jessica

**Jessica L. Blome**
**Greenfire Law, PC**
2748 Adeline, Ste. A
Berkeley, CA 94703
Office: (510) 900-9502 ext. 703
Direct: (641) 431-0478
jblome@greenfirelaw.com

PRIVILEGE AND CONFIDENTIALITY NOTICE
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorneyclient privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact me immediately and destroy the original transmission and its attachments without reading or saving in any manner.

# EXHIBIT F



**Marc Brainich**
**Of Counsel**
mbrainich@fennemorelaw.com

1111 Broadway, 24th Floor
Oakland, California 94607
PH (510) 622-7673 | FX (510) 834-1928
fennemorelaw.com

December 15, 2023

**VIA E-MAIL**

Jessica Blome
Greenfire Law, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Email: jblome@greenfirelaw.com

Re: *Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC - Northern District of California Case No. 3:23-cv-01652-VC

Dear Ms. Blome:

I write to follow up on our meet and confer telephone conference yesterday and your subsequent email regarding (and misstating) it. As promised, the Sheriff's Department is conducting a further investigation of their records to determine whether they have any record regarding a telephone call allegedly made by Mr. Houts to the Department during the Rodeo, as alleged in plaintiffs' complaint. I have passed on Mr. Houts' cell phone number you provided, which may assist in their search. The County will produce any responsive documents they are able to locate.

Your email misstates the call of Request for Production No. 8, which simply requests documents relating to communications between the County and Rowell Ranch about plaintiffs during the 2022 demonstrations. To date, we have found none, but as noted above, the Sheriff's Department is looking again to determine if anything can be located. If, however, the dispatch records or logs do not show any such communications, they are not responsive to any request by plaintiffs and will not be produced. I don't understand your comment that you "did not request records that include certain evidence but rather the original documents themselves, so we can review them and draw our own conclusions about their import." Again, that misstates what plaintiff's requests for production asked for; it also implies that I made some sort of exclusion of the documents based on my determination as to their relevance, which I have not done.

Further, I did not say or imply there is some sort of written "annual plan" regarding the Sheriff's Department's regular annual law enforcement presence at the Rodeo. I also did not say that there was a "specific plan for the Rowell Ranch Rodeo." I said that three to four days before the Rodeo, Dep. Mayfield was asked to put together a team to provide the usual law enforcement presence at the annual Rodeo, which he did. This was by way of explanation that the Sheriff Dept.'s

FENNEMORE. WENDEL

presence at the Rodeo was not in response to a communication made by Mr. Houts during the Rodeo itself. I don't understand how that remark gets blown up into some formal written plan. In any case, plaintiffs' Requests for Production do not request any such documents. Similarly, plaintiffs did not ask for documents "that indicate who made the determination and when the determination was made to have the Sheriff's deputies at the rodeo."

I did not say I had "been reviewing documents, including some of the above referenced documents, in response to" plaintiffs' interrogatories. Accordingly, there are no such documents to be produced pursuant to Interrogatory No. 1.

As I explained on the call, the County sees no reason to amend its response to Interrogatory No. 19. The interrogatory requests the County to describe "the reason why … Deputy Mayfield, after telling Plaintiffs they were fine demonstrating outside the "Free Speech Area," reapproached Plaintiffs … and told Plaintiffs that they could be arrested for demonstrating outside the "Free Speech Area." First, the interrogatory misstates what Dep. Mayfield said in several respects. Most importantly, at no time did he tell plaintiffs they could be "arrested for demonstrating outside the Free Speech Area." That is plaintiffs' incorrect interpretation of what he said, as is their belief that he "changed his mind" in this regard. The County's response clearly explains why he said what he did. The fact that plaintiffs do not like, or disagree with, this response does not make it an inadequate response in any way.

Sincerely,

FENNEMORE WENDEL

Marc Brainich

MB/lsm

cc: Joseph P. Cuviello (pcuvie@gmail.com)
Lily Rivo, Esq. (lrivo@greenfirelaw.com)

# EXHIBIT G



**Marc Brainich**
**Of Counsel**
mbrainich@fennemorelaw.com

1111 Broadway, 24th Floor
Oakland, California  94607
PH (510) 622-7673 | FX (510) 834-1928
fennemorelaw.com

December 20, 2023

**VIA EMAIL**

Jessica Blome
Greenfire Law, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Email: jblome@greenfirelaw.com

     Re: *Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
        USDC - Northern California Case No. 3:23-cv-01652-VC

Dear Ms. Blome:

   The County hereby produces, as responsive to plaintiffs' Requests for Production, a one page document, Bates-stamped 000278. My understanding is that the "CPU3" referred to in the document is Dep. Mayfield.

   The County will also produce an audio recording of the two telephone calls referenced in this document.

   The County will update its discovery responses to reflect these two communications and documents.

        Sincerely,

        FENNEMORE WENDEL

        Marc Brainich

MB/mb

cc:  All Counsel

# Event Register

**Agency ID/Name:** AC COUNTY OF ALAMEDA - SHERIFF'S OFFICE

**Event #:** E220507545 **Create:** 5/20/2022 5:51:24 PM **Priority:** 2
**Type:** 415 - DISTURBPEACE **Sub Type:** default -

**Location:** 9725 DUBLIN CANYON RD CAS : @ROWELL RANCH RODEO GROUNDS
**DGroup:** ETS **Beat:** E5 **Esz:** 1517 **Source:** ANI/ALI
**C/Name:** HOUSE,GARRETT--EMP
**C/Addr:** 9929 DUBLIN CANYON RD PLE **C/Phone:** (804) 704-1051

| Disposition | Description | Unit ID |
|---|---|---|
| CLR | CLEAR | CPU3 |

**Event Remarks:**

| | | |
|---|---|---|
| 05/20/2022 | 17:51:24 | 13cb20 W 513cb20 W -121.980375 37.6982270 |
| 05/20/2022 | 17:51:31 | PROTESTORS 1097 BLOCKING THE PLOT |
| 05/20/2022 | 17:51:34 | 2 SUBJS 1097 |
| 05/20/2022 | 17:51:56 | 1 WMA LSW PLE SHIRT 1 WFA LSW GRN SHIRT |
| 05/20/2022 | 17:52:02 | BOTH HOLDING SIGNS |
| 05/20/2022 | 17:52:05 | BLOCKING THE ENTRANCE |
| 05/20/2022 | 17:52:06 | NEG WEAPS |
| 05/20/2022 | 17:52:27 | RP SEZ THERE IS A RODEO GOING ON TONIGHT & RP NEEDS SUBJS MOVED |
| 05/20/2022 | 18:01:36 | CPU3 -- ALREADY TALKED TO THE SUBJ AND ADV SUBJ OF DESIGNATED |
| 05/20/2022 | 18:01:36 | AREA TO PROTEST |

**Unit ID:** CPU3 **DP:** 18:00:32 **EN:** **AR:** **AV:** 18:01:41
**Emps:** 206294/ 215077



**Marc Brainich**
**Of Counsel**
mbrainich@fennemorelaw.com

1111 Broadway, 24th Floor
Oakland, California 94607
PH (510) 622-7673 | FX (510) 834-1928
fennemorelaw.com

December 21, 2023

**VIA EMAIL**

Jessica Blome
Greenfire Law, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Email: jblome@greenfirelaw.com

Re: *Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC - Northern California Case No. 3:23-cv-01652-VC

Dear Ms. Blome:

The County of Alameda hereby produces, as responsive to plaintiffs' Requests for Production, an audio recording from the Sheriff's Office. The audio is accessible via the following link:

https://fclaw.box.com/s/xtxexz5kjdx0wa93zw4h5qyp2e7sdv9r

We have masked the recording from approximately 0.10 to 1:32, as this involves a call regarding a vehicle break-in. The first of two calls regarding the rodeo then follows. There is then silence from approximately 2:55 to 10:39. This silence is not an additional masking by us or the Sheriff's Office. Rather, it is a period in which no calls were made while the recording continued. The second and final call starts at approximately 10:40.

Sincerely,

FENNEMORE WENDEL

Marc Brainich

MB/mb

cc: All Counsel

# EXHIBIT H

Jessica L. Blome (State Bar No. 314898)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
         lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 DeAnza Blvd. #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff In Pro Se*

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>PLAINTIFFS.<br><br>v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; COUNTY OF ALAMEDA; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,<br><br>DEFENDANTS. | Hon. Vince Chhabria<br>Case No. 3:23-cv-01652-VC<br><br>**PLAINTIFF DENIZ BOLBOL'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ROWELL RANCH RODEO, INC. , SET TWO** |

Pursuant to Federal Rules of Civil Procedure 26(b) and 34, and Northern District of California Local Rule 34, Plaintiffs hereby submit the following Request for Production of Documents to Defendant Rowell Ranch Rodeo, Inc. (Rowell Rodeo). Plaintiffs request that Defendant Rowell Rodeo serve its responses, in writing and under oath, to Plaintiff Joseph P. Cuviello and the undersigned counsel for Plaintiff Deniz Bolbol, Jessica Blome, via electronic mail at jblome@greenfirelaw.com or to the law offices of Greenfire Law, PC, located at 2748 Adeline Street, Suite A, Berkeley, California 94703, within thirty (30) days of service of these Requests for Production of Documents.

For the purpose of these Requests for Production of Documents only, Plaintiffs provide the following instructions and definitions:

**INSTRUCTIONS**

1. You must provide answers to each request for production separately and fully in writing and under oath, unless you object to such request, in which case you must state the reason for the objection in place of the answer. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part to which the objection applies and you must permit inspection of the remainder.

2. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request. You may state that you will produce copies of documents or electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

3. You must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.

4. If any document is responsive to a request for production and was, but is no longer, in your possession or custody or subject to your control, state what disposition was made

of it, by whom, and the date or dates, or approximate date or dates, on which such disposition was made, and why.

5. If any request asks for documents that are no longer in existence, identify each such request and, with respect thereto:

(a) Identify all such responsive documents;

(b) State the time period during which such documents were maintained;

(c) State the circumstances under which such documents ceased to exist;

(d) State the date when such documents ceased to exist;

(e) Identify all persons having knowledge of the circumstances under which such documents ceased to exist; and

(f) Identify all persons who have or had knowledge of the documents and the contents thereof.

6. If any documents called for in response to any of these requests were furnished in response to previous requests in this action, they need not be furnished again. Indicate, however, what the documents are and pursuant to which request they were produced.

7. For each document withheld under a claim of privilege, state:

(a) The name and title of the author(s);
(b) The name and title of the person(s) to whom a copy of the document was sent or to whom the document or a copy, or any part thereof, was shown;
(c) Its date;
(d) The name and title of the person(s) to whom the document was addressed;
(e) The number of pages;
(f) A brief description of the subject matter;
(g) The nature of the privilege claimed;
(h) The facts which support such claim of privilege; and
(i) The paragraph(s) to which the document is otherwise responsive.

8. This Request for Production is continuing in nature and if further or different information is made available to you, such information is to be made available for inspection and copying at the office of the undersigned attorneys during usual business hours within a reasonable time, not to exceed thirty (30) days, after the information is discovered.

## DEFINITIONS

1. "2022 events" means the rodeo events that took place at Rowell Ranch Rodeo Park, hosted by you, on May 20, 2022 and May 21, 2022.

2. “Communicate” and “communication” mean any disclosure, transfer, or exchange of information, by any means or matter, including, but not limited to, letters, e-mails, memoranda, minutes, writings, correspondence, comments, blogs, or other communication(s) provided via the Internet or on websites; facsimile transmission, telephone conversations, oral conversations, electronic (e-mail) or computer messages, text messaging, or other electronic transmission including mobile apps.

3. “Complaint” means the Second Amended Complaint, filed in the court as Docket Entry No. 52, Exhibit A, on June 7, 2023.

4. “Contractor” means any individual or entity other than your employee that you engage or contract with to appear at rodeo events at Rowell Ranch Rodeo Park.

5. “Demonstrator” means any person who appeared or appears at your rodeo events to express disagreement with the practice of rodeos, including, but not limited to, any person who distributes any written materials and/or holds signs and/or banners expressing such disagreement.

6. “Deputy Mayfield” means Defendant Alameda County Deputy Sheriff Joshua Mayfield, as identified in the Complaint.

7. “Document(s)” shall be interpreted in the broadest sense permitted under the Federal Rules of Civil Procedure and the Rules of this Court, and includes tangible things and any media upon which information is recorded, stored, or placed, including, without limitation, the original and any non-identical copy (whether different from the original by reason of notations or otherwise) of any printed, typewritten, or otherwise recorded matter, of whatever character, including, without limitation, letters, correspondence, memoranda, notes, email, catalogs, diaries, reports, calendars, intra-office communications, statements, announcements, photographs, tape recordings, video-taped recordings, or any other writings or tangible objects, whether produced or reproduced mechanically, electronically, electrically, photographically, or chemically. This definition includes all information stored on computer hard drives, CDs, computer networks, or other types of computer storage. “Document” also means identical copies

of unavailable original documents and of unavailable non-identical copies, as well as any "writing" or "recording" as defined in the Federal Rules of Evidence Code, Rule 1001.

8. "DOE DEFENDANT 1" means the individual described as DOE DEFENDANT 1 in Plaintiffs' complaint and as depicted in Exhibit A to Plaintiff's Request for Production of Documents, Set One.

9. "DOE DEFENDANT 2" means the individual described as DOE DEFENDANT 2 in Plaintiffs' complaint and as depicted in Exhibit B to Plaintiff's Request for Production of Documents, Set One.

10. "Free Speech Area" means the area at Rowell Ranch Rodeo Park that is designated to confine demonstrators, as referenced in the Complaint.

1. "First Amendment Rights" means the rights provided to individuals under the First Amendment of the United States and Article 1 of the California Constitution.

11. "HARD" means the Hayward Area Recreation and Park District and any of its agents, representatives, employees, assigns, or other persons employed by or acting on its behalf.

12. "Ranger Hart" means Hayward Area Recreation and Park District Public Safety Manager/Ranger Kevin Hart.

13. "Person" means a natural person, partnership, corporation, pension fund, trust, unincorporated association, group, governmental agency or agent, and any other organization or entity.

14. "Sheriff's Office" means the Alameda County Sheriff's Office and any of its agents, representatives, employees, assigns or other persons employed by or acting on its behalf.

15. "You" and "your" mean the entity known as Rowell Ranch Rodeo, Inc., as well as any agent, representative, employee, or other person employed by or acting on your behalf.

**REQUESTS FOR PRODUCTION**

**Request for Production No. 14.** Produce all phone records for Doe Defendant 1, Gary Houts, from May 20, 2022 between 5:30 pm to 7:30 pm., including a copy of the phone log from the phone carrier for the cell phone number provided by Rowell Ranch Rodeo's response to "Plaintiff's Interrogatories to Rowell Ranch Rodeo, Inc., Set Two," Interrogatory No. 35.

**Request for Production No. 15.** Produce all phone records for Site Boss Brian Morrison from May 20, 2022 between 5:30 pm to 7:30 pm., including a copy of the phone log from the phone carrier for the cell phone number provided by Rowell Ranch Rodeo's response to "Plaintiff's Interrogatories to Rowell Ranch Rodeo, Inc., Set Two," Interrogatory No. 36.

**Request for Production No. 16.** Produce all phone records for any Rowell Ranch Rodeo representatives or volunteers who called for law enforcement assistance on May 20, 2022 between 5:30 pm to 7:30 pm.

Dated: November 22, 2023

By: Jessica L. Blome
Jessica L. Blome
Attorney for Plaintiff Deniz Bolbol

**VERIFICATION**

I, ____________, declare:

I am _____________________. I am authorized to make this verification on behalf of Rowell Ranch Rodeo, Inc.

I have read Rowell Ranch Rodeo, Inc.'s Responses to Plaintiffs' Request for Production of Documents to Rowell Ranch Rodeo, Inc., Set Two and know the contents thereof. I am informed and believe that the responses to the interrogatories are true based on information assembled by Rowell Ranch Rodeo, Inc. employees and/or representatives. Rowell Ranch Rodeo, Inc. and I reserve the right to make any changes should it appear that any omission or errors have been made.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated this ________day of _________, 2023, at ______________, California.

________________________

By: _____________________

**PROOF OF SERVICE**

I am employed in the County of Alameda. My business address is P.O. Box 8055, Berkeley California 94710. I am over the age of 18 years and not a party to the above-entitled action. Document(s) served:

- Plaintiff Deniz Bolbol's Interrogatories to Defendant Rowell Ranch Rodeo, Inc., Set Two
- Plaintiff Deniz Bolbol's Request for Production of Documents to Defendant Rowell Ranch Rodeo, Inc., Set Two
- Plaintiff Deniz Bolbol's Request for Admission to Defendant Rowell Ranch Rodeo, Inc., Set One

On November 22, 2023, I served the foregoing document(s) on the parties in this action, located on the attached service list as designated below:

| | | |
|---|---|---|
| ( ) | By First Class Mail, where indicated: | Deposited the above documents in a sealed envelope with the United States Postal Service, with the postage fully paid. |
| ( ) | By Personal Service: | I personally delivered each in a sealed envelope to the office of the address on the date last written below. |
| ( ) | By Overnight Mail: | I caused each to be placed in a sealed envelope and placed the same in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for. |
| (X) | By Electronic Transmission: | Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 22, 2023, in Berkeley, California.

Lily Rivo

**SERVICE LIST**

| | |
|---|---|
| Joseph P. Cuviello<br>205 De Anza Blvd., #125<br>San Mateo, CA 94402<br>(650) 315-3776<br>Email: pcuvie@gmail.com<br><br>*Pro Se Plaintiff* | Paul Caleo, Esq.<br>Osmaan Khan, Esq.<br>Gordon & Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607<br>(510) 463-8600<br>Facsimile: (510) 984-1721<br>Email: pcaleo@grsm.com<br>Email: oakhan@grsm.com<br>Email: khernandez@grsm.com<br><br>*Atty. for Defendant Rowell Ranch Rodeo, Inc.* |
| Dale L. Allen, Jr<br>Allen, Glaessner, Hazelwood & Werth LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>(415) 697-2000<br>Email: dallen@aghwlaw.com<br>Email: erodas@aghwlaw.com<br>Email: mhernandez@aghwlaw.com<br><br>*Atty. for Defendants Hayward Area Recreation and Park District and Kevin Hart, Hayward Area Recreation and Park Public Safety Manager/Ranger* | William Blake Rowell<br>Marc Brainich<br>Michele C. Kirrane<br>Thiele R. Dunaway<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94067<br>(510) 834-6600<br>Email: browell@fennemorelaw.com<br>Email: mbrainich@fennemorelaw.com<br>Email: mkirrane@fennemorelaw.com<br>Email: rdunaway@fennemorelaw.com<br>Email: lmason@fennemorelaw.com<br><br>*Attys. for Defendants County of Alameda, Alameda County Sheriff's Office and Alameda County Deputy Sheriff Joshua Mayfield* |

# EXHIBIT I

PAUL CALEO (SBN 153925)
pcaleo@grsm.com
OSMAAN KHAN (SBN 331766)
oakhan@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
1111 Broadway, Suite 1700
Oakland, CA 94607
Telephone: (510) 463-8600
Facsimile: (510) 984-1721

*Attorneys for Defendant*
ROWELL RANCH RODEO INC.

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,

Plaintiffs,

v.

ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; and DOES 1 through 2, in their individual and official capacities, jointly and severally.

Defendants.

Case No.: 3:23-CV-01652

**DEFENDANT ROWELL RANCH RODEO, INC'S RESPONSES TO PLAINTIFF DENIZ BOLBOL'S INTERROGATORIES, SET TWO**

Complaint Filed: April 6, 2023
Trial: October 21, 2024

**PROPOUNDING PARTY:** Plaintiff DENIZ BOLBOL

**RESPONDING PARTY:** Defendant ROWELL RANCH RODEO INC.

**SET NO.:** Two

Pursuant to California Code of Civil Procedure Section 2030.210 and Federal Rule section 33, defendant ROWELL RANCH RODEO INC. ("Defendant") hereby responds to Plaintiff DENIZ BOLBOL ("Plaintiff") Interrogatories, Set One as follows:

It should be noted that this responding party has not fully completed its investigation of the facts relating to this action, has not fully completed its discovery in this action, and has not fully

completed its preparation for trial. All responses contained herein are based only upon such information and documents which are presently available to and specifically known to this responding party and disclose only those contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigation, legal research and analysis may provide additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, modifications in, and variations from the contentions and responses set forth herein.

The following interrogatory responses are provided without prejudice to defendant's right to produce at the time of trial subsequently discovered evidence relating to the proof of presently known material facts and to produce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts.

Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of this party in relation to further discovery, research or analysis.

This general objection, that discovery and investigation are just beginning, is applicable to each and every interrogatory responded to herein. Accordingly, it will not be repeated for each interrogatory, but will be incorporated hereby in each response by this reference.

Each response is subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein if made by a witness present and testifying in court. Moreover, defendant objects to each and every interrogatory to the extent it seeks confidential material protected by the attorney-client privilege or improperly seeking the work product of any attorney retained, or employed, by defendant. All such objections and grounds are reserved, and may be interposed at the time of trial.

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 28:**

IDENTIFY the person who called the SHERIFF'S OFFICE on May 20, 2022 regarding Plaintiffs' demonstration.

**RESPONSE TO REQUEST NO. 28:**

Defendant Rowell Ranch Rodeo, Inc ("Rowell Ranch") objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private and confidential in nature and implicates the privacy rights of third parties.

Subject to and without waiving objections, Rowell Ranch states that based on information and belief, Rowell Ranch volunteer Gary Houts.

**INTERROGATORY NO. 29:**

DESCRIBE why the person IDENTIFIED in Interrogatory No. 28 called the SHERIFF'S Office on May 20, 2022 regarding Plaintiff's demonstration.

**RESPONSE TO REQUEST NO. 29:**

Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects because the request seeks information that may be protected by the attorney-client privilege and the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Ca1.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Ca1.4th 480.

Subject to and without waiving objections, Rowell Ranch states that based on information and belief Rowell Ranch volunteer Gary Houts called the Sheriff's Office because Plaintiffs were not using the designated Free Speech Area, and were blocking the path for people.

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

**INTERROGATORY NO. 30:**

DESCRIBE the COMMUNICATION between the person IDENTIFIED in Interrogatory No. 28 and the SHERIFF'S Office on May 20, 2022, regarding Plaintiff's demonstration.

**RESPONSE TO REQUEST NO. 30:**

Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects because the request seeks information that may be protected by the attorney-client privilege and the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Ca1.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Ca1.4th 480.

Subject to and without waiving objections, Rowell Ranch states that based on information and belief Rowell Ranch volunteer Gary Houts stated the following in the call: (i) he is not sure who he needs to call; (ii) he has people he needs moved; (iii) the people need to be moved because they already have a free speech area and they are blocking the parking access; (iv) that there are two (2) white people – one (1) male in a purple shirt and one (1) female in a green shirt; (v) they have signs; (vi) he does not see ay weapons; and (vii) there is a rodeo going on. The female on the other end states that they will be there as soon as they can.

**INTERROGATORY NO. 31:**

IDENTIFY the name of the mobile phone carrier company used by the individual identified in Interrogatory No. 28 to make the phone call to the SHERIFF'S Office on May 20, 2022, as referenced in Plaintiff's request for temporary injunctive relief, Exhibit D, Part 2 at timestamp 2:30. (ECF 28-4.)

**RESPONSE TO REQUEST NO. 31:**

Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible

evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects because the request seeks information that may be protected by the attorney-client privilege and the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Ca1.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Ca1.4th 480.

Subject to and without waiving objections, Rowell Ranch states that based on information and belief Rowell Ranch volunteer Gary Houts uses the mobile phone carrier Verizon.

**INTERROGATORY NO. 32:**

IDENTIFY the phone number of the mobile device used by the individual identified in Interrogatory No. 28 to make the phone call to the SHERIFF'S Office on May 20, 2022, as referenced in Plaintiff's request for temporary injunctive relief, Exhibit D, Part 2 at timestamp 2:30. (ECF 28-4.)

**RESPONSE TO REQUEST NO. 32:**

Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects because the request seeks information that may be protected by the attorney-client privilege and the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Ca1.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Ca1.4th 480.

Subject to and without waiving objections, Rowell Ranch states that it has located the mobile phone number of Rowell Ranch volunteer Gary Houts but it is confidential and will only be produced upon the execution and filing of the Stipulated Protective Order, a copy of which is attached hereto, regarding the use of confidential information within this lawsuit.

**INTERROGATORY NO. 33:**

DESCRIBE the relationship of the person identified in Interrogatory No. 28 to the Rowell Ranch Rodeo, including their function during the 2020 Events.

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

**RESPONSE TO REQUEST NO. 33:**

Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible evidence.

Subject to and without waiving objections, Rowell Ranch states that based on information and belief Gary Houts is a volunteer for Rowell Ranch.

**INTERROGATORY NO. 34:**

DESCRIBE the conversation between DOE DEFENDANT 1 and Brian Morrison during the telephone call Defendant Rowell Ranch Rodeo, Inc. referenced in "Response of Rowell Ranch Rodeo to Plaintiff Deniz Bolbol's Interrogatories to Rowell Ranch Rodeo, Inc., Set One," Interrogatory No. 23.

**RESPONSE TO REQUEST NO. 34:**

Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects because the request seeks information that may be protected by the attorney-client privilege and the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Ca1.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Ca1.4th 480.

Subject to and without waiving objections, Rowell Ranch states that based on more recent information, it believes that this conversation did not occur.

**INTERROGATORY NO. 35:**

IDENTIFY the name of the mobile phone carrier company used by DOE DEFENDANT 1 to make the phone call to Brian Morrison on May 20, 2022, as referenced in Interrogatory No. 34.

**RESPONSE TO REQUEST NO. 35:**

Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects because the request seeks information that may be protected by the attorney-client privilege and the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Ca1.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Ca1.4th 480.

Subject to and without waiving objections, Rowell Ranch states that based on information and belief Rowell Ranch volunteer Gary Houts uses the mobile phone carrier Verizon.

**INTERROGATORY NO. 36:**

IDENTIFY the name of the mobile phone carrier company used by Brian Morrison to receive the phone call from DOE DEFENDANT 1 on May 20, 2022, as referenced in Interrogatory No. 34.

**RESPONSE TO REQUEST NO. 36:**

Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects because the request seeks information that may be protected by the attorney-client privilege and the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Ca1.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Ca1.4th 480.

Subject to and without waiving objections, Rowell Ranch states that based on information and belief, Brian Morrison uses the mobile phone carrier Verizon.

Dated: January 5, 2024

GORDON REES SCULLY MANSUKHANI, LLP

By: OA Khan

Paul Caleo
Osmaan Khan
Attorneys for Defendant
ROWELL RANCH RODEO INC.

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

**VERIFICATION**

I, Paul Martin, declare:

I am the authorized Director of ROWELL RANCH RODEO INC, ET AL, which is the Defendant in the *Cuviello, et al. v. Rowell Ranch Rodeo Inc., et al.* action, and I have been authorized to make this verification on its behalf.

I have read the foregoing **DEFENDANT ROWELL RANCH RODEO, INC'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE** on file herein and know the contents thereof. To the extent I have personal knowledge of the matters set forth therein, the same are true and correct. Insofar as said matters are a composite of the information of many individuals, I do not have personal knowledge concerning all of the information contained in said response, but I am informed and believe that the information set forth therein for which I lack personal knowledge is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Pleasanton , California on January 5, 2024.

Name: Paul Martin

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

**PROOF OF SERVICE**

*Cuviello, et al. v. Rowell Ranch Rodeo Inc., et al.*
USDC - Northern District of California, Case No. 3:23-CV-01652

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000 San Francisco, CA 94111. On the date set forth below, I served the within documents:

**DEFENDANT ROWELL RANCH RODEO, INC'S RESPONSES TO PLAINTIFF DENIZ BOLBOL'S INTERROGATORIES, SET TWO**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ **VIA E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent by electronically mailing a true and correct copy through the Gordon Rees Scully Mansukhani, LLP electronic mail system from my email address: khernandez@grsm.com, to the email address(s) set forth herein.

☐ by having Nationwide PERSONALLY DELIVER the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FEDEX as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

| | |
|---|---|
| Attorneys for Plaintiff<br>DENIZ BOLBOL<br><br>Lily Rivo, Esq.<br>**GREENFIRE LAW, PC**<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>Tel: (510) 900-9502<br>Fax: (510) 900-9502<br>Email: lrivo@greenfirelaw.com<br>jblome@greenfirelaw.com | Plaintiff In Pro Per<br><br>Joseph P. Cuviello<br>205 De Anza Blvd.<br>San Mateo, CA 94402<br><br>P.O. Box 2834<br>Redwood City, CA 94064<br>Tel: (650) 315-3776<br>Fax:<br>Email: pcuvie@gmail.com |
| Attorneys for Defendants<br>COUNTY OF ALAMEDA; ALAMEDA COUNTY DEPUTY SHERIFF'S OFFICE; and JOSHUA MAYFIELD<br><br>William B. Rowell, Esq.<br>Thiele R. Dunaway, Esq.<br>Marc Brainich, Esq.<br>Michele C. Kirrane, Esq.<br>**FENNEMORE WENDEL**<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607 | Attorneys for Defendants<br>HAYWARD AREA RECREATION AND PARK DISTRICT, and KEVIN HART<br><br>Dale L. Allen, Jr., Esq.<br>Nicholas D. Syren, Esq.<br>**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>Tel: (415) 697-2000 |

| | |
|---|---|
| Tel: (510) 834-6600<br>Fax: (510) 834-1928<br>Email: browell@fennemorelaw.com<br>rdunaway@fennemorelaw.com<br>mbrainich@fennemorelaw.com<br>mkirrane@fennemorelaw.com<br>lmason@fennemorelaw.com | Fax: (415) 813-2045<br>Email: dallen@aghwlaw.com<br>erodas@aghwlaw.com<br>mhernandez@aghwlaw.com<br>dallen@aghwlaw.com<br>kallen@aghwlaw.com<br>erodas@aghwlaw.com<br>nsyren@aghwlaw.com |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 5, 2024 at San Francisco, California.

Kristie Hernandez

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

-9-
DEFENDANT ROWELL RANCH RODEO, INC'S RESPONSES TO PLAINTIFF DENIZ BOLBOL'S INTERROGATORIES, SET TWO

# EXHIBIT J



JESSICA L. BLOME
2748 Adeline Street, Suite A
Berkeley, CA 94703
Phone: (510) 900-9502
Email: jblome@greenfirelaw.com
www.greenfirelaw.com

February 6, 2024

Paul Caleo
Osmaan Khan
Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607
(925) 463-8600
Email: pcaleo@grsm.com
        oakhan@grsm.com

**RE:    Meet and Confer Regarding Request for Sanctions**
        *Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*

Dear Counselors:

      This letter shall serve as a meet and confer pursuant to Local Rule 37-4(b)(2). Plaintiff Deniz Bolbol intends to file the enclosed Motion for Sanctions against Rowell Ranch Rodeo, Inc, in the event we are unable to reach an informal resolution of the issues raised therein.

      In brief, your client's verified responses to Ms. Bolbol's Interrogatories, Set One, contain obvious falsehoods. When asked to identify the call Gary Houts made to law enforcement on May 20, 2020, the Rodeo denied under oath that Mr. Houts called law enforcement, and instead stated that he called Rodeo Site Supervisor Brian Morrison. As has been confirmed through subsequent discovery, we know that not only did Mr. Houts call law enforcement that day, he never placed a call to Mr. Morrison at all.

      As a result of the false and misleading verified responses provided by your client, Ms. Bolbol was forced to conduct otherwise unnecessary discovery, including a Request for Production of Documents to the Alameda County Sheriff's Office, the meet and confer efforts that followed, and a second set of discovery requests to your client. The inaccurate response also delayed the ability of Ms. Bolbol to bring a summary judgment motion and no doubt contributed to the parties' inability to reach an early settlement in this case during the October mandatory settlement conference.

      Given your client's material, false representation in discovery, which is a clear bad faith abuse of the discovery process, Ms. Bolbol hereby demands payment for the fees and costs

incurred as a result thereof, in the amount of $45,000.00. If we are unable to resolve this issue informally on or before **Monday, February 12, 2024**, we will proceed with filing the motion to put this issue in front of the judge as quickly as possible.

I look forward to hearing from you soon.

Sincerely,

Jessica L. Blome
Greenfire Law, PC

Enclosure: Motion for Sanctions

cc: Deniz Bolbol, Joseph P. Cuviello

Jessica L. Blome (State Bar No. 314898)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 De Anza Blvd., #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in pro per*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,

PLAINTIFFS.

v.

ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; ALAMEDA COUNTY SHERIFF'S OFFICE; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,

DEFENDANTS.

Case No. 4:23-cv-01652-VC

**PLAINTIFF DENIZ BOLBOL'S NOTICE AND MOTION FOR SANCTIONS AGAINST DEFENDANT ROWELL RANCH RODEO, INC. PURSUANT TO THE COURT'S INHERENT POWERS**

Judge: Hon. Vince Chhabria
Dept: Courtroom 5 – 17th Floor
Hearing Date:
Hearing Time:

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on ________ at ________ __.m., at Courtroom 5, 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Vince Chhabria, Plaintiff Deniz Bolbol will, and hereby does, move for an order granting this Motion for Sanctions against Defendant Rowell Ranch Rodeo, Inc. pursuant to this Court's inherent power to levy sanctions for discovery abuse and misconduct. This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the Declaration of Jessica L. Blome, and the Proposed Order.

Dated: February _____, 2024

Respectfully submitted,

*/s Jessica L. Blome*

Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
jblome@greenfirelaw.com
lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

**Memorandum of Points and Authorities**

## I. Introduction

In response to written interrogatories propounded by Plaintiff Deniz Bolbol, Defendant Rowell Ranch Rodeo, Inc. both withheld material information and provided false information. Defendant's responses were signed and verified under penalty of perjury. As a direct result, Plaintiff Bolbol incurred legal fees and costs for otherwise-unnecessary work proving a fact that Plaintiff knew was true. Plaintiff Bolbol was further prejudiced because Rowell Ranch Rodeo's failure to provide accurate responses delayed Plaintiff's ability to prepare a Motion for Summary Judgment. Accordingly, Plaintiff Deniz Bolbol seeks sanctions against Defendant Rowell Ranch Rodeo, Inc.

## II. Statement of Facts

As detailed in Plaintiffs' Second Amended Complaint (SAC), Plaintiffs are animal rights activists with a long history of peaceful demonstration. *See* ECF No. 54 (SAC) at ¶ 28. Their advocacy is mainly targeted at educating patrons who frequent businesses that use animals for entertainment, providing them with information about animal abuse and mistreatment. *See id*. at ¶¶ 28, 29. Plaintiffs' educational methods include holding signs and banners, handing out leaflets to patrons entering or exiting the event facilities, speaking with patrons, and displaying footage of animals on a large-screen television. *See id.* at ¶ 28.

Defendants intentionally interfered with Plaintiffs' constitutional right to demonstrate at the Rowell Ranch Rodeo Park in Hayward, California (Rodeo Park) during rodeo events by harassing them, threatening them, assaulting them, and committing battery against them during their lawful expression of free speech and association. *See id.* at ¶¶ 39-67.

Over the course of three days, from May 20 to May 22, 2022, Plaintiffs Joseph P. Cuviello and Deniz Bolbol organized and attended demonstrations against rodeo events held by Defendant Rowell Ranch Rodeo, Inc. at Rodeo Park in Hayward, California for the purpose of peacefully passing out leaflets and holding banners and signs. *See id.* at ¶¶ 37, 39, 63. To have reasonable access to patrons, Plaintiffs, without blocking entry or exit, placed themselves in an

area near the front and back entrances, as they routinely have done for years during these types of demonstrations. *See id.* at ¶¶ 29, 36, 40. During these three days, Plaintiffs were unlawfully harassed, intimidated, threatened with arrest, assaulted, and battered merely for exercising their constitutionally protected free speech rights. *See id.* at ¶¶ 39-67.

On the first day of demonstration, as Plaintiffs moved to stand near the front entrance of the Rodeo Park, a Rowell Ranch Rodeo agent, later identified as Gary Houts, told Plaintiffs they had to move to a "Free Speech Area" that was far from the pedestrian entrance. *See id*. at ¶¶ 40-41. After Plaintiffs refused to move to the "Free Speech Area," Mr. Houts attempted to grab Plaintiff Cuviello's banner and block the banner from being viewed. *See id*. at ¶ 41. He then placed a call to law enforcement and falsely reported that Plaintiffs were blocking the parking lot and entrance to the venue. *See id.* Officers from Defendant Alameda County Sheriff's Office arrived approximately five minutes later. *See id.* at ¶¶ 41, 42. Eventually, law enforcement officers threatened to arrest Plaintiffs if they refused to move to the designated "Free Speech Area" and continued to harass Plaintiffs when they refused. *See id*. at ¶¶ 44-60.

On May 8, 2023, Plaintiff Bolbol filed a declaration in conjunction with Plaintiffs' Request for a Temporary Restraining Order and Preliminary Injunction. *See* ECF 28-2. That declaration included submission of video recorded on May 20, 2022, depicting events that occurred while Ms. Bolbol was demonstrating at the Rowell Ranch Rodeo. *See id.* at Exhs. A-D. One of the videos captures the phone call made by Mr. Houts to someone with law enforcement whom he referred to as "ma'am." *See id.* at Exh. A, Video Timestamp 3:01-4:20.

Thereafter, on July 24, 2023, Plaintiff Bolbol served interrogatories on Rowell Ranch Rodeo to obtain information regarding Mr. Houts phone call with law enforcement on May 20, 2022:

> **Interrogatory No. 22**. DESCRIBE the telephone conversation between DOE DEFENDANT 1 and law enforcement on May 20, 2022, as referenced in paragraph 98 of the Complaint, including the number dialed, the agency contacted and all details of the call.
>
> **Interrogatory No. 23**. IDENTIFY the name of the person with whom DOE DEFENDANT 1 spoke during the telephone call referenced in paragraph 41 of the Complaint and Interrogatory No. 8 above.

Declaration of Jessica L. Blome (Blome Decl.), Exh. A, Interrogatories No. 22-23. The existence and subject of the call is of central import to Plaintiff Bolbol's Fourth Cause of Action against Rowell Ranch Rodeo, California Civil Code § 51.7, in which "intimidation by threat of violence includes but is not limited to, making or threatening to make acclaim or report to a peace officer or law enforcement agency that falsely alleges that another person has engaged in unlawful activity or in an activity that requires law enforcement intervention, knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report." *See* SAC at ¶¶ 107-118.

Additionally, the existence and subject of the call is critical to Plaintiff Bolbol's Sixth Cause of Action against all Defendants, brought under 42 U.S.C. § 1983 for violation of their First Amendment rights. *See* SAC at ¶¶ 128-139. Mr. Houts's phone call to law enforcement prompted the arrival of Alameda County deputies, and in combination with other facts surrounding Defendants' conduct, demonstrates "joint action" between the defendants. *See Franklin v. Fox,* 312 F. 3d 423, 444 (9th Cir. 2002) (describing "joint action" test under a section 1983 claim).

On August 20, 2023, Rowell Ranch Rodeo served responses to Plaintiff Bolbol's interrogatories. *See* Blome Decl. Exh. B. In response to Interrogatory No. 22, Rowell Ranch Rodeo testified, "Responding party does not understand that DOE 1 (Gary Houts) called the Alameda County Sheriff as alleged. Instead, he called Brian Morrison (Site Boss)." *Id.* at Response to No. 22. In response to Interrogatory 23, Rowell Ranch Rodeo testified, "Brian Morrison, who may be reached through Responding party's counsel." *Id.* at Response to No. 23. These responses were verified under penalty of perjury. *See id.* at p. 7.

Plaintiff Bolbol was present when Mr. Houts made the May 20, 2022 call to law enforcement, and the call was captured on video. *See* FAC at ¶¶ 38, 41; ECF 28-2 at Exh. A, Video Timestamp 3:01-4:20. As such, Plaintiff's counsel knew that Rowell Ranch Rodeo's interrogatory responses were not true and accurate. Blome Decl. at ¶ 5. On August 22, 2023, Plaintiff worked with counsel to propound discovery to Defendant Alameda County Sheriff's

Office to confirm the call to law enforcement. *See* Blome Decl. at ¶ 5. In a request for documents submitted to Defendant Alameda County on August 22, 2023, Plaintiff sought "any documents relating to communications about or concerning Plaintiffs between YOU and Rowell Ranch Rodeo, Inc. representatives during the 2022 Events." Blome Decl., Exh. C, Request No. 8. The County's first response, dated October 27, 2023, stated, in part, "Responding Party has not been able to locate any nonprivileged documents responsive to this request," indicating the Sheriff's Office had no record of a call with Rowell Ranch Rodeo on May 20, 2022. *See* Blome Decl., Exh. D, Response to Request No. 6.

On November 21, 2023, counsel for Plaintiff Bolbol met and conferred via letter with the County's counsel to obtain phone records for calls made to the Sherriff's Office on that day. *See* Blome Decl., Exh. E. Plaintiff's counsel advised the County's counsel that the video recording Plaintiffs took of Mr. Houts' phone call clearly showed he was calling someone named "ma'am" in law enforcement. *See id.* Again, the Defendant Alameda County took the position that there was no record or knowledge of any such call to the Alameda County Sheriff. Plaintiffs provided Defendant Houts's cell phone number (despite Defendant Alameda County's ability to obtain this information on their own). Plaintiff's counsel implored upon the County to search their records again. *See id.* On December 14, 2023, Plaintiff sent Defendant Alameda County a follow-up letter to the meet and confer conference call which stated Plaintiffs would, within five days, file a motion to compel. Blome Decl., Exh. E, p. 4. After receiving that letter, on December 21, 2023, the County produced an event register and link to a recording of the May 20, 2022, phone call placed by Gary Houts to the Alameda County Sheriff's Office, wherein Mr. Houts requested law enforcement assistance to "move the subjects." *See* Blome Decl., Exh. F. The County served its production of the call event register and recording on all counsel, including counsel for Rowell Ranch Rodeo. *See id.*

Armed with this information, on November 22, 2023, Plaintiff Bolbol served a second set of interrogatories on Rowell Ranch Rodeo to obtain information about the May 20, 2022, phone call. *See* Blome Decl., Exh. G. Now faced with the County's evidence, Rowell Ranch Rodeo

finally admitted that Gary Houts had called the Alameda County Sheriff's Office on May 20, 2022. *See* Blome Decl., Exh. H. Defendant further admitted that Mr. Houts told law enforcement that he wanted the activists moved, and that he had provided the Sheriff's Office with a physical description of the activists. *See id.* at Response to No. 30.

Prior to filing the instant motion, and in compliance with Local Rule 37-4(b)(2), counsel for Plaintiff Bolbol met and conferred with counsel for Rowell Ranch Rodeo to resolve this dispute without court intervention. Plaintiff Bolbol and Rowell Ranch Rodeo were unable to reach a resolution of the issues raised in the instant motion. *Id.* at ¶ 11.

## III. Argument

### A. Sanctions are appropriate for Defendant Rowell Ranch Rodeo's bad-faith discovery conduct.

It is well-settled that a district court has inherent authority to sanction bad-faith litigation conduct. *Amezcua v. Jordan Transp., Inc.*, No. 2:13-cv-01608-APG-CWH, 2016 U.S. Dist. LEXIS 71259, at *3 (D. Nev. May 27, 2016); *Rogler v. Standard Ins. Co.*, 30 F. App'x 909, 914 (10th Cir. 2002); *Da Silva v. Smith's Food & Drug Ctrs*., No. 2:12-cv-00595-GMN-VCF, 2013 U.S. Dist. LEXIS 81217, at *4 (D. Nev. Feb. 6, 2013). Such sanction includes ordering "a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017).

Sanctions for bad-faith litigation conduct can be ordered where a party engages in deceptive discovery practices, such as making false statements in response to interrogatories or perjury. *See Amezcua*, 2016 U.S. Dist. LEXIS at *6; *Da Silva*, 2013 U.S. Dist. LEXIS at *4-5; *Arnold v. Cnty. of El Dorado*, No. 2:10-cv-3119 KJM GGH PS, 2012 U.S. Dist. LEXIS 112398, at *12-13 (E.D. Cal. Aug. 8, 2012). "Federal courts have long recognized that . . . knowingly providing incomplete and/or misleading interrogatory answers constitutes perjury and, in effect, constitutes fraud on the court." *Da Silva*, 2013 U.S. Dist. LEXIS at *4. Committing perjury or making a materially false statement in discovery is sufficient grounds for a finding of bad faith and awarding sanctions. *See Amezcua*, 2016 U.S. Dist. LEXIS at *3; *Arnold*, 2012 U.S. Dist. LEXIS at *12-13.

In response to Plaintiff's first set of interrogatories, Defendant Rowell Ranch Rodeo not only denied that Gary Houts contacted law enforcement on May 20, 2022, but affirmatively represented that the call Mr. Houts made that day was to Brian Morrison, furthering the deception from omission to redirection of the truth. The fact is, Mr. Houts did call law enforcement, and Rowell Ranch Rodeo not only concealed that fact but misrepresented to whom the call was made. It is curious that Defendant Alameda County upheld this false representation until Plaintiff threatened a motion to compel, which led Defendant Alameda County to finally reveal the responsive documents. Only when faced with responsive evidence provided by Defendant Alameda County did Rowell Ranch Rodeo provide truthful information. At that time, it also was miraculously able to provide details about the conversation that Mr. Houts had with law enforcement.

All Defendants have a duty to make diligent, good faith responses to Plaintiff's discovery requests. This includes the duty to investigate sources reasonably available to Defendants and to provide complete responses in good faith to interrogatories. *See ATC Media, LLC v. Michaels Stores, Inc.*, Civil Action No. 3:22-CV-1416-N, 2023 U.S. Dist. LEXIS 151021, at *9 (N.D. Tex. Aug. 28, 2023); *City of Spokane v. Monsanto Co.*, No. 2:15-CV-0201-SMJ, 2017 U.S. Dist. LEXIS 193932, at *18 (E.D. Wash. Feb. 21, 2017); *Ameripride Servs. v. Valley Indus. Servs*., No. CIV 2:00-cv-0113-LKK-JFM, 2011 U.S. Dist. LEXIS 39408, at *8 (E.D. Cal. Apr. 1, 2011). Yet, this did not occur. There can be no doubt that Rowell Ranch Rodeo had access to Mr. Houts telephone records, which would have verified that the call Mr. Houts placed to law enforcement in May 2022 existed. There can also be no doubt that Defendant's false interrogatory responses constitute bad faith. The inescapable conclusion is either that Defendant willfully lied, hoping that Plaintiff would not uncover the truth, or it wantonly ignored its discovery obligations by failing to gather information from Mr. Houts or Mr. Morrison.

This is no trivial matter of mistaken recollection or innocent confusion. Defendant's perjury is material to establishing liability for Plaintiffs' Fourth Cause of Action based on California Civil Code §51.7, which holds a person liable for knowingly making a report to a

peace officer or law enforcement agency that falsely alleges a person is engaged in unlawful activity that requires law enforcement intervention. SAC, Fourth Cause of Action.

Significantly, Defendant's perjury affects Plaintiffs' Sixth Cause of Action as well, as evidence of this phone call supports a finding of "joint action" between the Rodeo and law enforcement. SAC, Sixth Cause of Action.

Accordingly, Rowell Ranch Rodeo's motivation to conceal the truth is clear and can be inferred as an attempt to evade liability under §51 and §1983. In the face of later discovery, this concealment was no longer tenable. Plaintiff caught Defendant Rodeo red-handed and is entitled to reimbursement of her attorneys' fees and costs for any time spent pursuing discovery that was withheld in bad faith.

**B.      Plaintiff Bolbol incurred unnecessary attorneys' fees and costs as a result of Rowell Ranch Rodeo's discovery abuse.**

Plaintiff is entitled to an award of sanctions for the fees and costs arising directly from Rowell Ranch Rodeo's bad faith conduct. *See Goodyear Tire & Rubber Co.*, 581 U.S. at 107. As a direct result of Rowell Ranch Rodeo's withholding of material information and provision of false information, Plaintiff Bolbol incurred legal fees and costs for otherwise-unnecessary discovery on the County of Alameda and follow-on discovery on Rowell Ranch Rodeo itself. As a direct result of the County's initial failure to produce information regarding the May 20, 2022 call, Plaintiff's counsel had to meet with Ms. Bolbol to prepare discovery for the County, prepare and service discovery on the County, meet and confer over the County's responses which notably failed to include the recording or transcript of the call, and had to serve a second set of discovery on Rowell Ranch Rodeo – all of which resulted in the incurring of unnecessary fees, and all of which could have been avoided had Rowell Ranch Rodeo provided accurate information in its verified responses to Plaintiff's first set of discovery.

Rowell Ranch Rodeo's failure to provide accurate responses further prejudiced Plaintiff by delaying Plaintiff's ability to prepare a Motion for Summary Judgment, as the fact of Mr. Houts's call to law enforcement and the subject matter thereof is essential to liability under §51.7 as well as foundational to liability under §1983. The delay amounted to six months of

unnecessary time and expense spent seeking information that should have been provided at the time of Rowell Ranch Rodeo's initial responses Plaintiff's first set of discovery last July. Moreover, Rowell Ranch Rodeo's falsehood likely contributed substantially to the parties' failure to settle this matter at the October settlement conference, during which Rowell Ranch Rodeo insisted it did not make the call to law enforcement. This artificially emboldened the Alameda County Sheriff's Office's defense.

Greenfire Law attorneys maintain complete, contemporaneous time records throughout this litigation. The hourly rates Plaintiff seeks are consistent with the rates local attorneys charge in the East Bay where Greenfire Law regularly practices. Ms. Bolbol's counsel requests the following hourly rates for attorneys at Greenfire Law, PC: $720 for Jessica L. Blome, Brian Colton, and Jennifer Rae Lovko, $500 for Lily Rivo, and $150 for administrative staff. Attorney market rates for similarly experienced attorneys in the East Bay are much higher than those requested. *See* Blome Decl. at ¶ 12. A full explanation and accounting area contained in the Declaration of Jessica Blome, attached hereto, including attorney rates, hours, and background. Blome Decl. In total, Plaintiff requests sanctions in the amount of $45,000 in attorneys' fees and costs. *Id.*

**IV. Conclusion**

For the foregoing reasons Plaintiff Bolbol respectfully request that this Court grant Plaintiff's Motion for Sanctions in the amount of $45,000.00 against Rowell Ranch Rodeo, Inc.

Dated: February __, 2024

Respectfully submitted,

<u>*/s Jessica L. Blome*</u>

Jessica L. Blome (State Bar No. 314898)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
jblome@greenfirelaw.com
lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

# EXHIBIT K

PAUL CALEO
PCALEO@GRSM.COM

OSMAAN KHAN
OAKHAN@GRSM.COM

ATTORNEYS AT LAW
1111 BROADWAY, SUITE 1700
OAKLAND, CA 94607
WWW.GRSM.COM

February 12, 2024

**VIA E-MAIL ONLY:**
Jessica L. Blome
Lily Rivo, Esq.
**Greenfire Law, PC**
2748 Adeline, Ste. A
Berkeley, CA 94703
Office: (510) 900-9502 ext. 703
Direct: (641) 431-0478
jblome@greenfirelaw.com
lrivo@greenfirelaw.com

Re: **Response to Meet and Confer Regarding Request for Sanctions**; in *Joseph P. Cuviello, et al. V. Rowell Ranch Rodeo, Inc. el al.* Northern District of California, Case No. 3:23-cv-01652-VC

Dear Counsel:

Please accept the following as a response to your Meet & Confer Regarding Request for Sanctions.

The issue is centered on Rowell Ranch Rodeo (RRR) volunteer Gary Houts' phone call on May 20, 2022. Plaintiff Deniz Bolbol's Interrogatory No. 22 stated: "*DESCRIBE the telephone conversation between DOE DEFENDANT 1 and law enforcement on May 20, 2022, as referenced in paragraph 98 of the Complaint, including the number dialed, the agency contacted and all details of the call.*" Interrogatory No. 23 asked: "*IDENTIFY the name of the person whom DOE DEFENDANT 1 spoke during the telephone call referenced in paragraph 41 of the Complaint and Interrogatory No. 8 above.*" On August 20, 2023, RRR served a verified response to Interrogatory No. 22 stating: "*Responding party does not understand that DOE 1, (Gary Houts) called the Alameda County Sheriff as alleged. Instead he called Brian Morrison (Site Boss).*" Further, RRR responded to Interrogatory No. 23 as follows: "*Brian Morrison, who can be reached through the Responding party's counsel.*" We are informed and believe that Gary Houts did not recall who he spoke to when he was contacted prior to the serving of the responses on August 20, 2023. RRR responded to both interrogatories based on (i) the information that was reasonably available to it at the time, as per Federal discovery obligations, and (ii) the custom and practice of the volunteers that worked for RRR.

Plaintiff Bolbol served Interrogatories Set 2, Requests for Production Set 2, and Request for Admissions Set 1, on November 22, 2023. The interrogatories and requests primarily concerned the phone call made by Gary Houts, on May 20, 2022. On December 18, 2023, RRR provided Gary Houts' phone number to the Counsel for Defendant Alameda County Sheriff's Office (ACSO) in order to help them retrieve and find any corresponding phone calls to law enforcement. On December 21, 2023, ACSO served an event register and a link to a recording of the May 20, 2022 phone by Gary Houts. Based on this *newly acquired and discovered* information, on January 5, 2024, RRR responded to Plaintiff Bolbol's Interrogatories Set 2, Requests for Production Set 2, and Requests for Admission Set 1. RRR's January 5, 2024 discovery responses also complied with and met its obligations under Federal discovery rules, as well as under Fed. R. Civ. P. 26, to supplement its prior responses in a timely manner.

Additionally, the phone call made by Gary Houts to law enforcement is irrelevant. The audio recording includes two (2) sections, the first being Gary Houts communicating with dispatch, and the <u>second portion</u> has dispatch communicating with police officers <u>*already*</u> present at the Rodeo Site approximately five (5) minutes after Gary Houts' call. As such, Gary Houts' phone call had nothing to do with the police presence at the Rodeo Site, because the police were scheduled to be there prior to Gary Houts' phone call. Furthermore, your contention that Gary Houts' call to dispatch made false allegations about the Plaintiffs is not supported by the audio recording. Your action in recently withdrawing the deposition notice of Mr. Houts further supports our belief that his call is irrelevant to these proceedings and plaintiffs' claims.

There is no basis in either fact or law for you file your proposed motion seeking sanction against our client when the discovery responses were based on information that was reasonably available to RRR at the time, as well as the custom and practice of volunteers at RRR. Your allegations that RRR provided false information in discovery responses and indulged in bad faith abuse of the discovery processes are baseless and without merit. Neither the facts, nor the law, support your motion.

Please confirm you will not be proceeding with the motion.

Regards,

GORDON REES SCULLY MANSUKHANI, LLP

OA Khan
_______________________
Osmaan Khan

# EXHIBIT L

# Jessica L. Blome

## Legal Experience

Licensure: California (2017)
Missouri (2007)
U.S. District Courts in California, Missouri, and New York
U.S. Court of Appeals for the First, Eighth & Ninth Circuits
U.S. Supreme Court
Turtle Mountain Band of Chippewa Indians Tribal Court (Inactive)

**Greenfire Law, PC**
*Shareholder* 2021-present
*Senior Associate Attorney* 2018-2021

Litigation attorney for public interest environmental law firm, specializing in wildlife and public lands, tribal law, animal protection, public health, open government, telecommunications, land use, and complex citizen suits involving all environmental media

**San Francisco Ethics Commission**
*Deputy Director, Enforcement & Legal Affairs* 2016-2018

Responsible for overseeing City and County enforcement of governmental ethics laws, including campaign finance, public financing, open government, public records, lobbying, and conflict of interest provisions with immediate, direct supervisory responsibilities for four investigators, one fines collection officer, legal interns, and the office personnel manager as well as indirect supervisory responsibilities for fifteen additional staff

Review existing law and regulations in preparation for department-wide policy assessment regarding the effectiveness of all aspects of department obligations, including compliance, advice, education and outreach, and enforcement

Responsible for ensuring department compliance with state open government and public records laws as the Commission's Public Information Officer

Engage in administrative advocacy in the form of issue analysis, memorandum preparation, and presentations to commissioners

Litigate enforcement actions, which include probable cause hearings, motions practice, discovery, and witness examination before an administrative body

**Animal Legal Defense Fund** Cotati, CA
*Senior Staff Attorney, Litigation Program* 2013-2016

Developed strategic impact litigation to protect the interests of animals at a national, non-profit organization, which included claims for violations of the National Environmental Policy Act; Endangered Species Act; Administrative Procedure Act; FOIA; California Environmental Quality Act; citizen enforcement of state environmental, animal welfare, gambling, public nuisance, and criminal codes; and the Public Trust Doctrine

Responsible for advocacy campaigns involving farmed animal and wildlife protection, which included the development of petitions for rulemaking to state and federal agencies, rulemaking comments, and follow up litigation; press strategy; and coalition creation and

management

Drafted public comments on behalf of ALDF or a coalition of organizations to be submitted to state or federal agencies with regulatory authority over animals and wildlife

Prepared public communications, including press releases, factsheets, and white papers; delivered effective messages to reporters; and gave talks at relevant conferences.

Responsible for training legal fellows in litigation skills and trial tactics; served as the organization's trial tactics resource; developed and implemented an internal filing protocol, mentoring program for legal fellows, and two-day deposition training program; drafted organization's litigation hold letter; served as litigation representative on informal document retention policy committee

Managed law student interns in-office and remotely; responsible for intern orientation, training, supervision, feedback, and development

**Missouri Attorney General's Office** Jefferson City
*Assistant Attorney General, Agriculture & Environment Division* 2007-2013

Represented the Missouri Departments of Natural Resources and Agriculture in civil litigation to enforce the following laws:

- Missouri Clean Water, Safe Drinking Water, Solid Waste Management, Hazardous Waste Management, and Air Conservation Laws, as well as the Missouri Land Reclamation and Administrative Procedure Acts;
- Federal Clean Water Act, Safe Drinking Water Act, RCRA, CERCLA (Remediation and NRDAR), NEPA, APA, Flood Control Acts of 1944 and 1958;
- Animal Welfare Act, Food, Drug & Cosmetic Act

Lead counsel to the Missouri Natural Resource Damage Trustee in complex litigation and settlement negotiations involving multi-million-dollar natural resource damage assessments and restoration plans for injuries resulting from lead, zinc, and copper mining in the Viburnum Trend Lead Mining District, the Tri-State Lead Mining District (Tar Creek Superfund Site), and the Old Lead Belt. Familiar with heavy metals contamination and its impacts on human health and the environment, natural resource valuation methods, remediation options for metals contamination in aquatic and terrestrial habitats and drinking water, processes and legal requirements for restoration implementation, federal consent decree negotiations, and covenants not to sue

Uniquely experienced in identifying and remediating pollution caused by subsurface smoldering events (underground landfill fires); nutrient contamination in waterways; uranium processing; lead mining, transport, and processing/smelting; solvent contamination from manufacturing

Advised the Attorney General and state agency leaders in legal matters and administrative proceedings involving the interests of the agencies, including the impact and interpretation of pending and approved legislation, administrative decisions, and judicial opinions.

Served as the Missouri AGO's liaison on natural resource damage issues and safe drinking water priorities and responsibilities for primacy designation with Interior, EPA, and the Missouri Departments of Health and Natural Resources.

Extensive experience drafting pleadings and briefs, appeal recommendations, settlement proposals, and all other documents related to litigation

*General Counsel, Administrative Agencies* 2007-2013

Represented and advised the Missouri State Milk Board and Missouri Safe Drinking Water Commission in agency proceedings, appeals, enforcement actions, and rulemaking procedures

Responsible for advising the Missouri Safe Drinking Water Commission on rulemaking strategy and interpretation, including ideas for strategic litigation designed to ensure the Commission's broad interpretation of the term "community water system" was accepted in court

Responsible for all aspects of legal management for the independent Missouri State Milk Board, including contract development and negotiation, administrative rulemaking, administrative adjudications, and state court enforcement of food safety laws

*Unit Leader, Canine Cruelty Prevention Unit* 2009-2013

Independently developed and managed successful prosecution program for the enforcement of the Missouri Animal Care Facilities and Canine Cruelty Prevention Acts

Oversaw the AGO's Consumer Protection Division, which included complaint managers, investigators, and attorneys with respect to consumer/animal welfare crossover cases

Oversaw the Missouri Department of Agriculture's Animal Care Program along with the Missouri Department of Agriculture's Animal Care Program Director

*Intern Coordinator* 2009-2013

On behalf of the Administration, oversaw the Missouri AGO's intern program: responsible for interviewing intern applicants; hiring and placing interns in the AGO's twelve divisions; training and managing division intern managers; designing intern program; developing and analyzing end-of-summer surveys; and implementing improved intern training protocols

Served as intern manager for the Agriculture and Environment Division; responsible for the day-to-day management of assignments, workload, and work product review for two full-time interns each summer

## Education

**University of Iowa College of Law** Iowa City, Iowa
Juris Doctor (Top 33%) May 2007
- Editor in Chief, *Journal of Gender, Race & Justice*
  - Published at 10 J. GENDER, RACE & JUST. 481 (2007)
- 1st Place/Best Advocate, Jessup International Law Moot Court Competition, IA
- 1st Place Team Oralist and 1st Place Best Brief, Jessup Regional Moot Court, IN
- Competitor, Shearman & Sterling Jessup International Law Moot Court, Washington D.C.

**University of Northern Iowa** Cedar Falls, Iowa
Bachelor of Arts in Organizational Communication May 2004
- Minors in Journalism and Ethics
- Class Rank: 6/967 B.A. Liberal Arts Degrees, Cumulative GPA: 3.98
  - *Summa Cum Laude*
  - Purple and Old Gold Award (ranked first in major)
  - Dean's Scholar (full-tuition merit scholarship)
  - News Editor, *Northern Iowan*

## Professional Awards

| | |
|---|---|
| Missouri Up & Coming Lawyer Award | 2013 |
| Missouri Alliance for Animal Legislation Special Recognition Award | 2013 |
| Litigate Like a Champion Award, Agriculture & Environment Division | 2012, 2013 |
| Attorney General's Award for Extraordinary Contribution to the Office | 2010 |
| Attorney General's Award for Excellence in Client Service | 2009 |
| Ruth Culbertson Memorial Award, Outstanding Service to *Northern Iowan* | 2004 |

## Teaching Experience

| | |
|---|---|
| Panelist, Animal Grantmakers | 2021 |
| Panelist, Rewilding, ABA International Animal Law Series, Lewis & Clark Law School Lecture Series, and Harvard Law School's Animal Law Week | 2021 |
| Lecturer, Golden Gate University School of Law, Animal Law Class | 2021 |
| Lecturer, University of San Francisco School of Law, Animal Law Class | 2019, 2020 |
| Panelist, Climate Change, Animal Law Conference | 2019 |
| Panelist, Wildlife for All Conference, Public Trust Resource Litigation | 2018 |
| Panelist, Local Agency Roundtable, Council on Governmental Ethics Laws | 2017 |
| Panelist, Animal Law Conference: Changing Perceptions of Captive Wildlife | 2016 |
| Panelist, Speak for Wolves: Aesthetic Injury: What is it and how does it work? | 2016 |
| Panelist, PIELC: ESA applied to Captive Wildlife | 2016 |
| Golden Gate University: Legal Strategies for Stopping Predator Derbies | 2016 |
| Judge, National Animal Law Competition | 2015 |
| Lecturer, MDA/USDA: "Understanding Missouri Animal Welfare Legislation" | 2009-2013 |
| Instructor, NITA Trial Training & Deposition Programs, Missouri AGO | 2011-2013 |
| Lecturer, MO State Investigators Association, "Witness Prep & Missouri Courts" | 2013 |
| Lecturer, University of Missouri School of Law Agricultural Law Class | 2011, 2012 |
| Lecturer, University of Missouri School of Law Energy Law Class | 2012 |
| Panelist, MEEA Spring Conference: "Civil Penalties & Persuading Judges" | 2012 |
| Lecturer, MDA/USDA Annual Training: "Witness Preparation and Demeanor" | 2010, 2012 |
| Panelist, MEEA Spring Conference: "Missouri's Water Quality Enforcement Initiative at the Lake of the Ozarks" | 2011 |

## Associations and Community Service

Member of the City of Berkeley Fair Campaign Practices Commission and Open Government Commission; California Bar Association, Environmental Law Group; Alameda County Bar Association; Missouri Bar Association, Environmental and Energy Law Committee; Member, Unitarian Universalists of Petaluma, Social Action Committee 2011-2013; Member, Elwood L. Thomas Inn of Court 2008-2013; Training Chair, Midwest Environmental Enforcement Association (MEEA) 2009-2013; Co-chair, Gaines Project, a pipeline project of the Missouri Solicitor General 2011-2013; Fundraising Committee, HALO Foundation

**Representative Cases**

*Great Lakes Wildlife Alliance, et al. v. Wisconsin Department of Natural Resources* (Wis. 2021) (Constitutional claim against state for illegally hosting a hunt of gray wolves, won injunction stopping hunt)

*Farm Sanctuary, et al. v. United States Dept. of Agriculture* (W.D. Ny, 2021) (two lawsuits against federal government for failing to regulate the slaughter of pigs)

*Tracey K. Kuehl, et al. v. Pamela Sellner, et al.* (Delaware Cty, Iowa, 2020) (contempt action against owners of roadside zoo violating injunction and selling or killing exotic animals)

*Save the Hill Group v. City of Livermore* (Alameda Cty, California, 2019) (CEQA claim against local municipality)

*Animal Legal Def. Fund, et al. v. Fur-Ever Wild, et al.* (U.S. Dist. Minn., 2019) (action against owners of fur farm under Section 9 of the Endangered Species Act regarding endangered gray wolves)

*Tracey K. Kuehl, et al. v. Pamela Sellner, et al.* (Delaware Cty, Iowa, 2019) (action against owners of roadside zoo for creating a public nuisance)

*Larry Lee v. Amazon.com, Inc.* (Alameda Cty, California, 2019) (action seeking enforcement of Proposition 65 warning requirement for sales of cosmetic creams containing mercury)

*Animal Legal Def. Fund v. United States, et al.* (U.S. E.D. Ore., 2018) (action seeking enforcement of right to wilderness against federal government for failure to mitigate impacts of climate change on public lands ecosystems)

*Stop Syar Expansion, et al. v. Syar Industries, Inc.* (Napa Cty, California, 2018) (action challenging air emissions from rock quarry located in residential neighborhood under Proposition 65 and public nuisance)

*Dakota Metal Fabrication v. Tribal Employment Rights Office* (Turtle Mountain, North Dakota, 2018) (defended action against the Tribe to protect Tribe's jurisdiction over contractors operating on reservation lands)

*Western Plains Animal Refuge v. Jordan Breske* (Kansas 2016) (action challenging coyote hunting contest based on public nuisance theory) (lead counsel for plaintiff).

*Tracey K. Kuehl, et al. v. Pamela Sellner,* et al. (U.S. N.D. Iowa, 2016) (action against owners of roadside zoo under Section 9 of the Endangered Species Act regarding endangered lions) (lead counsel for plaintiff).

*Tracey K. Kuehl, et al. v. Pamela Sellner,* et al. Case No. C14-02034, (U.S. N.D. Iowa, 2014) (action against owners of roadside zoo under Section 9 of the Endangered Species Act regarding endangered tigers, lemurs, and wolves) (lead counsel for plaintiff).

*Animal Legal Def. Fund, et al. v. Mendocino County Board of Supe*. Case No. SCUK-CVPT-14-64916 (Mendocino Cty, Ca. 2016) (action against county government for failing to comply with CEQA before contracting with the federal government to perform lethal predator management) (lead counsel for plaintiff ALDF and primary liaison for coalition to outside counsel).

*Animal Legal Def. Fund, et al. v. Monterey County Board of Supe*. (Monterey Cty, Ca. 2016) (action

against county government for failing to comply with CEQA before contracting with the federal government to perform lethal predator management) (lead counsel for plaintiff ALDF and primary liaison for coalition to outside counsel).

*Barbara Keith, et al. v. Commw. Penn. Dept. of Ag.* PICS Case No. 15-0775 (Pa. Commw. May 13, 2015) (action against Pennsylvania for ultra vires agency action in promulgating rules that conflict with statutory language) (lead counsel for plaintiffs).

*Animal Legal Def. Fund v. Vilsack*, 110 F.Supp.3d 157 (U.S. D.D.C. 2015) (action challenging USDA's pattern and practice of renewing animal exhibitor licenses without regard to compliance under the Animal Welfare Act) (lead counsel for plaintiffs).

*Thompson v. Freilino*, Case No. 14-01-25CV (Harney Cty., Or. 2014) (action challenging coyote hunting contest based on public nuisance theory) (lead counsel for plaintiff).

*United States of America v. Teck American, Inc., et al.* Case No. 4:13-cv-2548 (U.S. E.D. Mo. 2014) (action under CERCLA against lead mining and smelting companies for natural resource damages) (lead counsel for Missouri).

*United States of America v. Cyprus Amax Minerals, et al.* Case No. 4:14-cv-01876 (U.S. E.D. Mo. 2014) (action under CERCLA against lead mining and smelting companies for natural resource damages) (lead counsel for Missouri).

*United States of America v. U.S. Steel Corp.* Case No. 14-cv-5078 (U.S. W.D. Mo. 2014) (action under CERCLA against lead, zinc, and copper mining and smelting companies for natural resource damages) (lead counsel for Missouri).

*State of Missouri ex. rel. Chris Koster v. Republic Services, Inc., et al.* Case No. 13SL-CC01088 (St. Louis Cty, Mo. 2013) (action against landfill owner for underground landfill fire) (lead counsel for plaintiff through lodging of agreed preliminary injunction order).

*Humane Society of the United States v. Missouri*, 405 S.W.3d 532 (Mo. 2013) (defending against constitutional challenge to rescue licensing provision in Animal Care Facilities Act) (lead counsel for Plaintiff, succeeded after argument before Missouri Supreme Court).

*State of Missouri ex. rel. Chris Koster v. Morningland of the Ozarks,* et al. 384 S.W.3d 346 (Mo. App. W.D. 2012) (action under Missouri food safety laws for impoundment and destruction of cheese products contaminated with *Listeria*) (counsel for plaintiff).

*State of Missouri ex. rel. Chris Koster v. Tim Holland,* Case No. 08DU-CC00161 (Dunklin Cty, Mo. 2012) (action under Missouri Safe Drinking Water Law to compel mobile home park owner to comply with construction requirements for community water systems) (lead counsel for plaintiff).

*State of Misosuri ex. re. Chris Koster v. Armand Bechard, et al.* Case No. 0931-CN15897 (Greene Cty, Mo. 2012) (action under Missouri food safety law for unlawful sale of raw milk) (counsel for plaintiff).

*State of Misosuri ex. re. Chris Koster v. Organic Disposal Services, Inc.* (Polk Cty, Mo. 2012) (action under Missouri Clean Water Law for illegal dumping of animal carcasses, nutrient and organics pollution in nearby stream, remediation costs recovery, and natural resource damages) (co-counsel for plaintiff).

*Samuel T. Smith v. McGinnis Estates Homeowners Assoc.,* Case No. 11-3135-cv (W.D. Mo. 2012) (intervened in citizen suit under federal Safe Drinking Water Act to compel homeowners

association to comply with construction requirements for community water systems) (lead counsel for plaintiff).

*State of Missouri ex. rel. Chris Koster v. U.S. Army Corps of Engineers*, 32011 WL 1630339 (U.S. E.D. Mo. 2011) (action under Missouri Clean Water Law to prohibit the Corps from breaching a levy and flooding thousands of acres of Missouri farmland) (co-counsel for plaintiff).

*State of Missouri ex. rel. Chris Koster v. Black Oak Organics, Inc.,* et al., Case No. 10LW-CC00068 (Lawrence Cty, Mo. 2011) (action under Missouri Clean Water Law to compel owners of an organics composting facility to remediate pollution of nearby losing stream) (lead counsel for plaintiff).

# Brian Colton

## Work Experience

---

### Senior Associate Attorney

Van De Poel Levy Thomas - Walnut Creek, CA
February 2023 to Present

Litigation attorney primarily handling complex construction defect matters. Write Motions, Briefs, and other documents for submission to various Courts in California.

### Litigation Attorney Handling Construction Defect Matters and Property Subrogation

AIG California Staff Legal - Concord, CA
July 2014 to December 2022

Litigation attorney handling construction defect matters and property subrogation for AIG. Write Motions, Briefs, and other documents for submission to various Courts in California. One bench and one jury trial.

### Litigation Attorney Handling General Liability, Construction Defect, and Subrogation Matters

The Hartford California Staff Legal - Oakland, CA
March 2006 to June 2014

Litigation attorney handling general liability, construction defect, and subrogation matters for The Hartford. Write Motions, Briefs, and other documents for submission to various Courts in California. First attorney in Hartford's California staff office to handle multiple practice areas simultaneously.

### Litigation Attorney

Murchison & Cumming - Walnut Creek, CA
May 2004 to August 2004

Litigation attorney in general liability and construction defect matters.

### Litigation Attorney

Law Offices Of Mark Mittelman - Walnut Creek, CA
January 2003 to May 2004

Litigation attorney in general liability, habitability, and construction defect matters.

### Litigation Attorney

Tharpe & Howell - San Jose, CA
March 2001 to May 2002

Litigation attorney in general liability and construction defect matters.

## Education

**J.D. in Law**
UC Law SF - San Francisco, CA
August 1997 to June 2000

**B.A. in law and political science**
UC Irvine - Irvine, CA
September 1991 to June 1995

## Skills

- Legal research
- Proofreading
- Negotiation
- Legal drafting
- Presentation skills
- Writing skills
- In addition to 20 years handling Construction Defect matters, I have experience in personal injury litigation. I recently took on subrogation litigation and was successful with little-to-no previous training and experience. I am highly flexible, carrying caseloads in up to three practice areas, with differing support staff. I have tried a bench and jury matter, respectively, relating to Travelers Insurance subrogation against subcontractors in Construction Defect matters.
- Microsoft Outlook
- Case management
- English
- Calendar management
- Adobe Acrobat
- Typing
- Legal research

## Certifications and Licenses

**California State Bar**

**JENNIFER RAE LOVKO**

---

**EDUCATION**

Golden Gate University School of Law, San Francisco, CA, J.D. (May 2000)
Class Rank: Valedictorian; Grade Point: 3.8

The College of William & Mary, Williamsburg, VA, M.A. in Sociology (August 1993)
Grade Point: 3.87 (Magna Cum Laude)

Old Dominion University, Norfolk, VA, B.S. in Liberal Arts (August 1989)
Grade Point: 3.77 (Summa Cum Laude)

**EMPLOYMENT**

Joseph Farzam Law Firm, Los Angeles, CA (January 2021 - Present)
*Contract Attorney*. I work remotely as a legal writer for this personal injury law firm. Assignments have included motions for summary judgment, demurrers, motions to tax, motions for reconsideration, motions in limine, mediation briefs, and more.

Various Academic Institutions, Bay Area, CA (2014 - 2021)
*Adjunct Legal Professor, MCLE Instructor, and History/Government Teacher*. In 2012 and 2015, I created and taught an MCLE course on legal ethics for the "Beat the Clock" event held at Golden Gate University School of Law. In 2014 and 2015, I served as an adjunct professor teaching legal writing and research for the University of California, Berkeley Law LL.M. Program. Since 2015, I have taught history/government classes at secondary schools in the Bay Area.

Lovko & King LLP, Berkeley, CA (2011 - 2017)
*Attorney*. My practice focused on representing plaintiffs and tenants in personal injury/wrongful death, product defect, landlord - tenant, elder abuse, and employment law cases. I handled all matters associated with these cases, from intake to resolution.

Paul & Hanley LLP, Berkeley, CA (2000 – 2011)
*Managing Attorney/Junior Partner.* The firm's focus was personal injury/wrongful death cases involving occupational toxins such as asbestos and benzene. I participated in hundreds of depositions, regularly propounded and answered discovery, engaged in investigation and document review, researched, wrote and argued pre-trial and post-trial motions, and engaged in various aspects of jury trials. Furthermore, I oversaw the work of attorneys, investigators, legal secretaries, law clerks, and administrative assistants.

**PUBLICATIONS**

California Basic Practice Handbook (CEB, Last Updated 2016)
California Tort Guide (CEB, Last Updated 2017)
California Tort Forms From Expert Litigators (CEB, Discontinued in 2017)

# LILY A. RIVO

## EXPERIENCE

**GREENFIRE LAW, P.C.**

*Associate Attorney* 5/2023 - Current

Litigate environmental, land use, and animal law caseload: client management, legal research, drafting pleadings, drafting motions and oppositions, research and drafting strategy and analysis memoranda for clients, preparing cases for trial under the Freedom of Information Act, and the California Public Records Act.

**LILY RIVO, ESQ. WRITING SERVICES** 2021 - Current

*Principal Attorney*

Conduct legal research and craft written content relevant to California statutory law, including criminal law, personal injury, bankruptcy, and workers' compensation. Analyze and summarize new legal content for law firms and solo practitioners across different practice areas and jurisdictions. Manage all aspects of the business including invoicing, managing clients and marketing services. Integrate search-engine optimized (SEO) language and update to reflect changing guidelines and practices such as keywords, formulas, and links.

**JUSTIA, Mountain View, CA** 2016 - 2021

*Attorney Content Writer*

Researched criminal law, personal injury, bankruptcy, family, and worker's compensation laws and prepared written content including practice area pages, locality pages, and blogs for lawyers and firms. Summarized court opinions as related to the client's practice area. Integrated and updated SEO guidelines. Managed multiple client assignments, produced monthly pages and blogs, updated websites using HTML.

**DEPT. OF JUSTICE, OFFICE OF THE ATTORNEY GENERAL, San Francisco, CA**

*Deputy Attorney* 2007-2009

Engage in all aspects of civil litigation, from inception through trial. Represented California Department of Corrections and Rehabilitation employees in civil suits filed by prisoners in state and federal court. Conducted depositions, drafted declarations, and responded to discovery. Prevailed on motions to dismiss and motions for summary judgment on procedural and substantive issues, including qualified immunity and the merits of constitutional claims. Carried own caseload while collaborating with supervisor.

## EDUCATION

**UNIVERSITY OF CALIFORNIA, HASTINGS COLLEGE OF THE LAW (UC LAW S.F)**

*Juris Doctor* 2005

Legal Research & Writing Teaching Assistant

Extern, The Honorable Joseph C. Spero, U.S. District Court Northern District CA

**UNIVERSITY OF CALIFORNIA, SAN DIEGO** 2001

*Bachelor Arts, Cum Laude*

Research Scholar Award, honors thesis, *"Crime Waves, Violent Teens, and More"*

# EXHIBIT M

| Date | Hours | Activity category | UTBMS task code | Description | Rate ($) | Billable ($) | User |
|---|---|---|---|---|---|---|---|
| 08/21/2023 | 0.2 | A104 Review/analyze L390 Other Discovery | L390 Other Discovery | Download, review, and process Rowell Ranch discovery responses | $ 720.00 | $ 144.00 | Jessica Blome |
| 08/21/2023 | 0.5 | A104 Review/analyze L390 Other Discovery | L390 Other Discovery | Review Deniz Bolbol's draft responses to RRR's first set of interrogatories | $ 720.00 | $ 360.00 | Jessica Blome |
| 08/21/2023 | 0.5 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Revise draft discovery to HARD, set one | $ 720.00 | $ 360.00 | Jessica Blome |
| 08/21/2023 | 0.4 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Revise draft written discovery to HARD, County | $ 720.00 | $ 288.00 | Jessica Blome |
| 08/22/2023 | 0.3 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review, finalize draft written responses to RRR discovery, set one, send to client for approval and instruction for collecting documents for production | $ 720.00 | $ 216.00 | Jessica Blome |
| 08/22/2023 | 0.1 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Exchange emails with DW re: questions about draft discovery to County | $ 720.00 | $ 72.00 | Jessica Blome |
| 08/25/2023 | 0.1 | A106 Communicate (with client) L390 Other Discovery | L390 Other Discovery | Exchange emails with Pat C. re: draft responses to RRR roggs, set 1 | $ 720.00 | $ 72.00 | Jessica Blome |
| 08/25/2023 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Review email from JB to DW regarding preparing discovery responses and JB | $ 500.00 | $ 50.00 | Lily Rivo |
| 08/25/2023 | 0.1 | A106 Communicate (with client) L390 Other Discovery | L390 Other Discovery | Confer with clients, associate re: need for phone records | $ 720.00 | $ 72.00 | Jessica Blome |
| 09/01/2023 | 0.1 | A107 Communicate (other outside counsel) L390 Other Discovery | L390 Other Discovery | Review correspondence from County and confirm receipt of all produced body cam footage in response to RPD | $ 500.00 | $ 50.00 | Lily Rivo |
| 09/01/2023 | 0.2 | A110 Manage data/files L310 Written Discovery | L310 Written Discovery | Download, manage Country production of written discovery | $ 500.00 | $ 100.00 | Lily Rivo |
| 09/05/2023 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Confer with JB regarding discovery responses and written discovery propounded | $ 500.00 | $ 50.00 | Lily Rivo |
| 09/05/2023 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Confer with LR regarding discovery responses and written discovery propounded | $ 720.00 | $ 72.00 | Jessica Blome |
| 09/05/2023 | 0.4 | A106 Communicate (with client) L310 Written Discovery | L310 Written Discovery | Exchange emails with client, P. Cuviello re: meet and confer topics for RRR and ACSO | $ 720.00 | $ 288.00 | Jessica Blome |
| 09/07/2023 | 0.1 | A106 Communicate (with client) L310 Written Discovery | L310 Written Discovery | Review HARD email request for extension to respond to discovery, email client re: same | $ 720.00 | $ 72.00 | Jessica Blome |
| 09/07/2023 | 0.9 | A103 Draft/revise L160 Settlement/Non-Binding | L160 Settlement/Non-Binding ADR | Draft settlement offer, send to clients for review/comment | $ 720.00 | $ 648.00 | Jessica Blome |
| 09/07/2023 | 0.2 | A106 Communicate (with client) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Exchange emails with client re: edits to draft settlement offer | $ 720.00 | $ 144.00 | Jessica Blome |
| 09/07/2023 | 0.1 | A103 Draft/revise L160 Settlement/Non-Binding | L160 Settlement/Non-Binding ADR | Revise draft settlement offer to incorporate client comments | $ 720.00 | $ 72.00 | Jessica Blome |
| 09/08/2023 | 0.2 | A104 Review/analyze L160 Settlement/Non-Binding | L160 Settlement/Non-Binding ADR | Review settlement offer, email JB re edits | $ 500.00 | $ 100.00 | Lily Rivo |
| 09/08/2023 | 0.1 | A107 Communicate (other outside counsel) L160 Settlement/Non-Binding | L160 Settlement/Non-Binding ADR | Final edits to settlement offer and transmit to counsel | $ 500.00 | $ 50.00 | Lily Rivo |
| 09/11/2023 | 0.5 | A103 Draft/revise L390 Other Discovery | L390 Other Discovery | Draft and send out meet and confer letter over interrogatory responses to RRR | $ 720.00 | $ 360.00 | Jessica Blome |
| 09/12/2023 | 0.1 | A108 Communicate (other external) L390 Other Discovery | L390 Other Discovery | Exchange emails with ACSO attorney re: meet and confer over discovery | $ 720.00 | $ 72.00 | Jessica Blome |
| 09/14/2023 | 0.1 | A106 Communicate (with client) L310 Written Discovery | L310 Written Discovery | Review JB correspondence to client regarding discovery responses to ASCO, timing | $ 500.00 | $ 50.00 | Lily Rivo |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 09/14/2023 | 0.1 | A108 Communicate (other external) L310 Written Discovery | L310 Written Discovery | Exchange emails with P. Cuviello regarding responses to ACSO discovery | $ 720.00 | $ 72.00 | Jessica Blome |
| 09/21/2023 | 0.1 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review communication with clients regarding upcoming discovery response to ASCO on 10/2 | $ 500.00 | $ 50.00 | Lily Rivo |
| 09/21/2023 | 0.1 | A106 Communicate (with client) L390 Other Discovery | L390 Other Discovery | Review County's request for extension to respond to discovery, send client recommendation re: same | $ 720.00 | $ 72.00 | Jessica Blome |
| 09/21/2023 | 0.1 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review emails from clients confirming ACSO extension of deadline to respond to discovery | $ 500.00 | $ 50.00 | Lily Rivo |
| 09/21/2023 | 0.1 | A108 Communicate (other external) L310 Written Discovery | L310 Written Discovery | Exchange emails with client, P. Cuviello re: extending deadline for ACSO to respond to discovery | $ 720.00 | $ 72.00 | Jessica Blome |
| 09/21/2023 | 0.1 | A108 Communicate (other external) L310 Written Discovery | L310 Written Discovery | Exchange emails with counsel for ACSO responding to request for extension to serve responses to discovery | $ 720.00 | $ 72.00 | Jessica Blome |
| 09/21/2023 | 0.1 | A108 Communicate (other external) L310 Written Discovery | L310 Written Discovery | Further exchange of emails with ACSO counsel re: discovery deadlines | $ 720.00 | $ 72.00 | Jessica Blome |
| 09/28/2023 | 0.3 | A108 Communicate (other external) L390 Other | L390 Other Discovery | Meet and confer call with ACSO's counsel | $ 720.00 | $ 216.00 | Jessica Blome |
| 09/28/2023 | 0.1 | A106 Communicate (with client) L390 Other Discovery | L390 Other Discovery | Email update to clients after call with Marc Brainich | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/05/2023 | 0.1 | A106 Communicate (with client) L310 Written Discovery | L310 Written Discovery | Exchange emails with client regarding responses to ACSO discovery | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/05/2023 | 0.1 | A108 Communicate (other external) L310 Written | L310 Written Discovery | Exchange emails with ACSO counsel re: discovery responses | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/05/2023 | 0.2 | A106 Communicate (with client) L390 Other Discovery | L390 Other Discovery | Review client email with review of bodycam footage | $ 720.00 | $ 144.00 | Jessica Blome |
| 10/05/2023 | 0.1 | A108 Communicate (other external) L390 Other Discovery | L390 Other Discovery | Follow up with RRR counsel on 9/11 meeting and confer letter re: phone logs | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/05/2023 | 0.1 | A108 Communicate (other external) L390 Other Discovery | L390 Other Discovery | Write to opposing counsel for RRR and ACSO to follow up on meet and confer efforts over discovery production | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/05/2023 | 0.1 | A105 Communicate (in firm) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Exchange emails with PC re: drafting settlement conference statement | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/05/2023 | 0.1 | A108 Communicate (other external) L310 Written Discovery | L310 Written Discovery | Exchange emails with ACSO re: extension of discovery response deadline | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/06/2023 | 0.4 | A104 Review/analyze L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Review HARD's settlement conference statement, respond with offer to provide attorneys' fee worksheet | $ 720.00 | $ 288.00 | Jessica Blome |
| 10/10/2023 | 0.1 | A106 Communicate (with client) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Review email from Rowell Ranch transmitting settlement conference statements, email client re: same | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/10/2023 | 0.2 | A104 Review/analyze L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Review and process ACSO settlement conference statement, send to client | $ 720.00 | $ 144.00 | Jessica Blome |
| 10/10/2023 | 0.3 | A103 Draft/revise L160 Settlement/Non-Binding | L160 Settlement/Non-Binding ADR | Revise/finalized draft settlement conference statement | $ 720.00 | $ 216.00 | Jessica Blome |
| 10/10/2023 | 0.1 | A105 Communicate (in firm) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Email DW with instructions for preparing and serving the settlement conference statement | $ 720.00 | $ 72.00 | Jessica Blome |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10/10/2023 | 0.1 | A106 Communicate (with client) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Email client re: final edits to settlement conference statement | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/10/2023 | 0.1 | A106 Communicate (with client) P500 Negotiation/Revision/Respo | P500 Negotiation/Revision/Responses | Exchange emails with client re: settlement conference | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/10/2023 | 0.2 | A104 Review/analyze L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Review settlement conference statement to ensure hyperlinks work, formatting matches, it's ready to file | $ 720.00 | $ 144.00 | Jessica Blome |
| 10/12/2023 | 0.8 | A106 Communicate (with client) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Pre-meeting with clients in advance of settlement conference | $ 720.00 | $ 576.00 | Jessica Blome |
| 10/12/2023 | 0.1 | A108 Communicate (other external) L310 Written Discovery | L310 Written Discovery | Email ACSO to follow up about sending discovery requests in Word | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/12/2023 | 0.1 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review and process ACSO's discovery to plaintiffs in Word | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/13/2023 | 0.1 | A106 Communicate (with client) L310 Written Discovery | L310 Written Discovery | Exchange emails with client transmitting discovery responses from County | $ 500.00 | $ 50.00 | Lily Rivo |
| 10/16/2023 | 0.1 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Calendar discovery deadline extension to 11/18/23 | $ 150.00 | $ 15.00 | Donna Wallace |
| 10/17/2023 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Confer with LR re: plan for review/finalizing discovery responses to ACSO | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/17/2023 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Confer with JB re: plan for review/finalizing discovery responses to ACSO | $ 500.00 | $ 50.00 | Lily Rivo |
| 10/18/2023 | 1 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review discovery responses to written discovery propounded by County, incorporate edits, submit to JB for final review | $ 500.00 | $ 500.00 | Lily Rivo |
| 10/18/2023 | 0.2 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Review LR's proposed revisions to discovery responses, confer with her re: getting client approval for proposed changes | $ 720.00 | $ 144.00 | Jessica Blome |
| 10/18/2023 | 0.4 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Incorporate changes to discovery per JB edits, draft email to clients submitting changes. | $ 500.00 | $ 200.00 | Lily Rivo |
| 10/18/2023 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Exchange emails with LR re: further edits to discovery responses to ACSO | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/18/2023 | 0.3 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Finalize edits to RFAs per JB comments and send to client for verification. | $ 500.00 | $ 150.00 | Lily Rivo |
| 10/18/2023 | 0.1 | A106 Communicate (with client) L310 Written Discovery | L310 Written Discovery | Review ACSO's request for additional extension re: discovery, confer with client re: same | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/18/2023 | 0.1 | A106 Communicate (with client) L310 Written Discovery | L310 Written Discovery | Exchange emails with client re: County's request for additional time to respond to discovery | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/18/2023 | 0.1 | A108 Communicate (other external) L310 Written Discovery | L310 Written Discovery | Respond to ACSO's request for extension to respond to discovery | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/18/2023 | 0.3 | A106 Communicate (with client) L310 Written Discovery | L310 Written Discovery | Review email exchange regarding discovery responses between clients and JB | $ 500.00 | $ 150.00 | Lily Rivo |
| 10/18/2023 | 0.1 | A106 Communicate (with client) L310 Written Discovery | L310 Written Discovery | Exchange emails with client re: edits to discovery responses to County discovery | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/18/2023 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Confer with DW regarding RFAs, edits and verification page | $ 500.00 | $ 50.00 | Lily Rivo |
| 10/18/2023 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Confer with LR regarding RFAs, edits and verification page | $ 150.00 | $ 15.00 | Donna Wallace |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 10/18/2023 | 0.3 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Finalize discovery and serve | $ 150.00 | $ 45.00 | Donna Wallace |
| 10/18/2023 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Exchange emails with client, staff to finalize language in RFAs for County | $ 720.00 | $ 72.00 | Jessica Blome |
| 10/18/2023 | 0.3 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Final review of all written discovery propounded by the County for DW to send | $ 500.00 | $ 150.00 | Lily Rivo |
| 10/30/2023 | 0.6 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review ACSO response to Plaintiffs' ROGs | $ 500.00 | $ 300.00 | Lily Rivo |
| 10/30/2023 | 0.2 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review correspondence and discovery propounded by Pat for Rowell Ranch | $ 500.00 | $ 100.00 | Lily Rivo |
| 10/31/2023 | 0.2 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Prepare instructions for second round discovery, send to associate | $ 720.00 | $ 144.00 | Jessica Blome |
| 11/06/2023 | 1.6 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Review discovery, complaint, draft meet and confer letter for ACSO | $ 500.00 | $ 800.00 | Lily Rivo |
| 11/07/2023 | 0.6 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Finalize edits to meet and confer letter per Pat's email, review County responses to quote appropriately and incorporate language. | $ 500.00 | $ 300.00 | Lily Rivo |
| 11/07/2023 | 0.5 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Draft Deniz's Second Set of Interrogs and RFP to Rowell Ranch, editing appropriately and updating description of Doe Defendant 1 | $ 500.00 | $ 250.00 | Lily Rivo |
| 11/08/2023 | 0.7 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Draft final edits to Meet and Confer letter, and update Deniz's Rogs and RFPs for client review. | $ 500.00 | $ 350.00 | Lily Rivo |
| 11/08/2023 | 0.7 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Format and update discovery drafts for RFP, RFA, and ROGS to Rowell Ranch, send to client for review | $ 500.00 | $ 350.00 | Lily Rivo |
| 11/08/2023 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Exchange emails with LR re: status of discovery with ACSO | $ 720.00 | $ 72.00 | Jessica Blome |
| 11/08/2023 | 0.1 | A106 Communicate (with client) L310 Written Discovery | L310 Written Discovery | Draft email exchange and send Meet and Confer letter and draft Discovery to clients, Deniz's RFP and ROGS to RRR, Set Two | $ 500.00 | $ 50.00 | Lily Rivo |
| 11/08/2023 | 0.4 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Review HARD responses to discovery in response to Pat request for more documentation; draft edits to Deniz's RFP and ROGS, reviewing definitions and updating accordingly | $ 500.00 | $ 200.00 | Lily Rivo |
| 11/08/2023 | 1.1 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Draft request for admissions, update the ROGs and RFPs, Set Two, for submission to RRR | $ 500.00 | $ 550.00 | Lily Rivo |
| 11/09/2023 | 0.5 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review meet and confer letter to ACSO, follow up discovery requests (set two, Bolbol) to Rowell Ranch, RFAs to Rowell Ranch | $ 720.00 | $ 360.00 | Jessica Blome |
| 11/09/2023 | 0.2 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Revise meet and confer letter per JB edits, review edits on discovery for updating ROGS and RFPs including definitions | $ 500.00 | $ 100.00 | Lily Rivo |
| 11/09/2023 | 0.1 | A106 Communicate (with client) L310 Written | L310 Written Discovery | Exchange emails with client | $ 720.00 | $ 72.00 | Jessica Blome |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11/14/2023 | 0.4 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Review client changes to meet and confer letter for ACSO counsel, accept edits and propose comments for JB final review | $ 500.00 | $ 200.00 | Lily Rivo |
| 11/14/2023 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Exchange emails with JB regarding meet and confer letter re discovery with ACSO | $ 500.00 | $ 50.00 | Lily Rivo |
| 11/14/2023 | 0.2 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Update definitions on written discovery to RRR, RFA, Set one, RFP and ROGS, Set Two | $ 500.00 | $ 100.00 | Lily Rivo |
| 11/16/2023 | 0.4 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Review and finalize written discovery to RRR, including RFA, Set One, RFP and Interrogatories, Set Two | $ 500.00 | $ 200.00 | Lily Rivo |
| 11/16/2023 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Exchange email with JB regarding written discovery, question regarding RFA Set One additional requests | $ 500.00 | $ 50.00 | Lily Rivo |
| 11/20/2023 | 0.3 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review meet and confer letter for JB final review | $ 500.00 | $ 150.00 | Lily Rivo |
| 11/21/2023 | 0.5 | A103 Draft/revise L390 Other Discovery | L390 Other Discovery | Review/finalize draft meet and confer letter to ACSO, send to ACSO | $ 720.00 | $ 360.00 | Jessica Blome |
| 11/21/2023 | 0.1 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review RFAs, Set One for RRR, client additional requests to confirm consistency | $ 500.00 | $ 50.00 | Lily Rivo |
| 11/21/2023 | 0.1 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review correspondence between JB and counsel for ACSO, review edits to meet and confer letter | $ 500.00 | $ 50.00 | Lily Rivo |
| 11/21/2023 | 0.4 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Review and revise draft written discovery to ACSO, Rowell Ranch, confer with associate re: same | $ 720.00 | $ 288.00 | Jessica Blome |
| 11/21/2023 | 1.6 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Finalize all discovery, update FRCP and edits for propounding on RRR. | $ 500.00 | $ 800.00 | Lily Rivo |
| 11/22/2023 | 0.4 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Update proof of service and date, finalize and propound discovery to RRR, Set One RFA, Set Two ROGS and RPDs | $ 500.00 | $ 200.00 | Lily Rivo |
| 11/28/2023 | 0.1 | A105 Communicate (in firm) L390 Other Discovery | L390 Other Discovery | Confer with staff re: discovery questions | $ 720.00 | $ 72.00 | Jessica Blome |
| 11/28/2023 | 0.1 | A107 Communicate (other outside counsel) L160 Settlement/Non-Binding | L160 Settlement/Non-Binding ADR | Confer with RRR counsel, RRR counsel asks if Plaintiffs open to settlement via phonecall | $ 500.00 | $ 50.00 | Lily Rivo |
| 11/28/2023 | 0.2 | A103 Draft/revise L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Draft confirmation to RRR regarding settlement demand letter, review demand sent September 9, 2023 | $ 500.00 | $ 100.00 | Lily Rivo |
| 12/04/2023 | 0.1 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review HARD's response to RFP, Set One, as of 10-05-2023, counsel stating all documents had been provided by link; | $ 500.00 | $ 50.00 | Lily Rivo |
| 12/06/2023 | 0.4 | A104 Review/analyze L390 Other Discovery | L390 Other Discovery | Review HARD responses to RFP, Set 1, confirm no deficiencies in production, save for production of video as requested in RFP No 14 | $ 500.00 | $ 200.00 | Lily Rivo |
| 12/11/2023 | 0.5 | A104 Review/analyze L390 Other Discovery | L390 Other Discovery | Review HARD responses to RFP, Set One, note video evidence missing, draft clio notes and f/u with client | $ 500.00 | $ 250.00 | Lily Rivo |
| 12/12/2023 | 0.1 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review discovery deadline for RRR responses to written discovery propounded by Deniz | $ 500.00 | $ 50.00 | Lily Rivo |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 12/12/2023 | 0.1 | A106 Communicate (with client) L390 Other Discovery | L390 Other Discovery | Review email from County Counsel re: meet and confer call, write to co-plaintiff re: schedule for same | $ 720.00 | $ 72.00 | Jessica Blome |
| 12/13/2023 | 0.1 | A105 Communicate (in firm) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Review JB email to clients re meeting tomorrow with County, potential settlement | $ 500.00 | $ 50.00 | Lily Rivo |
| 12/14/2023 | 0.5 | A108 Communicate (other external) L310 Written Discovery | L310 Written Discovery | Call with Marc Brainich, attorney for ACSO, re: discovery responses | $ 720.00 | $ 360.00 | Jessica Blome |
| 12/14/2023 | 0.1 | A108 Communicate (other external) L310 Written Discovery | L310 Written Discovery | Revise meet and confer email to conform to client edits, send to counsel for Alameda County | $ 720.00 | $ 72.00 | Jessica Blome |
| 12/15/2023 | 0.2 | A108 Communicate (other external) L390 Other Discovery | L390 Other Discovery | Review meet and confer letter from County Counsel following up on 12/14 call, confer with client and co-plaintiff re: strategy for dealing with same | $ 720.00 | $ 144.00 | Jessica Blome |
| 12/15/2023 | 0.2 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review correspondence from County regarding meet and confer, call yesterday and notes from phone log | $ 500.00 | $ 100.00 | Lily Rivo |
| 12/15/2023 | 0.1 | A107 Communicate (other outside counsel) L310 Written Discovery | L310 Written Discovery | Exchange email with RRR opposing counsel granting extension response | $ 500.00 | $ 50.00 | Lily Rivo |
| 12/18/2023 | 0.3 | A103 Draft/revise L390 Other Discovery | L390 Other Discovery | Review County letter to plaintiffs dated 12/18 and draft request for deposition, refer to local rules for discovery cut-off | $ 500.00 | $ 150.00 | Lily Rivo |
| 12/18/2023 | 0.1 | A106 Communicate (with client) L390 Other Discovery | L390 Other Discovery | Exchange emails with clients regarding deposition scheduling | $ 500.00 | $ 50.00 | Lily Rivo |
| 12/18/2023 | 0.1 | A107 Communicate (other outside counsel) L390 Other Discovery | L390 Other Discovery | Review County response to discovery request (deposition) from RRR | $ 500.00 | $ 50.00 | Lily Rivo |
| 12/19/2023 | 0.6 | A101 Plan and prepare for P500 Negotiation/Revision/Respo | P500 Negotiation/Revision/Responses | Update fee sheet, send recommendation to client | $ 720.00 | $ 432.00 | Jessica Blome |
| 12/19/2023 | 0.1 | A106 Communicate (with client) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Review email exchange btwn JB and clients regarding fees and settlement, communications from opposing counsel | $ 500.00 | $ 50.00 | Lily Rivo |
| 12/20/2023 | 0.1 | A108 Communicate (other external) P500 Negotiation/Revision/Respo | P500 Negotiation/Revision/Responses | Email ACSO with update to fee demand | $ 720.00 | $ 72.00 | Jessica Blome |
| 12/21/2023 | 0.8 | A106 Communicate (with client) L390 Other Discovery | L390 Other Discovery | Call with client to discuss discovery strategy | $ 720.00 | $ 576.00 | Jessica Blome |
| 12/21/2023 | 1 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Analyze discovery responses, create new table for evidence review | $ 720.00 | $ 720.00 | Jessica Blome |
| 12/22/2023 | 0.8 | A104 Review/analyze L390 Other Discovery | L390 Other Discovery | Review audio recording from County - Houts call to Sheriff and notes from JB regarding discrepancy between alleged plan to attend rodeo and request for "detail" analyze for FA purposes | $ 500.00 | $ 400.00 | Lily Rivo |
| 12/22/2023 | 0.9 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review ROGS and update chart - review communications about the ACSO plan to attend and the EAP plan. | $ 500.00 | $ 450.00 | Lily Rivo |
| 12/27/2023 | 1.8 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review discovery (ACSO Rogs) and update chart | $ 500.00 | $ 900.00 | Lily Rivo |
| 12/27/2023 | 0.5 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review Pat draft discovery to ACSO, RFP, Set 2 | $ 500.00 | $ 250.00 | Lily Rivo |
| 12/28/2023 | 0.3 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Final revisions to RFP, Set 2 to County | $ 500.00 | $ 150.00 | Lily Rivo |
| 12/28/2023 | 0.2 | A110 Manage data/files L310 Written Discovery | L310 Written Discovery | Review propounded discovery, calendar deadlines accordingly | $ 500.00 | $ 100.00 | Lily Rivo |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 12/29/2023 | 0.1 | A106 Communicate (with client) L310 Written | L310 Written Discovery | Exchange emails with clients re RFP, Set Two | $ 500.00 | $ 50.00 | Lily Rivo |
| 01/01/2024 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Exchange emails with client, co-counsel, co-plaintiff re: new discovery | $ 720.00 | $ 72.00 | Jessica Blome |
| 01/02/2024 | 0.1 | A106 Communicate (with client) L310 Written | L310 Written Discovery | Exchange emails with Pat approving draft RFP | $ 500.00 | $ 50.00 | Lily Rivo |
| 01/02/2024 | 0.1 | A110 Manage data/files L310 Written Discovery | L310 Written Discovery | Calendar deadlines for ACSO propounded discovery | $ 500.00 | $ 50.00 | Lily Rivo |
| 01/02/2024 | 0.1 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review ACSO propounded discovery due 1/29 | $ 500.00 | $ 50.00 | Lily Rivo |
| 01/02/2024 | 0.1 | A110 Manage data/files L310 Written Discovery | L310 Written Discovery | Calendar and update deadlines per Stipulation to extend | $ 500.00 | $ 50.00 | Lily Rivo |
| 01/02/2024 | 0.1 | A110 Manage data/files L310 Written Discovery | L310 Written Discovery | Confirm tasked discovery deadlines | $ 500.00 | $ 50.00 | Lily Rivo |
| 01/02/2024 | 0.1 | A104 Review/analyze L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Review request for transcript from preliminary injunction hearing | $ 720.00 | $ 72.00 | Jessica Blome |
| 01/02/2024 | 0.1 | A106 Communicate (with client) L310 Written | L310 Written Discovery | Exchange emails with client re: additional discovery | $ 720.00 | $ 72.00 | Jessica Blome |
| 01/03/2024 | 0.1 | A104 Review/analyze L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Review court order approving stipulated change to scheduling order, confer with staff re: same | $ 720.00 | $ 72.00 | Jessica Blome |
| 01/03/2024 | 0.2 | A104 Review/analyze L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Review court order re: transcript redactions, calendar deadline, confer with client re: same | $ 720.00 | $ 144.00 | Jessica Blome |
| 01/03/2024 | 0.9 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Review RFP, Set two, incorporating client suggested language and referring to RFP, Set One | $ 500.00 | $ 450.00 | Lily Rivo |
| 01/03/2024 | 0.1 | A106 Communicate (with client) L310 Written | L310 Written Discovery | Exchange emails with clients re RFP Set Two for the County | $ 500.00 | $ 50.00 | Lily Rivo |
| 01/03/2024 | 0.4 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review draft discovery to County, Set Two | $ 720.00 | $ 288.00 | Jessica Blome |
| 01/03/2024 | 0.1 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review changes to RFP, Set Two to ACSO per JB | $ 500.00 | $ 50.00 | Lily Rivo |
| 01/04/2024 | 0.1 | A106 Communicate (with client) L310 Written | L310 Written Discovery | Exchange emails with client re: edits to written discovery | $ 720.00 | $ 72.00 | Jessica Blome |
| 01/04/2024 | 0.6 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Finalize and include attachment for discovery, RFP, Set Two for ACSO; redact letter | $ 500.00 | $ 300.00 | Lily Rivo |
| 01/04/2024 | 0.2 | A110 Manage data/files L310 Written Discovery | L310 Written Discovery | Finalize RFP, Set Two to County, transmit and calendar all deadlines | $ 500.00 | $ 100.00 | Lily Rivo |
| 01/08/2024 | 0.5 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review RRR's responses to discovery, set two | $ 720.00 | $ 360.00 | Jessica Blome |
| 01/08/2024 | 0.1 | A108 Communicate (other external) L310 Written Discovery | L310 Written Discovery | Exchange emails with co-plaintiff re: RRR's responses to discovery, potential protective order | $ 720.00 | $ 72.00 | Jessica Blome |
| 01/08/2024 | 0.1 | A108 Communicate (other external) L310 Written Discovery | L310 Written Discovery | Exchange emails with opposing counsel re: RRR's responses to discovery, potential protective order | $ 720.00 | $ 72.00 | Jessica Blome |
| 01/08/2024 | 0.2 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review and sign protective order from RRR, submit to Pat for signature | $ 500.00 | $ 100.00 | Lily Rivo |
| 01/08/2024 | 0.5 | A102 Research L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Research motion for sanctions for Rowell Ranch Rodeo's perjury in discovery | $ 720.00 | $ 360.00 | Brian Colton |
| 01/09/2024 | 0.3 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Prepare motion for sanctions against defendant Rowell Ranch Rodeo | $ 720.00 | $ 216.00 | Brian Colton |
| 01/09/2024 | 0.6 | A102 Research L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Research federal law regarding sanctions for abuse of discovery by means of perjury | $ 720.00 | $ 432.00 | Brian Colton |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 01/10/2024 | 1 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Prepare motion for sanctions against defendant Rowell Ranch Rodeo | $ 720.00 | $ 720.00 | Brian Colton |
| 01/10/2024 | 0.9 | A102 Research L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Research federal law regarding sanctions for abuse of discovery by means of perjury | $ 720.00 | $ 648.00 | Brian Colton |
| 01/11/2024 | 1.1 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Prepare motion for sanctions against defendant Rowell Ranch Rodeo | $ 720.00 | $ 792.00 | Brian Colton |
| 01/15/2024 | 1 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Prepare motion for sanctions against defendant Rowell Ranch Rodeo | $ 720.00 | $ 720.00 | Brian Colton |
| 01/16/2024 | 0.7 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Prepare motion for sanctions against defendant Rowell Ranch Rodeo | $ 720.00 | $ 504.00 | Brian Colton |
| 01/16/2024 | 0.8 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Edit draft discovery response from Pat (RFA) to County, Set Two | $ 500.00 | $ 400.00 | Lily Rivo |
| 01/17/2024 | 0.4 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Prepare proposed order for motion for sanctions against defendant Rowell Ranch Rodeo | $ 720.00 | $ 288.00 | Brian Colton |
| 01/17/2024 | 0.5 | A102 Research L350 Discovery Motions | L350 Discovery Motions | Research basis for motion for sanctions against defendant Rowell Ranch Rodeo | $ 720.00 | $ 360.00 | Brian Colton |
| 01/17/2024 | 1.1 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Prepare motion for sanctions against defendant Rowell Ranch Rodeo | $ 720.00 | $ 792.00 | Brian Colton |
| 01/17/2024 | 0.4 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Prepare declaration of Jessica Blome in support of motion for sanctions against defendant Rowell Ranch Rodeo | $ 720.00 | $ 288.00 | Brian Colton |
| 01/17/2024 | 0.5 | A103 Draft/revise L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Prepare meet and confer letter to counsel for Rowell Ranch Rodeo, Inc and required by local rule | $ 720.00 | $ 360.00 | Brian Colton |
| 01/17/2024 | 0.6 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review and revise discovery responses to ACSO from Plaintiffs | $ 500.00 | $ 300.00 | Lily Rivo |
| 01/18/2024 | 3.8 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Prepare motion for sanctions against defendant Rowell Ranch Rodeo | $ 720.00 | $ 2,736.00 | Brian Colton |
| 01/18/2024 | 1.1 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Prepare declaration of Jessica Blome and exhibits thereto in support of motion for sanctions against defendant Rowell Ranch Rodeo | $ 720.00 | $ 792.00 | Brian Colton |
| 01/18/2024 | 0.5 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Review RFA responses to ACSO and edit, draft objections as appropriate | $ 500.00 | $ 250.00 | Lily Rivo |
| 01/19/2024 | 0.8 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Draft and revise written discovery response to ACSO | $ 500.00 | $ 400.00 | Lily Rivo |
| 01/19/2024 | 2.6 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Draft HARD discovery responses including to Special ROGS, RFPs, re-format | $ 500.00 | $ 1,300.00 | Lily Rivo |
| 01/19/2024 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Exchange emails with LR re: document production plan | $ 720.00 | $ 72.00 | Jessica Blome |
| 01/19/2024 | 0.4 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Draft supplemental response to RRR Interrogs, Set One | $ 500.00 | $ 200.00 | Lily Rivo |
| 01/19/2024 | 0.2 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Final review of draft discovery, HARD Set One, ACSO, Set Two before submitting to JB review | $ 500.00 | $ 100.00 | Lily Rivo |
| 01/23/2024 | 0.7 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review draft discovery responses to ACSO, provide feedback to associate re: same | $ 720.00 | $ 504.00 | Jessica Blome |
| 01/23/2024 | 0.6 | A104 Review/analyze L310 Written Discovery | L310 Written Discovery | Review draft responses to HARD discovery, confer with associate re: same | $ 720.00 | $ 432.00 | Jessica Blome |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 01/23/2024 | 3.2 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Finalize discovery responses and send to client for review, HARD and ACSO responses | $ 500.00 | $ 1,600.00 | Lily Rivo |
| 01/24/2024 | 1 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Research and draft objections per client instruction, send proposed objection to client and LR for inclusion in written discovery responses | $ 720.00 | $ 720.00 | Jessica Blome |
| 01/24/2024 | 2.3 | A103 Draft/revise L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Revise draft motion for sanctions, send comments back to BC for preparation of second draft | $ 720.00 | $ 1,656.00 | Jessica Blome |
| 01/24/2024 | 1.4 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Revise discovery per client communication and JB suggested objections and edits. | $ 500.00 | $ 700.00 | Lily Rivo |
| 01/24/2024 | 0.6 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Revise motion for sanctions based on partner feedback | $ 720.00 | $ 432.00 | Brian Colton |
| 01/25/2024 | 0.2 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Update draft HARD discovery and send to client for final review | $ 500.00 | $ 100.00 | Lily Rivo |
| 01/25/2024 | 2.3 | A102 Research L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Research basis for motion for sanctions absent discovery order or Rule 37 basis | $ 720.00 | $ 1,656.00 | Brian Colton |
| 01/25/2024 | 0.3 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Finalize responses to HARD discovery per client edits/feedback | $ 500.00 | $ 150.00 | Lily Rivo |
| 01/25/2024 | 2.1 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Revise motion for sanctions based on partner feedback | $ 720.00 | $ 1,512.00 | Brian Colton |
| 01/25/2024 | 0.8 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Revise declaration of Jessica Blome in support motion for sanctions | $ 720.00 | $ 576.00 | Brian Colton |
| 01/25/2024 | 0.3 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Finalize and submit HARD disco responses to counsel | $ 500.00 | $ 150.00 | Lily Rivo |
| 01/25/2024 | 0.1 | A105 Communicate (in firm) L310 Written Discovery | L310 Written Discovery | Confer with LR regarding HARD discovery responses | $ 720.00 | $ 72.00 | Jessica Blome |
| 01/26/2024 | 0.3 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Finalize and transmit Supplemental Response to RRRI ROGGS | $ 500.00 | $ 150.00 | Lily Rivo |
| 01/26/2024 | 0.1 | A105 Communicate (in firm) L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Exchange emails with associate re: status of motion for sanctions | $ 720.00 | $ 72.00 | Jessica Blome |
| 01/26/2024 | 0.3 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Revise declaration of Jessica Blome in support motion for sanctions | $ 720.00 | $ 216.00 | Brian Colton |
| 01/26/2024 | 4.1 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Revise motion for sanctions based on partner feedback | $ 720.00 | $ 2,952.00 | Brian Colton |
| 01/26/2024 | 1.1 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Prepare and finalize discovery responses to ACSO, Set Two, confirm objections identical, respond. | $ 500.00 | $ 550.00 | Lily Rivo |
| 01/26/2024 | 1.2 | A104 Review/analyze L350 Discovery Motions | L350 Discovery Motions | Review of draft motion for sanctions | $ 720.00 | $ 864.00 | Rae Lovko |
| 01/26/2024 | 0.1 | A105 Communicate (in firm) L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Confer with associate re: motion for sanctions | $ 720.00 | $ 72.00 | Jessica Blome |
| 01/27/2024 | 1.8 | A102 Research L350 Discovery Motions | L350 Discovery Motions | Research on basis for motion for sanctions | $ 720.00 | $ 1,296.00 | Rae Lovko |
| 01/27/2024 | 1.1 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Edit introduction and facts re motion for sanctions; edit Blome Declaration | $ 720.00 | $ 792.00 | Rae Lovko |
| 01/27/2024 | 2.2 | A103 Draft/revise L350 Discovery Motions | L350 Discovery Motions | Edit argument and caselaw in motion for sanctions | $ 720.00 | $ 1,584.00 | Rae Lovko |
| 01/28/2024 | 0.3 | A104 Review/analyze L350 Discovery Motions | L350 Discovery Motions | Review BC 1st draft of sanctions motion | $ 720.00 | $ 216.00 | Rae Lovko |
| 01/30/2024 | 0.6 | A103 Draft/revise L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Revise draft motion for sanctions, send to clients for review/approval | $ 720.00 | $ 432.00 | Jessica Blome |

| Total | $56,507.00 |
| --- | --- |