PAUL CALEO (SBN 153925)
pcaleo@grsm.com
OSMAAN KHAN (SBN 331766)
oakhan@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
1111 Broadway, Suite 1700
Oakland, CA 94607
Telephone: (510) 463-8600
Facsimile: (510) 984-1721

*Attorneys for Defendant*
ROWELL RANCH RODEO INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; and DOES 1 through 2, in their individual and official capacities, jointly and severally.<br><br>Defendants. | Case No.: 3:23-CV-01652<br><br>**DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S MOTION FOR SANCTIONS**<br><br>Complaint Filed:  April 6, 2023<br>Trial:                    October 21, 2024 |

Defendant ROWELL RANCH RODEO INC.'s ("RRR") opposes Plaintiff DENIZ BOLBOL's ("Bolbol") Motion for Sanctions and it seeks an order from this Court denying in whole. This Opposition is based on this Memorandum of Points and Authorities, the separately filed Declaration of Paul Martin, the separately filed Declaration of Osmaan Khan, and on all such oral and/or documentary evidence presented at the time of hearing on this motion.

///

///

-1-

## I. INTRODUCTION

Bolbol and Plaintiff JOSEPH P. CUVIELLO ("Cuviello") (collectively, the "Plaintiffs") demonstrated at the Rowell Ranch Rodeo Park ("Park") over the course of May 20 to May 22, 2022, against the rodeo event's use of animals. The rodeo event was organized by RRR.

On May 20, 2022, Plaintiffs were demonstrating at the Park's pedestrian (Upper) entrance after deeming the "Free Speech Area" ("FSA") ineffective when Defendant GARY HOUTS ("Houts"), volunteer for RRR, approached them and told them of the FSA. Plaintiffs told Houts to call the police if he had a problem. *See* ECF No. 54, Plaintiffs' Second Amended Complaint ("SAC"), at ¶ 41. Houts called the police and allegedly falsely told them that the Plaintiffs were blocking the parking lot and entrance and not moving to the FSA (the "Phone Call").

Five (5) police officers, including Defendant DEPUTY JOSHUA MAYFIELD ("Dep. Mayfield") arrived approximately five (5) minutes later. ECF No. 54 (SAC), at ¶¶ 41, 42. The police officers were scheduled to come to the Park prior to the Phone Call. *See* Declaration of Osmaan Khan ("Khan Decl."), at ¶ 3. Plaintiffs interacted with Defendant Mayfield and Defendant KEVIN HART ("Hart"), Ranger for Defendant HAYWARD AREA RECREATION AND PARK DISTRICT ("HARD"). ECF No. 54 (SAC), at ¶ 52. Around 7:15 pm, Plaintiffs moved to the back (Lower) entrance of the Park. ECF No. 54 (SAC), at ¶ 53. Plaintiff's demonstration on that day ended at 7:40 pm. Plaintiffs continued to demonstrate on May 21 and May 22, 2022. ECF No. 54 (SAC), at ¶¶ 37 and 63.

## II. PROCEDURAL HISTORY AND RELEVANT FACTS

Bolbol's Declaration in conjunction with the Temporary Restraining Order and Preliminary Injunction ("TRO") included the video recorded on May 20, 2022, depicting the Phone Call. *See* ECF 28-2, Exhs. A-D.

On July 24, 2023, Bolbol served interrogatories on RRR. Interrogatory No. 22 asked to describe the Phone Call. Interrogatory No. 23 asked to identify the person with whom Houts spoke to in the Phone Call.

Paul Martin, (volunteer) Board Member of RRR, contacted Houts to inquire about the Phone Call. *See* Declaration of Paul Martin ("Martin Decl."), at ¶ 6. Houts informed Paul Martin

-2-
DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S
MOTION FOR SANCTIONS

that he did not recall who he had spoken to in the Phone Call. *Id*. Please note that Houts was being asked to recall details of a single short call over a year after it took place. On the other hand, Plaintiffs had recorded the Phone Call and already had details about it prior to initiating discovery. It is not surprising that Houts did not recall specifically who he had called. Paul Martin discussed the Phone Call and the custom of volunteers that worked for RRR, with both Houts and Site Boss Brian Morrison *Id*. The custom in these circumstances was to call the "Site Boss." *Id*. Based on the information reasonably available, as well as the custom of the volunteers that worked for RRR, Paul Martin assisted the then Counsel of record with responding to the interrogatories. Martin Decl., at ¶ 7. It is worth indicating that the discovery issue Plaintiffs are moving involved, and was handled by, RRR's former Counsel.

On August 20, 2023, RRR served responses to Bolbol's interrogatories. RRR's responses were verified by Russel Fields, an RRR Board Member. In response to Interrogatory No. 22, RRR stated, "Responding party does not *understand* that [Houts] called the Alameda County Sheriff as alleged. Instead, he called Brian Morrison (Site Boss)". [Emphasis added]. *Id*. In response to Interrogatory 23, RRR stated, "Brian Morrison, who may be reached through Responding party's counsel." *Id*.

On August 22, 2023, RRR substituted prior Counsel with undersigned Counsel. *See* ECF 69. Also on August 22, 2023, Bolbol propounded discovery to Defendant Alameda County Sheriff's Office ("ACSO") to confirm the call to law enforcement. Interrogatory 7 asked the ACSO to "[describe] all conversations … [the ACSO] had with any individual or agency, including but not limited to [RRR] representatives or its employees … regarding the demonstration activities during the 2022 Events." Interrogatory No. 9 asked the ACSO to "[describe] the telephone conversations [the ACSO] or [the ACSO's] employees participated in on May 20, 2022, including but not limited to the conversation as referenced in paragraph 41 of the Complaint, including the details of the call." Bolbol's Request for Production No. 8 to the ACSO sought "any documents relating to communications about or concerning Plaintiffs between YOU and [RRR] representatives during the 2022 Events."

1  The ACSO served responses on October 27, 2023. The response to Interrogatory No. 7 did not mention Houts' phone call. The response to Interrogatory No. 9 stated, in part, that the ACSO "does not believe that [Houts] spoke with anyone at the [ACSO], as alleged in paragraph 41 of the Complaint." *See* Declaration of Osmaan Khan ("Khan Decl."), **Exhibit A** (ACSO's Response to Bolbol's Interrogatories, Set One). The ACSO's response to Request No. 8 stated, in part, "[ACSO] has not been able to locate any non-privileged documents responsive to this request…"

Bolbol served Interrogatories Set 2, Requests for Production Set 2, and Request for Admissions Set 1, for RRR on November 22, 2023 ("2nd Set of Discovery Requests to RRR"). The interrogatories and requests primarily concerned the Phone Call.

On December 15, 2023, Counsel for ACSO reached out to RRR to request Houts' cell phone number to help check their records. *See* Khan Decl., at ¶ 3, and Martin Decl., at ¶ 12. Counsel for ACSO stated that: (1) the presence of the police officers was planned three (3) to four (4) days prior to before the Rodeo; and (2) that the police were on the way to the Rodeo when the call was made. *Id*. On December 18, 2023, RRR provided Houts' cell phone number to Counsel for ACSO. *See* Khan Decl., at ¶ 4. On December 21, 2023, the ACSO produced an event register and link to a recording of the May 20, 2022, phone call placed by Gary Houts to the Alameda County Sheriff's Office, wherein Houts requested law enforcement assistance to "move the [Plaintiffs]."

On December 28, 2023, Bolbol served Deposition Notices for Defendant Houts, Defendant Kevin Hart of HARD, and Defendant Mayfield of the ACSO. *See* Khan Decl., at ¶ 5.

Paul Martin requested Houts and Site Boss Brian Morrison to provide their phone records so that RRR could response to 2nd Set of Discovery Requests to RRR. Martin Decl., at ¶ 14.

Based on this *newly acquired and discovered* information, including the event register and audio of the telephone call produced by the ACSO, on January 5, 2024, RRR responded to 2nd Set of Discovery Requests to RRR. Martin Decl., at ¶ 15. RRR stated that "based on information and belief" Houts called the ACSO because Plaintiffs were not using the FSA, and

*Gordon Rees Scully Mansukhani, LLP*
*1111 Broadway, Suite 1700*
*Oakland, CA 94607*

-4-
DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S MOTION FOR SANCTIONS

were blocking the path for patrons. RRR also produced the phone records for Houts and Site Boss Brian Morrison.

Counsel for Bolbol sent a Meet and Confer Letter, dated February 6, 2024, to RRR Counsel, with an incomplete draft of the instant Motion and no reference to the calculation of the alleged Attorney's Fees being claimed. On the same date of February 6, 2024, Bolbol withdrew Deposition Notices for Houts, Defendant Kevin Hart of HARD, and Defendant Deputy Mayfield of the ACSO. *See* Khan Decl., at ¶ 6. Counsel for RRR responded to the Meet and Confer Letter on February 12, 2024, informing of the above stated facts. In their response to the Meet and Confer letter, Counsel for RRR informed of the dates when RRR provided Houts' phone number, and when Defendant ACSO produced the event register and audio recording in order to establish chronology and good faith. Counsel for RRR *did not* state if providing the phone number *led* to the ACSO to produce the register and audio.

Cuviello was deposed on February 20, 2024, where he admitted he is now aware that the Phone Call did not lead to or cause the arrival of the police at the Park. *See* Khan Decl., at ¶ 7.

### III.  ARGUMENT
**A.  RRR met its Obligations under FRCP 26 and 37 and Plaintiffs have failed meet their burden of establishing that Disclosure was not Timely**

FRCP 26 and 37 require parties to supplement their interrogatory responses in a timely manner if they learn that the response is incomplete or incorrect. The party requesting sanctions bears the initial burden of establishing that the opposing party failed to timely disclose the information. *Lodge v. United Homes, LLC*, 787 F. Supp. 2d 247, 258 (E.D.N.Y. 2011). To meet this burden, the moving party must show: '(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'

*1.  Control Over Evidence*

The ACSO produced the event register and the audio recording on December 21, 2023. RRR, a volunteer run organization, did not have a control over the *actual* relevant information, but rather the ACSO did. RRR's initial responses were based on the recollection of Houts and the

-5-
DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S
MOTION FOR SANCTIONS

custom of RRR volunteers, i.e. information that was reasonably available to it, thus in its control. The ACSO had also submitted inaccurate responses to initial discovery. Once RRR reviewed the *newly acquired and discovered* information, through the event register and audio of the telephone call produced by the ACSO, RRR appropriately responded to the second set of Discovery. Thus RRR did not have control over the evidence in question.

### 2. *"Culpable State of Mind"*

RRR cooperated with ACSO Counsel when asked for Defendant Houts' phone number. Eventually, RRR even produced the requested phone records. Plaintiffs' allegation of bad faith, or "culpable state of mind" are completely baseless and without merit.

### 3. *Relevance to Claim*

The missing evidence is not relevant to the Plaintiffs' claim. Plaintiffs continued their demonstration even after the police showed up. Plaintiffs, in their Motion admit, that the video captures the Phone Call, so they were already aware of it, and portions of it were already in evidence. Law enforcement showed up five (5) minutes after the Phone Call, and Cuviello has admitted in his Deposition that he is aware that the Phone Call had nothing to do with their arrival at the Park since their presence was scheduled in advance.

The Plaintiffs allege that the Phone Call is relevant to the Plaintiffs' Fourth Cause of Action, which claims that Houts violated California Civil Code, section 51.7 because of the Phone Call. Elements to a 51.7 violation requires the Plaintiffs to prove that RRR's conduct, the Phone Call, was a substantial factor in their harm. Plaintiffs were not harmed. Plaintiffs' continued to protest after the Phone Call on May 20, 2022, as well as two (2) days after that. They were not threatened or intimidated in any way. Plaintiffs themselves told Houts to call the police right before Phone Call. If the Plaintiffs claim that they were threatened and intimidated by the arrival of the police, parties are now aware that the Phone Call did not lead to the arrival of the police, which was planned three (3) to four (4) days prior. If Plaintiffs were to somehow establish the above elements, the Phone Call only establishes half of the Fourth Cause of Action.

As for the Sixth Cause of Action, Plaintiffs are aware that the Phone Call did not lead to police arrival at the Park on May 20, 2022, and Plaintiffs are grasping at straws in attempting to establish a "joint action."

### B. Rowell Ranch Rodeo's Conduct was "Substantially Justified" and "Harmless".

If the Plaintiffs meet their initial burden, sanctions under FRCP 37 are permissible unless the conduct of the party is "substantially justified" and "harmless." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1190 (9th Cir. 2022). District Courts have identified "[s]everal factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017). The proportionality analysis also requires the court to weigh "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *FRCP 26(b)(1)*.

#### a. *Prejudice and Surprise*

Bolbol's Motion states that the video recording shows the Phone Call so the Plaintiffs were already aware of it. Plaintiffs were not prejudices or surprised in anyway by the details of the Phone Call.

#### b. *Ability to Cure Prejudice*

The ACSO, a state law enforcement agency, was the appropriate entity which could have cured any alleged prejudice. RRR was reliant on the recollection of its volunteer, Houts, and the custom of its volunteers. RRR did not have the ability to cure any alleged prejudice.

#### c. *Disruption of Trial*

The trial date remains the same.

#### d. *Bad faith or Willfulness in not Timely Disclosing Evidence*

As stated above, RRR has shown good faith by attempting to assist other parties and timely supplemented discovery. Plaintiffs' allegations bad faith are completely baseless. Furthermore,

-7-
DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S MOTION FOR SANCTIONS

1  RRR is a volunteer run organization with limited resources, which was dependent on the
2  recollection of Houts in this instance. There was no collective willfulness of any form in the
3  disclosure of evidence.

### C. Plaintiff Counsel's pursuit for the details of the Phone Call was a Misuse of the Discovery Process

Plaintiffs are aware of the lack of a causal connection between the Phone Call and the arrival of law enforcement, thus making their pursuit of the Phone Call pointless. Plaintiffs' inadequate misuse of the Discovery process has led to the alleged costs. Had the Plaintiffs served an interrogatory to the ACSO requesting any information as to how and why the police officers arrived at the Park on May 20, 2022, they would have established the irrelevance of the Phone Call.

Plaintiffs, in their Motion, state that that the video recording had the very information that they claim to have been seeking. This video is the reason why they deemed the RRR's responses inaccurate, and allegedly false. Plaintiffs are aware that they is no causal connection between the Phone Call and the arrival of the police. Plaintiff Counsel's attempted pursuit of the details of the Phone Call seem to be a pursuit of a mere "gotcha moment". It could also be a pursuit of monetary penalties outside simple statutory civil penalties currently being claimed by the Plaintiffs. It is important to note that Plaintiffs withdrew their Deposition Notices for Houts, Mayfield and Hart on February 6, 2024, on the same day and shortly after sending RRR's Counsel the Meet and Confer Letter for this Motion for Sanctions.

### D. The Attorney's Fees Plaintiffs Allegedly Incurred are a Gross Exaggeration and Include a Host of Work Unrelated to this Discovery Issue or this Motion

Plaintiff Counsel's Declaration confirm that the fees alleged were actually incurred by the Plaintiffs, nor does it state that the Plaintiffs were paying the hourly rates cited.

The following tasks had nothing to do with nor affected by the Phone Call: any responses to HARD's Discovery Requests; any responses to Discovery propounded by RRR; reviewing Body Cam Footage produced by ACSO; any work related to the initial Settlement Offer by the Plaintiffs; any work related to the Mandatory Settlement Conference; responding to ACSO's Discovery Requests; any settlement discussions with RRR; any depositions; and any outgoing Discovery to ACSO after December 28, 2023.

-8-
DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S MOTION FOR SANCTIONS

The Time Sheet appears as an epitome of egregious billing practices and attorney excess. Staff tasks such as downloading documents, updating Proofs of Service, calendaring deadlines are being completed by Associates. Internal firm communication, and mere review of correspondence by other attorneys in the firm to client is being billed. Unspecified billing descriptions include "Discovery Responses", outgoing "Discovery", "exchange of emails", "exchange of emails with client", "meet and confer" letters, "updates to fee sheet", and "recommendations to client". Block billing appears as a norm. All of the above is before taking into account that 20 of the 22 Interrogatories, and 11 of the 12 Production Requests to the ACSO have nothing to the Phone Call, and Plaintiff Counsels' communication with Co-Plaintiff Cuviello appears to be disproportional to interaction with their own client Plaintiff Bolbol.

## IV.  CONCLUSION

For the reasons set forth above, Defendant requests that this Court deny Plaintiff's motion for sanctions.

Dated:  February 29, 2024         GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Paul Caleo
Osmaan Khan
Attorneys for Defendant
ROWELL RANCH RODEO INC.

**PROOF OF SERVICE**
*Cuviello, et al.  v. Rowell Ranch Rodeo Inc., et al.*
USDC - Northern District of California, Case No. 3:23-CV-01652

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000 San Francisco, CA 94111. On the date set forth below, I served the within documents:

**DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S MOTION FOR SANCTIONS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ **VIA E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent by electronically mailing a true and correct copy through the Gordon Rees Scully Mansukhani, LLP electronic mail system from my email address: khernandez@grsm.com, to the email address(es) set forth herein.

☐ by having Nationwide PERSONALLY DELIVER the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FEDEX as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

| | |
|---|---|
| Attorneys for Plaintiff<br>DENIZ BOLBOL<br><br>Lily Rivo, Esq.<br>**GREENFIRE LAW, PC**<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>Tel:     (510) 900-9502<br>Fax:    (510) 900-9502<br>Email: lrivo@greenfirelaw.com<br>            jblome@greenfirelaw.com | Plaintiff In Pro Per<br><br>Joseph P. Cuviello<br>205 De Anza Blvd.<br>San Mateo, CA 94402<br><br>P.O. Box 2834<br>Redwood City, CA 94064<br>Tel:     (650) 315-3776<br>Fax:<br>Email: pcuvie@gmail.com |
| Attorneys for Defendants<br>COUNTY OF ALAMEDA; ALAMEDA COUNTY DEPUTY SHERIFF'S OFFICE; and JOSHUA MAYFIELD<br><br>William B. Rowell, Esq.<br>Thiele R. Dunaway, Esq.<br>Marc Brainich, Esq.<br>Michele C. Kirrane, Esq.<br>**FENNEMORE WENDEL**<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607 | Attorneys for Defendants<br>HAYWARD AREA RECREATION AND PARK DISTRICT, and KEVIN HART<br><br>Dale L. Allen, Jr., Esq.<br>Nicholas D. Syren, Esq.<br>**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>Tel:     (415) 697-2000 |

-10-
DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S MOTION FOR SANCTIONS

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

| | |
|---|---|
| Tel: (510) 834-6600<br>Fax: (510) 834-1928<br>Email: browell@fennemorelaw.com<br>rdunaway@fennemorelaw.com<br>mbrainich@fennemorelaw.com<br>mkirrane@fennemorelaw.com<br>lmason@fennemorelaw.com | Fax: (415) 813-2045<br>Email: dallen@aghwlaw.com<br>erodas@aghwlaw.com<br>mhernandez@aghwlaw.com<br>dallen@aghwlaw.com<br>kallen@aghwlaw.com<br>erodas@aghwlaw.com<br>nsyren@aghwlaw.com |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 29, 2024 at San Francisco, California.

_____
Kristie Hernandez

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

-11-
DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S MOTION FOR SANCTIONS