PAUL CALEO (SBN 153925)
pcaleo@grsm.com
OSMAAN KHAN (SBN 331766)
oakhan@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
1111 Broadway, Suite 1700
Oakland, CA 94607
Telephone: (510) 463-8600
Facsimile: (510) 984-1721

*Attorneys for Defendant*
ROWELL RANCH RODEO INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually, <br><br> Plaintiffs, <br><br> v. <br><br> ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; and DOES 1 through 2, in their individual and official capacities, jointly and severally. <br><br> Defendants. | Case No.: 3:23-CV-01652 <br><br> **DECLARATION OF OSMAAN KHAN IN SUPPORT OF DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S MOTION FOR SANCTIONS** <br><br><br><br><br><br><br> Complaint Filed:  April 6, 2023 <br> Trial:  October 21, 2024 |

I, Osmaan Khan declare as follows:

1.      I am an Associate at the law firm of Gordon Rees Scully & Mansukhani LLP.  Our firm is counsel for Defendant ROWELL RANCH RODEO INC. ("RRR"). I have personal knowledge of the facts set forth herein, and if called upon to testify, could competently establish the facts set forth herein. This declaration is submitted in support of RRR's Opposition to Plaintiffs' Motion to Sanctions.

2.      Attached as Exhibit A is the true and correct copy of Defendant Alameda County Sheriff's Office' Response to Interrogatories Set One propounded by Plaintiff Deniz Bolbol, dated

DECLARATION OF OSMAAN KHAN IN SUPPORT OF DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S MOTION FOR SANCTIONS

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

October 27, 2023. Interrogatories Nos. 7 and 9 are relevant here.

3.      On December 15, 2023, Counsel for ACSO reached out to requesting Defendant Gary Houts' cell phone number to help check their records. Counsel for ACSO stated that: (1) the presence of the police officers was planned three (3) to four (4) days prior to before the Rodeo; and (2) that the police were on the way to the Rodeo when the call was made.

4.      On December 18, 2023, RRR provided Houts' cell phone number to Counsel for ACSO.

5.      On December 28, 2023, Bolbol served Deposition Notices for Defendant Houts, Defendant Kevin Hart of HARD, and Defendant Mayfield of the ACSO.

6.      February 6, 2024, Bolbol withdrew Deposition Notices for Houts, Defendant Kevin Hart of HARD, and Defendant Deputy Mayfield of the ACSO.

7.      On February 9, 2024, Plaintiff Cuviello testified in his Deposition that he was now aware that the phone call from Defendant Gary Houts did not lead to or cause the arrival of the police at Rowell Ranch Rodeo Park.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 29, 2024 at Oakland, California.



_____
Osmaan Khan

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

DECLARATION OF OSMAAN KHAN IN SUPPORT OF DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S MOTION FOR SANCTIONS

# EXHIBIT A

William B. Rowell, Bar No. 178587
Thiele R. Dunaway, Bar No. 130953
Marc Brainich, Bar No. 191034
Michele C. Kirrane, Bar No. 215448
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, CA  94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
browell@fennemorelaw.com
rdunaway@fennemorelaw.com
mbrainich@fennemorelaw.com
mkirrane@fennemorelaw.com

Attorneys for Defendants
County of Alameda and Alameda County Deputy
Sheriff Joshua Mayfield

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; ALAMEDA COUNTY SHERIFF'S OFFICE; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,<br><br>Defendants. | Case No. 3:23-cv-01652-VC<br><br>**DEFENDANT COUNTY OF ALAMEDA'S RESPONSE TO PLAINTIFFS' INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:   PLAINTIFFS JOSEPH P. CUVIELLO and DENIZ BOLBOL

RESPONDING PARTY:    DEFENDANT COUNTY OF ALAMEDA

SET NO.:              ONE

Defendant COUNTY OF ALAMEDA ("Responding Party") hereby makes the following responses to Plaintiffs JOSEPH P. CUVIELLO and DENIZ BOLBOL ("Plaintiffs") Interrogatories, Set One.

## **PRELIMINARY STATEMENT**

Responding Party has not fully completed discovery in this action and has not completed preparation for trial. The responses contained herein are based only upon such information and documents as are presently available to, and specifically known to Responding Party, and disclose only those facts and contentions which presently occur to Responding Party. It is anticipated that further discovery will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to substantial additions to, and/or changes and variations from the responses set forth herein.

The following responses are given without prejudice to Responding Party and Responding Party's right to produce evidence of any subsequently discovery fact or facts which Responding Party later discover. Responding Party accordingly reserves the right to amend any and all responses herein as additional facts area ascertained, analyses are made, legal research is completed, and contentions are made. The responses made herein are made in a good faith effort to supply as much specification of the facts and contentions as are presently known, which should in no way be to the prejudice of Responding Party in relation to further discovery, research or analysis.

## **RESPONSES TO INTERROGATORIES**

## **INTERROGATORY NO. 1:**

DESCRIBE the policies and procedures YOU follow to ensure that YOUR employees do not violate a DEMONSTRATOR'S FIRST AMENDMENT RIGHTS at the Rowell Ranch Rodeo Park in Hayward, California.

- 2 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

**RESPONSE NO. 1:**

Responding Party objects that this interrogatory is overbroad and unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents, and accordingly limits its response to the Alameda County Sheriff's Office. Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

The Alameda County Sheriff's Office provides its recruits with training and instruction in First Amendment issues during the Academy instructional program. Academy is a state-wide program operated by the State of California's Commission on Peace Officer Standards and Training ("POST"). In Alameda County, POST is handled through the Alameda County Sheriff's Office's Regional Training Center in conjunction with Chabot College. The State-wide program requires 664 hours of instruction and training; Alameda County Sheriff's Office provides 1,064 hours.

During Academy, the Alameda County Sheriff's Office recruits receive training and instruction in free speech issues under the First Amendment and the California Constitution. At least three of the Academy's learning domains address free speech issues: Domaine 2, Criminal Justice System; Domain 4, Handling Disputes/Crowd Control; and Domain 39, Crimes Against the Justice System. The learning domains include textbook assignments, lectures, PowerPoint presentations, question and answer periods with the instructors, and classroom discussion. The training addresses, among other topics, the free speech rights of demonstrators and limitations on those rights under the Constitution.

The Alameda County Sheriff's Office also conducts a one day training for all deputies and sergeants every October. This training addresses free speech issues that may arise and how to handle them.

In addition, deputies who are a part of the Sheriff's Office's Crowd Management Team receive one day of training each month; this training may on occasion address free speech issues.

- 3 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30329388.1/059499.0021

3:23-CV-01652-VC

1    Moreover, the deputies who are assigned to provide a law enforcement presence at non-

2    violent events, such as the Rowell Ranch Rodeo, that may involve demonstrations may be

3    provided a "refresher" regarding free speech issues by the incident commander prior to arriving at

4    the event.

5    **INTERROGATORY NO. 2:**

6    DESCRIBE the training and instruction YOU provide to YOUR employees to ensure

7    compliance with the policies and procedures described in Interrogatory No. 1, including

8    specifications for differences in training and instructions for different individuals.

9    **RESPONSE NO. 2:**

10   Responding Party objects that this interrogatory is overbroad and unduly burdensome to

11   the extent it requires the County of Alameda to undertake a County-wide search for responsive

12   information and documents, and accordingly limits its response to the Alameda County Sheriff's

13   Office. Responding Party objects to this interrogatory to the extent it calls for information or

14   documents protected by the attorney-client privilege and work product doctrine. Subject to and

15   without waiving said objections, Responding Party responds as follows:

16   The Alameda County Sheriff's Office provides its recruits with training and instruction in

17   First Amendment issues during the Academy instructional program. Academy is a state-wide

18   program operated by the State of California's Commission on Peace Officer Standards and

19   Training ("POST"). In Alameda County, POST is handled through the Alameda County Sheriff's

20   Office's Regional Training Center in conjunction with Chabot College. The State-wide program

21   requires 664 hours of instruction and training; Alameda County Sheriff's Office provides 1,064

22   hours.

23   During Academy, the Alameda County Sheriff's Office recruits receive training and

24   instruction in free speech issues under the First Amendment and the California Constitution. At

25   least three of the Academy's learning domains address free speech issues: Domaine 2, Criminal

26   Justice System; Domain 4, Handling Disputes/Crowd Control; and Domain 39, Crimes Against

27   the Justice System. The learning domains include textbook assignments, lectures, PowerPoint

28

- 4 -

presentations, question and answer periods with the instructors, and classroom discussion. The training addresses, among other topics, the free speech rights of demonstrators and limitations on those rights under the Constitution.

The Alameda County Sheriff's Office also conducts a one day training for all deputies and sergeants every October. This training addresses free speech issues that may arise and how to handle them.

In addition, deputies who are a part of the Sheriff's Office's Crowd Management Team receive one day of training each month; this training may on occasion address free speech issues.

Moreover, the deputies who are assigned to provide a law enforcement presence at non-violent events, such as the Rowell Ranch Rodeo, that may involve demonstrations may be provided a "refresher" regarding free speech issues by the incident commander prior to arriving at the event.

**INTERROGATORY NO. 3:**

IDENTIFY all individuals and entities consulted to establish the policies and procedures described in Interrogatory No. 1.

**RESPONSE NO. 3:**

Responding Party objects that this interrogatory is overbroad and unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents, and accordingly limits its response to the Alameda County Sheriff's Office. Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

State of California's Commission on Peace Officer Standards and Training, Alameda County Sheriff's Office, and Chabot College.

**INTERROGATORY NO. 4:**

IDENTIFY the person(s) who determined where to locate the "Free Speech Area" that was set up on May 20, 2022.

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30329388.1/059499.0021

3:23-CV-01652-VC

1  **RESPONSE NO. 4:**

2          Responding Party objects to this interrogatory to the extent it calls for information or

3  documents protected by the attorney-client privilege and work product doctrine. Subject to and

4  without waiving said objections, Responding Party responds as follows:

5          Responding Party has no independent information responsive to this request, beyond the

6  documents produced by Rowell Ranch Rodeo and HARD in this action. The Alameda County

7  Sheriff's Office had no role and provided no input in determining where the Free Speech Area for

8  the May 2022 rodeo would be located.

9  **INTERROGATORY NO. 5:**

10         DESCRIBE the process and determining factors for the location of the "Free Speech

11  Area" during the 2022 Events.

12  **RESPONSE NO. 5:**

13         Responding Party objects to this interrogatory to the extent it calls for information or

14  documents protected by the attorney-client privilege and work product doctrine. Subject to and

15  without waiving said objections, Responding Party responds as follows:

16         Responding Party has no independent information responsive to this request, beyond the

17  documents produced by Rowell Ranch Rodeo and HARD in this action. The Alameda County

18  Sheriff's Office had no role and provided no input in determining where the Free Speech Area for

19  the May 2022 rodeo would be located.

20  **INTERROGATORY NO. 6:**

21         DESCRIBE whether YOU provided any input regarding the location of the "Free Speech

22  Area" during the 2022 Events.

23  **RESPONSE NO. 6:**

24         Responding Party objects to this interrogatory to the extent it calls for information or

25  documents protected by the attorney-client privilege and work product doctrine. Subject to and

26  without waiving said objections, Responding Party responds as follows:

27

28                                                - 6 -

DEFENDANT COUNTY OF ALAMEDA'S
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30329388.1/059499.0021                                          3:23-CV-01652-VC

1   Responding Party has no independent information responsive to this request, beyond the

2   documents produced by Rowell Ranch Rodeo and HARD in this action. The Alameda County

3   Sheriff's Office had no role and provided no input in determining where the Free Speech Area for

4   the May 2022 rodeo would be located.

5   **INTERROGATORY NO. 7:**

6   DESCRIBE all conversations, including in-person, in writing and via telephone, YOU had

7   with any individual or agency, including but not limited to Rowell Ranch Rodeo, Inc.

8   representatives or its employees, and Hayward Area Recreation and Park District employees or its

9   representatives, regarding the demonstration activities during the 2022 Events.

10  **RESPONSE NO. 7:**

11  Responding Party objects that this interrogatory is overbroad and unduly burdensome to

12  the extent it requires the County of Alameda to undertake a County-wide search for responsive

13  information and documents, and pursuant to an agreement with plaintiffs' counsel, accordingly

14  limits its response to the Alameda County Sheriff's Office. Responding Party also limits its

15  response to the demonstrations on May 20, 2022. Responding Party objects to this interrogatory

16  to the extent it calls for information or documents protected by the attorney-client privilege and

17  work product doctrine. Subject to and without waiving said objections, Responding Party

18  responds as follows:

19  Deputy Sheriffs Joshua Mayfield, Christian Campbell, Sowmya Ramadas, and Matthew

20  Laszuk were present at the Rowell Ranch Rodeo on May 20, 2022. During that time, they

21  discussed the demonstrations amongst themselves, with the demonstrators, with HARD

22  employees, and/or with Rowell Ranch Rodeo volunteers.

23  During the demonstrations, Dep. Mayfield also initiated a telephone conversation with

24  Sgt. Moises Gomez, the Sergeant on Duty for the Sheriff's Deputies at the rodeo. Dept. Mayfield

25  wanted to appraise Sgt. Gomez of the situation.  In sum, Dept. Mayfield advised Sgt. Gomez of

26  the ongoing demonstrations and that the demonstrators had been conducting themselves

27  peacefully; that HARD/Rowell Ranch had requested that the Sheriff's Deputies instruct the

28  - 7 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30329388.1/059499.0021

3:23-CV-01652-VC

1  demonstrators to relocate to the Free Speech Area; that he had no intention of compelling the

2  demonstrators to relocate to the Free Speech Area; and that he also had no intention of arresting

3  the demonstrators unless they blocked ingress/egress (a trespassing violation), became violent, or

4  otherwise broke the law. Sgt. Gomez expressed his agreement with Dep. Mayfield's plan for

5  handling the demonstrations. This conversation was not memorialized by audio recording or in

6  writing by either Dep. Mayfield or Sgt. Gomez.

7  **INTERROGATORY NO. 8:**

8       IDENTIFY the employees or representatives of YOUR office that participated in the

9  communications described in Interrogatory No.7.

10  **RESPONSE NO. 8:**

11       Responding Party objects that this interrogatory is overbroad and unduly burdensome to

12  the extent it requires the County of Alameda to undertake a County-wide search for responsive

13  information and documents, and pursuant to an agreement with plaintiffs' counsel, accordingly

14  limits its response to the Alameda County Sheriff's Office. Responding Party also limits its

15  response to the demonstrations on May 20, 2022 and to the communications identified in

16  Interrogatory No. 7. Responding Party objects to this interrogatory to the extent it calls for

17  information or documents protected by the attorney-client privilege and work product doctrine.

18  Subject to and without waiving said objections, Responding Party responds as follows:

19       Sheriff's Deputies  Joshua Mayfield, Christian Campbell, Sowmya Ramadas, and

20  Matthew Laszuk, and Sgt. Moises Gomez.

21  **INTERROGATORY NO. 9:**

22       DESCRIBE the telephone conversations YOU or your employees participated in on May

23  20, 2022, including but not limited to the conversation as referenced in paragraph 41 of the

24  Complaint, including all details of the call.

25  **RESPONSE NO. 9:**

26       Responding Party objects that this interrogatory is overbroad and unduly burdensome to

27  the extent it requires the County of Alameda to undertake a County-wide search for responsive

28

- 8 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30329388.1/059499.0021

3:23-CV-01652-VC

information and documents, and outside the scope of discovery permitted by F.R.C.P. § 26(b)(1)
to the extent it is not limited to the 2022 demonstrations at the Rowell Ranch Rodeo.
Accordingly, pursuant to an agreement with plaintiffs' counsel, Responding Party accordingly
limits its response to the Alameda County Sheriff's Office. Responding Party also limits its
response to the demonstrations on May 20, 2022 and to the communications identified in
Interrogatory No. 7. Responding Party objects to this interrogatory to the extent it calls for
information or documents protected by the attorney-client privilege and work product doctrine.
Subject to and without waiving said objections, Responding Party responds as follows:

Responding Party does not believe that DOE DEFENDANT 1 spoke with anyone at the
Alameda County Sheriff's Office, as alleged in paragraph 41 of the Complaint.  Rather, the only
telephone conversation the Alameda County Sherri's Office is aware of involving its Deputies
either immediately before their arrival and/or during their presence that day at the rodeo was a
telephone conversation between Dep. Joshua Mayfield and Sgt. Moises Gomez, the Sergeant on
Duty for the Sheriff's Deputies at the rodeo, which occurred during the demonstration.

In sum, Dept. Mayfield wanted to appraise Sgt. Gomez of the situation.  He advised Sgt.
Gomez of the ongoing demonstrations and that the demonstrators had been conducting
themselves peacefully; that HARD/Rowell Ranch had requested that the Sheriff's Deputies
instruct the demonstrators to relocate to the Free Speech Area; that he had no intention of
compelling the demonstrators to relocate to the Free Speech Area; and that he also had no
intention of arresting the demonstrators unless they blocked ingress/egress (a trespassing
violation), became violent, or otherwise broke the law. Sgt. Gomez expressed his agreement with
Dep. Mayfield's plan for handling the demonstrations. This conversation was not memorialized
by audio recording or in writing by either Dep. Mayfield or Sgt. Gomez.

**<u>INTERROGATORY NO. 10:</u>**

IDENTIFY the employees or representatives of YOUR office that participated in the
communications described in Interrogatory No. 9.

/ / /

- 9 -

**RESPONSE NO. 10:**

Responding Party objects that this interrogatory is overbroad and unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents, and outside the scope of discovery permitted by F.R.C.P. § 26(b)(1) to the extent it is not limited to the 2022 demonstrations at the Rowell Ranch Rodeo. Responding Party accordingly limits its response to the Alameda County Sheriff's Office. Responding Party also limits its response to the demonstrations on May 20, 2022 and to the communications identified in Interrogatory No. 7. Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

Dep. Joshua Mayfield and Sgt. Moises Gomez.

**INTERROGATORY NO. 11:**

DESCRIBE the telephone conversations YOU or your employees participated in on May 20, 2022, including but not limited to the conversation as referenced in paragraph 110 of the Complaint, including all details of the call.

**RESPONSE NO. 11:**

Responding Party objects that this interrogatory is overbroad and unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents, and outside the scope of discovery permitted by F.R.C.P. § 26(b)(1) to the extent it is not limited to the 2022 demonstrations at the Rowell Ranch Rodeo. Pursuant to an agreement with plaintiffs' counsel, Responding Party accordingly limits its response to the Alameda County Sheriff's Office. Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

Responding Party does not believe that DOE DEFENDANT 1 spoke with anyone at the Alameda County Sheriff's Office, as alleged in paragraph 110 of the Complaint.  Rather, the only telephone conversation the Alameda County Sherri's Office is aware of involving its Deputies

- 10 -

either immediately before their arrival and/or during their presence that day was a telephone conversation between Dep. Joshua Mayfield and Sgt. Moises Gomez, which occurred during the demonstrations.

In sum, Dept. Mayfield wanted to appraise Sgt. Gomez of the situation.  He advised Sgt. Gomez of the ongoing demonstrations and that the demonstrators had been conducting themselves peacefully; that HARD/Rowell Ranch had requested that the Sheriff's Deputies instruct the demonstrators to relocate to the Free Speech Area; that he had no intention of compelling the demonstrators to relocate to the Free Speech Area; and that he also had no intention of arresting the demonstrators unless they blocked ingress/egress (a trespassing violation), became violent, or otherwise broke the law. Sgt. Gomez expressed his agreement with Dep. Mayfield's plan for handling the demonstrations. This conversation was not memorialized by audio recording or in writing by either Dep. Mayfield or Sgt. Gomez.

**INTERROGATORY NO. 12:**

IDENTIFY the employees or representatives of YOUR office that participated in the communications described in Interrogatory No. 11.

**RESPONSE NO. 12:**

Responding Party objects that this interrogatory is overbroad and unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents, and outside the scope of discovery permitted by F.R.C.P. § 26(b)(1) to the extent it is not limited to the 2022 demonstrations at the Rowell Ranch Rodeo. Responding Party accordingly limits its response to The Alameda County Sheriff's Office and to the communications described in Interrogatory No. 7. Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

Dep. Joshua Mayfield and Sgt. Moises Gomez.

/ / /

- 11 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30329388.1/059499.0021

3:23-CV-01652-VC

**INTERROGATORY NO. 13:**

DESCRIBE any complaints, whether informal or formal, YOU have received alleging interference with a DEMONSTRATOR's FIRST AMENDMENT RIGHTS. This interrogatory is limited in time to the past five years, beginning July 1, 2018.

**RESPONSE NO. 13:**

Responding Party objects that this interrogatory is overbroad and unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents, and outside the scope of discovery permitted by F.R.C.P. § 26(b)(1) to the extent it is not limited to the Alameda County Sheriff's Office and demonstrations at the Rowell Ranch Rodeo. Responding Party accordingly limits its response to the Alameda County Sheriff's Office and demonstrations at the Rowell Ranch Rodeo beginning July 1, 2018. . Responding Party objects that this request to the extent it violates California Penal Code Section 832.5, Penal Code Section 832.7, Evidence Code Section 1043, and Gov. Code Section 7927.700. Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

Other than plaintiffs' complaints against the County of Alameda regarding the demonstration at the 2022 Rowell Ranch Rodeo, Responding Party has not been able to identify any complaints from other demonstrators at the Rowell Ranch Rodeo since July 1, 2018.

Responding Party is still in the process of performing a diligent and reasonable search and upon completion, it will update its Response to the extent it locates additional information and documents.

**INTERROGATORY NO. 14:**

DESCRIBE any action YOU have taken regarding complaints alleging interference with a DEMONSTRATOR's FIRST AMENDMENT RIGHTS. This interrogatory is limited in time to the past five years, beginning July 1, 2018.

/ / /

- 12 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1    **RESPONSE NO. 14:**

2          Responding Party objects that this interrogatory is overbroad and unduly burdensome to

3    the extent it requires the County of Alameda to undertake a County-wide search for responsive

4    information and documents, and outside the scope of discovery permitted by F.R.C.P. § 26(b)(1)

5    to the extent it is not limited to Alameda County Sheriff's Office and "DEMONSTRATORS"

6    (defined by plaintiffs as demonstrators at rodeos) at the Rowell Ranch Rodeo. Responding Party

7    accordingly limits its response to the Alameda County Sheriff's Office and demonstrators at the

8    Rowell Ranch Rodeo on May 20, 2022. Responding Party objects to the extent that this

9    interrogatory violates the privacy rights of Responding Party's employees. Responding Party

10   objects that this request to the extent it violates California Penal Code Section 832.5, Penal Code

11   Section 832.7, Evidence Code Section 1043, and Gov. Code Section 7927.700. Responding Party

12   objects to this interrogatory to the extent it calls for information or documents protected by the

13   attorney-client privilege and work product doctrine.

14   **INTERROGATORY NO. 15:**

15         DESCRIBE any changes to YOUR policies and procedures described in Interrogatory No.

16   1 since May 2022.

17   **RESPONSE NO. 15:**

18         Responding Party objects that this interrogatory is overbroad and unduly burdensome to

19   the extent it requires the County of Alameda to undertake a County-wide search for responsive

20   information and documents, and accordingly limits its response to The Alameda County Sheriff's

21   Office and to any changes made in response to the demonstrations at the 2022 rodeo. Responding

22   Party objects to this interrogatory to the extent it calls for information or documents protected by

23   the attorney-client privilege and work product doctrine. Subject to and without waiving said

24   objections, Responding Party responds as follows:

25         Not applicable.

26   / / /

27   / / /

28                                                    - 13 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30329388.1/059499.0021                                          3:23-CV-01652-VC

**INTERROGATORY NO. 16:**

IDENTIFY the woman Deputy Mayfield hugged upon arrival at the Rowell Ranch Rodeo Park on May 20, 2022, as referenced in paragraph 110 of the Complaint.

**RESPONSE NO. 16:**

Responding Party objects to the extent that this interrogatory violates the privacy rights of Responding Party's employees. Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

Ashley Strassberg.

**INTERROGATORY NO. 17:**

DESCRIBE Deputy Mayfield's relationship with the woman IDENTIFIED in INTERROGATORY No 16.

**RESPONSE NO. 17:**

Responding Party objects to the extent that this interrogatory violates the privacy rights of Responding Party's employees. Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

Dep. Joshua Mayfield knows Ashley Strassberg on a semi-social and a professional basis. Ms. Strassberg was working for the Castro Valley Chamber of Commerce at the time that Dep. Mayfield was working in the County of Alameda's Code Enforcement unit before he joined the Sheriff's Office.

**INTERROGATORY NO. 18:**

DESCRIBE the reason why Deputy Mayfield, in his initial approach to Plaintiffs, on May 20, 2022, told them they were fine demonstrating where they were even though they were demonstrating outside the "Free Speech Area," as referenced in paragraphs 42-43 of the Complaint.

/ / /

- 14 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30329388.1/059499.0021

3:23-CV-01652-VC

**RESPONSE NO. 18:**

Responding Party objects to the extent this interrogatory calls for a legal opinion. Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

Dep. Joshua Mayfield and the Alameda County Sheriff's Office did not have any role or input in establishing the Free Speech Area. When Dep. Mayfield arrived at the rodeo and initially approached the demonstrators, he did not believe the demonstrators were breaking any law simply by peacefully demonstrating where they were at that time, as long as they did not block ingress/egress to the rodeo arena (a trespassing violation), did not become violent, or did not otherwise break any other law. Accordingly, he had no intention of requiring them to move to the Free Speech Area or to arrest them if they did not. He communicated this to the demonstrators at that time.

**INTERROGATORY NO. 19:**

DESCRIBE the reason why on May 20, 2022 Deputy Mayfield, after telling Plaintiffs they were fine demonstrating outside the "Free Speech Area," re-approached Plaintiffs with Defendant Kevin Hart and told Plaintiffs they could be arrested for demonstrating outside the "Free Speech Area," as referenced in paragraphs 44-48 of the Complaint.

**RESPONSE NO. 19:**

Responding Party objects to the extent this interrogatory calls for a legal opinion. Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Responding Party objects to this interrogatory to the extent it assumes facts not in evidence; specifically, that he told plaintiffs that "they could be arrested could be arrested for demonstrating outside the 'Free Speech Area'"; and that he was working "in concert" with Mr. Hart and/or HARD. Subject to and without waiving said objections, Responding Party responds as follows:

- 15 -

Dep. Joshua Mayfield and the Alameda County Sheriff's Office did not have any role or input in establishing the Free Speech Area. When Dep. Mayfield arrived at the rodeo and initially approached the demonstrators, he did not believe the demonstrators were breaking any law simply by peacefully demonstrating where they were at that time, as long as they did not block ingress/egress to the rodeo arena (a trespassing violation), did not become violent, or did not otherwise break any other law. Accordingly, he had no intention of requiring them to move to the Free Speech Area or to arrest them if they did not. He communicated this to the demonstrators at that time.

A short while later, Dept. Mayfield walked over with Kevin Hart of HARD to the demonstrators.  While Dept. Mayfield was standing there, Mr. Hart showed the demonstrators a map of the rodeo grounds, including the Free Speech Area, and Mr. Hart requested that they relocate to the designated area.  During this interchange between Mr. Hart and the demonstrators, Plaintiff Joseph P. Cuviello turned to Dep. Mayfield and asked him if he was going to arrest him if he did not comply with Mr. Hart's request. Dep. Mayfield responded that he "could be arrested…" At the time he made the statement, Dep. Mayfield had no intention of arresting the demonstrators, but was merely informing them that if they blocked ingress/egress, were not otherwise peaceful, or broke other laws, that they could be arrested.

While Mr. Hart and the demonstrators continued to engage, Dep. Mayfield left and initiated a short telephone conversation with Sgt. Moises Gomez, the Sergeant on Duty for the Sheriff's Deputies at the rodeo.  Dept. Mayfield wanted to appraise Sgt. Gomez of the situation. In sum, he advised Sgt. Gomez of the ongoing demonstrations and that the demonstrators had been conducting themselves peacefully; that HARD/Rowell Ranch had requested that the Sheriff's Deputies instruct the demonstrators to relocate to the Free Speech Area; that he had no intention of compelling the demonstrators to relocate to the Free Speech Area; and that he also had no intention of arresting the demonstrators unless they blocked ingress/egress (a trespassing violation), became violent, or otherwise broke the law. Sgt. Gomez expressed his agreement with

- 16 -

DEFENDANT COUNTY OF ALAMEDA'S
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30329388.1/059499.0021

3:23-CV-01652-VC

Dep. Mayfield's plan for handling the demonstrations. This conversation was not memorialized by audio recording or in writing by either Dep. Mayfield or Sgt. Gomez.

After ending his telephone call with Sgt. Gomez, Dep. Mayfield returned to speak with Mr. Cuviello and the other demonstrators, with the intention of repeating his early request that the demonstrators not block the ingress/egress and that they remain peaceful.

**INTERROGATORY NO. 20:**

IDENTIFY the person(s) Deputy Mayfield was speaking to on his cell phone, as referenced in paragraphs 49-50 of the Complaint.

**RESPONSE NO. 20:**

Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

Sgt. Moises Gomez of the Alameda County Sheriff's Office.

**INTERROGATORY NO. 21:**

DESCRIBE the conversation Deputy Mayfield had with the person(s) IDENTIFIED in INTERROGATORY No. 19.

**RESPONSE NO. 21:**

Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

During the demonstrations, Dep. Mayfield initiated a short telephone conversation with Sgt. Moises Gomez, the Sergeant on Duty at the time. In sum, Dept. Mayfield wanted to appraise Sgt. Gomez of the situation.  He advised Sgt. Gomez of the ongoing demonstrations and that the demonstrators had been conducting themselves peacefully; that HARD/Rowell Ranch had requested that the Sheriff's Deputies instruct the demonstrators to relocate to the Free Speech Area; that he had no intention of compelling the demonstrators to relocate to the Free Speech Area; and that he also had no intention of arresting the demonstrators unless they blocked

- 17 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

ingress/egress (a trespassing violation), became violent, or otherwise broke the law. Sgt. Gomez expressed his agreement with Dep. Mayfield's plan for handling the demonstrations. This conversation was not memorialized by audio recording or in writing by either Dep. Mayfield or Sgt. Gomez.

**INTERROGATORY NO. 22:**

DESCRIBE the conversation Deputy Mayfield had with Defendant Kevin Hart and other police officers, as referenced in paragraph 50 of the Complaint.

**RESPONSE NO. 22:**

Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

Dep. Joshua Mayfield explained to Mr. Hart that he and the other Deputies would not require the demonstrators to leave the rodeo grounds and/or relocate to the Free Speech Area as long as they did not block ingress/egress, became violent, or otherwise break any other law.

Dated: October 27, 2023

FENNEMORE WENDEL

By: _____
William B. Rowell
Thiele R. Dunaway
Marc Brainich
Michele C. Kirrane
Attorneys for Defendants
County of Alameda and Alameda County
Deputy Sheriff Joshua Mayfield

- 18 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>VERIFICATION TO FOLLOW</u>**

Fennemore Wendel
Attorneys at Law
Oakland

## **CERTIFICATE OF SERVICE**

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

I am a citizen of the United States and employed in  County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1111 Broadway, 24th Floor, Oakland, California  94607.

On October 27, 2023, I served true copies of the following document(s) described as **DEFENDANT COUNTY OF ALAMEDA'S RESPONSE TO PLAINTIFFS' INTERROGATORIES, SET ONE** on the interested parties in this action as follows:

*Please see attached Service List.*

**BY EMAIL OR ELECTRONIC TRANSMISSION**:  By causing the document(s) listed above to be sent to the person at the e-mail addresses listed below.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 27, 2023, at Oakland, California.

_____
Lena S. Mason

- 20 -

DEFENDANT COUNTY OF ALAMEDA'S
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30329388.1/059499.0021

3:23-CV-01652-VC

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SERVICE LIST

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

Jessica L. Blome                          *Attorneys for Plaintiff Deniz Bolbol*
Lily A. Rivo
Greenfire Law, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Phone:   (510) 900-9502
Email;   jblome@greenfirelaw.com
         lrivo@greenfirelaw.com

Joseph P. Cuviello                        *Plaintiff Pro Per*
205 DeAnza Boulevard, #125
San Mateo, CA 94402
Phone:   (650) 315-3776
Email:   pcuvie@gmail.com

Dale L. Allen, Jr.                        *Attorneys for Defendants Hayward Area*
Nicholas D. Syren                         *Recreation and Park District, and Kevin*
Allen, Glaessner, Hazelwood & Werth, LLP  *Hart*
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Phone:   (415) 697-2000
Fax:     (415) 813-2045
Email:   dallen@aghwlaw.com
         nsyren@aghwlaw.com
         erodas@aghwlaw.com
         mhernandez@aghwlaw.com

Paul Caleo                                *Attorneys for Defendant Rowell Ranch*
Osmaan Khan                               *Rodeo, Inc.*
Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607
Phone:   (510) 463-8600
Fax:     (510) 984-1721
Email:   pcaleo@grsm.com
         oakhan@grsm.com
         khernandez@grsm.com

- 21 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

**PROOF OF SERVICE**
*Cuviello, et al. v. Rowell Ranch Rodeo Inc., et al.*
USDC - Northern District of California, Case No. 3:23-CV-01652

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000 San Francisco, CA 94111. On the date set forth below, I served the within documents:

**DECLARATION OF OSMAAN KHAN IN SUPPORT OF DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S MOTION FOR SANCTIONS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ **VIA E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent by electronically mailing a true and correct copy through the Gordon Rees Scully Mansukhani, LLP electronic mail system from my email address: khernandez@grsm.com, to the email address(s) set forth herein.

☐ by having Nationwide PERSONALLY DELIVER the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FEDEX as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

| | |
|---|---|
| Attorneys for Plaintiff<br>DENIZ BOLBOL<br><br>Lily Rivo, Esq.<br>**GREENFIRE LAW, PC**<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>Tel:   (510) 900-9502<br>Fax:   (510) 900-9502<br>Email: lrivo@greenfirelaw.com<br>         jblome@greenfirelaw.com | Plaintiff In Pro Per<br><br>Joseph P. Cuviello<br>205 De Anza Blvd.<br>San Mateo, CA 94402<br><br>P.O. Box 2834<br>Redwood City, CA 94064<br>Tel:    (650) 315-3776<br>Fax:<br>Email: pcuvie@gmail.com |
| Attorneys for Defendants<br>COUNTY OF ALAMEDA; ALAMEDA COUNTY DEPUTY SHERIFF'S OFFICE; and JOSHUA MAYFIELD<br><br>William B. Rowell, Esq.<br>Thiele R. Dunaway, Esq.<br>Marc Brainich, Esq.<br>Michele C. Kirrane, Esq.<br>**FENNEMORE WENDEL**<br>1111 Broadway, 24th Floor | Attorneys for Defendants<br>HAYWARD AREA RECREATION AND PARK DISTRICT, and KEVIN HART<br><br>Dale L. Allen, Jr., Esq.<br>Nicholas D. Syren, Esq.<br>**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104 |

DECLARATION OF OSMAAN KHAN IN SUPPORT OF DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S MOTION FOR SANCTIONS

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

| Oakland, CA 94607<br>Tel:    (510) 834-6600<br>Fax:    (510) 834-1928<br>Email: browell@fennemorelaw.com<br>        rdunaway@fennemorelaw.com<br>        mbrainich@fennemorelaw.com<br>        mkirrane@fennemorelaw.com<br>        lmason@fennemorelaw.com | Tel:    (415) 697-2000<br>Fax:    (415) 813-2045<br>Email: dallen@aghwlaw.com<br>        erodas@aghwlaw.com<br>        mhernandez@aghwlaw.com<br>        dallen@aghwlaw.com<br>        kallen@aghwlaw.com<br>        erodas@aghwlaw.com<br>        nsyren@aghwlaw.com |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 29, 2024 at San Francisco, California.

_____
Kristie Hernandez

DECLARATION OF OSMAAN KHAN IN SUPPORT OF DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF DENIZ BOLBOL'S MOTION FOR SANCTIONS

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607