Jessica L. Blome (State Bar No. 314898)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
       lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 De Anza Blvd., #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in pro per*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually, <br><br> PLAINTIFFS. <br><br> v. <br><br> ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; ALAMEDA COUNTY SHERIFF'S OFFICE; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally, <br><br> DEFENDANTS. | Case No. 3:23-cv-01652-VC <br><br> **PLAINTIFF DENIZ BOLBOL'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS** <br><br> Judge: Hon. Kandis A. Westmore <br> Dept: Courtroom 5 – 17th Floor <br> Hearing Date: May 2, 2024 <br> Hearing Time: 1:30 p.m., Zoom |

## Memorandum of Points and Authorities

### I. Introduction

Plaintiff Deniz Bolbol seeks sanctions against Defendant Rowell Ranch Rodeo for bad-faith discovery misconduct. Rowell Ranch simply lied under oath and failed to truthfully disclose information under its control concerning the existence and content of its phone call to law enforcement during Plaintiff's protest of a rodeo event on May 20, 2022. Despite Rowell Ranch's allegations otherwise, the existence and content of the phone call is relevant and material to Plaintiff's legal claims for relief under California Civil Code, section 51.7(b)(2) and 42 U.S.C. § 1983. This Court has the power to sanction Rowell Ranch Rodeo for its discovery abuse, which resulted in prejudice to Plaintiff and disrupted the litigation process in this case.

### A. Sanctions are appropriate for Rowell Ranch Rodeo's bad-faith discovery conduct including failing to investigate sources reasonably available and knowingly providing a material false statement.

District courts maintain the inherent authority to award sanctions upon a finding of bad faith. *Fink v. Gomez,* 23 F.3d 989, 994 (9th Cir. 2001); *Chambers v. NASCO, Inc.,* 501 U.S. 43, 34 (1991). The *Fink* Court noted that "bad faith" includes "a range of willful improper conduct." *Id.* at 992. "A material false statement is sufficient grounds for a bath faith finding to support a sanction under the court's inherent power." *Amezcua v. Jordan Trans., Inc.,* No. 2:13-cv-01608-APG-CWH, 2016 U.S. Dist. LEXIS 71259, at *3 (D. Nev. May 27, 2016) (holding sanctions appropriate to vindicate the judicial process and deter future misconduct where plaintiff knowingly and intentionally lied about a material fact). Sanctions under the court's inherent authority require a finding of "subjective bad faith." *Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Or. Ltd., P'ship,* 76 F.3d 1003, 1007 (9th Cir. 1996) (holding that a hearing was necessary to determine whether defendants acted in bad faith).

In addition to the Court's inherent powers to award sanctions, Plaintiff meets her burden of showing that sanctions are appropriate under Rule 37 which includes showing (1) the party in control of the evidence had an obligation to timely produce it; (2) the party that failed to timely produce the evidence held a "culpable state of mind;" and, (3) the missing evidence is relevant to the moving party's claim. *In re September 11th Liab. Ins. Coverage Cases,* 243 F.R.D. 114, 125

(S.D.N.Y. 2007) [*September 11th Liab.*]. Nothing raised by Rowell Ranch Rodeo's opposition to Plaintiff's motion defeats any of these elements. *See generally* Dkt. 78.

### 1. Rowell Ranch Rodeo maintained access and control over the relevant information and had a duty to investigate available sources.

Rowell Ranch Rodeo defends against Plaintiff's motion by claiming there is no way it could have known who rodeo volunteer Gary Houts called on May 20, 2022, because Mr. Houts forgot. Dkt 78, p. 5:28-6:2. The Rodeo—in turn—seemingly forgets it had an obligation to make "diligent, good faith responses to legitimate discovery requests." *ATC Medica, LLC v. Michaels Stores, Inc.,* Civil Action No. 3:22-CV-1416-N, 2023 U.S. Dist. LEXIS 151021, at *9 (N.D. Tex. Aug. 28, 2023). To be sure, the Rodeo's duty to disclose under Rule 26 is continuing, and as "discovery is run largely by attorneys, . . . the court and the judicial process depend upon honesty and fair dealing among attorneys." *September 11th Liab.,* 243 F.R.D. at 125. The parties to litigation have a duty to undertake a diligent search and reasonable inquiry to adequately respond to requests for information. *See Burnett v. United States*, No. EDCV 15-1707-CAS (KKx), 2016 U.S. Dist. LEXIS 77503 (C.D. Cal. June 14, 2016) (citing *Garcia v. Bana*, No. C 11-02047 LB, 2012 U.S. Dist. LEXIS 79888, 2012 WL 2119157, at *10 (N.D. Cal. June 9, 2012) (finding discovery responses insufficient where responding party that stated it had no documents in its possession, custody or control, failed to also state that a diligent search and reasonable inquiry have been made in an effort to locate the documents requested). To the extent there is any confusion regarding the meaning of "possession, custody, or control," information is currently in a party's control if he has a legal right to obtain it from third parties. *Id.* (citing *Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012) ("The term 'control' is broadly construed, and it includes documents that the responding party has the legal right to obtain from third parties"). Therefore, Rowell Ranch Rodeo, responsible for Houts's actions at the Rowell Ranch Rodeo event, had access to information in Mr. Houts's possession, custody, or control, and had an obligation to search it before completing its discovery disclosures to Plaintiff Bolbol.

There can be no doubt that Mr. Houts's phone records were in Rowell Ranch Rodeo's possession, custody, or control prior to its testimony *under oath* that it did not know who Mr.

Houts called that day. Rowell Ranch Rodeo states that Mr. Houts "did not recall who he had spoken to in the phone call." *See* Dkt 78, p. 2:28-3:1. Based on Mr. Houts's claimed memory lapse, and video evidence of Mr. Houts's call, it was the obligation of Rowell Ranch Rodeo to pursue the only sure means of finding out who he called – to check his phone records. Instead, Rowell Ranch Rodeo answered the Interrogatory by simply claiming their "custom" was followed which is that "volunteers" in these situations should "call the site boss." *Id*. at p. 3:4-6. Rowell Ranch Rodeo did not check either Houts's or site Boss Morrison's phone records to verify whether this custom was followed; the evidence establishes he didn't.

Had Rowell Ranch Rodeo performed the required, diligent search of Mr. Houts's phone records, it would have effectively and timely responded to Plaintiff's discovery. *See* Dkt. 77-1, ¶ 2, Exh. A, Interrogatory No. 23. Instead, Rowell Ranch Rodeo delayed six months, from July 24, 2023, when Plaintiff served her interrogatories to January 5, 2024, the date the Rodeo finally admitted to the existence and content of Mr. Houts's phone call. Dkt. 77-1, ¶ 11, Exh. I. Rowell Ranch Rodeo had a duty to check Mr. Houts's phone records before responding to Plaintiff Bolbol's requests with materially false information. The Rodeo does not get a pass for lying under oath because it did not perform a complete search before responding to Plaintiff. The Rodeo has failed to defeat Plaintiff's motion for sanctions under this prong of the test.

### 2. Rowell Ranch Rodeo's negligence demonstrates their culpable mind and further supports a finding of bad-faith.

The element of "culpable mind" may be satisfied through a showing of negligence and does not necessarily require a showing of bad faith. *See* Rule 37(c)(1); *September 11th Liab.* 243 F.R.D. at 125 (holding that counsel's failure to timely produce evidence, despite knowledge of existence of the document, rose to the level of negligence or more). There can be no doubt that Rowell Ranch Rodeo was aware of the existence of the phone call because it was produced to the Rodeo as an exhibit to a declaration filed in support of Plaintiffs' Request for a Temporary Restraining Order and Preliminary Injunction. Dkt. 28-2; Dkt. 77, p. 4:15-25. Plaintiff's exhibit provided video of Mr. Houts's call to dispatch, which included Mr. Houts addressing the dispatcher as "ma'am" and providing the location of the event, neither of which supports a call to the Rodeo "site boss" Brian Morrison. Dkt. 28-2, ¶ 12, Exh. A. Based on Rowell Ranch Rodeo's

false discovery response, Plaintiff was forced to repeatedly seek follow-up discovery from the Rodeo and the County to confirm Mr. Houts's call to law enforcement, ensuring that no material factual dispute existed regarding the Rodeo's call for law enforcement backup on May 20. Plaintiff also served a deposition notice on Mr. Houts and others to interrogate the Rodeo's misrepresentation on the record.  In other words, Rowell Ranch Rodeo's false testimony created a dispute over a material fact where none existed. The fact that Rowell Ranch Rodeo "eventually" produced the requested information, after it was finally obtained from Defendant Alameda County, does not excuse Rowell Ranch Rodeo's withholding of the information upon initial request. Dkt. 78, p. 6: 7-9. If Plaintiff had not caught the Rodeo in its perjury, she may never have discovered the truth from the Rodeo at all. And once the Rodeo admitted it called law enforcement, Plaintiff was able to withdraw their deposition notices, avoiding a significant discovery cost that it would have incurred but for the Rodeo's lie. (Suppl. Decl. of Jessica L. Blome, ¶ 3.)

### 3. The existence and content of the phone call are relevant and material.

Plaintiff alleges that Rowell Ranch Rodeo violated her right to be "free from any violence, or intimidation by threat of violence" against "her person" because of political affiliation under the Ralph Civil Rights Act of 1976. Civ. Code, sec. 51.7(b)(1); *see also* Dkt. 54, p. 21 (Fourth Cause of Action). "Intimidation by threat of violence" as used in California Civil Code, section 51.7, specifically "includes, but is not limited to, making or threatening to make a claim or report to a peace officer or law enforcement agency that falsely alleges that another person has engaged in unlawful activity or in an activity that requires law enforcement intervention, knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report." Civ. Code, sec. 51.7(b)(2). In other words, to win her claim for relief under Plaintiffs' Fourth Cause of Action, Plaintiff Bolbol must prove—in part—that Rowell Ranch Rodeo falsely reported to law enforcement that Plaintiff was blocking the entrance to the Rodeo during her demonstration. Dkt. 54, p. 22, ¶¶ 110, 111. The phone call evidence withheld by Rowell Ranch Rodeo would have established, as an undisputed fact, that Mr. Houts made a phone call falsely reporting to law enforcement that Plaintiff engaged in unlawful

activity. Because Rowell Ranch Rodeo withheld the evidence, Plaintiff was forced to spend time and resources acquiring this evidence through the County Defendants. The Rodeo is simply wrong to claim that Mr. Houts's phone call is immaterial when it is a necessary element of at least one of Plaintiff's causes of action. In addition, as alleged in Plaintiff's motion, Dkt. 77, p. 5, the phone call is relevant to Plaintiff's Sixth Cause of Action for damages and injunctive relief per 42 U.S.C. § 1983 because it supports Plaintiff's claim that the Rodeo was working in concert with law enforcement to deprive her of her First Amendment rights. *See* Dkt. 54, p 23-25.

Moreover, courts generally do not "tolerate a party unilaterally and unreasonably deciding that requested discovery is not relevant...based solely on its own litigation position." *Treasure Island, LLC, v Affiliated FM Ins. Co,* No. 2:20 -cv-00965-JCM-EJY, 2023 U.S. Dist. LEXIS 172669, at *11 (D. Nev. Sept. 26, 2023) (citations omitted). A party's failure to provide information, based on its unilateral determination of relevance, impedes discovery. *Id.* (citations omitted). Aside from the fact that caselaw and legislative intent make clear that a call to law enforcement is inherently "intimidation by threat of violence" under Section 51.7, Rowell Ranch Rodeo is not entitled to "arrogate to itself the authority to decide questions of relevance, which are the decision of the judge." *Treasure Island,* 2023 U.S. Dist. LEXIS 172669 at *11. To the extent the Rodeo disregarded its obligation to diligently search information within its possession, custody, or control when preparing its responses to Plaintiff's discovery simply because it deemed the phone call irrelevant, the Court should be even more inclined to impose the requested sanction.

**B.      Verification of the existence and content of Gary Houts's phone call to law enforcement is necessary for summary judgment purposes.**

Evidence in support of a summary judgment motion must be authenticated. Fed. R. Evid. 901. Plaintiffs videotaped Mr. Houts making the phone call to law enforcement. Months ago, when Plaintiff Bolbol sent written interrogatories to Rowell Ranch Rodeo, a true and correct response would have served the purpose of verifying the existence of the call. Dkt. 77, p. 4; Dkt. 77-1, ¶ 2, Exh. A. Instead, Rowell Ranch Rodeo verified that this call was in fact *not* made to law enforcement as it responded that Mr. Houts called Brian Morrison, Site Boss for Rowell Ranch Rodeo. *Id.* at ¶ 3, Exh. B at Response to Nos. 22, 23. This material misrepresentation by

Rowell Ranch Rodeo delayed Plaintiff's ability to prepare her Motion for Summary Judgment for months, further prejudiced her by requiring she seek this information from another source, and adversely affected her position and status at the settlement conference. Dkt. 77, p. 10:1-17.

### C. Plaintiff is entitled to attorneys' fees that compensate her for the wrong caused by Rowell Ranch Rodeo's sanctionable conduct.

Plaintiff is entitled to attorneys' fees commensurate with the damage caused by Rowell Ranch Rodeo's sanctionable conduct. "Compensation for a wrong…tracks the loss resulting from that wrong." *Am. Unites for Kids v. Rousseau,* 985 F.3d 1057, 1089 (9th Cir. 2021) (citing *Goodyear Tire & Rubber,* 581 U.S. at 108). To track this loss, Plaintiff provides detailed records showing the direct result of Rowell Ranch Rodeo's withholding of material information and testimony of false information.

The court often employs a "but-for test" which requires that the harmed party recover the portion of fees they would not have paid "but for" the misconduct. *Goodyear Tire,* 581 U.S. at 109 (citing *Fox v. Vice,* 563 U.S. 826, 836 (2011)). Rowell Ranch Rodeo's discovery abuse led to Plaintiff incurring fees and costs including those associated with propounding further discovery upon the County of Alameda, as well as Rowell Ranch Rodeo. Dkt. 77-1, ¶ 15, Exh. M. Plaintiff's counsel then had to repeatedly meet and confer with County counsel over the County's responses, which initially failed to include the recording or transcription of the call. *Id.* at ¶ 6, Exh. D. "But-for" Rowell Ranch Rodeo's combined failure to provide accurate information under its control and its verification of its response to Plaintiff's first set of discovery, these fees would not have been incurred. *Goodyear Tire,* 581 U.S. at 109.

Rowell Ranch Rodeo responds, alleging that Plaintiff's attorneys' fee request is excessive, but it does not specifically object to any of Plaintiff's billing entries and provides no evidentiary support for its allegation that Plaintiff's counsel should have taken less time to work through the issues caused by the Rodeo's false testimony. When faced with such accusations, courts regularly recognize that sanctions awarded under the Court's inherent power requires analysis, not precision. *September 11th Liab.,* 243 F.R.D. at 132. In *September 11th Liability*, the court held it was not entirely possible to separate time records by the "issue in contention," which in that case included the issue of insurance coverage and exclusion. *Id.* Like the issue in

contention in *September 11th Liability*, Plaintiff's time records relate to the issue of Mr. Houts's phone call to law enforcement, including authenticating it for summary judgment purposes and establishing the existence and content of the call for liability purposes. *See* Dkt. 77, p. 10. Notably, unlike the case cited by Rowell Ranch Rodeo in its Opposition, Dkt. 78, Plaintiff does not request a terminating sanction. *See Liberty Ins. Corp v. Brodeur,* 41. F.4th 1185, 1190 (9th Cir. 2022). Instead, Plaintiff Bolbol requests a sanction, "calibrated to the damages caused" by Rowell Ranch Rodeo's bad faith conduct. *Am. Unites for Kids,* 985 F.3d at 1089.

However, in good faith, Plaintiff has revised her fee calculation to omit entries for the work of which the Rodeo complains. *See* Suppl. Blome Decl., ¶ 2, Exh. N; Dkt. 77, p. 8:23-9:10. Plaintiff's omission did not alter her fee calculation, though, because Plaintiff initially cut her fee request by $11,507, to reflect billing judgment. Suppl. Blome Decl.*,* ¶ 2; *see also* Dkt. 77, p. 10:24-27; Dkt. 77-1, ¶ 15, Exh. M. As such, Plaintiff's initial request of $45,000 in compensatory damages for attorneys' fees and costs incurred as a result of the Rodeo's bad faith discovery misconduct stands. Dkt. 77, ¶ 2, Exh. N.

**II.    Conclusion**

For the foregoing reasons Plaintiff Bolbol respectfully request that this Court grant Plaintiff's Motion for Sanctions in the amount of $45,000.00 against Rowell Ranch Rodeo, Inc.

Dated: March 7, 2024

Respectfully submitted,

<u>*/s Jessica L. Blome*</u>
Jessica L. Blome (State Bar No. 314898)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
jblome@greenfirelaw.com
lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*