1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENIZ BOLBOL, et al.,

Plaintiffs,

v.

ROWELL RANCH RODEO, INC., et al.,

Defendants.

Case No. 3:23-cv-01652-VC   (KAW)

**ORDER RE PLAINTIFF BOLBOL'S MOTION FOR SANCTIONS**

Re: Dkt. No. 77

On February 15, 2024, Plaintiff Deniz Bolbol filed a motion for sanctions against Defendant Rowell Ranch Rodeo, Inc. for withholding material information and providing false information, and requested that sanctions be awarded under the Court's inherent powers. (Pl.'s Mot., Dkt. No. 77.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Plaintiff's motion for sanctions.

## I.    BACKGROUND[1]

Plaintiffs are animal rights activists with a long history of peaceful demonstration. Over the course of three days, from May 20 to May 22, 2022, Plaintiffs Joseph P. Cuviello and Deniz Bolbol organized and attended demonstrations against rodeo events held by Defendant Rowell Ranch Rodeo, Inc. ("Rowell Ranch" or "RRR") at Rodeo Park in Hayward, California for the purpose of peacefully passing out leaflets and holding banners and signs.  On the first day of demonstration, as Plaintiffs moved to stand near the front entrance of the Rodeo Park, Rowell

---

[1] In the interest of judicial economy, the Court incorporates the background facts provided in the briefing and merely summarizes the relevant facts below. (*See* Dkt. Nos. 77 & 78.)

Ranch volunteer Gary Houts told Plaintiffs they had to move to a "Free Speech Area" that was far from the pedestrian entrance.  After they refused, Houts allegedly attempted to grab Plaintiff Cuviello's banner and block it from being viewed. He then placed a call to the Alameda County Sheriff's Office ("ACSO"), where he allegedly falsely reported that Plaintiffs were blocking the parking lot and entrance to the venue.

On July 24, 2023, Plaintiff Bolbol served interrogatories on Rowell Ranch.  Interrogatory No. 22 asked Defendant to describe a phone call placed by Houts, and Interrogatory No. 23 asked to identify the person with whom Houts spoke on the phone call.  Rowell Ranch is a volunteer-run organization, and, on August 20, 2023, it served responses verified by a board member that stated that Houts had called Brian Morrison, who was the site boss.

On December 15, 2023, counsel for the co-defendant ACSO reached out to Rowell Ranch to request Houts's cell phone number to help check their records.  Rowell Ranch complied with this request.  On December 21, 2023, the ACSO produced an event register and link to a recording of the May 20, 2022 phone call by Houts to the ACSO, during which he requested law enforcement assistance.  After realizing that the prior responses were inaccurate, on January 5, 2024, Rowell Ranch responded to the second set of discovery responses and corrected the erroneous information and produced phone records for Houts and Site Boss Brian Morrison.

On February 15, 2024, Plaintiff Bolbol filed the instant motion for sanctions. (Pl.'s Mot., Dkt. No. 77.)  On February 29, 2024, Defendant Rowell Ranch filed an opposition. (Def.'s Opp'n, Dkt. No. 78.)  On March 7, 2024, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 80.)

## II.    LEGAL STANDARD

Under its inherent powers, a court may impose sanctions where a party has willfully disobeyed a court order, or where the party has "acted in bad faith, vexatiously, or for oppressive reasons." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1758 (2014) (citation omitted). These powers, however, "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991). Accordingly, the bad-faith requirement sets a "high threshold," *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997), which may be met by willful misconduct, or recklessness that is coupled with an improper

purpose. *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001).  It is the moving party's burden to demonstrate that the party against whom it seeks sanctions acted with the requisite bad faith or improper purpose. *See Burnett v. Conseco, Inc.*, 87 F. Supp. 3d 1238, 1249 (N.D. Cal. 2015).

### III.    DISCUSSION

Plaintiff argues that Defendant should be sanctioned under the Court's inherent powers, because it "not only denied that Gary Houts contacted law enforcement on May 20, 2022, but affirmatively represented that the call Mr. Houts made that day was to Brian Morrison, furthering the deception from omission to redirection of the truth." (Pl.'s Mot. at 8.)  In fact, Houts did call law enforcement, and "[o]nly when faced with responsive evidence provided by Defendant Alameda County did Rowell Ranch Rodeo provide truthful information." *Id.*

In opposition, Rowell Ranch contends that, as "a volunteer run organization, [it] did not have a control over the actual relevant information, but rather the ACSO did." (Def.'s Opp'n at 5.) Thus, "RRR's initial responses were based on the recollection of Houts and the custom of RRR volunteers, i.e., information that was reasonably available to it, thus in its control…. Once RRR reviewed the newly acquired and discovered information, through the event register and audio of the telephone call produced by the ACSO, RRR appropriately responded to the second set of Discovery." *Id.* at 5-6.  Rowell Ranch also argues that there is no evidence of bad faith. *Id.* at 6.

The Court agrees.  While responding to discovery requests with inaccurate information is hardly ideal, the fact that Rowell Ranch cooperated with co-defendant ACSO in providing Hout's phone number to aid in discovery, and then appropriately responded once it discovered that the prior responses were inaccurate, belies the existence of the bad faith or improper purpose required to impose sanctions under the Court's inherent authority.

Accordingly, Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated: May 17, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge