Jessica L. Blome (State Bar No. 314898)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
      lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 De Anza Blvd., #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually, <br><br> PLAINTIFFS. <br><br> v. <br><br> ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; ALAMEDA COUNTY SHERIFF'S OFFICE; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally, <br><br> DEFENDANTS. | Case No. 3:23-cv-01652-VC <br><br> **PLAINTIFFS' STATEMENT OF UNDISPUTED, MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date:        August 15, 2024 <br> Time:       10:00 a.m. <br> Judge:      Hon. Vince Chhabria <br> Courtroom: 5 – 17th Floor |

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

0

**Plaintiffs' Peaceful Demonstration Against Animal Cruelty and Mistreatment**

1. Plaintiffs Joseph Cuviello and Deniz Bolbol are "Animal rights activists" with a decades-long history of advocating for the humane treatment of animals. Declaration Joseph Cuviello ("Cuviello Decl.") ¶¶ 3, 6, Exh. 18 (news article characterizing Animal Rights as a political issue and animal rights advocacy as a political position); Declaration Deniz Bolbol ("Bolbol Decl.") ¶ 3. They organize and participate in peaceful demonstrations at events like those hosted by Defendant Rowell Ranch Rodeo, Inc. ("Rowell Ranch"), where animals are used for entertainment purposes and together, Plaintiffs founded a grassroots group, "Humanity through Education," which is a 501(c)3 nonprofit organization. Cuviello Decl. ¶¶ 3, 7-8; Bolbol Decl. ¶¶ 3, 7-8. At demonstrations, Plaintiffs' speech and association focuses on the abuse and mistreatment of animals by circuses, rodeos, and other "entertainment" entities, which is of great public concern locally, nationally, and internationally. Cuviello Decl. ¶ 4; Bolbol Decl. ¶ 4.

2. During their decades of animal rights demonstrations both Plaintiffs have had their free speech rights violated by being falsely arrested and by threats of arrest from law enforcement officers on numerous occasions. Cuviello Decl. ¶ 5; Bolbol Decl. ¶ 5. As a result, Plaintiffs have had to file a number of lawsuits over the years to have their rights upheld and protected. Cuviello Decl. ¶ 5; Bolbol Decl. ¶ 5.

3. Plaintiffs Cuviello and Bolbol have been demonstrating at rodeo events at the Rowell Ranch Rodeo Park ("Rodeo Park") intermittently from 1988 to 2022 and 2018 to 2022 respectively; they have always stood near the entrance to the rodeo without causing interference and without incident. Cuviello Decl. ¶ 10; Bolbol Decl. ¶ 8. Plaintiffs find the most successful point of persuasion at a rodeo event is at or near the pedestrian entrance as one-on-one communication is the most effective means of communicating their message. Cuviello Decl. ¶¶ 9-10; Bolbol Decl. ¶¶ 9-10.

4. In 2018 and 2019, prior to attending the demonstrations in those years, Plaintiff Cuviello communicated, via email, with HARD General Manager Paul McCreary and Alameda County Sheriffs, on-site, to ensure Plaintiff's free speech rights would be upheld. Cuviello Decl. ¶ 8, Exh. 19.

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

1

5. Plaintiffs' method of demonstration consists of holding signs and banners, approaching patrons and speaking in a respectful manner and by handing out leaflets which communicate their message. Cuviello Decl. ¶ 9; Bolbol Decl. ¶¶ 9, 10 (I do not yell or chant), 20. Plaintiff Cuviello asks all participants associated with the organization he founded, Humanity Through Education, to use the same approach. Cuviello Decl. ¶¶ 9- 10, 40, Exh. 21 (example of leaflet); Bolbol Decl. ¶ 9; Declaration Robyn Newkirk ISO Plaintiffs' Joint Motion for Partial Summary Judgment ("Newkirk Decl.") ¶ 7; Declaration Mike Sage ISO Plaintiffs' Joint Motion for Partial Summary Judgment ("Sage Decl.") ¶ 7.

### Defendant HARD's "Free Speech Area" at the Rodeo Park

6. The Rodeo Park is public property, owned and managed by Defendant Hayward Area Recreation Department ("HARD"). Declaration of Jessica Blome ("Blome Decl.") ¶ 15, Exh. 34A at 195-196 (HARD purchased Rowell Ranch Rodeo Grounds and has fiduciary responsibility for the property), Exh. 34C at 208-212 ("Rodeo Policy, Fees, and Guidelines"); Cuviello Decl. ¶ 39, Exh. 20 (July 1, 1995, letter from Defendant HARD President Board of Directors Douglas Morrison to Bill Pickett Invitational Rodeo President, Lu Vason stating the Rodeo Park is public property).

7. As part of Defendant HARD's "Rowell Ranch Rodeo Policy, Fees and Guidelines" a lessee is required to include a "marked location for public speech" as part of the "Conditions of Use." Blome Decl. ¶ 15, Exh. 34C at 209-210.

8. Defendant Rowell Ranch Rodeo applied for and HARD approved a Permit for Rowell Ranch Rodeo to lease the Rodeo Park and host a rodeo event. Blome Decl. ¶ 5, Exhs. 34B, 34F. As the lessee, Defendant Rowell Ranch set up a "Free Speech Area." Blome Decl. ¶ 2, Exh. 22 at Response to Interrogatory No. 11. Rowell Ranch maintains, "Designation of a Free Speech area (or "Public Speech as defined by HARD requirements) is part of the security plan required by the Rowell Ranch Rodeo Policy, Fees and Guidelines published by HARD." *Id.* at Response to Interrogatory No. 11; Blome Decl. ¶ 15, Exh. 34C at 208-209.

9. The location of the Free Speech Area was designated by Defendant HARD and

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

2

selected by Defendants Rowell Ranch and HARD. Blome Decl. ¶ 2, Exh. 22 at Response to Interrogatory No. 14. Defendant HARD designated the Free Speech Area on a map, within the Emergency Action Plan for Rowell Ranch Rodeo, 2022. Blome Decl. ¶ 15, Exh. 34D at 224.

10. When asked the reason for the required "marked location for public speech" in the "Rowell Ranch Rodeo, Policy, Fees, and Guidelines," HARD responded, "It is unknown the reasons HARD required a marked location for public speech." Blome Decl. ¶ 11, Exh. 30 at Response to Interrogatory No. 5. Further, when asked to describe the reason HARD set up a "Free Speech Area" during the "2022 Events," HARD responded, "Unknown." *Id.* at Response to Interrogatory No. 6.

11. Free speech activity is a right for individuals and groups at the Rodeo Park, which includes distributing leaflets, holding signs and/or passing out informational leaflets. Cuviello Decl. ¶¶ 38-40, Exhs. 17, 20 and 21 (leaflet provided to Rodeo patrons).

12. During the May 2022 events at the Rodeo Park, the Free Speech Area, approximately ten feet by five feet, was designated behind the parking lot entrance gate, to the right of the vehicle entrance of the Rodeo Park and approximately 100 yards from the pedestrian entrance to the Rodeo. Blome Decl. ¶ 15, Exh. 34D at 224; *Id.* at ¶ 16, Exh. 35; Cuviello Decl. ¶ 14, Exh. 6 (timestamp 0:32); Bolbol Decl. ¶ 14.

13. On behalf of Defendant Rowell Ranch, Rodeo president Russell Fields stated the intent of setting up the Free Speech Area is to keep the roadways clear from people setting up "camp" on the roadways which "must be kept free for emergency vehicles to gain access to and from the rodeo." Dkt. 39, Declaration of Russell Fields Pursuant to Court's Order of May 17, 2023, regarding Issuance of T.R.O, May 17, 2023, ¶ 6 ("Fields Decl."). The Free Speech Area is mainly for demonstrators who "desire[] to set up a table, tent or umbrella." Dkt. 43, Supplemental Declaration of Russell Fields Pursuant to Court's Order of May 17, 2023, regarding Issuance of T.R.O, May 18, 2023, ¶ 4 ("Fields Suppl. Decl."). Protestors have handed out pamphlets on the roadway, and provided they do not "set up camp," there was no problem. Fields Decl. ¶ 7. Additionally, Mr. Fields stated that "to the best of his knowledge protestors

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

3

have been showing up for about the last ten years," he can't "say that any of the protestors ever used the designated Free Speech Area," and "there was never any issue or complaint regarding any interaction between the protestors and attendees of the rodeo or with the Rowell Ranch Rodeo Inc. personnel." Dkt. 39, ¶¶ 10, 11.

**Events at the Rodeo Park on May 20, 2022**

14. Plaintiffs, along with their colleagues, participated in demonstrations at the Rodeo Park from May 20 - May 22 of 2022. Cuviello Decl. ¶ 12; Bolbol Decl. ¶ 13; Sage Decl. ¶ 6; Newkirk Decl. ¶ 6. Upon arrival on May 20, 2022, Plaintiff Cuviello noticed a cordoned off area that had a sign that read "Free Speech Area." Cuviello Decl. ¶ 14. The area was located behind the front parking lot gate, approximately 100 yards away from the pedestrian entrance to the facility. *Id.*; Bolbol Decl. ¶ 14. Because it was far from the pedestrian entrance, Plaintiffs knew it would not be an effective option to communicate their message. Cuviello Decl. ¶ 15; Bolbol Decl. ¶ 14. Plaintiffs positioned themselves near, but not interfering with ingress or egress, the pedestrian entrance, as they have done in previous years without incident. Cuviello Decl. ¶ 16. This location is traversed by all patrons who enter the facility at this entrance. Cuviello Decl. ¶ 16; Bolbol Decl. ¶ 14.

15. At the pedestrian entrance to the Rodeo Park, Plaintiffs displayed a banner that read "Not Fun for the Animals" and held animal rights signs. Cuviello Decl. ¶ 16, Exh. 15. Plaintiff Cuviello also held a sign that had a large photo of a man petting a bull that read, "Bulls Are Not Mean & Wild; They Are Docile." Cuviello Decl. ¶ 13, Exh. 14. Plaintiff Bolbol held a sign stating, "They Buck from Pain Caused by Bucking Straps," with a photo of a bucking steer. Bolbol Decl. ¶ 27, Exh. 16. Doe Defendant 1, identified by Defendant Rowell Ranch as Gary Houts, Rowell Ranch's Public Safety Coordinator, told Plaintiffs they must move to the Free Speech Area. Bolbol Decl. ¶ 15, Exh. 1; Blome Decl. ¶ 2, Exh. 22 at 43, ¶ 14, Exh. 33B at 167 (p. 3:15-17).

16. As Plaintiffs stood peacefully, Mr. Houts repeatedly told them to move to the Free Speech Area and tried to grab Plaintiff Cuviello's banner. Blome Decl. ¶ 14, Exh. 33B at 173;

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

4

Cuviello Decl. ¶ 17, Exh. 7; Bolbol Decl. ¶ 15, Exh. 1 (timestamp 0:12-0:15). Plaintiffs told Mr. Houts he is not allowed to touch them. Cuviello Decl. ¶ 17, Exh. 7 (timestamp 0:15-0:17); Bolbol Decl. ¶ 15, Exh. 1 (timestamp 0:15). Plaintiff Cuviello made clear to Mr. Houts that if he has a problem, he should call the police. Blome Decl. ¶ 14, Exh. 33B at 173 (p. 26:22-27:22); Cuviello Decl. ¶ 17, Exh. 7 (timestamp 0:10); Bolbol Decl. ¶ 15, Exh. 1. Mr. Houts insisted, "You're not in the area you need to be," stood in front of Plaintiffs' banner, blocking their message regarding animal welfare and stated, "I can block you." Blome Decl. ¶ 14, Exh. 33B at 173 (p. 28:14); Cuviello Decl. ¶ 17, Exh. 7; Bolbol Decl. ¶ 15, Exh. 1 (timestamp 1:03 – 1:27). Mr. Houts also told Plaintiffs they didn't understand what they were saying [about animals used in the rodeo], they were spreading lies and the photos on their signs were altered. Blome Decl. ¶ 14, Exh. 33B at 173-174; Cuviello Decl. ¶ 17, Exh. 7 (timestamp 1:15) ; Bolbol Decl. ¶ 15, Exh. 1 (timestamp 1:55 – 2:15).

17. At approximately 5:47 p.m., Mr. Houts called Defendant Alameda County Sheriff's Office ("ACSO") and stated that Plaintiffs were blocking the parking lot and entrance, despite the fact that Plaintiffs were not blocking ingress or egress, as is evident in the video footage. Blome Decl. ¶ 13, Exh. 32 at p. 3 (Verizon phone records), ¶ 14, Exh. 33A (Event Register) and 33B at 174 (p. 31), ¶ 10, Exh. 29 at Response to Interrogatory No. 7; Cuviello Decl. ¶ 17, Exh. 7 (timestamp 3:00); Bolbol Decl. ¶ 15, Exh. 1 (timestamp 3:03). During this call, Mr. Houts informed the dispatch officer that Plaintiffs were holding signs and blocking access and that they "need to be removed." Blome Decl. ¶ 9, Exh. 28 (audio recording of call), ¶ 14, Exhs. 33A, 33B at 174 (p. 30:15-16). Mr. Houts described Plaintiffs and their colleagues to the dispatch operator. Blome Decl. ¶ 9, Exh. 28 (timestamp 1:36-2:56), ¶ 14, Exhs. 33A and 33B. As Mr. Houts spoke, Plaintiffs told him to stop lying. Cuviello Decl. ¶ 17 (Exh. 7).

18. Approximately five minutes later, four Officers from Defendant ACSO arrived in Sheriff vehicles and in full uniform. Cuviello Decl. ¶ 18; Newkirk Decl. ¶ 11; Sage Decl. ¶ 10. As soon as Defendant Deputy Joshua Mayfield exited the Sheriff vehicle, a rodeo patron or representative approached Defendant Mayfield and they warmly greeted and hugged each other.

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

5

Bolbol Decl. ¶ 15, Exh. 1(timestamp 7:50).

19. Upon approaching Plaintiffs, the officers, including Defendant Mayfield ("Mayfield"), acknowledged that Plaintiffs' conduct was protected free speech and told Plaintiffs that if they choose to remain where they are to "just keep it peaceful." Blome Decl. ¶¶ 17, Exh. 36 (timestamp 0:50-1:17), and ¶ 14, Exh. 33B at 143 (p. 12:16-18); Bolbol Decl. ¶ 16, Exh. 1 (timestamp 10:22- 10:30); Cuviello Decl. ¶ 18. To which Plaintiff Bolbol responded, "Always.". Blome Decl. ¶ 14, Exh. 33B at 143 (p. 12:19-21), ¶ 17, Exh. 36 (timestamp 1:18); Bolbol Decl. ¶ 16, Exh. 1 (timestamp 10:27- 10:30). Defendant Deputy Mayfield then called dispatch and confirmed he talked to the protestors, advised them to keep it peaceful and that there's a designated area and that he would remain at the Rodeo Park throughout the rest of the event and requested a detail for the remainder of the night. Blome Decl. ¶ 9, Exh. 28 (ACSO audio link, timestamp 10:46- 11:32), ¶ 10, Exh. 29 at 92-93.

20. At approximately 6:20 p.m., after, according to HARD, "HARD/Rowell Ranch had requested that the Sheriff's Deputies instruct the demonstrators to relocate to the Free Speech Area," Defendant Deputy Mayfield, working in concert with Defendant Hart, again approached Plaintiffs. Blome Decl. ¶ 10, Exh. 29 at 92-93; Cuviello Decl. ¶ 19; Bolbol Decl. ¶ 17. At least three different video exhibits capture the subsequent interactions. *See* Blome Decl. ¶ 18, Exh. 37; Cuviello Decl. ¶ 19, Exh. 8; Bolbol Decl. ¶ 17, Exh. 2. Defendant Hart stated that Plaintiffs and colleagues were not in the designated area and held a map of the Rodeo Park to show them the designated Free Speech Area. Blome Decl. ¶ 18, Exh. 37 (timestamp 1:00), ¶ 14, Exh. 33B at 174 (p. 31-32); Bolbol Decl. ¶ 17, Exh. 2. Defendant Hart told Plaintiffs and colleagues that failure to move to the free speech area "will not be good." Blome Decl. ¶ 18, Exh. 37 (timestamp 1:07-1:10), ¶ 14, Exh. 33B at 174 (p. 31:25-32:3); Cuviello Decl. ¶ 20, Exh. 8 (timestamp 0:17-0:20).

21. Plaintiff Cuviello asked Defendant Hart what would happen if they did not move to the Free Speech Area and Defendant Hart replied, "You'll just have to figure that out when it happens." Blome Decl. ¶ 18, Exh. 37 (timestamp 1:10-1:15), ¶ 14, Exh. 33B at 174 (p. 32:8-9);

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

6

Cuviello Decl. ¶ 20, Exh. 8 (timestamp: 0:21-0:31). Plaintiff Cuviello told Defendant Hart "You need to tell us now" and Defendant Hart replied, "I don't have any responsibility to tell you that sir." Blome Decl. ¶ 18, Exh. 37 (timestamp 1:18-1:21), ¶ 14, Exh. 33B at 174 (p. 32:12-14); Cuviello Decl. ¶ 20; Exh. 8 (timestamp 0:27-0:30). Defendant Hart added, "You don't have too much of a choice." Blome Decl. ¶ 18, Exh. 37 (timestamp:2:20), ¶ 14, Exh. 33B at 175 (p. 34:16-17). Cuviello Decl. ¶ 20, Exh. 8.

22. Plaintiff Cuviello asked Defendant Deputy Mayfield, "Are you going to arrest us if we don't go there?" Blome Decl. ¶ 18, Exh. 37 (timestamp 1:21), ¶ 14, Exh. 33B at 174 (p. 32:15-16); Cuviello Decl. ¶ 21; Bolbol Decl. ¶ 17; Newkirk Decl. ¶; Sage Decl. ¶ 11. Defendant Deputy Mayfield replied, "You could be arrested." Blome Decl. ¶ 18, Exh. 37 (timestamp 1:21-1:24), ¶ 14, Exh. 33B (p. 32:17, 25); Cuviello Decl. ¶ 21, Exh. 8 (timestamp 0:31- 0:35). Plaintiff Cuviello said he did not want to be arrested and, "If you're going to arrest me, I need to know ahead of time" as he would have left. Blome Decl. ¶ 18, Exh. 37 (timestamp 1:21), ¶ 14, Exh. 33B (p. 33:3-4); Cuviello Decl. ¶¶ 21 and 22, Exh. 8; Sage Decl. ¶¶ 11-12. Defendant Deputy Mayfield maintained Plaintiff "could be arrested," it was a "possibility," and said, "I'm not required to tell you whether I will arrest you or not." Blome Decl. ¶ 18, Exh. 37 (timestamp 1:55-2:12), ¶ 14, Exh. 33B at 175 (p. 34:9-10); Cuviello Decl. ¶ 22, Exh. 8 (timestamp 1:31). Plaintiff Cuviello told Defendant Deputy Mayfield he needed to call his watch commander. Blome Decl. ¶ 18, Exh. 37 (timestamp 1:32), ¶ 14, Exh. 33B at 175 (p. 33:6); Cuviello Decl. ¶ 22, Exh. 8 (timestamp 0:44); Sage Decl. ¶ 12.

23. At this point, Defendant Deputy Mayfield stepped aside to make a phone call on his cellphone; Plaintiffs believed he was calling his watch commander. Cuviello Decl. ¶ 23, Exh. 8 (timestamp 2:05 – 2:45); Bolbol Decl. ¶ 17, Exh. 2 (timestamp 0:30- 0:36); . According to Defendants, Defendant Deputy Mayfield called Sergeant Gomez, the Sergeant on Duty for Defendant ACSO at the Rodeo. Blome Decl. ¶ 10, Exh. 29 at Response to Interrogatory No. 7 at 92-93. Defendant ACSO states that Defendant Deputy Mayfield's phone call informed Sergeant Gomez that the demonstrators had been peaceful, and that Defendants HARD and Rowell Ranch

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

7

requested Defendant ACSO deputies instruct the demonstrators to relocate. *See id.*

24. Defendant Hart then turned and individually asked Plaintiffs Cuviello and Bolbol, "Are you refusing to leave?" Blome Decl. ¶ 18, Exh. 37 (timestamp 2:54-3:20), ¶ 14, Exh. 33B at 175-176 (p. 36-37); Bolbol Decl. ¶ 18, Exh. 2 (timestamp 0:27-0:35); Cuviello Decl. ¶ 23, Exh. 8 (timestamp 2:05 – 2:44); Sage Decl. ¶ 13. Plaintiffs Cuviello and Bolbol replied that they would not leave. Blome Decl. ¶ 18, Exh. 37 (timestamp 2:46, 3:30), ¶ 14, Exh. 33B at 175-176 (p. 36-37); Defendant Hart then proceeded to ask each demonstrator one-by-one, "Are you refusing to leave" and they all answered yes. Blome Decl. ¶ 18, Exh. 37 (timestamp 2:54-3:30), ¶ 14, Exh. 33B at 175-176 (p. 36-37); Bolbol Decl. ¶ 18, Exh. 2 (timestamp 0:28 - 0:35); Cuviello Decl. ¶ 23, Exh. 8 (timestamp 2:05 – 2:44). Defendant Hart again stated, "You're not in the designated area." Blome Decl. ¶ 14, Exh. 33B at 176 (p. 37: 23-24); Bolbol Decl. ¶ 18, Exh. 2 (timestamp 0:44-0:47).

25. Both Plaintiffs felt intimidated and fearful they would be arrested but wanted to wait and see what the response would be from Defendant Mayfield's watch commander. Cuviello Decl. ¶¶ 22-23; Bolbol Decl. ¶¶ 18. Ms. Newkirk felt the threat of arrest was real, and that she had the impression Defendant HARD's Hart was law enforcement "based on the way he was acting," but did not leave, as she knew from previous experience, she was not disobeying the law. Newkirk Decl. ¶ 12. Mr. Sage felt that Defendant Deputy Mayfield and Hart spoke with one voice, repeating the same messages that they needed to move to the "free speech zone." Sage Decl. ¶ 10. Mr. Sage did not leave as he was accustomed to this type of police harassment and knew he was peaceful and did not block exit or entrance. Sage Decl. ¶ 14.

26. During this interaction with Defendants Hart and Deputy Mayfield, both Plaintiffs felt intimidated by Defendants' threat of arrest which they believed was intended to coerce them into giving up their free speech right to demonstrate outside the "free speech area." Bolbol Decl. ¶ 21; Cuviello Decl. ¶ 26. Plaintiffs' fear of being arrested was based on verbal threats, including, but not limited to, Defendant Hart stating, "You don't have too much of a choice," to move to the designated "Free Speech Area" and "failure to do so will not be good," and

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

8

Defendant Deputy Mayfield telling them they "could be arrested" and that it was a "possibility" if they didn't move to the free speech area. Cuviello Decl. ¶¶ 20, 26; Bolbol Decl. ¶ 21; Sage Decl. ¶ 14 (describing tactic of intimidation to "make us afraid and pressure us to move").

27. Plaintiffs' fear of being arrested was also based on their two contradictory interactions with Defendant Deputy Mayfield; the first when Defendant Deputy Mayfield acknowledged they had a right to protest near the entrance and the second interaction when Defendant Deputy Mayfield changed his message to tell Plaintiffs they could be arrested if they don't move to the "free speech area." Bolbol Decl. ¶ 22, Cuviello Decl. ¶ 27; Newkirk Decl. ¶ 12 (the threat of arrest was real).

28. After Defendant Deputy Mayfield ended his phone call of approximately five minutes, he returned to confer with Defendant Hart, the other ACSO officers, and an unidentified woman who appeared to be affiliated with Defendant Rowell Ranch Rodeo. Bolbol Decl. ¶ 18, Exh. 3; Cuviello Decl. ¶ 24.

29. During this time, Mr. Houts approached Plaintiffs' colleague, Mr. Sage, who was holding a sign stating, "Are you man enough to be kind to animals?" and began to push him, trying to move him as he held his sign. Bolbol Decl. ¶ 19, Exh. 3 (timestamp 0:03- 0:11); Sage Decl. ¶ 9. Plaintiff Bolbol told Mr. Houts that he could not touch Mr. Sage. Blome Decl. ¶ 14, Exh. 33B at 171 (p. 20:6). Bolbol Decl. ¶ 19, Exh. 3; Sage Decl. ¶ 9. Mr. Sage informed Plaintiff Bolbol, "He came right up to me and was pushing me." Bolbol Decl. ¶ 19, Exh. 3 (timestamp 0:03-0:08); Sage Decl. ¶ 9. Plaintiff Bolbol informed Mr. Houts that this was unacceptable. Bolbol Decl. ¶ 19, Exh. 3 (timestamp 0:03-0:08); Sage Decl. ¶ 9.

30. Shortly after conversing with the group, Defendant Deputy Mayfield re-approached Plaintiffs and told them to stay out of the walkway. Blome Decl. ¶ 17, Exh. 36 (timestamp 11:30), ¶ 14, Exh. 33B at 148 (p. 29); Cuviello Decl. ¶ 24, Exh. 9; Bolbol Decl. ¶ 20. Defendants Deputy Mayfield and Rowell Ranch Rodeo representatives harassed the protesters about using the walkway to pass out leaflets. Sage Decl. ¶ 15; Blome Decl. ¶ 17, Exh. 36 (timestamp: 12:45- 13:30), ¶ 14, Exh. 33B at 150 (p. 38); Cuviello Decl. ¶ 25. Defendant

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

9

Deputy Mayfield spoke to Mike Sage and told him he was blocking people. Blome Decl. ¶ 14, Exh. 33B at 150 (p. 38). Defendant Deputy Mayfield added, "I'm telling you if you continue to do it, it may escalate." *Id.* Mr. Sage felt that Defendant Deputy Mayfield harassed him by telling him many times not to stand in the walkway, and that this harassment interfered with his exercising his free speech rights. Sage Decl. ¶ 15.

31. Regardless, Plaintiffs, and their colleagues, proceeded to demonstrate near the front entrance, standing in the walkway and leafleting patrons as they passed, without interference or incident. Cuviello Decl. ¶ 25. In fact, access vehicles, including a large truck, easily moved in and out of the roadways during Plaintiffs' peaceful protest, as can be seen in video footage from the event. Cuviello Decl. ¶ 25, Exh. 10 (timestamp 1:25; 2:07-2:16).

32. Around this time, Defendant Deputy Mayfield again conferred with Defendant Hart, the other ACSO officers, Mr. Houts, and an unidentified woman who appeared to be affiliated with Defendant Rowell Ranch Rodeo. Blome Decl. ¶ 19, Exh. 38. Defendant Deputy Mayfield stated, "This is still an event, open to the public." Blome Decl. ¶ 14, 33B at 149 (p. 36:7-9). He added, "That's where we get stuck." *Id.* (p. 36:10-11). Mr. Houts looked visibly disappointed when Defendant Mayfield told him that Plaintiffs did not have to demonstrate in the Free Speech Area, and Houts responded, "I'm not blaming you all." *Id.* (p. 36: 12-13); Blome Decl. ¶ 19, Exh. 38 (timestamp: 0:43-44). Deputy Mayfield also responded, "No, I get it. I know you're not. So, I'm with you guys, but there's a certain line we have to kind of tow." Blome Decl. ¶ 14, Exh. 33B at 149 (p. 36:14-16); ¶ 19, Exh. 38 (timestamp: 0:49-51).

33. During this conversation, an unidentified woman in the group who appears affiliated with the Rodeo states to the group in reference to Plaintiffs, "We know they're out here pushing their boundaries. That's their M.O." Blome Decl. ¶ 14, Exh. 33B at 149 (p. 36:19-20). Defendant Deputy Mayfield responds, "That's what they want to do," and Defendant Hart states, "they want us to push them back." *Id.* at 149 (p. 36:21-25). Defendant Deputy Mayfield repeats, "And they want us to push back." *Id.* at 150 (p. 37:1-2).

34. Once the front parking lot was full, the number of patrons entering through the

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

10

front entrance decreased, so Plaintiffs and their colleagues moved to the back entrance. Cuviello Decl. ¶ 28; Bolbol Decl. ¶ 23. At the back entrance, Defendant Deputy Mayfield harassed Plaintiff Bolbol by accusing her of blocking "ingress" and the "walkway" while he blocked her sign with his body. Bolbol Decl. ¶ 23, Cuviello Decl. ¶ 29; Blome Decl. ¶ 14, Exh. 33B at 353 (p. 43-44). At all times Plaintiff Bolbol did not block the entrance or ingress or egress. Bolbol Decl. ¶ 23, Exh. 4 (timestamp: 0:29 – 0:32); Cuviello Decl. ¶ 28, Exh. 11 (timestamp 0:10-1:00). Defendant Deputy Mayfield's conduct caused Plaintiff Bolbol emotional and mental stress. Bolbol Decl. ¶ 23. Plaintiff Bolbol specifically asked Defendant Deputy Mayfield to stop harassing her. Blome Decl. ¶ 14, Exh. 33B at 151-153 (p. 44:23, 25; p. 49).

### Events at the Rodeo Park on May 21, 2022

35. On May 21, 2022, Plaintiffs returned to the Rodeo Park to resume demonstrations. Cuviello Decl. ¶ 31; Bolbol Decl. ¶ 24. Plaintiff Bolbol held a sign that read "They Buck From Pain Caused By the Bucking Strap" with a photo of a bull bucking from the bucking strap. Bolbol Decl. ¶ 24. As they made their way to the back entrance, Doe Defendant 2, identified by Defendant Rowell Ranch as volunteer George Ferris, attempted to prevent Plaintiff Cuviello from entering the lot, and Plaintiff Bolbol told him not to touch Plaintiff Cuviello. Blome Decl. ¶ 2, Exh. 22 at Response to Interrogatory Nos. 3, 4 (identifying Mr. Ferris); Cuviello Decl. ¶ 32; Bolbol Decl. ¶ 24, Exh. 5 (timestamp 0:26). At that point Mr. Ferris then turned his attention to Plaintiff Bolbol and yelled that she needed a ticket and shouted "Out," as he repeatedly blocked her from entering the property by stepping in front of her and pushing his body into her as she tried to walk around him, despite her repeated requests for him to stop touching her. Cuviello Decl. ¶ 32, Ex. 12; Bolbol Decl. ¶ 24, Ex. 5 (timestamp 0:30 – 58). Plaintiff Bolbol felt scared due to Mr. Ferris's physical aggression. Bolbol Decl. ¶ 24.

36. Later that day, Plaintiff Cuviello stood near the back entrance at the Rodeo Park near a tree, holding a yellow cloth banner which read "Not Fun for the Animals." Cuviello Decl. ¶ 33, Exh. 13. Because there was a breeze the cloth banner would occasionally touch the back of an electric utility vehicle parked near the tree. Cuviello Decl. ¶ 34. Mr. Houts approached

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

11

Plaintiff Cuviello and told him not to touch his electric utility vehicle with Plaintiff's banner, and without objection, Plaintiff moved away from the vehicle. *Id.* at ¶ 34, Exh. 13 (timestamp 0:00 – 0:10).

37.     Shortly thereafter, despite that the vehicle was facing away from Plaintiff, there was ample room for Mr. Houts to easily drive the vehicle forward, and Plaintiff was in no way blocking Mr. Houts from moving his vehicle, Mr. Houts told Plaintiff Cuviello to move as he got into the electric vehicle. Cuviello Decl. ¶ 35, Exh. 13 (timestamp 0:43). An unidentified woman, who appeared affiliated with the Rodeo, told Plaintiff Cuviello he had to move, and while Plaintiff was explaining to the woman that Mr. Houts could drive forward instead of in reverse towards Plaintiff, Mr. Houts, sitting in the driver's seat, looked over his shoulder behind the vehicle where Plaintiff was standing and intentionally accelerated his vehicle backwards and rammed it directly into Plaintiff Cuviello. Cuviello Decl. ¶ 36, Exh. 13 (timestamp 0:49 - 1:02). After being struck by the vehicle, Plaintiff Cuviello informed Mr. Houts that he assaulted him and in response, Mr. Houts smiled and said, "I asked you to move." *Id.* at 36 (timestamp 1:10-1:14).

38.     Throughout the weekend, fellow protestors, including Mr. Sage and Ms. Newkirk, felt rodeo staff expressed hostility toward them, including by repeatedly driving golf carts close to them. Newkirk Decl. ¶ 10; Sage Decl. ¶ 9 (rodeo staff…did not like our messages regarding the abuse of the animals used by the rodeo).

39.     From May 20 to May 22, 2022, at the end of our demonstrations at the Rodeo Park, Plaintiffs posed for photographs together with fellow protestors. Cuviello Decl. ¶ 40, Exh. 17. Despite Defendants' harassment and violation of their rights throughout the events at the Rodeo Park, Plaintiffs remain committed to exercising their right to speech and association to advance animal rights advocacy. Cuviello Decl. ¶¶ 3-4, 7; Bolbol Decl. ¶¶ 6-7. One of Plaintiff Cuviello's reasons for filing this lawsuit was fear that violence may be used against him or his colleagues in the future. Cuviello Decl. ¶ 37.

                                        Respectfully submitted,

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

12

| | | |
|---|---|---|
| 1 | DATED: June 3, 2024, | */s/ Jessica L. Blome* |
| 2 | | Jessica Blome |
| | | Lily R. Rivo |
| 3 | | GREENFIRE LAW, PC |
| | | *Attorneys for Plaintiff Deniz Bolbol* |
| 4 | | |
| 5 | DATED: June 3, 2024, | */s/ Joseph P. Cuviello* |
| | | JOSEPH P. CUVIELLO |
| 6 | | *Plaintiff in Pro Se* |

Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

13