

**pat Cuviello <pcuvie@gmail.com>**

## Free Speech - Rowell Ranch Rodeo
3 messages

**pat Cuviello** <pcuvie@gmail.com>                                                                   Mon, May 14, 2018 at 9:28 AM
To: mccp@haywardrec.org
Cc: perc@haywardrec.org, hatr@haywardrec.org, andl@haywardrec.org, hodp@haywardrec.org, jamm@haywardrec.org

> General Manager Paul McCreary
>
> On Saturday - May 19 - a group of people will be peacefully protesting Rowell Ranch Rodeo. We do not intend to interfere in any way, we simply intend to educate patrons regarding treatment of animals at rodeos. I organized and attended many protests at the rodeo park in past and based on an incident regarding free speech activities - circa 1995 - HARD sent a letter making sure rodeo organizers understood the rodeo park was public property and that groups have a right to protest on the grounds; see attached.
>
> Please let me know if HARD's policy is still protective of free speech activities or has changed, and the reasons for the change.
>
> Pat Cuviello
> 650-315-3776



**HARD Rowell Ranch Free Speech Policy 1995.jpeg**
736K

**Paul McCreary** <McCP@haywardrec.org>                                                               Wed, May 16, 2018 at 3:41 PM
To: pat Cuviello <pcuvie@gmail.com>

**000028**

Thank you for your inquiry.  The Rowell Ranch Rodeo Association has rented the rodeo park for their rodeo event and therefore will be responsible for coordinating free speech at the rodeo grounds this weekend.  I contacted the organizers to ask them about their plans for free speech.  The Association has a plan in place to accommodate free speech activities, and an area will be provided near the entrance to the rodeo grounds for those purposes.  They are coordinating with the Alameda County Sheriff's Department who will be onsite to ensure the rights of all parties are respected.

Sincerely,

Paul McCreary

[Quoted text hidden]

"This message may contain confidential and/or proprietary information, and is intended for the person/entity to whom it was originally addressed. Any use by others is strictly prohibited."

---

**pat Cuviello** <pcuvie@gmail.com>                                                                               Fri, May 18, 2018 at 9:05 AM
To: Paul McCreary <McCP@haywardrec.org>

Mr. McCreary

Thank you for your response.

I understand HARD is renting the Park to a private entity for its event. However, HARD has always rented the Park to private entities for events. Regardless, the rodeo Park is publicly owned property and HARD cannot relinquish its responsibility to a private entity to ensure free speech rights are upheld on its property, as HARD made clear in the 1995 letter I sent you, in which some current board members were signatories to.

Although the Rodeo Park is publicly owned, under California law even private property can be subject to our constitutional right to free speech: *See Fashion Valley Mall, LLC. v. National Labor Relations Board*, 42 Cal. 4th 850, 858 (2007).

Since the Rowell Ranch Rodeo Park is public property, our State and Federal Constitutions do allow the government to place reasonable time, place and manner restrictions on free speech activity. *Kuba v. 1-A Agricultural Association*, 387 F.3d 850, 858 (9th Cir. 2004)(*citing Ward v. Rock Against Racism*, 491 U.S. 781, 791, (1989)). However, "[r]estrictions on the time, place, or manner of speech are reasonable 'provided the restrictions 'are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.'" *Id.,* (*citing Ward*, 491 U.S. at 791). "The failure to satisfy any single prong of this test invalidates the requirement." *Id.,* (*citing Grossman v. City of Portland*, 33 F.3d 1200, 1205 (9th Cir. 1994).

Any "Free Expression area" must allow reasonable access to the patrons. Our goal is not just to be seen by the patrons but to also be able to approach them and offer educational leaflets, which is our constitutional right. "[H]anding out leaflets in the advocacy of a politically controversial viewpoint ... is the essence of First Amendment expression"; "[n]o form of speech is entitled to greater constitutional protection." *McCullen v. Coakley*, 134 S. Ct. 2518, 2536 (2014). "When the government makes it more difficult to engage in these modes of communication, it imposes an especially significant First Amendment burden." *Id*. The California Supreme Court has long recognized that "the area outside the entrance of the targeted business often is 'the most effective point of persuasion.'" *Ralphs Grocery Company v. United Food And Commercial Workers Union LOCAL 8*, 55 Cal.4th 1083, 1102 (2012).

**000029**

We intend to be near the patron entrance to peacefully hold signs and banners and offer educational leaflets to the patrons. We do not intend to block or interfere with patrons entering and exiting the park in any way, which would be illegal Under California law. *See* California Penal Code section 647c: "Every person who willfully and maliciously obstructs the free movement of any person on any street, sidewalk, or other public place or on or in any place open to the public is guilty of a misdemeanor." So if any of the demonstrators willfully blocked ingress and egress of Rodeo patrons the Sports Complex has a Penal Code remedy available and can have them arrested.

It would be a violation of our constitutional rights to restrict our free speech activities based on speculation we will violate the law, as justifications for restricting free speech activities "must be 'far stronger than mere speculation about serious harms.'" *Bartnicki v. Vopper*, 532 US 514, 532 (2001)(*citing United States* v. *Treasury Employees,* 513 U.S. 454, 475 (1995)). "The generally accepted way of dealing with unlawful conduct that may be intertwined with First Amendment activity is to punish it after it occurs, rather than to prevent the First Amendment activity from occurring in order to obviate the possible unlawful conduct." *Collins v. Jordan,* 110 F.3d 1363,1371-72 (9th Cir. 1996). Enforcement of the law after violation is an "easily available alternative mode of regulation that [] satisfies legitimate concerns and affects considerably less speech than [free expression areas]." *Santa Monica Food Not Bombs v. City Of Santa Monica*, 450 F.3d 1022, 1041, (9th Cir. 2006).

Can you please provide me with a map of the entrance area with the free expression area highlighted, so we can ensure the area passes constitutional muster before we demonstrate tomorrow?

Thank you.

Pat Cuviello

[Quoted text hidden]

**000030**



**pat Cuviello <pcuvie@gmail.com>**

## Free Speech - Rowell Ranch Rodeo
6 messages

**pat Cuviello** <pcuvie@gmail.com>                                                     Tue, May 14, 2019 at 11:43 AM
To: Paul McCreary <mccp@haywardrec.org>
Cc: perc@haywardrec.org, hatr@haywardrec.org, andl@haywardrec.org, hodp@haywardrec.org, jamm@haywardrec.org, gahern@acgov.org, rlucia@acgov.org, Deniz Bolbol <deniz_b@yahoo.com>

General Manager Paul McCreary

This weekend - a group of people will be peacefully protesting Rowell Ranch Rodeo, Like last year, we will be standing near the entrance, holding signs and passing out leaflets. We do not intend to interfere in any way, we simply intend to educate patrons regarding treatment of animals at rodeos. Because Rowell Ranch Rodeo Park is publicly-owned park property free speech activity is protected by both our Federal and State Constitutions, which guarantee our right to free speech.

There were no major problems last year regarding the protection of our free speech rights and we expect them to be upheld again this year.

Feel free to contact me if you have any questions; 650-315-3776

Thank you,

Pat Cuviello

Deniz Bolbol

**Paul McCreary** <McCP@haywardrec.org>                                                Tue, May 14, 2019 at 12:27 PM
To: pat Cuviello <pcuvie@gmail.com>
Cc: "gahern@acgov.org" <gahern@acgov.org>, "rlucia@acgov.org" <rlucia@acgov.org>, Deniz Bolbol <deniz_b@yahoo.com>

Dear Pat and Deniz:

My staff is confirming with the Rowell Ranch Rodeo Association on how they are accommodating free speech this weekend.  We will share that information with you once received. Thanks.

Paul

Get Outlook for iOS

**From:** pat Cuviello <pcuvie@gmail.com>
**Sent:** Tuesday, May 14, 2019 11:43 AM
**To:** Paul McCreary

**000031**

**Cc:** Carol A. Pereira; Rick Hatcher; Louis M. Andrade; Paul Hodges; Minane Jameson; gahern@acgov.org; rlucia@acgov.org; Deniz Bolbol
**Subject:** Free Speech - Rowell Ranch Rodeo

[Quoted text hidden]

"This message may contain confidential and/or proprietary information, and is intended for the person/entity to whom it was originally addressed. Any use by others is strictly prohibited."

---

**Ahern, Gregory, Sheriff** <gahern@acgov.org>  Tue, May 14, 2019 at 12:44 PM
To: pat Cuviello <pcuvie@gmail.com>

Thank you for the message.  The Alameda County Sheriff's Office will once again be working at the event.

**From:** pat Cuviello <pcuvie@gmail.com>
**Sent:** Tuesday, May 14, 2019 11:43 AM
**To:** Paul McCreary <mccp@haywardrec.org>
**Cc:** perc@haywardrec.org; hatr@haywardrec.org; andl@haywardrec.org; hodp@haywardrec.org; jamm@haywardrec.org; Ahern, Gregory, Sheriff <gahern@acgov.org>; Lucia, Rich, Undersheriff <rlucia@acgov.org>; Deniz Bolbol <deniz_b@yahoo.com>
**Subject:** Free Speech - Rowell Ranch Rodeo

General Manager Paul McCreary

[Quoted text hidden]

---

**Minane Jameson** <Minane.Jameson@haywardrec.org>  Tue, May 14, 2019 at 2:26 PM
To: pat Cuviello <pcuvie@gmail.com>

Hi Pat,

Thank you for your letter. I do hope that your protest goes well and you are all treated with the respect you deserve.

I'll be there in spirit.

Best,
Minane


Sent from my iPad
[Quoted text hidden]

[Quoted text hidden]

---

**pat Cuviello** <pcuvie@gmail.com>  Fri, May 17, 2019 at 12:28 PM

**000032**

To: Paul McCreary <McCP@haywardrec.org>
Cc: "gahern@acgov.org" <gahern@acgov.org>, "rlucia@acgov.org" <rlucia@acgov.org>, Deniz Bolbol <deniz_b@yahoo.com>, perc@haywardrec.org, hatr@haywardrec.org, andl@haywardrec.org, hodp@haywardrec.org, jamm@haywardrec.org
Bcc: Jeffrey Lisa <l.l.jeffrey@att.net>

Mr. McCreary,

Although Deniz Bolbol and I haven't heard back from you regarding the email we sent to you on May 14, 2019 pertaining to free speech rights at the Rowell Ranch Rodeo, my colleague Lisa Jeffery forwarded to me her correspondence with you regarding free speech at the Rodeo – specifically the Rodeo's free speech policy "First Amendment Right Guidelines" (attached).

Despite that HARD is renting the Park to a private entity for its event, HARD cannot relinquish its responsibility to a private entity to ensure that constitutionally-protected free speech rights are upheld on public park property under HARD's jurisdiction. HARD made clear in the attached 1995 letter, of which some current board members were signatories, the Park is public property and groups such as ours have the right to engage in constitutionally-protected free speech activity.

Public Parks have long been recognized under our Federal and State Constitutions as "quintessential traditional public forums." *ACLU v. City of Las Vegas,* 333 F.3d 1092, 1099 (9th Cir. 2003)(*citing United States v. Grace*, 461 U.S. 171, 175 (1983)). The law has not changed since this letter was written and HARD and the Sheriff's Department have a legal responsibility to ensure our rights our upheld and protected on the Park grounds.

Our State and Federal Constitutions do allow the government to place reasonable time, place and manner restrictions on free speech activity. *Kuba v. 1-A Agricultural Association*, 387 F.3d 850, 858 (9th Cir. 2004)(*citing Ward v. Rock Against Racism*, 491 U.S. 781, 791, (1989)). However, restrictions on the time, place, or manner of speech are only reasonable if they "are justified without reference to the content of the regulated speech, [] are narrowly tailored to serve a significant governmental interest, and [] leave open ample alternative channels for communication of the information.'" *Id.,* (*citing Ward*, 491 U.S. at 791). "The failure to satisfy any single prong of this test invalidates the requirement." *Id.,* (*citing Grossman v. City of Portland*, 33 F.3d 1200, 1205 (9th Cir. 1994). Since we leafleted by the entrance last year there is clear evidence of the compatibility of our activity with the area, and therefore the Rodeo, or HARD, has no "significant interest" in restricting free speech activity within "100 feet of any Rowell Ranch Rodeo ticket gate," as stated in their attached "First Amendment Right Guidelines"; Section 5, Bullet # 11.

It would be a violation of our constitutional rights to restrict our free speech activities based on speculation we will violate the law, as justifications for restricting free speech activities "must be 'far stronger than mere speculation about serious harms.'" *Bartnicki v. Vopper*, 532 US 514, 532 (2001)(*citing United States* v. *Treasury Employees,* 513 U.S. 454, 475 (1995)). "The generally accepted way of dealing with unlawful conduct that may be intertwined with First Amendment activity is to punish it after it occurs, rather than to prevent the First Amendment activity from occurring in order to obviate the possible unlawful conduct." *Collins v. Jordan,* 110 F.3d 1363,1371-72 (9th Cir. 1996). Enforcement of the law after violation is an "easily available alternative mode of regulation that [] satisfies legitimate concerns and affects considerably less speech than [free expression areas]." *Santa Monica Food Not Bombs v. City Of Santa Monica*, 450 F.3d 1022, 1041, (9th Cir. 2006).

**000033**

The only restrictions allowed by law are the restrictions HARD outlined in their 1995 letter – Demonstrators "may not interrupt current events with loud voices, amplified sounds nor should they interfere with the free flow of traffic." The Rodeo's "First Amendment Right Guidelines" do not pass constitutional muster.

We will be peacefully demonstrating near the entrance, as we did last year. Our goal is not just to be seen by the patrons but to also be able to approach them and offer educational leaflets, which is our constitutional right. "[H]anding out leaflets in the advocacy of a politically controversial viewpoint ... is the essence of First Amendment expression"; "[n]o form of speech is entitled to greater constitutional protection." *McCullen v. Coakley*, 134 S. Ct. 2518, 2536 (2014). "When the government makes it more difficult to engage in these modes of communication, it imposes an especially significant First Amendment burden." *Id*. The California Supreme Court has long recognized that "the area outside the entrance of the targeted business often is 'the most effective point of persuasion.'" *Ralphs Grocery Company v. United Food And Commercial Workers Union LOCAL 8*, 55 Cal.4th 1083, 1102 (2012).

We do not intend to block or interfere with patrons entering and exiting the park in any way, which would be illegal Under California law. *See* California Penal Code section 647c: "Every person who willfully and maliciously obstructs the free movement of any person on any street, sidewalk, or other public place or on or in any place open to the public is guilty of a misdemeanor." So if any of the demonstrators willfully block ingress and egress of Rodeo patrons the Rodeo and the onsite Sheriff's officers have a Penal Code remedy available.

We fully expect HARD and the Sheriff's Department to protect our free speech rights from unconstitutional restrictions the Rodeo organizers may want to place on our free speech activity.

Pat Cuviello

Deniz Bolbol
[Quoted text hidden]

---

**2 attachments**


**HARD Rowell Ranch Free Speech Policy 1995.jpeg**
736K

**Rowell Ranch Rodeo Association First Amendment Rights Policy.pdf**
104K

---

**Paul McCreary** <McCP@haywardrec.org>                                       Fri, May 17, 2019 at 1:17 PM
To: pat Cuviello <pcuvie@gmail.com>
Cc: "gahern@acgov.org" <gahern@acgov.org>, "rlucia@acgov.org" <rlucia@acgov.org>, Deniz Bolbol <deniz_b@yahoo.com>

**000034**

Thank you for your email and information.  HARD is coordinating with the Rodeo Association and our public agency partners to ensure first amendment rights are preserved during the event.  HARD Public Safety Staff and Alameda County Sheriff's Department staff will be at the site.

Sincerely,



*Explore*

*Play*

*Learn*

**Paul McCreary**

*General Manager*

Hayward Area Recreation & Park District

1099 "E" Street | Hayward, CA | 94541

510-881-6710 (p)  |  510-888-5758 (f)

mccp@haywardrec.org

WWW.HAYWARDREC.ORG

*Enjoy life with H.A.R.D.!*  

[Quoted text hidden]
[Quoted text hidden]

**000035**

**ROWELL RANCH RODEO , INC.**

**FIRST AMENDMENT RIGHT GUIDELINES**

1. Any organization and individuals using the free expression zone agree to indemnify and hold harmless the Rowell Ranch Rodeo, Inc. and the Hayward Area Recreation & Park District, their officers, directors and members from any and all liability associated with the organization or individual use of the free expression zone.

2. All banners and signs that reflect an opinion involving first amendment activities are not permitted in any other area of the Rowell Ranch Rodeo grounds except in the free expression zone.

3. Any violator of this agreement may be expelled from the Rowell Ranch Rodeo grounds and moved to the free expression zone as described herein by the Rowell Ranch Rodeo.

4. All organizations and individuals seeking to engage in First Amendment activities at the Rowell Ranch Rodeo or associated events, agree to indemnify and hold harmless the County of Alameda, its employees and elected and appointed officials; the Rowell Ranch Rodeo, Inc. , its officers, directors and members from any and all liability associated with the exercise and engaging in First Amendment activities and the use and occupancy of the free expression zone.

5. Any organization or individuals seeking to engage in First Amendment activities shall ensure their conduct in the use of any signs, banners, or other devices do not result in injuries to persons or property; persons engaged in First Amendment activities shall comply with the following restrictions on time, place and manner:

- No signs or banners may be used which exceed four (4) feet by eight (8) feet;
- No individual or group sign or banner or individual activity shall block the free movement of patrons, concessionaires,, employees, lessees, participants, or those providing emergency services or obstruct freedom of passage to or from the Rowell Ranch Rodeo grounds.;
- No individual or group engaged in free expression activity shall represent to anyone that the views they express are necessarily the views of the Rowell Ranch Rodeo, Inc. or the Hayward Area Recreation & Park District or that these entities in any way condones or supports said views;
- Patrons declining to listen, converse, or provide a donation or signature or accept any item offered by those engaged in free speech activities shall not be pursued or touched once that patron has clearly indicated that he or she wishes to be left alone;
- No one using a free expression zone shall leave said zone for purposes of engaging in free expression activity or conducting any activity originated in the free expression zone;

000037

- Those individuals or groups engaged in free expression activities shall provide their own table and chairs, but no more that one 8' X 3' table and five chairs shall be used in any free expression zone;
- No one shall use signs or displays, or pass out or show literature which employ fighting words, obscenities or gruesome, grisly or repulsive exhibits or pictures;
- No one shall use sound devices without special prior written approval of the Rowell Ranch Rodeo, Inc. and the use of any permitted sound device shall not create a nuisance or noise of sufficient volume to impinge upon the hearing of patrons more that a few feet away from the free expression zone, nor shall they be used to broadcast any fighting words or obscenities;
- Individuals or groups utilizing free expression zones will occupy such areas no earlier that two hours prior to the event and no more than after closing of the event;
- If funds are solicited, they will not be demanded nor required in return for any materials. This prohibition shall not be construed as preventing all solicitations of any voluntary contributions. There shall be no sale of any merchandise or services of any kind, including the taking of orders for merchandise or services, at any free expression zone:
- There shall be no free expression activities within 100 feet of any Rowell Ranch Rodeo ticket gate or participant entrance;

000038

- The violation of any of the terms or these conditions shall be reasonable grounds for discontinuance by the Rowell Ranch Rodeo, Inc. of such activity and/or expulsion from the Rowell Ranch Rodeo grounds.

6. The following equipment may be brought onto the free expression zone for use in the free expression activities within the designated free expression zone:
    - An eight foot table and five chairs at each allowable location;
    - Signs may be placed on the table or directly in front of the table only. The maximum signage area for any particular location shall not exceed four feet in height and eight feet in width;
    - Any necessary pens, pencils, paper clips or clip boards and leaflets, provided however, any leaflets should be weighted so that they are secured and not subject to being blown off the table;
    - There shall be no sale or offer to sell or any merchandise or services of any kind, including, the taking of orders for merchandise or services, at any free expression zone.

7. If free speech activity cannot be allowed or no free expression zones are available, the Rowell Ranch Rodeo, Inc. will attempt to identify zones that are available and will attempt to identify alternatives or alternative areas, including off-site areas, for the organization or individual to engage in such activities.