PAUL CALEO (SBN 153925)
pcaleo@grsm.com
OSMAAN KHAN (SBN 331766)
oakhan@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
1111 Broadway, Suite 1700
Oakland, CA 94607
Telephone: (510) 463-8600
Facsimile: (510) 984-1721

*Attorneys for Defendant*
ROWELL RANCH RODEO INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; and DOES 1 through 2, in their individual and official capacities, jointly and severally.<br><br>Defendants. | Case No.: 3:23-CV-01652<br><br>**DEFENDANT ROWELL RANCH RODEO, INC'S RESPONSES TO PLAINTIFF DENIZ BOLBOL'S INTERROGATORIES, SET TWO**<br><br>Complaint Filed: April 6, 2023<br>Trial: October 21, 2024 |

**PROPOUNDING PARTY:** Plaintiff DENIZ BOLBOL

**RESPONDING PARTY:** Defendant ROWELL RANCH RODEO INC.

**SET NO.:** Two

Pursuant to California Code of Civil Procedure Section 2030.210 and Federal Rule section 33, defendant ROWELL RANCH RODEO INC. ("Defendant") hereby responds to Plaintiff DENIZ BOLBOL ("Plaintiff") Interrogatories, Set One as follows:

It should be noted that this responding party has not fully completed its investigation of the facts relating to this action, has not fully completed its discovery in this action, and has not fully

-1-

1  completed its preparation for trial. All responses contained herein are based only upon such
2  information and documents which are presently available to and specifically known to this
3  responding party and disclose only those contentions which presently occur to such responding
4  party. It is anticipated that further discovery, independent investigation, legal research and analysis
5  may provide additional facts, add meaning to the known facts, as well as establish entirely new
6  factual conclusions and legal contentions, all of which may lead to substantial additions to,
7  modifications in, and variations from the contentions and responses set forth herein.

8        The following interrogatory responses are provided without prejudice to defendant's right
9  to produce at the time of trial subsequently discovered evidence relating to the proof of presently
10 known material facts and to produce all evidence, whenever discovered, relating to the proof of
11 subsequently discovered material facts.

12       Responding party accordingly reserves the right to change any and all answers herein as
13 additional facts are ascertained, analyses are made, legal research is completed and contentions are
14 made. The answers contained herein are made in a good faith effort to supply as much factual
15 information and as much specification of legal contentions as is presently known, but should in no
16 way be to the prejudice of this party in relation to further discovery, research or analysis.

17       This general objection, that discovery and investigation are just beginning, is applicable to
18 each and every interrogatory responded to herein. Accordingly, it will not be repeated for each
19 interrogatory, but will be incorporated hereby in each response by this reference.

20       Each response is subject to all appropriate objections (including, but not limited to,
21 objections concerning competency, relevancy, materiality, propriety, and admissibility) which
22 would require the exclusion of any statement contained herein if made by a witness present and
23 testifying in court. Moreover, defendant objects to each and every interrogatory to the extent it
24 seeks confidential material protected by the attorney-client privilege or improperly seeking the
25 work product of any attorney retained, or employed, by defendant. All such objections and grounds
26 are reserved, and may be interposed at the time of trial.

27
28

*Gordon Rees Scully Mansukhani, LLP*
*1111 Broadway, Suite 1700*
*Oakland, CA 94607*

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 28:**

IDENTIFY the person who called the SHERIFF'S OFFICE on May 20, 2022 regarding Plaintiffs' demonstration.

**RESPONSE TO REQUEST NO. 28:**

Defendant Rowell Ranch Rodeo, Inc ("Rowell Ranch") objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private and confidential in nature and implicates the privacy rights of third parties.

Subject to and without waiving objections, Rowell Ranch states that based on information and belief, Rowell Ranch volunteer Gary Houts.

**INTERROGATORY NO. 29:**

DESCRIBE why the person IDENTIFIED in Interrogatory No. 28 called the SHERIFF'S Office on May 20, 2022 regarding Plaintiff's demonstration.

**RESPONSE TO REQUEST NO. 29:**

Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects because the request seeks information that may be protected by the attorney-client privilege and the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Cal.4th 480.

Subject to and without waiving objections, Rowell Ranch states that based on information and belief Rowell Ranch volunteer Gary Houts called the Sheriff's Office because Plaintiffs were not using the designated Free Speech Area, and were blocking the path for people.

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

**INTERROGATORY NO. 30:**

DESCRIBE the COMMUNICATION between the person IDENTIFIED in Interrogatory No. 28 and the SHERIFF'S Office on May 20, 2022, regarding Plaintiff's demonstration.

**RESPONSE TO REQUEST NO. 30:**

Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects because the request seeks information that may be protected by the attorney-client privilege and the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Cal.4th 480.

Subject to and without waiving objections, Rowell Ranch states that based on information and belief Rowell Ranch volunteer Gary Houts stated the following in the call: (i) he is not sure who he needs to call; (ii) he has people he needs moved; (iii) the people need to be moved because they already have a free speech area and they are blocking the parking access; (iv) that there are two (2) white people – one (1) male in a purple shirt and one (1) female in a green shirt; (v) they have signs; (vi) he does not see ay weapons; and (vii) there is a rodeo going on. The female on the other end states that they will be there as soon as they can.

**INTERROGATORY NO. 31:**

IDENTIFY the name of the mobile phone carrier company used by the individual identified in Interrogatory No. 28 to make the phone call to the SHERIFF'S Office on May 20, 2022, as referenced in Plaintiff's request for temporary injunctive relief, Exhibit D, Part 2 at timestamp 2:30. (ECF 28-4.)

**RESPONSE TO REQUEST NO. 31:**

Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

1  evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private
2  and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects
3  because the request seeks information that may be protected by the attorney-client privilege and
4  the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47
5  Ca1.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Ca1.4th 480.

6  Subject to and without waiving objections, Rowell Ranch states that based on information
7  and belief Rowell Ranch volunteer Gary Houts uses the mobile phone carrier Verizon.

8  **INTERROGATORY NO. 32:**

9  IDENTIFY the phone number of the mobile device used by the individual identified in
10 Interrogatory No. 28 to make the phone call to the SHERIFF'S Office on May 20, 2022, as
11 referenced in Plaintiff's request for temporary injunctive relief, Exhibit D, Part 2 at timestamp
12 2:30. (ECF 28-4.)

13 **RESPONSE TO REQUEST NO. 32:**

14 Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and
15 burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information
16 that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible
17 evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private
18 and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects
19 because the request seeks information that may be protected by the attorney-client privilege and
20 the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47
21 Ca1.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Ca1.4th 480.

22 Subject to and without waiving objections, Rowell Ranch states that it has located the
23 mobile phone number of Rowell Ranch volunteer Gary Houts but it is confidential and will only
24 be produced upon the execution and filing of the Stipulated Protective Order, a copy of which is
25 attached hereto, regarding the use of confidential information within this lawsuit.

26 **INTERROGATORY NO. 33:**

27 DESCRIBE the relationship of the person identified in Interrogatory No. 28 to the Rowell
28 Ranch Rodeo, including their function during the 2020 Events.

-5-
DEFENDANT ROWELL RANCH RODEO, INC'S RESPONSES TO PLAINTIFF DENIZ BOLBOL'S
INTERROGATORIES, SET TWO                    000055

**RESPONSE TO REQUEST NO. 33:**

Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible evidence.

Subject to and without waiving objections, Rowell Ranch states that based on information and belief Gary Houts is a volunteer for Rowell Ranch.

**INTERROGATORY NO. 34:**

DESCRIBE the conversation between DOE DEFENDANT 1 and Brian Morrison during the telephone call Defendant Rowell Ranch Rodeo, Inc. referenced in "Response of Rowell Ranch Rodeo to Plaintiff Deniz Bolbol's Interrogatories to Rowell Ranch Rodeo, Inc., Set One," Interrogatory No. 23.

**RESPONSE TO REQUEST NO. 34:**

Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects because the request seeks information that may be protected by the attorney-client privilege and the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Cal.4th 480.

Subject to and without waiving objections, Rowell Ranch states that based on more recent information, it believes that this conversation did not occur.

**INTERROGATORY NO. 35:**

IDENTIFY the name of the mobile phone carrier company used by DOE DEFENDANT 1 to make the phone call to Brian Morrison on May 20, 2022, as referenced in Interrogatory No. 34.

**RESPONSE TO REQUEST NO. 35:**

Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607

1 evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private
2 and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects
3 because the request seeks information that may be protected by the attorney-client privilege and
4 the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47
5 Ca1.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Ca1.4th 480.

6     Subject to and without waiving objections, Rowell Ranch states that based on information
7 and belief Rowell Ranch volunteer Gary Houts uses the mobile phone carrier Verizon.

8 **INTERROGATORY NO. 36:**

9     IDENTIFY the name of the mobile phone carrier company used by Brian Morrison to
10 receive the phone call from DOE DEFENDANT 1 on May 20, 2022, as referenced in Interrogatory
11 No. 34.

12 **RESPONSE TO REQUEST NO. 36:**

13     Rowell Ranch objects to this interrogatory on the grounds that it is overbroad and
14 burdensome. Rowell Ranch objects to this interrogatory on the grounds that it seeks information
15 that is neither relevant to this action, nor reasonably likely to lead to the discovery of admissible
16 evidence. Rowell Ranch objects to the interrogatory because it seeks information that is private
17 and confidential in nature and implicates the privacy rights of third parties. Rowell Ranch objects
18 because the request seeks information that may be protected by the attorney-client privilege and
19 the attorney work product doctrine. *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47
20 Ca1.App.4th 214, 217; *Coito v. Superior Court* (2012) 54 Ca1.4th 480.

21     Subject to and without waiving objections, Rowell Ranch states that based on
22 information and belief, Brian Morrison uses the mobile phone carrier Verizon.

23 Dated: January 5, 2024      GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Paul Caleo
Osmaan Khan
Attorneys for Defendant
ROWELL RANCH RODEO INC.

*Gordon Rees Scully Mansukhani, LLP*
*1111 Broadway, Suite 1700*
*Oakland, CA 94607*

-7-
DEFENDANT ROWELL RANCH RODEO, INC'S RESPONSES TO PLAINTIFF DENIZ BOLBOL'S INTERROGATORIES, SET TWO     **000057**

# VERIFICATION

I, Paul Martin, declare:

I am the authorized Director of ROWELL RANCH RODEO INC, ET AL, which is the Defendant in the *Cuviello, et al. v. Rowell Ranch Rodeo Inc., et al.* action, and I have been authorized to make this verification on its behalf.

I have read the foregoing **DEFENDANT ROWELL RANCH RODEO, INC'S RESPONSES TO SPECIAL INTERROGATORIES, SET ONE** on file herein and know the contents thereof. To the extent I have personal knowledge of the matters set forth therein, the same are true and correct. Insofar as said matters are a composite of the information of many individuals, I do not have personal knowledge concerning all of the information contained in said response, but I am informed and believe that the information set forth therein for which I lack personal knowledge is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Pleasanton, California on January 5, 2024.

Name: Paul Martin

-1-
VERIFICATION

000058

**PROOF OF SERVICE**
*Cuviello, et al. v. Rowell Ranch Rodeo Inc., et al.*
USDC - Northern District of California, Case No. 3:23-CV-01652

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000 San Francisco, CA 94111. On the date set forth below, I served the within documents:

**DEFENDANT ROWELL RANCH RODEO, INC'S RESPONSES TO PLAINTIFF DENIZ BOLBOL'S INTERROGATORIES, SET TWO**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ **VIA E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent by electronically mailing a true and correct copy through the Gordon Rees Scully Mansukhani, LLP electronic mail system from my email address: khernandez@grsm.com, to the email address(es) set forth herein.

☐ by having Nationwide PERSONALLY DELIVER the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FEDEX as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

| | |
|---|---|
| Attorneys for Plaintiff<br>DENIZ BOLBOL<br><br>Lily Rivo, Esq.<br>**GREENFIRE LAW, PC**<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>Tel:   (510) 900-9502<br>Fax:  (510) 900-9502<br>Email: lrivo@greenfirelaw.com<br>         jblome@greenfirelaw.com | Plaintiff In Pro Per<br><br>Joseph P. Cuviello<br>205 De Anza Blvd.<br>San Mateo, CA 94402<br><br>P.O. Box 2834<br>Redwood City, CA 94064<br>Tel:   (650) 315-3776<br>Fax:<br>Email: pcuvie@gmail.com |
| Attorneys for Defendants<br>COUNTY OF ALAMEDA; ALAMEDA COUNTY DEPUTY SHERIFF'S OFFICE; and JOSHUA MAYFIELD<br><br>William B. Rowell, Esq.<br>Thiele R. Dunaway, Esq.<br>Marc Brainich, Esq.<br>Michele C. Kirrane, Esq.<br>**FENNEMORE WENDEL**<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607 | Attorneys for Defendants<br>HAYWARD AREA RECREATION AND PARK DISTRICT, and KEVIN HART<br><br>Dale L. Allen, Jr., Esq.<br>Nicholas D. Syren, Esq.<br>**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>Tel:   (415) 697-2000 |

*Gordon Rees Scully Mansukhani, LLP*
*1111 Broadway, Suite 1700*
*Oakland, CA 94607*

| Tel: (510) 834-6600<br>Fax: (510) 834-1928<br>Email: browell@fennemorelaw.com<br>rdunaway@fennemorelaw.com<br>mbrainich@fennemorelaw.com<br>mkirrane@fennemorelaw.com<br>lmason@fennemorelaw.com | Fax: (415) 813-2045<br>Email: dallen@aghwlaw.com<br>erodas@aghwlaw.com<br>mhernandez@aghwlaw.com<br>dallen@aghwlaw.com<br>kallen@aghwlaw.com<br>erodas@aghwlaw.com<br>nsyren@aghwlaw.com |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 5, 2024 at San Francisco, California.

_____
Kristie Hernandez

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
Oakland, CA 94607