DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
NICHOLAS D. SYREN, State Bar No. 334807
nsyren@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:    (415) 697-2000
Facsimile:    (415) 813-2045

Attorneys for Defendants
HAYWARD AREA RECREATION AND PARK
DISTRICT and KEVIN HART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiff,<br><br>v.<br><br>ROWELL RANCH RODEO, INC., HAYWARD AREA RECREATION AND PARK DISTRICT, HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART, and DOES 1 and 2, in their individually and official capacities, jointly and severally,<br><br>Defendants. | Case No. 4:23-cv-01652-VC<br><br>**DEFENDANT HAYWARD AREA RECREATION AND PARK DISTRICT'S RESPONSE TO PLAINTIFFS' INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:    Plaintiffs    JOSEPH P. CUVIELLO and DENIZ BOLBOL

RESPONDING PARTY:    Defendant    HAYWARD AREA RECREATION AND PARK DISTRICT

SET NO.:    ONE

Pursuant to *Federal Rule of Civil Procedure* 33, defendant Hayward Area Recreation and Park District ("Responding Party") hereby objects and responds to plaintiffs Joseph P. Cuviello and Deniz Bolbol's ("Plaintiffs") First Set of Interrogatories ("Interrogatories") as follows:

**GENERAL OBJECTIONS**

The following general objections to Plaintiffs' Interrogatories are incorporated by reference into each and every response to each individual Interrogatory as though fully set forth therein:

Responding Party objects to the Interrogatory to the extent it seeks to impose obligations on it greater than or more extensive than those required by the Federal Rules of Civil Procedure.

Responding Party objects to the Interrogatory to the extent it calls for the provision of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges.  Responding Party will not provide such privileged information.  The inadvertent provision of privileged information by Responding Party shall not constitute a waiver of any applicable privilege nor shall the provision of any information be construed as a waiver of any objection to the admissibility of such information.

Responding Party objects to the Interrogatory to the extent it is vague and ambiguous.

Responding Party objects to the Interrogatory to the extent it is overly broad, unduly burdensome, and oppressive.

Responding Party objects to the Interrogatory to the extent it seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the Interrogatory to the extent it seeks information equally or more available to, or already in the possession, custody, or control of Defendant.

Responding Party objects to the Interrogatory on the ground and to the extent it seeks trade secret, proprietary or otherwise confidential information.

Responding Party objects to the Interrogatories to the extent individual interrogatories are duplicative of each other.

Responding Party objects to the Interrogatory to the extent it seeks information not in its possession, custody, or control.

Responding Party objects to the Interrogatory on the ground that discovery is continuing in this action, and Responding Party has not completed its factual investigation. These responses

are made in good faith and after diligent inquiry into the facts and information now known to Responding Party. However, information that may be responsive to the Interrogatory may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement its responses as and when additional information and/or documents are discovered. Additionally, because Responding Party's responses are based upon information which they have identified to date, they do not preclude Responding Party from relying on facts or documents discovered or generated pursuant to subsequent investigation and discovery.

In providing responses and objections to the Interrogatories, Responding Party expressly reserves all of its objections to the use of the responses herein, including but not limited to objections as to the competency, relevance, materiality, and admissibility thereof.

**RESPONSES**

**INTERROGATORY NO. 1:**

DESCRIBE the policies and procedures YOU follow to ensure that YOUR employees do not violate a DEMONSTRATOR'S FIRST AMENDMENT RIGHTS at the Rowell Ranch Rodeo Park in Hayward, California.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party directs Plaintiffs to Rowel Ranch Rodeo's Emergency Action Plan dated 2022. Within the Rowel Ranch Rodeo's Emergency Action Plan is an artist rendering of the Free Speech Zone in the vicinity of the main entrance. Responding Party followed the Emergency Action Plan which allows for a Free Speech Zone and allows demonstrator's their First Amendment Rights. Some of Responding Party's employees follow training from other police departments and public agencies relating to free speech rights and rights of protestors.

**INTERROGATORY NO. 2:**

IDENTIFY all individuals and entities consulted to establish the policies and procedures described in Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party, Kevin Hart, Chris Peterson, Rowell Ranch Rodeo, Inc. and Russ

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

Fields.

**INTERROGATORY NO. 3:**

DESCRIBE the training and instruction YOU provide to YOUR employees to ensure compliance with the policies and procedures described in Interrogatory No. 1, including specifications for differences in training and instructions for different individuals or job classifications.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party does not provide training and instruction related to "DEMONSTRATOR's FREE SPEECH RIGHTS" as described in Interrogatory No. 1.

**INTERROGATORY NO. 4:**

DESCRIBE the training and instruction YOU provide to YOUR volunteers and/contractors to ensure compliance with the policies and procedures described in Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party does not provide training and instruction to volunteers related to "DEMONSTRATOR's FREE SPEECH RIGHTS" as described in Interrogatory No. 1.

**INTERROGATORY NO. 5:**

DESCRIBE the reason YOU require a "marked location for public speech" as part of the "Site Security Plan" in the "Rowell Ranch Rodeo Policy, Fees And Guidelines."

**RESPONSE TO INTERROGATORY NO. 5:**

It is unknown the reasons HARD required a marked location for public speech. Responding Party will supplement this response as information becomes available.

**INTERROGATORY NO. 6:**

DESCRIBE the reason YOU set up a "Free Speech Area" during the "2022 Events."

**RESPONSE TO INTERROGATORY NO. 6:**

Unknown. Responding Party will supplement this response as information becomes available.

///

**INTERROGATORY NO. 7:**

IDENTIFY the person(s) who selected the location of the "Free Speech Area" for the 2022 Events.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party states: Unknown.

**INTERROGATORY NO. 8:**

DESCRIBE the process and determining factors for the location of the "Free Speech Area" during the 2022 Events.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects to this Interrogatory as vague and ambiguous as to "the process and determining factors". Without waiving said objections, Responding Party received an artist rendering of the map designating a "Free Speech Area" from Rowell Ranch Rodeo, Inc. and approved such a map.

**INTERROGATORY NO. 9:**

DESCRIBE any and all communications with Rowell Ranch Rodeo, Inc. or its representatives regarding the location of the "Free Speech Area" during the 2022 Events.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party states: None.

**INTERROGATORY NO. 10:**

IDENTIFY all HARD representatives who assisted in the development of the "Free Speech Area" for the 2022 Events.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party objects as unduly vague and ambiguous as to "assist in the development". Responding Party states: None to Responding Party's knowledge.

**INTERROGATORY NO. 11:**

DESCRIBE all communications with the Alameda County Sheriff's Office or its representatives regarding the location of the "Free Speech Area" during or prior to the 2022 Events.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

603399.1

000128

**RESPONSE TO INTERROGATORY NO. 11:**

None.

**INTERROGATORY NO. 12:**

IDENTIFY the representatives of the Alameda County Sherriff's Office that participated in the communications described in Interrogatory No. 11.

**RESPONSE TO INTERROGATORY NO. 12:**

Not Applicable.

**INTERROGATORY NO. 13:**

DESCRIBE any telephone conversations YOU participated in leading up to or during the 2022 Events, including on May 20 and 21, 2022, regarding DEMONSTRATORS, including the number dialed, the individual contacted, and the details of each communication.

**RESPONSE TO INTERROGATORY NO. 13:**

None.

**INTERROGATORY NO. 14:**

IDENTIFY the representatives of the Alameda County Sherriff's Office that participated in any communications described in Interrogatory No. 13.

**RESPONSE TO INTERROGATORY NO. 14:**

Not Applicable.

**INTERROGATORY NO. 15:**

DESCRIBE the reason HARD Ranger Hart, with Deputy Mayfield, approached and told Demonstrators, on May 20, 2022, that they had to demonstrate in the "Free Speech Area," as referenced in paragraphs 44-49 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party objects to the Interrogatory as argumentative and misstates the facts of May 20, 2022. Without waiving said objections, Ranger Hart approached the Demonstrators on May 20, 2022, and told them to demonstrate in the "Free Speech Area" because it was designated and approved as a space for demonstrators.

///

**INTERROGATORY NO. 16:**

IDENTIFY all persons HARD Ranger Hart spoke with on May 20, 2022, regarding where Demonstrators should be demonstrating prior to approaching Demonstrators with Deputy Mayfield, as referenced in paragraphs 44-49 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 16:**

Deputy Mayfield, a Rowell Ranch Rodeo organizer, unidentified Alameda County Sheriff's Deputies and unidentified demonstrators.

**INTERROGATORY NO. 17:**

DESCRIBE the conversation(s) HARD Ranger Hart had with people Identified in Interrogatory No 16.

**RESPONSE TO INTERROGATORY NO. 17:**

Conversations included desire for demonstrators to use the designated free speech zone and to ensure that demonstrators were not blocking ingress and egress to entrance of rodeo.

**INTERROGATORY NO. 18:**

DESCRIBE all training HARD Ranger Hart has attended regarding the First Amendment rights of demonstrators and protestors, included dates.

**RESPONSE TO INTERROGATORY NO. 18:**

Ranger Hart received training as a police officer regarding First Amendment rights of demonstrators and protestors. Responding Party cannot ascertain the exact dates of these trainings.

**INTERROGATORY NO. 19:**

Explain why HARD Ranger Hart, after telling DEMONSTRATORS that they had to demonstrate in the "Free Speech Area," changed his mind and allowed DEMONSTRATORS to stand outside the "Free Speech Area" on May 21, 2022.

**RESPONSE TO INTERROGATORY NO. 19:**

Responding Party objects to this Interrogatory as argumentative and misstating Ranger Hart's statements. Ranger Hart was concerned with demonstrators blocking the ingress and egress of pedestrians and vehicles near the entrance of the rodeo. Additionally, demonstrators were

allocated a specific area to protest per the Emergency Action Plan.

**INTERROGATORY NO. 20:**

DESCRIBE any complaints, whether informal or formal, YOU have received alleging HARD Ranger Hart's interference with a DEMONSTRATOR's FIRST AMENDMENT RIGHTS. This interrogatory is limited in time only with respect to Ranger Hart's agency relationship with YOU.

**RESPONSE TO INTERROGATORY NO. 20:**

None.

**INTERROGATORY NO. 21:**

DESCRIBE disciplinary action YOU have taken against HARD Ranger Hart resulting from his interference with a DEMONSTRATOR's FIRST AMENDMENT RIGHTS.

**RESPONSE TO INTERROGATORY NO. 21:**

None.

**INTERROGATORY NO. 22:**

DESCRIBE any complaints, whether informal or formal, YOU have received alleging YOUR interference, including the interference of employees, contractors, volunteers, and associates, with a DEMONSTRATOR's FIRST AMENDMENT RIGHTS. This interrogatory is limited in time to the past five years, beginning July 1, 2018.

**RESPONSE TO INTERROGATORY NO. 22:**

None.

**INTERROGATORY NO. 23:**

DESCRIBE any action YOU have taken regarding complaints alleging interference with a DEMONSTRATOR's FIRST AMENDMENT RIGHTS, as described in Interrogatory No. 22.

**RESPONSE TO INTERROGATORY NO. 23:**

Not Applicable.

**INTERROGATORY NO. 24:**

DESCRIBE any action YOU have taken regarding complaints alleging misconduct by a DEMONSTRATOR while exercising his/her FIRST AMENDMENT RIGHTS at Rowell Ranch

Rodeo Park. This interrogatory is limited in time to the past five years beginning July 1, 2018.

**RESPONSE TO INTERROGATORY NO. 24:**

Not Applicable.

**INTERROGATORY NO. 25:**

DESCRIBE any action YOU have taken regarding complaints alleging violations of the HARD Code of Conduct. This interrogatory is limited in time to the past five years, beginning July 1, 2018, and specifically in reference to HARD Code of Conduct Rules 1-4.

**RESPONSE TO INTERROGATORY NO. 25:**

Responding Party objects to this Interrogatory as vague, ambiguous and extraordinary wide in scope. Without waiving said objections, Responding Party cannot recall any action relating to complaints at Rowell Ranch.

**INTERROGATORY NO. 26:**

DESCRIBE any changes to YOUR policies and procedures described in Interrogatory No. 1 since May 2022.

**RESPONSE TO INTERROGATORY NO. 26:**

Responding Party Only moved the free speech zone/area closer to the ticket booth.

Dated: October 5, 2023

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: _____
DALE L. ALLEN, JR.
NICHOLAS D. SYREN
Attorneys for Defendants
HAYWARD AREA RECREATION AND
PARK DISTRICT and KEVIN HART

9

RESP. TO ROGS, #1
4:23-CV-01652-VC

000132

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, CA 94104. On October 5, 2023, I served the within: **DEFENDANT HAYWARD AREA RECREATION AND PARK DISTRICT'S RESPONSE TO PLAINTIFFS' INTERROGATORIES, SET ONE** on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

SEE ATTACHED SERVICE LIST

☐ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐ **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☒ **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ *(FEDERAL)* I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on October 5, 2023, at San Francisco, California.

*/s/ Danielle Costes*
Danielle Costes

**SERVICE LIST**

| | |
|---|---|
| Jessica L. Blome<br>Christina R. Bucey<br>Gina Tomaselli<br>Greenfire Law, PC<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703 | Attorneys for Plaintiff Deniz Bolbol<br>Telephone:  (510) 900-9502<br>Facsimile:  (510) 900-9502<br>E-Mail:  jblome@greenfirelaw.com<br>E-Mail:  cbucey@greenfirelaw.com<br>E-Mail:  gtomaselli@greenfirelaw.com |
| Joseph P. Cuviello<br>205 De Anza Blvd. #125<br>San Mateo, CA 94402 | Plaintiff Pro Per<br>Telephone:  (650) 315-3776<br>E-Mail:  pcuvie@gmail.com |
| Paul Caleo<br>Osmaan Khan<br>Gordon Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607 | Attorneys for Rowell Ranch Rodeo, Inc.<br>Telephone:  (510) 463-8600<br>Facsimile:  (510) 984-1721<br>E-Mail:  pcaleo@grsm.com<br>E-Mail:  oakhan@grsm.com<br>E-Mail:  khernandez@grsm.com |
| William B. Rowell<br>Thiele R. Dunaway<br>Marc Brainich<br>Michele C. Kirrane<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607 | Attorneys for County of Alameda and Alameda County Deputy Sheriff Joshua Mayfield<br>Telephone: (510) 834-6600<br>Facsimile:  (510) 834-1928<br>E-Mail:  browell@fennemorelaw.com<br>E-Mail:  rdunaway@fennemorelaw.com<br>E-Mail:  mbrainich@fennemorelaw.com<br>E-Mail:  mkirrane@fennemorelaw.com |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

603399.1

## VERIFICATION

I, James Wheeler, am General Manager for Hayward Area Recreation and Park District and am authorized to make this verification on its behalf.

I have read the foregoing **HAYWARD AREA RECREATION AND PARK DISTRICT'S RESPONSE TO DEFENDANT HAYWARD AREA RECREATION AND PARK DISTRICT'S RESPONSE TO PLAINTIFFS' INTERROGATORIES, SET ONE (in Northern District of California Case No. 4:23-cv-01652-VC).** The information set forth in these responses was gathered and collated by persons regularly in the employment of the Hayward Area Recreation and Park District and their attorneys from various sources of information, including the records and files regularly kept by the Hayward Area Recreation and Park District in the regular and ordinary course of business. The persons who gathered this information have reported to me that the responses truly reflect the information gathered and the content of such records with respect to each response; wherefore, I state that such responses are true and correct according to the records and information transmitted to me as described herein.

The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

Executed on October 4, 2023, at Hayward, California.

_____
James Wheeler

613361.1

**000135**