1  PAUL CALEO (SBN 153925)
   pcaleo@grsm.com
2  OSMAAN KHAN (SBN 331766)
   oakhan@grsm.com
3  **GORDON REES SCULLY MANSUKHANI, LLP**
   100 Pringle Avenue, Suite 300
4  Walnut Creek, CA 94596
   Oakland, CA 94607
5  Telephone: (510) 463-8600
   Facsimile: (510) 984-1721
6
7  *Attorneys for Defendant*
   ROWELL RANCH RODEO INC.
8

9            **UNITED STATES DISTRICT COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA**

11

12 | JOSEPH P. CUVIELLO and DENIZ | Case No.: 3:23-CV-01652
   | BOLBOL, individually,

13 |                          Plaintiffs,   | **DEFENDANT ROWELL RANCH RODEO
14 |        v.                              | INC.'S OPPOSITION TO PLAINTIFF'S
   |                                        | MOTION FOR PARTIAL SUMMARY
15 | ROWELL RANCH RODEO, INC.;              | JUDGMENT**
   | HAYWARD AREA RECREATION AND
16 | PARK DISTRICT; HAYWARD AREA            |
   | RECREATION AND PARK DISTRICT           | **Date:**   August 15, 2024
17 | PUBLIC SAFETY MANAGER/RANGER           | **Time:**   10:00 a.m.
   | KEVIN HART; and DOES 1 through 2, in   | **Dept.:**  5, 17th Floor
18 | their individual and official capacities, jointly | **Judge:** Hon. Vince Chhabria
   | and severally.
19 |
20 |                          Defendants.   | Complaint Filed:   April 6, 2023
   |                                        | Trial:             October 21, 2024
21

22

23

24

25

26

27

28

*Left margin (vertical text):* Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

-1-

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 5

II. RELEVANT FACTS ........................................................................................... 5

    A. SUMMARY OF RELEVANT FACTS ................................................................ 5

        1. May 20, 2024 ............................................................................. 5

        2. May 21, 2022 ............................................................................. 6

    B. RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS ...................... 7

    C. ADDITIONAL FACTS NOT REFERENCED IN PLAINTIFFS' SEPARATE STATEMENT THAT COMPEL DENIAL OF THE MOTION ................................................ 13

III. ARGUMENT ................................................................................................. 14

    A. ANY INFERENCES DRAWN FROM THE VIDEO FOOTAGE ARE TO BE IN FAVOR OF DEFENDANTS, NOT THE PLAINTIFFS ........................................................ 14

    B. SIGNIFICANT PORTIONS OF THE EVIDENCE PLAINTIFFS HAVE RELIED UPON FOR THIS MOTION IS INADMISSIBLE ................................................................ 15

    C. ROWELL RANCH EMPHATICALLY DISPUTES THE ALLEGED INTENT OF ITS VOLUNTEERS AND THEREFORE SECTION 52.1 VIOLATIONS CANNOT SUMMARILY BE DECIDED IN FAVOR OF THE PLAINTIFFS ................................................................ 16

        1. George Ferris Did Not Intend To Deprive Plaintiff Bolbol Of Her Enjoyment Of Free Speech ................................................................ 16

        2. Gary Houts Did Not Intend To Deprive Plaintiff Cuviello Of His Enjoyment Of Free Speech ................................................................ 18

    D. PLAINTIFF'S "FACTS" DO NOT ESTABLISH ANY HARM. THEREFORE ROWELL RANCH DID NOT VIOLATE SECTION 51.7. ................................................ 19

        1. Plaintiffs Bolbol/Cuviello Were Not Harmed By Gary Houts Conduct ...................... 19

    E. PLAINTIFFS HAVE NOT ESTABLISHED EITHER HARM OR INTENT, 2 NECESSARY ELEMENTS FOR ASSAULT/BATTERY ................................................ 21

IV. CONCLUSION ................................................................................................. 22

DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1

## <u>TABLE OF AUTHORITIES</u>

2

C<small>ASES</small>

3

*Alamo v. Practice Management Information Corp.*
219 Cal.App.4th 466 (2013) ---------------------------------------------------------------- 20

4

*Anderson v. Liberty Lobby Inc.*
477 U.S. 242 (1986) ------------------------------------------------------------------------ 14

5

6

*Anderson v. Liberty Lobby, Inc*
477 U.S. 242 (1986).------------------------------------------------------------------------ 14

7

*Austin B. v. Escondido Union Sch. Dist.*
149 Cal. App. 4th 860 (2007)-------------------------------------------------------------- 18

8

9

*Celotex Corp. v. Catrett*
477 U.S. 317, Fed. R. Civ. P. (1986) ---------------------------------------------------- 14

10

*Eastman Kodak Co. v. Image Tech Services, Inc.*
504 U.S. 451 (1992) ------------------------------------------------------------------------ 14

11

12

*Garcia* v. *County of Merced*
639 F.3d 1206, 9th Cir. (2011) ----------------------------------------------------------- 14

13

*Jones v. Kmart Corp.*
17 Cal. 4th 329, (1998) -------------------------------------------------------------------- 18

14

15

*Lal* v. *California*
746 F.3d 1112, 9th Cir.  (2014)----------------------------------------------------------- 14

16

*Orr v. Bank of Am.*
285 F.3d 764, 9th Cir. (2002) ------------------------------------------------------------- 15

17

18

*Reese v. County of Sacramento*
888 F.3d 1030 (2018) ---------------------------------------------------------------------- 18

19

20

*Richardson v. City of Antioch*
722 F. Supp. 2d 1133, N.D. Cal. (2010)------------------------------------------------- 18

21

*Scott* v. *Harris*
550 U.S. 372 (2007)------------------------------------------------------------------------- 14

22

23

*Shoyoye v. County of Los Angeles*
203 Cal.App.4th 947(2012)---------------------------------------------------------------- 19

24

25

*Simmons v. Superior Court*
7 Cal.App.5th 1113 (2016)----------------------------------------------------------------- 19

26

27

*So v. Shin*
212 Cal.App.4th 652(2013) --------------------------------------------------------- 21, 22

28

**Gordon Rees Scully Mansukhani, LLP**
**100 Pringle Avenue, Suite 300**
**Walnut Creek, CA 94596**

-3-

DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

*Vos* v. *City of Newport Beach*
892 F.3d 1024, 9th Cir. (2018)--------------------------------------------------------------14

S̲TATUTES̲

California Code of Civil Procedure § 51.7 ----------------------------------------------------19

California Code of Civil Procedure § 52.1 ----------------------------------------------------16

Federal Rules Of Civil Procedure § 56---------------------------------------------- 14, 15

R̲ULES̲

Federal Rules of Evidence 402 ------------------------------------------------------10, 12, 13

Federal Rules of Evidence 403 --------------------------------------------------------------- 8

Federal Rules of Evidence 701 -------------------------------------------------8, 9, 11, 12, 13

Federal Rules of Evidence 1007------------------------------------------------------------ 8

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

**Gordon Rees Scully Mansukhani, LLP**
**100 Pringle Avenue, Suite 300**
**Walnut Creek, CA 94596**

## I. <u>INTRODUCTION</u>

This lawsuit is an attempt by Plaintiffs, two long-term activists, to benefit off what is essentially a series of non-incidents. These events took place between May 20 and May 22, 2022, at a Rodeo event hosted by Defendant Rowell Ranch Rodeo, Inc. ("Rowell Ranch") at the Rowell Ranch Rodeo Park ("Park"). Plaintiffs invited themselves to this event not to take part in the event, but instead to protest outside of the event to spread their personal message regarding animal cruelty.  The complaint filed in this action presented a lengthy amalgam of claimed conduct spread between known and unknown individuals, law enforcement and a special park district.  Plaintiffs were fast and loose with the "facts" spinning them in the best way they could to benefit themselves while smearing responsibility amongst all of the named defendants. Essentially, Plaintiffs claim that they had their rights to free speech trampled, that they were threatened with arrest, assaulted, battered, and generally inhibited from spreading their message. Plaintiffs allegations included claims of emotional distress and physical injury arising out of these alleged events yet there was and is no evidence of any actual damages, physical or emotional injury, treatment or economic damages. Through it all, Plaintiffs returned to the Park premises to protest each day without fail. Likewise, they were never arrested, detained or physically forced from out of the Park premises. There is no merit to either this case or this motion.

## II. <u>FACTS</u>

### A.    Summary of Relevant Facts

#### 1.    *May 20, 2024*

Plaintiffs arrived the Park on May 20, 2022 around 6 pm to demonstrate against the use of animals at the rodeo. Plaintiffs noticed the cordoned off "Free Speech Area" ("FSA"), and deemed it ineffective for their planned demonstration. The Plaintiffs continued their demonstration near the Park's pedestrian entrance.

Gary Houts, Rowell Ranch volunteer, approached Plaintiffs and informed them of the FSA. Plaintiffs told Gary Houts to call the police if he had a problem. After some antagonistic back-and-forth, Gary Houts called the police and told the dispatcher that the Plaintiffs were blocking the parking lot and entrance.

DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Police officers from Defendant Alameda County Sherriff's Office ("ACSO"), including Defendant Deputy Mayfield ("Deputy Mayfield") arrived at the Park approximately 5 minutes after Gary Houts' phone call to dispatch. ACSO was scheduled to be at the Park before Gary Houts made the phone call to dispatch. The audio recording from ACSO has dispatch personnel talking to a police officer already present at Park, 7 minutes and 49 seconds after hanging up on Gary Houts. Blome Decl. ¶ 9, Exh. 28 (timestamp 10:45). The police officer informs dispatch that they have *already* advised the protestors to keep things peaceful. Blome Decl. ¶ 9, Exh. 28 (timestamp 11:02). Gary Houts' phone call did not lead to, nor was it a substantial factor in, the arrival of law enforcement.

Plaintiffs had multiple interactions with Deputy Mayfield and Defendant Kevin Hart ("Hart") of the Hayward Area Recreation District ("HARD"). Around 7:15 pm, Plaintiffs moved to the back entrance of the Park. Plaintiff's demonstration on that day ended at 7:40 pm.

Plaintiff Cuviello, in his Deposition, testified that he was not afraid of arrest on May 20, 2021, after having interacted with Deputy Mayfield and Hart. Declaration of Osmaan Khan, Exhibit 1 – Deposition Transcript of Plaintiff Pat Cuviello ("Cuviello Depo."), at 92: 7-16. Further, Plaintiff Cuviello testified that if law enforcement had indicated that they were going to arrest him, he would have moved from the location. Cuviello Depo., at 86:23-87:6. Plaintiff Cuviello was not afraid of arrest, and continued to protest not just on May 20, 2024, but also the next 2 days.

### 2.    May 21, 2022

Plaintiffs and fellow demonstrators arrived at the Park entrance around noon. They demonstrated at the front entrance for 30 minutes without incident and then headed to the back entrance.

Plaintiffs passed through the gate heading toward the back entrance and observed several personnel in reflective vests. George Ferris, Rowell Ranch volunteer in a reflective vest, interacted with the Plaintiffs as they attempted to proceed towards the back entrance. George Ferris attempted to block Plaintiff Cuviello's path by stepping in front of him and telling him he needed a ticket. Bolbol. Decl., ¶ 24, Exh. 5. (timestamp 0:26). His attention was then diverted to Plaintiff Bolbol, and he attempted to block her path. He yelled at her that she needed a ticket for the rodeo. George

-6-

1   Ferris also repeatedly shouted, "Out." *Id*. Any physical contact, whatsoever, was initiated by

2   Plaintiff Bolbol trying to force her way past George Ferris. *Id*. After about 30 seconds, George

3   Ferris stopped blocking Plaintiff Bolbol's path, and the and she proceeded to the back entrance.

4   *Id*. Plaintiff Bolbol then threatens a woman, also in a green vest, with a lawsuit. *Id*. She then

5   continued to walk towards the back entrance. *Id*.

6   Later at the back entrance, Plaintiff Cuviello held a banner with another demonstrator near

7   a tree, close to where an electric utility vehicle was parked. At some point, Plaintiff Cuviello

8   moved the banner away from the tree and positioned it behind the electric utility vehicle, allegedly

9   for better public visibility. A short time later, Gary Houts approached Plaintiff Cuviello and told

10   him to not touch the electric utility vehicle with the banner and Plaintiff Cuviello moved a step

11   away from the vehicle. Cuviello. Decl., ¶ 34, Exh. 13. (timestamp 0:00). Gary Houts told Plaintiff

12   Cuviello that he had to move from behind his vehicle and then got into it. *Id*. Gary Houts states

13   that he is going to assist a disabled patron. *Id*. Plaintiff Cuviello stubbornly refuses to move, and

14   starts to argue with the female present there. Id.

15   Gary Houts then backs up a short distance and makes imperceptible contact with Plaintiff

16   Cuviello. *Id*. Plaintiff Cuviello does not move and his reaction does not indicate any fear or

17   intimidation. *Id*. Instead, he curses out both Gary Houts and the female, and states that he Gary

18   Houts committing assault with a deadly weapon on video. *Id*. Plaintiff Cuviello does not show any

19   indication of discomfort, embarrassment, or fear, let alone injury. *Id*. As Gary Houts drives away,

20   the gravel and ground appear to be of a lighter color than the one in front of the vehicle before it

21   moved. *Id*. Further, Gary Houts drives the utility vehicle in the direction behind Plaintiff Cuviello.

22   *Id*.

23   Plaintiffs continued to protest for the rest of the day, and also the day after on May 22,

24   2024.

25   ### B.    Response to Plaintiff's Statement of Undisputed Material Facts

26   Plaintiffs' Separate Statement of Undisputed Material Fact in support of Plaintiffs' Joint

27   Motion for Partial Summary Judgment ("SSUMF") uses numbered paragraphs, but poses multiple

28   facts in each paragraph Below is the non-exhaustive list of claimed facts which are in dispute.

**Gordon Rees Scully Mansukhani, LLP**
**100 Pringle Avenue, Suite 300**
**Walnut Creek, CA 94596**

DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

Further, both Plaintiffs Cuviello and Bolbol were deposed, yet their Motion does not reference their depositions. Instead, the Motion relies on their Declarations, which contradict their deposition testimony. As such, relying on the Plaintiff's Declarations is breach of Federal Rules of Evidence ("FRE") 1007, the Best Evidence Rule, and should be excluded by this Court under FRE 403, for unfair prejudice and potentially causing confusion of issues at trial and misleading the jury.

Finally, the Motion refers to Declarations by Mike Sage and Robyn Newkirk, but they are not part of the pleadings. Both Mike Sage and Robyn Newkirk were deposed previously, and thus any Declaration by them would breach FRE 1007 as well.

Below is a non-exhaustive list of objections and disputed facts:

1.      Paragraph No. 3. Plaintiffs find the most successful point of persuasion at a rodeo event is at or near the pedestrian entrance as one-on-one communication is the most effective means of communicating their message. Cuviello Decl. ¶¶ 9-10; Bolbol Decl. ¶¶ 9-10. Rowell Ranch objects to this alleged fact on the ground that Plaintiffs' evidence is opinion testimony by a lay witness. FRE 701.

2.      Paragraph No. 6. The Park is public property, owned and managed by HARD. Declaration of Jessica Blome ("Blome Decl.") ¶ 15, Exh. 34A at 195-196 (HARD purchased Park and has fiduciary responsibility for the property), Exh. 34C at 208-212 ("Rodeo Policy, Fees, and Guidelines"); Cuviello Decl. ¶ 39, Exh. 20 (July 1, 1995, letter from Defendant HARD President Board of Directors Douglas Morrison to Bill Pickett Invitational Rodeo President, Lu Vason stating the Rodeo Park is public property). Rowell Ranch disputes the associated comments because HARD was *gifted* the Park. Rowell Ranch objects to this alleged fact on the ground that it cannot be relied on to form a factual basis since it is a statement of law.

3.      Paragraph No. 8. As lessee, Rowell Ranch set up a FSA. Blome Decl. ¶ 2, Exh. 22 at Response to Interrogatory No. 11. Rowell Ranch disputes this alleged fact because the Blome Declaration at ¶ 2 does not refer to an Exhibit 22.

4.      Paragraph No. 8. Rowell Ranch maintains that "Designation of a Free Speech area (or "Public Speech as defined by HARD requirements) is part of the security plan required by the Policy, Fees and Guidelines published by HARD." Blome Decl. ¶ 2, Exh. 22 at Response to

-8-

1    Interrogatory No. 11; ¶ 15, Exh. 34C at 208-209. Rowell Ranch disputes this alleged fact because

2    the Blome Declaration at ¶ 2 does not refer to an Exhibit 22.

3        5.      Paragraph No. 9. The location of the FSA was designated by HARD and selected

4    by Rowell Ranch and HARD. Blome Decl. ¶ 2, Exh. 22 at Response to Interrogatory No. 14, ¶ 15,

5    Exh. 34D at 224. Rowell Ranch disputes these alleged facts because the Plaintiff's evidence states

6    that Rowell Ranch selected and then designated the FSA on the Emergency Action Plan ("EAP"),

7    which was later approved by HARD.

8        6.      Paragraph No. 12. During the May 2022 events at the Park, the FSA was

9    approximately ten feet by five feet. Blome Decl. ¶ 15, Exh. 34D at 224; ¶ 16, Exh. 35; Cuviello

10   Decl. ¶ 14, Exh. 6 (timestamp 0:32); Bolbol Decl. ¶ 14. Rowell Ranch disputes these alleged facts

11   because none of the evidence referenced mentions the dimensions of the FSA.

12       7.      Paragraph No. 14. Because it was far from the pedestrian entrance, Plaintiffs knew

13   it would not be an effective option to communicate their message. Cuviello Decl. ¶ 15; Bolbol

14   Decl. ¶ 14. Rowell Ranch objects to this alleged fact on the ground that it is opinion testimony by

15   a lay witness. FRE 701.

16       8.      Paragraph No. 15. Gary Houts told Plaintiffs they must move to the FSA. Bolbol

17   Decl. ¶ 15, Exh. 1; Blome Decl. ¶ 2, Exh. 22 at 43, ¶ 14, Exh. 33B at 167 (p. 3:15-17). Rowell

18   Ranch objects to this alleged fact because the Blome Declaration's Exhibits do not reference what

19   is being claimed.

20       9.      Paragraph No. 25. Both Plaintiffs felt intimidated and fearful they would be arrested

21   but wanted to wait and see what the response would be from Defendant Mayfield's watch

22   commander. Cuviello Decl. ¶¶ 22-23; Bolbol Decl. ¶¶ 18. Rowell Ranch disputes this alleged fact

23   because there is contradictory information in Plaintiff Cuviello's Deposition. Cuviello Depo., at

24   92: 7-16. Rowell Ranch disputes this alleged fact because Plaintiffs continued to protest for 2 more

25   days which contradictory to their claim of feeling intimidated.

26       10.     Paragraph No. 26.  During this interaction with Hart and Deputy Mayfield, both

27   Plaintiffs felt intimidated by Defendants' threat of arrest which they believed was intended to coerce

28   them into giving up their free speech right to demonstrate outside the "free speech area." Bolbol

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

-9-

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

Decl. ¶ 21; Cuviello Decl. ¶ 26. Plaintiffs' fear of being arrested was based on verbal threats, including, but not limited to, Defendant Hart stating, "You don't have too much of a choice," to move to the designated "Free Speech Area" and "failure to do so will not be good," and Defendant Deputy Mayfield telling them they "could be arrested" and that it was a "possibility" if they didn't move to the free speech area. Cuviello Decl. ¶¶ 20, 26; Bolbol Decl. ¶ 21; Sage Decl. ¶ 14 (describing tactic of intimidation to "make us afraid and pressure us to move"). Rowell Ranch disputes this alleged fact because there is contradictory information in Plaintiff Cuviello's Deposition. Cuviello Depo., at 92: 7-16 and 86:23-87:6. Rowell Ranch disputes this alleged fact because Plaintiffs continued to protest for 2 more days which contradictory to their claim of feeling intimidated.

11.     Paragraph No. 27. Plaintiffs' fear of being arrested was also based on their two contradictory interactions with Defendant Deputy Mayfield; the first when Defendant Deputy Mayfield acknowledged they had a right to protest near the entrance and the second interaction when Deputy Mayfield changed his message to tell Plaintiffs they could be arrested if they don't move to the "free speech area." Bolbol Decl. ¶ 22, Cuviello Decl. ¶ 27; Newkirk Decl. ¶ 12 (the threat of arrest was real). Rowell Ranch disputes this alleged fact because there is contradictory information in Plaintiff Cuviello's Deposition. Cuviello Depo., at 92: 7-16 and 86:23-87:6. Rowell Ranch disputes this alleged fact because Plaintiffs continued to protest for 2 more days which contradictory to their claim of feeling intimidated.

12.     Paragraph No. 29. During this time, Gary Houts approached Plaintiffs' colleague, Mr. Sage, who was holding a sign stating, "Are you man enough to be kind to animals?" and began to push him, trying to move him as he held his sign. Bolbol Decl. ¶ 19, Exh. 3 (timestamp 0:03-0:11); Sage Decl. ¶ 9. Rowell Ranch objects to these alleged facts on the ground that Plaintiffs' evidence is irrelevant. FRE 402. Rowell Ranch disputes these alleged facts because the footage at Bolbol Decl. ¶ 19, Exh. 3 (timestamp 0:03- 0:11) does not show Gary Houts make any physical contact with Mr. Sage.

13.     Paragraph No. 31. Access vehicles, including a large truck, easily moved in and out of the roadways during Plaintiffs' peaceful protest, as can be seen in video footage from the event.

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

Cuviello Decl. ¶ 25, Exh. 10 (timestamp 1:25; 2:07-2:16). Rowell Ranch objects to these alleged facts on the ground that it is opinion testimony by a lay witness. FRE 701. Rowell Ranch disputes this claim because it Cuviello Decl. ¶ 25, Exh. 10 (*until* timestamp 1:25) categorically shows Plaintiff Bolbol standing at spot which requires her to move to allow for the truck to pass through. Further, Cuviello Decl. ¶ 25, Exh. 10 (timestamp 2:07 to 2:16) shows Mike Sage walking in the path of the utility vehicle.

14.     Paragraph No. 34. At all times Plaintiff Bolbol did not block the entrance or ingress or egress. Bolbol Decl. ¶ 23, Exh. 4 (timestamp: 0:29 – 0:32); Cuviello Decl. ¶ 28, Exh. 11 (timestamp 0:10-1:00). Rowell Ranch objects to these alleged facts on the ground that it is opinion testimony by a lay witness. FRE 701. Rowell Ranch disputes these alleged facts because the video footage at Cuviello Decl. ¶ 25, Exh. 10 (*until* timestamp 1:25) categorically shows Plaintiff Bolbol standing at spot which requires her to move to allow for the truck to pass through.

15.     Paragraph No. 34. Deputy Mayfield's conduct caused Plaintiff Bolbol emotional and mental stress. Bolbol Decl. ¶ 23. Rowell Ranch objects to these alleged facts on the ground that it is opinion testimony by a lay witness. FRE 701. Rowell Ranch disputes these alleged facts based on the Plaintiff's admitted fact that they continued to protest for 2 more days.

16.     Paragraph No. 35. George Ferris turned his attention to Plaintiff Bolbol and yelled that she needed a ticket and shouted "Out," as he repeatedly blocked her from entering the property by stepping in front of her and pushing his body into her as she tried to walk around him, despite her repeated requests for him to stop touching her. Cuviello Decl. ¶ 32, Ex. 12; Bolbol Decl. ¶ 24, Ex. 5 (timestamp 0:30 – 58). Plaintiff Bolbol felt scared due to Mr. Ferris's physical aggression. Bolbol Decl. ¶ 24. Rowell Ranch disputes these alleged facts based on the video footage  which *only* shows George Ferris standing in front of Plaintiff Bolbol's path, rather than pushing his body against her. Plaintiff Bolbol makes it past George Ferris and threatens to sue another Rowell Ranch volunteer. Further, Plaintiff Bolbol continued to protest and showed up to the Park on the next day which shows that she did not feel scared.

17.     Paragraph No. 36. Because there was a breeze the cloth banner would occasionally touch the back of an electric utility vehicle parked near the tree. Cuviello Decl. ¶ 34. Rowell Ranch

objects to these alleged facts on the ground that it is opinion testimony by a lay witness. FRE 701. Gary Houts approached Plaintiff Cuviello and told him not to touch his electric utility vehicle with Plaintiff's banner, and without objection, Plaintiff moved away from the vehicle. *Id.* at ¶ 34, Exh. 13 (timestamp 0:00 – 0:10). Rowell Ranch disputes these alleged facts since the footage shows Plaintiff Cuviello moving a single step which does not constitute as moving away from the vehicle.

18.     Paragraph No. 37. Despite that the vehicle was facing away from Plaintiff, there was ample room for Gary Houts to easily drive the vehicle forward, and Plaintiff was in no way blocking Gary Houts from moving his vehicle, Gary. Houts told Plaintiff Cuviello to move as he got into the electric vehicle. Cuviello Decl. ¶ 35, Exh. 13 (timestamp 0:43). An unidentified woman, who appeared affiliated with Rowell Ranch, told Plaintiff Cuviello he had to move, and while Plaintiff was explaining to the woman that Gary Houts could drive forward instead of in reverse towards Plaintiff, Gary Houts, sitting in the driver's seat, looked over his shoulder behind the vehicle where Plaintiff was standing and intentionally accelerated his vehicle backwards and rammed it directly into Plaintiff Cuviello. Cuviello Decl. ¶ 36, Exh. 13 (timestamp 0:49 - 1:02). Rowell Ranch disputes these alleged facts because Gary Houts was driving the vehicle to assist a disabled person and Plaintiff Cuviello was blocking the path of the vehicle. The vehicle did not ram into Plaintiff Cuviello; it covered a distance of approximately 1 feet before coming into contact with him, which did not cause him any harm whatsoever.

19.     Paragraph No. 38. Throughout the weekend, fellow protestors, including Mr. Sage and Ms. Newkirk, felt rodeo staff expressed hostility toward them, including by repeatedly driving golf carts close to them. Newkirk Decl. ¶ 10; Sage Decl. ¶ 9 (rodeo staff...did not like our messages regarding the abuse of the animals used by the rodeo). Rowell Ranch objects to these alleged facts on the ground that Plaintiffs' evidence is irrelevant. FRE 402. Rowell Ranch objects to these alleged facts on the ground that it is opinion testimony by a lay witness. FRE 701.

20.     Paragraph No. 39. From May 20 to May 22, 2022, at the end of the demonstrations at the Park, Plaintiffs posed for photographs together with fellow protestors. Cuviello Decl. ¶ 40, Exh. 17. Despite Defendants' harassment and violation of their rights throughout the events at the Rodeo Park, Plaintiffs remain committed to exercising their right to speech and association to

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

-12-

1    advance animal rights advocacy. Cuviello Decl. ¶¶ 3-4, 7; Bolbol Decl. ¶¶ 6-7. One of Plaintiff

2    Cuviello's reasons for filing this lawsuit was fear that violence may be used against him or his

3    colleagues in the future. Cuviello Decl. ¶ 37. Rowell Ranch objects to these alleged facts on the

4    ground that Plaintiffs' evidence is irrelevant. FRE 402. Rowell Ranch objects to these alleged facts

5    on the ground that it is opinion testimony by a lay witness. FRE 701. Rowell Ranch objects to this

6    alleged fact on the ground that it cannot be relied on to form a factual basis since it is a statement

7    of law.

8    **C.    Additional Facts Not Referenced in Plaintiffs' Separate Statement that**

9    **Compel Denial of the Motion**

10   1.    Gary Houts' phone call to dispatch did not cause the arrival of law enforcement at

11   the Park. 7 minutes and 49 seconds after dispatch hung up on Gary Houts, they talk to an officer

12   who confirms that they have already advised the protestors to keep it peaceful. Blome Decl. ¶ 9,

13   Exh. 28 (timestamp 10:45). Law enforcement was already scheduled to arrive before Gary Houts

14   made the phone call. Even if the presence of law enforcement led to any harm to the Plaintiffs,

15   there is no causal connection between the arrival of law enforcement at the Park and Gary Houts'

16   phone call.

17   2.    Plaintiff Cuviello was not afraid of arrest on May 20, 2021, after having interacted

18   with Deputy Mayfield and Hart. Cuviello Depo., at 92: 7-16. Further, Plaintiff Cuviello testified

19   that if law enforcement indicated that they were going to arrest him, he would have moved from

20   the location. Cuviello Depo., at 86:23-87:6.

21   3.    On May 21, 2020, George Ferris' only stepped in front of Plaintiff Bolbol to block

22   her path because she did not have a ticket. Bolbol. Decl., ¶ 24, Exh. 5. (timestamp 0:26). George

23   Ferris repeatedly articulated to Plaintiffs that they needed tickets, and since they did not have those

24   they had to leave. *Id*. George Ferris did not push into Plaintiff Bolbol. *Id*. The video footage only

25   shows the Plaintiff Bolbol pushing into George Ferris and George Ferris standing in her path. *Id*.

26   Any physical contact that took place was initiated by Plaintiff Bolbol, not George Ferris. *Id*.

27   4.    On May 21, 2020, Gary Houts' drove the vehicle in order to assist a disabled patron

28   at the rodeo. Cuviello. Decl., ¶ 34, Exh. 13.

*Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596*

-13-

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

5.      Plaintiffs, admittedly, were not injured or harmed in the duration of May 20, 2020 to May 21, 2020. Plaintiffs have not identified any physical injuries, medical or mental health care, and no arrests made of them by anyone. They continued to demonstrate at the Park till May 22, 2020.

## III.   ARGUMENT

### A.    Any Inferences Drawn From the Video Footage Are To Be In Favor Of Defendants, Not The Plaintiffs

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment on some or all of the claims or defenses presented in an action. Fed. R. Civ. P. 56(a)(1). "The court shall grant summary judgment only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id.; see *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323; Fed. R. Civ. P. (1986).  Fed. R. Civ. P. 56(c)(1)(A) (requiring citation to "particular parts of materials in the record"). The court is only concerned with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, *supra* 477 U.S. at 248.  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

In determining whether summary judgment is appropriate, the Court does not make credibility determinations or weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech Services, Inc.,* 504 U.S. 451, 456 (1992).  The Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in their favor. *(Lal* v. *California,* 746 F.3d 1112, 1115-16 (9th Cir. 2014) (quoting *Garcia* v. *County of Merced,* 639 F.3d 1206, 1208 (9th Cir. 2011)).  That is equally applicable to evidence consisting of video and any justifiable inferences from the video will also be viewed in the light most favorable to the nonmoving party so long as the non-movant's version of the facts is not blatantly contradicted by that video evidence. *Vos* v. *City of Newport Beach,* 892 F.3d 1024, 1028 (9th Cir. 2018) (citing *Scott* v. *Harris, 550* U.S. 372, 378-79 (2007)). The mere existence of video footage of the incident, as

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

1   here, does not foreclose a genuine factual dispute as to the reasonable inferences that can be

2   drawn from that footage. *Scott, 550* U.S.at 380 (focusing on whether a party's version of events

3   "is so utterly discredited by the record that no reasonable jury could have believed him"). Thus,

4   Plaintiffs' claim that the mere existence of video means there cannot be any material facts

5   in dispute is wishful thinking. (See Plaintiff MPA page 6 lines 17-19).

6       In this case, Plaintiffs argue self-serving inferences from the videos favorable to them

7   and then proceed to assert that their inferences are "undisputed facts". However, all such

8   inferences must be drawn in favor of the Defendants as the nonmoving parties especially in this

9   case where the written declarations of the 2 Plaintiffs (Bolbol and Cuviello) exaggerate and at

10  times fly in the face of what is seen in the videos. In short, Plaintiffs have created material

11  questions of fact by pitting their declarations against the videos they presented.

12      **B.      Significant Portions of the Evidence Plaintiffs Have Relied Upon For This**

13               **Motion is Inadmissible**

14      A district court may consider only admissible evidence in ruling on a motion for summary

15  judgment. Fed. R. Civ. P. 56(e); *Orr v. Bank of Am*., 285 F.3d 764, 773 (9th Cir. 2002). In support

16  of their motion for summary judgment, Plaintiffs have submitted declarations and attached

17  exhibits, including multiple videos that Plaintiffs shot themselves. In spite of the plain truth shown

18  on the videos, Plaintiffs moving papers attempt to rewrite the content and reality of those videos

19  trying to make the film fit their version of events. Included in the declarations from the 2 Plaintiffs

20  are references to irrelevant other matters, cases, events that they have been involved in over the

21  years which have no connection to this case. Likewise, the declarations include statements of

22  Plaintiff's feelings or beliefs as opposed to facts, e.g.:

23          "It was obvious to me that Defendants ………. did not like our message or our
            presence at the rodeo and that because they were not able to arrest us they were
24          going to try to bully and intimidate us through harassment. I have experienced this
            and other type of similar harassment at other venues where I have protested. I am
25          tired of law enforcement officers' intimidation tactics to try to prevent me and
            others from exercising our right to free speech merely because they do not like
26          our message or because they are being paid by the venue for their presence at the
            event. At other venues, I have witnessed volunteer protesters leave and not return
27          to protest because of this type of intimidation" (Bolbol Declaration ¶ 20 lines 8-
            16)

28

DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

Likewise, Plaintiff's claimed mental stress injuries are not borne out by any actual evidence but are presented as if they are fact just because she claims it is so.

"I repeatedly told him to stop harassing me. Defendant Deputy Mayfield's conduct caused me emotional and mental stress." (Bolbol Declaration ¶ 23 lines 13-14).

Analogously, Plaintiff Cuviello asserts in his declaration that he was intentionally "rammed into" by a golf cart claiming he was thus assaulted/battered  and fearful that Defendants would use violence against him to interfere with his ability to exercise his free speech rights. (Cuviello Declaration ¶¶ 34-36).   Yet in spite of the claims of physical violence, emotional distress and threats of arrest, the facts even as presented by Plaintiffs are that there were no physical injuries identified, no medical or mental health care required or obtained, no arrests made of them by anyone.   Through it all, Plaintiffs stayed at the premises, returned day after day and engaged in their chosen protest activities wherever they saw fit in spite of being asked to refrain from videotaping attendees and their children at the event, being asked to not infringe on the ability of the attendees to enter or exit the premises and to refrain from interfering with the operations of staff at the premises. Finally, Plaintiff Cuviello's declaration contradicts his Deposition testimony, where he categorically states that he did not fear arrest.

The evidence taken in its best light fails to evidence any actual interference with free speech and this motion must be denied in its entirety.

C.     **Rowell Ranch Emphatically Disputes the Alleged Intent of its Volunteers and Therefore Section 52.1 Violations Cannot Summarily Be Decided In Favor Of The Plaintiffs**

1.     *George Ferris Did Not Intend To Deprive Plaintiff Bolbol Of Her Enjoyment Of Free Speech*

Plaintiffs have alleged in the third cause of action in their amended complaint that "All Defendants" violated California Civil Code Section 52.1. The allegations much like the "evidence" submitted in support of this motion blur the lines between the Defendants as well as the specific instances of conduct claimed.  The essential argument being that all of the Defendants used the

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

threat of force and arrest against Plaintiffs for the express purpose of preventing Plaintiffs from exercising their right to engage in peaceful expressive activity.

This motion specifically claims that George Ferris was identified as a person who tried to physically intimidate Plaintiff Bolbol. She alleged he was employed with Rowell Ranch and his his conduct was intended to infringe on her exercise of free speech rights, to prevent one-on-one communication with patrons entering the Park. (P&A, 21:8-12). The "offending" conduct (which is shown on video) took all of 32 seconds and consisted of George Ferris telling Plaintiff that she needed tickets to the rodeo to enter the gate that she and her husband, Plaintiff Cuviello chose to walk through. At most, George Ferris attempted to stand in front of Plaintiff Bolbol's path for a short amount of time. This short amount of time cannot reasonably be conceived as "continuous."

No evidence has been presented by moving parties that George Ferris knew Plaintiffs or what they were up to. All the video shows was there attempt to pass through the gate without tickets. Rather than acknowledge the statement or explain her viewpoint, both Plaintiffs continued to make their way into the premises while verbally and physically confronting this senior citizen. Plaintiffs refused to comply with the request to show tickets, refused to cooperate at all and then proceeded to verbally accost a second person they then encountered several yards further inside. In the process, they played to their cameras (that they knew were running), making statements to the effect that this man "was a brute, that he was trying to intimidate a woman".

More relevant, however, was the fact that the moving parties, were not at that point in time, involved in any free speech activities. They were instead walking and carrying their materials. They were likewise not speaking to any members of the public and were not spreading their chosen message to anyone. From a practical standpoint it is impossible to understand what infringement on free speech was taking place at that time. That very brief interaction is the entirety of the claims asserted by Plaintiffs against George Ferris for any purported bad conduct. It is submitted that this is woefully short of any viable claim recognized under any theory or law. Merely making your way to the location you want to pontificate at is not in and of itself free speech. Even if it could be twisted enough to be considered, the conduct displayed on the video does not reflect attempts at physical intimidation or violence, and certainly there was no display of stopping free speech.

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1   The Bane Act requires "an attempted or completed act of interference with a legal right,

2   accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334, (1998).  To

3   obtain relief under this statute, a plaintiff must prove that a defendant tried to, or did, by the

4   specified improper means, prevent the plaintiff from doing something that he had the right to do

5   under the law, or force plaintiff to do something that he was not required to do under the law.

6   *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883, (2007) (citing *Jones,* 17 Cal.

7   4th at 334). The relevant inquiry under the Bane Act "is whether a reasonable person, standing in

8   the shoes of the plaintiff, would have been intimidated by the actions of the defendants and have

9   perceived a threat of violence." *Richardson v. City of Antioch*, 722 F. Supp. 2d 1133, 1147 (N.D.

10   Cal. 2010).

11   What is manifest from the video of this lone encounter (as well as others they produced) is

12   the brusque, rude, attitude displayed by Plaintiffs and their mistreatment of workers and members

13   of the public in attendance. Swearing at, threatening to sue and ridiculing people who disagree

14   with them is on display.

15   Plaintiffs have no evidence that George Ferris acted with specific intent to violate their

16   constitutional rights. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (2018) (holding

17   that under California law "the Bane Act requires 'a specific intent to violate the arrestee's right to

18   freedom from unreasonable seizure.'") (citation omitted.)

19         2.    *Gary Houts Did Not Intend To Deprive Plaintiff Cuviello Of His Enjoyment*

20               *Of Free Speech*

21   In a similar fashion, Plaintiffs' moving papers try to convince this Court that Gary Houts,

22   prevented Plaintiffs free speech and violated 52.1. This involved his attempt to back up an electric

23   cart as he was on his way to assist a handicapped patron. He mentioned this to the Plaintiffs,

24   specifically Mr. Cuviello, and asked him to move from behind the cart.  Cuviello did not bother to

25   move, and instead engaged in a verbal argument with another woman standing nearby. In the

26   process and due to his own failure to get out from behind the cart there was some sort of "contact"

27   between the cart and Mr. Cuviello.  It seems from his video as if it were not enough contact to

28   knock him down as he kept filming and then proceeded to unleash a tirade of cursing both at Mr.

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

-18-

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

Houts and at the poor woman standing there. The purported impact did nothing to inhibit that stretch of free speech from Cuviello.  In fact, it seems as if there was no personal injury that took place or that has been claimed in discovery in this case, as there was no doctor visit, no treatment, and notably no break in the Plaintiffs ongoing expression of free speech that day or the next when they returned. In short, whatever contact took place it was *de minimis* and only now being used as an excuse to try to establish some sort of physical intimidation of Plaintiffs. The bottom line is that this is yet another example where Plaintiffs appear to have been trying to create a situation where they could claim their rights were interfered with when in reality they were not.

Missing from this motion is any effort to prove the intent element of the Bane Act.  "[T]he Bane Act requires that the challenged conduct be intentional." (*Simmons v. Superior Court* (2016) 7 Cal.App.5th 1113, 1125.  "The statutory framework of section 52.1 indicates that the Legislature meant the statute to address interference with constitutional rights involving more egregious conduct than mere negligence." *Shoyoye v. County of Los Angeles* (2012) 203 Cal.App.4th 947, 958. Per the video footage, Gary Houts took out the utility vehicle in order to assist a disabled patron at the rodeo. He repeatedly informs Plaintiff Cuviello to move aside. Whether Gary Houts could have driven forward instead of backing up is a question for the trier of fact. It is important to note that when he drives away, it is in the direction that he was backing into.

**D.     Plaintiff's "Facts" Do Not Establish Any Harm. Therefore ROWELL RANCH Did Not Violate Section 51.7.**

*1.     Plaintiffs Bolbol/Cuviello Were Not Harmed By Gary Houts Conduct*

Civil Code, §51.7, which is the basis for Plaintiffs' fourth cause of action, provides that:

"(b)(1) All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive.

(2) For purposes of this subdivision, "intimidation by threat of violence" includes, but is not limited to, making or threatening to make a claim or report to a peace officer or law enforcement agency that falsely alleges that another person has

-19-

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

engaged in unlawful activity or in an activity that requires law enforcement intervention, knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report.."

The Plaintiffs argue that Gary Houts intimidated them by calling the police (notably at Plaintiffs' invitation) and telling the police that they were blocking ingress to the event.  While there is a question of fact regarding the extent to which they were blocking ingress, the more relevant fact is that the police were already en route to the premises arriving less than 5 minutes after the Houts call. The call from dispatch to the ACSO officer 7 minutes after Gary Houts phone call manifests that the Houts' call was not what caused the arrival of the police authorities or any of the interaction between them and Plaintiffs thereafter. On this ground alone there is a question of fact as to whether this statute is even applicable to the facts of this case. Additionally, once the police arrived they did not arrest or otherwise impact the Plaintiffs' free speech activities. Plaintiffs merely seek to capitalize on what is at best hyper technical invocation of these statutes.

There was and is no evidence that Gary Houts requested that Plaintiffs be arrested. As to the comment that Plaintiffs were blocking the parking lot and or entrance, it is certainly a question of fact concerning the accuracy of that statement as the Plaintiffs were holding a 4 to 6 foot wide and approximately 8 foot tall banner that they were holding up on two wooden polls.  This certainly took up space as did the sandwich board signs each also wore. Clearly they were taking up space and in light of their chosen location essentially in the walkway where pedestrians with tickets to the show were going, these Plaintiffs were blocking a portion of the walkway. This is demonstrated on their own videos.

Likewise, the golf cart incident with Gary Houts and Cuviello was discussed above and constituted negligent versus intentional conduct which was not an act of violence and which from all appearances did not result in any injury or damage to Cuviello. The California Supreme Court concluded that '[r]equiring the plaintiff to show that discrimination was a substantial motivating factor, rather than simply a motivating factor, more effectively ensures that liability will not be imposed based on evidence of mere thoughts or passing statements unrelated to the [dispute]'... *Alamo v. Practice Management Information Corp.* (2013) 219 Cal.App.4th 466, 479 [161 Cal.Rptr.3d 758].) The footage shows Gary Houts was driving out the utility vehicle to assist a

-20-

1  disabled person. Even if the alleged motivation of Gary Houts was his animus towards Plaintiff

2  Cuviello's speech, it was not a substantial motivating factor.

3     **E.     Plaintiffs Have Not Established Either Harm Or Intent, 2 Necessary Elements**

4         **For Assault/Battery**

5      "The essential elements of a cause of action for assault are: (1) defendant acted
with intent to cause harmful or offensive contact, or threatened to touch plaintiff in

6     a harmful or offensive manner; (2) plaintiff reasonably believed she was about to
be touched in a harmful or offensive manner or it reasonably appeared to plaintiff

7     that defendant was about to carry out the threat; (3) plaintiff did not consent to
defendant's conduct; (4) plaintiff was harmed; and (5) defendant's

8     conduct was a substantial factor in causing plaintiff's harm." (*So v. Shin* (2013)

9     212 Cal.App.4th 652, 668−669.

10     The Moving Plaintiffs have presented conclusions/not evidence in terms of the requisite

11  elements of intent to cause harmful/offensive contact and actual harm. The complaint presented

12  the sole basis for assault against Plaintiff Bolbol as the conduct of George Ferris who told Plaintiffs

13  they needed tickets to enter the gate they went through.  She and her co-plaintiff ignored this man,

14  and proceeded to try to walk through him. The video creates an issue of fact as to who was

15  responsible for physical contact as minimal and brief as it was, and reflected what appeared to be

16  Mr. Ferris trying to "herd" Bolbol versus offensively touching her. More relevant is the fact shown

17  that she did not suffer either actual harm or physical injury. She merely spun on her heel and

18  continued walking past the gate monitor, already verbalizing a conscious threat to sue.  She was

19  clearly not harmed and proceeded on her way, including rudely addressing another person ahead

20  of her. Contrary to the argument in the moving papers, Bolbol did not exhibit "palpable distress

21  and fear" nor was she prevented from engaging in any free speech.  She was merely entering a

22  gate area without a ticket and ignoring the gate monitor. Multiple questions of fact are generated

23  by the video which prevent entry of summary judgment on this claim.

24     Similarly, Plaintiff Cuviello who claims assault and battery from the golf cart incident has

25  failed to meet his burden to prove intent versus mere negligence and has not claimed in the

26  complaint that he suffered harm (the forth required element). Additionally, the moving papers

27  don't bother to address that element leaving questions of fact for both issues.

28

DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT

"The essential elements of a cause of action for battery are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." (*So v. Shin* (2013) 212 Cal.App.4th 652, 669.

Plaintiffs' motion likewise fails on the same required elements under the second cause of action for battery in that they have not presented undisputed evidence to establish intent and harm. The reliance on the same conduct of Mr. Ferris and Mr. Houts leaves the trier of fact needing more as the visual evidence is at best inconclusive. Plaintiffs cannot simply substitute their own conclusory statements in declarative form in place of actual evidence.

### IV.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that Plaintiff's motion for partial summary judgment be denied in its entirety.

Dated:  June 27, 2024                    GORDON REES SCULLY MANSUKHANI, LLP

By:   _____
Paul Caleo
Osmaan Khan
Attorneys for Defendant
ROWELL RANCH RODEO INC.

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

**PROOF OF SERVICE**
*Cuviello, et al.  v. Rowell Ranch Rodeo Inc., et al.*
USDC - Northern District of California, Case No. 3:23-CV-01652

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP, 100 Pringle Avenue, Suite 300, Walnut Creek, CA 94596. On the date set forth below, I served the within documents:

**DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒  **VIA E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent by electronically mailing a true and correct copy through the Gordon Rees Scully Mansukhani, LLP electronic mail system from my email address: khernandez@grsm.com, to the email address(es) set forth herein.

☐  by having Nationwide PERSONALLY DELIVER the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐  by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FEDEX as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

| Attorneys for Plaintiff<br>DENIZ BOLBOL<br><br>Lily Rivo, Esq.<br>**GREENFIRE LAW, PC**<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>Tel:     (510) 900-9502<br>Fax:    (510) 900-9502<br>Email: lrivo@greenfirelaw.com<br>          jblome@greenfirelaw.com | Plaintiff In Pro Per<br><br>Joseph P. Cuviello<br>205 De Anza Blvd.<br>San Mateo, CA 94402<br><br>P.O. Box 2834<br>Redwood City, CA 94064<br>Tel:     (650) 315-3776<br>Fax:<br>Email: pcuvie@gmail.com |
|---|---|
| Attorneys for Defendants<br>COUNTY OF ALAMEDA; ALAMEDA COUNTY DEPUTY SHERIFF'S OFFICE; and JOSHUA MAYFIELD<br><br>William B. Rowell, Esq.<br>Thiele R. Dunaway, Esq.<br>Marc Brainich, Esq.<br>Michele C. Kirrane, Esq.<br>**FENNEMORE WENDEL**<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607 | Attorneys for Defendants<br>HAYWARD AREA RECREATION AND PARK DISTRICT, and KEVIN HART<br><br>Dale L. Allen, Jr., Esq.<br>Nicholas D. Syren, Esq.<br>**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>Tel:     (415) 697-2000 |

*Gordon Rees Scully Mansukhani, LLP*
*100 Pringle Avenue, Suite 300*
*Walnut Creek, CA 94596*

-23-
DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Tel:    (510) 834-6600<br>Fax:    (510) 834-1928<br>Email: browell@fennemorelaw.com<br>        rdunaway@fennemorelaw.com<br>        mbrainich@fennemorelaw.com<br>        mkirrane@fennemorelaw.com<br>        lmason@fennemorelaw.com | Fax:    (415) 813-2045<br>Email: dallen@aghwlaw.com<br>        erodas@aghwlaw.com<br>        mhernandez@aghwlaw.com<br>        dallen@aghwlaw.com<br>        kallen@aghwlaw.com<br>        erodas@aghwlaw.com<br>        nsyren@aghwlaw.com |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 27, 2024 at Sacramento, California.

Kristie Hernandez

**Gordon Rees Scully Mansukhani, LLP**
**100 Pringle Avenue, Suite 300**
**Walnut Creek, CA 94596**

DEFENDANT ROWELL RANCH RODEO INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT