PAUL CALEO (SBN 153925)
pcaleo@grsm.com
OSMAAN KHAN (SBN 331766)
oakhan@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596
Oakland, CA 94607
Telephone: (510) 463-8600
Facsimile: (510) 984-1721

*Attorneys for Defendant*
ROWELL RANCH RODEO INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; and DOES 1 through 2, in their individual and official capacities, jointly and severally.<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:23-CV-01652<br><br>**DEFENDANT ROWELL RANCH RODEO INC.'S NOTICE AND CROSS-MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>**Date:**　　August 15, 2024<br>**Time:**　　10:00 a.m.<br>**Dept.:**　　5, 17th Floor<br>**Judge:**　　Hon. Vince Chhabria<br><br>Complaint Filed:　April 6, 2023<br>Trial:　　　　　October 21, 2024 |

-1-
DEFENDANT ROWELL RANCH RODEO INC.'S NOTICE AND CROSS-MOTION FOR SUMMARY
JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

## TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................... 5

II.  UNDISPUTED MATERIAL FACTS ..................................................................... 6

    A.   MAY 20, 2024 ................................................................................................. 6

    B.   MAY 21, 2024 ................................................................................................. 7

III. STANDARD OF REVIEW .................................................................................... 10

IV.  ARGUMENT ........................................................................................................... 10

    A.   EVIDENCE COMPELS THE CONCLUSION THAT ROWELL RANCH VOLUNTEERS DID NOT HAVE THE INTENT, NOR WERE THE PLAINTIFFS INTIMIDATED OR PREVENTED, FOR A §52.1 VIOLATION ............................................................................................... 10

        1.   *George Ferris' Interaction With Plaintiff Bolbol Cannot Meet the Necessary Element of Intent, nor was it Intimidating, Coercive or Violent* ........................................................ 12

        2.   *Gary Houts' Actions Compel the Conclusion that Did Not Deprive Plaintiff Cuviello of his Right to Free Speech, nor did he Intend to do so.* ............................................ 13

    B.   EVIDENCE COMPELS THE CONCLUSION THAT PLAINTIFFS WERE NOT HARMED ................. 14

        1.   *Evidence Establishes that Law Enforcement was Already Scheduled to be at the Park before Gary Houts' Phone Call* ............................................................................. 15

        2.   *The Undisputed Evidence Compels the Conclusion that Plaintiff Bolbol Suffered No Harm from her Interaction with George Ferris* ................................................. 16

        3.   *Evidence Compels the Conclusion that Plaintiff Cuviello was not Harmed by Gary Houts' Utility Cart* .................................................................................................. 16

    C.   PLAINTIFFS CANNOT ESTABLISH INTENT AND HARM FOR ASSAULT AND BATTERY .......... 17

V.   CONCLUSION ....................................................................................................... 18

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

# TABLE OF AUTHORITIES

CASES

*Alamo v. Practice Management Information Corp.*
219 Cal.App.4th 466 (2013) ............................................................................................... 15

*Austin B. v. Escondido Union Sch. Dist.*
149 Cal. App. 4th 860 (2007) ............................................................................................. 11

*Bloom v. Universal City Studios, Inc.*
734 F.Supp. 1553, C.D. Cal. (1990) ................................................................................... 10

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) ............................................................................................................ 10

*Jones v. Kmart Corp.*
17 Cal. 4th 329, (1998) ....................................................................................................... 11

*Koire v. Metro Car Wash*
40 Cal.3d 24, 33 (1985) ...................................................................................................... 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
475 U.S. 574 586 (1986) ..................................................................................................... 10

*Reese v. County of Sacramento*
888 F.3d 1030, 1043 (2018) ................................................................................................ 11

*Richardson v. City of Antioch*
722 F. Supp. 2d 1133, N.D. Cal. (2010) .............................................................................. 11

*Shoyoye v. County of Los Angeles*
203 Cal.App.4th 947 (2012) ............................................................................................... 11

*Simmons v. Superior Court*
7 Cal.App.5th 1113 (2016) ................................................................................................. 11

*So v. Shin*
212 Cal.App.4th 652 (2013) ............................................................................................... 17

*So v. Shin*
212 Cal.App.4th 652 (2013) ............................................................................................... 17

*Tzung v. State Farm Fire and Casualty Co.*
873 F.2d 1338, 9th Cir. (1989) ........................................................................................... 10

STATUTES

California Code of Civil Procedure § 51.7 -------------------------------------------------------------- 6, 14

California Code of Civil Procedure § 52.1 ------------------------------------------------------- 5, 10, 12

Federal Rules Of Civil Procedure § 56-------------------------------------------------------------- 5, 10

OTHER AUTHORITIES

California Civil Jury Instructions (CACI) 2024 ----------------------------------------------------- 11

Pursuant to Federal Rule of Civil Procedure 56, Defendant Rowell Ranch Rodeo, Inc. ("Rowell Ranch"), respectfully moves for summary judgment on all of Plaintiffs JOSEPH P. CUVIELLO and DENIZ BOLBOL's claims against it, and for other and further relief as the Court deems just and proper. In support, Rowell Ranch submits its Memorandum of Law which is incorporated below, and the Declaration of Osmaan Khan, which is being filed contemporaneously with this cross-motion.

## I.   INTRODUCTION

This lawsuit is an attempt by Plaintiffs JOSPEH P. CUVIELLO ("Plaintiff Cuviello") and DENIZ BOLBOL ("Plaintiff Bolbol"), two long-term animal rights activists, to benefit from a series of non-incidents. The concerned events took place on May 20 and May 21, 2022, at a rodeo event hosted by Defendant ROWELL RANCH RODEO, INC. ("Rowell Ranch") at the Rowell Ranch Rodeo Park ("Park") in Hayward. Plaintiffs showed up to demonstrate and protest at the event by spreading their message regarding animal cruelty. The complaint filed in this action claims an elaborate conspiracy spread over known and unknown actors, including not just Rowell Ranch and its volunteers, but also law enforcement and a special park district. Plaintiffs spin the facts to benefit themselves while smearing responsibility amongst all of the named defendants. Essentially, Plaintiffs allege that they had their rights to free speech trampled on and that they were threatened with arrest, assaulted, and generally inhibited from spreading their message. Plaintiffs have failed to demonstrate that they have suffered any actual harm or damages. Plaintiffs concede that did not suffer any physical or emotional injury, or have incurred any economic damages. Throughout the three-day event, Plaintiffs returned to the Park premises to protest each day without fail. They were never arrested, detained or physically forced out of the Park or even restricted to a location.

Plaintiffs' allege the following causes of action against Rowell Ranch and its volunteers:

(i)   California Civil Code ("Civ. Code") §52.1 violation for ROWELL RANCH volunteer George Ferris' interaction with Plaintiff Bolbol.

(ii)   Civ. Code §52.1 violation for ROWELL RANCH volunteer Gary Houts negligently driving a utility cart into Plaintiff Cuviello.

-5-
DEFENDANT ROWELL RANCH RODEO INC.'S NOTICE AND CROSS-MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

(iii) Civ. Code §51.7 violation for ROWELL RANCH volunteer Gary Houts reporting the Plaintiffs' to the police.

(iv) Civ. Code §51.7 violation for ROWELL RANCH volunteer George Ferris' interaction with Plaintiff Bolbol.

(v) Civ. Code §51.7 violation for ROWELL RANCH volunteer Gary Houts negligently driving the utility cart into Plaintiff Cuviello.

(vi) Assault and Battery against ROWELL RANCH volunteer George Ferris for his interaction with Plaintiff Bolbol.

(vii) Assault and Battery against ROWELL RANCH volunteer Gary Houts negligently driving the utility cart into Plaintiff Cuviello.

Based on the undisputed material facts outlined below, Plaintiffs' cannot establish the intent of the Rowell Ranch volunteers, nor can they show that they suffered any harm from the actions of the volunteers. Plaintiffs are required to affirmatively prove each element for each of their alleged causes of action. Since the evidence submitted in support of this motion estabishes they cannot do so, Rowell Ranch is entitled to an Order dismissing *all* causes of action against it. In the alternative, this Court can adjudicate the dismissal of some, if not all, causes of action against Rowell Ranch.

## II.   UNDISPUTED MATERIAL FACTS

### A.   May 20, 2024

Plaintiffs arrived the Park on May 20, 2022 around 6 pm to demonstrate against the use of animals at the rodeo. Declaration of Joseph P. Cuviello in support of Plaintiffs' Motion for Partial Summary Judgment ("Cuviello Decl."), ¶¶ 14, 15, 19. Declaration of Deniz Bolbol in support of Plaintiffs' Motion for Partial Summary Judgement ("Bolbol Decl."), ¶¶ 14, 15. Plaintiffs noticed the cordoned off "Free Speech Area" ("FSA"), and deemed it ineffective for their planned demonstration. Cuviello Decl. ¶ 14. The Plaintiffs continued their demonstration near the Park's pedestrian entrance. Cuviello Decl. ¶ 16. Plaintiffs' demonstration primarily included holding their banners and signs, and passing out leaflets. Cuviello Decl. ¶ 16, Exh. 15, ¶ 13, Exh. 14, Bolbol Decl. ¶ 27, Exh. 16.

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

Gary Houts, ROWELL RANCH volunteer, approached Plaintiffs and informed them of the FSA. Bolbol Decl. ¶ 15, Exh. 1. Plaintiffs told Gary Houts to call the police if he had a problem. *Id*. After some antagonistic back-and-forth, Gary Houts called the police and told the dispatcher that the Plaintiffs were blocking the parking lot and entrance. Cuviello Decl. ¶ 17, Exh. 7 (timestamp 3:00); Bolbol Decl. ¶ 15, Exh. 1 (timestamp 3:03), Blome Decl. ¶ 9, Exh. 28 (timestamp 1:36-2:56), ¶ 14, Exhs. 33A and 33B.

Police officers from Defendant Alameda County Sherriff's Office ("ACSO"), including Defendant Deputy Mayfield ("Deputy Mayfield") arrived at the Park approximately 5 minutes after Gary Houts' phone call to dispatch. Cuviello Decl. ¶ 18. ACSO was scheduled to be at the Park before Gary Houts made the phone call to dispatch. Blome Decl. ¶ 9, Exh. 28 (timestamp 10:45). The audio recording from ACSO has dispatch personnel talking to a police officer already present at Park, 7 minutes and 49 seconds after hanging up on Gary Houts. *Id* (timestamp 10:45). The police officer informs dispatch that they have *already* advised the protestors to keep things peaceful. *Id*. (timestamp 11:02).

Plaintiffs had multiple interactions with Deputy Mayfield and Defendant Kevin Hart ("Hart") of the Hayward Area Recreation District ("HARD"). Cuviello Decl., ¶¶ 18 to 27. Around 7:15 pm, Plaintiffs moved to the back entrance of the Park. Plaintiff's demonstration on that day ended at 7:40 pm. Cuviello Decl., ¶ 18.

Plaintiff Cuviello, in his Deposition, testified that he was not afraid of arrest on May 20, 2021, after having interacted with Deputy Mayfield and Hart. Declaration of Osmaan Khan in support of this Cross-Motion, Exhibit 1 – Deposition Transcript of Plaintiff Pat Cuviello ("Cuviello Depo."), at 92: 7-16. Further, Plaintiff Cuviello testified that *if* law enforcement had indicated that they were going to arrest him, he would have moved from the location. Cuviello Depo., at 86:23-87:6. Plaintiff Cuviello was not afraid of arrest, and continued to protest not just on May 20, 2024, but also for the next 2 days. Cuviello Decl., ¶ 40, Exh. 17.

**B.    May 21, 2024**

Plaintiffs and fellow demonstrators, after demonstrating at the front entrance without incident, headed toward the back entrance and observed personnel in reflective vests. Bolbol.

-7-

1 Decl., ¶ 24, Exh. 5.  George Ferris, ROWELL RANCH volunteer in a reflective vest, interacted

2 with the Plaintiffs as they attempted to proceed towards the back entrance. Bolbol. Decl., ¶ 24,

3 Exh. 5. (timestamp 0:24). Their interaction, documented on video, went as follows:

> **Ferris:** Hey you need tickets to the rodeo!
> **Bolbol:** Don't touch him!
> [Ferris moves a couple of feet to his right side to block the path of Defendant Bolol.]
> **Ferris:** You need tickets to the rodeo!
> **Bolbol:** Don't touch him!
> **Ferris:** Call the cops! Call the cops right now!
> [George Ferris blocks the path of Defendant Bolol by standing in front of her.]
> **Ferris:** Call the cops right now!
> **Bolbol:** You are out of your f****** mind man!
> **Ferris:** You are!
> **Bolbol:** Don't [inaudible].
> **Ferris:** Out!
> **Bolbol:** Don't touch me!
> **Ferris:** You're touching me! You are running into me! You are touching me!
> **Bolbol:** Stop it!
> [Ferris has stopped blocking Defendant Bolbol's path, and she continues to walk towards the back entrance.
> **Ferris:** Out! You need tickets to the rodeo!
> **Bolbol:** Stop it! Stop it you bully! That is what you do to the animals too you brute! You brute! Trying to intimidate a woman! Shame on him!

Bolbol. Decl., ¶ 24, Exh. 5. (timestamp 0:26)

George Ferris merely stepped in front of Plaintiff Cuviello in attempt to block his path. Bolbol. Decl., ¶ 24, Exh. 5. This was in order to stop him from proceeding further without a ticket to the rodeo. *Id.* His attention was then diverted to Plaintiff Bolbol, and he attempted to block her path as well. *Id.* He yelled at her that she needed a ticket for the rodeo, clearly articulating why he was blocking her path. *Id.* George Ferris also repeatedly shouted, "[o]ut." *Id.* He did not push into Plaintiff Bolbol, and only stepped in front of her to block her path. *Id*. It is obvious from the footage that if there was any physical contact, it was initiated by Plaintiff Bolbol trying to force her way past George Ferris. George Ferris can be heard requesting for assistance by law enforcement. *Id*. He also clearly articulates that Plaintiff Bolbol is the one touching him and running into him. *Id*. George Ferris stopped blocking Plaintiff Bolbol's path about 30 seconds their interaction had commenced, and Plaintiff Bolbol proceeded to the back entrance. Plaintiff Bolbol then threatens a woman, also in a green vest, with a lawsuit. *Id*. She continues walking towards the back entrance. *Id.*.

1    Later at the back entrance, Plaintiff Cuviello held a banner with another demonstrator near

2 a tree, close to where an utility cart that was parked. Cuviello Decl. ¶ 33, Exh. 13. Gary Houts

3 approached Plaintiff Cuviello and told him to not touch the electric utility vehicle with the banner

4 and Plaintiff Cuviello moved a step away from the vehicle. Cuviello Decl. ¶ 33, Exh. 13. Gary

5 Houts told Plaintiff Cuviello that he had to move from behind his vehicle and then got into it.

6    Plaintiff Cuviello can be observed, in his own footage, with his large 2-person banner

7 standing right behind the utility vehicle. The following exchange takes place:

> **Houts [off camera likely addressing Plaintiff Cuviello]:** You can't cover my cart.
> **Houts [off camera and addressing someone off camera]:** You asked [inaudible]. There is a handicap girl in here that needs a ride in a cart.
> **Unknown Female [off camera]:** We are taking someone in right now. He is taking someone in. We will get them to send [inaudible].
> **Houts: [off camera]:** [in audible] I will use the center gate.
> **Houts [off camera and addressing Plaintiff Cuviello]:** You all got to move [inaudible]. Houts is seen getting into the utility vehicle.
> **Cuviello:** He can go forward. He is just trying to make trouble.
> **Unknown Female [off camera]:** He has to back up.
> **Cuviello:** Why does he have to back up?
> **Unknown female [off camera]:** Because he is security!

Cuviello. Decl., ¶ 34, Exh. 13. (timestamp 0:00)

   Gary Houts then backs up a short distance and makes imperceptible contact with Plaintiff Cuviello. Cuviello. Decl., ¶ 34, Exh. 13. (timestamp 1:02). Plaintiff Cuviello does not move and his reaction does not indicate any fear or intimidation. Cuviello. Decl., ¶ 34, Exh. 13. (timestamp 1:02). The is as follows:

> **Cuviello:** Hey hey hey!
> **Unknown Female:** You need to move! He asked you to move!
> **Cuviello:** I got you on video you f****** a******!
> **Unknown Female:** He asked you to move.
> **Cuviello:** That's f****** assault with a deadly weapon you a******!
> **Houts:** I asked you to move.
> **Cuviello:** I don't care. You don't get to run people over. D*******!
> **Unknown Female:** He asked you to move!
> **Cuviello:** F*** Off!

Cuviello. Decl., ¶ 34, Exh. 13. (timestamp 1:02)

   Plaintiff Cuviello does not show any indication of discomfort, embarrassment, or fear, let alone injury. As Gary Houts drives away, the gravel and ground appear to be of a lighter color than

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

the one in front of the vehicle before it moved. Further, Gary Houts drives the utility vehicle in the direction behind Plaintiff Cuviello.

Plaintiffs continued to protest for the rest of the day, and also the day after on May 22, 2024. Cuviello Decl. ¶ 40.

### III.  STANDARD OF REVIEW

Review of a summary judgment is de novo. *Tzung v. State Farm Fire and Casualty Co.*, 873 F.2d 1338 (9th Cir. 1989). Under Federal Rule of Civil Procedure 56(c), the moving party must show lack of evidence to support a verdict for the opposing party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The opposing party must show evidence of "specific facts showing that there is a genuine issue for trial." Id. at 324. The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 586 (1986).

A defendant's motion is granted when the plaintiff fails to present evidence supporting elements on which he bears the burden of proof, and fails to show that material disputes could be resolved for either party. *Bloom v. Universal City Studios, Inc.*, 734 F.Supp. 1553, 1557-58 (C.D. Cal. 1990), aff'd, 933 F.2d 1013 (9th Cir. 1991).

### IV.  ARGUMENT

**A.  Evidence Compels the Conclusion that Rowell Ranch Volunteers Did Not Have the Intent, nor were the Plaintiffs Intimidated or Prevented, for a §52.1 Violation**

Civ. Code §52.1 violations, as enacted by the Bane Act, require all the following elements to be met:

> (1) By threats, intimidation or coercion, defendant caused plaintiff to reasonably believe that if they exercised their right [e.g. "to free speech"], defendant would commit violence against them or their property and that defendant had the apparent ability to carry out the threats
> [or]
> Defendant acted violently against plaintiff/and plaintiff's property to prevent them from exercising their right [e.g., to free speech]/to retaliate against plaintiff for having exercised their right [e.g., to free speech];

(2) That defendant intended to deprive plaintiff of their enjoyment of the interests protected by the right [e.g., to free speech];

(3) That plaintiff was harmed; and

(4) That defendant's conduct was a substantial factor in causing plaintiff's harm.

The California Civil Jury Instructions ("CACI") 2024, elaborate on instruction no. 3066's with "Directions for Use". It states that under the Unruh Act, if only the statutory minimum damages of $4,000 is sought, it is not necessary to prove harm and causation. *Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 33 [219 Cal.Rptr. 133, 707 P.2d 195]. The directions presume the same rule applies under the Bane Act as the statutory minimum of section 52(a) should be recoverable. Therefore, a plaintiff who is *only* claiming statutory damages of $4,000 does not have to prove the last 2 elements of harm and causation.

The Bane Act requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334, (1998). To obtain relief under this statute, a plaintiff must prove that a defendant tried to, or did, by the specified improper means, prevent the plaintiff from doing something that he had the right to do under the law, or force plaintiff to do something that he was not required to do under the law. *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883, (2007) (citing *Jones,* 17 Cal. 4th at 334). The relevant inquiry under the Bane Act "is whether a reasonable person, standing in the shoes of the plaintiff, would have been intimidated by the actions of the defendants and have perceived a threat of violence." *Richardson v. City of Antioch*, 722 F. Supp. 2d 1133, 1147 (N.D. Cal. 2010). "[T]he Bane Act requires that the challenged conduct be intentional." *Simmons v. Superior Court* (2016) 7 Cal.App.5th 1113, 1125. "The statutory framework of section 52.1 indicates that the Legislature meant the statute to address interference with constitutional rights involving more egregious conduct than mere negligence." *Shoyoye v. County of Los Angeles* (2012) 203 Cal.App.4th 947, 958.

In *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (2018), it was held that under California law "the Bane Act requires 'a specific intent …'") (citation omitted.)

-11-
DEFENDANT ROWELL RANCH RODEO INC.'S NOTICE AND CROSS-MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

*1.  George Ferris' Interaction With Plaintiff Bolbol Cannot Meet the Necessary Element of Intent, nor was it Intimidating, Coercive or Violent*

Plaintiffs have alleged in the third cause of action in their amended complaint that "All Defendants" violated Civ. Code § 52.1. Plaintiffs claim that George Ferris tried to intimidate Plaintiff Bolbol by apparently pushing into her and that his conduct was intended to infringe on her exercise of her free speech rights.

The "offending" conduct (visible in the footage) lasts about half a minute and consists of George Ferris telling Plaintiff that she needed tickets to the rodeo to tread where she and Plaintiff Cuviello chose to walk through, and for them to leave.

<u>George Ferris did not intend on preventing Plaintiff Bolbol from exercising her free speech rights.</u> In the short interaction, George Ferris articulates clearly his intent behind blocking Plaintiff Bolbol's path. George Ferris' conduct was intended to "herd" the Plaintiffs and at best admonish them for not having tickets to the rodeo. Clearly, he does not have the specific intent of depriving Plaintiff Bolbol of her right to free speech.

Furthermore, there is no evidence that George Ferris actually knew Plaintiffs or what they were up to. All the video shows was there attempt to pass through to the back entrance without tickets. In the process, Plaintiff Bolbol played to her camera (which she knew was running), making statements to the effect that this man "was a brute, that he was trying to intimidate a woman". Finally, at the time of this interaction, Plaintiff Bolbol was not involved in any free speech activities. They were instead walking and carrying their materials. They were likewise not speaking to any members of the public and were not spreading their chosen message to anyone. It bodes the question, what was the infringement on free speech that was taking place at that time. That very brief interaction is the entirety of the claims asserted by Plaintiffs against George Ferris for any purported bad conduct. Merely making your way to the location you want to pontificate at is not in and of itself free speech.

Plaintiffs cannot point to any evidence which can lead to the conclusion that George Ferris intended to deprive Plaintiff Bolbol of her free speech right at the time of their interaction.

-12-
DEFENDANT ROWELL RANCH RODEO INC.'S NOTICE AND CROSS-MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

<u>George Ferris' conduct does not constitute as threatening, intimidating, coercive, or violent.</u> He merely stood in front of her to block her path for a mere 30 seconds. The footage does not make clear if there was any actual physical contact between Plaintiff Bolbol and George Ferris. Both George Ferris and Plaintiff Bolbol tell each other off for "touching" them respectively, but *only* George Ferris categorically states "You are touching me. You are running into me." <u>Plaintiff Bolbol did not reasonably believe that George Ferris would commit violence against her, or her property, for exercising her right.</u> If she had reasonably believed as such, she would have stopped walking towards the back entrance and followed George Ferris' instruction to leave, or get out. Instead, she belligerently pushed through George Ferris. She clearly did not deem him a threat. If she had been marginally intimidated, she would have acknowledge that she did not have tickets. Instead, Plaintiff Bolbol continued to make their way into the premises while verbally and physically confronting George Ferris. What is manifest from the video of this lone encounter is the brusque, rude, attitude displayed by Plaintiffs and their mistreatment of ROWELL RANCH volunteers, law enforcement and members of the public in attendance. Plaintiff Bolbol refused to cooperate at all and then proceeded to verbally accost a second person she encountered several yards further after forcing her way past George Ferris. Not only did she continue to protest and demonstrate on that day, she did so on the next day as well.

The evidence compels the conclusion that George Ferris' actions were not threatening, intimidating, coercive or violent. In turn, and based on the evidence of Plaintiff Bolbol's conduct both during and after this interaction, Plaintiff Bolbol did not perceive George Ferris as a threat in any manner.

Plaintiffs cannot prove the required elements to establish a Bane Act §52.1 violation for George Ferris' conduct.

> 2. *Gary Houts' Actions Compel the Conclusion that Did Not Deprive Plaintiff Cuviello of his Right to Free Speech, nor did he Intend to do so.*

Plaintiffs' claim that Gary Houts prevented Plaintiff Cuviello's free speech and violated §52.1 by backing into Plaintiff Cuviello.

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

<u>Gary Houts did not intend to deprive Plaintiff Cuviello of his free speech rights</u>. Gary Houts drove the utility cart with the intention to assist a disabled patron. It is important to note that when he drives away, it is in the direction that he was backing into, and presumably in the direction of the disabled patron. Further, just before moving the utility cart, Gary Houts asked Plaintiff Cuviello to move from behind it. If his intention was to deprive Plaintiff Cuviello of his rights, he would not have warned him prior to moving the vehicle. Plaintiff Cuviello did not bother to move on his own accord, and instead engaged in a verbal argument with another woman standing nearby. In the process and due to his own failure to get out from behind the utility cart there was some "contact" between the utility cart and Plaintiff Cuviello. These undisputed facts compel the conclusion that Plaintiff's cannot establish the specific intent of Gary Houts as wanting to deprive Plaintiff Cuviello of his free speech.

<u>Plaintiff Cuviello was not threatened, intimidated, or coerced by Gary Houts' negligent backing of the utility cart because it was not a violent action, and the evidence of Plaintiff Cuviello's conduct after this occurence.</u> The footage shows that there was not enough contact to even nudge Plaintiff Cuviello, as he kept filming steadily and proceeded to unleash a tirade of curses both at Gary Houts and at the woman standing there. In short, whatever contact took place it was *de minimis*. Plaintiff Cuviello lashed out right after, and later continued to protest not just on the day, but the day after as well. A reasonable person would not have been intimidated by this negligent action, and Plaintiff Cuviello was certainly not.

The evidence categorically shows that Gary Houts' conduct cannot meet the elemental requirements of a §52.1 violation.

**B.  Evidence Compels the Conclusion that Plaintiffs were not Harmed**

For a Civ. Code §51.7 violation, a plaintiff claims that defendant committed an act of violence against them because of their actionable characteristic, e.g. political affiliation in this instance. To establish this claim, the plaintiff must prove *all* of the following:

1. Defendant committed a violent act against plaintiff or their property;
2. A substantial motivating reason for defendant's conduct was their perception of plaintiff's characteristic, e.g. political affiliation
3. Plaintiff was harmed; and

4. Defendant's conduct was a substantial factor in causing plaintiff's harm.

The California Supreme Court concluded that '[r]equiring the plaintiff to show that discrimination was a substantial motivating factor, rather than simply a motivating factor, more effectively ensures that liability will not be imposed based on evidence of mere thoughts or passing statements unrelated to the [dispute]'... *Alamo v. Practice Management Information Corp.* (2013) 219 Cal.App.4th 466, 479 [161 Cal.Rptr.3d 758].

### 1. Evidence Establishes that Law Enforcement was Already Scheduled to be at the Park before Gary Houts' Phone Call

The Plaintiffs claim Gary Houts intimidated them by calling the police (notably at Plaintiffs' invitation) and telling the police that they were blocking ingress to the event. While there is a question of fact regarding the extent to which they were blocking ingress, and the fact whether this call to the police would constitute a threat given that Plaintiffs actually instructed Gary Houts to call the police, the most signfiicant issue Plaintiffs face is the issue of causation.

The police were already en route to the Park when Gary Houts made the call to dispatch. Law enforcement arrived less than 5 minutes after the call. The recording of Gary Houts' phone call to dispatch also includes the call from dispatch to the ACSO officer already present at the park. This call from dispatch to the ACSO officer took place 7 minutes after Gary Houts phone call. In the call, the ACSO officer categorically states that they have already communicated to the protesters. Gary Houts' call did not cause the arrival of law enforcement whatsoever. Even if Plaintiffs' claim that their interaction with law enforcement harmed them in some way, Gary Houts' phone call did not cause this harm, let alone be a substantial factor in causing this harm.

Once the police arrived, they did not arrest or otherwise impact the Plaintiffs' free speech activities. Plaintiffs continued to demonstrate at the Park for another 2 days after the arrival of the police. These facts compel the conclusion that Plaintiffs were not harmed and there is no §51.7 violation.

///

///

///

### 2. The Undisputed Evidence Compels the Conclusion that Plaintiff Bolbol Suffered No Harm from her Interaction with George Ferris

As discussed above, George Ferris did not have the intent to limit Plaintiff Bolbol's free speech nor did he commit any violent act, let alone *substantial* motivation. If anything, Plaintiff Bolbol ran into him.

For the purposes of §51.7, Plaintiff Bolbol was not harmed either. There is no evidence physical injury nor any credible evidence of emotional distress. Right after making her way past George Ferris, she threatens a lawsuit while hurling verbal abuse. Afterwards, Plaintiff Bolbol continued to demonstrate and protest not just on May 21, 2020, but also the next day. Plaintiff Bolbol demonstrated and spread her message at any location she deemed fit, for the duration of the rodeo event, negating any claim of fear and intimidation.

The evidence compels the conclusion that George Ferris' conduct does not meet the requirements for a §51.7 violation either.

### 3. Evidence Compels the Conclusion that Plaintiff Cuviello was not Harmed by Gary Houts' Utility Cart

Likewise, the utility vehicle incident with Gary Houts and Plaintiff Cuviello is discussed above and constitutes negligence at best rather than intentional conduct.

Plaintiffs cannot prove that Gary Houts motivating intent was Plaintiff Cuviello's political affiliation since his intention for moving the utility cart was to assist a disabled patron and he warned Plaintiff Cuviello before moving it. Even if the alleged motivation of Gary Houts was his animus towards Plaintiff Cuviello's speech, it was not a *substantial* motivating factor. Further, it is not an act of violence since it did not even nudge Plaintiff Cuviello.

Based on the evidence, there was no personal injury that took place or that has been claimed in discovery in this case, as there was no doctor visit, no treatment, and most notably no break in the Plaintiffs ongoing expression of free speech that day or the next when they returned.

Again, the evidence points to the fact that Plaintiffs cannot establish the requirements of a §51.7 violation.

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

### C. Plaintiffs Cannot Establish Intent and Harm for Assault and Battery

"The essential elements of a cause of action for assault are:

1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner;
2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat;
3) plaintiff did not consent to defendant's conduct;
4) plaintiff was harmed; and
5) defendant's conduct was a substantial factor in causing plaintiff's harm."

*So v. Shin* (2013) 212 Cal.App.4th 652, 668−669.

"The essential elements of a cause of action for battery are:

a) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff;
b) plaintiff did not consent to the touching;
c) plaintiff was harmed or offended by defendant's conduct; and
d) a reasonable person in plaintiff's position would have been offended by the touching."

*So v. Shin* (2013) 212 Cal.App.4th 652, 669.

The complaint presents the sole basis for assault against Plaintiff Bolbol as the conduct of George Ferris who told Plaintiffs they needed tickets to enter the gate they went through. She ignored George Ferris, and proceeded to try to walk through him. The footage is evidence of the fact that if there was any physical contact, it was minimal, brief, and initiated by Plaintiff Bolbol. All the footage shows is George Ferris' attempt at herding the Plaintiffs rather than any offensive touching. Plaintiff Bolbol did not suffer either actual harm or physical injury. She was clearly not harmed and proceeded on her way, including rudely addressing another person ahead of her. As discussed above, George Ferris did not have the intent to harm Plaintiff Bolbol when he was trying to enforce tickets.

Similarly, Plaintiff Cuviello who claims assault and battery from the utility vehicle incident has failed to meet his burden to prove intent versus mere negligence and has not claimed in the complaint that he suffered harm (the forth required element). A reasonable person, in both Plaintiffs' position would not deem the contact offensive. Plaintiff Bolbol literally ran into George

Ferris, while Plaintiff Cuviello admittedly was warned to get away from the vehicle yet refused to heed.

Plaintiffs cannot establish intent and harm. The reliance on the same conduct of Mr. Ferris and Mr. Houts leaves the trier of fact needing more as the evidence posits alternatives to the required elements.

## V. CONCLUSION

Based on the evidence, Rowell Ranch is entitled to judgment. In the alternative, this Court should adjudicate the dismissal of the causes of action individually.

Dated: June 27, 2024            GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Paul Caleo
Osmaan Khan
Attorneys for Defendant
ROWELL RANCH RODEO INC.

**Gordon Rees Scully Mansukhani, LLP**
**100 Pringle Avenue, Suite 300**
**Walnut Creek, CA 94596**

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| | *Cuviello, et al. v. Rowell Ranch Rodeo Inc., et al.* |
| 2 | USDC - Northern District of California, Case No. 3:23-CV-01652 |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 100 Pringle Avenue, Suite 300, Walnut Creek, CA 94596. On the date set forth below, I served the within documents:

**DEFENDANT ROWELL RANCH RODEO INC.'S NOTICE AND CROSS-MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ **VIA E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent by electronically mailing a true and correct copy through the Gordon Rees Scully Mansukhani, LLP electronic mail system from my email address: khernandez@grsm.com, to the email address(es) set forth herein.

☐ by having Nationwide PERSONALLY DELIVER the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FEDEX as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

| Attorneys for Plaintiff<br>DENIZ BOLBOL<br><br>Lily Rivo, Esq.<br>**GREENFIRE LAW, PC**<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>Tel:   (510) 900-9502<br>Fax:   (510) 900-9502<br>Email: lrivo@greenfirelaw.com<br>          jblome@greenfirelaw.com | Plaintiff In Pro Per<br><br>Joseph P. Cuviello<br>205 De Anza Blvd.<br>San Mateo, CA 94402<br><br>P.O. Box 2834<br>Redwood City, CA 94064<br>Tel:   (650) 315-3776<br>Fax:<br>Email: pcuvie@gmail.com |
|---|---|
| Attorneys for Defendants<br>COUNTY OF ALAMEDA; ALAMEDA COUNTY DEPUTY SHERIFF'S OFFICE; and JOSHUA MAYFIELD<br><br>William B. Rowell, Esq.<br>Thiele R. Dunaway, Esq.<br>Marc Brainich, Esq.<br>Michele C. Kirrane, Esq.<br>**FENNEMORE WENDEL**<br>1111 Broadway, 24th Floor | Attorneys for Defendants<br>HAYWARD AREA RECREATION AND PARK DISTRICT, and KEVIN HART<br><br>Dale L. Allen, Jr., Esq.<br>Nicholas D. Syren, Esq.<br>**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104 |

-19-
DEFENDANT ROWELL RANCH RODEO INC.'S NOTICE AND CROSS-MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

| | |
|---|---|
| Oakland, CA 94607<br>Tel:      (510) 834-6600<br>Fax:     (510) 834-1928<br>Email: browell@fennemorelaw.com<br>           rdunaway@fennemorelaw.com<br>           mbrainich@fennemorelaw.com<br>           mkirrane@fennemorelaw.com<br>           lmason@fennemorelaw.com | Tel:     (415) 697-2000<br>Fax:     (415) 813-2045<br>Email: dallen@aghwlaw.com<br>           erodas@aghwlaw.com<br>           mhernandez@aghwlaw.com<br>           dallen@aghwlaw.com<br>           kallen@aghwlaw.com<br>           erodas@aghwlaw.com<br>           nsyren@aghwlaw.com |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 27, 2024 at Sacramento, California.

_____
Kristie Hernandez

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596