1  DALE L. ALLEN, JR., State Bar No. 145279
   dallen@aghwlaw.com
2  NICHOLAS D. SYREN, State Bar No. 334807
   nsyren@aghwlaw.com
3  ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
   180 Montgomery Street, Suite 1200
4  San Francisco, CA  94104
   Telephone:      (415) 697-2000
5  Facsimile:      (415) 813-2045

6  Attorneys for Defendants
   HAYWARD AREA RECREATION AND PARK
7  DISTRICT and KEVIN HART

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  JOSEPH P. CUVIELLO and DENIZ          Case No. 3:23-cv-01652-VC
    BOLBOL, individually,
12                                        **DEFENDANTS HAYWARD AREA**
                   Plaintiff,             **RECREATION AND PARK DISTRICT AND**
13                                        **KEVIN HART'S OPPOSITION TO**
                                          **PLAINTIFFS' JOINT MOTION FOR**
14         v.                             **PARTIAL SUMMARY JUDGMENT**

15  ROWELL RANCH RODEO, INC.,             Hon. Vince Chhabria
    HAYWARD AREA RECREATION AND
16  PARK DISTRICT, HAYWARD AREA           Date:      August 15, 2024
    RECREATION AND PARK DISTRICT          Time:      10:00 a.m.
17  PUBLIC SAFETY MANAGER/RANGER          Ctrm:      4 – 17th Floor
    KEVIN HART, and DOES 1 and 2, in
18  their individually and official capacities,
    jointly and severally,
19
                   Defendants.
20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

663083.1

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION .................................................................................................. 1

II.   FACTS ................................................................................................................... 3

      A.    Plaintiffs' History of Arrests at Demonstrations.................................... 3

      B.    Rowell Ranch Rodeo Event ..................................................................... 3

      C.    Events of May 20, 2022, Prior to Mr. Hart's Interaction with Plaintiffs ............ 4

      D.    Mr. Hart's Initial Interaction with Plaintiffs on May 20, 2022 .......................... 4

III.  PLEADINGS/PROCEDURAL STATUS ........................................................... 6

      A.    Plaintiffs' Partial MSJ – Bane Act and Ambiguous as to Article I, section 2(a) of the California Constitution Only as to Mr. Hart and HARD................... 6

IV.   LEGAL ARGUMENT ......................................................................................... 7

      A.    Standard for Summary Judgment............................................................. 7

            1.    Main Issue for the Court to Determine ....................................... 8

      B.    Plaintiffs Have Cited No Authority That Allows for the Court to Decide for Plaintiffs as a Matter of Law on Bane Act Liability Based on the Facts as Presented by Plaintiffs................................................................................ 8

            1.    Bane Act Standard......................................................................... 8

      C.    No Reasonable Jury Would Find Plaintiffs Were in 'Reasonable Fear' of Arrest ...................................................................................................... 10

            1.    Plaintiff Cuviello's Reasonable Fear of Arrest on May 20, 2022.......... 11

            2.    Plaintiff Bolbol's Reasonable Fear of Arrest on May 20, 2022............. 12

            3.    If the Court finds that the 'Reasonable Person' Standard is Proper as Applied Here, HARD Defendants Present Triable Issues of Fact..... 13

      D.    Plaintiffs Suffered No Actual Harm as Outlined in the Standard of In re MS... 13

      E.    HARD Defendants Immune based on Government Code section 820.2 ........... 14

      F.    Mr. Hart's Words and Actions Did Not Constitute Threats, Intimidation or Coercion, Raising Triable Issue of Fact................................................ 14

      G.    Mr. Hart's Inability to Arrest Plaintiffs Proves HARD Defendants Have Created a Triable Issue on the Bane Act............................................... 15

      H.    Plaintiffs' Assertion that Mr. Hart and Deputy Mayfield "Acted in Concert" is False and Lacks Factual Support ...................................... 16

      I.    Plaintiffs Cannot Establish Available Equitable Remedies Under Plaintiff's Fifth Cause of Action ............................................................................ 17

V.    IV. CONCLUSION............................................................................................ 18

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

i

663083.1

1

# TABLE OF AUTHORITIES

<u>Page</u>

2

3

**U.S. Supreme Court**

4

*Anderson v. Liberty Lobby, Inc.*
(1986) 477 U.S. 242 ................................................................................................................. 7

5

*Celotex Corp. v. Catrett*
(1986) 477 U.S. 317 ................................................................................................................. 7

6

7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
(1986) 475 U.S. 574 ................................................................................................................. 8

8

9

**Other Circuit Courts**

10

*Esso Standard Oil Co. v. Lopez-Freytes*
522 F.3d 136, 148 (1st Cir. 2008) .......................................................................................... 17

11

12

**Federal District Courts**

*Cuviello v. City & County of San Francisco (CCSF)*
940 F. Supp. 2d 1071, 1102 (N.D. Cal. 2013) ....................................................................... 9

13

*Richardson v. City of Antioch*
722 F. Supp. 2d 1133, 1147 (N.D. Cal. 2010) ................................................................... 9, 13

14

15

**California Supreme Court**

16

*In re M.S.*
(1995) 10 Cal.4th 698 ........................................................................................................ 9, 13

17

18

**California Court of Appeals**

19

*Austin B. v. Escondido Union School Dist.*
(2007) 149 Cal.App.4th 860 ................................................................................................... 8

20

21

*Bazan v. Curry*
No. E075075, 2022 WL 16847782, at *5 (Cal.Ct.App. Nov. 10, 2022) ................................ 14

22

*Conway v. Cnty. of Tuolumne*
(2014) 231 Cal.App.4th 1005 ................................................................................................ 14

23

24

*Cornell v. City and County of San Francisco*
(2017) 17 Cal.App.5th 766 ..................................................................................................... 8

25

*Shoyoye v. Cty. of Los Angeles*
(2012) 203 Cal.App.4th 947 ................................................................................................... 9

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ii

663083.1

# TABLE OF AUTHORITIES

Page

**Federal Statutes and Law**

42 U.S.C.A. §1983 ................................................................................................16

F.R.C.P. 56(a) ........................................................................................................7

F.R.C.P. 56(c)(1) ...................................................................................................7

F.R.C.P. 56(e) ........................................................................................................7

**California Constitution**

Cal. Const. Art. I, § 2(a) ...........................................................................i, 6, 7, 17

**California Statutes and Law**

Cal. Civ. Code §52.1 .............................................................................8, 9, 10, 13

Cal. Civ. Code §52.1(b) .........................................................................................8

Cal. Civ. Code §52.1(c) .........................................................................................6

Cal. Civ. Code §52.1(j) ........................................................................................15

Cal. Civ. Prac. Civil Rights Litigation § 3:19 ....................................................15

Gov't Code §815.2(b) ..........................................................................................14

Gov't Code §820.2 ....................................................................................i, 2, 14

**Other Statutes**

CACI 3066 ...................................................................10, 11, 13, 14, 15, 16

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

663083.1

## I.      **INTRODUCTION**

Hayward Area Recreation and Park District ("HARD") and Kevin Hart ("Mr. Hart"), collectively ("HARD Defendants") bring the present Opposition to Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs' moving papers jointly request that this Court grant summary judgment in their favor on its Bane Act claim against HARD Defendants despite no cited authority that allows for the imposition of summary judgment related to the same or similar facts here. The undisputed facts show: (1) Plaintiffs were never arrested, (2) Plaintiffs were never threatened with arrest nor threatened with any other violent act; (3) Plaintiffs and their fellow demonstrators never had their banners and signs interfered with nor their demonstrating stopped for one second; (4) No acts of physical intimidation occurred; (5) Nost notably the evidence shows Plaintiffs were never actually afraid of arrest nor any act of violence against them by Mr. Hart; and, (6) Mr. Hart had no authority to effectuate an arrest nor carried handcuffs. The uncontroverted video evidence proves Mr. Hart never used the words "arrest" "citation" "detention" nor threatened any violent act.

As such, Plaintiffs have failed to meet their burden proving a Bane Act violation based on its alleged undisputed facts. For the aforementioned reasons, namely, a lack of case law that imposes liability on HARD Defendants and the applicability of available immunities, HARD Defendants respectfully request the Court deny Plaintiffs' Joint Motion for Summary Judgment.

Simply stating in Plaintiffs' own declarations that they feared arrest after the fact does not prove that Plaintiffs themselves were in reasonable fear of arrest at the time of the incident. Whether a "reasonable person" standing in Plaintiffs shoes would be in fear of arrest is clearly shown by the record in the negative. Plaintiffs' own testimony at deposition contradicts their claims of fear of arrest by Mr. Hart present in their Declarations attached to their Motion for Partial Summary Judgment.

Plaintiffs are long time protestors with a long history of interactions and arrests by law enforcement. Here, Plaintiffs acted in an aggressive and confrontational manner prior to the subject acts, with Plaintiff Bolbol stating, "We've got a lawsuit" prior to any interaction with Sheriffs' Deputies or Mr. Hart.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

OPPO TO PLTFS MSJ
3:23-CV-01652-VC

663083.1

1    Additionally, Plaintiffs were never stopped from protesting at any time. Plaintiffs cite no

2    authority that allows the acts of other law enforcement officers actions combined with the alleged

3    acts of Hart's, as Plaintiffs argue "acting in concert" to be allowed in a determination of Bane Act

4    liability. The undisputed acts prove that Hart and Alameda County Sheriff's Deputy Joshua

5    Mayfield ("Deputy Mayfield") never acted "in concert" nor in a coordinated way in addressing

6    the Plaintiffs.

7         Moreover, Mr. Hart never had the authority nor ability to arrest Plaintiffs. Therefore,

8    Plaintiffs' required factual element of a Bane Act claim that Mr. Hart had the "apparent ability" to

9    arrest Plaintiffs has not been met. The actions of Mr. Hart need to be evaluated on their own

10   absent Deputy Mayfield's words and actions.

11        Mr. Hart acted reasonably and within the parameters of his duties and did not actually

12   violate nor attempt to violate Plaintiffs' First Amendment rights. Simply put, no violation of law

13   occurred here. At the very least, the determination as to whether Hart used words that constituted

14   "threats, intimidation or coercion" causing Plaintiffs to reasonably believe Hart would commit

15   violence against them is disputed and should be determined by a jury, if not found in Defendant's

16   favor as a matter of law altogether. (See further explanation in HARD Defendant's Motion for

17   Summary Judgment). No existing case law in federal or California expands the use of summary

18   judgment in favor of Plaintiffs in the specific set of facts presented here.

19        HARD and Hart do not dispute Plaintiffs argument that the "Free Speech Zone" as

20   constituted at the date of the event was an unreasonable time, place and manner restriction of free

21   speech.

22        However, based on the aforementioned reasons as well as HARD and Hart being immune

23   from liability based on Government Code section 820.2 which protects a public employee from

24   an act or omission where the act is a result of the exercise of discretion vested in him.

25        Lastly, no actual harm occurred here. Protestors including Plaintiffs were allowed to

26   protest at all times in the front ticket booth area and no rights were actually harmed. For these

27   reasons, Defendants respectfully request that Plaintiffs partial motion for summary judgment be

28   denied.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

OPPO TO PLTFS MSJ
3:23-CV-01652-VC

663083.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

## II.    FACTS

### A.    Plaintiffs' History of Arrests at Demonstrations

Plaintiffs have a lengthy history of arrests and interactions with law enforcement at demonstrations. Plaintiff Bolbol estimates that she has been arrested 3-5 times at demonstrations. (Depo Transcript of Deniz Bolbol "Bolbol Depo", 13:7-15, "Ex. B" to Decl. of Nico Syren ¶ 4). Plaintiff Cuviello testified he has been arrested at least 4 times since 2001 at animal rights demonstrations. (Depo Transcript of Joseph "Pat" Cuviello "Cuviello Depo", 24:24-25, 25:1-5, "Ex. A" to Decl. of Syren ¶ 3). All of Mr. Cuviello's noted arrests ended in lawsuits. (Cuviello depo, 37:18-20). Plaintiff Cuviello was given warning of arrest in at least three of the four scenarios prior to arrest since 2001. (Cuviello depo, 35:6-9). In one scenario in or around 2013 Plaintiffs Cuviello and Bolbol were present when a San Francisco Police Officer told Plaintiffs they would be subject to arrest if they continued protesting outside of a free speech zone. (Cuviello depo, 28:11-22). Plaintiffs moved to the free speech zone so as not to be arrested. (Cuviello depo, 29: 17-24). Plaintiff Cuviello nor Plaintiff Bolbol could not recall if they had ever seen or interacted with Kevin Hart prior to May 20, 2022. (Cuviello depo, 55:6-15, Bolbol depo, 41:21-25, 42:1).

### B.    Rowell Ranch Rodeo Event

Defendant Rowell Ranch Rodeo holds an annual 3-day rodeo event every year at Rowell Ranch Rodeo which is open to the public. HARD owns the subject property which is closed to the public the vast majority of the year but opens for select events including the May 20 – May 22, 2022, event at issue here. Kevin Hart was on duty as the Public Safety Manager with a shirt identifying himself as such at Rowell Ranch Rodeo on the evening of May 20, 2022. (*Declaration of Kevin Hart*, ¶ 3). This was an event with private security and also included members of the Alameda County Sheriff's Department. A security plan was created by the Rodeo group renting the park for the day which Mr. Hart was aware of from his previous review and approval. (*Decl. of K. Hart*, ¶ 4). The "free speech area" was designated in the immediate area of the entrance to the parking lot. (*Decl. of K. Hart*, ¶ 5).

663083.1

**C.**     **Events of May 20, 2022, Prior to Mr. Hart's Interaction with Plaintiffs**

Mr. Hart observed Plaintiffs Cuviello and Bolbol approaching the ticket booth area of park property on foot holding signs with graphic pictures of animal abuse. (*Decl. of K. Hart*, ¶ 6). None of these individuals made any attempt to pay an entrance fee or enter the park. Mr. Hart observed Plaintiffs and other individual demonstrators standing directly in front of the security entrance and attempting to block visitors to the rodeo from entering the rodeo event ticket booth entrance. (*Decl. of K. Hart*, ¶ 7). Mr. Hart observed Plaintiffs and demonstrators hold their signs and shout to individual visitors and de-cry how they could watch such an event where animal abuse happens. Mr. Hart received complaints relayed to him by Rowell Ranch volunteers that rodeo visitors felt their peace was being disturbed by the demonstrators. (*Decl. of K. Hart*, ¶ 8).

Prior to Mr. Hart's interactions with Plaintiffs, Plaintiffs were near the front ticket booth entrance and saw Alameda County Sheriff's Officers starting to approach them from a distance. Before any interaction with HARD, Mr. Hart or the Alameda County Sheriff's Department Plaintiff Bolbol stated, "We got a lawsuit. Here we go." (*Plaintiffs' Video Transcript.*, at 13:8, attached as Ex. "D" to Syren Decl. ¶ 5).

**D.**     **Mr. Hart's Initial Interaction with Plaintiffs on May 20, 2022**

Mr. Hart approached an individual later identified as Plaintiff Cuviello who appeared to be the group leader and advised him there was a designated free speech area located towards the front entrance of the parking lot area. (*Decl. of K. Hart*, ¶ 9). Mr. Hart observed demonstrators including Plaintiffs continue to demonstrate when requested to move to the designated free speech area and at times blocked the vehicle gate area being used by vehicle traffic. (*Decl. of K. Hart*, ¶ 10). Mr. Hart observed Plaintiffs refuse to move and refuse to stop blocking visitors from entering the rodeo. (*Decl. of K. Hart*, ¶ 11).

Mr. Hart had no intention of stopping the demonstrators from demonstrating at any time. (*Decl. of K. Hart*, ¶ 15). Additionally, Mr. Hart had no intention of physically moving Plaintiffs or to intimidate, coerce or threaten Plaintiffs with arrest. (*Decl. of K. Hart*, ¶ 16). Mr. Hart had no authority to arrest Plaintiffs. (*Decl. of K. Hart*, ¶ 18). At no time did Mr. Hart instruct Alameda County Deputies to arrest Plaintiffs nor instruct Alameda County Deputies to threaten Plaintiffs

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

OPPO TO PLTFS MSJ
3:23-CV-01652-VC

663083.1

with arrest. (*Decl. of K. Hart*, ¶ 19). Mr. Hart did not coordinate nor plan a response to the demonstrators with Deputy Mayfield nor anyone else from the Alameda County Sheriff's Department at any time prior to his interactions with Plaintiff. (*Decl. of K. Hart*, ¶ 20). Mr. Hart had no weapon on his person during his interactions with Plaintiffs nor any handcuffs. (*Decl. of K. Hart*, ¶ 22). Mr. Hart never raised his voice nor stepped toward Plaintiffs to make them feel intimidated or threatened. (*Decl. of K. Hart*, ¶ 23). Plaintiff Bolbol only heard "bits and pieces" of the conversation with Mr. Hart and testified that "I don't recall paying full attention to it." (*Bolbol Dep. Tr.*, at 55:10-14, 56:14-16, attached as Ex. "B" to Syren Decl. ¶ 4) ("Bolbol"). Plaintiff Cuviello testified he did not believe Mr. Hart had the ability to arrest him at the time of the incident. (Cuviello depo, 56:21-25, Ex. A to Syren Decl.).

The entire interaction with the demonstrators and Mr. Hart is found in the uncontroverted video evidence where Mr. Hart states, "…So here's the designated area. I'm asking you to go to the designated area that's been predesignated and approved. All right? Failure to do so, all right, will not be good." (*County of Alameda Officer Body Camera Video Transcript.*, at 14:23 – 15:2, attached as Ex. "D" to Syren Decl. ¶ 6).

Plaintiff Bolbol then states, "We're not going." (*Id.* at 15:3). Plaintiff Cuviello then states, "What is going to happen if we don't do so? What's going to happen if we don't do so?" (*Id. at* 15:4-15:5). Mr. Hart replies, "You'll have to figure that out when it happens." (*Id.* at 15:6-15:7).

Plaintiff Cuviello then approaches Deputy Mayfield and asks, "Are you going to arrest us if we don't go there?" (*Id.* at 15:13 -15:14). Plaintiff Cuviello moments later states (directed toward Deputy Mayfield), "I don't want to be could be arrested, I want to know ahead of time. You need to call your watch commander out here because we have a free speech right." (*Id.* at 15:24 – 16:2). Importantly Plaintiff Cuviello then states interrupting Deputy Mayfield that, "…So if – if you're going to arrest us, I want to know, because I don't want to be arrested. So if you're going to arrest me illegally, I want to know because I don't want to be arrested. And there's none of this maybe, could be; I want you to tell me before, I'm going to arrest you if you don't leave. If you don't tell me that, then there's a big problem." (*Id.* at 16:18-16:24). Plaintiff Bolbol then says, "I think they're messing with you, Pat." (*Id.* at 16:25-17:1). Plaintiff Bolbol then stated

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

OPPO TO PLTFS MSJ
3:23-CV-01652-VC

663083.1

1    referring to Deputy Mayfield, "Now he's calling his boss to see if he can get permission to arrest

2    us." (*Id.* at 26:9 – 26:11).

3        As most visitors got into the park to watch the rodeo, the demonstrators left the area

4    without incident. Mr. Hart had no further contact with Plaintiffs. (*Decl. of K. Hart*, ¶26). Later on

5    Plaintiff Bolbol stated, "Yeah, the guy --- the guy who's talking to the, I don't know, the

6    overweight one, he really wanted to arrest us, but doesn't get to. His watch commander has a

7    level head, isn't willing to beat constitutional violation of an illegal arrest. You know how much

8    it would have cost this county if they would have illegally arrested us?... Hundreds of thousands

9    of dollars." (*Plaintiffs' Video Transcript.*, at 20:17-20:23), attached as Ex. "C" to Syren Decl. ¶

10   5)). Plaintiffs did not appear afraid of arrest at any time. (*Decl. of K. Hart*, ¶ 24). Plaintiffs were

11   never stopped from protesting nor physically forced to move to the "Free Speech Area." (*Decl. of

12   K. Hart*, ¶ 25).

13   **III.    PLEADINGS/PROCEDURAL STATUS**

14       Plaintiffs filed their initial complaint on April 6, 2023. Plaintiffs filed their First Amended

15   Complaint on May 5, 2023. Plaintiffs filed the operative Second Amended Complaint ("SAC") on

16   June 20, 2023. (Dkt. No. 58, at ¶¶ 92-139, Request for Judicial Notice ¶ 1). The SAC contains

17   causes of action against Defendants HARD and Mr. Hart for: (1) Violation of California Civil

18   Code, section 52.1(c), Bane Act (Third Cause of Action); (2) Violation of Article I, Section 2(a)

19   of the California and State Constitution (Fifth Cause of Action); and (3) Violation of First

20   Amendment, as applied to the states under the Fourteenth Amendment (Relief under 42. U.S.C.

21   section 1983) (Sixth Cause of Action).

22   **A.    Plaintiffs' Partial MSJ – Bane Act and Ambiguous as to Article I, section 2(a)
           of the California Constitution Only as to Mr. Hart and HARD**

23

24       Plaintiffs motion for partial summary judgment against Defendants HARD and Hart only

25   relates to Violations of California Civil Code, section 52.1(c), Bane Act and is ambiguous as to

26   Article I, section 2(a) of the California Constitution or any other liability. (Dkt. 84, p. 6, l. 19-23).

27   Plaintiff's motion is difficult to follow as to which causes of action are alleged against a specific

28   Defendant. For that reason, HARD was not on notice as to the exact cause(s) of action alleged

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

OPPO TO PLTFS MSJ
3:23-CV-01652-VC

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  against it here. HARD Defendants respond to both causes of action for Bane Act and Article I,

2  section 2(a) here. Of note, any injunctive relief related to alleged Violation of the California and

3  State Constitution outlined in Plaintiffs' Fifth and Sixth causes of action have been remedied as

4  outlined in Plaintiffs' previous motion for TRO and Judge Chabbria's accompanying order on

5  Plaintiffs' TRO. (Dkt. 46 p. 1-4). (See also, HARD Defendants Motion for Summary Judgment or

6  in the alternative Motion for Summary Adjudication).

7      Plaintiffs do not allege a conspiracy cause of action nor explain in detail how Defendants

8  were coordinating or "working in concert" instead concluding that Deputy Mayfield and Mr. Hart

9  were "working in concert" in allegedly violating Plaintiffs rights constituting a Bane Act

10  violation.

## IV.   LEGAL ARGUMENT

### A.   Standard for Summary Judgment

13      Summary judgment is proper if there is "no genuine dispute as to any material fact and the

14  movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears

15  the initial burden of identifying those portions of the pleadings, discovery and affidavits which

16  demonstrate the absence of a triable issue of material fact. Fed.R.Civ.P. 56(c)(1); *Celotex Corp. v.*

17  *Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets its

18  initial burden, then the nonmoving party must set forth specific facts showing that there is a

19  genuine issue for trial. Fed.R.Civ.P. 56(e). A genuine issue for trial exists if there is sufficient

20  evidence for a reasonable jury, viewing the evidence in the light most favorable to the non-

21  moving party, to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477

22  U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are those "that might affect

23  the outcome of the suit under the governing law." (*Id.*)  If the nonmoving party fails to make the

24  requisite showing, "the moving party is entitled to judgment as a matter of law." *Celotex,* 477

25  U.S. at 323. And a genuine dispute of material fact exists "if the evidence is such that a

26  reasonable jury could return a verdict for the nonmoving party." *See id*. Thus, the "purpose of

27  summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there

28  is a genuine need for trial,'" and where "the record taken as a whole could not lead a rational trier

1   of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec.*

2   *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted)).

3          1.     Main Issue for the Court to Determine

4        The main issue here is for the Court to determine whether the undisputed evidence rises to

5   the level of a Bane Act violation as a matter of law in favor of Plaintiffs, or whether the

6   uncontroverted evidence shows a triable issue of fact requiring determination by a jury. As stated

7   below, HARD Defendants argue that no case law extends judgment as a matter of law to

8   Plaintiffs based on the facts as presented in Plaintiffs' moving papers. The evidence proves no

9   'actual harm' was suffered here by Plaintiffs and they cannot establish the elements required for a

10  Bane Act violation as a matter of law.

11      **B.**    **Plaintiffs Have Cited No Authority That Allows for the Court to Decide for**

12           **Plaintiffs as a Matter of Law on Bane Act Liability Based on the Facts as**
             **Presented by Plaintiffs**

13         1.     Bane Act Standard

14       A Section 52.1 claim requires a showing that the defendant, "by the specified improper

15  means of threats, intimidation, or coercion, tried to or did prevent the plaintiff from doing

16  something he or she had the right to do under the law or to force the plaintiff to do something that

17  he or she was not required to do under the law." *Austin B. v. Escondido Union School Dist.,* 149

18  Cal.App.4th 860, 883 (2007). To prevail on a Bane Act claim, Plaintiffs must show two things:

19  (1) Defendants attempted to, or did, interfere with their statutory or constitutional rights; and (2)

20  the attempted, or actual, interference was accompanied by threats, intimidation, or coercion. Cal.

21  Civ. Code, §52.1(b); *See Cornell v. City and County of San Francisco,* 17 Cal.App.5th 766, 791

22  (2017).

23       "Subdivision (j) of Civil Code section 52.1 provides that speech alone is insufficient to

24  support such an action, except upon a showing that the speech itself threatens violence against a

25  specific person or group of persons, the person or group of persons against whom the speech is

26  directed 'reasonably fears that, because of the speech, violence will be committed against them or

27  their property and that the person threatening violence has the apparent ability to carry out the

28  threat.' . . . The presence of the express 'reasonable fear' element, in addition to the 'apparent

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

OPPO TO PLTFS MSJ
3:23-CV-01652-VC

663083.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ability' element, in Civil Code section 52.1, governing civil actions for damages, most likely reflects the Legislature's determination [that] *a defendant's civil liability should depend on the harm actually suffered by the victim.*" (*In re M.S., supra,* (1995) 10 Cal.4th 698, 715 [42 Cal.Rptr.2d 355, 896 P.2d 1365].) The Bane Act "was intended to address only egregious interferences with constitutional rights, not just any tort." *Shoyoye v. Cty. of Los Angeles*, 203 Cal.App.4th 947, 959 (2012). "The act of interference with a constitutional right must itself be deliberate or spiteful." *Id.*

Plaintiff cites no case law that allows this Court to rule in Plaintiffs' behalf based on the facts cited by Plaintiffs in its moving papers in this matter. One case cited by Plaintiffs that was adjudicated on behalf of a moving Plaintiff's motion for summary judgment is based on an unreasonable search and seizure into Plaintiff's home involving an actual violent act unrelated to Plaintiff's free speech rights which have no common facts to the circumstances here. See *Richardson v. City of Antioch*, 722 F. Supp. 2d 1133, 1147 (N.D. Cal. 2010). The other case cited by Plaintiffs is *Cuviello v. City & County of San Francisco (CCSF)*, 940 F. Supp. 2d 1071, 1102 (N.D. Cal. 2013) which Plaintiffs cite as sufficient to show "Threat of arrest suffices to demonstrate 'threats, intimidation, or coercion' under the Bane Act. In *CCSF* demonstrators including Plaintiff Cuviello demonstrated with banners in an area near San Francisco's Union Square and were requested to move to the pre-designated free speech zone. (*Id.* at 1077-1078). Plaintiff Cuviello was cited and found to be threatened with arrest after an unambiguous warning of arrest and threat of placement in handcuffs if he did not move by a uniformed police officer. (*Id.* at 1103). Plaintiff was cited and moved to the free speech area. (*Id.* at 1078). However, the facts of the CCSF case are easily distinguishable here. First, the threat of arrest was plain and unambiguous. Second, Plaintiffs' banners and materials were tampered with and actually interfered with their freedom of expression, and Plaintiffs were actually cited. None of those facts occurred here, as no threat of arrest was stated. Additionally, Mr. Hart did not have the apparent authority to arrest Plaintiffs as the San Francisco Police Officer clearly did in the CCSF matter. Therefore, the CCSF case is not on point here and should not be used as precedent. Plaintiffs cite no 9th Circuit or California Appellate authority allowing for a finding as a matter of law based on

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

alleged threats of arrest ending without a completed arrest or violent act. Plaintiffs also cite cases in its MPA which all end in arrest and physical detention, which is not the case here. Simply stated, no case law extends liability as a matter of law here based on the same or similar facts. None of the other cases cited by Plaintiffs rule on a Plaintiff's motion for summary judgment.

Lastly, the Court should look to the California Jury Instruction on the Bane Act outlined in CACI 3066. The Essential Factual Elements for a Bane Act Violation state:

> "[Name of plaintiff] claims that [name of defendant] intentionally interfered with [or attempted to interfere with] [his/her/nonbinary pronoun] civil rights by threats, intimidation, or coercion.
>
> To establish this claim, [name of plaintiff] must prove all of the following:1. [That by threats, intimidation or coercion, [name of defendant]caused [name of plaintiff] to *reasonably believe* that if[he/she/nonbinary pronoun] exercised [his/her/nonbinary pronoun]right [insert right, e.g., "to vote"], [name of defendant] would commit violence against [[him/her/nonbinary pronoun]/ [or] [his/her/nonbinary pronoun] property] and that [name of defendant] had the *apparent ability* to carry out the threats;]"

As stated in the argument section below, Plaintiff cannot establish one or more of the required elements namely: (1) Reasonable belief of arrest or other violent act by Mr. Hart; (2) Lack of threats, intimidate or coercion; and (3) Plaintiffs lack of belief that Mr. Hart had the ability to carry out the alleged threats.

### C.   No Reasonable Jury Would Find Plaintiffs Were in 'Reasonable Fear' of Arrest

At trial, a jury would be required to determine whether [That by threats, intimidation or coercion, Mr. Hart caused Plaintiffs Cuviello and Bolbol to *reasonably believe* that if they exercised their First Amendment right, Mr. Hart would commit violence against them, or their property and that Mr. Hart had the apparent ability to carry out the threats]. (See *3066 Bane Act – Essential Factual Elements Jury Instructions (Civ. Code §52.1).*

As outlined below, a jury is required to determine whether each of the three elements are met: (1) Mr. Hart's words and actions constituted threats, intimidation or coercion; (2) Mr. Hart caused Plaintiffs to reasonably believe that if they exercised their First Amendment right, Mr. Hart would commit violence against them or their property; and (3) Mr. Hart had the apparent

663083.1

ability to carry out the threats.

Defendants' Police Practices Expert Jim Dudley's expert opinion five states, "The protesters were not threatened with arrest at the event. There were no threats of arrest made to Cuviello, Bolbol or any of the other protesters at Rowell Ranch on 05/20/2022. Although law enforcement officers must advise a person of what they are being arrested, there is no requirement to advise them of what they could be arrested. At various times throughout, especially in the initial meeting with Deputies, the subsequent meeting with Hart present, and the exchange with Deputy Mayfield and Sage, the plaintiffs Cuviello and Bolbol did not act intimidated or threatened by Hart or the deputies. Instead, Cuviello and Bolbol were abrasive, interrupting the instructions and making declarations that the security staff nor deputies knew about their rights to protest. They harangued and lectured the deputies and Hart with their perception of their rights and declared that they wanted to arrest the protesters but were denied by their commander. (See Dudley Expert Report p. 14, Exh. "I" to Syren Decl. ¶ 11).

Further, Mr. Dudley stated, "in my professional opinion that the protesters, specifically Mr. Pat Cuviello and Ms. Deniz Bolbol seemed intent on confronting law enforcement and security at the rodeo to draw attention and create conflict. The demands that were made to Public Safety Manager Hart and to the ACSO Deputies seemed intent to explicitly say that if Cuviello, Bolbol and the others did not move from their location and relocate to the 'Free Speech Area' that they would be arrested. Indeed, no one ever said that to protesters. It is proven by the fact that there were no arrests made, even though the protesters remained at walkways, in front of ticket booths, restrooms and to the entrance to the rodeo events." (Dudley Expt. Rept. p. 16).

1.     Plaintiff Cuviello's Reasonable Fear of Arrest on May 20, 2022

First, Plaintiffs have failed to meet their burden that the law affords them remedy here as outlined above. Second, no reasonable jury would find that element (2) of CACI 3066 'reasonable belief' standard has been met here. Plaintiff Cuviello's response to Mr. Hart's comments requesting they move to the Free Speech Zone is to immediately confront Deputy Mayfield and ask him if he was subject to arrest. (*Ex. D* to Syren Decl. at 15:24 – 16:2). Plaintiff Cuviello then requested Deputy Mayfield call his watch commander to determine if the demonstrators including

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

663083.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  Plaintiffs were subject to arrest. (*Id.* at 15:24 – 16:2). These actions alone prove that Plaintiff

2  Cuviello was not in fear of arrest at any time and needed further clarification from County of

3  Alameda deputies regarding the possibility of his imminent arrest. Based on prior demonstrations

4  by Plaintiffs, each have been arrested or threatened with arrest on numerous occasions. Most

5  notably in San Francisco at the Union Square protest in or around 2013, Plaintiffs were threatened

6  with arrest and cited. Based on this threat of arrest, the Plaintiffs both moved to the Free Speech

7  Zone because they feared arrest. Conversely here, Plaintiffs never left the front ticket booth area,

8  nor were ever stopped from demonstrating at any time. Moreover, Plaintiff Cuviello stepped

9  forward into the personal space of both Mr. Hart and Deputy Mayfield acting as aggressor

10  seemingly without fear of Mr. Hart; Mr. Hart never physically intimidated Plaintiffs nor

11  threatened Plaintiffs with weapons; Mr. Hart never used the word "arrest" at any time and

12  Plaintiff Cuviello never believed (as outlined below) Mr. Hart had the ability to arrest Plaintiff

13  Cuviello. These facts tend to prove that there is a triable issue of fact regarding Plaintiff

14  Cuviello's reasonable fear of arrest.

15         2.      Plaintiff Bolbol's Reasonable Fear of Arrest on May 20, 2022

16         As stated above, at deposition Plaintiff Bolbol only heard "bits and pieces" of the

17  conversation with Mr. Hart and testified that "I don't recall paying full attention to it." (*Bolbol*

18  *Dep. Tr.*, at 55:10-14, 56:14-16). Thus, it's unclear exactly what Plaintiff Bolbol heard at the time

19  Mr. Hart spoke to Plaintiffs over the approximate three-minute period that is the subject of its

20  Bane Act cause of action. This alone leaves Plaintiff Bolbol's Bane Act claims subject to a triable

21  issue of fact as one cannot be in reasonable fear of arrest if they did not hear the words uttered by

22  Mr. Hart. The same argument made above regarding Plaintiff Cuviello's reasonable fear is also

23  made here in regard to Plaintiff Bolbol's reasonable fear of arrest based on here previous

24  demonstration activity including the event at San Francisco's Union Square in which

25  demonstrators were threatened with arrest and cited. For these reasons, no reasonable jury could

26  find Plaintiffs were in 'reasonable fear' or arrest at the time of events in question on May 20,

27  2022.

28  / / /

OPPO TO PLTFS MSJ
3:23-CV-01652-VC

663083.1

3.      If the Court finds that the 'Reasonable Person' Standard is Proper as Applied Here, HARD Defendants Present Triable Issues of Fact

For all the reasons stated above, HARD Defendants believe the standard the Court should apply is the CACI 3066 and *In re M.S.,* (1995) 10 Cal.4th 698, 715, standard in which a jury will make the determination for a Bane Act violation. However, if the Court applies the *Richardson* standard as alleged in Plaintiffs' moving papers for all the reasons stated above, HARD Defendants have raised numerous contradictions between Plaintiffs declarations in support of its Motion for Partial Summary Judgment and its deposition testimony. Plaintiff Bolbol's fear of arrest is contradicted by her own testimony as stated above, and Plaintiff Cuviello cannot prove the reasonable person standard as applied here.

**D.      Plaintiffs Suffered No Actual Harm as Outlined in the Standard of *In re MS***

Relevant case law states, "The presence of the express "reasonable fear" element, in addition to the "apparent ability" element, in Civil Code section 52.1, governing civil actions for damages, most likely reflects the Legislature's determination a defendant's civil liability should depend on the harm actually suffered by the victim." *In re M.S.,* (1995) 10 Cal.4th 698, 715.

As stated above Plaintiffs faced no actual harm based on Mr. Hart's actions. They were not in reasonable fear of arrest nor stopped from demonstrating at any time. Their signs nor their pamphlets were destroyed nor tampered with. Mr. Hart's specific words did not cause reasonable fear of arrest. Combined with the testimony from Plaintiff Cuviello that at the time of the incident he did not believe Mr. Hart had the ability to arrest him, Mr. Hart committed no harm towards Plaintiff Cuviello. As to Plaintiff Bolbol, as previously mentioned she only heard "bits and pieces" of Mr. Hart's statements. Plaintiff Bolbol suffered no actual harm as she did not hear significant portions of Mr. Hart's statement at the time of the incident. The statement was directed toward Mr. Cuviello as the apparent leader of the group. Ms. Bolbol then stated that she believed Mr. Hart and Deputy Mayfield were "just messing" with Plaintiff Cuviello. Based on the standard set forth in *In re MS* Plaintiffs continued unabated by Mr. Hart to demonstrate throughout the remaining evening and weekend at Rowell Ranch.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

663083.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1

### E.     HARD Defendants Immune based on Government Code section 820.2

2     To the extent deemed involved, Government Code section 820.2 also immunizes

3 the individual defendants including Mr. Hart against the state-law claims. That provision states, in

4 pertinent part, that "a public employee is not liable for an injury resulting from his act or omission

5 where the act or omission was the result of the exercise of the discretion vested in him, whether or

6 not such discretion be abused." California courts apply the immunity to "deliberate and

7 considered policy decisions, in which a [conscious] balancing [of] risks and advantages ... took

8 place." *Conway v. Cnty. of Tuolumne*, 231 Cal.App.4th 1005, 1015 (2014) (internal quotations

9 and citations omitted.) It has been applied to "the decision to pursue a fleeing vehicle, the

10 decision to investigate an accident or not, the decision not to make an arrest, and the decision

11 whether to use official law enforcement authority to resolve a dispute." *Bazan v. Curry*, No.

12 E075075, 2022 WL 16847782, at *5 (Cal.Ct.App. Nov. 10, 2022). Immunity applies here because

13 the decision to arrest or not to arrest and to investigate the complaints regarding Plaintiffs has

14 been found to be a cognizable rationale for applying section 820.2 immunity. (See *Bazan v. Curry*

15 at 5 regarding the decision to not make an arrest and the decision to use official law enforcement

16 authority to resolve a dispute). To the extent it is deemed involved and/or responsible for the

17 actions of its employees, HARD is equally immune. See Government Code §815.2(b).)

18     ### F.     Mr. Hart's Words and Actions Did Not Constitute Threats, Intimidation or Coercion, Raising Triable Issue of Fact

19

20     Mr. Hart had no intention of arresting the Plaintiffs. He also had no intent to intimidate or

21 threaten Plaintiffs with arrest. CACI Jury Instruction 3066, would require the following: "Mr.

22 Hart caused Plaintiffs to reasonably believe that if they exercised their First Amendment right,

23 Mr. Hart would commit violence against them or their property." Here, Plaintiffs are extremely

24 experienced demonstrators with a long history of interactions with law enforcement. They are

25 also experienced in perceiving threats of arrest or actual arrests both being arrested on multiple

26 occasions.

27     Here, Plaintiffs never heard a statement that they would be imminently arrested or arrested

28 at all. Mr. Hart never uttered the word 'arrest.' Importantly, Plaintiffs actions as stated above tend

663083.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

to show Plaintiffs were not in reasonable fear of arrest by Mr. Hart at any time. Additionally, Mr. Hart's specific words never included the word "arrest", nor "violence." Plaintiffs as experienced in demonstrations and dealing with law enforcement did not perceive Mr. Hart's words as threats, coercion or intimidation. Plaintiffs do not cite any Bane Act cases that show the same or similar words spoken by Mr. Hart are actionable as threats, intimidation or coercion as a matter of law. Plaintiff Bolbol stated at the time that "I think they're just messing with you, Pat." Additionally, Plaintiff Cuviello testified that he did not believe Mr. Hart had the ability to arrest him at the time of the incident. Plaintiffs do not define what statements constitute "threats, intimidation or coercion" in Bane Act jurisprudence as defined in California or federal courts. Therefore, whether the words uttered by Mr. Hart with the combined circumstances of the evening constituted "threats, intimidation or coercion" are in favor of the HARD Defendants and at the very least a triable issue of fact for a jury.

### G.    Mr. Hart's Inability to Arrest Plaintiffs Proves HARD Defendants Have Created a Triable Issue on the Bane Act

A violation of the Bane Act requires that Plaintiffs reasonably believed Mr. Hart had the apparent ability to effectuate an arrest. (See *CACI Jury Instruction 3066, Bane Act*). (*Bane Act*) liability may not be based on "Speech alone" unless "the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and ***that the person threatening violence had the apparent ability to carry out the threat***." [*Civ. Code, §52.1, subd. (j)*]; *§ 3:19. Prohibited conduct: interference or attempted interference by threats, intimidation or coercion; speech alone insufficient unless it threatens violence, Cal. Civ. Prac. Civil Rights Litigation § 3:19.*

As stated above Plaintiff Cuviello testified that he did not believe Mr. Hart had the ability to arrest him at the time of the incident. Additionally, Plaintiff Bolbol only heard "bits and pieces" of Mr. Hart's comments directed toward the demonstrators and Plaintiff Cuviello. These facts alone prove that Plaintiffs never reasonably believed Mr. Hart had the ability to carry out the alleged theat. Additionally, Plaintiff Bolbol is heard on video stating "I think they're trying to

663083.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1   mess with you Pat," inferring that she did not believe Mr. Hart or anyone else was attempting to

2   arrest or threaten arrest directed toward Plaintiff Cuviello. When the situation is taken in context,

3   it's clear from the record that Plaintiffs did not believe Mr. Hart had the ability to arrest them, a

4   requirement of CACI 3066. Thus, HARD Defendants have presented the requisite facts to

5   establish summary judgment on the 'apparent ability' of Mr. Hart to arrest them.

6   **H.**   **Plaintiffs' Assertion that Mr. Hart and Deputy Mayfield "Acted in Concert"**
          **is False and Lacks Factual Support**

7

8          Here, Plaintiffs' SAC and declarations state without factual support that Mr. Hart and

9   Deputy Mayfield "acted in concert" at the time of the subject incident. This is purely conclusory

10   and untrue. As stated in the facts section, Mr. Hart had no authority to arrest Plaintiffs. (*Decl. of*

11   *K. Hart*, ¶ 18). At no time did Mr. Hart instruct Alameda County Deputies to arrest Plaintiffs nor

12   instruct Alameda County Deputies to threaten Plaintiffs with arrest. (*Decl. of K. Hart*, ¶ 19). Mr.

13   Hart did not coordinate nor plan a response to the demonstrators with Deputy Mayfield nor

14   anyone else from the Alameda County Sheriff's Department at any time prior to his interactions

15   with Plaintiff. (*Decl. of K. Hart*, ¶ 20). Mr. Hart had no weapon on his person during his

16   interactions with Plaintiffs nor any handcuffs. (*Decl. of K. Hart*, ¶ 22). Based on these facts, no

17   reasonable jury could find that Mr. Hart and Deputy Mayfield "acted in concert" to allegedly

18   deprive Plaintiffs of their First Amendment rights. Criminal case law discusses actions "in

19   concert" between two separate entities or individuals at volume in criminal law (See, Judicial

20   Council Of California Civil Jury Instruction 3610 et al.). Courts have extended liability in 42

21   U.S.C.A. §1983 causes of action between state and federal agencies. However, Plaintiffs have not

22   plead or argued, and HARD Defendants have not found case law extending acts in concert to

23   allegation of a Bane Act violation.

24          Plaintiffs' claims that Mr. Hart and Deputy Mayfield "acted in concert" are purely

25   conclusory. For these reasons, the actions of each Defendant Mr. Hart/HARD and County of

26   Alameda/Deputy Mayfield should be evaluated on their own merits without the inclusion of the

27   combined action of both actors when there is no evidence of a conspiracy present here.

28

663083.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

**I.**     **Plaintiffs Cannot Establish Available Equitable Remedies Under Plaintiff's Fifth Cause of Action**

Plaintiffs' Fifth Cause of action for violation of Cal. Const. Art. I, § 2(a) is for injunctive relief in the form of both a temporary and permanent injunction. (See Dkt. 54, ¶¶123-127, RJN ¶ 1). For the aforementioned reasons argued above related to Bane Act liability are applicable to the alleged violation of Cal. Const. Art. I, § 2(a). Again, Mr. Hart did not violate nor attempt to violate any rights as outlined above and at the very least presented a triable issue of fact.

Although Plaintiff outlines the "free speech area" as unconstitutional it does not allege in its moving papers on summary judgment that HARD or Mr. Hart violated Cal. Const. Art. I, § 2(a). However, HARD Defendants argue against the imposition of a finding of a Cal. Const. Art. I, § 2(a) violation here in an abundance of caution. As stated in the introduction section above, HARD Defendants do not contend the "free speech area" was constitutional here. However, *the issue regarding the "free speech area" has already been remedied and is now moot.*

Secondly, Plaintiffs remedies are not viable related to injunctive relief. No monetary damages are demanded regarding this alleged violation of the California Constitution. The issuance of a permanent injunction requires the application of a familiar four-step framework in which the plaintiff: must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the [parties], a remedy in equity is warranted; and (4) that the public interest will not be disserved by a permanent injunction. *Esso Standard Oil Co. v. Lopez-Freytes*, 522 F.3d 136, 148 (1st Cir. 2008).

As stated in the Order, "The Park District's declaration explains that its rangers will not even be at the rodeo and will therefore have "no interaction with protesters who may come to the rodeo event." Dkt. No. 40 at 1. (RJN ¶3, 4). To the extent any allegedly unlawful behavior is reported to the rangers, the rangers have been instructed simply to report it to local law enforcement." ( Dkt. No. 40 at 2, RJN ¶4) (Quoting, Dkt. 46, p. 1-2, ¶4).

Therefore, as argued above element one is disputed, but Plaintiffs cannot prove that, considering the balance of the hardships between the [parties], a remedy in equity is warranted

663083.1

1   here as the alleged issues have been remedied. Again the "free speech area" has been moved

2   toward the ticket booth entrance area and HARD Defendant rangers will not be present going

3   forward the for the Rodeo events and if HARD rangers are on the property they've been

4   instructed not to call law enforcement regarding failure to demonstrate in the "free speech area."

5   Therefore, Plaintiff's claim for injunctive relief, related to the First Amendment violation cause of

6   action should fail as a matter of law as no remedy is present. Lastly, Plaintiff does not move on its

7   Sixth Cause of Action, thus HARD Defendants make no arguments in the Opposition regarding

8   those claims.

9   **V.     IV. CONCLUSION**

10          For these reasons, Defendants respectfully request Plaintiffs' joint motion for summary

11   judgment be denied as to each cause of action alleged against HARD Defendants.

13                                          Respectfully submitted,

15   Dated:  June 27, 2024                  ALLEN, GLAESSNER,
                                            HAZELWOOD & WERTH, LLP

17                                          By:   _/s/ Nicholas D. Syren_____
                                                  DALE L. ALLEN, JR.
18                                                NICHOLAS D. SYREN
                                                  Attorneys for Defendants
19                                                HAYWARD AREA RECREATION AND
                                                  PARK DISTRICT and KEVIN HART

OPPO TO PLTFS MSJ
3:23-CV-01652-VC

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

663083.1