1   DALE L. ALLEN, JR., State Bar No. 145279
    dallen@aghwlaw.com
2   NICHOLAS D. SYREN, State Bar No. 334807
    nsyren@aghwlaw.com
3   ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
    180 Montgomery Street, Suite 1200
4   San Francisco, CA  94104
    Telephone:     (415) 697-2000
5   Facsimile:     (415) 813-2045

6   Attorneys for Defendants
    HAYWARD AREA RECREATION AND PARK
7   DISTRICT and KEVIN HART

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JOSEPH P. CUVIELLO and DENIZ          Case No. 3:23-cv-01652-VC
    BOLBOL, individually,
12                                        **REQUEST FOR JUDICIAL NOTICE IN**
                    Plaintiff,            **SUPPORT OF DEFENDANTS' MOTION FOR**
13                                        **SUMMARY JUDGEMENT OR, IN THE**
         v.                               **ALTERNATIVE, SUMMARY**
14                                        **ADJUDICATION; MEMORANDUM OF**
    ROWELL RANCH RODEO, INC.,             **POINT AND AUTHORITIES (F.R.C.P. 56)**
15  HAYWARD AREA RECREATION AND
    PARK DISTRICT, HAYWARD AREA           Hon. Vince Chhabria
16  RECREATION AND PARK DISTRICT
    PUBLIC SAFETY MANAGER/RANGER          Date:     August 15, 2024
17  KEVIN HART, and DOES 1 and 2, in      Time:     10:00 a.m.
    their individually and official capacities,  Ctrm:     4, 17th Floor
18  jointly and severally,
                                          Trial:    October 21, 2024
19                  Defendants.

20

21       Defendants HAYWARD AREA RECREATION AND PARK DISTRICT and KEVIN

22  HART ("Defendants") Requests Judicial Notice ("RJN") of the following adjudicate facts

23  pursuant to Federal Rule of Evidence 201 et al.

24       1.      Attached as Ex. "A," please find a true and correct copy of Docket No. 54,

25  Plaintiffs' Second Amended Complaint.

26       2.      Attached as Ex. "B," please find a true and correct copy of Docket No. 59,

27  Defendants HARD and Hart's Answer to Plaintiffs' Second Amended Complaint.

28       3.      Attached as Ex. "C," please find a true and correct copy of Docket No. 46, Judge

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

                                  1                    MSJ - RJN
                                                       3:23-CV-01652-VC

668857.1

1   Chhabria's Order on Plaintiffs' Motion for TRO.

2       4.      Attached as Ex. "D", please find a true and correct copy of Docket No. 40,

3   Declaration of Natalie Wong in Support of Motion Hearing on Plaintiffs' Motion for TRO.

4

5                                                Respectfully submitted,

6   Dated:  June 27, 2024                        ALLEN, GLAESSNER,
                                                 HAZELWOOD & WERTH, LLP
7

8                                                By:   /s/ Nicholas D. Syren
9                                                      DALE L. ALLEN, JR.
                                                       NICHOLAS D. SYREN
10                                                     Attorneys for Defendants
                                                       HAYWARD AREA RECREATION AND
11                                                     PARK DISTRICT and KEVIN HART

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

MSJ - RJN
3:23-CV-01652-VC

668857.1

# EXHIBIT "A"

Jessica L. Blome (State Bar No. 314898)
Gina Tomaselli (State Bar No. 267090)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
         gtomaselli@greenfirelaw.com
         lrivo@greenfirelaw.com

*Attorneys for PLAINTIFF Deniz Bolbol*

JOSEPH P. CUVIELLO
205 DeAnza Blvd. #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*PLAINTIFF In Pro Se*

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually, <br><br> PLAINTIFFS. <br><br> v. <br><br> ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; COUNTY OF ALAMEDA; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally, <br><br> DEFENDANTS. | **Case No. 3:23-cv-01652-VC** <br><br> **SECOND VERIFIED AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES** <br><br> **[DEMAND FOR JURY TRIAL]** <br><br> 1. Assault <br> 2. Battery <br> 3. Civil Code § 52.1 <br> 4. Civil Code § 51.7; Code of Civil Proc. § 526 <br> 5. Cal. Const. Art. I; Civil Code § 52.1; Code of Civil Proc. § 526 <br> 6. 42 U.S.C. § 1983; U.S. Const. amend. I |

PLAINTIFFS, DENIZ BOLBOL and JOSEPH CUVIELLO, for their Complaint against DEFENDANTS, allege as follows:

## JURISDICTION AND VENUE

1.     This is a civil rights action arising from DEFENDANTS' interference and attempted interference with PLAINTIFFS' constitutionally protected right to free speech through threats, coercion and intimidation and by assault and battery/violence based on PLAINTIFFS' political affiliation as animal rights activists. This action is brought pursuant to 42 U.S.C. § 1983, the First Amendment to the United States Constitution, Article 1, Section 2 of the California Constitution, California Civil Codes Sections 43, 51.7, 52.1 and the common law torts of Assault and Battery.

2.     This complaint requests declaratory and injunctive relief and the imposition of monetary damages, civil penalties and reasonable attorneys' fees against all DEFENDANTS as permitted under law and pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 2201(a), and California Civil Code, sections 51.7, 52, and 52.1.

3.     Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions. PLAINTIFFS further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims arising under state law, which are part of the same case or controversy as the federal claims.

4.     All of the events and/or omissions complained of herein occurred in Castro Valley, California, in the County of Alameda, as such, under Local Rule 3-2(c) and (d), this action is properly assigned to the San Francisco Division of the United States District Court for the Northern District of California.

5.     PLAINTIFFS have complied with the California Government Tort Claims Act, section 910, et seq.

## PARTIES AND PROCEDURE

6.     PLAINTIFFS JOSEPH CUVIELLO and DENIZ BOLBOL are residents of the State of California.

7.     DEFENDANT ROWELL RANCH RODEO, INC. is a non-profit organization, located in Castro Valley, Alameda County, California, which operates the Rowell Ranch Rodeo. DEFENDANT ROWELL RANCH RODEO, INC. is responsible for the actions of its employees.

8.     DEFENDANT HAYWARD AREA RECREATON AND PARK DISTRICT, known locally as "HARD," is an independent special use district within Alameda County, California, created by ballot initiative in 1944, to provide park and recreation services for over 309,000 residents. Its boundaries encompass a 100 square-mile area, which includes the City of Hayward and the unincorporated communities of Castro Valley, San Lorenzo, Ashland, Cherryland, and Fairview. HARD owns and manages the Rowell Ranch Rodeo Park, which is located within Alameda County, where the Rowell Ranch Rodeo takes place.

9.     DEFENDANT KEVIN HART, upon information and belief, is the former Kensington Police Chief and on May 20, 2022, was the Hayward Area Recreation and Park District (HARD) Public Safety Manager/Ranger.

10.     DEFENDANT COUNTY OF ALAMEDA ("COUNTY") is a local governmental entity that oversees the Alameda County Sheriff's Office. DEFENDANT COUNTY'S charter requires that the COUNTY be the named party in any legal proceedings against the Alameda County Sheriff's Office.

11.     DEFENDANT ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD, Badge Number 2336, upon information and belief, is employed by the Alameda County Sheriff's Office, which is a department under DEFENDANT COUNTY'S jurisdiction.

12.     DOE DEFENDANTS 1 and 2 are individuals who, upon information and belief, were agents of or employed by DEFENDANT ROWELL RANCH RODEO, INC. DOE DEFENDANTS 1 and 2. The true names and capacities of DEFENDANTS sued herein as Does 1 and 2 are unknown to PLAINTIFFS who therefore sue said DEFENDANTS by such fictitious names.  PLAINTIFFS will seek to amend this Complaint to allege their true names and capacities when and if ascertained.  PLAINTIFFS are informed and believe and thereon allege that each of the fictitiously named DEFENDANTS are responsible in some manner for the

occurrences herein alleged and that PLAINTIFFS' damages as herein alleged were proximately caused by their conduct.

13.     PLAINTIFFS are informed and believe and thereon allege that each of the DEFENDANTS sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as described hereinafter, and proximately caused injuries and damages to PLAINTIFFS.

14.     PLAINTIFFS are also informed and believe, and thereon allege, that each of the DEFENDANTS was at all material times a managing agent, agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining DEFENDANTS, and in doing the things herein alleged, was acting within the course and scope of that relationship. PLAINTIFFS are further informed and believe, and thereon allege, that each of the DEFENDANTS herein gave consent, aid, and assistance to each of the remaining DEFENDANTS, and ratified and/or authorized the acts or omissions of each DEFENDANT as alleged hereinafter, except as may be otherwise specifically alleged.

## **LEGAL FRAMEWORK**

### *California Law*

15.     Under California common law, an assault occurs where: (1) the defendant acted with the intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner, (2) the plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that the defendant was about to carry out the threat, (3) the plaintiff did not consent to the defendant's conduct, (4) the plaintiff was harmed, and (5) defendant's conduct was a substantial factor in causing that harm. See *So v. Shin,* 212 Cal.App.4th 652, 668−669 (2013); see also Judicial Council of California Civil Jury Instructions No. 1301.

16.     Under California common law, a battery occurs where: (1) the defendant touched the plaintiff or caused the plaintiff to be touched with the intent to harm or offend the plaintiff, (2) the plaintiff did not consent to the touching, (3) the plaintiff was harmed or offended by the

defendant's conduct, and (4) a reasonable person in the plaintiff's position would have been offended by the touching. See *So v. Shin,* 212 Cal.App.4th 652, 669 (2013); see also Judicial Council of California Civil Jury Instructions No. 1300.

17.     According to the Tom Bane Civil Rights Act, California Civil Code, section 52.1, "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with," "by threat, intimidation, or coercion" "may institute and prosecute in their own name and on their own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct." Civ. Code, sec. 52.1(b), (c).

18.     One such right secured by the laws of California is "the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations." Civ. Code, sec. 43.

19.     Additionally, the Ralph Civil Rights Act of 1976, California Civil Code, section 51.7, requires that "[a]ll persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, . . . or position in a labor dispute, or because another person perceives them to have one or more of those characteristics. Civ. Code, sec. 51.7(b)(1).

20.     The Legislature explicitly recognized that the "particular bases of discrimination" in California Civil Code, section 51.7, subd. (b)(1) are "illustrative rather than restrictive." Civ. Code, sec. 51.7(b)(1).

21.     "Intimidation by threat of violence" as used in California Civil Code, section 51.7, "includes, but is not limited to, making or threatening to make a claim or report to a peace officer or law enforcement agency that falsely alleges that another person has engaged in unlawful activity or in an activity that requires law enforcement intervention, knowing that the

claim or report is false, or with reckless disregard for the truth or falsity of the claim or report." Civ. Code, sec. 51.7(b)(2).

22.     Under the California Constitution, Article I, section 2, "[e]very person may freely speak, write and publish his or her sentiments on all subjects." Cal. Const. art I, sec. 2.

*Federal Law*

23.     The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. amend. I.

24.     The First Amendment is made applicable to the states through the Fourteenth Amendment.

25.     Under 42 USC § 1983, a party may seek injunctive relief against a party who, under color of law of any state, subjects any person within the jurisdiction of the United States to a deprivation of any rights, privileges, or immunities secured by the Constitution and other laws.

26.     In addition to protection from state actors interfering with a person's free speech rights, a private entity may also violate the First Amendment and be considered a state actor under several circumstances, including where the private entity performs a traditional, exclusive public function, where the government forces the private entity to act, or when the government and private entity jointly act in concert with one another.

## FACTUAL ALLEGATIONS

27.     PLAINTIFFS reallege each and every paragraph in this complaint as if fully set forth here.

28.     PLAINTIFFS JOSEPH CUVIELLO and DENIZ BOLBOL are animal rights activists who have been active in advocating for the humane treatment of animals since 1986 and 2000, respectively. PLAINTIFFS are the founders of, and organizers for, "Humanity Through Education," a grassroots animal rights non-profit located in San Mateo, California. PLAINTIFFS' advocacy is mainly targeted at educating patrons who frequent businesses that use

animals for entertainment and includes holding signs and banners, offering informational flyers, and showing video on a large-screen television. PLAINTIFFS' speech also includes video recording the treatment of animals for whom they advocate. PLAINTIFFS use their video to educate the public and provide news media information about the abuse and mistreatment of animals. PLAINTIFFS' demonstrations are always peaceful and without interference.

29.     PLAINTIFFS have demonstrated at or near the entrance of numerous public gathering facilities in California including the Oakland Arena, the San Jose Arena, the Cow Palace in Daly City, the Stockton Arena, the Fresno Arena, the Santa Clara County Fairgrounds, the Nevada County Fairgrounds, the Santa Cruz County Fairgrounds, the San Mateo County Fairgrounds, the Contra Costa County Fairgrounds, the San Benito County Fairgrounds, the Sonoma County Fairgrounds, the San Joaquin County Fairgrounds, the Napa Town and Country Fairgrounds, Cal Expo in Sacramento, the Richmond Auditorium Civic Center, the San Francisco Zoo, Six Flags Discovery Kingdom in Vallejo, Livermore Rodeo Arena and Rowell Ranch Rodeo Park in Castro Valley.

30.     PLAINTIFFS are especially concerned about documenting and disseminating information about the cruel and inhumane treatment of animals in rodeos, like those who suffer during rodeo events hosted by DEFENDANTS at the Rowell Ranch Rodeo Park. Animals used in rodeos are subjected to roping, prodding, kicking, whipping, spur-raking and ear- and- tail twisting and bucking straps, all causing pain, fear and stress. The pain and fear of animals is exploited as a form of entertainment.

31.     PLAINTIFFS have successfully filed lawsuits for injunctive relief and damages against the owners and/or managers of some of the above-listed facilities, and individual police officers working at the facilities, to remedy violations of their constitutionally protected right to free speech and to have their constitutional right upheld and protected while demonstrating at the facilities.

32.     PLAINTIFFS' speech and association is on matters of great public concern locally, nationally, and internationally—the abuse and mistreatment of animals by circuses, amusement parks, rodeos, and other "entertainment" entities.

33. The Rowell Ranch Rodeo Park is a publicly owned special event facility that is owned, operated, and maintained by DEFENDANT HARD. The facility can be rented for rodeos, special events, and picnics.

34. In 1995, PLAINTIFF JOSEPH CUVIELLO was demonstrating with other activists at the Bill Pickett Invitational Rodeo at the Rowell Ranch Rodeo Park, and there was an incident regarding interference with the activists' free speech rights. Baron Miller, an attorney colleague of PLAINTIFF JOSEPH CUVIELLO, wrote a letter to DEFENDANT HARD regarding the incident. On July 21, 1995, HARD responded by writing a letter to Lu Vason, President of the Bill Pickett Invitational Rodeo, informing him that the Rowell Ranch Rodeo Park "is public property and groups such as that represented by Mr. Miller, have a right to make known their beliefs by distributing leaflets or posting signs."

35. PLAINTIFFS JOSEPH CUVIELLO and DENIZ BOLBOL have been demonstrating against rodeos at the Rowell Ranch Rodeo Park intermittently from 1988 to 2022 and 2018-2022, respectively.

36. PLAINTIFFS have always stood near the entrance to the rodeo and demonstrated without causing interference or incident.

37. In 2022, the Rowell Ranch Rodeo event occurred over a three-day period from May 20 to 22, 2022, and DEFENDANT ROWELL RANCH RODEO, INC. was responsible for managing and operating the rodeo event at the Rowell Ranch Rodeo Park.

38. Each of the incidents complained of herein were video recorded by PLAINTIFFS.

***Events Of May 20, 2022***

39. On May 20, 2022, at approximately 6:00 pm, PLAINTIFFS arrived at the Rowell Ranch Rodeo Park in Castro Valley, California to attend a demonstration they organized, through Humanity Through Education, to protest the use of animals in rodeos. This was the first day of three days of scheduled demonstrations against the Rowell Ranch Rodeo.

40. Upon walking into the parking lot PLAINTIFFS noticed a cordoned off area near the vehicle entrance that had a sign which read "Free Speech Area." This area was far from the

pedestrian entrance where people parking in the lot would be entering the rodeo. PLAINTIFFS viewed this area as ineffective for getting their message to patrons, because PLAINTIFFS would not be able to quietly speak with patrons and hand them leaflets and patrons would not be able to see PLAINTIFFS' banners and signs. Accordingly, PLAINTIFFS continued on to the area near the front entrance, where they had always demonstrated in previous years without incident. PLAINTIFFS then proceeded to hold their banner and signs and pass out leaflets.

41.     Shortly thereafter an employee of DEFENDANT ROWELL RANCH RODEO, INC., who PLAINTIFFS will refer to as DOE DEFENDANT 1 in this Complaint and who was wearing a badge that read "All Access Credential 7", approached PLAINTIFFS and told them that DEFENDANT ROWELL RANCH RODEO, INC. had set up a "Free Speech Area" and that PLAINTIFFS had to demonstrate in that "Free Speech Area." PLAINTIFFS told DOE DEFENDANT 1 to call the police if he had a problem, and DOE DEFENDANT 1 then tried to grab the end of the banner PLAINTIFF JOSEPH CUVIELLO was holding. PLAINTIFFS told him he was not allowed to touch them and reiterated he should call the police. DOE DEFENDANT 1 then told PLAINTIFFS he could block their banner and proceeded to stand in front of PLAINTIFFS' banner to obstruct its view. DOE DEFENDANT 1 then called the police and intentionally falsely told the dispatcher PLAINTIFFS were blocking the parking lot and the entrance. The police arrived approximately five minutes later, and upon arrival, PLAINTIFF DENIZ BOLBOL observed and video recorded DEFENDANT DEPUTY MAYFIELD hugging a woman who appeared to be affiliated with the rodeo. DEFENDANT DEPUTY MAYFIELD was in his Alameda County Sheriff's uniform and driving an Alameda County Sheriff's vehicle.

42.     Shortly thereafter, four police officers—three males and one female— approached PLAINTIFFS, and one of the male officers, who this Complaint will refer to as "Officer 1," told PLAINTIFFS that he was with the Sheriff's Office and just wanted to say hello. Officer 1 said he and his fellow officers would be "hanging out" there and acknowledged that PLAINTIFFS' demonstration was protected as free speech. He told PLAINTIFFS that the officers "get it" and that, "it's totally cool." PLAINTIFFS told Officer 1 they had no intention of blocking anyone, and Officer 1 responded by saying, "All we ask is that everyone play nice."

Officer 1 then told PLAINTIFFS that DEFENDANT ROWELL RANCH RODEO, INC. wanted PLAINTIFFS to go to the "Free Speech Area." PLAINTIFFS told Officer 1 they knew of the Rodeo's request, but PLAINTIFFS reiterated that they would not be using the "Free Speech Area." Officer 1 indicated he was fine with that.

43. Moments later, DEFENDANT DEPUTY MAYFIELD again told PLAINTIFFS about the "Free Speech Area." DEFENDANT DEPUTY MAYFIELD told PLAINTIFFS that if they were to stay where they were, they would have to "keep it peaceful." PLAINTIFFS responded that they are always peaceful, and all four police officers walked away.

44. A short time later, DEFENDANT DEPUTY MAYFIELD and DEFENDANT KEVIN HART approached PLAINTIFFS. DEFENDANT HART was wearing a blue shirt that read "K. Hart, Public Safety Manager." A badge appeared on DEFENDANT HART's blue shirt that read "Ranger, Hayward Area Recreation and Park District." Working in concert to enforce DEFENDANT ROWELL RANCH RODEO, INC.'S free speech policy, DEFENDANT HART and DEFENDANT DEPUTY MAYFIELD threatened to arrest PLAINTIFFS if they did not move to the "Free Speech Area" set up by DEFENDANT ROWELL RANCH RODEO, INC.. PLAINTIFFS felt intimidated and coerced but refused to move to the "Free Speech Area," as these new threats of arrest contradicted not only what DEFENDANT DEPUTY MAYFIELD and Officer 1 had just told PLAINTIFFS.

45. DEFENDANT HART continued to harass PLAINTIFFS. He told PLAINTIFFS they had to go to the designated "Free Speech Area," and he said, "Failure to do so will not be good." PLAINTIFF JOSEPH CUVIELLO asked DEFENDANT HART what would happen if they didn't go, and DEFENDANT HART said, "You'll have to figure that out."

46. Based on his many years of experiences with law enforcement, PLAINTIFF JOSEPH CUVIELLO understood that DEFENDANT HART was suggesting that PLAINTIFFS could be arrested as a form of intimidation and coercion so that PLAINTIFFS would voluntarily acquiesce and give up their right to free speech near the entrance. Because PLAINTIFF JOSEPH CUVIELLO did not know if DEFENDANT HART was a law enforcement officer, he turned to DEFENDANT DEPUTY MAYFIELD, who was working in concert with DEFENDANT HART

and asked him if he would arrest PLAINTIFFS if they didn't comply with the request.

DEFENDANT DEPUTY MAYFIELD said, "You could be arrested." Because DEFENDANT

DEPUTY MAYFIELD was threatening PLAINTIFFS with arrest if they did not move, and

because PLAINTIFF JOSEPH CUVIELLO did not want to be arrested, PLAINTIFF JOSEPH

CUVIELLO told DEFENDANT DEPUTY MAYFIELD he did not want to get arrested and

asked him to let him know ahead of time if he was going to arrest him so he could leave.

DEFENDANT DEPUTY MAYFIELD told PLAINTIFF JOSEPH CUVIELLO he was not

required to tell him whether he would arrest him or not, and continued to threaten PLAINTIFFS

with arrest by telling them if they did not move, they "could be" arrested and maintaining that

arrest was a "possibility." PLAINTIFF JOSEPH CUVIELLO told DEFENDANT DEPUTY

MAYFIELD he needed to call his watch commander.

47.     PLAINTIFF JOSEPH CUVIELLO then explained that this is a public park, and

unless there was a significant interest in keeping PLAINTIFFS from demonstrating near the

entrance, he could not arrest PLAINTIFFS for being there. Based on his years of experience with

police at protests, PLAINTIFF JOSEPH CUVIELLO understood DEFENDANT DEPUTY

MAYFIELD's threats of arrest were an intimidation tactic meant to scare PLAINTIFFS and

coerce them into relinquishing their right to engage in free speech activity near the rodeo

entrance, the most effective free speech location at the Rowell Ranch Rodeo Park.

48.     DEFENDANT HART, standing with DEFENDANT DEPUTY MAYFIELD,

told PLAINTIFF JOSEPH CUVIELLO, "You don't have too much of a choice." PLAINTIFF

JOSEPH CUVIELLO responded that he does have a choice, and DEFENDANT HART replied,

"I'm asking you nicely." PLAINTIFF JOSEPH CUVIELLO responded, "I don't give up my

rights because someone asks nicely." DEFENDANT HART then asked PLAINTIFF JOSEPH

CUVIELLO if he was refusing to leave and PLAINTIFF JOSEPH CUVIELLO responded, "Yes,

I am." DEFENDANT HART then asked PLAINTIFF JOSEPH CUVIELLO'S colleague Mike

Sage, if he was refusing to leave. PLAINTIFF JOSEPH CUVIELLO told Mr. Sage he could

leave if he wanted, and Mr. Sage asked PLAINTIFF JOSEPH CUVIELLO what he planned to

do. PLAINTIFF JOSEPH CUVIELLO told Mr. Sage he would not be leaving. Mr. Sage then told DEFENDANT HART he, too, would not be leaving.

49.     DEFENDANT HART then asked PLAINTIFF DENIZ BOLBOL if she was refusing to leave, and she said, "I'm not going to leave." DEFENDANT HART then asked other activists if they were refusing to leave, and they confirmed they would stay. At this point PLAINTIFF JOSEPH CUVIELLO saw DEFENDANT DEPUTY MAYFIELD on his cellphone.

50.     After being on his cellphone for approximately five minutes, DEFENDANT DEPUTY MAYFIELD spoke with DEFENDANT HART and the other police officers for approximately three minutes. During this time, DOE DEFENDANT 1 approached Mr. Sage, who was holding a sign and handing out leaflets, and stood right in front of him. PLAINTIFF DENIZ BOLBOL told DOE DEFENDANT 1 that he was not allowed to touch Mr. Sage. Mr. Sage told PLAINTIFF DENIZ BOLBOL that DOE DEFENDANT 1 had pushed him. DOE DEFENDANT 1 then walked away.

51.     Shortly thereafter, DEFENDANT DEPUTY MAYFIELD approached PLAINTIFFS and told them to stay out of the walkway and not block anybody, and PLAINTIFF JOSEPH CUVIELLO told him, "You know that's what we're doing." The "walkway" referred to by DEFENDANT DEPUTY MAYFIELD is a combination roadway/walkway mostly used by patrons to walk to the entrance from the parking lot or street. On rare occasions, a vehicle will also use the walkway to enter or exit through the rodeo entrance.

52.     DEFENDANT DEPUTY MAYFIELD then attempted to tell another activist he couldn't be in the walkway to leaflet patrons, who were entering the rodeo park via the walkway. PLAINTIFF JOSEPH CUVIELLO told DEFENDANT DEPUTY MAYFIELD, "We're not blocking anybody, and you know that," and "You just want to make a problem." DEFENDANT DEPUTY MAYFIELD again told the activist not to stand in the walkway. PLAINTIFF JOSEPH CUVIELLO told the activist, "As long as you're not blocking anybody you're fine." DEFENDANT DEPUTY MAYFIELD walked away, and PLAINTIFFS proceeded to demonstrate with their colleagues near the front entrance, standing in the walkway and leafleting patrons as they passed by, without interference or incident that evening.

53.     Around 7:15 p.m., the number of patrons entering the front entrance waned, so PLAINTIFF DENIZ BOLBOL and one of her colleagues went to the back entrance to distribute informational leaflets to patrons entering there.  Shortly thereafter PLAINTIFF JOSEPH CUVIELLO and the rest of the demonstrators also went to the back entrance.

54.     PLAINTIFF DENIZ BOLBOL and Mr. Sage stood near the entrance holding signs and leafleting; they stood at this location in order to easily offer flyers to patrons. PLAINTIFF JOSEPH CUVIELLO stood about 30 feet in front of the entrance, near a tree, holding a sign and leafleting near a banner being held by two other activists.

55.     At one point, DEFENDANT DEPUTY MAYFIELD and an Alameda County Sheriff's officer, whom PLAINTIFFS will refer to as "Officer 2" in this Complaint, approached PLAINTIFF DENIZ BOLBOL, stood in front of her sign to obstruct people's view of her sign, and repeatedly told her she was blocking ingress to the back entrance. DEFENDANT DEPUTY MAYFIELD asked PLAINTIFF DENIZ BOLBOL to move.

56.     PLAINTIFF DENIZ BOLBOL told DEFENDANT DEPUTY MAYFIELD she was not blocking anyone and that he needed to stop harassing her. DEFENDANT DEPUTY MAYFIELD continued to tell PLAINTIFF DENIZ BOLBOL she was blocking the entrance. PLAINTIFFS' video recording of this interaction clearly shows PLAINTIFF DENIZ BOLBOL was not blocking the entrance.

57.     PLAINTIFF DENIZ BOLBOL told DEFENDANT DEPUTY MAYFIELD he doesn't understand the law, that he unlawfully threatened to arrest PLAINTIFFS before, and that he was wrong then just as he was wrong now. DEFENDANT DEPUTY MAYFIELD continued to tell PLAINTIFF DENIZ BOLBOL she was blocking the entrance, and she told him she was harassing her and blocking her sign. PLAINTIFF DENIZ BOLBOL walked around DEFENDANT DEPUTY MAYFIELD, so the public could see her sign, and she again told him to stop harassing her.

58.     DEFENDANT DEPUTY MAYFIELD and Officer 2 then left PLAINTIFF DENIZ BOLBOL and approached PLAINTIFF JOSEPH CUVIELLO. DEFENDANT DEPUTY MAYFIELD told PLAINTIFF JOSEPH CUVIELLO that he wanted to ensure the activists did

not block the bathroom. PLAINTIFF JOSEPH CUVIELLO told him no one was blocking the bathroom, and it was freely accessible. In fact, PLAINTIFF JOSEPH CUVIELLO video recorded people using the bathroom while DEFENDANT DEPUTY MAYFIELD was standing in front of PLAINTIFF DENIZ BOLBOL telling her she was blocking it.

59.     DEFENDANT DEPUTY MAYFIELD told PLAINTIFF JOSEPH CUVIELLO that people had to divert around the activists, and PLAINTIFF JOSEPH CUVIELLO told him, "That's free speech. So what if people have to walk around them, they also have to walk around patrons who are standing there. It's not against the law for people to have to walk around someone engaged in free speech, the caselaw makes that clear."

60.     DEFENDANT DEPUTY MAYFIELD continued to harass PLAINTIFF JOSEPH CUVIELLO about blocking access. PLAINTIFF JOSEPH CUVIELLO responded that DEFENDANT DEPUTY MAYFIELD was acting like there was a problem when obviously there was none. PLAINTIFF JOSEPH CUVIELLO and DEFENDANT DEPUTY MAYFIELD continued to converse more about free speech and its parameters.

61.     DEFENDANT DEPUTY MAYFIELD left while PLAINTIFF DENIZ BOLBOL took a group photo.

62.     PLAINTIFFS' demonstration ended at approximately 7:40 p.m..

***Events Of May 21, 2022***

63.     On May 21, 2022, PLAINTIFFS again attended a demonstration at Rowell Ranch Rodeo Park, arriving around noon at the front entrance. This was the second day of the planned three-day demonstration against the Rowell Ranch Rodeo. PLAINTIFFS and their colleagues demonstrated without incident at the front entrance for approximately 30 minutes and then headed to the back entrance, as they had done the night before.

64.     As PLAINTIFFS passed through the gate heading toward the back entrance, they observed several employees of DEFENDANT ROWELL RANCH RODEO, INC. were present and now wearing yellow reflective vests. A white male, approximately sixty years old wearing, a yellow vest, whom PLAINTIFFS will refer to as DOE DEFENDANT 2 throughout this Complaint, attempted to block PLAINTIFF JOSEPH CUVIELLO from proceeding toward the

back entrance by stepping in front of him and telling him he needed a ticket to the rodeo. PLAINTIFF DENIZ BOLBOL told DOE DEFENDANT 2 not to touch PLAINTIFF JOSEPH CUVIELLO and DOE DEFENDANT 2 then turned his attention to PLAINTIFF DENIZ BOLBOL. He physically stepped in front of her and started pushing her and attempted to use his body to block her from walking toward the back entrance while yelling she needed a ticket to the rodeo. DOE DEFENDANT 2 also repeatedly shouted, "Out." PLAINTIFF DENIZ BOLBOL tried to walk around DOE DEFENDANT 2, but he would continually step in front of her and use his body to stop her. PLAINTIFF DENIZ BOLBOL told DOE DEFENDANT 2 to stop touching her, and as he repeatedly stepped in front of her, pushing his body into hers, he told her, "You're touching me."

65.     After about 15 seconds, DOE DEFENDANT 2 stopped blocking PLAINTIFF DENIZ BOLBOL, and PLAINTIFFS proceeded to the back entrance. They soon encountered a female employee or agent of DEFENDANT ROWELL RANCH RODEO, INC., whom who told PLAINTIFFS they needed a ticket. PLAINTIFFS told her to call the police if she has a problem and continued to walk by her to the back entrance.

66.     At the back entrance, PLAINTIFF DENIZ BOLBOL held a sign and leafleted near the entrance, where DOE DEFENDANT 1 was also standing. PLAINTIFF JOSEPH CUVIELLO held a banner with a colleague near a tree, where an electric utility vehicle was parked.

67.     At some point, PLAINTIFF JOSEPH CUVIELLO moved the banner away from the tree and positioned it behind the electric utility vehicle for better public visibility. A short time later, DOE DEFENDANT 1 approached PLAINTIFF JOSEPH CUVIELLO and told him to not touch his electric utility vehicle with the banner, and PLAINTIFF JOSEPH CUVIELLO moved away from the vehicle to comply. Then DOE DEFENDANT 1 told PLAINTIFF JOSEPH CUVIELLO he had to move and got into the electric utility vehicle. PLAINTIFF JOSEPH CUVIELLO was not blocking DOE DEFENDANT 1's vehicle, as DOE DEFENDANT 1 could have easily driven forward to leave. An unidentified woman told PLAINTIFF JOSEPH CUVIELLO he had to move, so DOE DEFENDANT 1 could move his vehicle. As PLAINTIFF

JOSEPH CUVIELLO was telling the woman that DOE DEFENDANT 1 could drive the vehicle forward, DOE DEFENDANT 1 backed up the electric utility vehicle and rammed it into PLAINTIFF JOSEPH CUVIELLO. PLAINTIFF JOSEPH CUVIELLO got angry and began yelling and cussing, "That's assault with a deadly weapon." DOE DEFENDANT 1 smiled and told PLAINTIFF JOSEPH CUVIELLO, "I asked you to move." PLAINTIFF JOSEPH CUVIELLO told DOE DEFENDANT 1, "You're not allowed to run into people if they don't move;" DOE DEFENDANT 1 said again, "I asked you to move," and drove off.

***PLAINTIFFS' Constitutional Rights***

68.     PLAINTIFFS desire to continue to demonstrate at Rowell Ranch Rodeo Park during rodeo events without being threatened, assaulted, and battered and without interference, or attempted interference, of their constitutionally protected free speech rights by DEFENDANTS.

69.     At all material times, PLAINTIFFS were peacefully exercising their protected rights to free speech, press, association, conscience, and beliefs under California Constitution Article 1, Section 2 by disseminating information on matters of great public concern in a public forum.

70.     At all material times, PLAINTIFFS acted lawfully, as they never threatened any person and never resisted any lawful order by any police officer.

71.     DEFENDANTS' conduct was discriminatory and objectively unreasonable under the circumstances.

72.     DEFENDANTS ROWELL RANCH RODEO, INC., COUNTY OF ALAMEDA, DEPUTY MAYFIELD, HARD, and HART engaged in a concert of action and joint venture to interfere with PLAINTIFFS' rights to freedom of speech, press, association, conscience and beliefs through threats, intimidation, and coercion, and in furtherance of a common scheme to violate PLAINTIFFS' aforementioned rights, with knowledge of the conspiracy and its unlawful purpose.

73.     At all material times, each DEFENDANT was engaged in unlawful activity, resulting in the interference and attempted interference of PLAINTIFFS' constitutional rights and other harm.

74.     DEFENDANTS' conduct described herein was intended to deter or chill PLAINTIFFS' exercise of constitutionally protected rights and was in retaliation for PLAINTIFFS' political views and their constitutionally protected expression of those views.

75.     PLAINTIFFS' exercise of their constitutional rights to freedom of speech, press, assembly, association, conscience, and beliefs, and the content and/or viewpoint of PLAINTIFFS' protected expression, or perceived expression, was a substantial or motivating factor for DEFENDANTS' conduct described herein.

76.     At all material times, and alternatively, the actions and omissions of each DEFENDANT were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to each PLAINTIFF's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

77.     As a direct and proximate result of each DEFENDANT's conduct as set forth above, PLAINTIFFS suffered embarrassment, humiliation, mental suffering, and emotional distress.

**FIRST CAUSE OF ACTION**
**Assault**
**(PLAINTIFF JOSEPH CUVIELLO Against DOE DEFENDANT 1**
**and PLAINTIFF DENIZ BOLBOL Against DOE DEFENDANT 2)**

78.     PLAINTIFFS reallege each paragraph of this Complaint as if fully set forth herein.

79.     Under California common law, an assault occurs where: (1) the defendant acted with the intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner, (2) the plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that the defendant was about to carry out the threat, (3) the plaintiff did not consent to the defendant's conduct, (4) the plaintiff was harmed, and (5) defendant's conduct was a substantial factor in causing that harm.

80.     DOE DEFENDANT 1 (1) intentionally drove an electric utility vehicle into PLAINTIFF JOSEPH CUVIELLO with the intent to cause him harm, (2) PLAINTIFF JOSEPH CUVIELLO reasonably believed he was about to be struck by the electric utility vehicle, (3) PLAINTIFF JOSEPH CUVIELLO did not consent to DOE DEFENDANT 1's action, (4) PLAINTIFF JOSEPH CUVIELLO feared for his safety, and (5) DOE DEFENDANT 1's action was substantial factor in causing PLAINTIFF JOSEPH CUVIELLO to fear for his safety.

81.     As to PLAINTIFF DENIZ BOLBOL, DOE DEFENDANT 2 (1) threatened to push his body into PLAINTIFF DENIZ BOLBOL as means to prevent her from walking, (2) PLAINTIFF DENIZ BOLBOL reasonably believed she was about to be touched by DOE DEFENDANT 2's body in an unreasonable manner, (3) PLAINTIFF DENIZ BOLBOL did not consent to DOE DEFENDANT 1's conduct, (4) PLAINTIFF DENIZ BOLBOL feared for her safety, and (5) DOE DEFENDANT 1's conduct was a substantial factor in causing PLAINTIFF DENIZ BOLBOL to fear for her safety.

82.     The actions of DOE DEFENDANTS 1 and 2 violated PLAINTIFFS' right to be free from assault.

83.     As a direct and proximate result of DEFENDANTS' actions PLAINTIFFS sustained injuries and damages as set forth above. Further, PLAINTIFFS claim all damages and penalties allowed by law.

84.     This court has the power to remedy DEFENDANTS' violations of California common law through compensatory and punitive damages, and without this court's intervention, PLAINTIFFS' injuries caused by DOE DEFENDANTS 1 and 2 will continue to be unaddressed.

## SECOND CAUSE OF ACTION
### Battery
**(PLAINTIFF JOSEPH CUVIELLO Against DOE DEFENDANT 1
and PLAINTIFF DENIZ BOLBOL Against DOE DEFENDANT 2)**

85.     PLAINTIFFS reallege each paragraph of this Complaint as if fully set forth herein.

86.     Under California common law, a battery occurs where: (1) the defendant touched the plaintiff or caused the plaintiff to be touched with the intent to harm or offend the plaintiff,

(2) the plaintiff did not consent to the touching, (3) the plaintiff was harmed or offended by the defendant's conduct, and (4) a reasonable person in the plaintiff's position would have been offended by the touching.

87.    DOE DEFENDANT 1 (1) touched PLAINTIFF JOSEPH CUVIELLO by driving an electric utility vehicle into his body with the intent to harm PLAINTIFF JOSEPH CUVIELLO, (2) PLAINTIFF JOSEPH CUVIELLO did not consent to being hit by the electric utility vehicle, (3) PLAINTIFF JOSEPH CUVIELLO was harmed by the incident and offended by DOE DEFENDANT 1's action, and (4) a reasonable person would be offended by an electric utility vehicle being driven into their person.

88.    As to PLAINTIFF DENIZ BOLBOL, DOE DEFENDANT 2 (1) pushed PLAINTIFF DENIZ BOLBOL and pressed his body against hers with the intent to harm PLAINTIFF DENIZ BOLBOL, (2) PLAINTIFF DENIZ BOLBOL did not consent to being touched by DOE DEFENDANT 2 as evidenced by her telling DOE DEFENDANT 2 to stop touching her body, (3) PLAINTIFF DENIZ BOLBOL was offended by this unwanted touching, and (4) any reasonable person would have been offended by DOE DEFENDANT 1's touching.

89.    The actions of DOE DEFENDANTS 1 and 2 violated PLAINTIFFS' right to be free from battery.

90.    As a direct and proximate result of DEFENDANTS' actions PLAINTIFFS sustained injuries and damages as set forth above. Further, PLAINTIFFS claim all damages and penalties allowed by law.

91.    This court has the power to remedy DEFENDANTS' violations of California common law through compensatory and punitive damages, and without this court's intervention, PLAINTIFFS' injuries caused by DOE DEFENDANTS 1 and 2 will continue to be unaddressed.

**THIRD CAUSE OF ACTION**
**Violation of California Civil Code, section 52.1(c)**
**Injunctive and Declaratory Relief**
**(All PLAINTIFFS Against All DEFENDANTS)**

92.    PLAINTIFFS reallege each paragraph of this Complaint as if fully set forth herein.

93. "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with," "by threat, intimidation, or coercion" "may institute and prosecute in their own name and on their own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct." Civ. Code, sec. 52.1(b), (c).

94. On May 20, 2022, DEFENDANT HART and DEFENDANT DEPUTY MAYFIELD, working in concert, threatened to arrest PLAINTIFFS if they did not move to the "Free Speech Area."

95. PLAINTIFFS felt intimidated and coerced but refused to move to the "Free Speech Area," as these new threats of arrest contradicted what DEFENDANT DEPUTY MAYFIELD and Officer 1 had just told PLAINTIFFS.

96. DEFENDANT HART continued to harass PLAINTIFFS. He told PLAINTIFFS they had to go to the designated "Free Speech Area," and he said, "Failure to do so will not be good."

97. PLAINTIFF JOSEPH CUVIELLO asked DEFENDANT HART what would happen if they didn't go, and DEFENDANT HART said, "You'll have to figure that out."

98. PLAINTIFFS took these statements to mean that that PLAINTIFFS could be arrested as a form of intimidation and coercion so that PLAINTIFFS would voluntarily acquiesce and give up their right to free speech near the entrance.

99. DEFENDANT DEPUTY MAYFIELD and Officer 2 also approached PLAINTIFF DENIZ BOLBOL, stood in front of her sign to obstruct people's view of her sign, and repeatedly told her she was blocking ingress to the back entrance despite that she was not blocking ingress. DEFENDANT DEPUTY MAYFIELD repeatedly asked PLAINTIFF DENIZ BOLBOL to move despite the fact that PLAINTIFF DENIZ BOLBOL was not blocking the entrance.

100.     On May 21, 2022, DOE DEFENDANT 2 used threats, intimidation and coercion to attempt to interfere with PLAINTIFF DENIZ BOLBOL'S free speech rights by physically blocking her from accessing the free speech public forum.

101.     On May 21, 2022, DOE DEFENDANT 1 drove an electric utility vehicle into PLAINTIFF JOSEPH CUVIELLO's person to interfere with PLAINTIFF exercising his free speech rights as an animal rights activist.

102.     By and through such acts, DEFENDANTS have violated PLAINTIFFS' rights under California Civil Code, section 52.1, by interfering or attempting to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the First Amendment, the Constitution or laws of the State of California, including but not limited to the following clearly-established rights under the California Constitution and laws of the State of California: (a) the right of protection from bodily harm pursuant to California Civil Code, section 43 and (b) the right to be free from interference, or retaliation for, their exercise of constitutionally protected rights, including but not limited to speech, press, association, conscience, and beliefs, as secured by the First and Fourteenth Amendments of the United States Constitution and the California Constitution, Article I, Section 2(a).

103.     As a direct and proximate result of DEFENDANTS' violation of California Civil Code, section 52.1, PLAINTIFFS sustained injuries and damages as set forth above. Further, PLAINTIFFS claim all damages and penalties allowed by law, including California Civil Code, sections 52 and 52.1, and including costs, treble damages, civil penalties and attorney fees.

104.     PLAINTIFFS are entitled to an injunction under California Civil Code, section 52.1 to prevent DEFENDANTS from interfering or attempting to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the First Amendment, the Constitution or laws of the State of California.

105.     Absent an injunction from this court, PLAINTIFFS will continue to be irreparably harmed by DEFENDANTS' actions.

106.     PLAINTIFFS are entitled to a declaration from this court that DEFENDANTS' actions violated California Civil Code, section 52.1(c).

**FOURTH CAUSE OF ACTION**
**Violation of California Civil Code, section 51.7**
**Injunctive Relief under Code of Civil Procedure, section 526**
**(All PLAINTIFFS Against DOE DEFENDANT 1)**

107.    PLAINTIFFS reallege each paragraph of this Complaint as if fully set forth herein.

108.    California Civil Code, section 51.7 requires that "[a]ll persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation." Civ. Code, sec. 51.7(b)(1).

109.    "Intimidation by threat of violence" as used in California Civil Code, section 51.7, "includes, but is not limited to, making or threatening to make a claim or report to a peace officer or law enforcement agency that falsely alleges that another person has engaged in unlawful activity or in an activity that requires law enforcement intervention, knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report." Civ. Code, sec. 51.7(b)(2).

110.    On May 20, 2022, DOE DEFENDANT 1, in response to PLAINTIFFS exercising their free speech rights as animal rights activists, called the police and falsely stated that PLAINTIFFS were blocking the parking lot and entrance to the rodeo despite DOE DEFENDANT 1 knowing that statement to be false.

111.    On May 21, 2022, DOE DEFENDANT 1, in response to PLAINTIFF JOSEPH CUVIELLO exercising his free speech rights as an animal rights activist, drove an electric utility vehicle into PLAINTIFF JOSEPH CUVIELLO.

112.    As such, DOE DEFENDANT 1 violated PLAINTIFFS' right to be free from any violence or threat of violence, or intimidation by threat of violence committed against his person because of PLAINTIFF's animal rights political affiliation when DOE DEFENDANT 1 falsely reported to the police that PLAINTIFFS were acting unlawfully when exercising their free speech rights and when he drove the electric utility vehicle into PLAINTIFF JOSEPH CUVIELLO, causing him physical distress and harm.

113.    As is supported by the facts herein, DOE DEFENDANT 1's actions were motivated by PLAINTIFFS' political affiliations and beliefs.

114.    As a direct and proximate result of DEFENDANTS' violation of California Civil Code, section 51.7, PLAINTIFFS sustained injuries and damages as set forth above. Further, PLAINTIFFS claim all damages and penalties allowed by law, including California Civil Code, section 52(b), including costs, punitive damages, and civil penalties.

115.    PLAINTIFFS are also entitled to an injunction enjoining DOE DEFENDANT 1 from violating California Civil Code, section 51.7.

116.    Absent an injunction, DOE DEFENDANT 1 will be permitted to continue to interfere with PLAINTIFFS' "right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation." Civ. Code, sec. 51.7(b)(1).

117.    PLAINTIFFS, who have no intention of ending their demonstrations against rodeos at Rowell Ranch Rodeo Park, will be irreparably harmed without the court's intervention.

118.    Monetary damages will only compensate the harm that has been done to PLAINTIFFS in the past, so injunctive relief is necessary to secure their California Civil Code, section 51.7 rights in the future.

**FIFTH CAUSE OF ACTION**
**Violation of Article I, Section 2(a) of the California State Constitution**
**Injunctive Relief under California Civil Code, section 52.1 & Code of Civil Procedure, section 526**
**(All PLAINTIFFS Against All DEFENDANTS)**

119.    PLAINTIFFS reallege each paragraph of this Complaint as if fully set forth herein.

120.    Under the California Constitution, Article I, section 2, "[e]very person may freely speak, write and publish his or her sentiments on all subjects." Cal. Const. art. I, sec. 2.

121.    No person may deprive or interfere with an individual's rights under California Constitution, Article I, section 2.

122.   DEFENDANTS interfered with PLAINTIFFS exercising their free speech rights, including through blocking PLAINTIFFS' signs, physically touching PLAINTIFFS, and threatening to arrest PLAINTIFFS.

123.   PLAINTIFFS seek a preliminary injunction under California Civil Code, section 52.1 and Code of Civil Procedure section 526 during the pendency of this proceeding enjoining DEFENDANTS from further unlawful actions in violation of California Constitution, Article I, section 2, as prayed for below.

124.   PLAINTIFFS also seek a permanent injunction under California Civil Code, section 52.1 and Code of Civil Procedure section 526 enjoining DEFENDANTS from interfering, or attempting to interfere, with PLAINTIFFS' free speech rights through threats, intimidation, or coercion, and from harassing PLAINTIFFS while lawfully engaged in free speech activity.

125.   Absent an injunction, DEFENDANTS will be permitted to continue to harass, intimidate, threaten, and interfere with PLAINTIFFS' rights under Article I of the California Constitution.

126.   PLAINTIFFS, who have no intention of ending their demonstrations against rodeos at Rowell Ranch Rodeo Park, will be irreparably harmed without the court's intervention.

127.   Monetary damages will only compensate the harm that has been done to PLAINTIFFS in the past, so injunctive relief is necessary to secure the free exercise of their rights in the future.

**SIXTH CAUSE OF ACTION**
**Violation of First Amendment, as applied to the states under the Fourteenth Amendment**
**Injunctive Relief under 42 U.S.C. § 1983**
**Declaratory Relief under 28 U.S.C. § 2201(a)**
**(All PLAINTIFFS Against DEFENDANTS ROWELL RANCH RODEO, INC., DEPUTY MAYFIELD, HARD, and HART )**

128.   PLAINTIFFS reallege each paragraph of this Complaint as if fully set forth herein.

**SECOND VERIFIED AM. COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**

129.    Under 42 U.S.C. § 1983, a party may seek injunctive relief against a party who, under color of law of any state, subjects any person within the jurisdiction of the United States to a deprivation of any rights, privileges, or immunities secured by the Constitution and other laws.

130.    Free speech rights under the First Amendment to the United States Constitution have been made enforceable against the states through the Fourteenth Amendment.

131.    Rowell Ranch Rodeo Park is a publicly-owned park and therefore a public forum under the First Amendment.

132.    DEFENDANTS HARD and HART are state actors as they are a governmental entity and employee, respectively.

133.    DEFENDANT DEPUTY MAYFIELD is a state actor as he is a government employee.

134.    DEFENDANT ROWELL RANCH RODEO, INC. was also a state actor, and acting under the color of law, as it worked in concert with each state actor DEFENDANTS DEPUTY MAYFIELD, HARD, and HART to interfere with PLAINTIFFS exercising their free speech rights, including threatening to arrest PLAINTIFFS.

135.    PLAINTIFFS are entitled to an injunction under 42 U.S.C. § 1983 to prevent DEFENDANTS ROWELL RANCH RODEO, INC., DEPUTY MAYFIELD, HARD, and HART from continuing to violate PLAINTIFFS' First Amendment rights to freedom of speech.

136.    Absent an injunction, DEFENDANTS ROWELL RANCH RODEO, INC., DEPUTY MAYFIELD, HARD, and HART will be permitted to continue to harass, intimidate, threaten, and interfere with PLAINTIFFS' rights under the First Amendment.

137.    As such, PLAINTIFFS, who have no intention of ending their demonstrations against rodeos at Rowell Ranch Rodeo Park, will be irreparably harmed without the court's intervention.

138.    Monetary damages will only compensate the harm that has been done to PLAINTIFFS in the past, so injunctive relief is necessary to secure the free exercise of their rights in the future.

139.     Plaintiffs are also entitled to a declaration under 28 U.S.C. § 2201(a) that DEFENDANTS ROWELL RANCH RODEO, INC., DEPUTY MAYFIELD, HARD, and HART'S above-described actions violated PLAINIFFS' First Amendment rights to free speech.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS respectfully request the following relief against each DEFENDANT herein as alleged, jointly and severally where appropriate:

a)  For compensatory damages against each DEFENDANT in accordance with proof;

b)  For punitive damages against each DEFENDANT in accordance with proof;

c)  A civil penalty of $25,000 against each DEFENDANT for each violation of rights under Section 52.1 of the Civil Code.  These penalties shall be awarded to each PLAINTIFF, separately, for each violation caused by DEFENDANTS;

d)  A civil penalty of $25,000 against each DEFENDANT for each violation of rights under Section 51.7 of the Civil Code.  These penalties shall be awarded to each PLAINTIFF, separately, for each violation caused by DEFENDANTS;

e)  Special damages against DEFENDANTS ROWELL RANCH RODEO, INC., DEPUTY MAYFIELD, HARD, and HART pursuant to 42 U.S.C. §1983 in an amount to be proved at trial;

f)  Treble damages against each DEFENDANT pursuant to Section 52 of the Civil Code;

g)  Enjoin DEFENDANTS from violating PLAINTIFFS' rights under California Civil Code, section 52.1, by interfering or attempting to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the First Amendment, the Constitution or laws of the State of California;

h)  Declare that DEFENDANTS' actions violated California Civil Code, section 52.1(c);

i)  Enjoin DEFENDANTS ROWELL RANCH RODEO, INC., DEPUTY MAYFIELD, HARD, and HART from continuing to violate PLAINTIFFS' First Amendment rights to freedom of speech;

j)  Enjoin DOE DEFENDANT 1 from interfering with PLAINTIFFS' California Civil Code, section 51.7 rights in the future;

k)  Enjoin DEFENDANTS through preliminary and permanent injunctions under California Civil Code, section 52.1 and Code of Civil Procedure section 526  from interfering, or attempting to interfere, with PLAINTIFFS' free speech rights through threats, intimidation, or coercion, and from harassing PLAINTIFFS while lawfully engaged in free speech activity under California Constitution, Article I, section 2;

l)  Enjoin DEFENDANTS ROWELL RANCH RODEO, INC., DEPUTY MAYFIELD, HARD, and HART under 42 U.S.C. § 1983 from continuing to violate PLAINTIFFS' First Amendment rights to freedom of speech;

m)  Declare under 28 U.S.C. § 2201(a) that DEFENDANTS ROWELL RANCH RODEO, INC., DEPUTY MAYFIELD, HARD, and HART'S above-described actions violated PLAINTIFFS' First Amendment rights to free speech;

n)  Reasonable attorneys' fees, including pursuant to 42 U.S.C. § 1988;

o)  Costs of suit; and

p)  Such other and further relief as the court deems appropriate.

## DEMAND FOR JURY TRIAL

PLAINTIFFS demand a trial by jury of all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 3-6.

Respectfully submitted,

Dated: June 20, 2023

*/s/ Jessica Blome*
Jessica L. Blome
GREENFIRE LAW, PC
*Attorneys for PLAINTIFF Deniz Bolbol*

Dated: June 20, 2023

*/s/ Joseph Cuviello*
JOSEPH CUVIELLO
*PLAINTIFF In Pro Se*

**Verifications**

I, Joseph Cuviello, a citizen of the United States and a resident of the State of California, hereby verify under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 20 day of June, 2023.

*/s/ Joseph Cuviello*
JOSEPH CUVIELLO
*PLAINTIFF In Pro Se*

I, Deniz Bolbol, a citizen of the United States and a resident of the State of California, hereby verify under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 20 day of June, 2023.

*/s/ Debiz Bolbol*
DENIZ BOLBOL
*PLAINTIFF*

**SECOND VERIFIED AM. COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**

**EXHIBIT "B"**

1   DALE L. ALLEN, JR., State Bar No. 145279
    dallen@aghwlaw.com
2   ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
    180 Montgomery Street, Suite 1200
3   San Francisco, CA 94104
    Telephone:     (415) 697-2000
4   Facsimile:     (415) 813-2045

5   Attorneys for Defendant
    HAYWARD AREA RECREATION AND PARK
6   DISTRICT and KEVIN HART

7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10  JOSEPH P. CUVIELLO and DENIZ          Case No. 3:23-cv-01652-VC
    BOLBOL, individually,
11                                        **DEFENDANTS HAYWARD AREA
                    Plaintiff,            RECREATION AND PARK DISTRICT and
12                                        KEVIN HART'S ANSWER TO SECOND
                                          AMENDED COMPLAINT**
13        v.
                                          **DEMAND FOR JURY TRIAL**
14  ROWELL RANCH RODEO, INC.,
    HAYWARD AREA RECREATION AND
15  PARK DISTRICT, HAYWARD AREA
    RECREATION AND PARK DISTRICT
16  PUBLIC SAFETY
    MANAGER/RANGER KEVIN HART,
17  and DOES 1 and 2, in their individually
    and official capacities, jointly and
18  severally,

19                  Defendants.

20

21        Come now defendants HAYWARD AREA RECREATION AND PARK DISTRICT and

22  KEVIN HART ("defendants") in answer to first amended complaint on file by plaintiffs JOSEPH

23  P. CUVIELLO and DENIZ BOLBOL ("plaintiffs"), herein admit and allege as follows:

24                          **JURISDICTION AND VENUE**

25      1.   In answer to the allegations of paragraph 1 of the complaint, these defendants have no

26  information or belief to enable them to answer said allegations, and for that reason and basing

27  their denial on that ground, deny both generally and specifically, each and every, all and singular,

28  the allegations contained therein.

                                           1
                                                        ANSWER TO SAC
                                                        3:23-CV-01652-VC

593672.1

2. In answer to the allegations of paragraph 2 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

3. In answer to the allegations of paragraph 3 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

4. In answer to the allegations of paragraph 4 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

5. In answer to the allegations of paragraph 4 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## PARTIES AND PROCEDURE

6. In answer to the allegations of paragraph 6 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

7. In answer to the allegations of paragraph 7 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. In answer to the allegations of paragraph 9 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

10. In answer to the allegations of paragraph 10 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

11. In answer to the allegations of paragraph 11 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

12. In answer to the allegations of paragraph 12 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

13. In answer to the allegations of paragraph 13 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

14. In answer to the allegations of paragraph 14 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## **LEGAL FRAMEWORK**

### *California Law*

15. Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. Defendants admit the allegations in Paragraph 18 of the Complaint.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
3:23-CV-01652-VC3:23-CV-01652

593672.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

19. In answer to the allegations of paragraph 19 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

20. Defendants admit the allegations in Paragraph 20 of the Complaint.

21. Defendants admit the allegations in Paragraph 21 of the Complaint.

22. In answer to the allegations of paragraph 22 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

*Federal Law*

23. Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Defendants admit the allegations in Paragraph 24 of the Complaint.

25. In answer to the allegations of paragraph 25 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

26. In answer to the allegations of paragraph 26 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## FACTUAL ALLEGATIONS

27. In answer to the allegations of paragraph 27 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

28. In answer to the allegations of paragraph 28 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing

593672.1

their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

29. In answer to the allegations of paragraph 29 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

30. In answer to the allegations of paragraph 30 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

31. In answer to the allegations of paragraph 31 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

32. In answer to the allegations of paragraph 32 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

33. Defendants admit the allegations in Paragraph 33 of the Complaint.

34. In answer to the allegations of paragraph 34 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

35. In answer to the allegations of paragraph 35 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

36. In answer to the allegations of paragraph 36 of the complaint, these defendants have no

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

37. In answer to the allegations of paragraph 37 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

38. In answer to the allegations of paragraph 38 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

*Events Of May 20, 2022*

39. In answer to the allegations of paragraph 39 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

40. In answer to the allegations of paragraph 40 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

41. In answer to the allegations of paragraph 41 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

42. In answer to the allegations of paragraph 42 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

43. In answer to the allegations of paragraph 43 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

44. In answer to the allegations of paragraph 41 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

45. In answer to the allegations of paragraph 45 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

46. In answer to the allegations of paragraph 46 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

47. In answer to the allegations of paragraph 47 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

48. In answer to the allegations of paragraph 48 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

49. In answer to the allegations of paragraph 49 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

593672.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

50. In answer to the allegations of paragraph 50 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

51. In answer to the allegations of paragraph 51 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

52. In answer to the allegations of paragraph 52 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

53. In answer to the allegations of paragraph 53 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

54. In answer to the allegations of paragraph 54 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

55. In answer to the allegations of paragraph 55 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

56. In answer to the allegations of paragraph 56 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

593672.1

57. In answer to the allegations of paragraph 57 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

58. In answer to the allegations of paragraph 58 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

59. In answer to the allegations of paragraph 59 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

60. In answer to the allegations of paragraph 60 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

61. In answer to the allegations of paragraph 61 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

62. In answer to the allegations of paragraph 62 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

*Events Of May 21, 2022*

63. In answer to the allegations of paragraph 63 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular,

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
3:23-CV-01652-VC

the allegations contained therein.

64. In answer to the allegations of paragraph 64 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

65. In answer to the allegations of paragraph 65 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

66. In answer to the allegations of paragraph 66 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

67. In answer to the allegations of paragraph 67 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

*PLAINTIFFS' Constitutional Rights*

68. In answer to the allegations of paragraph 68 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

69. In answer to the allegations of paragraph 69 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

70. In answer to the allegations of paragraph 70 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

71. In answer to the allegations of paragraph 71 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

72. In answer to the allegations of paragraph 72 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

73. In answer to the allegations of paragraph 73 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

74. In answer to the allegations of paragraph 74 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

75. In answer to the allegations of paragraph 75 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

76. In answer to the allegations of paragraph 76 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

77. In answer to the allegations of paragraph 77 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

593672.1

their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

### FIRST CAUSE OF ACTION
### Assault
### (PLAINTIFF JOSEPH CUVIELLO Against DOE DEFENDANT 1
### and PLAINTIFF DENIZ BOLBOL Against DOE DEFENDANT 2)

78. In answer to the allegations of paragraph 78 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

79. Defendants admit the allegations in Paragraph 79 of the Complaint.

80. In answer to the allegations of paragraph 80 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

81. In answer to the allegations of paragraph 81 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

82. In answer to the allegations of paragraph 82 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

83. In answer to the allegations of paragraph 83 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

84. In answer to the allegations of paragraph 84 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
3:23-CV-01652-VC3:23-CV-01652

593672.1

their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## SECOND CAUSE OF ACTION
### Battery

**(PLAINTIFF JOSEPH CUVIELLO against DOE DEFENDANT 1**

**and PLAINTIFF DEDNIZ BOLBOL Against DOE DEFENDANT 2)**

85. In answer to the allegations of paragraph 85 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

86. Defendants admit the allegations in Paragraph 86 of the Complaint.

87. In answer to the allegations of paragraph 87 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

88. In answer to the allegations of paragraph 88 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

89. In answer to the allegations of paragraph 89 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

90. In answer to the allegations of paragraph 90 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

91. In answer to the allegations of paragraph 91 of the complaint, these defendants have no

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

593672.1

information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

### THIRD CAUSE OF ACTION

**Violation of California Civil Code, section 52.1 (c)**
**Injunctive and Declaratory Relief**
**(ALL PLAINTIFFS Against ALL DEFENDANTS)**

92. In answer to the allegations of paragraph 92 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

93. Defendants admit the allegations in Paragraph 93 of the Complaint.

94. In answer to the allegations of paragraph 94 of the complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

95. In answer to the allegations of paragraph 95 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

96. In answer to the allegations of paragraph 96 of the complaint, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

97. In answer to the allegations of paragraph 97 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

98. In answer to the allegations of paragraph 98 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

593672.1

99. In answer to the allegations of paragraph 99 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

100. In answer to the allegations of paragraph 100 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

101. In answer to the allegations of paragraph 101 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

102. In answer to the allegations of paragraph 102 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

103. In answer to the allegations of paragraph 103 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

104. In answer to the allegations of paragraph 104 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

105. In answer to the allegations of paragraph 105 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

593672.1

106.  In answer to the allegations of paragraph 106 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## FOURTH CAUSE OF ACTION

### Violation of California Civil Code, Section 51.7
### Injunctive Relief under Code of Civil Procedure, section 526
### (ALL PLAINTIFFS Against DOE DEFENDANT 1)

107.  In answer to the allegations of paragraph 107 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

108.  In answer to the allegations of paragraph 108 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

109.  Defendants admit the allegations in Paragraph 109 of the Complaint.

110.  In answer to the allegations of paragraph 110 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

111.  In answer to the allegations of paragraph 111 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

112.  In answer to the allegations of paragraph 112 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

593672.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

113.  In answer to the allegations of paragraph 113 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

114.  In answer to the allegations of paragraph 114 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

115.  In answer to the allegations of paragraph 115 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

116.   In answer to the allegations of paragraph 116 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

117.  In answer to the allegations of paragraph 117 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

118.  In answer to the allegations of paragraph 118 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

/ / /

/ / /

/ / /

/ / /

ANSWER TO SAC
3:23-CV-01652-VC3:23-CV-01652

593672.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

## FIFTH CAUSE OF ACTION
### Violation of Article I, Section 2(a) of the California State Constitution
### Injunctive Relief under California Civil Code, section 52.1 & Code of Civil Procedure, section 526
### (All PLAINTIFFS Against All DEFENDANTS)

119. In answer to the allegations of paragraph 119 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

120. Defendants admit the allegations in Paragraph 120 of the Complaint.

121. Defendants admit the allegations in Paragraph 121 of the Complaint.

122. In answer to the allegations of paragraph 122 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

123. In answer to the allegations of paragraph 123 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

124. In answer to the allegations of paragraph 124 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

125. In answer to the allegations of paragraph 125 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

126. In answer to the allegations of paragraph 126 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing

593672.1

their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

127. In answer to the allegations of paragraph 127 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**SIXTH CAUSE OF ACTION**
**Violation of First Amendment, as applied to the states under the Fourteenth Amendment**
**Injunctive Relief under 42 U.S.C § 1983**
**Declaratory Relief Under 28 U.S.C. § 2201 (a)**
**(ALL PLAINTIFFS Against DEFENDANTS ROWELL RANCH RODEO, INC.,**
**HARD, and HART)**

128. In answer to the allegations of paragraph 128 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

129. In answer to the allegations of paragraph 129 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

130. Defendants admit the allegations in Paragraph 130 of the Complaint.

131. In answer to the allegations of paragraph 131 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

132. In answer to the allegations of paragraph 132 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
3:23-CV-01652-VC 3:23-CV-01652

593672.1

133.  In answer to the allegations of paragraph 133 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

134.  In answer to the allegations of paragraph 134 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

135.  In answer to the allegations of paragraph 135 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

136.  In answer to the allegations of paragraph 136 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

137.  In answer to the allegations of paragraph 137 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

138.  In answer to the allegations of paragraph 138 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

139.  In answer to the allegations of paragraph 139 of the complaint, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
3:23-CV-01652-VC

593672.1

# FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That plaintiffs were themselves negligent and careless in and about the matters and events set forth in the complaint, and that said negligence contributed to their alleged injuries and/or damages. A verdict of the jury in favor of plaintiffs, if any, which may be rendered in this case must therefore be reduced by the percentage that plaintiffs' negligence contributed to the accident and injuries complained of, if any there were.

# SECOND AFFIRMATIVE DEFENSE

AS AND FOR A <u>THIRD</u>, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That the complaint does not state facts sufficient to constitute a cause of action against these answering defendants.

# FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's cause of action is barred by reason of the provisions of California Code of Civil Procedure sections 335.1, 340, and 343.

# FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's cause of action is barred by the statute(s) of limitations as set forth in Government Code Sections 901, 945.4, 945.6, 945.8, and all other applicable statutes of limitations.

# SIXTH AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

593672.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

Plaintiffs were guilty of willful misconduct and wanton and reckless behavior in and about the matters and events set forth in said complaint; and that said willful misconduct and wanton and reckless behavior contributed to the injuries and damages alleged, if any there were.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

This answering defendant, a public entity, is immune from liability pursuant to California Government Code sections 800 et seq.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Any and all acts or omissions of defendant HAYWARD AREA RECREATION AND PARK DISTRICT, its agents and employees, which allegedly caused the injury at the time and place set forth were the result of an exercise of discretion vested in them.

<u>NINTH AFFIRMATIVE DEFENSE</u>

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

At all times mentioned in the complaint, defendant KEVIN HART was a public employee of HAYWARD AREA RECREATION AND PARK DISTRICT and if he performed any of the acts or omissions alleged as the basis of the complaint, the acts or omissions were the result of the exercise of the discretion vested in him. Defendant is therefore immune from liability.

<u>TENTH AFFIRMATIVE DEFENSE</u>

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

At all times mentioned in the complaint, defendant HAYWARD AREA RECREATION AND PARK DISTRICT is not liable for any of these acts or omissions alleged in the complaint because the complaint only alleges that defendant HAYWARD AREA RECREATION AND PARK DISTRICT is liable based on the acts or omissions of others.

593672.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

## ELEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT

ALLEGES:

At all times mentioned in the complaint, defendant KEVIN HART was a public employee

of HAYWARD AREA RECREATION AND PARK DISTRICT and, as such, is not liable for any

of these acts or omissions alleged in the complaint because the complaint only alleges that

defendant KEVIN HART is liable based on the acts or omissions of others.

## TWELFTH AFFIRMATIVE DEFENSE

AS AND FOR A EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT

ALLEGES:

Defendant alleges that plaintiff failed to set forth the facts sufficient to state a cause of

action due to a failure to comply with claims requirements of the California Government Code §§

900 et. seq.

## THIRTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT

ALLEGES:

Any and all mandatory duties imposed upon defendant HAYWARD AREA

RECREATION AND PARK DISTRICT, its agents and employees, the failure of which allegedly

created the condition complained of, were exercised with reasonable diligence and therefore

defendant HAYWARD AREA RECREATION AND PARK DISTRICT is not liable pursuant to

Government Code § 815.6.

## FOURTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT

ALLEGES:

Should plaintiffs recover non-economic damages against any defendant, the liability for

non-economic damages is limited to the degree of fault and several liability of said defendant

pursuant to Civil Code section 1431.2 and a separate, several judgment shall be rendered against

said defendant based upon said defendant's degree of fault and several liability.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

## FIFTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendants alleged employee mentioned in plaintiff's complaint was, at all times, duly qualified, appointed and acting peace officer of HAYWARD AREA RECREATION AND PARK DISTRICT and peace officer of the State of California and in accordance with the Constitution of the United States and the State of California and the laws of the United States and the laws of the State of California; and at all times mentioned herein, said officer was engaged in the performance of his regularly assigned duties within the scope of his duties as peace officer of HAYWARD AREA RECREATION AND PARK DISTRICT.

## SIXTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

These answering defendants acted in good faith and with a reasonable belief that the actions were lawful and further did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The acts of these answering defendants were lawful and proper and in all respects was reasonable and legal.

## EIGHTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

These answering defendants are immune from liability pursuant to the provisions of §§ 815, 815.2, 818, 820.2, 820.4, 820.6, 820.8, 820.9, 821.6, 844.6, and 845.6 of the Government Code of the State of California.

## NINETEENTH AFFIRMATIVE DEFENSE

593672.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendants are immune from 42 U.S.C. §1983 liability pursuant to the doctrine of qualified immunity. See *White v. Pauly*, 137 S. Ct. 548 (2017), *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

## TWENTIETH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The facts alleged in the Complaint do not involve any custom, practice, procedure or regulation of defendants, which gives rise to a violation of a constitutional right pursuant to Monell v. New York City Department of Social Services, 436 U.S. 658 (1978).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiffs has wholly failed to plead facts which give rise to any colorable claim for punitive or exemplary damages against defendants, nor do any such facts exist.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

AS AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's claims for punitive or exemplary damages violate defendants' right to procedural due process, substantive due process, and protection from "excessive" fines as guaranteed by the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution, respectively, and the Constitution of the State of California.

/ / /

/ / /

/ / /

/ / /

/ / /

593672.1

WHEREFORE, defendants prays that plaintiffs take nothing by way of the complaint on file herein and that defendants have judgment for their costs, attorneys' fees and for such other and further relief as the court deems proper.

Respectfully submitted,

Dated:  July 5, 2023

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By:  */s/ Dale Allen*
　　　DALE L. ALLEN, JR.
　　　Attorneys for Defendant
　　　HAYWARD AREA RECREATION AND
　　　PARK DISTRICT and KEVIN HART

## DEMAND FOR JURY TRIAL

Defendants HAYWARD AREA RECREATION AND PARK DISTRICT and KEVIN HART hereby demand a jury trial.

Respectfully submitted,

Dated:  July 5, 2023

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By:  */s/ Dale Allen*
　　　DALE L. ALLEN, JR.
　　　Attorneys for Defendant
　　　HAYWARD AREA RECREATION AND
　　　PARK DISTRICT and KEVIN HART

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

ANSWER TO SAC
3:23-CV-01652-VC3:23-CV-01652

593672.1

**EXHIBIT "C"**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIZ BOLBOL, et al., | Case No. 23-cv-01652-VC |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |
| ROWELL RANCH RODEO, INC., et al., | Re: Dkt. No. 28 |
| Defendants. | |

The motion for a temporary restraining order is denied. This order assumes the reader's familiarity with the facts of the case, the relevant law, and the discussion held at the motion hearing.

While the plaintiffs have shown a likelihood of success on their claim that the defendants (or at least Rowell Ranch) interfered with their free speech rights last year, they have not shown that they are likely to be prevented from meaningfully expressing themselves this year. The emergency motion relies exclusively on evidence from last year's events. While this is not nothing, the plaintiffs themselves have suggested that what happened last year was anomalous— they assert that until last year they regularly demonstrated at the rodeo without any issues. *See, e.g.*, Dkt. No. 28-1 at 6–7. Yet the motion contained no forward-looking evidence, such as representations from the defendants about what the plaintiffs might expect should they attempt to exercise their speech rights in the same manner this year. Indeed, at the hearing, it became apparent that neither the plaintiffs nor their lawyers even attempted to communicate with the defendants about the upcoming rodeo and what sort of treatment they might expect.

The Court therefore ordered the defendants to file sworn declarations explaining in detail

what the plaintiffs should expect at this year's rodeo. Those declarations suggest that the defendants are not likely to interfere with the plaintiffs' speech rights this weekend. The Park District's declaration explains that its rangers will not even be at the rodeo and will therefore have "no interaction with protesters who may come to the rodeo event." Dkt. No. 40 at 1. To the extent any allegedly unlawful behavior is reported to the rangers, the rangers have been instructed simply to report it to local law enforcement. Dkt. No. 40 at 2. For its own part, the Sheriff's Office has declared that, while it "will have deputies performing law enforcement duties at the site of the [] Rodeo," each deputy will be instructed not to impede the demonstrators' lawful exercise of their speech rights. Dkt. No. 41 at 2.

For its part, Rowell Ranch declares that it has designated a second free speech zone fifteen to twenty feet from the ticket booth closest to the pedestrian entrance to the arena, around where the plaintiffs typically demonstrate. Rowell Ranch further declares that "[d]emonstrators are *not* limited to the Free Speech Area to hand out their leaflets or engage the attendees" and that its employees "have *not* been instructed to call any law enforcement department simply because a demonstrator is not demonstrating in a Free Speech Area." Dkt. No. 43 at 2 (emphasis added). According to Rowell Ranch, the cordoned off free speech areas are intended to limit only where the demonstrators may set up tables, tents, or umbrella stands. Dkt. No. 43 at 1–2. The reason for this, Rowell Ranch declares, is to avoid blocking the roadway intended for emergency vehicle traffic. Dkt. No. 43 at 2. Rowell Ranch explains that, while pedestrians have access to the same roadway and may walk on it or across it, it wishes to keep the roadway free of temporary structures, which are less easily or quickly moved out of the way in the event of an emergency. Dkt. No. 39 at 2. As best the Court can discern on this last-minute, emergency posture, this is a sufficiently tailored restriction geared towards a sufficiently important government interest, and so it likely passes constitutional muster. *See Cuviello v. City of Oakland*, 434 F. App'x 615, 616–17 (9th Cir. 2011) (holding that ten-foot buffer zone from entrance to circus intended to avoid congestion did not violate the plaintiffs' speech rights).

In light of the defendants' declarations and the absence of contrary evidence in the

plaintiffs' motion, the plaintiffs have not shown they are likely to succeed on a speech claim based on this year's rodeo. They have therefore also failed to show a likelihood of irreparable harm.

Also weighing heavily against the plaintiffs is the fact that this is an emergency of their own making. The plaintiffs' motion states they have had "longstanding plans" to attend this year's rodeo. Dkt. No. 28-1 at 18. Indeed, it appears they have known for a year that they would be returning to the rodeo this coming weekend. But instead of filing a motion for a preliminary injunction well in advance, the plaintiffs sat on their rights. They filed their underlying complaint in this case on April 6, 2023, and then they waited even longer to move for an emergency restraining order, springing it on the parties and on this Court a mere ten days before the event (which is scheduled to begin today, May 19). And as noted above, the plaintiffs apparently made no effort to communicate with the defendants in advance of filing their "emergency" motion.

While this conduct would be troublesome in any case, it is especially problematic when a court is being asked to assess weighty constitutional claims whose adjudication would benefit from deliberation and possibly an evidentiary hearing. What's more, the plaintiffs have levied their claims against no less than three sets of both public and private defendants, further complicating matters and counseling in favor of careful deliberation. The plaintiffs do not have a right to a temporary restraining order. Relief of this sort is a matter of equity and discretion. Parties seeking this relief have a responsibility to tee up their claims in a timely and responsible fashion. When plaintiffs, intentionally or through gross neglect, sit on their rights only to spring an application for a temporary restraining order on their opponents at the eleventh hour, they risk limiting themselves to recovery of retrospective relief for any violation that occurs. This is so even if the rights the plaintiffs choose to sit on are constitutional in nature. Given the conduct of the plaintiffs in this case, even if they had shown a likelihood that their free speech rights would be infringed this weekend, the Court would likely deny their emergency application for the sole reason that the emergency was created by their own delay.

**IT IS SO ORDERED.**

Dated: May 19, 2023

_____
VINCE CHHABRIA
United States District Judge

**EXHIBIT "D"**

DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
WILLIAM A. ASPINWALL, State Bar No. 308919
waspinwall@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:     (415) 697-2000
Facsimile:     (415) 813-2045

Attorneys for Defendant
HAYWARD AREA RECREATION AND PARK
DISTRICT and KEVIN HART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiff,<br><br>v.<br><br>ROWELL RANCH RODEO, INC., HAYWARD AREA RECREATION AND PARK DISTRICT, HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART, and DOES 1 and 2, in their individually and official capacities, jointly and severally,<br><br>Defendants. | Case No. 3:23-cv-01652-VC<br><br>**DECLARATION OF NATALIE WONG PURSUANT TO COURT'S ORDER OF MAY 17, 2023 REGARDING ISSUANCE OF T.R.O. AND RESPONSE OF DEFENDANT HAYWARD AREA RECREATION AND PARK DISTRICT'S PARK RANGERS** |

I, Natalie Wong, am the Human Resources Manager for the Hayward Area Recreation and Park District and do hereby declare:

1.   The Hayward Area Recreation and Park District Park Rangers will not be present at the ticket areas or at the rodeo grounds during the rodeo commencing May 19 – 21, 2023 and will have no interaction with protesters who may come to the rodeo event.

/ / /

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DECLARATION OF NATALIE WONG
. 4:23-CV-01652-VC

582398.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

/ / /

2.  The Park Rangers' only authority under Penal Code section 830.31 is to issue citations for violations of ordinances passed by the Hayward Area Recreation and Park District's Board of Directors.

3.  In the event unlawful behavior is reported on the grounds permitted to Rowell Ranch, Inc., Park Rangers are instructed to report it to the local law enforcement agency to determine if a violation of law has occurred.

     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on May 18, 2023, at Hayward, California.

*Natalie Wong*
NATALIE WONG

2

DECLARATION OF NATALIE WONG
4:23-CV-01652

582398.1

CERTIFICATE OF SERVICE
*Cuviello v. Hayward Area Recreation and Park District, et al.*
Northern District Case No.: 4:23-cv-01652

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, CA 94104. On May 18, 2023, I served the within:

**DECLARATION OF NATALIE WONG**
**PURSUANT TO COURT'S ORDER OF MAY 17, 2023 REGARDING ISSUANCE OF T.R.O. AND RESPONSE OF DEFENDANT HAYWARD AREA RECREATION AND PARK DISTRICT'S PARK RANGERS**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

SEE ATTACHED SERVICE LIST

☐ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐ **By Overnight Delivery:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☒ **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(*FEDERAL*)** I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on May 18, 2023, at San Francisco, California.

_____
Evelyn Rodas

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

3

DECLARATION OF NATALIE WONG
. 4:23-CV-01652-VC

582398.1

**SERVICE LIST**

Jessica L. Blome
Christina R. Bucey
Gina Tomaselli
Greenfire Law, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703

Attorneys for Plaintiff Deniz Bolbol
Telephone: (510) 900-9502
E-Mail: jblome@greenfirelaw.com
E-Mail: cbucey@greenfirelaw.com

Joseph P. Cuviello
205 De Anza Blvd. #125
San Mateo, CA 94402

Plaintiff Pro Per
Telephone: (650) 315-3776
E-Mail: pcuvie@gmail.com

William Francis Burns
Law Offices of William F. Burns
699 Peters Ave., Ste. B
Pleasanton, CA 94566

Attorneys for Rowell Ranch Rodeo, Inc.
Telephone: 925-461-4972
E-Mail: wfburns@earthlink.net

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

DECLARATION OF NATALIE WONG
. 4:23-CV-01652-VC

582398.1