DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
NICHOLAS D. SYREN, State Bar No. 334807
nsyren@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

Attorneys for Defendants
HAYWARD AREA RECREATION AND PARK
DISTRICT and KEVIN HART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiff,<br><br>v.<br><br>ROWELL RANCH RODEO, INC., HAYWARD AREA RECREATION AND PARK DISTRICT, HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART, and DOES 1 and 2, in their individually and official capacities, jointly and severally,<br><br>Defendants. | Case No. 3:23-cv-01652-VC<br><br>**DECLARATION OF KEVIN HART IN SUPPORT OF DEFENDANTS HAYWARD AREA RECREATION AND PARK DISTRICT AND KEVIN HART'S CROSS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Hon. Vince Chhabria<br><br>Date: August 15, 2024<br>Time: 10:00 a.m.<br>Ctrm: 4 – 17th Floor |

I, KEVIN HART, declare as follows:

1. I am an individual and a defendant in the above-entitled action. I make this declaration in support of Hayward Area Recreation and Park District and Kevin Hart's Motion for Summary Judgment, or in the Alternative, Summary Adjudication. I have personal knowledge of the facts set forth herein, and if called upon to testify thereto, I could and would competently do so under oath.

2. I have personal knowledge of the following facts and could testify competently to them.

3. I was on duty as the Public Safety Manager and employee of Hayward Area Recreation and Park District ("HARD") with a shirt identifying myself as such at Rowell Ranch Rodeo on the evening of May 20, 2022.

4. A security plan was created by the Rodeo group renting the park for the day which I was aware of from my previous review and approval.

5. The "free speech area" was designated in the immediate area of the entrance to the parking lot. (Attached is a true and correct copy of the "free speech area").

6. I observed Plaintiffs Cuviello and Bolbol approaching the ticket booth area of park property on foot holding signs with graphic pictures of animal abuse.

7. I observed Plaintiffs and other individual demonstrators standing directly in front of the security entrance and attempting to block visitors to the rodeo from entering the rodeo event ticket booth entrance.

8. I observed Plaintiffs and demonstrators hold their signs and shout to individual visitors and de-cry how they could watch such an event where animal abuse happens. I received complaints relayed to me by Rowell Ranch volunteers that rodeo visitors felt their peace was being disturbed by the demonstrators.

9. I approached an individual later identified as Plaintiff Cuviello who appeared to be the group leader and advised him there was a designated free speech area located towards the front entrance of the parking lot area.

10. I observed demonstrators including Plaintiffs continue to demonstrate when requested to move to the designated free speech area and at times blocked the vehicle gate area being used by vehicle traffic.

11. I observed Plaintiffs refuse to move and refuse to stop blocking visitors from entering the rodeo.

12. Near the ticket booth area in the direct vicinity of the Plaintiffs and demonstrators was a vehicle gate that was being used a number of times by vehicle traffic. I observed demonstrators reluctantly move when faced with vehicle traffic and then immediately resume demonstrating.

13. I have reviewed the videos produced by Alameda County and Plaintiffs as well as the accompanying transcripts. The videos and transcripts are the true and correct depictions of my interaction with Plaintiffs.

14. I never told Plaintiffs they were under arrest nor subject to arrest nor subject to detention or citation at any time.

15. I had no intention of stopping the Plaintiffs and demonstrators from demonstrating at any time.

16. Additionally, I had no intention of physically moving Plaintiffs or to intimidate, coerce or threaten Plaintiffs with arrest.

17. I was informed prior to my interactions with Plaintiffs that Plaintiffs had a legal right to protest at any location of park property unless they blocked ingress and egress for emergency transportation lanes.

18. I had no authority to arrest Plaintiffs.

19. At no time did I instruct Alameda County Deputies to arrest Plaintiffs nor instruct Alameda County Deputies to threaten Plaintiffs with arrest.

20. I did not coordinate nor plan a response to the demonstrators with Deputy Mayfield nor anyone else from the Alameda County Sheriff's Department at any time prior to my interactions with Plaintiff.

21. I had no professional nor personal relationship with Deputy Mayfield prior to May 20, 2022.

22. I had no weapon on my person during my interactions with Plaintiffs nor any handcuffs.

23. I never raised my voice nor stepped toward Plaintiffs to make them feel intimidated or threatened.

24. Plaintiffs did not appear afraid of arrest at any time.

25. Plaintiffs were never stopped from protesting nor physically forced to move to the "Free Speech Area."

26. I had no further contact with Plaintiffs at any time.

27. I understood that demonstrators had a right to protest on public or quasi-public property based on my prior professional experience.

I swear under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my own personal knowledge.

Executed this 28th day of June, 2024, at Danville, California.

        */s/ Kevin Hart*
        KEVIN HART

**EXHIBIT "A"**



HARD (Cuviello/Bolbol) 000534