# REQUEST FOR JUDICIAL NOTICE

# EXHIBIT B

SENATE COMMITTEE ON JUDICIARY
Bill Lockyer, Chairman
1989-90 Regular Session

AB 2683 (Floyd)
As amended March 20, 1990
Hearing date: June 19, 1990
Civil Code
ART

A
B

2
6
8
3

## CIVIL RIGHTS:   ACTIONS TO ENJOIN UNLAWFUL INTERFERENCE

### HISTORY

Source: Tom Adler, private attorney

Prior Legislation:  None

Support:  California Attorneys for Criminal Justice; California
          Trial Lawyers Association;

Opposition:  Unknown (The Association for California Tort Reform
             had opposed the bill as introduced)

Assembly Floor vote:  Ayes 42 - Noes 21

### KEY ISSUE

SHOULD CALIFORNIA'S CIVIL RIGHTS STATUTE PROVIDE A PERSON DENIED
HIS OR HER CONSTITUTIONAL RIGHTS A CAUSE OF ACTION FOR DAMAGES?

### PURPOSE

Existing law authorizes the Attorney General, district attorneys,
city attorneys, and aggrieved individuals to bring actions for
injunctive and other appropriate equitable relief to protect the
peaceable exercise and enjoyment of rights secured by state and
federal laws or constitutions against interference or attempted
interference by threats, intimidation or coercion.

(More)

AB 2683 (Floyd)
Page 2

Existing law also provides for court awarded attorneys fees and
for the criminal prosecution of violators of court orders issued
pursuant to its provisions.

This bill would specifically provide that an aggrieved individual
may seek damages in actions brought under the Act.

COMMENT

1.  Background

    In 1986, the Office of the Attorney General sponsored
    legislation which sought to implement recommendations of its
    Commission on Racial, Ethnic, Religion and Minority Violence.
    The Commission was established, in part, to determine whether
    existing remedies were adequate to combat what appeared to be
    an increase in "hate violence"  (i.e. violence which is
    motivated by the victim's race, color, religion, ancestry,
    national origin or sexual orientation.)

    As a result of the Commission's work, the AG sponsored AB 63
    (Bane) - Chapter 1277, Statutes of 1987.  This bill enhances
    criminal penalties for acts constituting hate violence and
    authorized the AG, district attorney, city attorneys, aggrieved
    individuals to bring actions for injunctive and other equitable
    relief to protect the peaceful exercise and enjoyment of
    constitutional and statutory rights against interference or
    attempted interference by threats, intimidation or coercion.

2.  Stated need for the bill

    According to the proponent of the bill, the current wording of
    the State's Civil Rights Act does not provide sufficient
    encouragement to public and private groups to bring civil
    actions to curb "hate violence".  He suggests that the absence
    of damages award as an available remedy under the Act may have
    been an oversight but one which may discourage civil litigation
    aimed at curbing an increasing number of incidents of hate
    violence in the state.

    The proponent points to the case in Alabama where a jury
    returned a seven million dollar verdict against the Klu Klux
    Klan for the lynching death of a 19 year old student.  This
    verdict resulted in the seizure of the Klan's headquarters in
    order to satisfy the judgment.  Supporters of the bill state
    that "an important weapon against these groups would be
    encouraging civil litigation against them which destroys their
    financial resources."

(More)

AB 2683 (Floyd)
Page 3

3.   **Statistics on hate crimes**

     According to the Klanwatch Intelligence Division, a watchdog
     organization that gathers information on hate violence, there
     appears to be a dramatic rise in racist violence.  Statistics
     gathered by this group indicate that of 206 bias incidents
     reported for the entire nation in 1989,  41 of these hate
     incidents occurred in California.

4.   **Equitable remedies**

     Presently, a victim whose constitutional (civil) rights have
     been violated has only injunctive or equitable relief and is
     not allowed to seek other damages.  Unfortunately, many times
     equitable relief or an injunction alone does not provide relief
     because the damage has already been done.  For example, cross
     burning in someone's front lawn or the desecration of Jewish
     tombs are acts for which an injunction or other equitable
     remedy would not cure the wrong nor would it deter the conduct
     which is violative of a person's civil rights.

                         ***********