# REQUEST FOR JUDICIAL NOTICE

# EXHIBIT C

# Volume 2

# STATUTES OF CALIFORNIA

### AND DIGESTS OF MEASURES

## 1991

Constitution of 1879 as Amended

General Laws, Amendments to the Codes, and Resolutions passed by the California Legislature

## 1991–92 Regular Session



*Compiled by*

**BION M. GREGORY**

*Legislative Counsel*

of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

Nothing in this section shall require any person renting, leasing, or otherwise providing real property for compensation to modify his or her property in any way, or provide a higher degree of care for a blind or other physically disabled person than for a person who is not physically disabled.

(h) For the purposes of this section, "actual damages" means special and general damages. This subdivision is declaratory of existing law.

SEC. 2.5. Section 52 of the Civil Code is amended to read:

52. (a) Whoever denies, aids or incites a denial, or makes any discrimination, distinction, or restriction on account of sex, color, race, religion, ancestry, national origin, or blindness or other physical disability contrary to Section 51 or 51.5, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than two hundred fifty dollars ($250), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51 or 51.5.

(b) Whoever denies the right provided by Section 51.7, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right and, in addition, the following:

(1) An amount to be determined by a jury, or a court sitting without a jury, for exemplary damages.

(2) A civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right provided by Section 51.7.

(3) Attorney fees as may be determined by the court.

(c) Whenever there is reasonable cause to believe that any person or group of persons is engaged in conduct of resistance to the full enjoyment of any of the rights hereby secured, and that conduct is of that nature and is intended to deny the full exercise of the rights herein described, the Attorney General, any district attorney or city attorney, or any person aggrieved by the conduct may bring a civil action in the appropriate court by filing with it a complaint. The complaint shall contain the following:

(1) The signature of the officer, or, in his or her absence, the individual acting on behalf of the officer, or the signature of the person aggrieved.

(2) The facts pertaining to the conduct.

(3) A request for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order against the person or persons responsible for the conduct, as the complainant deems necessary to insure the full enjoyment of the rights herein described.

(d) Whenever an action has been commenced in any court

seeking relief from the denial of equal protection of the laws under the Fourteenth Amendment to the Constitution of the United States on account of race, color, religion, sex, national origin, or blindness or other physical disability, the Attorney General or any district attorney or city attorney for or in the name of the people of the State of California may intervene in the action upon timely application if the Attorney General or any district attorney or city attorney certifies that the case is of general public importance. In that action the people of the State of California shall be entitled to the same relief as if it had instituted the action.

(e) Actions under this section shall be independent of any other remedies or procedures that may be available to an aggrieved party.

(f) Any person claiming to be aggrieved by an alleged unlawful practice in violation of Section 51 or 51.7 may also file a verified complaint with the Department of Fair Employment and Housing pursuant to Section 12948 of the Government Code.

(g) Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever to any new or existing establishment, facility, building, improvement, or any other structure, or to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

Nothing in this section shall require any person renting, leasing, or otherwise providing real property for compensation to modify his or her property in any way, or provide a higher degree of care for a blind or other physically disabled person than for a person who is not physically disabled.

(h) For the purposes of this section, "actual damages" means special and general damages. This subdivision is declaratory of existing law.

SEC. 3. Section 52.1 of the Civil Code is amended to read:

52.1. (a) Whenever a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured.

(b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to,

damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

(c) An action brought pursuant to subdivision (a) or (b) may be filed either in the superior court for the county in which the conduct complained of occurred or in the superior court for the county in which a person whose conduct complained of resides or has his or her place of business. An action brought by the Attorney General pursuant to subdivision (a) also may be filed in the superior court for any county wherein the Attorney General has an office, and in such a case, the jurisdiction of the court shall extend throughout the state.

(d) Whenever a court issues a temporary restraining order or a preliminary or permanent injunction in an action brought pursuant to subdivision (a) or (b), ordering a defendant to refrain from conduct or activities, the order issued shall include the following statement: VIOLATION OF THIS ORDER IS A CRIME PUNISHABLE UNDER SECTION 422.9 OF THE PENAL CODE.

(e) The court shall order the plaintiff or the attorney for the plaintiff to deliver, or the county clerk to mail, two copies of any order, extension, modification, or termination thereof granted pursuant to this section, by the close of the business day on which the order, extension, modification, or termination was granted, to each local law enforcement agency having jurisdiction over the residence of the plaintiff and any other locations where the court determines that acts of violence against the plaintiff are likely to occur. Those local law enforcement agencies shall be designated by the plaintiff or the attorney for the plaintiff. Each appropriate law enforcement agency receiving any order, extension, or modification of any order issued pursuant to this section shall serve forthwith one copy thereof upon the defendant. Each appropriate law enforcement agency shall provide to any law enforcement officer responding to the scene of reported violence, information as to the existence of, terms, and current status of, any order issued pursuant to this section.

(f) A court shall not have jurisdiction to issue an order or injunction under this section, if that order or injunction would be prohibited under Section 527.3 of the Code of Civil Procedure.

(g) Actions under this section shall be independent of any other remedies or procedures that may be available to an aggrieved person under any other provision of law.

(h) In addition to any damages, injunction, or other equitable relief awarded in an action brought pursuant to subdivision (b), the court may award the petitioner or plaintiff reasonable attorney's fees.

(i) A violation of an order described in subdivision (d) may be punished either by prosecution under Section 422.9 of the Penal Code, or by a proceeding for contempt brought pursuant to Title 5 (commencing with Section 1209) of Part 3 of the Code of Civil Procedure. However, in any such proceeding pursuant to the Code of Civil Procedure, if it be determined that the person proceeded