# REQUEST FOR JUDICIAL NOTICE

# EXHIBIT F

AB 587
Page 1

Date of Hearing: April 3, 2001

ASSEMBLY COMMITTEE ON JUDICIARY
Darrell Steinberg, Chair
AB 587 (Firebaugh and Wesson) – As Amended: March 26, 2001

SUBJECT: CIVIL RIGHTS ACTIONS: PENALTIES

KEY ISSUES:

1) IN ACTIONS BROUGHT UNDER THE BANE ACT ON BEHALF OF HATE CRIMES VICTIMS, SHOULD GOVERNMENT ATTORNEYS BE PERMITTED TO SEEK THE SAME CIVIL PENALTIES, WHICH WOULD BE AWARDED TO INDIVIDUAL VICTIMS, THAT SUCH INDIVIDUALS ARE ALREADY ENTITLED TO RECOVER WHEN THEY SUE ON THEIR OWN BEHALF?

2) SHOULD THE MINIMUM DAMAGES THAT MAY BE AWARDED VICTIMS FOR VIOLATIONS OF VARIOUS CIVIL RIGHTS ACTS BE RAISED FROM $1,000 TO $4,000 IN ORDER TO HELP DETER SUCH VIOLATIONS?

SYNOPSIS

*The Bill Permits Government Attorneys In Actions Brought Under The Bane Act To Seek The Same $25,000 In Civil Penalties Which Would Be Awarded To Individual Victims Of Hate Crimes That Such Individuals Are Already Entitled To Recover When They Sue On Their Own Behalf, Thereby Increasing The Number Of Successful Enforcement Actions And Helping Deter The Occurrence Of Future Hate Crimes. The Bill Also Raises The Minimum Damages That May Be Awarded Victims For Violations Of The Unruh Act And Various Other Civil Rights Acts In Order To Help Deter Such Violations.*

SUMMARY: Permits government attorneys to seek specified civil penalties in actions brought on behalf of victims of hate crimes, and raises from $1,000 to $4,000 the minimum damages that may be awarded for violations of various civil rights acts. Specifically, this bill:

1) Allows the Attorney General, any district attorney, or any city attorney to seek a civil penalty of $25,000 (in addition to injunctive and other appropriate equitable relief already available), in a civil action brought on behalf of victims under the state hate crimes statute. It also provides that if this civil penalty is requested, it must be assessed individually against each person who is determined to have violated the statute, and the penalty must be awarded to each individual victim whose rights under the statute are determined to have been violated.

2) Raises from $1,000 to $4,000 the minimum damages that may be awarded victims for violations of the Unruh Civil Rights Act, Section 51.5 of the Civil Code, and the Gender Tax Repeal Act.

EXISTING LAW:

1) Provides, under the Hate Crimes statute, that all persons within California have the right to be free from any violence or intimidation by threat of violence, committed against them or

their property because of their race, sex, or religion, among other things. (Ralph Civil Rights Act, Civil Code section 51.7(a). All further references are to this code.) It also specifies that whoever denies another of any of these rights is liable for actual damages, as well as a civil penalty of $25,000, exemplary damages, and attorney's fees as determined by the court. (Section 52(b).)

2) Provides, under the Tom Bane Civil Rights Act, that an action may be brought by the Attorney General, any district attorney or city attorney, or an individual if a person, whether or not acting under color of law, interferes or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by the individual of rights secured by the constitution or laws of the state or federal government. (Section 52.1(a), (b).) However, it also provides that when Bane Act suits are brought by *individual* victims of hate crimes, the individual is able to recover damages, including a civil penalty of $25,000, exemplary damages, and attorney's fees, as well as injunctive and other appropriate equitable relief (section 52.1(b), (h)), while *government attorneys* bringing actions under the Bane Act on behalf of hate crimes victims may only seek equitable and injunctive relief. (Section 52.1(a).)

3) Provides, under the Unruh Civil Rights Act, that "[a]ll persons within the state are free and equal and, no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." (Section 51.)

4) Provides, under Section 51.5 of the Civil Code, that "[n]o business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state because of race, creed, color, national origin, sex, disability, or medical condition of the person … because the person is perceived to have one of more of those characteristics, or because the person is associated with a person who has, or is perceived to have, any of those characteristics." (Section 51.5.)

5) Provides, under the Gender Tax Repeal Act, that no business establishment may discriminate, with respect to the price charged for services of similar or like kind, against a person because of the person's gender. (Section 51.6(b).) However, nothing in the act prohibits priced differences based specifically upon the amount of time, difficulty, or cost of providing the services. (Section 51.6(c).)

6) Specifies remedies that may be awarded victims in civil actions for violations of the Unruh Civil Rights Act, Section 51.5, or the Gender Tax Repeal Act, including actual damages, a maximum of three times the amount of actual damages *but in no case less than $1,000*, and attorney's fees. (Sections 51.6(d), 52(a).)

FISCAL EFFECT: The bill as currently in print is not keyed fiscal.

COMMENTS: This bill, which is sponsored by the Attorney General (AG), would make two important changes regarding enforcement of the state's civil rights laws. First, the bill would permit government attorneys to seek the same $25,000 civil penalty in actions brought under the Bane Civil Rights Act on behalf of hate crimes victims that the individual victims are already entitled to recover when they sue on their own behalf. In such cases, the penalty will be assessed against each person who is determined to have violated the Bane Act and the penalty will be

awarded to each individual victim whose rights are determined to have been violated. Second, the bill would raise from $1,000 to $4,000 the minimum damages that may be awarded for violations of the Unruh Civil Rights Act, a related anti-discrimination provision, and the Gender Tax Repeal Act, in order to help deter such violations.

Allowing Government Attorneys To Seek Civil Penalties On Behalf Of Hate Crimes Victims Will Help Deter Such Crimes. According to the AG, permitting government attorneys to seek civil penalties, in addition to injunctive or equitable relief, may provide incentives for individual victims to pursue actions for violations of the Bane Act by reporting these incidents to the Attorney General and/or local government attorneys. The AG explains that individuals today are more likely to hire a private attorney if they could afford one or find one, rather than seeking the assistance of government prosecutors, because the present hate crimes statutory scheme only permits these government attorneys to obtain injunctive and equitable relief. The AG asserts that it is often difficult for victims of civil rights violations to find attorneys who are willing to take such cases on a contingency fee basis, which is often the only way they will take these cases because of the uncertainty of recovery, the difficulties of proving the case, and the expenses necessarily incurred in prosecuting such cases.

By allowing the Attorney General and district and city attorneys to seek civil penalties in such cases, at no cost to the individual, the AG believes it is much more likely that violations of the hate crimes statute will be reported to these government prosecutors. The AG argues that if the problem is not addressed, most victims of hate crimes will be unable to obtain meaningful relief for the violations, and perpetrators of such violations will have little incentive to refrain from future violations.

Raising Minimum Damages Awards For Violations Of Unruh Act And Other Civil Rights Acts Will Help Deter Such Violations. As noted above, Section 52(a) provides for a minimum damage award of $1,000 for violations of the Unruh Civil Rights Act, Section 51, and the Gender Tax Repeal Act. According to the AG, many of the violations of these civil rights acts often result in damages to each individual in amounts less than $1,000. As an example, the AG cites to two cases brought under the Gender Tax Repeal Act where the individual plaintiffs who were discriminated against because of their gender were charged only several dollars more than individuals of the other gender for goods or services offered by the defendants. In Koire v. Metro Car Wash (1985) 40 Cal.3d 24, the male plaintiff was refused discounts on car washes and nightclub cover charges offered to women through "Ladies Day" or "Ladies Night" promotions. The actual dollar amount overcharged to the plaintiff based on his gender was $2 to $3 per transaction. A similar case was filed by a plaintiff who was overcharged by $3.79 for an oil change because of his gender. (See Reese v. Wal-Mart Stores, Inc. (1999) 73 Cal.App.4th 1225.)

In the above cases, the plaintiff would likely only recover the $1,000 minimum amount and yet the defendant may have had hundreds or thousands of transactions that violated the acts and which would have unjustly enriched him or her. Thus, the prospect of paying an occasional $1,000 damage award due to a discriminatory promotion may be calculated as an absorbable cost of doing business if, as a result of the promotion, a lot of customers who are unaware of the law patronize the business. While the difference in the amount paid by a plaintiff may seem trivial and the motive for the offer benevolent or paternalistic, such acts of discrimination would be viewed entirely differently if the discounts were offered only to members of a certain race or religion. The AG believes that since the typical $1,000 damage award is unlikely to have a significant deterrent effect on the discriminatory practices of a large company, that minimum

amount should be increased to at least $4,000. According to the AG, this increased amount will allow plaintiffs to continue to pursue their claims within the jurisdictional limitations of small claims court, and will ensure that a small business is not put out of business by the commission of one violation.

<u>Pending Related Legislation</u>. AB 1088 (Jackson), which would amend the Gender Tax Repeal Act by deleting the cost of providing services from the allowable bases for price differences, is currently scheduled to be heard in the Assembly Judiciary Committee on April 24, 2001.

<u>Prior Pertinent Legislation</u>. AB 2719 (Wesson), Ch. 98, Stats. 2000, among other things, allows the AG and local government attorneys to seek a $25,000 civil penalty to be awarded to victims in successful enforcement actions brought on their behalf under the Ralph Civil Rights Act.

REGISTERED SUPPORT / OPPOSITION:

Support

Attorney General (sponsor)
Anti-Defamation League, Pacific Southwest Region
California School Employees Association

Opposition

None on file

Analysis Prepared by:   Daniel Pone / JUD. / (916) 319-2334