# REQUEST FOR JUDICIAL NOTICE

# EXHIBIT I

CONFIDENTIAL-Government Code § ▓▓(l)

| Department:/Board | Bill Number/Author: |
|---|---|
| Office of Criminal Justice Planning | AB 587 (Firebaugh) D-Los Angeles |
| Sponsor: Department of Justice<br>☐ Admin Sponsored   Proposal No. | Related Bills<br>None known. | Chaptering Order (if known)<br>☐ Attachment |

Subject: Civil Rights: Penalties for Violations

## SUMMARY

This bill will allow the Attorney General, any district attorney, or any city attorney to seek a civil penalty of $25,000 (in addition to injunctive and other appropriate equitable relief already available), in a civil action brought on behalf of victims under the state hate crimes statute. It also provides that if this civil penalty is requested, it must be assessed individually against each person who is determined to have violated the statute, and the penalty must be awarded to each individual victim whose rights under the statute are determined to have been violated. This bill will also raise from $1,000 to $4,000 the minimum damages that may be awarded victims for violations of the Unruh Civil Rights Act (Unruh Act), Civil Code § 51.5, and the Gender Tax Repeal (GTR) Act.

## PURPOSE OF THE BILL

The purpose of this bill is to increase civil penalties for violations of civil rights and anti-hate crime provisions of current law.

## RECOMMENDATION AND SUPPORTING ARGUMENTS

OCJP recommends that the Governor **SIGN** AB 587 (Firebaugh). OCJP does not object to increased penalties for various civil rights and anti-hate crimes violations. OCJP agrees with the sponsor, the Attorney General, that increased penalties may deter violations.

**Departments That May Be Affected**

☐ New / Increased Fee   ☐ Governor's Appointment   ☐ Legislative Appointment   ☐ State Mandate   ☐ Urgency Clause

| Dept/Board Position | Agency Secretary Position |
|---|---|
| ☒ Sign | ☐ Sign |
| ☐ Veto | ☐ Veto |
| ☐ Defer to | ☐ Defer to |
| Director /Chair   Date  8/27/01 | Agency Secretary   Date |


## ANALYSIS

### a. Specific Findings

Current law provides, under the Hate Crimes statute, that all persons within California have the right to be free from any violence or intimidation by threat of violence, committed against them or their property because of their race, sex, or religion, among other things. (Ralph Civil Rights Act, Civil Code § 51.7(a). It also specifies that whoever denies another of any of these rights is liable for actual damages, as well as a civil penalty of $25,000, exemplary damages, and attorney's fees as determined by the court. (Civil Code § 52(b).)

Current law provides, under the Tom Bane Civil Rights Act, that an action may be brought by the Attorney General, any district attorney or city attorney, or an individual if a person, whether or not acting under color of law, interferes or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by the individual of rights secured by the constitution or laws of the state or federal government. (Civil Code § 52.1(a), (b).) However, it also provides that when Bane Act suits are brought by individual victims of hate crimes, the individual is able to recover damages, including a civil penalty of $25,000, exemplary damages, and attorney's fees, as well as injunctive and other appropriate equitable relief (Civil Code § 52.1(b), (h)), while government attorneys bringing actions under the Bane Act on behalf of hate crimes victims may only seek equitable and injunctive relief. (Civil Code § 52.1(a).)

Current law provides, under the Unruh Civil Rights Act, that "[a]ll persons within the state are free and equal and, no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." (Civil Code § 51.)

Current law provides, under Civil Code § 51.5, that "[n]o business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state because of race, creed, color, national origin, sex, disability, or medical condition of ... person because the person is perceived to have one of more of those characteristics, or because the person is associated with a person who has, or is perceived to have, any of those characteristics."

Current law provides, under the Gender Tax Repeal Act, that no business establishment may discriminate, with respect to the price charged for services of similar or like kind, against a person because of the person's gender. (Civil Code § 51.6(b).) However, nothing in the act prohibits priced differences based specifically upon the amount of time, difficulty, or cost of providing the services. (Civil Code § 51.6(c).)

Current law specifies remedies that may be awarded victims in civil actions for violations of the Unruh Civil Rights Act, Civil Code § 51.5, or the Gender Tax Repeal Act, including actual damages, a maximum of three times the amount of actual damages but in no case less than $1,000, and attorney's fees. (Civil Code §§ 51.6(d), 52(a).)