Jessica L. Blome (State Bar No. 314898)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
       lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 De Anza Blvd., #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>PLAINTIFFS.<br><br>v.<br><br>ROWELL RANCH RODEO, INC., et al.<br><br>DEFENDANTS. | Case No. 3:23-cv-01652-VC<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS HARD AND KEVIN HART'S REPLY TO PLAINTIFFS' STATEMENT OF UNDISPUTED, MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:      August 15, 2024<br>Time:      10:00 a.m.<br>Judge:     Hon. Vince Chhabria<br>Courtroom: 5, 17th Floor |

Plaintiffs' REPLY to Defendants HARD and Hart's Response to Plaintiffs' Statement of
Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

0

Plaintiffs submitted a Separate Statement of Undisputed Facts, Dkt. 84-1, to which Defendants HARD and Hart responded with disputed fact and objections, Dkt. 115-18. Plaintiffs reply to Defendants' response below.

1. No dispute.

2. No dispute.

3. No dispute.

4. No dispute. The facts cited are material to Plaintiffs' request for injunctive relief.

5. Due to an inadvertent staff filing error, Plaintiffs did not file the Declarations of Robyn Newkirk or Michael Sage when they filed their Motion for Partial Summary Judgment. However, Plaintiffs filed the declarations on June 28, 2024, immediately upon learning of their mistake, at Dkts. 113 and 114. Defendants had three days to review the short declarations, the summaries of which were already included in Plaintiffs' briefing, Dkt. 84. Plaintiffs formally incorporate the declarations herein as supporting their opposition to Defendants' cross motion for summary judgment.

The evidence produced by Defendants does not dispute the facts alleged in Paragraph 5, other than the self-serving, post-event declaration of Defendant Kevin Hart. The remaining evidence presented consisted of video camera footage, which speaks for itself and the "Expert Report" of James Dudley, Dkt. 115-10 (the "Dudley Report"). Plaintiffs object to Mr. Dudley's expert report in its entirety because Mr. Dudley did not authenticate the report under oath, and it is being offered for the truth of the matter asserted therein. It therefore lacks foundation under FRE 602 and 901 and is hearsay in violation of FRE 803. Mr. Dudley's expert report, moreover, repeatedly presents legal conclusions as expert opinion. An expert may base an opinion on facts or data in the case, but he may not testify as to the ultimate *legal* conclusions in the case. FRE 702; *Callahan v. Wilson*, 863 F.3d 144, 153 (2nd. Cir. 2017) ("[E]xpert testimony is not admissible under Federal Rule of Evidence 702 if it 'usurp[s] . . . the role of the jury in applying th[e] law to the facts before it,' as such testimony 'undertakes to tell the jury what result to reach, and thus attempts to substitute the expert's judgment for the jury's.") (citing *Nimely v. City of*

Plaintiffs' REPLY to Defendants HARD and Hart's Response to Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

1

*N.Y.*, 414 F.3d 381, 397 (2d Cir. 2005); *see also Minasian v. Standard Chtd. Bank, P.L.C.*, 109 F.3d 1212, 1216 (1997) (explaining the limitations of FRE 704). No genuine dispute of a material fact exists.

6. No dispute. Defendants fail to submit any citations to evidence that rebuts Plaintiffs' statement of facts at Paragraph 6. No genuine dispute of a material fact exists.

7. The requirement for Defendants' free speech restriction is derived from its lease agreement with vendors. Dkt. 84-42, p. 209-210. This is material to each of Plaintiffs' free speech claims. No genuine dispute of a material fact exists.

8. The facts contained in Plaintiffs' Paragraph 8 relate to Defendant Rowell Ranch Rodeo's response to the lease requirement to set up a "marked location for public speech" at the Rodeo Park. The facts are not compound. No genuine dispute of a material fact exists.

9. Plaintiffs cite evidence to support the statements in Paragraph 9. Defendants dispute Plaintiffs' evidence with the testimony of Defendant Kevin Hart, only, which contradicts Defendants' prior answers to discovery, as cited by Plaintiffs. No genuine dispute of a material fact exists.

10. No dispute.

11. Defendants offer argument in response to Plaintiffs' statement of facts in Paragraph 11 that contradict their admissions elsewhere. Dkt. 115, p. 1:24-26. No genuine dispute of a material fact exists.

12. No dispute.

13. No dispute.

14. With respect to the Declarations of Robyn Newkirk and Michael Sage, Plaintiffs incorporate their response at Paragraph 5 herein. The video evidence Defendants cite to dispute Plaintiffs' claims speak for themselves. Plaintiffs renew their objection to the Dudley Report.

15. No dispute. These facts are relevant to Plaintiffs claims for violation of Civil Code, Section 51.7, which require proof of intimidation by threat of violence because of political affiliation, or on account of any characteristic listed or defined in Civil Code, section 51(b) or

Plaintiffs' REPLY to Defendants HARD and Hart's Response to Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

2

(e). No genuine dispute of a material fact exists.

    16.    No dispute.

    17.    No dispute.

    18.    No dispute.

    19.    No dispute.

    20.    Defendants offer the self-serving declaration of Defendant Kevin Hart to dispute Plaintiff's video evidence. Defendants ACSO and Deputy Mayfield do not dispute Plaintiffs' characterization of the instruction Defendants HARD and Hart gave Defendant Mayfield. The video evidence Defendants cite to dispute Plaintiffs' claims speak for themselves. Plaintiffs renew their objection to the Dudley Report. No genuine dispute of a material fact exists.

    21.    No dispute.

    22.    No dispute.

    23.    No dispute.

    24.    No dispute.

    25.    With respect to the Declarations of Robyn Newkirk and Michael Sage, Plaintiffs incorporate their response at Paragraph 5 herein. Defendants offer the self-serving declaration of Defendant Kevin Hart to dispute Plaintiff's video evidence. The video evidence Defendants cite to dispute Plaintiffs' claims speak for themselves. Plaintiffs renew their objection to the Dudley Report. No genuine dispute of a material fact exists.

    26.    With respect to the Declarations of Robyn Newkirk and Michael Sage, Plaintiffs incorporate their response at Paragraph 5 herein. Defendants offer the self-serving declaration of Defendant Kevin Hart to dispute Plaintiff's video evidence. The video evidence Defendants cite to dispute Plaintiffs' claims speak for themselves. Plaintiffs renew their objection to the Dudley Report. No genuine dispute of a material fact exists.

    27.    With respect to the Declarations of Robyn Newkirk and Michael Sage, Plaintiffs incorporate their response at Paragraph 5 herein. Defendants offer the self-serving declaration of Defendant Kevin Hart to dispute Plaintiff's video evidence. The video evidence Defendants cite

Plaintiffs' REPLY to Defendants HARD and Hart's Response to Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

3

to dispute Plaintiffs' claims speak for themselves. Plaintiffs renew their objection to the Dudley Report. No genuine dispute of a material fact exists.

28. No dispute.

29. No dispute. These facts are relevant to Plaintiffs' claims for violations of Section 52.1, assault, and battery. These facts are also relevant to Plaintiffs' claims for violation of Civil Code, section 51.7, which require proof of intimidation by threat of violence because of political affiliation, or on account of any characteristic listed or defined in Civil Code, section 51(b) or (e). No genuine dispute of a material fact exists.

30. No dispute.

31. Defendants offer the self-serving declaration of Defendant Kevin Hart to dispute Plaintiff's video evidence. No genuine dispute of a material fact exists.

32. No dispute. Defendants worked in concert, together, to violate Plaintiffs' constitutional rights. Defendants do not dispute Plaintiffs' statement of facts in any way at Paragraph 32.

33. No dispute. Defendants worked in concert, together, to violate Plaintiffs' constitutional rights. Defendants do not dispute Plaintiffs' statement of facts in any way at Paragraph 33.

34. No dispute. Defendants worked in concert, together, to violate Plaintiffs' constitutional rights. Defendants do not dispute Plaintiffs' statement of facts in any way at Paragraph 34.

35. No dispute. Defendants worked in concert, together, to violate Plaintiffs' constitutional rights. Defendants do not dispute Plaintiffs' statement of facts in any way at Paragraph 35.

36. No dispute. Defendants worked in concert, together, to violate Plaintiffs' constitutional rights. Defendants do not dispute Plaintiffs' statement of facts in any way at Paragraph 36.

37. No dispute. Defendants worked in concert, together, to violate Plaintiffs'

Plaintiffs' REPLY to Defendants HARD and Hart's Response to Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

4

constitutional rights. Defendants do not dispute Plaintiffs' statement of facts in any way at Paragraph 37.

38.  No dispute. Defendants worked in concert, together, to violate Plaintiffs' constitutional rights. Defendants do not dispute Plaintiffs' statement of facts in any way at Paragraph 38.

39.  No dispute. Defendants fail to submit any citations to evidence that rebuts Plaintiffs' statement of facts at Paragraph 6. No genuine dispute of a material fact exists.

Respectfully submitted,

DATED: July 29, 2024,   */s/ Jessica L. Blome*
Jessica Blome
Lily R. Rivo
GREENFIRE LAW, PC
*Attorneys for Plaintiff Deniz Bolbol*

DATED: July 29, 2024,   */s/ Joseph P. Cuviello*
JOSEPH P. CUVIELLO
*Plaintiff in Pro Se*

Plaintiffs' REPLY to Defendants HARD and Hart's Response to Plaintiffs' Statement of Undisputed, Material Facts ISO Plaintiffs'
Joint Motion for Partial Summary Judgment (3:23-cv-01652-VC)

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July, 2024, the foregoing was served on all parties through the Court's electronic filing, CM/ECF system in accordance with Rule 5 of the Federal Rules of Civil Procedure.

GREENFIRE LAW, P.C.

By: ___*/s/ Jessica San Luis*___
      Jessica San Luis