DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
NICHOLAS D. SYREN, State Bar No. 334807
nsyren@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:      (415) 697-2000
Facsimile:      (415) 813-2045

Attorneys for Defendants
HAYWARD AREA RECREATION AND PARK
DISTRICT and KEVIN HART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiff,<br><br>v.<br><br>ROWELL RANCH RODEO, INC., HAYWARD AREA RECREATION AND PARK DISTRICT, HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART, and DOES 1 and 2, in their individually and official capacities, jointly and severally,<br><br>Defendants. | Case No. 3:23-cv-01652-VC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION (F.R.C.P. 56)**<br><br>Hon. Vince Chhabria<br><br>Date:      August 15, 2024<br>Time:      10:00 a.m.<br>Ctrm:     4, 17th Floor<br><br>Trial:      October 21, 2024 |

In this reply brief HARD and Mr. Hart again emphasize, the undisputed facts regarding the events of May 20, 2022, at Rowell Ranch Rodeo show: (1) Plaintiffs were never arrested, detained nor cited; (2) Plaintiffs were never threatened with arrest nor other violent act; (3) Plaintiffs and their fellow protestors never had their banners and signs interfered with nor their protesting stopped for one second; (4) No acts of physical intimidation occurred; (5) Most notably the video evidence shows Plaintiffs were never actually afraid of arrest nor any act of violence against them by Mr. Hart; and, (6) Mr. Hart had no authority that evening to effectuate an arrest nor carried handcuffs.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

674915.1

1         Plaintiffs failed in any of its cited authorities to provide a case on point or even similar to

2    the events of May 20, 2022, at Rowell Ranch Rodeo. All other case law related to Bane Act

3    liability for speech alone violations include actual arrests, detentions and/or citations. None of

4    these occurred here, and to extend liability would be an extension of law without precedent. For

5    this reason alone, Plaintiffs' motion for summary judgment should fail and HARD Defendants'

6    cross motion should be granted. No authority provides as a matter of law Mr. Hart's actions

7    constitute a violation of the law. The uncontroverted video evidence proves Mr. Hart never used

8    the words "arrest" "citation" "detention" nor threatened any violent act. Plaintiffs' aggressive and

9    unruly behavior toward law enforcement should not be rewarded here. We humbly request the

10   Court rely on the objective video evidence here proving Mr. Hart did not instill fear in the

11   Plaintiffs that they would be arrested, cited or detained on the day of the incident.

12        Further, Plaintiff Bolbol only heard "bits and pieces" of the conversation with Mr. Hart

13   and testified that "I don't recall paying full attention to it." (*Bolbol Dep. Tr.*, at 55:10-14, 56:14-

14   16, attached as Ex. "B" to Syren Decl.) ("Bolbol"). Plaintiff Cuviello testified he did not believe

15   Mr. Hart had the ability to arrest him at the time of the incident. (Cuviello depo, 56:21-25, Ex. A

16   to Syren Decl.). These facts are crucial to the finding of no liability on the Bane Act cause of

17   action because they prove that Plaintiffs were not in reasonable fear of arrest based on not only a

18   subjective but an objective basis. Moreover, no actual harm occurred here as Plaintiffs were never

19   stopped from demonstrating nor chilled their speech as they continued to protest over the course

20   of the weekend.

21       **A.**    **<u>Plaintiffs Were Not in Reasonable Fear of Arrest</u>**

22        No reasonable jury would find that element (2) of CACI 3066 'reasonable belief' standard

23   has been met here. Plaintiff Cuviello's response to Mr. Hart's comments requesting they move to

24   the Free Speech Zone is to immediately confront Deputy Mayfield and ask him if he was subject

25   to arrest. (*Ex. D* to Syren Decl. at 15:24 – 16:2). Plaintiff Cuviello then requested Deputy

26   Mayfield call his watch commander to determine if the demonstrators including Plaintiffs were

27   subject to arrest. (*Id.* at 15:24 – 16:2). These actions alone prove that Plaintiff Cuviello was not in

28   fear of arrest at any time and needed further clarification from County of Alameda deputies

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, California 94104

MSJ - REPLY
3:23-CV-01652-VC

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  regarding the possibility of his arrest. Based on prior demonstrations by Plaintiffs, each Plaintiff

2  had been arrested or threatened with arrest on numerous occasions. Most notably in San Francisco

3  at the Union Square protest in or around 2013, Plaintiffs were threatened with arrest and cited.

4  Based on this threat of arrest, the Plaintiffs both moved to the Free Speech Zone because they

5  feared arrest. Conversely here, Plaintiffs never left the front ticket booth area, nor were ever

6  stopped from demonstrating at any time. Moreover, Plaintiff Cuviello stepped forward into the

7  personal space of both Mr. Hart and Deputy Mayfield acting as aggressor seemingly without fear

8  of Mr. Hart; Mr. Hart never physically intimidated Plaintiffs nor threatened Plaintiffs with

9  weapons; Mr. Hart never used the word "arrest" at any time and Plaintiff Cuviello admitted he did

10  not believe Mr. Hart had the ability to arrest him. These facts tend to prove that no reasonable

11  jury would find Plaintiff Cuviello was in reasonable fear of arrest.

### B.   Hart's Words and Actions Did Not Constitute Threats, Intimidation or Coercion

14       Here, Plaintiffs are extremely experienced demonstrators with a long history of

15  interactions with law enforcement. They are also experienced in perceiving threats of arrest or

16  actual arrests both being arrested on multiple occasions. Plaintiffs never heard a statement that

17  they would be imminently arrested or arrested at all. Mr. Hart never uttered the word 'arrest.'

18  Importantly, Plaintiffs actions as stated above tend to show Plaintiffs were not in reasonable fear

19  of arrest by Mr. Hart at any time. Additionally, Mr. Hart's specific words never included the word

20  "arrest", nor "violence." Plaintiffs, experienced in demonstrations and dealing with law

21  enforcement did not perceive Mr. Hart's words as threats, coercion or intimidation at the time of

22  the incident. Only afterwards did Plaintiffs then describe that they did in fact feel threatened.

23  However, at no time at or near the incident time on May 20, 2022, did Plaintiffs verbally state that

24  they were in fear of arrest.

### C.   Plaintiffs Have Cited No Authority That Establishes as a Matter of Law, Mr. Hart violated the Bane Act

27       Plaintiffs again fail to present any case that affords a remedy at law for the actions of Mr.

28  Hart. A number of federal courts in California "have found that a threat of arrest from law

674915.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

enforcement can constitute 'coercion' under the Bane Act, even without a threat of violence." *Cuviello v. City of Vallejo*, 2020 WL 6728796 at *8 (E.D. Cal. Nov. 16, 2020). However, in each of these cases, there were explicit threats that the plaintiffs *would* be arrested if they did not comply with the officer's instructions. *See e.g., Cuviello v. City and County of San Francisco,* 940 F.Supp.2d 1071, 1102 (N.D. Cal. 2013); *Cuviello v. City of Vallejo,* 2020 WL 6728796 at *2, *8. In *CCSF* demonstrators including Plaintiff Cuviello demonstrated with banners in an area near San Francisco's Union Square and were requested to move to the pre-designated free speech zone. (*CCSF.* at 1077-1078). Plaintiff Cuviello was cited and found to be threatened with arrest after an unambiguous warning of arrest and threat of placement in handcuffs if he did not move by a uniformed police officer. *Id.* at 1103. Plaintiff was cited and moved to the free speech area. (*Id.* at 1078). However, the facts of the CCSF case are easily distinguishable here. First, the threat of arrest was plain and unambiguous. Second, Plaintiffs' banners and materials were tampered with and actually interfered with their freedom of expression, and Plaintiffs were actually cited by law enforcement and threatened with handcuffs and arrest. These facts are distinguishable as none of those facts occurred here, as no threat of arrest was actually stated.

HARD and Mr. Hart have not located any cases where a law enforcement official stated that he "might" or "could" arrest a plaintiff but did not do so, as opposed to either explicitly stating he would arrest them or clearly using his law enforcement authority to imply that he would arrest plaintiff. Again, Plaintiffs themselves know when they are threatened with arrest due to their history as demonstrators where they have been threatened with arrest explicitly on multiple occasions.

### D.   Plaintiffs Agree the Standard to Determine a Bane Act Violation is Based on CACI 3066

A Bane Act violation is outlined in CACI 3066 which states:

To establish this claim, [name of plaintiff] must prove all of the following: [That by threats, intimidation or coercion, [name of defendant]caused [name of plaintiff] to *reasonably believe* that if[he/she/nonbinary pronoun] exercised [his/her/nonbinary pronoun]right [insert right, e.g., "to vote"], [name of defendant] would commit violence against [[him/her/nonbinary pronoun]/ [or] [his/her/nonbinary pronoun] property] and that [name of defendant] had the *apparent ability* to carry out the threats;]"

674915.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1    If a reasonable jury cannot or is unlikely to find a Bane Act violation as a matter of law as

2  is the case here, the Court here should find HARD Defendants have met their burden in its motion

3  for summary judgment and deny Plaintiffs motion for summary judgment. As stated above, at

4  deposition Plaintiff Bolbol only heard "bits and pieces" of the conversation with Mr. Hart and

5  testified that "I don't recall paying full attention to it." (*Bolbol Dep. Tr.*, at 55:10-14, 56:14-16).

6  Thus, it's unclear exactly what Plaintiff Bolbol heard at the time Mr. Hart spoke to Plaintiffs over

7  the approximate three-minute period that is the subject of its Bane Act cause of action. Plaintiff

8  Bol Bol presents declarations and supplemental declarations in an effort to obscure the fact of the

9  plain language of her deposition testimony where she appears to hear only parts of what Mr. Hart

10  said. This alone leaves Plaintiff Bolbol's Bane Act claims subject to summary judgment as one

11  cannot be in reasonable fear of arrest if they did not hear the words uttered by Mr. Hart. The same

12  argument made above regarding Plaintiff Cuviello's reasonable fear is also made here in regard to

13  Plaintiff Bolbol's reasonable fear of arrest based on here previous demonstration activity

14  including the event at San Francisco's Union Square in which demonstrators were threatened with

15  arrest and cited. For these reasons, no reasonable jury could find Plaintiffs were in 'reasonable

16  fear' of arrest at the time of the incident in question on May 20, 2022.

17    Moreover, the only evidence Plaintiffs offer of their alleged fear of arrest are their

18  declarations in which they each offer the *same exact* testimony:

19         During my interaction with Defendant Hart and Defendant Deputy
          Mayfield I felt intimidated by their threat of arrest which I believed
20         was a tactic they were using to coerce me into giving up my free
          speech right to demonstrate outside the free speech area. My fear
21         of being arrested was based on verbal threats, including, but not
          limited to, Defendant Hart stating, "You don't have too much of a
22         choice," to move to the designated "Free Speech Area" and "failure
          to do so will not be good," and Defendant Deputy Mayfield telling
23         me I "could be arrested" and that it was a "possibility" if I didn't
          move to the free speech area.
24

25  Declaration of Joseph Cuviello, p. 6:6-12; Declaration of Deniz Bobol, p. 5:17-23. Courts have

26  refused to find a genuine fact "where the only evidence presented is 'uncorroborated and self-

27  serving' testimony." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). In

28  circumstances where the Court finds nothing in the record to support a plaintiff's allegations,

674915.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

other than plaintiff's own self-serving testimony, the Court may deny plaintiff's summary judgment motion (or, alternatively, grant Defendants' cross-motion),"[b]ecause '[n]o reasonable person would undertake the suspension of disbelief necessary to give credit to the allegations made in [the] complaint.'" *Jeffreys v. City of New York,* 426 F.3d 549, 555 (2d Cir. 2005). That is the case here.

Instead, the Court should look to the uncontroverted video evidence provided that shows Plaintiffs were not intimidated. In fact, the video evidence shows that Plaintiffs were the aggressors here, not Mr. Hart or Deputy Mayfield. Plaintiff Cuviello in fact moves towards Mr. Hart and Deputy Mayfield and into the personal space within an extremely close distance asking questions and providing commentary. Plaintiff Bolbol does not appear afraid based on observations and lack of verbal statements from her. Plaintiff Cuviello upon hearing Mr. Hart's statements does not go to Mr. Hart but instead to Deputy Mayfield because he knew at the time that Mr. Hart did not have the ability to arrest him. Mr. Cuviello asks Deputy Mayfield not Mr. Hart whether he'd be arrested and was never told by Deputy Mayfield nor Mr. Hart he would be arrested, detained or even cited.

Plaintiffs' declarations stating that they "felt intimidated" are contradicted by the undisputed video evidence of Plaintiffs' actions and their words. The videos show that during and shortly after Plaintiffs' less than four-minute interaction with Mr. Hart at no time did Plaintiffs have a subjective belief that they had been threatened with actual arrest. Plaintiffs never altered their actions after Mr. Hart's statement; rather, they continued to protest uninterrupted, handing out pamphlets and speaking with patrons in the same location.

### E.   Mr. Hart Did Not Have the 'Apparent Authority' to Arrest Plaintiffs Based on Plaintiffs' Own Testimony

(*Bane Act*) liability may not be based on "Speech alone" unless "the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and ***that the person threatening violence had the apparent ability to carry out the threat***." [*Civ. Code, §52.1, subd. (j)*] § 3:19. Prohibited

*conduct: interference or attempted interference by threats, intimidation or coercion; speech alone*

*insufficient unless it threatens violence, Cal. Civ. Prac. Civil Rights Litigation §3:19.*

As stated above Plaintiff Cuviello testified that he did not believe Mr. Hart had the ability to arrest him at the time of the incident. (Cuviello depo, 56:21-25, Ex. A to Syren Decl.). Additionally, Plaintiff Bolbol only heard "bits and pieces" of Mr. Hart's comments directed toward the demonstrators and Plaintiff Cuviello. These facts alone prove that Plaintiffs never reasonably believed Mr. Hart had the ability to carry out the alleged threat of arrest. Additionally, Plaintiff Bolbol is heard on video stating "I think they're trying to mess with you Pat," inferring that she did not believe Mr. Hart nor anyone else was attempting to arrest or threaten arrest anyone including Plaintiffs. When the situation is taken in context, it's clear from the record that Plaintiffs did not believe Mr. Hart had the apparent ability to arrest them, a requirement of a Bane Act violation. Without this requirement of the element of the Bane Act, their Bane Act claim fails. Thus, HARD Defendants have presented the requisite facts to establish summary judgment on the issue of the 'apparent ability' of Mr. Hart to arrest them.

Plaintiffs' statement in its Supplemental Declaration in support of its Opposition/Reply state, "…Plaintiffs understood (Mr. Hart) to have authority to effectuate a citizen's arrest." Suppl. Cuviello Decl. ¶ 11. Again, this contradicts sworn testimony from Plaintiff Cuviello. (See (Cuviello depo, 56:21-25)). Simply stated Mr. Hart had no authority to arrest Plaintiffs, but only to issue citations. (*Decl. of K. Hart*, ¶ 18). This is proven based on the fact that Mr. Hart had no weapon on his person during his interactions with Plaintiffs nor any handcuffs. (*Decl. of K. Hart*, ¶ 22). Mr. Hart was unable to arrest Plaintiffs on the day of the incident and is proven by the lack of weapon, handcuffs or other items to effectuate an arrest. For these reasons, Plaintiffs' fear of arrest by Mr. Hart was unreasonable.

**F.**     **Neither HARD nor Hart are Liable Under Plaintiffs' Working in Concert Theory**

Plaintiffs' Partial Motion for Summary Judgment failed to offer any evidence, legal authority, or argument on the "working in concert theory" in its moving papers, meaning Plaintiffs waived the issue in its motion. Plaintiffs' working in concert theory can be made in its

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

MSJ - REPLY
3:23-CV-01652-VC

674915.1

1    Opposition to HARD and Hart's Motion for Summary Judgment only. As stated in County of

2    Alameda's Cross Motion for Summary Judgment, "To state a claim for conspiracy to violate

3    constitutional rights, 'the plaintiff must state specific facts to support the existence of the claimed

4    conspiracy.'" *Olsen v. Idaho State Bd. Of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (quoting

5    *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.1989)). A plaintiff "must also allege that one

6    or more of the conspirators 'did, or caused to be done, any act in furtherance of the object of the

7    conspiracy,' whereby another was 'injured in his person or property,' or 'deprived of having and

8    exercising any right or privilege of a citizen of the United States.'" *Id.* A plaintiff must establish

9    facts concerning a specific agreement between the parties, the scope of the conspiracy, the role

10   each played, and when and how the conspiracy operated. *Steshenko v. Gayrard*, 44 F.Supp.3d

11   941, 957 (N.D. Cal. 2014). Plaintiffs failed to introduce any evidence showing that Hart was

12   engaged in a scheme with Mayfield (or anyone else) to violate Plaintiffs' right to free speech.

13       Plaintiffs' Opposition presents theories without evidence that Hart and Mayfield conspired

14   to violate Plaintiffs' rights. First Plaintiffs state Hart and Mayfield 'spoke privately' prior to

15   approaching Plaintiffs. However, Plaintiffs are not aware of the conversation and assume that a

16   plan was determined between Hart and Mayfield when no evidence is presented that a plan was

17   determined. In fact, Mr. Hart did not coordinate nor plan a response to the demonstrators with

18   Deputy Mayfield nor anyone else from the Alameda County Sheriff's Department at any time

19   prior to his interactions with Plaintiff. (*Decl. of K. Hart*, ¶ 20). Second, Plaintiffs allege that Hart

20   and Mayfield had a clear common goal of attempting to get Plaintiffs to relocate their

21   demonstration to the Free Speech Area. This is again, not established by the evidence and pure

22   conjecture. For these reasons, Plaintiffs waived the working in concert theory and in any event

23   have not presented facts establishing a common scheme or plan other than pure speculation

24   unsupported by the record.

25       **G.    Plaintiffs Have No Facts to Support Their Punitive Damages Claim**

26       Plaintiffs have not offered any evidence (and merely conclusory argument) to support

27   their contention that they are entitled to punitive damages. There is absolutely no evidence of

28   malice, oppression or fraud, evil intent or motive, disregard of plaintiffs' safety, and/or reckless

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

674915.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

indifference to Plaintiffs' rights on the part of Mr. Hart; there was no physical harm to plaintiffs; and there was no misuse or abuse of power or authority. See *Cuviello, et al. v. City of Oakland*, et al., Northern District of California Case No. C-06-5517 MHP (Dkt. No. 218) (July 20, 2009). The purpose of Mr. Hart's words directed toward Plaintiff Cuviello was to attempt to move Plaintiff to the "free speech area," not a deliberate or malicious act to deprive Plaintiffs of their rights. Plaintiffs cannot prove based on the evidence at hand that Mr. Hart acted with evil intent by the standard of clear and convincing evidence here. Plaintiffs conclusory statement in its Opposition states that "…the only logical rational for his motive is that he disliked Plaintiffs' message and was trying to neutralize it." (Plaintiffs' Opposition and Reply to Defendants HARD and Kevin Hart, p. 20, l. 24-25). This is pure conjecture and not supported by the evidence of the record. Mr. Hart did not act with callous indifference as he was not attempting to violate any free speech or other right of Plaintiffs. For these reasons HARD Defendants respectfully request the Court rule Plaintiffs are not entitled to punitive damages.

**H.**   **Qualified Immunity Does Apply and *Grossman* is on Point Here Regarding the 1983 Cause of Action**

Similar to the case here except without threat or actual arrest, in *Grossman*, a police officer arrested the plaintiff for violating a permit requirement during a protest demonstration. 33 F.3d at 1202. The permit requirement was later found to be unconstitutional and qualified immunity protected the arresting officer due to his good faith adherence to a law he had no awareness was unconstitutional. *Id.* at 1210. Similarly, Mr. Hart simply attempted to uphold the agreed upon Free Speech Area (FSA) on another area of the property. Based on precedent qualified immunity applies and Plaintiff's section 1983 claim should fail as a matter of law.

**I.**   **Plaintiffs Fail to Prove that They Are Likely to Suffer Irreparable Injury in the Future and HARD has Proven a Subsequent Events Have Shown no Injury**

Plaintiffs attempt to prove that a permanent injunction is proper due to the one-time event at issue here. However, Plaintiffs will not suffer irreparable injury in the future as any potential FSA will be constitutional and near the entrance area as applied. Rowell Ranch has satisfactorily remedied any alleged First Amendment violation of time, place and manner restrictions regarding

MSJ - REPLY
3:23-CV-01652-VC

674915.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  the "free speech area" as it has been moved to a constitutionally proper area near the entrance to

2  the event. Specifically, "Rowell Ranch declares that it has designated a second free speech zone

3  fifteen to twenty feet from the ticket booth closest to the pedestrian entrance to the arena, around

4  where the plaintiffs typically demonstrate. Rowell Ranch further declares that "[d]emonstrators

5  are *not* limited to the Free Speech Area to hand out their leaflets or engage the attendees" and that

6  its employees "have *not* been instructed to call any law enforcement department simply because a

7  demonstrator is not demonstrating in a Free Speech Area." Dkt. No. 43 at 2 (emphasis added)."

8  (Dkt. 46 pp. 1-2, RJN ¶ 3).

9      Further, as stated in the Order, "The Park District's declaration explains that its rangers

10  will not even be at the rodeo and will therefore have "no interaction with protesters who may

11  come to the rodeo event." Dkt. No. 40 at 1, RJN ¶ 4); (Dkt. 46 pp. 1-2, RJN ¶ 3). Plaintiffs'

12  arguments are misplaced as they are relating to the location and constitutionality of the FSA in

13  regard to the May 20, 2022, event and not the current status of the FSA which is constitutional.

14  Additionally, HARD rangers are not involved in enforcement. Therefore, as argued above

15  element one is disputed, but Plaintiffs cannot prove that, considering the balance of the hardships

16  between the [parties], a remedy in equity is warranted here as the alleged First Amendment issues

17  have been remedied.

18      **J.      Conclusion**

19      For these reasons, Defendants respectfully request their cross motion for summary

20  judgment be granted and Plaintiff's Second Amended Complaint dismissed with prejudice and

21  Plaintiffs' Joint Motion for Summary Judgment be denied.

22

23                          Respectfully submitted,

24  Dated:  August 5, 2024          ALLEN, GLAESSNER,
                                    HAZELWOOD & WERTH, LLP

25

26                          By:  __/s/ Nicholas D. Syren_____
                                    DALE L. ALLEN, JR.
27                                  NICHOLAS D. SYREN
                                    Attorneys for Defendants
28                                  HAYWARD AREA RECREATION AND
                                    PARK DISTRICT and KEVIN HART

674915.1