PAUL CALEO (SBN 153925)
pcaleo@grsm.com
OSMAAN KHAN (SBN 331766)
oakhan@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596
Oakland, CA 94607
Telephone: (510) 463-8600
Facsimile: (510) 984-1721

*Attorneys for Defendant*
ROWELL RANCH RODEO INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually, <br><br> Plaintiffs, <br><br> v. <br><br> ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; and DOES 1 through 2, in their individual and official capacities, jointly and severally. <br><br> Defendants. | Case No.: 3:23-CV-01652 <br><br> **DEFENDANT ROWELL RANCH RODEO INC. REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT** <br><br> **Date:** August 15, 2024 <br> **Time:** 10:00 a.m. <br> **Dept.:** 5, 17th Floor <br> **Judge:** Hon. Vince Chhabria <br><br> Complaint Filed: April 6, 2023 <br> Trial: October 21, 2024 |

## I. INTRODUCTION

Plaintiffs have failed to respond to Rowell Ranch's arguments.

### A. George Ferris' Actions do not meet the Intent Requirement

Plaintiff argues that in *Reese v. County of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018), the Court states that a defendant need not be thinking of violating a plaintiff's rights in Constitutional or legal terms. Rowell Ranch does not deny this, and rather points to the fact that George Ferris categorically asked Plaintiffs for tickets, highlighting his actual intentions in that

-1-
DEFENDANT ROWELL RANCH RODEO INC. REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT

1  moment. Any further inference related to his intentions at the concerned instance is mere
2  speculation.

3  Plaintiffs claim that they are the only ones who have submitted evidence that shows Ferris'
4  intentions. Since the burden of meeting the elements of their causes of action is on the Plaintiffs,
5  they *need* to introduce evidence in support of them. Being the party that is the sole source of
6  evidence for an element does not change the burden, but rather the content of the actual evidence.
7  The evidence in concern, i.e. the footage, does not help establish George Ferris' intentions besides
8  those of demanding rodeo tickets from the Plaintiffs.

9  After stating that the Court should infer George Ferris' intentions from the video footage,
10 Plaintiffs goes on to say that when Ferris told them that they need tickets, he was doing so only as
11 an excuse to keep the Plaintiffs *intentionally* off a public forum. This is mere speculation, which
12 the Plaintiffs refrain from elaborating further on. The conversation between George Ferris and the
13 Plaintiffs is audible on the video footage. Plaintiff Bolbol had the camera on her person when this
14 interaction occurred. The footage shows George Ferris demanding tickets from the Plaintiffs.
15 Nothing in the footage constitutes evidence of intentionally keeping Plaintiffs off a public forum.

16 Plaintiffs' also claim that Plaintiff Bolbol's visible protest signs are on video, leading to
17 George Ferris formulating an animus against her speech. Plaintiffs citation for this video footage
18 does not refer to a time stamp which would show such signs. Plaintiffs also refer to having
19 demonstrated at the front entrance parking lot prior to this interaction as somehow adding to
20 George Ferris' knowledge of their demonstration prior to the interaction. Plaintiffs mention that
21 Plaintiff Cuviello had a bag of signs over his shoulders. They do not specify how George Ferris
22 would have inferred information about their demonstration and speech from this. Even if Plaintiff
23 Bolbol had a visible protest sign on her person, Plaintiffs have not pointed to any evidence which
24 shows that he saw that protest sign, or acted upon it in any way. George Ferris' words in the footage
25 do not mention any animus to their speech.

26 Plaintiffs, now in new supplemental declarations, state that Rowell Ranch was not checking
27 for tickets at parking lot entrances. This information is irrelevant, if not factually incorrect. The
28

-2-
DEFENDANT ROWELL RANCH RODEO INC. REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT

interaction between George Ferris and the Plaintiffs took place when the Plaintiffs were trying to make their way to the back entrance, and thus not at the parking lot entrances.

Plaintiff are required to affirmatively prove the intent element to establish that George Ferris' actions constitute a violation under §52.1. They have failed to do that here.

### B. Plaintiff incorrectly claims Rowell Ranch did not argue for George Ferris' Actions being Coercive against Plaintiff Bolbol

Plaintiffs argue in their opposition that Rowell Ranch only argued for George Ferris' actions as not violent. They attempt to point to the Court that George Ferris' actions were coercive, and thus meet the elemental requirements for a §52.1 violation.

Section IV.A.1. of Rowell Ranch's Cross Motion not only explains the lack of coercion in the body of text, but references it in the very heading. George Ferris' actions do not constitute as perceived threats of violence, threats, intimidation, or coercion. For the sake of brevity, the whole interaction between George Ferris and Plaintiff Bolbol lasted for less than a minute. Plaintiff Bolbol's actions, captured on video, categorically show that she was not threatened, intimidated or coerced. Further and admittedly so, Plaintiff Bolbol continued to protest at, locations where she pleased, for multiple days after this, further showing that she was not intimidated or coerced.

Plaintiffs cite to *Cornell v. City and County of San Francisco*, 17 Cal. App.5th 766 (2017), highlighting that the violation of rights has to be sufficiently egregious to warrant enhanced statutory remedies beyond tort relief. George Ferris' actions do not meet the requirement for tort relief, let alone being egregious enough to lead to an enhanced statutory remedy.

### C. Gary Houts' Actions do not Meet the Intent Requirement

Plaintiff cites to the <u>criminal</u> case of *People v. Lindberg*, 45 Cal. 4th 1 (2008) to state what Gary Houts' "substantial" motivation was when the utility vehicle made contact with Plaintiff Cuviello, but gives no explanation on how the citation is relevant. The case concerns enhanced penalties for first degree murder in instances of prohibited bias. The case goes on to state that the bias motivation must be a cause in fact of the offence, i.e. at least a substantial portion of the motivation.

Plaintiffs needs to show that Gary Houts alleged animus towards Plaintiff Cuviello and his speech was a substantial factor in his actions. Rowell Ranch has pointed to evidence which categorically shows another source of motivation for Gary Houts moving the utility vehicle, i.e. aiding a disabled rodeo patron. Plaintiffs' response is merely resorting to their interpretation, and inferences drawn from this interpretation, of the footage. These eventually lead to the claim that there *can be no other reason*, other than to intimidate Plaintiff Cuviello, for Gary Houts to back up the utility vehicle into him. Just before this incident, Gary Houts verbally communicates that he needs to assist a disabled patron. Rowell Ranch provided evidence of this alternative motivation, casting doubt on whether animus to the speech was a substantial motivating factor. Plaintiffs have not directed to any other evidence to establish the substantial motivating factor to their benefit.

### D. Rowell Ranch did not argue against Plaintiffs' harm due to Plaintiffs seeking Statutory Damages for §52.1

Plaintiff elaborate on how they do not need to prove harm for a violation of §52.1. Rowell Ranch conceded that since Plaintiffs are seeking statutory damages, they do not need to prove any harm for §52.1. Even without having to prove actual harm, Plaintiffs have failed to meet the requirements for §52.1 violations.

### E. §52.1's "Substantial" Motivation Requirement is Analogous to §51.7's Motivation Requirement

Plaintiff completely ignores the fact that Rowell Ranch has already argued that both George Ferris and Gary Houts do not have "substantial" motivation to deprive Plaintiffs' of their rights. They go on to claim that Rowell Ranch has conceded the intent element for the purposes of 51.7, which is not the case. In both instances, the burden is on Plaintiff to show whether George Ferris and Gary Houts' had the required intent, which they have not done.

### F. Plaintiffs Ignore the Causation Requirement of §51.7 with Regards to Gary Houts' Phone Call

California Civil Jury Instruction (CACI) No. 3063 lists causation between the plaintiff's harm and defendant's conduct, as a required element, which the Plaintiffs completely ignore.

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

Plaintiff fixates on the claim that Gary Houts' statement to dispatch was a false misrepresentation, which Rowell Ranch disputes. Plaintiffs introduce senate bill which shows that a false allegation to law enforcement entails "intimidation by threat of violence." This bill only covers the first element of a 51.7 violation. Plaintiffs need to establish *all* the elements, including substantial causation. As explained by Rowell Ranch, Plaintiffs cannot establish causation, since law enforcement was already on its way to the Rodeo when Gary Houts made the phone call to dispatch.

### G. Plaintiffs' did not suffer Any Harm

The Plaintiffs paint the interaction between Plaintiff Bolbol and George Ferris, and Plaintiff Cuviello and Gary Houts, as being thought-out and egregious acts of continued violence by the Rowell Ranch volunteers with the primary intention of depriving them of their free speech rights. Plaintiffs mischaracterize Rowell Ranch's argument, stating that Rowell Ranch is only taking into account physical harm. The footage paints a different picture, forcing the viewer to take into account various factors at-play in both instances.

Plaintiffs mischaracterize the footage again, claiming that Gary Houts "rammed" the vehicle into Plaintiff Cuviello when the footage shows no such impact. Had Gary Houts actually "rammed" into Plaintiff Cuviello, there would be medical records, or other evidence to establish this degree of impact. Plaintiffs have provided no such evidence, and thus Plaintiff Cuviello suffered from no physical harm or violence.

Not only did the Plaintiffs not suffer from any physical harm, they were not intimidated either. To reiterate, Plaintiffs after each of the interactions, which form the basis of their causes of action against Rowell Ranch, continued to protest and demonstrate. Not only did they continue to protest on the same day, but also they showed up the next day to protest as well. Their actions after all these incidents clearly demonstrate that they did not suffer any intimidation, or coercion.

Plaintiff Cuviello testified that he did not fear arrest when facing actual law enforcement. Plaintiffs mischaracterize this testimony, stating that it is only in context of Deputy Mayfield having ceased to threaten Plaintiffs with arrest. This is contradictory, since Plaintiffs are claiming

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

that Deputy Mayfield was, prior to this, threatening to arrest them. Plaintiff Cuviello's testimony of not fearing arrest is supposed to take into account all that happened prior to that moment.

If actual law enforcement was unable cause a fear of arrest in the Plaintiffs, it ca be inferred that mere volunteers at the rodeo did not intimidate them either. This is likely due to the Plaintiffs being seasoned protestors. Rather than being intimidated, Plaintiffs repeatedly threatened to pursue litigation against various defendants, as seen in the footage.

## II.   CONCLUSION

Rowell Ranch respectfully requests that this Court grant summary judgment in its favor, and deny the Plaintiffs' motion for partial summary judgment.

Dated:  August 6, 2024         GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Paul Caleo
Osmaan Khan
Attorneys for Defendant
ROWELL RANCH RODEO INC.

**PROOF OF SERVICE**
*Cuviello, et al. v. Rowell Ranch Rodeo Inc., et al.*
USDC - Northern District of California, Case No. 3:23-CV-01652

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 100 Pringle Avenue, Suite 300, Walnut Creek, CA 94596. On the date set forth below, I served the within documents:

**DEFENDANT ROWELL RANCH RODEO INC. REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ **VIA E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent by electronically mailing a true and correct copy through the Gordon Rees Scully Mansukhani, LLP electronic mail system from my email address: khernandez@grsm.com, to the email address(s) set forth herein.

☐ by having Nationwide PERSONALLY DELIVER the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FEDEX as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

| Attorneys for Plaintiff<br>DENIZ BOLBOL<br><br>Lily Rivo, Esq.<br>**GREENFIRE LAW, PC**<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>Tel:   (510) 900-9502<br>Fax:  (510) 900-9502<br>Email: lrivo@greenfirelaw.com<br>          jblome@greenfirelaw.com | Plaintiff In Pro Per<br><br>Joseph P. Cuviello<br>205 De Anza Blvd.<br>San Mateo, CA 94402<br><br>P.O. Box 2834<br>Redwood City, CA 94064<br>Tel:   (650) 315-3776<br>Fax:<br>Email: pcuvie@gmail.com |
|---|---|
| Attorneys for Defendants<br>COUNTY OF ALAMEDA; ALAMEDA COUNTY DEPUTY SHERIFF'S OFFICE; and JOSHUA MAYFIELD<br><br>William B. Rowell, Esq.<br>Thiele R. Dunaway, Esq.<br>Marc Brainich, Esq.<br>Michele C. Kirrane, Esq.<br>**FENNEMORE WENDEL**<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607 | Attorneys for Defendants<br>HAYWARD AREA RECREATION AND PARK DISTRICT, and KEVIN HART<br><br>Dale L. Allen, Jr., Esq.<br>Nicholas D. Syren, Esq.<br>**ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP**<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>Tel:   (415) 697-2000 |

| Tel:   (510) 834-6600<br>Fax:   (510) 834-1928<br>Email: browell@fennemorelaw.com<br>        rdunaway@fennemorelaw.com<br>        mbrainich@fennemorelaw.com<br>        mkirrane@fennemorelaw.com<br>        lmason@fennemorelaw.com | Fax:    (415) 813-2045<br>Email: dallen@aghwlaw.com<br>        erodas@aghwlaw.com<br>        mhernandez@aghwlaw.com<br>        dallen@aghwlaw.com<br>        kallen@aghwlaw.com<br>        erodas@aghwlaw.com<br>        nsyren@aghwlaw.com |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 6, 2024 at Sacramento, California.

_Kristie Hernandez_