Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline St., Suite A
Berkeley, CA 94703
(510) 900-9502
Email: jblome@greenfirelaw.com
        lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

Joseph P. Cuviello
205 De Anza Boulevard, #125
San Mateo, CA 94402
(650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ROWELL RANCH RODEO, INC, et al.,<br><br>Defendants. | Case No. 3:23-cv-01652-VC<br><br>**PROPOSED JURY INSTRUCTIONS**<br><br>Date: October 21, 2024<br>Time: 10:00 a.m.<br>Judge: Hon. Vince Chhabria<br>Courtroom: 5, 17th Floor |

**1.0:     INSTRUCTIONS ON THE TRIAL PROCESS:**

1.1:    Introductory Comments

1.2:    Duty of Jury (Court Reads and Provides Written Instructions at the Beginning of Trial)

1.5:    Claims and Defenses

1.6:    Burden of Proof – Preponderance of the Evidence

1.8:    Two or More Parties – Different Legal Rights

1.9:    What is Evidence

1.10:   What is Not Evidence

1.11:   Evidence for a Limited Purpose

1.12:   Direct and Circumstantial Evidence

1.13:   Ruling on Objections

1.14:   Credibility of Witnesses

1.15:   Conduct of the Jury

1.16:   Publicity During Trial

1.17:   No Transcript Available to Jury

1.18:   Taking Notes

1.19:   Questions to Witnesses by Jurors During Trial (Option 1)

1.20:   Bench Conferences and Recesses

1.21:   Outline of Trial

1.22:   Self-Represented Party

**2.0:     INSTRUCTIONS ON TYPES OF EVIDENCE:**

2.0:    Cautionary Instructions

2.1:    Stipulated Testimony

2.2:    Stipulations of Fact

2.3:    Judicial Notice

2.5:    Transcript of Recording in English

2.9:    Impeachment Evidence – Witness

2.11:   Use of Interrogatories

2.15:   Charts and Summaries in Evidence

2.16:   Evidence in Electronic Format

**3.0:      INSTRUCTIONS CONCERNING DELIBERATIONS:**

3.1:    Duty to Deliberate

3.2:    Consideration of Evidence – Conduct of the Jury

3.3:    Communication with Court

3.4:    Readbacks or Playbacks

3.5:    Return of Verdict

3.6:    Additional Instructions of Law

3.7:    Deadlocked Jury

3.8:    Continuing Deliberations After Juror is Discharged

3.9:    Post-Discharge Instructions

5.0:    Damages [The County and HARD object to the damages instructions on the grounds that the jury will not be deciding any damages questions as to them.]

**ASSAULT AND BATTERY**

**Assault & Battery**

**(Cuviello v. Rowell Ranch Rodeo, Inc.)**

Mr. Cuviello claims that Defendant Rowell Ranch Rodeo, Inc. committed assault and battery against him when Defendant's agent Gary Houts drove his electric utility vehicle into him on May 20, 2022. The Court determined that Defendant Rowell Ranch Rodeo, Inc. is liable to Mr. Cuviello for assault and battery as a result of this incident and entered judgment in favor of Mr. Cuviello and against Defendant Rowell Ranch Rodeo, Inc. for assault and battery. You need only determine damages.

Source: "Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment," Dkt 129, p. 6.

Stipulated:     Yes     ☐     No     ☐

If No, Disagreement Statement:

**Assault – Essential Factual Elements**

**(Bolbol v. Rowell Ranch Rodeo, Inc.)**

Ms. Bolbol claims that Defendant Rowell Ranch Rodeo, Inc. committed assault against her. To establish this claim, Ms. Bolbol must prove all the following:

1. That Defendant Rowell Ranch Rodeo, Inc., through its agent George Ferris, threatened to touch Plaintiff Bolbol in an offensive manner;

2. That it reasonably appeared to Ms. Bolbol that George Ferris was about to carry out the threat; and

3. That Ms. Bolbol did not consent to George Ferris's conduct.

The tort of assault is complete when the anticipation of harm occurs.

Source: CACI 1301; *So v. Shin* (2013) 212 Cal.App.4th 652; *Plotnik v. Meihaus* (2012) 208 Cal. App. 4th 1590; 5 Witkin, Summary of California Law (11th ed. 2017) Torts, §§ 452-488; *Kiseskey v. Carpenters' Trust for Southern California* (1983) 144 Cal.App.3d 222, 232. Plaintiff Bolbol removed Elements 4 and 5 because intent to offend is all that is required to prove assault.

Stipulated:     Yes     ☐     No     ☐

If No, Disagreement Statement:


### Battery – Essential Factual Elements
### (Bolbol v. Rowell Ranch Rodeo, Inc.)

Ms. Bolbol claims that Defendant Rowell Ranch Rodeo, Inc. committed a battery against her. To establish this claim, Plaintiff must prove all the following:

1.  That Defendant Rowell Ranch Rodeo, Inc., through its agent George Ferris, touched Ms. Bolbol or caused Ms. Bolbol to be touched with the intent to offend her;

2.  That Ms. Bolbol did not consent to the touching; and

3.  That Ms. Bolbol was offended by Defendant's conduct; and

4.  That a reasonable person in Ms. Bolbol's situation would have been offended by the touching.


Source: CACI 1300; *So v. Shin* (2013) 212 Cal.App.4th 652; *Mount Vernon Fire Ins. Co. v. Busby* (2013) 219 Cal.App.4th 876; 5 Witkin, Summary of California Law (11th ed. 2017) Torts, §§ 452-488. Plaintiff Bolbol removed "harm" from elements 1 and 3 because Ms. Bolbol is not claiming that Mr. Ferris intended to physically harm her.

Stipulated:     Yes     ☐     No     ☐

If No, Disagreement Statement:

1

*Touching Explained*

A touching is offensive if it offends a reasonable sense of personal dignity. Force against a person is enough, it need not be violent or severe, it need not cause bodily harm or even pain, the least touching may constitute battery.

Source: CACI 1301; *So v. Shin* (2013) 212 Cal.App.4th 652; *Plotnik v. Meihaus* (2012) 208 Cal. App. 4th 1590; 5 Witkin, Summary of California Law (11th ed. 2017) Torts, §§ 452-488; *People v. Shockley*, 58 Cal.4th 400, 404 (2013).

Stipulated:     Yes     ☐     No     ☐

If No, Disagreement Statement:

*Consent Explained*

Ms. Bolbol may express consent by words or acts that are reasonably understood by another person as consent. Ms. Bolbol may also express consent by silence or inaction if a reasonable person would understand that the silence or inaction intended to indicate consent.

Source: CACI 1302; *Rains v. Superior Court* (1984) 150 Cal.App.3d 933; 5 Witkin, Summary of California Law (11th ed. 2017) Torts, §§ 452-488;

Stipulated:     Yes     ☐     No     ☐

If No, Disagreement Statement:

## DAMAGES FOR ASSAULT AND BATTERY

### 5.1 Damages – Proof

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiffs, you must determine their damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury - violation of rights - you find was caused by the defendant. In determining the amount of damages, you should consider the following:

1. The nature and extent of the violation;

2. The loss of, or interference with, freedom of speech;

3. The loss of enjoyment of life experienced and that with reasonable probability the loss experienced in the future; and

4. The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

Source: Ninth Circuit Model Jury Instructions, 5.1

Stipulated:      Yes   ☐      No   ☒

If No, Disagreement Statement: The County and HARD object to this special instruction. This instruction is not relevant to the County and HARD as plaintiffs claim only statutory damages against them.

**5.5 Punitive Damages**

If you find for Plaintiffs, you may award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

Plaintiffs have the burden of proving be a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that Defendant's conduct that harmed Plaintiffs was malicious, oppressive or in reckless disregard of Plaintiffs' rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Plaintiffs. Conduct is in reckless disregard of Plaintiffs' rights if, under the circumstances, it reflects complete indifference to Plaintiffs' safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate Plaintiffs' rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of Plaintiffs with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of Plaintiffs.

In considering the amount of any punitive damages, consider the degree of reprehensibility of Defendants' conduct, including whether the conduct that harmed Plaintiffs was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff. You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants.

Source: Ninth Circuit Model Jury Instructions, 5.5.

Stipulated:   Yes   ☐   No   ☒

If No, Disagreement Statement: The County and HARD object to this special instruction. The Court's MSJ Order stated that "The defendants are entitled to summary judgment on the plaintiffs' claims for punitive damages …."

1

**RALPH ACT**

2

*Introduction to Ralph Act Claim*

3

Deniz Bolbol and Joseph Cuviello claim that Rowell Ranch Rodeo, Inc. committed an act

4

of intimidation by threat of violence against them because of their animal rights political

5

affiliation. The incident that is the subject of this claim under California's Ralph Act is Rowell

6

Ranch Rodeo Inc.'s Public Safety Coordinator Gary Houts made a phone call, on May 20, 2022,

7

to Alameda County Sheriff's Office alleging Deniz Bolbol and Joseph Cuviello were blocking the

8

Rowell Rodeo Park entrance and parking lot while holding signs and a banner and law

9

enforcement intervention was needed.

10

Joseph Cuviello claims that Rowell Ranch Rodeo, Inc. committed a second act of violence

11

against him because of his animal rights political affiliation. The incident that is the subject of this

12

claim under California's Ralph Act is Rowell Ranch Rodeo Inc.'s Public Safety Coordinator Gary

13

Houts intentionally running his electric utility vehicle into Joseph Cuviello on May 21, 2022.

14

The following definitions apply to terms used in the Ralph Act.

15

16

*Definition of Political Affiliation*

17

"Political affiliation" means membership in a particular group or organization that is

18

related to or connected to the exercise of rights and privileges or to the determination or control of

19

public policy and includes animal rights activists.

20

*Definition of Substantial Factor*

21

22

A substantial factor for motivation of a person's conduct is a factor that a reasonable

23

person would consider to have contributed to the conduct. It does not have to be the exclusive or

24

main motivation of the conduct, but it must be more than a remote or trivial factor. The motivation

25

of the conduct is not a substantial factor if the same conduct would have occurred without the

26

motivation in question.

27

28

1

2

3

**Acts of Violence – Ralph Act– Essential Factual Elements**

**(Cuviello v. Rowell Ranch Rodeo, Inc.)**

**(Cal. Civ. Code § 51.7(b)(1))**

4   Mr. Cuviello claims that Defendant Rowell Ranch Rodeo, Inc. through its agent Gary

5   Houts committed an act of violence against Mr. Cuviello because of his political affiliation. The

6   Court has already decided that Defendant Rowell Ranch Rodeo, Inc. committed an act of violence

7   against Mr. Cuviello when he ran his electric utility vehicle into Mr. Cuviello on May 21, 2022.

8   To establish this claim, Mr. Cuviello must prove that a substantial motivating reason for

9   Defendant Rowell Ranch Rodeo, Inc.'s act of violence was Mr. Houts's perception of Mr.

10  Cuviello's animal rights political affiliation.

11

12  Source: CACI 3063; Remedies Under the Ralph Act, Cal. Civ. Code § 52(b); Cal. Civ.

13  Code §51.7; *Coon v. Joseph* (1987) 192 Cal.App.3d 1269; *Gabrielle A. v. County of Orange*

14  (2017) 10 Cal.App.5th 1268.

15  Plaintiff Cuviello removed the elements requiring proof of an act of violence, harm, and

16  causation pursuant to the "Order Granting in Part and Denying in Part Cross-Motions for

17  Summary Judgment," Dkt. 129, p. 4-5.

18  Plaintiff Cuviello added "animal rights" in front of political affiliation to provide clarity for

19  the jury.

20  Stipulated:      Yes      ☐      No      ☐

21  If No, Disagreement Statement:

22

23

24

25

26

27

28

PROPOSED JURY INSTRUCTIONS

1

**Threat of Violence – Ralph Act– Essential Factual Elements**

2

**False Report to Law Enforcement**

3

**(Plaintiffs v. Rowell Ranch Rodeo, Inc.)**

4

**(Cal. Civ. Code § 51.7(b)(2))**

5     Ms. Bolbol and Mr. Cuviello claim that Defendant Rowell Ranch Rodeo, Inc. through its

6  agent Gary Houts committed intimidation by threat of violence against them by making a false

7  report to law enforcement because of their political affiliation. The Court has already decided that

8  Defendant Rowell Ranch Rodeo, Inc. committed intimidation by threat of violence against Ms.

9  Bolbol and Mr. Cuviello when Mr. Houts made a phone call to a law enforcement agency and

10  falsely reported that Ms. Bolbol and Mr. Cuviello had engaged in unlawful activity or in an

11  activity that required law enforcement intervention.

12     To establish this claim, Ms. Bolbol and Mr. Cuviello must prove that a substantial

13  motivating reason for Gary Houts's conduct was Ms. Bolbol and Mr. Cuviello's animal rights

14  political affiliation.

15

16     Source: CACI 3064; Remedies Under the Ralph Act, Cal. Civ. Code § 52(b); Cal. Civ.

17  Code, § 51.7(b)(2); *Coon v. Joseph* (1987) 192 Cal.App.3d 1269; *Gabrielle A. v. County of*

18  *Orange* (2017) 10 Cal.App.5th 1268; Cal. Civ. Code § 51.7(b)(2).

19     Plaintiffs removed the elements requiring proof of an act of violence, harm, and causation

20  pursuant to the "Order Granting in Part and Denying in Part Cross-Motions for Summary

21  Judgment," Dkt. 129, p. 4-5.

22     Plaintiffs added "animal rights" in front of political affiliation to provide clarity for the

23  jury.

24     Stipulated:     Yes     ☐     No     ☐

25     If No, Disagreement Statement:

26

27

28

PROPOSED JURY INSTRUCTIONS

**Damages and Penalty – Ralph Act**

**(Cal. Civ. Code §§ 51.7; 52(b))**

If you decide that Plaintiffs have proved their claim against Defendant Rowell Ranch Rodeo, Inc., you must award the following:

1. Actual damages sufficient to reasonably compensate Plaintiffs for the harm; and

2. Punitive damages.

Plaintiffs must prove the amount of their actual damages. However, Plaintiffs do not have to prove the exact amount of the harm or the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

Source: CACI 3068; Remedies Under the Ralph Act, Cal. Civ. Code § 52(b).

Plaintiffs removed the element requiring the jury to award a statutory civil penalty of $25,000 because the penalty is mandatory as a matter of law does not qualify as a question for the jury.

Stipulated:     Yes     ☐          No     ☐

If No, Disagreement Statement:

11

# BANE ACT

*Introduction to Bane Act Claim*

Ms. Bolbol and Mr. Cuviello had a constitutionally protected free speech right to demonstrate in the Rowell Ranch Rodeo Park parking lots, including outside the "Free Speech Area," established by HARD and Rowell Ranch Rodeo, Inc. Ms. Bolbol and Mr. Cuviello claim that all Defendants intentionally interfered with their free speech rights by threats, intimidation, or coercion. The incidents that are the subject of Plaintiffs' claims are:

1. Defendant Deputy Mayfield's attempts to interfere with Ms. Bolbol and Mr. Cuviello's free speech right to demonstrate outside the Free Speech Area by telling them they "could be arrested" if they did not relocate to the Free Speech Area on May 20, 2022;

2. Defendant Kevin Hart's attempts to interfere with Ms. Bolbol and Mr. Cuviello's free speech right to demonstrate outside the Free Speech Area by telling them "it will not be good" if they did not relocate to the Free Speech Area on May 20, 2022;

3. Defendant Rowell Ranch Rodeo, Inc.'s Public Safety Coordinator Gary Houts's attempt to interfere with Mr. Cuviello's free speech right by driving his electric utility vehicle into Joseph Cuviello on May 21, 2022;

4. Defendant Rowell Ranch Rodeo, Inc.'s agent George Ferris's attempt to interfere with Deniz Bolbol's free speech right to access the Rowell Ranch Rodeo parking lot by attempting to prevent Ms. Bolbol from entering the parking lot on May 21, 2022.

*Definition of Threats, Intimidation, and Coercion*

The terms "threats," "intimidation," and "coercion" have the following meanings:

"Threats" are expressions of intention to inflict evil, injury, damage, or other hostile action on someone in retribution for something done or not. Threats can be subtle or implied.

"Intimidation" means putting another person in fear for the purpose of compelling or

1  deterring conduct.

2  "Coercion" is the use of force or threats to force a person, against their will, to do

3  something they would not otherwise have done or to prevent them from doing something they

4  would have done.

5  A threat of arrest is considered a form of coercion.

6  Stipulated:     Yes     ☐     No     ☒

7  If No, Disagreement Statement: The County and HARD object to this special instruction.

8  This instruction is an inappropriate narrative, constitutes argument by counsel, assumes facts not

9  in evidence, and is not a statement of the law that clarifies the issues for the jury or educates them

10  as to what is probative.

**Bane Act – Essential Factual Elements**

**(Cal. Civ. Code § 52.1)**

**(Plaintiff Bolbol v. Rowell Ranch Rodeo, Inc.)**

Ms. Bolbol claims that Defendant Rowell Ranch Rodeo, Inc. intentionally attempted to interfere with her civil rights by threats, intimidation, or coercion.

To establish her claim against Defendant Rowell Ranch Rodeo, Inc., Plaintiff Bolbol must prove all of the following:

1.  Defendant Rowell Ranch Rodeo, Inc. agent George Ferris attempted to interfere with Ms. Bolbol's free speech right to enter the Rowell Ranch Rodeo parking lot on May 21, 2022;

2.  Mr. Ferris intended to interfere with Ms. Bolbol's free speech right to enter the Rowell Ranch Rodeo parking lot; and

3.  A reasonable person in Ms. Bolbol's position would have felt intimidated, threatened, or coerced by the actions of Mr. Ferris.

Source: CACI 3066, ¶ 2; Remedies Under the Bane Act, Cal. Civ. Code §52; *King v. State of California* (2015) 242 Cal.App.4th 265; *Stamps v. Superior Court* (2006) 136 Cal.App.4th

1441; *Stamps v. Superior Court* (2006) 136 Cal.App.4th 1441; *Austin B. v. Escondido Union School Dist.*, 149 Cal. App. 4th 860, 883 (2007).

Plaintiff Bolbol removed references to violence because they do not allege violations of the Bane Act based on speech alone; Mr. Ferris's actions resulted in Defendant Rowell Ranch Rodeo, Inc.'s violations of the Bane Act, Civil Code, section 52.1.

Plaintiff Bolbol revised this jury instruction to ensure it comports with the Court's "Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment," Dkt. 129, p. 2-3.

Stipulated:     Yes   ☐      No   ☐

If No, Disagreement Statement:


**Bane Act – Essential Factual Elements**

**(Cal. Civ. Code § 52.1)**

**(Plaintiff Cuviello v. Rowell Ranch Rodeo, Inc.)**

Mr. Cuviello claims that Defendant Rowell Ranch Rodeo, Inc. intentionally interfered with or attempted to interfere with his civil rights by threats, intimidation, or coercion.

To establish her claim against Defendant Rowell Ranch Rodeo, Inc., Mr. Cuviello must prove all of the following:

1. Defendant Rowell Ranch Rodeo, Inc. agent Gary Houts attempted to interfere with Mr. Cuviello's free speech right by hitting him with his electric utility vehicle on May 21, 2022;

2. Mr. Houts intended to interfere with Mr. Cuviello's free speech right; and

3. A reasonable person in Mr. Cuviello's position would have felt intimidated, threatened, or coerced by the actions of Mr. Houts.


Source: CACI 3066, ¶ 2; Remedies Under the Bane Act, Cal. Civ. Code §52; *King v. State of California* (2015) 242 Cal.App.4th 265; *Stamps v. Superior Court* (2006) 136 Cal.App.4th 1441; *Stamps v. Superior Court* (2006) 136 Cal.App.4th 1441; *Austin B. v. Escondido Union School Dist.*, 149 Cal. App. 4th 860, 883 (2007).

1    Plaintiff Cuviello removed references to violence because they do not allege violations of

2 the Bane Act based on speech alone; Mr. Houts's actions resulted in Defendant Rowell Ranch

3 Rodeo, Inc.'s violations of the Bane Act, Civil Code, section 52.1.

4    Plaintiff Cuviello revised this jury instruction to ensure it comports with the Court's

5 "Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment," Dkt. 129, p.

6 2-3.

7    Stipulated:    Yes    ☐    No    ☐

8    If No, Disagreement Statement:

9

10              **Bane Act – Essential Factual Elements**

11                   **(Cal. Civ. Code § 52.1)**

12          **(Plaintiffs v. Defendants HARD and Kevin Hart)**

13    Ms. Bolbol and Mr. Cuviello claim that Defendants HARD and Kevin Hart intentionally

14 attempted to interfere with their civil rights by threats, intimidation, or coercion.

15    To establish their claims against Defendants HARD and Kevin Hart, Ms. Bolbol and Mr.

16 Cuviello must prove all of the following:

17        1.  By threat, intimidation, or coercion, Defendants HARD and Kevin Hart

18            caused Ms. Bolbol and Mr. Cuviello to reasonably believe that if they

19            exercised their free speech rights outside the Free Speech Area, Defendant

20            Hart would arrest them and that Defendant Hart had the apparent ability to

21            carry out the arrest;

22        2.  A reasonable person in Ms. Bolbol's and Mr. Cuviello's position would have

23            felt intimidated, threatened, or coerced by Defendants HARD and Kevin

24            Hart's communications and actions.

25

26    Source: CACI 3066; Remedies Under the Bane Act, Cal. Civ. Code §52; *King v. State of*

27 *California* (2015) 242 Cal.App.4th 265; *Stamps v. Superior Court* (2006) 136 Cal.App.4th 1441;

28 *Stamps v. Superior Court* (2006) 136 Cal.App.4th 1441.

1    Plaintiffs revised this jury instruction to ensure it comports with the Court's "Order

2  Granting in Part and Denying in Part Cross-Motions for Summary Judgment," Dkt. 129, p. 2-3.

3    Stipulated:    Yes   ☐    No   ☒

4    If No, Disagreement Statement: The County and HARD object to this special instruction.

5  This is an incomplete statement of California law as to the Bane Act. The Court should give CACI

6  3066 in its entirety. See also *Reese v. County of Sacramento*, 888 F.3d 1030; *Cornell v. City and*

7  *County of San Francisco*, 17 Cal.App.5th 766 (2017).

8

9                    **Bane Act – Essential Factual Elements**

10                        **(Cal. Civ. Code § 52.1)**

11        **(Plaintiffs v. Defendants Alameda County and Joshua Mayfield)**

12    Ms. Bolbol and Mr. Cuviello claim that Defendants Alameda County and Joshua Mayfield

13  intentionally interfered with or attempted to interfere with their civil rights by threats,

14  intimidation, or coercion.

15    To establish their claims against Defendants Alameda County and Joshua Mayfield, Ms.

16  Bolbol and Mr. Cuviello must prove all of the following:

17        1.  By threat, intimidation, or coercion, Defendants Alameda County and Joshua

18            Mayfield caused Ms. Bolbol and Mr. Cuviello to reasonably believe that if

19            they exercised their free speech rights outside the Free Speech Area,

20            Defendant Mayfield would arrest them and that Defendant Mayfield had the

21            apparent ability to carry out the arrest;

22        2.  A reasonable person in Ms. Bolbol's and Mr. Cuviello's position would have

23            felt intimidated, threatened, or coerced by Defendants Alameda County and

24            Mayfield's communications and actions.

25

26    Source: CACI 3066; Remedies Under the Bane Act, Cal. Civ. Code §52; *King v. State of*

27  *California* (2015) 242 Cal.App.4th 265; *Stamps v. Superior Court* (2006) 136 Cal.App.4th 1441;

28  *Stamps v. Superior Court* (2006) 136 Cal.App.4th 1441.

16
PROPOSED JURY INSTRUCTIONS

1    Stipulated:    Yes   ☐    No   ☒

2    If No, Disagreement Statement: The County and HARD object to this special instruction.

3    This is an incomplete statement of California law as to the Bane Act. The Court should give CACI

4    3066 in its entirety. See also *Reese v. County of Sacramento*, 888 F.3d 1030; *Cornell v. City and*

5    *County of San Francisco*, 17 Cal.App.5th 766 (2017).

6

7    Disputed Instruction No. __ Re Bane Act Offered by County of Alameda and Deputy
     Joshua Mayfield

8    Plaintiffs Joseph Cuviello and Deniz Bolbol claim that Deputy Joshua Mayfield

9    intentionally interfered with their civil rights by threats, intimidation, or coercion. To establish this

10   claim, Plaintiffs Joseph Cuviello and Deniz Bolbol must each prove all of the following:

11   1. That by threats, intimidation or coercion, Deputy Mayfield caused plaintiffs Joseph

12   Cuviello and Deniz Bolbol to reasonably believe that if they exercised their rights to free speech,

13   Deputy Mayfield would commit violence against them and that Deputy Mayfield had the apparent

14   ability to carry out the threats;

15   2. That Deputy Mayfield intended to deprive plaintiffs Joseph Cuviello and Deniz Bolbol

16   of their enjoyment of the interests protected by the right to free speech;

17   3. That plaintiffs Joseph Cuviello and Deniz Bolbol were harmed; and

18   4. That Deputy Mayfield's conduct was a substantial factor in causing Plaintiffs Joseph

19   Cuviello and Deniz Bolbol 's harm.

20   Authority: Civil Code § 52.1; CACI 3066; *Reese v. County of Sacramento*, 888 F.3d 1030

21   (9th Cir. 2018); *Cornell v. City & County of San Francisco*, 17 Cal.App. 5th 766 (2017)

22   Stipulated:    Yes   ☐    No   ☒

23   If No, Disagreement Statement: Plaintiffs dispute Defendants' proposed jury instruction

24   because it requires a showing of harm and causation, rendering it inconsistent with section 52.1

25   and the Court's "Order Granting In Part and Denying In Part Cross Motions for Summary

26   Judgment." Dkt. 129.

27

28

1    Disputed Instruction No. __ Re Bane Act – Specific Intent Offered by County of Alameda
2    and Deputy Joshua Mayfield

3    To establish their Bane Act claim, Plaintiffs Joseph Cuviello and Deniz Bolbol must prove
4    that Deputy Joshua Mayfield had the specific intent to deprive them of their right to free speech.
5    To prove that Deputy Joshua Mayfield had the specific intent to deprive them of this right, it is not
6    enough for plaintiffs to prove that Dep. Joshua Mayfield merely intended to use threats,
7    intimidation, or coercion that was unreasonable. Rather, plaintiffs Joseph Cuviello and Deniz
8    Bolbol must prove that Deputy Joshua Mayfield acted with the particular purpose of depriving
9    them of their right to free speech.

10    Specific intent may be proven by showing that Deputy Joshua Mayfield acted with reckless
11    disregard that his conduct might deprive plaintiffs Joseph Cuviello and Deniz Bolbol of their right
12    to free speech. To prove that Deputy Joshua Mayfield acted with reckless disregard that his
13    conduct might deprive them of their right to free speech, plaintiffs Joseph Cuviello and Deniz
14    Bolbol must prove that Deputy Mayfield deliberately disregarded a high probability that his
15    conduct would deprive them of their right to free speech.

16    Authority: Civil Code § 52.1; CACI 3066; *Reese v. County of Sacramento*, 888 F.3d 1030
17    (9th Cir. 2018); *Cornell v. City & County of San Francisco*, 17 Cal.App. 5th 766 (2017); *Estate of*
18    *Nunis v. City of Chula Vista*, 676 F.Supp.3d 867, 887 (S.D.Cal.); *Delaney v. Baker*, 20 Cal.4th 23,
19    31-32 (1999)

20    Stipulated:    Yes    ☐    No    ☒

21    If No, Disagreement Statement:

22

23    **Plaintiffs' Explanation Re Disputed Instruction No. _____ Re Bane Act Specific Intent**
24    **(Joshua Mayfield/Alameda County)**

25    Plaintiff objects to the inclusion of this special instruction. Defendants grossly misstate the
26    law. The Bane Act on its face requires a showing of two elements: (1) a threat, intimidation, or
27    coercion that (2) interfered or attempted to interfere with the exercise or enjoyment by an
28    individual or individuals of a constitutional right. Cal. Civ. Code, § 52.1(b). There is no specific

1  intent requirement to the Bane Act. *Id.*

2       If the Court determines there is an intent requirement to the Bane Act, according to

3  caselaw, is it one of general intent. *Austin B. v. Escondido Union School Dist.*, 149 Cal. App. 4th

4  860, 883 (2007). A Bane Act claim requires a showing that the defendant, "by the specified

5  improper means of threats, intimidation, or coercion, tried to or did prevent the plaintiff from

6  doing something he or she had the right to do under the law or to force the plaintiff to do

7  something that he or she was not required to do under the law." *Id.* at 883. The word "interferes"

8  means violates. *Id.* Animus or specific intent is not required; a defendant is liable if they interfered

9  with the plaintiff's constitutional rights. *Austin B.*, 1149 Cal. App. 4th at 883 (citing *Venegas v.*

10 *County of Los Angeles*, 32 Cal. 4th 820, 841-843 (2004).

11      Imposing the requirement that Defendants, including Defendant Mayfield, must have acted

12 with a "particular purpose" of depriving Plaintiffs of their constitutional right is not aligned with

13 the statutory language of the Bane Act, nor does it follow caselaw. Cal. Civ. Code, § 52.1; *Austin*

14 *B.*, 1149 Cal. App. 4th at 883. In the one case in which a court imposed an intent requirement

15 beyond general intent, the court opined that something more than "negligence" must be proven by

16 a plaintiff. *Cornell v. City and Cnty. of S.F.,* 17 Cal.App.5th 766, 803-804 (Cal. Ct. App. 2017).

17 But even the *Cornell* Court held there is no requirement that the officers understand they were

18 acting unlawfully. *Id.* at 803. According to *Cornell*, a plaintiff may show that a defendant acted

19 with "reckless disregard" for their constitutional rights, a showing far less onerous than specific

20 intent. Indeed, acting with "reckless disregard" means acting "willfully." *People v. Lashley*, 1

21 Cal.App.4th 938, 949 (1991). Willful means one who "wholly disregards the law . . . without

22 making any reasonable effort to determine whether the plan he is following would constitute a

23 violation of the law." *Trans World Airlines, Inc. v. Thurston*, 469 US 111, 126 (1985). Whose

24 actions are "marked by careless disregard [for] whether or not one has the right so to act." *Trans*

25 *World Airlines, Inc. v. Thurston*, 469 US 111, 126-127 (1985). This simply means Defendant

Mayfield acted "intentionally." *Anderson v. Ford Motor Co*., 74 Cal.App.5th 946, 972 fn. 15 (2022).

This reading of the Bane Act comports the Court's finding in its "Order Granting in Part and Denying In Part Cross-Motions for Summary Judgment." Dkt. 129, p. 2. In its Order, the Court held, "Courts apply an objective test, asking whether a reasonable person in the plaintiff's position would have felt intimidated, threatened, or coerced by the actions of defendants." *Id.* at p. 2-3 (citing *Richardson v. City of Antioch,* 722 F.Supp.2d 1133, 1147 (N.D. Cal. 2010). In other words, the defendant's intent does not matter; what matters is whether a reasonable person would have interpreted the defendant's words and actions as a threat, intimidation, or coercion.

Additionally, Defendants will ask the Court to exclude from trial any evidence relevant to Defendants' state of mind, or specific intent to commit a violation under the Bane Act. *See* Defendant's MIL No. 1. This evidence includes law enforcement policies, procedures, training, and instruction taken by Deputy Mayfield regarding the handling of demonstrations and First Amendment issues. There can be no doubt that whether and to what extent Alameda County's free speech policies, procedures, and training, including whether Deputy Mayfield had training on First Amendment issues, is relevant to the question of whether Deputy Mayfield knew Plaintiffs had a free speech right to leaflet outside the designated free speech area on May 20, 2022. Defendants even plan to offer an expert witness to bolster Deputy Mayfield's credibility on this issue. Defendants' planned expert witness speaks at length about how well-trained these law enforcement officials are in First Amendment issues. Defendants cannot have it both ways by manufacturing an intent requirement to the Bane Act while asking the Court to preclude all of the ways in which Plaintiffs might go about proving specific intent.

Finally, and perhaps most importantly, the Court narrowed the issues for the jury in its Order on summary judgment to whether Defendants' conduct constituted threats, coercion or intimidation under the Bane Act. Dkt. 129 at p. 3. The Court did not grant summary judgment to Defendants on the question of whether the Bane Act imposes a specific intent requirement, presumably because it is not required under the statute, nor by caselaw. Cal. Civ. Code, § 52.1.

Disputed Instruction No. __ Re Bane Act - Essential Factual Elements Offered by Kevin Hart/HARD

Plaintiffs Joseph Cuviello and Deniz Bolbol claim that Kevin Hart intentionally interfered with their civil rights by threats, intimidation, or coercion. To establish this claim, Plaintiffs Joseph Cuviello and Deniz Bolbol must each prove all of the following:

1. That by threats, intimidation or coercion, Kevin Hart caused plaintiffs Joseph Cuviello and Deniz Bolbol to reasonably believe that if they exercised their rights to free speech, Kevin Hart would commit violence against them and that Mr. Hart had the apparent ability to carry out the threats;

2. That Kevin Hart intended to deprive plaintiffs Joseph Cuviello and Deniz Bolbol of their enjoyment of the interests protected by the right to free speech;

3. That plaintiffs Joseph Cuviello and Deniz Bolbol were harmed; and

4. That Kevin Hart's conduct was a substantial factor in causing Plaintiffs Joseph Cuviello and Deniz Bolbol 's harm.

Authority: Civil Code § 52.1; CACI 3066; *Reese v. County of Sacramento*, 888 F.3d 1030 (9th Cir. 2018); *Cornell v. City & County of San Francisco*, 17 Cal.App. 5th 766 (2017)

Stipulated:     Yes   ☐     No   ☒

If No, Disagreement Statement: Plaintiffs dispute Defendants' proposed jury instruction because it requires a showing of harm and causation, rendering it inconsistent with the Bane Act, Civil Code, section 52.1 and the Court's "Order Granting In Part and Denying In Part Cross Motions for Summary Judgment." Dkt. 129.

Disputed Instruction No. __ Re Bane Act – Specific Intent Offered by Kevin Hart/HARD

To establish their Bane Act claim, Plaintiffs Joseph Cuviello and Deniz Bolbol must prove that Kevin Hart had the specific intent to deprive them of their right to free speech. To prove that Kevin Hart had the specific intent to deprive them of this right, it is not enough for plaintiffs to prove that Kevin Hart merely intended to use threats, intimidation, or coercion that was unreasonable. Rather, plaintiffs Joseph Cuviello and Deniz Bolbol must prove that Kevin Hart acted with the particular purpose of depriving them of their right to free speech.

Specific intent may be proven by showing that Kevin Hart acted with reckless disregard that his conduct might deprive plaintiffs Joseph Cuviello and Deniz Bolbol of their right to free speech. To prove that Kevin Hart acted with reckless disregard that his conduct might deprive them of their right to free speech, plaintiffs Joseph Cuviello and Deniz Bolbol must prove that Kevin Hart deliberately disregarded a high probability that his conduct would deprive them of their right to free speech.

Authority: Civil Code § 52.1; CACI 3066; *Reese v. County of Sacramento*, 888 F.3d 1030 (9th Cir. 2018); *Cornell v. City & County of San Francisco*, 17 Cal.App. 5th 766 (2017); *Estate of Nunis v. City of Chula Vista*, 676 F.Supp.3d 867, 887 (S.D.Cal.); *Delaney v. Baker*, 20 Cal.4th 23, 31-32 (1999); 1603.

Stipulated:     Yes   ☐       No   ☒

If No, Disagreement Statement:


**Plaintiffs' Explanation Re Disputed Instruction No. _____ Re Bane Act Specific Intent (Kevin Hart/ HARD) Offered by Defendants Kevin Hart and HARD**

Plaintiff objects to the inclusion of this special instruction. Defendants grossly misstate the law. The Bane Act on its face requires a showing of two elements: (1) a threat, intimidation, or coercion that (2) interfered or attempted to interfere with the exercise or enjoyment by an individual or individuals of a constitutional right. Cal. Civ. Code, § 52.1(b). There is no specific intent requirement to the Bane Act. *Id.*

If the Court determines there is an intent requirement to the Bane Act, according to

caselaw, it is one of general intent. *Austin B. v. Escondido Union School Dist*., 149 Cal. App. 4th 860, 883 (2007). A Bane Act claim requires a showing that the defendant, "by the specified improper means of threats, intimidation, or coercion, tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Id.* at 883. The word "interferes" means violates. *Id.* Animus or specific intent is not required; a defendant is liable if they interfered with the plaintiff's constitutional rights. *Austin B.*, 1149 Cal. App. 4th at 883 (citing *Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 841-843 (2004).

Imposing the requirement that Defendants, including Defendant Hart, must have acted with a "particular purpose" of depriving Plaintiffs of their constitutional right is not aligned with the statutory language of the Bane Act, nor does it follow caselaw. Cal. Civ. Code, § 52.1; *Austin B.*, 1149 Cal. App. 4th at 883. In the one case in which a court imposed an intent requirement beyond general intent, the court opined that something more than "negligence" must be proven by a plaintiff. *Cornell v. City and Cnty. of S.F.,* 17 Cal.App.5th 766, 803-804 (Cal. Ct. App. 2017). But even the *Cornell* Court held there is no requirement that the officers understand they were acting unlawfully. *Id.* at 803. According to *Cornell*, a plaintiff may show that a defendant acted with "reckless disregard" for their constitutional rights, a showing far less onerous than specific intent. Indeed, acting with "reckless disregard" means acting "willfully." *People v. Lashley*, 1 Cal.App.4th 938, 949 (1991). Willful means one who "wholly disregards the law . . . without making any reasonable effort to determine whether the plan he is following would constitute a violation of the law." *Trans World Airlines, Inc. v. Thurston*, 469 US 111, 126 (1985). Whose actions are "marked by careless disregard [for] whether or not one has the right so to act." *Id.* at p. 127. This simply means Defendant Mayfield acted "intentionally." *Anderson v. Ford Motor Co*., 74 Cal.App.5th 946, 972 fn. 15 (2022).

This reading of the Bane Act comports with the Court's finding in its "Order Granting in

Part and Denying In Part Cross-Motions for Summary Judgment." Dkt. 129, p. 2. In its Order, the Court held, "Courts apply an objective test, asking whether a reasonable person in the plaintiff's position would have felt intimidated, threatened, or coerced by the actions of defendants." *Id.* at p. 2-3 (citing *Richardson v. City of Antioch,* 722 F.Supp.2d 1133, 1147 (N.D. Cal. 2010). In other words, the defendant's intent does not matter; what matters is whether a reasonable person would have interpreted the defendant's words and actions as a threat, intimidation, or coercion.

Additionally, Defendants will ask the Court to exclude from trial any evidence relevant to Defendant Hart's prior bad acts and training, including previous law enforcement experience and history. *See* Defendants HARD and Hart's MIL No. 1. This evidence includes "past and subsequent officer involvement with First Amendment incidents." There can be no doubt that Defendant Hart's law enforcement experience, including with free speech policies and incidents, is relevant to the question of whether Defendant Hart knew Plaintiffs had a free speech right to leaflet outside the designated free speech area on May 20, 2022. Defendants even plan to offer an expert witness to bolster Defendant Hart's credibility on this issue. Defendants' planned expert witness speaks at length about how well-trained these law enforcement officials are in First Amendment issues. Defendants cannot have it both ways by manufacturing an intent requirement to the Bane Act while asking the Court to preclude all of the ways in which Plaintiffs might go about proving specific intent.

Finally, and perhaps most importantly, the Court narrowed the issues for the jury in its Order on summary judgment to whether Defendants' conduct constituted threats, coercion or intimidation under the Bane Act. Dkt. 129 at p. 3. The Court did not grant summary judgment to Defendants on the question of whether the Bane Act imposes a specific intent requirement, presumably because it is not required under the statute, nor by caselaw. Cal. Civ. Code, § 52.1.

**Conspiracy to Violate The Bane Act – Essential Factual Elements**

**(Cal. Civ. Code § 52.1)**

**(Plaintiff Cuviello v. Defendant Kevin Hart)**

Mr. Cuviello claims that Defendant Kevin Hart aided Defendant Mayfield to intentionally attempt to interfere with his civil rights by threats, intimidation, or coercion.

To establish his claim against Defendant Kevin Hart, Mr. Cuviello must prove all of the following:

1. Defendant Mayfield violated Mr. Cuviello's rights under the Bane Act.

2. Defendants Hart and Mayfield had an agreement to cooperate to interfere by threats, intimidation or coercion with Mr. Cuviello's free speech right to demonstrate outside the "Free Speech Area."

Source: CACI 3600; Remedies Under the Bane Act, Cal. Civ. Code §52, whoever aids in the denial of §52.1 rights is liable for each and every offense; *IIG Wireless, Inc. v. Yi* (2018) 22 Cal.App.5th 630, 652; *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 510–511; *Rickley v. Goodfriend* (2013) 212 Cal.App.4th 1136, 1158.

Stipulated:   Yes   ☐      No   ☒

If No, Disagreement Statement: The County and HARD object to this special instruction as argumentative and potentially confusing to the jury about Dep. Mayfield's alleged role in the conspiracy.

*Conspiracy Explained*

A conspiracy is an agreement by two or more persons to commit a wrongful act. A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged coconspirators. Mr. Cuviello is not required to prove that Defendant Hart personally committed a wrongful act or that he knew all the details of the agreement or the identities of all the other participants.

The County and HARD object to this special instruction as unnecessary and not helpful to the jury.

Disputed Instruction No. __ Re Conspiracy – Essential Factual Elements Offered by County of Alameda and HARD

As an alternative theory of liability as to Defendant Kevin Hart, plaintiff Joseph Cuviello claims that Defendant Kevin Hart conspired with Defendant Deputy Joshua Mayfield to violate his free speech rights. If you find that Defendant Deputy Mayfield individually violated the Bane Act but that Defendant Kevin Hart did not, then you must determine whether Defendant Kevin Hart conspired with Defendant Mayfield to intentionally attempt to interfere with plaintiffs' civil rights by threats, intimidation, or coercion.

To establish plaintiffs' claim against Defendant Kevin Hart under this alternative theory, plaintiffs must prove all of the following:

1.      Defendant Deputy Joshua Mayfield individually violated plaintiffs' rights under The Bane Act; and

2.      Defendants Kevin Hart and Deputy Joshua Mayfield had an agreement to cooperate to interfere by threats, intimidation or coercion with plaintiffs' free speech rights.


Authority: CACI 3600

Stipulated:     Yes   ☐     No     ☒

If No, Disagreement Statement: Plaintiff Cuviello does not disagree with this instruction as long as the definition of Conspiracy is explained as above.

PROPOSED JURY INSTRUCTIONS