1  William B. Rowell, Bar No. 178587
   Thiele R. Dunaway, Bar No. 130953
2  Marc Brainich, Bar No. 191034
   **FENNEMORE WENDEL**
3  1111 Broadway, 24th Floor
   Oakland, CA  94607
4  Tel: (510) 834-6600 / Fax: (510) 834-1928
   browell@fennemorelaw.com
5  rdunaway@fennemorelaw.com
   mbrainich@fennemorelaw.com
6  mkirrane@fennemorelaw.com

7  Attorneys for Defendants
   County of Alameda and Alameda County Deputy
8  Sheriff Joshua Mayfield

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12 | JOSEPH P. CUVIELLO and DENIZ | Case No. 3:23-cv-01652-VC
   | BOLBOL, individually,
13 |                               | **DEFENDANT COUNTY OF**
   |              Plaintiffs,       | **ALAMEDA'S MOTION IN LIMINE**
14 |                               | **NO. 1 TO EXCLUDE EVIDENCE OF**
   | v.                            | **THE COUNTY'S POLICIES,**
15 |                               | **PROCEDURES, TRAINING, AND**
   | ROWELL RANCH RODEO, INC.;     | **INSTRUCTION RE: HANDLING**
16 | HAYWARD AREA RECREATION AND   | **DEMONSTRATIONS AND FIRST**
   | PARK DISTRICT; HAYWARD AREA   | **AMENDMENT ISSUES**
17 | RECREATION AND PARK DISTRICT
   | PUBLIC SAFETY MANAGER/RANGER
18 | KEVIN HART; ALAMEDA COUNTY    | Judge:      Hon. Vince Chhabria
   | SHERIFF'S OFFICE; ALAMEDA COUNTY | Date:     October 8, 2024
19 | DEPUTY SHERIFF JOSHUA MAYFIELD; | Time:     10:00 a.m.
   | and DOES 1 and 2, in their individual and | Courtroom:  4 - 17th Floor
20 | official capacities, jointly and severally,
21 |              Defendants.       | Action Filed:    April 6, 2023
   |                               | Trial Date:     October 21, 2024
22

23

24 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

25      PLEASE TAKE NOTICE THAT Defendant County of Alameda ("the County") hereby

26 moves this Court in limine for an order that the parties and their counsel not attempt to introduce,

27 or refer to or rely on in any manner, either directly or indirectly, any evidence, whether oral or

28 documentary, regarding the County's policies, procedures, training, and instruction for handling

nonviolent demonstrations and demonstrators and the demonstrators' First Amendment rights. The County further requests that the parties be ordered to instruct their witnesses to refrain from mentioning this evidence in front of the jury.

This Motion is based on the grounds that such evidence has no relevance to plaintiffs' sole remaining cause of action against the County and Alameda County Sheriff's Office ("ACSO") Dep. Joshua Mayfield for violation of the Bane Act based on his actual conduct during the demonstration at the Rowell Ranch Rodeo ("Rodeo") on May 20, 2022. Such evidence was only – at most - arguably relevant to plaintiffs' claims of an ongoing constitutional violation by the County of the demonstrators First Amendment rights at the annual Rodeo that would justify prospective relief. Plaintiffs, however, are now barred from litigating any claim for injunctive relief by the Court's Order Granting in Part and Denying in Part Cross-Claims for Injunctive Relief ("Order"). This evidence is thus not relevant to any remaining issue in the case.

This Motion is based upon the accompanying Memorandum of Points and Authorities, infra, the Declaration of Marc Brainich ("Brainich Declaration") and the exhibits thereto, the pleadings and papers on file in this action, and on such oral and documentary evidence as may be presented prior to or at the hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTUAL BACKGROUND AND THE EVIDENCE TO BE EXCLUDED

Plaintiffs allege that on May 20, 2022, while demonstrating at the Rowell Ranch Rodeo, Dep. Mayfield violated their First Amendment rights by allegedly threatening to arrest them and by various other acts of alleged intimidation and harassment. Second Amended Complaint at ¶¶ 42-62. Plaintiffs' Third Cause of Action based on these allegations is for violation of the Bane Act, Cal. Civ. Code § 52.1. Id. at ¶¶ 93-103.

Plaintiff's Fifth and Sixth Causes of Action against the County and Dep. Mayfield were solely for injunctive relief for alleged violations of the free speech protections of the U.S. and California Constitutions. Id. at ¶¶ 120-129. To support these two claims and for their punitive damages claim against Dep. Mayfield, plaintiffs' propounded discovery on the County regarding their "policies and procedures" regarding handling demonstrator's First Amendment Rights, and

the "training and instruction" the County provided to its employees to ensure compliance with these policies and procedures. Declaration of Marc Brainich ("Brainich Decl."), Exh. A (relevant excerpts from the County's responses to plaintiffs' discovery). In response to this discovery, the County described the training programs which its deputies were required to undergo and to subsequently follow so as ensure that they would always interact with demonstrators in a way that would respect their demonstrators' First Amendment rights. Ibid. The County also produced approximately 300 pages of responsive training materials. Ibid; also, Brainich Dec., ¶ 3.

Plaintiffs, however, are now barred from pursing these two causes of action by the Court's Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment. Brainich Decl., Exh. B ("Order") at p. 2. In granting summary judgment in favor of the County on plaintiffs' Fifth and Sixth Causes of Action, the Court specifically found that plaintiffs "failed to provide evidence of an ongoing constitutional violation to support prospective relief." Ibid. Although not explicitly stated in the Order, the Court's finding on the issue of injunctive relief also implicitly bars plaintiffs from seeking such relief under the Bane Act as well. Id. at pp. 2-3. The Court also granted summary judgment as to punitive damages against Dep. Mayfield. Id. at p. 6.

Accordingly, plaintiffs' only remaining cause of action against the County and Dep. Mayfield is under the Bane Act, and their only possible relief is for statutory damages of $4,000 each and reasonable attorney's fees. Plaintiffs, however, still intend to introduce evidence regarding policies, procedures, and training that are not relevant to their Bane Act claim. Brainich Dec., ¶ 3.

## II.      LEGAL ANALYSIS

### A.      The Court May Exclude Evidence in Advance of Trial by way of MIL

Motions in limine to exclude inadmissible evidence prior to trial are well recognized in practice and by case law. *City of Pomona v. SQM North America Corp.,* 866 F.3d 1060, 1070 (9th Cir. 2017). Evidence is relevant "if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if evidence is relevant, it may still be excluded "if its probative

value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 401; see also *Sims. V. State Farm Mutual Automobile Insurance Co.*, 894 F.3d 941, 946 (8th Cir. 2018) (evidence of insurer denying all claims not relevant where breach of the implied covenant of good faith and fair dealing not pled).

**B.      Evidence of the County's Policies, Procedures, Training and Instruction is Irrelevant to Plaintiff's Bane Act Claim**

*1.      The Elements of a Bane Act Claim*

The Bane Act "civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out "by threats, intimidation or coercion." *Reese v. County of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018). To prove a Bane Act violation, plaintiffs must establish the following:

- That by threats, intimidation or coercion, Deputy Mayfield caused plaintiffs to reasonably believe that if they exercised their rights, he would commit violence against them and that he had the apparent ability to carry out the threats ;
- that Deputy Mayfield intended to deprive plaintiffs of their enjoyment of the interests protected by the right of free speech;
- that plaintiffs were harmed; and
- that Deputy Mayfield's conduct was a substantial factor in causing their harm.

CACI 3066; see also *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 395 (2017).

*2.      Evidence of the County's Policies, Procedures, and Training is not Relevant to Plaintiffs' Bane Act Claim*

Plaintiffs have refused to stipulate that they will not try to introduce evidence regarding the County's policies, procedures, training, and instruction regarding handling nonviolent demonstrations in such a way as to not violate the demonstrators First Amendment rights. Once the Court, however, granted summary judgment as to plaintiffs' claims for an ongoing violation of their First Amendment rights and the punitive damages claim against Dep. Mayfield, this evidence lost whatever relevance it has to plaintiffs' remaining claim for violation of the Bane Act against the County. This evidence has no probative value whatsoever to the sole questions the jury will be asked to consider in this regard; specifically, as to whether Dep. Mayfield:

- Threatened plaintiffs with arrest, or otherwise intimidated them;
- Caused them to reasonably believe if they exercised their First Amendment rights, he would arrest them;

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1
2
3

- Intended to harm plaintiffs;
- That plaintiffs were harmed;
- Caused them to be harmed.

4   Each of these elements requires plaintiffs to prove that *Dep. Mayfield's specific, actual*

5   *conduct during the demonstration on May 20, 2022* tends to establish any of them. Evidence,

6   however, of the County's general policies and procedures about handling nonviolent

7   demonstrations and demonstrators First Amendment Rights and its training regarding them, and

8   even whether Dep. Mayfield acted in compliance with the County's policies and his own training,

9   has absolutely no probative value regarding what Dep. Mayfield actually did or intended to do.

10   Further, even if the Court were to find that this evidence had some marginal relevance to

11   the Bane Act claim, its introduction would merely confuse the issues and mislead the jury by

12   asking them to determine whether the County's policies and training were adequate in their own

13   minds,[1] how they might be improved if inadequate, whether Dep. Mayfield acted in compliance

14   with them, and similar questions of no relevance to plaintiffs' claims. Similarly, it prejudice the

15   County and Dep. Mayfield because it would allow the jury to speculate about whether the

16   procedures and training were adequate.

17   **III.    CONCLUSION**

18   For the reasons discussed above, the County requests that the Court exclude any evidence

19   of, or reference to, the aforementioned County policies, procedures, training, and instruction; and

20   that the parties be ordered to instruct their witnesses to refrain from mentioning this evidence.

21   Dated: September 10, 2024                FENNEMORE WENDEL

22
23                                           By:/s/ Marc Brainich
24                                               William B. Rowell
                                                 Thiele R. Dunaway
25                                               Marc Brainich
                                                 Attorneys for Defendants
26                                               County of Alameda and Alameda County
                                                 Deputy Sheriff Joshua Mayfield
27
28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

[1] Plaintiffs did not disclose an expert in this case.

1

## CERTIFICATE OF SERVICE

2

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

3

4

I am a citizen of the United States and employed in Alameda County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1111 Broadway, 24th Floor, Oakland, California  94607.

5

6

On September 10, 2024, I served true copies of the following document(s) described as **DEFENDANT COUNTY OF ALAMEDA'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF THE COUNTY'S POLICIES, PROCEDURES, TRAINING, AND INSTRUCTION RE: HANDLING DEMONSTRATIONS AND FIRST AMENDMENT ISSUES** on the interested parties in this action as follows:

7

8

9

***Please see attached Service List.***

10

**BY EMAIL OR ELECTRONIC TRANSMISSION**:  By causing the document(s) listed above to be sent to the person(s) at the e-mail address(es) listed below.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

11

12

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

14

Executed on September 10, 2024, at Oakland, California.

15

16

17

*/s/ Lena S. Mason*
Lena S. Mason

18

19

20

21

22

23

24

25

26

27

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

COUNTY OF ALAMEDA'S MIL NO. 1
50073276.1/059499.0021

3:23-CV-01652-VC

1

## <u>SERVICE LIST</u>

2

3

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

4
Jessica L. Blome                                    *Attorneys for Plaintiff Deniz Bolbol*
Lily A. Rivo
5
Greenfire Law, PC
2748 Adeline Street, Suite A
6
Berkeley, CA 94703
Phone:    (510) 900-9502
7
Email;     jblome@greenfirelaw.com
            lrivo@greenfirelaw.com
8

9
Joseph P. Cuviello                                  *Plaintiff Pro Per*
205 DeAnza Boulevard, #125
10
San Mateo, CA 94402
Phone:    (650) 315-3776
11
Email:     pcuvie@gmail.com

12

13
Dale L. Allen, Jr.                                  *Attorneys for Defendants Hayward Area*
Nicholas D. Syren                                   *Recreation and Park District, and Kevin*
Allen, Glaessner, Hazelwood & Werth, LLP            *Hart*
14
180 Montgomery Street, Suite 1200
15
San Francisco, CA 94104
Phone:    (415) 697-2000
16
Fax:       (415) 813-2045
Email:     dallen@aghwlaw.com
17
            nsyren@aghwlaw.com
            erodas@aghwlaw.com
18
            mhernandez@aghwlaw.com

19
Paul Caleo                                          *Attorneys for Defendant Rowell Ranch*
20
Osmaan Khan                                         *Rodeo, Inc.*
Gordon Rees Scully Mansukhani, LLP
21
1111 Broadway, Suite 1700
Oakland, CA 94607
22
Phone:    (510) 463-8600
Fax:       (510) 984-1721
23
Email:     pcaleo@grsm.com
            oakhan@grsm.com
24
            khernandez@grsm.com

25

26

27

28

William B. Rowell, Bar No. 178587
Thiele R. Dunaway, Bar No. 130953
Marc Brainich, Bar No. 191034
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, CA  94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
browell@fennemorelaw.com
rdunaway@fennemorelaw.com
mbrainich@fennemorelaw.com
mkirrane@fennemorelaw.com

Attorneys for Defendants
County of Alameda and Alameda County Deputy
Sheriff Joshua Mayfield

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>                    Plaintiffs,<br><br>v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; ALAMEDA COUNTY SHERIFF'S OFFICE; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,<br><br>                    Defendants. | Case No. 3:23-cv-01652-VC<br><br>**DECLARATION OF MARC BRAINICH IN SUPPORT OF DEFENDANT COUNTY OF ALAMEDA'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF THE COUNTY'S POLICIES, PROCEDURES, TRAINING, AND INSTRUCTION RE: HANDLING DEMONSTRATIONS AND FIRST AMENDMENT ISSUES**<br><br>Judge:       Hon. Vince Chhabria<br>Date:        October 8, 2024<br>Time:        10:00 a.m.<br>Courtroom:   4 - 17th Floor<br><br>Action Filed:      April 6, 2023<br>Trial Date:        October 21, 2024 |

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

M. BRAINICH DECLARATION IN SUPPORT OF
COUNTY OF ALAMEDA'S MIL NO. 1
50079383.1/059499.0021

3:23-CV-01652-VC

1    I, Marc Brainich, declare as follows:

2        1.      I am an attorney duly admitted to practice before this Court.  I am of counsel with

3    Fennemore Wendel, who are counsel for named defendants County of Alameda and Deputy

4    Sheriff Joshua Mayfield ("County Defendants") in this matter.  I have personal knowledge of the

5    facts set forth herein, except as to those stated on information and belief and, as to those, I am

6    informed and believe them to be true.  If called as a witness, I could and would competently

7    testify to the matters stated herein.

8        2.      Attached hereto as Exhibit A is a true and correct copy of relevant pages from the

9    County's Responses to plaintiffs' discovery (which includes plaintiffs' interrogatories and

10   requests for production).

11       3.      Attached hereto as Exhibit B is a true and correct copy of the Court's Order

12   Granting in Part and Denying in Part Cross-Motions for Summary Judgment. The County also

13   produced approximately 300 pages of training materials.

14       4.      I met and conferred with plaintiffs' counsel via email on September 9, 2024,

15   asking them to stipulate to not presenting the evidence addressed by this motion. They would not,

16   however, agree to so stipulate.

17       I declare under penalty of perjury under the laws of the United States of America that the

18   foregoing is true and correct.

19       Executed this 10th day of September, 2024, at Oakland, California.

20                                              /s/ Marc Brainich
                                                Marc Brainich
21

22

23

24

25

26

27

28

Fennemore Wendel
Attorneys at Law
Oakland

- 2 -

M. BRAINICH DECLARATION IN SUPPORT OF                    3:23-CV-01652-VC
COUNTY OF ALAMEDA'S MIL NO. 1
50079383.1/059499.0021

# EXHIBIT A

1   William B. Rowell, Bar No. 178587
    Thiele R. Dunaway, Bar No. 130953
2   Marc Brainich, Bar No. 191034
    Michele C. Kirrane, Bar No. 215448
3   **FENNEMORE WENDEL**
    1111 Broadway, 24th Floor
4   Oakland, CA  94607
    Tel: (510) 834-6600 / Fax: (510) 834-1928
5   browell@fennemorelaw.com
    rdunaway@fennemorelaw.com
6   mbrainich@fennemorelaw.com
    mkirrane@fennemorelaw.com
7
    Attorneys for Defendants
8   County of Alameda and Alameda County Deputy
    Sheriff Joshua Mayfield
9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12
    JOSEPH P. CUVIELLO and DENIZ          Case No. 3:23-cv-01652-VC
13  BOLBOL, individually,
                                          **DEFENDANT COUNTY OF**
14                Plaintiffs,             **ALAMEDA'S SECOND UPDATED**
                                          **RESPONSE TO PLAINTIFFS'**
15  v.                                    **REQUEST FOR PRODUCTION OF**
                                          **DOCUMENTS, SETS ONE AND TWO**
16  ROWELL RANCH RODEO, INC.;
    HAYWARD AREA RECREATION AND
17  PARK DISTRICT; HAYWARD AREA
    RECREATION AND PARK DISTRICT
18  PUBLIC SAFETY MANAGER/RANGER
    KEVIN HART; ALAMEDA COUNTY
19  SHERIFF'S OFFICE; ALAMEDA COUNTY
    DEPUTY SHERIFF JOSHUA MAYFIELD;
20  and DOES 1 and 2, in their individual and
    official capacities, jointly and severally,
21
                  Defendants.
22

23

24

25

26

27

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

PROPOUNDING PARTY:   PLAINTIFFS JOSEPH P. CUVIELLO and DENIZ BOLBOL

RESPONDING PARTY:   DEFENDANT COUNTY OF ALAMEDA

SET NO.:                       ONE AND TWO

Defendant COUNTY OF ALAMEDA ("Responding Party") hereby makes the following updated responses to Plaintiffs JOSEPH P. CUVIELLO and DENIZ BOLBOL ("Plaintiffs") Request for Production of Documents, Sets One and Two.

## SECOND UPDATED RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents used or viewed in the preparation of your responses to Plaintiffs' Interrogatories, Set One.

**RESPONSE TO REQUEST NO. 1:**

Responding Party objects that this request is overbroad and unduly burdensome, and is vague and ambiguous as to the terms "used" and "viewed." Responding Party objects to this request to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents related to any training YOU or your employees, representatives, contractors, volunteers, or other persons engaged, employed, or associated with you received on FIRST AMENDMENT RIGHTS within the two years preceding the 2022 events, including the dates on which those trainings occurred and dates on which any materials were distributed.

**RESPONSE TO REQUEST NO. 2:**

Responding Party objects that the term "associated" is vague and ambiguous. Responding Party objects that this request fails to describe the requested documents with reasonable particularity as required by Rule 34(b)(1)(A). Responding Party objects that this request is overbroad and unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents and is outside the scope of

- 2 -

DEFENDANT COUNTY OF ALAMEDA'S SECOND
UPDATED RESPONSE TO PLAINTIFFS' REQUEST
FOR PRODUCTION OF DOCUMENTS, SETS ONE
AND TWO
46173619.1/059499.0021

3:23-CV-01652-VC

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

discovery permitted by Rule 26(b)(1) to the extent it is not limited to the Alameda County Sheriff's Office and includes anyone "associated" with the Sheriff's Office. Pursuant to an agreement with plaintiffs' counsel, Responding Party accordingly limits its response to Alameda County Sheriff's Office. Responding Party objects to this request to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

The Alameda County Sheriff's Office provides its recruits with training and instruction in First Amendment issues as part of their Academy program. Training in First Amendment issues is also provided to deputies and sergeants during their one day annual training in October of each year, and members of the Crowd Management Team also receive training that may at times address free speech issues.

Responding Party identifies the following previously produced documents responsive to this request from the Academy program, Bates-stamped AlamedaCounty_Bolbol_000001-AlamedaCounty_Bolbol_000277.

In addition, Responding Party identifies and produces the following documents:

- Training Bulletin No. 13-13, "Peaceful Picketing During Labor Disputes," dated June 19, 2013; and Training Bulletin No. 15-10, "Filing of Law Enforcement by the Public," dated June 26, 2015. These two documents are Bates-stamped AlamedaCounty_Bolbol_000316 through AlamedaCounty_Bolbol_000320.

- A set of Powerpoint slides used by Det. Patrick Smyth of the Alameda County Sheriff's Office for his course for Learning Domain 2, The Criminal Justice System, Bates-stamped AlamedaCounty_Bolbol_000321 through AlamedaCounty_Bolbol_000341.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents related to any complaints, received before or after the 2022 events, about any of your employees who were present at the 2022 events, including any disciplinary

- 3 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1   William B. Rowell, Bar No. 178587
    Thiele R. Dunaway, Bar No. 130953
2   Marc Brainich, Bar No. 191034
    Michele C. Kirrane, Bar No. 215448
3   **FENNEMORE WENDEL**
    1111 Broadway, 24th Floor
4   Oakland, CA  94607
    Tel: (510) 834-6600 / Fax: (510) 834-1928
5   browell@fennemorelaw.com
    rdunaway@fennemorelaw.com
6   mbrainich@fennemorelaw.com
    mkirrane@fennemorelaw.com
7
    Attorneys for Defendants
8   County of Alameda and Alameda County Deputy
    Sheriff Joshua Mayfield
9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12
    JOSEPH P. CUVIELLO and DENIZ           Case No. 3:23-cv-01652-VC
13  BOLBOL, individually,

14                  Plaintiffs,            **DEFENDANT COUNTY OF
                                           ALAMEDA'S UPDATED RESPONSE
15  v.                                     TO PLAINTIFFS'
                                           INTERROGATORIES, SET ONE**
16  ROWELL RANCH RODEO, INC.;
    HAYWARD AREA RECREATION AND
17  PARK DISTRICT; HAYWARD AREA
    RECREATION AND PARK DISTRICT
18  PUBLIC SAFETY MANAGER/RANGER
    KEVIN HART; ALAMEDA COUNTY
19  SHERIFF'S OFFICE; ALAMEDA COUNTY
    DEPUTY SHERIFF JOSHUA MAYFIELD;
20  and DOES 1 and 2, in their individual and
    official capacities, jointly and severally,
21
                    Defendants.
22

23

24

25

26

27

28

DEFENDANT COUNTY OF ALAMEDA'S UPDATED            3:23-CV-01652-VC
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30653616.1/059499.0021

PROPOUNDING PARTY:   PLAINTIFFS JOSEPH P. CUVIELLO and DENIZ BOLBOL

RESPONDING PARTY:    DEFENDANT COUNTY OF ALAMEDA

SET NO.:                    ONE

Defendant COUNTY OF ALAMEDA ("Responding Party") hereby makes the following updated responses to Plaintiffs JOSEPH P. CUVIELLO and DENIZ BOLBOL ("Plaintiffs") Interrogatories, Set One.

## PRELIMINARY STATEMENT

Responding Party has not fully completed discovery in this action and has not completed preparation for trial. The responses contained herein are based only upon such information and documents as are presently available to, and specifically known to Responding Party, and disclose only those facts and contentions which presently occur to Responding Party. It is anticipated that further discovery will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to substantial additions to, and/or changes and variations from the responses set forth herein.

The following responses are given without prejudice to Responding Party and Responding Party's right to produce evidence of any subsequently discovery fact or facts which Responding Party later discover. Responding Party accordingly reserves the right to amend any and all responses herein as additional facts area ascertained, analyses are made, legal research is completed, and contentions are made. The responses made herein are made in a good faith effort to supply as much specification of the facts and contentions as are presently known, which should in no way be to the prejudice of Responding Party in relation to further discovery, research or analysis.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

DESCRIBE the policies and procedures YOU follow to ensure that YOUR employees do not violate a DEMONSTRATOR'S FIRST AMENDMENT RIGHTS at the Rowell Ranch Rodeo Park in Hayward, California.

- 2 -

DEFENDANT COUNTY OF ALAMEDA'S UPDATED
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30653616.1/059499.0021

3:23-CV-01652-VC

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

**RESPONSE NO. 1:**

Responding Party objects that this interrogatory is overbroad and unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents, and accordingly limits its response to the Alameda County Sheriff's Office. Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

The Alameda County Sheriff's Office provides its recruits with training and instruction in First Amendment issues during the Academy instructional program. Academy is a state-wide program operated by the State of California's Commission on Peace Officer Standards and Training ("POST"). In Alameda County, POST is handled through the Alameda County Sheriff's Office's Regional Training Center in conjunction with Chabot College. The State-wide program requires 664 hours of instruction and training; Alameda County Sheriff's Office provides 1,064 hours.

During Academy, the Alameda County Sheriff's Office recruits receive training and instruction in free speech issues under the First Amendment and the California Constitution. At least three of the Academy's learning domains address free speech issues: Domaine 2, Criminal Justice System; Domain 4, Handling Disputes/Crowd Control; and Domain 39, Crimes Against the Justice System. The learning domains include textbook assignments, lectures, PowerPoint presentations, question and answer periods with the instructors, and classroom discussion. The training addresses, among other topics, the free speech rights of demonstrators and limitations on those rights under the Constitution.

The Alameda County Sheriff's Office also conducts a one day training for all deputies and sergeants every October. This training addresses free speech issues that may arise and how to handle them.

In addition, deputies who are a part of the Sheriff's Office's Crowd Management Team receive one day of training each month; this training may on occasion address free speech issues.

- 3 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1   Moreover, the deputies who are assigned to provide a law enforcement presence at non-
2   violent events, such as the Rowell Ranch Rodeo, that may involve demonstrations may be
3   provided a "refresher" regarding free speech issues by the incident commander prior to arriving at
4   the event. In addition, there is on the job training provided to the less experienced deputies by
5   more senior deputies, sergeants, and others.

6   **INTERROGATORY NO. 2:**

7   DESCRIBE the training and instruction YOU provide to YOUR employees to ensure
8   compliance with the policies and procedures described in Interrogatory No. 1, including
9   specifications for differences in training and instructions for different individuals.

10  **RESPONSE NO. 2:**

11  Responding Party objects that this interrogatory is overbroad and unduly burdensome to
12  the extent it requires the County of Alameda to undertake a County-wide search for responsive
13  information and documents, and accordingly limits its response to the Alameda County Sheriff's
14  Office. Responding Party objects to this interrogatory to the extent it calls for information or
15  documents protected by the attorney-client privilege and work product doctrine. Subject to and
16  without waiving said objections, Responding Party responds as follows:

17  The Alameda County Sheriff's Office provides its recruits with training and instruction in
18  First Amendment issues during the Academy instructional program. Academy is a state-wide
19  program operated by the State of California's Commission on Peace Officer Standards and
20  Training ("POST"). In Alameda County, POST is handled through the Alameda County Sheriff's
21  Office's Regional Training Center in conjunction with Chabot College. The State-wide program
22  requires 664 hours of instruction and training; Alameda County Sheriff's Office provides 1,064
23  hours.

24  During Academy, the Alameda County Sheriff's Office recruits receive training and
25  instruction in free speech issues under the First Amendment and the California Constitution. At
26  least three of the Academy's learning domains address free speech issues: Domaine 2, Criminal
27  Justice System; Domain 4, Handling Disputes/Crowd Control; and Domain 39, Crimes Against

28  - 4 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S UPDATED
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30653616.1/059499.0021

3:23-CV-01652-VC

the Justice System. The learning domains include textbook assignments, lectures, PowerPoint presentations, question and answer periods with the instructors, and classroom discussion. The training addresses, among other topics, the free speech rights of demonstrators and limitations on those rights under the Constitution.

The Alameda County Sheriff's Office also conducts a one day training for all deputies and sergeants every October. This training addresses free speech issues that may arise and how to handle them.

In addition, deputies who are a part of the Sheriff's Office's Crowd Management Team receive one day of training each month; this training may on occasion address free speech issues.

Moreover, the deputies who are assigned to provide a law enforcement presence at non-violent events, such as the Rowell Ranch Rodeo, that may involve demonstrations may be provided a "refresher" regarding free speech issues by the incident commander prior to arriving at the event. In addition, there is on the job training provided to the less experienced deputies by more senior deputies, sergeants, and others.

**INTERROGATORY NO. 3:**

IDENTIFY all individuals and entities consulted to establish the policies and procedures described in Interrogatory No. 1.

**RESPONSE NO. 3:**

Responding Party objects that this interrogatory is overbroad and unduly burdensome to the extent it requires the County of Alameda to undertake a County-wide search for responsive information and documents, and accordingly limits its response to the Alameda County Sheriff's Office. Responding Party objects to this interrogatory to the extent it calls for information or documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Responding Party responds as follows:

State of California's Commission on Peace Officer Standards and Training, Alameda County Sheriff's Office, and Chabot College.

/ / /

- 5 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S UPDATED
RESPONSE TO PLAINTIFFS' INTERROGATORIES,
SET ONE
30653616.1/059499.0021

3:23-CV-01652-VC

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DENIZ BOLBOL, et al., | Case No. 23-cv-01652-VC |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
| ROWELL RANCH RODEO, INC., et al., | |
| Defendants. | Re: Dkt. Nos. 84, 89, 115, 116 |

There were four incidents over two days that the plaintiffs' claims are based on, and there is video evidence of all four. First, Rowell Ranch Rodeo volunteer Gary Houts told the plaintiffs —who were at the rodeo to protest animal cruelty—that they needed to go to the designated free speech area. The plaintiffs refused, which everyone now appears to agree was appropriate because the free speech area was too restrictive. Houts then proceeded to call the police and report that the plaintiffs were blocking the entrance and parking lot, even though he could see that they weren't. Later that day, Hayward Area Recreation and Park District Public Safety Manager Kevin Hart and Alameda County Sheriff's Deputy Joshua Mayfield approached the plaintiffs. Hart told the plaintiffs that they needed to go to the designated free speech area and that failure to do so "will not be good." Plaintiff Cuviello then asked Deputy Mayfield if he was going to arrest them, to which he replied, "You could be arrested for trespassing."

On the second day of the event, Rowell Ranch Rodeo volunteer George Ferris stepped in front of Plaintiff Bolbol as she walked toward the back entrance of the rodeo and told her she needed a ticket. Ferris continued to block Bolbol's path for roughly 30 seconds, shuffling from side to side to stay in her way as she tried to get around him, before he ultimately let her pass.

The final incident again involved Houts. Cuviello was holding a banner right behind where an electric vehicle cart was parked when Houts was informed that a disabled rodeo patron needed a ride. He told Cuviello to move out of the way, but when Cuviello responded by telling Houts (accurately) that there was plenty of room to drive forward, Houts backed the vehicle into Cuviello.[1]

First Amendment and California Constitutional Claims

The defendants are entitled to summary judgment on both the First Amendment and California Constitutional claims. The plaintiffs seek only injunctive relief for these claims but they fail to provide evidence of an ongoing constitutional violation to support prospective relief. The alleged violations took place at the 2022 rodeo, but Cuviello testified that he didn't have any issues with the sheriff's deputies when he protested the same rodeo event in 2023. Nor is there any evidence of problems at the 2024 rodeo. As for the Park District, the plaintiffs argue that the ongoing constitutional violation stems from its policy requiring lessees to establish a free speech area. But a generic requirement that event hosts establish a free speech area is not the same as forcing protestors into a free speech area that is inadequate, or prohibiting people from exercising their speech rights outside of the free speech area. In other words, the policy is clearly designed to ensure that speech rights are protected, not to restrict speech rights. There is also no evidence to support the state constitutional claim against Rowell Ranch Rodeo because there is no evidence that Rowell Ranch has harassed the plaintiffs or tried to force them into a free speech area at the rodeos since 2022.

Bane Act Claims

None of the parties are entitled to summary judgment on the Bane Act claims. The Bane Act requires "threats, intimidation, or coercion" carried out with the intent to interfere with a constitutional right. *See* Cal. Civ. Code § 52.1. Courts apply an objective test, asking whether a

---

[1] At the hearing, both plaintiffs made clear that they are not pursuing any claims against Gary Houts or George Ferris individually, notwithstanding some language in the complaint suggesting otherwise. Rowell Ranch Rodeo does not dispute that it would be vicariously liable for the violations that the plaintiffs allege Houts and Ferris committed.

reasonable person in the plaintiff's position would have felt intimidated, threatened, or coerced by the actions of the defendant. *See Richardson v. City of Antioch*, 722 F. Supp. 2d 1133, 1147 (N.D. Cal. 2010).

Although there is video evidence of all the incidents, there is still a dispute of material fact as to whether the actions of the defendants constitute threats, coercion, or intimidation. Reasonable people could disagree, based on the context and on Deputy Mayfield's manner, about whether his telling the plaintiffs that they could be arrested for trespassing constitutes a threat of arrest. Likewise, reasonable people could differ on whether Hart saying that a failure to relocate to the free speech area will not be good rises to the level of a threat.

Hart argues that even if his statements to the plaintiffs could be seen as a threat of arrest, he is still entitled to summary judgment because he had no "apparent ability to carry out the threat." Cal. Civ. Code § 52.1. But his argument reads the word "apparent" out of the statute. Just because Hart did not, in fact, have the authority to arrest the plaintiffs does not mean that the plaintiffs could not, in the moment, reasonably perceive him as having such authority. Moreover, a reasonable jury could conclude that Hart was working in concert with Mayfield, who obviously did have authority to arrest the plaintiffs.

Similarly, whether a reasonable person would find Ferris's attempts to block Bolbol with his body and Houts backing his cart into Cuviello to be threatening, coercive, or intimidating is a question for the jury. Moreover, summary judgment would be inappropriate with respect to the incidents involving Ferris and Houts because there is a dispute of material fact as to intent. Rowell Ranch Rodeo argues that Ferris did not intend to prevent Bolbol from protesting, rather he was ensuring only people with tickets entered the parking lot. And with Houts, Rowell Ranch Rodeo argues that he also was not trying to stop Cuviello from exercising his free speech rights, he was only trying to assist a disabled rodeo patron. Although it is hard to imagine these being winning arguments, it cannot be said that as a matter of law, Ferris and Houts acted with the intent to deprive the plaintiffs of their free speech rights.

Ralph Act Claims

The plaintiffs assert two Ralph Act claims against Rowell Ranch Rodeo based on Houts's conduct—calling the police and hitting Cuviello with his cart. Neither side is entitled to summary judgment on these claims. The Ralph Act states that all people in California "have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation." Cal. Civ. Code § 51.7. Included in the definition of "intimidation by threat of violence" is making or threatening to make a false police report.

Both of Houts's interactions with the plaintiffs seem to fall within conduct that the statute meant to cover. But Rowell Ranch Rodeo argues that it's entitled to summary judgment because neither incident resulted in any harm to the plaintiffs. The issue of what constitutes harm under the Ralph Act has not been clearly answered by the case law, and the Judicial Council of California jury instructions are confusing.

There are two separate jury instructions, one for acts of violence and one for threats of violence. In both sets of instructions there is an element for either an act of violence or threat of violence, and a separate element for the suffering of harm, seemingly implying that a person needs to experience some harm above and beyond merely being the victim of an act of violence or threat of violence. *See* Judicial Council of California Civil Jury Instruction 3064; *see also Campbell v. Feld Entertainment, Inc.*, 75 F. Supp. 3d 1193, 1205, 1210 (N.D. Cal. 2014). The drafters of these instructions did not explain why they included this element, and nothing in the actual language of the statute suggests such a requirement. Nor is the Court aware of any legislative history that would support it. *See Stamps v. Superior Court*, 136 Cal. App. 4th 1441, 1446-48 (2006) (explaining that the legislative history of the Ralph Act reveals broad intent to protect people from discriminatory violence or threats).

To the extent that the jury instruction regarding acts of violence suggests that there must be harm above and beyond simply experiencing the violence, that is obviously wrong. The law was intended to address the gap in civil rights protections for people who experience violence

4

due to their race, religion, or other protected characteristics. *See id.* at 1446. It would be antithetical to the law's purpose (and, again, contrary to the language) to require plaintiffs to demonstrate some harm over and above being on the receiving end of discrimination-based violence.

As for the instruction regarding threats of violence, the drafters were probably also wrong to include a separate element regarding "harm." The statute is probably best understood as having both an objective and subjective element: the plaintiff must show that a reasonable person would be intimidated by the threat of violence, and the plaintiff must also show that they were in fact intimidated by the threat. Perhaps that's what the drafters meant when they included an element requiring the plaintiff to show "harm." Perhaps this element simply means that plaintiffs must prove that they were actually intimidated (that is, harmed) by the threat. But if that's what the drafters meant, they used imprecise language to convey it—language that is difficult for courts (and more importantly juries) to understand. In any event, to the extent this instruction is meant to convey that a plaintiff who is reasonably intimidated by a threat of violence needs to show some other harm (beyond actually being intimidated) before prevailing on this claim, the Court declines to follow it—at least without some showing from the defendants that this was indeed the California Legislature's intent.

Aside from the issue of "harm," there remains a dispute of material fact as to whether Houts's act of violence (hitting Cuviello with the cart) and threat of violence (calling the police) were because of the plaintiffs' political affiliation.

Assault and Battery Claims

Neither side is entitled to summary judgment on the assault or battery claims asserted against Rowell Ranch Rodeo for the incident with Ferris. The video evidence shows that Ferris intentionally stepped in front of Bolbol, that she tried to walk around him, and that his actions in trying to block her resulted in bodily contact. The contact was clearly unwanted, as Bolbol repeatedly told Ferris to stop touching her. Based on the video evidence, nearly every element of assault and battery is satisfied. *See So v. Shin*, 212 Cal. App. 4th 652, 668-69 (2013). But a

harmful or offensive contact is determined by whether the contact would offend a reasonable person's sense of personal dignity. *See Barouh v. Haberman*, 26 Cal. App. 4th 40, 46 n.5 (1994). And here, reasonable jurors could differ on whether Houts's contact with Bolbol constitutes offensive contact. Again, it seems unlikely that Rowell Ranch will be able to prevail on this claim given the obnoxious nature of Ferris's conduct. But the claim must go to a jury.

With respect to the assault and battery claims stemming from the electric vehicle incident, Cuviello is entitled to summary judgment. The video evidence leaves no dispute that Houts's actions constitute both assault and battery and, unlike the incident with Ferris, no reasonable juror could conclude that hitting someone with an electric vehicle cart is not offensive contact.

Rowell Ranch Rodeo asserts that neither Ferris nor Houts intended to harm the plaintiffs and that the plaintiffs did not suffer any actual harm. But that misunderstands the law. Intent can be satisfied "if the evidence shows defendant acted with a 'willful disregard' of the plaintiff's rights." *Ashcraft v. King*, 228 Cal. App. 3d 604, 613 (1991). As for actual harm, "it has long been established, both in tort and criminal law, that the least touching may constitute battery. . . . it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave any mark." *People v. Mansfield*, 200 Cal. App. 3d 82, 88 (1988). And for assault, the tort is "complete when the anticipation of harm occurs." Here, it's clear Ferris intended to step in front of Bolbol to block her path and that in doing so he exhibited a willful disregard for Bolbol's rights. Likewise, Houts clearly intentionally reversed the cart knowing that Cuviello was standing directly behind it. No reasonable juror could conclude otherwise.

Remedies

The defendants are entitled to summary judgment on the plaintiffs' claims for punitive damages, treble damages, and a civil penalty under the Bane Act. The plaintiffs did not respond to the arguments about treble damages, so summary judgment is granted to the defendants on this issue. As for punitive damages, the plaintiffs have not shown by clear and convincing evidence that the defendants are "guilty of oppression, fraud, or malice," as required to recover punitive

damages. Cal. Civ. Code § 3294(a). The plaintiffs also cannot recover the $25,000 civil penalty based on their Bane Act claims—the plain language of the statute makes clear that only city attorneys, district attorneys, and the Attorney General may seek civil penalties. The plaintiffs may, however, seek civil penalties in connection with their Ralph Act claims. *See* Cal. Civ. Code § 52(b)(2).

**IT IS SO ORDERED.**

Dated: August 22, 2024

_____

VINCE CHHABRIA
United States District Judge

1

## CERTIFICATE OF SERVICE

2

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

3

4       I am a citizen of the United States and employed in Alameda County, California.  I am
over the age of eighteen years and not a party to the within-entitled action.  My business address

5    is 1111 Broadway, 24th Floor, Oakland, California  94607.

6       On September 10, 2024, I served true copies of the following document(s) described as
**DECLARATION OF MARC BRAINICH IN SUPPORT OF DEFENDANT COUNTY OF**

7    **ALAMEDA'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF THE
COUNTY'S POLICIES, PROCEDURES, TRAINING, AND INSTRUCTION RE:**

8    **HANDLING DEMONSTRATIONS AND FIRST AMENDMENT ISSUES** on the interested
parties in this action as follows:

9

10           ***Please see attached Service List.***

11       **BY EMAIL OR ELECTRONIC TRANSMISSION**:  By causing the document(s) listed
above to be sent to the person(s) at the e-mail address(es) listed below.  I did not receive, within a

12   reasonable time after transmission, any electronic message or other indication that the
transmission was unsuccessful.

13       I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that I am employed in the office of a member of the bar of this

14   Court at whose direction the service was made.

15       Executed on September 10, 2024, at Oakland, California.

16

17

*/s/ Lena S. Mason*

18   _____
Lena S. Mason

19

20

21

22

23

24

25

26

27

28

Fennemore Wendel
Attorneys at Law
Oakland

M. BRAINICH DECLARATION IN SUPPORT OF
COUNTY OF ALAMEDA'S MIL NO. 1
50079383.1/059499.0021

3:23-CV-01652-VC

1

**<u>SERVICE LIST</u>**

2

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

3

4

Jessica L. Blome                                      *Attorneys for Plaintiff Deniz Bolbol*
Lily A. Rivo

5

Greenfire Law, PC
2748 Adeline Street, Suite A

6

Berkeley, CA 94703
Phone:    (510) 900-9502

7

Email;    jblome@greenfirelaw.com

8

          lrivo@greenfirelaw.com

9

Joseph P. Cuviello                                    *Plaintiff Pro Per*
205 DeAnza Boulevard, #125

10

San Mateo, CA 94402
Phone:    (650) 315-3776

11

Email:    pcuvie@gmail.com

12

Dale L. Allen, Jr.                                    *Attorneys for Defendants Hayward Area*

13

Nicholas D. Syren                                     *Recreation and Park District, and Kevin*
Allen, Glaessner, Hazelwood & Werth, LLP              *Hart*

14

180 Montgomery Street, Suite 1200
San Francisco, CA 94104

15

Phone:    (415) 697-2000

16

Fax:      (415) 813-2045
Email:    dallen@aghwlaw.com

17

          nsyren@aghwlaw.com
          erodas@aghwlaw.com

18

          mhernandez@aghwlaw.com

19

Paul Caleo                                            *Attorneys for Defendant Rowell Ranch*

20

Osmaan Khan                                           *Rodeo, Inc.*
Gordon Rees Scully Mansukhani, LLP

21

1111 Broadway, Suite 1700
Oakland, CA 94607

22

Phone:    (510) 463-8600

23

Fax:      (510) 984-1721
Email:    pcaleo@grsm.com

24

          oakhan@grsm.com
          khernandez@grsm.com

25

26

27

28

- 4 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
        lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 De Anza Blvd., #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in Pro Se*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiffs<br><br>v.<br><br>ROWELL RANCH RODEO, INC., et al.,<br><br>Defendants | Case No. 3:23-cv-01652-VC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF ALAMEDA'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF THE COUNTY'S POLICIES, PROCEDURES, TRAINING, AND INSTRUCTION RE: HANDLING DEMONSTRATIONS AND FIRST AMENDMENT ISSUES**<br><br>Trial date:    October 21, 2024<br>Time:         10:00 a.m.<br>Judge:        Hon. Vince Chhabria<br>Courtroom:  5, 17th Floor |

## I.      Introduction

Plaintiffs Joseph Cuviello and Deniz Bolbol submit this Opposition to Defendants' Alameda County and Deputy Joshua Mayfield's Motion in Limine No. 1. The County's first Motion in Limine asks the Court to preclude Plaintiffs from presenting evidence at trial concerning Defendant County's policies, procedures, training, and instruction for handling nonviolent demonstrations, demonstrators, and the demonstrators' First Amendment rights. Additionally, Defendant County seeks an instruction from the Court ordering the parties not to mention this evidence in front of the jury.

At the outset, Plaintiffs did not indicate or communicate to Defendant County that discovery requests for information and documents related to training of personnel on the First Amendment was limited to Plaintiffs' claim for injunctive relief, as the County asserts in its motion papers. *See* Decl. Brainich ISO Def County MIL No. 1, Exh. A, Req. 2. Nevertheless, Plaintiffs do not oppose the County's request to preclude such evidence, so long as the County's motion is made in good faith. Plaintiffs have cause to believe it is not made in good faith, however, as the County has simultaneously asked the Court to require that Plaintiffs prove that Defendant Deputy Mayfield specifically intended to violate the Bane Act when he told them they could be arrested for not moving to the free speech area on May 20, 2022. *See* Defendant's Special Jury Instruction RE Specific Intent. If the Court adopts the County's special jury instruction requiring a showing of "specific intent" to establish a Bane Act claim, then Plaintiffs are plainly entitled to present evidence that makes it more likely than not that Defendant Deputy Mayfield knew Plaintiffs had a free speech right to demonstrate outside the free speech area at the Rowell Ranch Rodeo Park on May 20, 2022, and that he intended to interfere with those rights. Whether and to what extent Defendant Mayfield received training on free speech rights is directly relevant to Defendants' intent, including their policies, procedures, training, and instruction for handling nonviolent demonstrations, demonstrators, and the demonstrators' First Amendment rights.

## II.     Legal Standard

Federal Rules of Evidence 401 and 402 prohibit the admission of evidence that does not tend to make any fact of consequence more or less likely. Rule 403 limits admissible evidence to relevant evidence, excluding otherwise relevant evidence if its probative value is substantially outweighed by the danger of, "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.    Argument

On its face, the Bane Act requires a showing of two elements: (1) a threat, intimidation, or coercion that (2) interfered or attempted to interfere with the exercise or enjoyment by an individual or individuals of a constitutional right. Cal. Civ. Code, § 52.1(b). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., `threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *BB v. County of Los Angeles,* 25 Cal. App. 5th 115, 128 (2018). There is no specific intent requirement to the Bane Act. *Id.* Still, Defendants ask the Court to require a showing of specific intent while simultaneously precluding Plaintiffs from evidence that makes it more likely than not that Defendant Deputy Mayfield possessed any intent at all. Indeed, the evidence Defendants seek to exclude with its first Motion in Limine is relevant only if the Court determines Plaintiffs have to prove Defendants had an intent to violate Plaintiffs' free speech rights as it makes a fact of consequence more or less likely. Fed. R. Evid. 401(a).

Plaintiffs do not believe intent is an element of proving a Bane Act claim, and in the Court's Order on summary judgment, the Court did not state Plaintiffs needed to prove that Defendants intended to violate Plaintiffs' free speech rights at trial. It only stated that Plaintiffs need to establish that "Defendants used threats, intimidation, or coercion in violation against them, and that a reasonable person would have felt intimidated, coerced, or threatened. Court's Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment ("Order"), Dkt. 129, pp. 2-3. Accordingly, Plaintiffs agree to exclude any evidence of Defendants' policies, procedures, training

1  and instruction for nonviolent demonstrations and demonstrators only if the Court's Jury

2  Instructions do not require that Plaintiffs demonstrate intent under the Bane Act.

3  **IV.   Conclusion**

4         For the foregoing reasons, Plaintiffs will not present evidence of Defendant County's

5  policies, procedures, training, and instruction for handling nonviolent demonstrations,

6  demonstrators, and the demonstrators' First Amendment rights unless the Court requires a showing

7  of specific intent to prove a violation of the Bane Act, as the County simultaneously requests in its

8  proposed special jury instructions.

9                                          Respectfully submitted,

10

11     DATED: September 17, 2024         */s/ Lily A. Rivo*
                                          Jessica Blome
12                                        Lily A. Rivo
                                          GREENFIRE LAW, PC
13                                        *Attorney for Plaintiff Deniz Bolbol*

14     DATED: September 17, 2024         *Joseph P. Cuviello*
                                          JOSEPH P. CUVIELLO
15                                        *Plaintiff In Pro Se*

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Alameda. My business address is 2748 Adeline Street, Suite A, Berkeley California 94703. I am over the age of 18 years and not a party to the above-entitled action. Document(s) served:

**PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF ALAMEDA'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF THE COUNTY'S POLICIES, PROCEDURES, TRAINING, AND INSTRUCTION RE: HANDLING DEMONSTRATIONS AND FIRST AMENDMENT ISSUES**

On September 17, 2024, I served the foregoing document(s) on the parties in this action, located on the attached service list as designated below:

| | | |
|---|---|---|
| ( ) | <u>By First Class Mail, where indicated:</u> | Deposited the above documents in a sealed envelope with the United States Postal Service, with the postage fully paid. |
| ( ) | <u>By Personal Service:</u> | I personally delivered each in a sealed envelope to the office of the address on the date last written below. |
| ( ) | <u>By Overnight Mail:</u> | I caused each to be placed in a sealed envelope and placed the same in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for. |
| (X) | <u>By Electronic Transmission:</u> | Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 17, 2024, in Berkeley, California.

_____

Lily Rivo

**SERVICE LIST**

| | |
|---|---|
| Joseph P. Cuviello<br>205 De Anza Blvd., #125<br>San Mateo, CA 94402<br>(650) 315-3776<br>Email: pcuvie@gmail.com<br><br>*Pro Se Plaintiff* | Paul Caleo, Esq.<br>Osmaan Khan, Esq.<br>Gordon & Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607<br>(510) 463-8600<br>Facsimile: (510) 984-1721<br>Email: pcaleo@grsm.com<br>Email: oakhan@grsm.com<br>Email: khernandez@grsm.com<br><br>*Atty. for Defendant Rowell Ranch Rodeo, Inc.* |
| Dale L. Allen, Jr<br>Allen, Glaessner, Hazelwood & Werth<br>LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>(415) 697-2000<br>Email: dallen@aghwlaw.com<br>Email: erodas@aghwlaw.com<br>Email: nsyren@aghwlaw.com<br><br>*Atty. for Defendants Hayward Area Recreation and Park District and Kevin Hart, Hayward Area Recreation and Park Public Safety Manager/Ranger* | William Blake Rowell<br>Marc Brainich<br>Michele C. Kirrane<br>Thiele R. Dunaway<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94067<br>(510) 834-6600<br>Email: browell@fennemorelaw.com<br>Email: mbrainich@fennemorelaw.com<br>Email: mkirrane@fennemorelaw.com<br>Email: rdunaway@fennemorelaw.com<br>Email: lmason@fennemorelaw.com<br><br>*Attys. for Defendants County of Alameda, Alameda County Sheriff's Office and Alameda County Deputy Sherriff Joshua Mayfield* |