William B. Rowell, Bar No. 178587
Thiele R. Dunaway, Bar No. 130953
Marc Brainich, Bar No. 191034
Michele C. Kirrane, Bar No. 215448
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, CA  94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
browell@fennemorelaw.com
rdunaway@fennemorelaw.com
mbrainich@fennemorelaw.com
mkirrane@fennemorelaw.com

Attorneys for Defendants
County of Alameda and Alameda County Deputy
Sheriff Joshua Mayfield

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JOSEPH P. CUVIELLO and DENIZ
BOLBOL, individually,

                Plaintiffs,

v.

ROWELL RANCH RODEO, INC.;
HAYWARD AREA RECREATION AND
PARK DISTRICT; HAYWARD AREA
RECREATION AND PARK DISTRICT
PUBLIC SAFETY MANAGER/RANGER
KEVIN HART; ALAMEDA COUNTY
SHERIFF'S OFFICE; ALAMEDA COUNTY
DEPUTY SHERIFF JOSHUA MAYFIELD;
and DOES 1 and 2, in their individual and
official capacities, jointly and severally,

                Defendants.

Case No. 3:23-cv-01652-VC

**DEFENDANT COUNTY OF
ALAMEDA'S MOTION IN LIMINE
NO. 2 TO EXCLUDE EVIDENCE OF
THE COUNTY'S HANDLING OF
OTHER DEMONSTRATIONS AND
COMPLAINTS ABOUT SAME**

Judge:     Hon. Vince Chhabria
Date:      October 8, 2024
Time:      10:00 a.m.
Courtroom: 4 - 17th Floor

Action Filed: April 6, 2023
Trial Date:   October 21, 2024

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE THAT Defendant County of Alameda ("the County") hereby

moves this Court in limine for an order that the parties and their counsel not attempt to introduce,

or refer to or rely on in any manner, either directly or indirectly, any evidence, whether oral or

documentary, regarding the handling by the County or its employees of other demonstrations at

the Rowell Ranch Rodeo, or demonstrations anywhere at any time; more specifically, their

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1   handling of free speech issues at demonstrations at demonstrations; and any complaints that may

2   have been made about violating the demonstrators constitutional and statutory rights. The County

3   further requests that the parties be ordered to instruct their witnesses to refrain from mentioning

4   this evidence in front of the jury.

5         This Motion is based on the grounds that such evidence has no relevance to plaintiffs' sole

6   remaining cause of action against the County and Alameda County Sheriff's Office ("ACSO")

7   Dep. Joshua Mayfield for violation of the Bane Act based on his actual conduct during the

8   demonstration at the Rowell Ranch Rodeo ("Rodeo") on May 20, 2022. Such evidence was only

9   – at most - arguably relevant to plaintiffs' claims of an ongoing constitutional violation by the

10   County of the demonstrators First Amendment rights at the annual Rodeo that would justify

11   prospective relief. Plaintiffs, however, are now barred from litigating any claim for injunctive

12   relief by the Court's Order Granting in Part and Denying in Part Cross-Claims for Injunctive

13   Relief ("Order"). This evidence is thus not relevant to any remaining issue in the case.

14         This Motion is based upon the accompanying Memorandum of Points and Authorities,

15   infra, the Declaration of Marc Brainich ("Brainich Declaration") and the exhibits thereto, the

16   pleadings and papers on file in this action, and on such oral and documentary evidence as may be

17   presented prior to or at the hearing on this matter.

18   **<ins>MEMORANDUM OF POINTS AND AUTHORITIES</ins>**

19   **I.**     **FACTUAL BACKGROUND AND THE EVIDENCE TO BE EXCLUDED**

20         Plaintiffs allege that on May 20, 2022, while demonstrating at the Rowell Ranch Rodeo,

21   Dep. Mayfield violated their First Amendment rights by allegedly threatening to arrest them and

22   by various other acts of alleged intimidation and harassment. Second Amended Complaint at ¶¶

23   42-62. Plaintiffs' Third Cause of Action based on these allegations is for violation of the Bane

24   Act, Cal. Civ. Code § 52.1. Id. at ¶¶ 93-103.

25         Plaintiff's Fifth and Sixth Causes of Action against the County and Dep. Mayfield were

26   solely for injunctive relief for alleged violations of the free speech protections of the U.S. and

27   California Constitutions. Id. at ¶¶ 120-129. To support these two claims and for their punitive

28   damages claim against Dep. Mayfield, plaintiffs' propounded discovery on the County regarding

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND
50074843.1/059499.0021

1  complaints about prior demonstrations at the Rodeo; how the County and its employees handled

2  the demonstrators' First Amendment rights; and complaints made about Dep. Mayfield and the

3  three other deputies who accompanied him regarding violations of demonstrators' First

4  Amendment rights. Brainich Dec., Exh. A (relevant excerpts from the plaintiffs' discovery).

5      Plaintiffs, however, are now barred from pursing these two causes of action by the Court's

6  Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment. Brainich

7  Decl., Exh. B ("Order") at p. 2. In granting summary judgment in favor of the County on

8  plaintiffs' Fifth and Sixth Causes of Action, the Court specifically found that plaintiffs "failed to

9  provide evidence of an ongoing constitutional violation to support prospective relief." Ibid.

10 Although not explicitly stated in the Order, the Court's finding on the issue of injunctive relief

11 also implicitly bars plaintiffs from seeking such relief under the Bane Act as well. Id. at pp. 2-3.

12 The Court also granted summary judgment as to punitive damages against Dep. Mayfield. Id. at p.

13 6.

14     Accordingly, plaintiffs' only remaining cause of action against the County and Dep.

15 Mayfield is under the Bane Act, and their only possible relief is for statutory damages of $4,000

16 each and reasonable attorney's fees. Plaintiffs, however, still intend to introduce evidence

17 regarding any alleged complaints against the County and the four deputies that are not relevant to

18 their Bane Act claim. Brainich Dec., ¶ 4.

19 **II.    LEGAL ANALYSIS**

20     **A.    The Court May Exclude Evidence in Advance of Trial by way of Motion in
21          Limine**

22     Motions in Limine to exclude inadmissible evidence prior to trial are well recognized in

23 practice and by case law. *City of Pomona v. SQM North America Corp.,* 866 F.3d. 1060, 1070 (9th

24 Cir. 2017). Evidence is relevant "if: (a) it has any tendency to make a fact more or less probable

25 than it would be without the evidence; and (b) the fact is of consequence in determining the

26 action." Fed. R. Evid. 401. Even if evidence is relevant, it may still be excluded "if its probative

27 value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, [or]

28 misleading the jury." Fed. R. Evid. 401; see also *Sims. V. State Farm Mutual Automobile*

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1    *Insurance Co.*, 894 F.3d 941, 946 (8th Cir. 2018) (evidence of insurer denying all claims not

2    relevant where breach of the implied covenant of good faith and fair dealing not pled).

3        **B.**    **Evidence of the Complaints About the County and the Deputies is Irrelevant to Plaintiff's Bane Act Claim**

4

5           *1.*    *The Elements of a Bane Act Claim*

6         The Bane Act "civilly protects individuals from conduct aimed at interfering with rights

7    that are secured by federal or state law, where the interference is carried out "by threats,

8    intimidation or coercion." *Reese v. County of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018).

9    To prove a Bane Act violation, plaintiffs must establish the following:

10        &bull;  That by threats, intimidation or coercion, Deputy Mayfield caused plaintiffs to reasonably believe that if they exercised their rights, he would commit violence against them and that he had the apparent ability to carry out the threats ;

11

12        &bull;  that Deputy Mayfield intended to deprive plaintiffs of their enjoyment of the interests protected by the right of free speech;

13        &bull;  that plaintiffs were harmed; and

14        &bull;  that Deputy Mayfield's conduct was a substantial factor in causing their harm.

15   CACI 3066; see also *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 395 (2017).

16          *2.*    *Evidence of Complaints About Handling Other Demonstrators' First Amendment Rights is not Relevant to Plaintiffs' Bane Act Claim*

17

18        Plaintiffs have refused to stipulate that they will not try to introduce evidence regarding

19   complaints made about the County's or the four deputies. Once the Court, however, granted

20   summary judgment as to plaintiffs' claims for an ongoing violation of their First Amendment

21   rights and the punitive damages claim against Dep. Mayfield, this evidence lost whatever

22   relevance it has to plaintiffs' remaining claim for violation of the Bane Act against the County.

23   This evidence has no probative value whatsoever to the sole questions the jury will be asked to

24   consider in this regard; specifically, as to whether Dep. Mayfield:

25        &bull;  Threatened plaintiffs with arrest, or otherwise intimidated them;

26        &bull;  Caused them to reasonably believe if they exercised their First Amendment rights, he would arrest them;

27        &bull;  Intended to harm plaintiffs;

     &bull;  That plaintiffs were harmed;

28        &bull;  Caused them to be harmed.

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND
50074843.1/059499.0021
COUNTY OF ALAMEDA'S MIL NO. 2
3:23-CV-01652-VC

1   Each of these elements requires plaintiffs to prove that *Dep. Mayfield's specific, actual*

2   *conduct during the demonstration on May 20, 2022* tends to establish any of them. Evidence,

3   however, about other demonstrations, the County's handling of them, and any alleged complaints

4   that the County or the deputies violated the First Amendment rights of other demonstrators has

5   absolutely no probative value regarding what Dep. Mayfield did or intended to do.

6   Further, even if the Court were to find that this evidence had some marginal relevance to

7   the Bane Act claim, its introduction would merely confuse the issues and mislead the jury by

8   asking them to determine the validity of these complaints and the appropriateness of the County's

9   resulting disciplinary actions. More importantly, such evidence would prejudice the County and

10   Dep. Mayfield because any questioning by plaintiffs' counsel about complaints would essentially

11   be asking the jury to speculate that the County or Dep. Mayfield were "bad actors" in regard to

12   irrelevant matters and that they must therefore be punished in some way.

13   **III.   CONCLUSION**

14   For the reasons discussed above, the County requests that the court exclude any evidence

15   of, or reference to, the aforementioned County demonstrations, the County's handling of same,

16   and complaints about the same; and that the parties be ordered to instruct their witnesses to

17   refrain from mentioning this evidence.

18

19   Dated: September 10, 2023

FENNEMORE WENDEL

20

21   By:/s/ *Marc Brainich*

22   William B. Rowell
     Thiele R. Dunaway

23   Marc Brainich
     Michele C. Kirrane

24   Attorneys for Defendants
     County of Alameda and Alameda County

25   Deputy Sheriff Joshua Mayfield

26

27

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

- 5 -

COUNTY OF ALAMEDA'S MIL NO. 2
50074843.1/059499.0021

3:23-CV-01652-VC

1

## **CERTIFICATE OF SERVICE**

2

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

3

4

     I am a citizen of the United States and employed in Alameda County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1111 Broadway, 24th Floor, Oakland, California  94607.

5

6

     On September 10, 2024, I served true copies of the following document(s) described as **DEFENDANT COUNTY OF ALAMEDA'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF THE COUNTY'S HANDLING OF OTHER DEMONSTRATIONS AND COMPLAINTS ABOUT SAME** on the interested parties in this action as follows:

7

8

*Please see attached Service List.*

9

     **BY EMAIL OR ELECTRONIC TRANSMISSION**:  By causing the document(s) listed above to be sent to the person(s) at the e-mail address(es) listed below.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

10

11

12

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

14

     Executed on September 10, 2024, at Oakland, California.

15

16

17

*/s/ Lena S. Mason*
Lena S. Mason

18

19

20

21

22

23

24

25

26

27

28

Fennemore Wendel
Attorneys at Law
Oakland

1

## <u>SERVICE LIST</u>

2

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

3

4

Jessica L. Blome                                    *Attorneys for Plaintiff Deniz Bolbol*
Lily A. Rivo

5

Greenfire Law, PC
2748 Adeline Street, Suite A

6

Berkeley, CA 94703
Phone:    (510) 900-9502

7

Email;     jblome@greenfirelaw.com

8

            lrivo@greenfirelaw.com

9

Joseph P. Cuviello                                  *Plaintiff Pro Per*
205 DeAnza Boulevard, #125

10

San Mateo, CA 94402
Phone:    (650) 315-3776

11

Email:     pcuvie@gmail.com

12

Dale L. Allen, Jr.                                  *Attorneys for Defendants Hayward Area*

13

Nicholas D. Syren                                   *Recreation and Park District, and Kevin*
Allen, Glaessner, Hazelwood & Werth, LLP            *Hart*

14

180 Montgomery Street, Suite 1200
San Francisco, CA 94104

15

Phone:    (415) 697-2000
Fax:      (415) 813-2045

16

Email:     dallen@aghwlaw.com

17

            nsyren@aghwlaw.com
            erodas@aghwlaw.com

18

            mhernandez@aghwlaw.com

19

Paul Caleo                                          *Attorneys for Defendant Rowell Ranch*

20

Osmaan Khan                                         *Rodeo, Inc.*
Gordon Rees Scully Mansukhani, LLP

21

1111 Broadway, Suite 1700
Oakland, CA 94607

22

Phone:    (510) 463-8600
Fax:      (510) 984-1721

23

Email:     pcaleo@grsm.com

24

            oakhan@grsm.com
            khernandez@grsm.com

25

26

27

28

1   William B. Rowell, Bar No. 178587
    Thiele R. Dunaway, Bar No. 130953
2   Marc Brainich, Bar No. 191034
    Michele C. Kirrane, Bar No. 215448
3   **FENNEMORE WENDEL**
    1111 Broadway, 24th Floor
4   Oakland, CA  94607
    Tel: (510) 834-6600 / Fax: (510) 834-1928
5   browell@fennemorelaw.com
    rdunaway@fennemorelaw.com
6   mbrainich@fennemorelaw.com
    mkirrane@fennemorelaw.com
7
8   Attorneys for Defendants
    County of Alameda and Alameda County Deputy
    Sheriff Joshua Mayfield
9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12
    JOSEPH P. CUVIELLO and DENIZ            Case No. 3:23-cv-01652-VC
13  BOLBOL, individually,

14                 Plaintiffs,             **DECLARATION OF MARC
                                           BRAINICH IN SUPPORT OF
15  v.                                     DEFENDANT COUNTY OF
                                           ALAMEDA'S MOTION IN LIMINE
16  ROWELL RANCH RODEO, INC.;              NO. 2 TO EXCLUDE EVIDENCE OF
    HAYWARD AREA RECREATION AND            THE COUNTY'S HANDLING OF
17  PARK DISTRICT; HAYWARD AREA            OTHER DEMONSTRATIONS AND
    RECREATION AND PARK DISTRICT           COMPLAINTS ABOUT SAME**
18  PUBLIC SAFETY MANAGER/RANGER
    KEVIN HART; ALAMEDA COUNTY             Judge:      Hon. Vince Chhabria
19  SHERIFF'S OFFICE; ALAMEDA COUNTY       Date:       October 8, 2024
    DEPUTY SHERIFF JOSHUA MAYFIELD;        Time:       10:00 a.m.
20  and DOES 1 and 2, in their individual and   Courtroom:  4 - 17th Floor
    official capacities, jointly and severally,
21                                         Action Filed: April 6, 2023
                   Defendants.            Trial Date:   October 21, 2024
22

23

24

25

26

27

28

1     I, Marc Brainich, declare as follows:

2     1.    I am an attorney duly admitted to practice before this Court.  I am of counsel with

3 Fennemore Wendel, who are counsel for named defendants County of Alameda and Deputy

4 Sheriff Joshua Mayfield ("County Defendants") in this matter.  I have personal knowledge of the

5 facts set forth herein, except as to those stated on information and belief and, as to those, I am

6 informed and believe them to be true.  If called as a witness, I could and would competently

7 testify to the matters stated herein.

8     2.    Attached hereto as Exhibit A is a true and correct copy of relevant pages plaintiffs'

9 discovery to the County.

10     3.    Attached hereto as Exhibit B is a true and correct copy of the Court's Order

11 Granting in Part and Denying in Part Cross-Motions for Summary Judgment.

12     4.    I met and conferred with plaintiffs' counsel via email on September 9, 2024,

13 asking them to stipulate to not presenting the evidence addressed by this motion. They would not,

14 however, agree to so stipulate.

15     I declare under penalty of perjury under the laws of the United States of America that the

16 foregoing is true and correct.

17     Executed this 10th day of September, 2024, at Oakland, California.

18                   */s/ Marc Brainich*
Marc Brainich

# EXHIBIT A

Jessica L. Blome (State Bar No. 314898)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
         lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 DeAnza Blvd. #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff In Pro Se*

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>PLAINTIFFS.<br><br>v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; COUNTY OF ALAMEDA; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,<br><br>DEFENDANTS. | Hon. Vince Chhabria<br>Case No. 3:23-cv-01652-VC<br><br>**PLAINTIFFS' INTERROGATORIES TO DEFENDANT COUNTY OF ALAMEDA, SET ONE** |

**Interrogatory No. 13.** DESCRIBE any complaints, whether informal or formal, YOU have received alleging interference with a DEMONSTRATOR's FIRST AMENDMENT RIGHTS. This interrogatory is limited in time to the past five years, beginning July 1, 2018.

**Interrogatory No. 14.** DESCRIBE any action YOU have taken regarding complaints alleging interference with a DEMONSTRATOR's FIRST AMENDMENT RIGHTS. This interrogatory is limited in time to the past five years, beginning July 1, 2018.

**Interrogatory No. 15.** DESCRIBE any changes to YOUR policies and procedures described in Interrogatory No. 1 since May 2022.

**Interrogatory No. 16.** IDENTIFY the woman Deputy Mayfield hugged upon arrival at the Rowell Ranch Rodeo Park on May 20, 2022, as referenced in paragraph 110 of the Complaint.

**Interrogatory No. 17.** DESCRIBE Deputy Mayfield's relationship with the woman IDENTIFIED in INTERROGATORY No 16.

**Interrogatory No. 18.** DESCRIBE the reason why Deputy Mayfield, in his initial approach to Plaintiffs, on May 20, 2022, told them they were fine demonstrating where they were even though they were demonstrating outside the "Free Speech Area," as referenced in paragraphs 42-43 of the Complaint.

Jessica L. Blome (State Bar No. 314898)
Lily A. Rivo (State Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
        lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 DeAnza Blvd. #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff In Pro Se*

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>PLAINTIFFS.<br><br>v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; COUNTY OF ALAMEDA; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,<br><br>DEFENDANTS. | Hon. Vince Chhabria<br>Case No. 3:23-cv-01652-VC<br><br>**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COUNTY OF ALAMEDA, SET ONE** |

## **REQUESTS FOR PRODUCTION**

**Request for Production No. 1.**        Produce all documents used or viewed in the preparation of your responses to Plaintiffs' Interrogatories, Set One.

**Request for Production No. 2.**        Produce all documents related to any training YOU or your employees, representatives, contractors, volunteers, or other persons engaged, employed, or associated with you received on FIRST AMEDMENT RIGHTS within the two years preceding the 2022 events, including the dates on which those trainings occurred and dates on which any materials were distributed.

**Request for Production No. 3.**        Produce all documents related to any complaints, received before or after the 2022 events, about any of your employees who were present at the 2022 events, including any disciplinary action taken with respect to said employees, whether such action was taken in response to a complaint.

**Request for Production No. 4.**        Produce all documents related to any correspondence or discussion(s) YOU had with HARD or HARD representatives during the one-year period preceding the 2022 Events related to FIRST AMENDMENT RIGHTS, the Free Speech Area, and/or demonstrators.

**Request for Production No. 5.**        Produce all documents related to any correspondence or discussion(s) YOU had with Rowell Ranch Rodeo, Inc. representatives during the one-year period preceding the 2022 Events about FIRST AMENDMENT RIGHTS, the Free Speech Area, and demonstrators.

**Request for Production No. 6.**        Produce any documents relating to communications about or concerning Plaintiffs between YOU and HARD  during the 2022 Events, including, but not limited to, the content of the telephone call(s) made to the Sheriff's Office on May 20, 2022, regarding Plaintiffs, as referenced in paragraph 41 of the Complaint.

**Request for Production No. 7.**        Produce all documents, including, but not limited to, any correspondence, related to any policies, rules, agreements, and/or instructions regarding FIRST AMENDMENT RIGHTS, the Free Speech Area, and/or demonstrators.

**Request for Production No. 8.**        Produce any documents relating to communications about or concerning Plaintiffs between YOU and Rowell Ranch Rodeo, Inc. representatives during the 2022 Events.

**Request for Production No. 9.**        Produce any documents related to DEMONSTRATORS at Rowell Ranch Rodeo, Inc. events for the years 2018 through 2023.

**Request for Production No. 10.**        Produce all documents, including but not limited to body cam videos taken at the Rowell Ranch Rodeo Park during the 2022 Events, including but not limited to videos taken by YOU and Alameda County Sheriff's Department Deputy Sheriff Matthew Lazuk, Alameda County Sheriff's Department Deputy Sheriff Christian Campbell, and Alameda County Sheriff's Department Deputy Sheriff Sowmya Ramadas as identified in your Federal Rule of Civil Procedure 26(a)(2) Initial Disclosures.

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIZ BOLBOL, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>ROWELL RANCH RODEO, INC., et al.,<br><br>       Defendants. | Case No. 23-cv-01652-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 84, 89, 115, 116 |

There were four incidents over two days that the plaintiffs' claims are based on, and there is video evidence of all four. First, Rowell Ranch Rodeo volunteer Gary Houts told the plaintiffs —who were at the rodeo to protest animal cruelty—that they needed to go to the designated free speech area. The plaintiffs refused, which everyone now appears to agree was appropriate because the free speech area was too restrictive. Houts then proceeded to call the police and report that the plaintiffs were blocking the entrance and parking lot, even though he could see that they weren't. Later that day, Hayward Area Recreation and Park District Public Safety Manager Kevin Hart and Alameda County Sheriff's Deputy Joshua Mayfield approached the plaintiffs. Hart told the plaintiffs that they needed to go to the designated free speech area and that failure to do so "will not be good." Plaintiff Cuviello then asked Deputy Mayfield if he was going to arrest them, to which he replied, "You could be arrested for trespassing."

On the second day of the event, Rowell Ranch Rodeo volunteer George Ferris stepped in front of Plaintiff Bolbol as she walked toward the back entrance of the rodeo and told her she needed a ticket. Ferris continued to block Bolbol's path for roughly 30 seconds, shuffling from side to side to stay in her way as she tried to get around him, before he ultimately let her pass.

The final incident again involved Houts. Cuviello was holding a banner right behind where an electric vehicle cart was parked when Houts was informed that a disabled rodeo patron needed a ride. He told Cuviello to move out of the way, but when Cuviello responded by telling Houts (accurately) that there was plenty of room to drive forward, Houts backed the vehicle into Cuviello.[1]

First Amendment and California Constitutional Claims

The defendants are entitled to summary judgment on both the First Amendment and California Constitutional claims. The plaintiffs seek only injunctive relief for these claims but they fail to provide evidence of an ongoing constitutional violation to support prospective relief. The alleged violations took place at the 2022 rodeo, but Cuviello testified that he didn't have any issues with the sheriff's deputies when he protested the same rodeo event in 2023. Nor is there any evidence of problems at the 2024 rodeo. As for the Park District, the plaintiffs argue that the ongoing constitutional violation stems from its policy requiring lessees to establish a free speech area. But a generic requirement that event hosts establish a free speech area is not the same as forcing protestors into a free speech area that is inadequate, or prohibiting people from exercising their speech rights outside of the free speech area. In other words, the policy is clearly designed to ensure that speech rights are protected, not to restrict speech rights. There is also no evidence to support the state constitutional claim against Rowell Ranch Rodeo because there is no evidence that Rowell Ranch has harassed the plaintiffs or tried to force them into a free speech area at the rodeos since 2022.

Bane Act Claims

None of the parties are entitled to summary judgment on the Bane Act claims. The Bane Act requires "threats, intimidation, or coercion" carried out with the intent to interfere with a constitutional right. *See* Cal. Civ. Code § 52.1. Courts apply an objective test, asking whether a

---

[1] At the hearing, both plaintiffs made clear that they are not pursuing any claims against Gary Houts or George Ferris individually, notwithstanding some language in the complaint suggesting otherwise. Rowell Ranch Rodeo does not dispute that it would be vicariously liable for the violations that the plaintiffs allege Houts and Ferris committed.

reasonable person in the plaintiff's position would have felt intimidated, threatened, or coerced by the actions of the defendant. *See Richardson v. City of Antioch*, 722 F. Supp. 2d 1133, 1147 (N.D. Cal. 2010).

Although there is video evidence of all the incidents, there is still a dispute of material fact as to whether the actions of the defendants constitute threats, coercion, or intimidation. Reasonable people could disagree, based on the context and on Deputy Mayfield's manner, about whether his telling the plaintiffs that they could be arrested for trespassing constitutes a threat of arrest. Likewise, reasonable people could differ on whether Hart saying that a failure to relocate to the free speech area will not be good rises to the level of a threat.

Hart argues that even if his statements to the plaintiffs could be seen as a threat of arrest, he is still entitled to summary judgment because he had no "apparent ability to carry out the threat." Cal. Civ. Code § 52.1. But his argument reads the word "apparent" out of the statute. Just because Hart did not, in fact, have the authority to arrest the plaintiffs does not mean that the plaintiffs could not, in the moment, reasonably perceive him as having such authority. Moreover, a reasonable jury could conclude that Hart was working in concert with Mayfield, who obviously did have authority to arrest the plaintiffs.

Similarly, whether a reasonable person would find Ferris's attempts to block Bolbol with his body and Houts backing his cart into Cuviello to be threatening, coercive, or intimidating is a question for the jury. Moreover, summary judgment would be inappropriate with respect to the incidents involving Ferris and Houts because there is a dispute of material fact as to intent. Rowell Ranch Rodeo argues that Ferris did not intend to prevent Bolbol from protesting, rather he was ensuring only people with tickets entered the parking lot. And with Houts, Rowell Ranch Rodeo argues that he also was not trying to stop Cuviello from exercising his free speech rights, he was only trying to assist a disabled rodeo patron. Although it is hard to imagine these being winning arguments, it cannot be said that as a matter of law, Ferris and Houts acted with the intent to deprive the plaintiffs of their free speech rights.

Ralph Act Claims

The plaintiffs assert two Ralph Act claims against Rowell Ranch Rodeo based on Houts's conduct—calling the police and hitting Cuviello with his cart. Neither side is entitled to summary judgment on these claims. The Ralph Act states that all people in California "have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation." Cal. Civ. Code § 51.7. Included in the definition of "intimidation by threat of violence" is making or threatening to make a false police report.

Both of Houts's interactions with the plaintiffs seem to fall within conduct that the statute meant to cover. But Rowell Ranch Rodeo argues that it's entitled to summary judgment because neither incident resulted in any harm to the plaintiffs. The issue of what constitutes harm under the Ralph Act has not been clearly answered by the case law, and the Judicial Council of California jury instructions are confusing.

There are two separate jury instructions, one for acts of violence and one for threats of violence. In both sets of instructions there is an element for either an act of violence or threat of violence, and a separate element for the suffering of harm, seemingly implying that a person needs to experience some harm above and beyond merely being the victim of an act of violence or threat of violence. *See* Judicial Council of California Civil Jury Instruction 3064; *see also Campbell v. Feld Entertainment, Inc.*, 75 F. Supp. 3d 1193, 1205, 1210 (N.D. Cal. 2014). The drafters of these instructions did not explain why they included this element, and nothing in the actual language of the statute suggests such a requirement. Nor is the Court aware of any legislative history that would support it. *See Stamps v. Superior Court*, 136 Cal. App. 4th 1441, 1446-48 (2006) (explaining that the legislative history of the Ralph Act reveals broad intent to protect people from discriminatory violence or threats).

To the extent that the jury instruction regarding acts of violence suggests that there must be harm above and beyond simply experiencing the violence, that is obviously wrong. The law was intended to address the gap in civil rights protections for people who experience violence

4

due to their race, religion, or other protected characteristics. *See id.* at 1446. It would be antithetical to the law's purpose (and, again, contrary to the language) to require plaintiffs to demonstrate some harm over and above being on the receiving end of discrimination-based violence.

As for the instruction regarding threats of violence, the drafters were probably also wrong to include a separate element regarding "harm." The statute is probably best understood as having both an objective and subjective element: the plaintiff must show that a reasonable person would be intimidated by the threat of violence, and the plaintiff must also show that they were in fact intimidated by the threat. Perhaps that's what the drafters meant when they included an element requiring the plaintiff to show "harm." Perhaps this element simply means that plaintiffs must prove that they were actually intimidated (that is, harmed) by the threat. But if that's what the drafters meant, they used imprecise language to convey it—language that is difficult for courts (and more importantly juries) to understand. In any event, to the extent this instruction is meant to convey that a plaintiff who is reasonably intimidated by a threat of violence needs to show some other harm (beyond actually being intimidated) before prevailing on this claim, the Court declines to follow it—at least without some showing from the defendants that this was indeed the California Legislature's intent.

Aside from the issue of "harm," there remains a dispute of material fact as to whether Houts's act of violence (hitting Cuviello with the cart) and threat of violence (calling the police) were because of the plaintiffs' political affiliation.

<u>Assault and Battery Claims</u>

Neither side is entitled to summary judgment on the assault or battery claims asserted against Rowell Ranch Rodeo for the incident with Ferris. The video evidence shows that Ferris intentionally stepped in front of Bolbol, that she tried to walk around him, and that his actions in trying to block her resulted in bodily contact. The contact was clearly unwanted, as Bolbol repeatedly told Ferris to stop touching her. Based on the video evidence, nearly every element of assault and battery is satisfied. *See So v. Shin*, 212 Cal. App. 4th 652, 668-69 (2013). But a

harmful or offensive contact is determined by whether the contact would offend a reasonable person's sense of personal dignity. *See Barouh v. Haberman*, 26 Cal. App. 4th 40, 46 n.5 (1994). And here, reasonable jurors could differ on whether Houts's contact with Bolbol constitutes offensive contact. Again, it seems unlikely that Rowell Ranch will be able to prevail on this claim given the obnoxious nature of Ferris's conduct. But the claim must go to a jury.

With respect to the assault and battery claims stemming from the electric vehicle incident, Cuviello is entitled to summary judgment. The video evidence leaves no dispute that Houts's actions constitute both assault and battery and, unlike the incident with Ferris, no reasonable juror could conclude that hitting someone with an electric vehicle cart is not offensive contact.

Rowell Ranch Rodeo asserts that neither Ferris nor Houts intended to harm the plaintiffs and that the plaintiffs did not suffer any actual harm. But that misunderstands the law. Intent can be satisfied "if the evidence shows defendant acted with a 'willful disregard' of the plaintiff's rights." *Ashcraft v. King*, 228 Cal. App. 3d 604, 613 (1991). As for actual harm, "it has long been established, both in tort and criminal law, that the least touching may constitute battery. . . . it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave any mark." *People v. Mansfield*, 200 Cal. App. 3d 82, 88 (1988). And for assault, the tort is "complete when the anticipation of harm occurs." Here, it's clear Ferris intended to step in front of Bolbol to block her path and that in doing so he exhibited a willful disregard for Bolbol's rights. Likewise, Houts clearly intentionally reversed the cart knowing that Cuviello was standing directly behind it. No reasonable juror could conclude otherwise.

Remedies

The defendants are entitled to summary judgment on the plaintiffs' claims for punitive damages, treble damages, and a civil penalty under the Bane Act. The plaintiffs did not respond to the arguments about treble damages, so summary judgment is granted to the defendants on this issue. As for punitive damages, the plaintiffs have not shown by clear and convincing evidence that the defendants are "guilty of oppression, fraud, or malice," as required to recover punitive

damages. Cal. Civ. Code § 3294(a). The plaintiffs also cannot recover the $25,000 civil penalty based on their Bane Act claims—the plain language of the statute makes clear that only city attorneys, district attorneys, and the Attorney General may seek civil penalties. The plaintiffs may, however, seek civil penalties in connection with their Ralph Act claims. *See* Cal. Civ. Code § 52(b)(2).

**IT IS SO ORDERED.**

Dated: August 22, 2024

_____
VINCE CHHABRIA
United States District Judge

1

### CERTIFICATE OF SERVICE

2

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

3

4       I am a citizen of the United States and employed in Alameda County, California. I am
over the age of eighteen years and not a party to the within-entitled action. My business address
5    is 1111 Broadway, 24th Floor, Oakland, California 94607.

6       On September 10, 2024, I served true copies of the following document(s) described as
**DECLARATION OF MARC BRAINICH IN SUPPORT OF DEFENDANT COUNTY OF**
7    **ALAMEDA'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF THE**
**COUNTY'S HANDLING OF OTHER DEMONSTRATIONS AND COMPLAINTS**
8    **ABOUT SAME** on the interested parties in this action as follows:

9                    ***Please see attached Service List.***

10      **BY EMAIL OR ELECTRONIC TRANSMISSION**: By causing the document(s) listed
above to be sent to the person(s) at the e-mail address(es) listed below. I did not receive, within a
11   reasonable time after transmission, any electronic message or other indication that the
transmission was unsuccessful.

12

       I declare under penalty of perjury under the laws of the United States of America that the
13   foregoing is true and correct and that I am employed in the office of a member of the bar of this
Court at whose direction the service was made.

14

       Executed on September 10, 2024, at Oakland, California.

15

16

17                                      */s/ Lena S. Mason*
                                        Lena S. Mason
18

19

20

21

22

23

24

25

26

27

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

M. BRAINICH DECLARATION IN SUPPORT OF
COUNTY OF ALAMEDA'S MIL NO. 2
50081094.1/059499.0021

3:23-CV-01652-VC

1

## <u>SERVICE LIST</u>

2

3

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

4

Jessica L. Blome                              *Attorneys for Plaintiff Deniz Bolbol*
Lily A. Rivo

5

Greenfire Law, PC
2748 Adeline Street, Suite A

6

Berkeley, CA 94703
Phone:    (510) 900-9502

7

Email;    jblome@greenfirelaw.com

8

          lrivo@greenfirelaw.com

9

Joseph P. Cuviello                            *Plaintiff Pro Per*
205 DeAnza Boulevard, #125

10

San Mateo, CA 94402
Phone:    (650) 315-3776

11

Email:    pcuvie@gmail.com

12

Dale L. Allen, Jr.                            *Attorneys for Defendants Hayward Area*

13

Nicholas D. Syren                             *Recreation and Park District, and Kevin*
Allen, Glaessner, Hazelwood & Werth, LLP      *Hart*

14

180 Montgomery Street, Suite 1200
San Francisco, CA 94104

15

Phone:    (415) 697-2000
Fax:      (415) 813-2045

16

Email:    dallen@aghwlaw.com

17

          nsyren@aghwlaw.com
          erodas@aghwlaw.com

18

          mhernandez@aghwlaw.com

19

Paul Caleo                                    *Attorneys for Defendant Rowell Ranch*

20

Osmaan Khan                                   *Rodeo, Inc.*
Gordon Rees Scully Mansukhani, LLP

21

1111 Broadway, Suite 1700
Oakland, CA 94607

22

Phone:    (510) 463-8600
Fax:      (510) 984-1721

23

Email:    pcaleo@grsm.com

24

          oakhan@grsm.com
          khernandez@grsm.com

25

26

27

28

- 4 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
          lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 De Anza Blvd., #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in Pro Se*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiffs<br><br>v.<br><br>ROWELL RANCH RODEO, INC., et al.,<br><br>Defendants | Case No. 3:23-cv-01652-VC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF ALAMEDA'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF THE COUNTY'S HANDLING OF OTHER DEMONSTRATIONS AND COMPLAINTS ABOUT SAME**<br><br>Trial date:     October 21, 2024<br>Time:            10:00 a.m.<br>Judge:          Hon. Vince Chhabria<br>Courtroom:  5, 17th Floor |

### I.      Introduction

Plaintiffs Joseph Cuviello and Deniz Bolbol submit this Opposition to Defendants' Alameda County and Deputy Joshua Mayfield's Motion in Limine No. 2. The County's second Motion in Limine asks the Court to preclude Plaintiffs from introducing, or referring to or relying on in any manner, either directly or indirectly, any evidence, whether oral or documentary, regarding the handling by the County or its employees of other demonstrations at the Rowell Ranch Rodeo, or demonstrations anywhere at any time; more specifically, their handling of free speech issues at demonstrations; and any complaints that may have been made about violating the demonstrators constitutional and statutory rights. Additionally, Defendant County seeks an instruction from the Court ordering the parties not to mention this evidence in front of the jury.

Plaintiffs do not oppose the County's request to preclude such evidence, so long as the County's motion is made in good faith. Plaintiffs have cause to believe it is not made in good faith, however, as the County has simultaneously asked the Court to require that Plaintiffs prove that Defendant Deputy Mayfield specifically intended to violate the Bane Act when he told them they could be arrested for not moving to the free speech area on May 20, 2022. *See* Defendant's Special Jury Instruction RE Specific Intent. If the Court adopts the County's special jury instruction requiring a showing of "specific intent" to establish a Bane Act claim, then Plaintiffs are plainly entitled to present evidence that Sheriff deputies who interacted with Plaintiffs at other Rowell Ranch Rodeo Park demonstrations respected their free speech rights to demonstrate outside the free speech area and did not attempt to threaten, intimidate or coerce Plaintiffs in any way. This evidence makes it more likely than not that Defendant Deputy Mayfield knew Plaintiffs had a free speech right to demonstrate outside the free speech area at the Rowell Ranch Rodeo Park on May 20, 2022, and intended to interfere with those rights. Whether and to what extent other deputies in Defendant Deputy Mayfield's situation respected Plaintiffs' free speech rights is directly relevant to whether Defendant Deputy Mayfield intended to interfere with the demonstrators' First Amendment rights.

## II.      Legal Standard

Federal Rules of Evidence 401 and 402 prohibit the admission of evidence that does not tend to make any fact of consequence more or less likely. Rule 403 limits admissible evidence to relevant evidence, excluding otherwise relevant evidence if its probative value is substantially outweighed by the danger of, "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.      Argument

On its face, the Bane Act requires a showing of two elements: (1) a threat, intimidation, or coercion that (2) interfered or attempted to interfere with the exercise or enjoyment by an individual or individuals of a constitutional right. Cal. Civ. Code, § 52.1(b). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., `threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *BB v. County of Los Angeles,* 25 Cal. App. 5th 115, 128 (2018). There is no specific intent requirement to the Bane Act. *Id.* Still, Defendants ask the Court to require a showing of specific intent while simultaneously precluding Plaintiffs from evidence that makes it more likely than not that Defendant Deputy Mayfield possessed any intent at all. Indeed, the evidence Defendants seek to exclude with their second Motion in Limine is relevant only if the Court determines Plaintiffs have to prove Defendants had an intent to violate Plaintiffs' free speech rights as it makes a fact of consequence more or less likely. Fed. R. Evid. 401(a).

Plaintiffs do not believe intent is an element of proving a Bane Act claim, and in the Court's Order on summary judgment, the Court did not state Plaintiffs needed to prove Defendants intended to violate Plaintiffs' free speech rights at trial. It only stated that Plaintiffs need to establish that "Defendants used threats, intimidation, or coercion in violation against them, and that a reasonable person would have felt intimidated, coerced, or threatened. Court's Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment ("Order"), Dkt. 129, pp. 2-3. Accordingly, Plaintiffs agree to exclude any evidence, whether oral or documentary, regarding the

handling by the County or its employees of other demonstrations at the Rowell Ranch Rodeo, or demonstrations anywhere at any time; more specifically, their handling of free speech issues at demonstrations; and any complaints that may have been made about violating the demonstrators constitutional and statutory rights only if the Court's Jury Instructions do not require that Plaintiffs demonstrate intent under the Bane Act..

**IV.    Conclusion**

For the foregoing reasons, Plaintiffs will not present evidence, whether oral or documentary, regarding the handling by the County or its employees of other demonstrations at the Rowell Ranch Rodeo, or demonstrations anywhere at any time; more specifically, their handling of free speech issues at demonstrations; and any complaints that may have been made about violating the demonstrators constitutional and statutory rights unless the Court requires a showing of specific intent to prove a violation of the Bane Act, as the County simultaneously requests in its proposed Special Jury Instructions.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>DATED: September 17, 2024</td><td><em>/s/ Lily A. Rivo</em><br>Jessica Blome<br>Lily A. Rivo<br>GREENFIRE LAW, PC<br><em>Attorney for Plaintiff Deniz Bolbol</em></td></tr>
<tr><td>DATED: September 17, 2024</td><td><em>Joseph P. Cuviello</em><br>JOSEPH P. CUVIELLO<br><em>Plaintiff In Pro Se</em></td></tr>
</table>

1

## **PROOF OF SERVICE**

2

3

I am employed in the County of Alameda. My business address is 2748 Adeline Street, Suite A, Berkeley California 94703. I am over the age of 18 years and not a party to the above-entitled action. Document(s) served:

4

5

**PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF ALAMEDA'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF THE COUNTY'S HANDLING OF OTHER DEMONSTRATIONS AND COMPLAINTS ABOUT SAME**

6

7

On September 17, 2024, I served the foregoing document(s) on the parties in this action, located on the attached service list as designated below:

8

9

( )  <u>By First Class Mail, where indicated:</u>   Deposited the above documents in a sealed envelope with the United States Postal Service, with the postage fully paid.

10

( )  <u>By Personal Service:</u>   I personally delivered each in a sealed envelope to the office of the address on the date last written below.

11

12

( )  <u>By Overnight Mail:</u>   I caused each to be placed in a sealed envelope and placed the same in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for.

13

14

15

(X)  <u>By Electronic Transmission:</u>   Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

16

17

18

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 17, 2024, in Berkeley, California.

19

20

21

Lily Rivo

22

23

24

25

26

27

28

## SERVICE LIST

| | |
|---|---|
| Joseph P. Cuviello<br>205 De Anza Blvd., #125<br>San Mateo, CA 94402<br>(650) 315-3776<br>Email: pcuvie@gmail.com<br><br>*Pro Se Plaintiff* | Paul Caleo, Esq.<br>Osmaan Khan, Esq.<br>Gordon & Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607<br>(510) 463-8600<br>Facsimile: (510) 984-1721<br>Email: pcaleo@grsm.com<br>Email: oakhan@grsm.com<br>Email: khernandez@grsm.com<br><br>*Atty. for Defendant Rowell Ranch Rodeo, Inc.* |
| Dale L. Allen, Jr<br>Allen, Glaessner, Hazelwood & Werth<br>LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>(415) 697-2000<br>Email: dallen@aghwlaw.com<br>Email: erodas@aghwlaw.com<br>Email: nsyren@aghwlaw.com<br><br>*Atty. for Defendants Hayward Area Recreation and Park District and Kevin Hart, Hayward Area Recreation and Park Public Safety Manager/Ranger* | William Blake Rowell<br>Marc Brainich<br>Michele C. Kirrane<br>Thiele R. Dunaway<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94067<br>(510) 834-6600<br>Email: browell@fennemorelaw.com<br>Email: mbrainich@fennemorelaw.com<br>Email: mkirrane@fennemorelaw.com<br>Email: rdunaway@fennemorelaw.com<br>Email: lmason@fennemorelaw.com<br><br>*Attys. for Defendants County of Alameda, Alameda County Sheriff's Office and Alameda County Deputy Sherriff Joshua Mayfield* |

Plaintiffs' Opposition to Defendant County of Alameda's Motion *In Limine* No. 2
(3:23-cv-01652-VC)