1  William B. Rowell, Bar No. 178587
   Thiele R. Dunaway, Bar No. 130953
2  Marc Brainich, Bar No. 191034
   Michele C. Kirrane, Bar No. 215448
3  **FENNEMORE WENDEL**
   1111 Broadway, 24th Floor
4  Oakland, CA  94607
   Tel: (510) 834-6600 / Fax: (510) 834-1928
5  browell@fennemorelaw.com
   rdunaway@fennemorelaw.com
6  mbrainich@fennemorelaw.com
   mkirrane@fennemorelaw.com
7
   Attorneys for Defendants
8  County of Alameda and Alameda County Deputy
   Sheriff Joshua Mayfield
9
10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13 JOSEPH P. CUVIELLO and DENIZ           Case No. 3:23-cv-01652-VC
   BOLBOL, individually,
14                                         **DEFENDANT COUNTY OF
                  Plaintiffs,              ALAMEDA'S MOTION IN LIMINE
15                                         NO. 3 TO PRECLUDE QUESTIONING
   v.                                      SHERIFF'S OFFICE DEPUTIES
16                                         ABOUT WHO PAID FOR THEIR
   ROWELL RANCH RODEO, INC.;              PRESENCE AT THE ROWELL
17 HAYWARD AREA RECREATION AND            RANCH RODEO**
   PARK DISTRICT; HAYWARD AREA
18 RECREATION AND PARK DISTRICT
   PUBLIC SAFETY MANAGER/RANGER           Judge:        Hon. Vince Chhabria
19 KEVIN HART; ALAMEDA COUNTY             Date:         October 8, 2024
   SHERIFF'S OFFICE; ALAMEDA COUNTY       Time:         10:00 a.m.
20 DEPUTY SHERIFF JOSHUA MAYFIELD;        Courtroom:    4 - 17th Floor
   and DOES 1 and 2, in their individual and
21 official capacities, jointly and severally,
                                           Action Filed: April 6, 2023
22                Defendants.              Trial Date:   October 21, 2024

23

24

25

26

27

28

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT Defendant County of Alameda ("the County") hereby

3  moves this Court in limine for an order that plaintiffs' counsel be precluded from questioning

4  Alameda County Sheriff's Office ("ACSO") deputies Joshua Mayfield, Christian Campbell,

5  Sowmaya Ramadas, and Mateusz Laszuk ("the Deputies") about who (other than the County)

6  paid for the Alameda County Sheriff's Office ("ACSO") to provide a law enforcement presence

7  at the Rodeo; and specifically from questioning the Deputies about their payroll records produced

8  in discovery. The County also requests that the Order exclude the payroll records themselves.

9  This Motion is based on the grounds that plaintiffs' counsel has indicated that they intend

10 to question the Deputies about this topic to support their claim that the County acted "in concert"

11 with defendants Hayward Area Recreation and Park District ("HARD") and/or Rowell Ranch

12 Rodeo ("Rowell Ranch") to coerce or intimidate plaintiffs in violation of the Bane Act. The

13 Deputies, however, have no basis for testifying about this matter. Accordingly, any questioning of

14 them about it will not be intended as a legitimate attempt to elicit admissible evidence from them.

15 Rather, its sole purpose will be to prejudice the County by planting the seeds of suspicion about

16 such payments in the jury's mind in the absence of such evidence, based solely on counsel's

17 questioning.

18 This Motion is based upon the accompanying Memorandum of Points and Authorities,

19 infra, the Declaration of Marc Brainich ("Brainich Declaration"), the pleadings and papers on file

20 in this action, and on such oral and documentary evidence as may be presented prior to or at the

21 hearing on this matter.

22 **MEMORANDUM OF POINTS AND AUTHORITIES**

23 **I.      FACTUAL BACKGROUND AND THE EVIDENCE TO BE EXCLUDED**

24 Plaintiffs allege that on May 20, 2022, while demonstrating at the Rowell Ranch Rodeo,

25 Dep. Mayfield violated their First Amendment rights by allegedly threatening to arrest them and

26 by various other acts of alleged intimidation and harassment. Second Amended Complaint at ¶¶

27 42-62. Plaintiffs' Third Cause of Action – their sole remaining cause of action against the County

28 – is for violation of the Bane Act, Cal. Civ. Code § 52.1. Id. at ¶¶ 93-103. The FAC further

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

- 2 -

COUNTY OF ALAMEDA'S MIL NO. 3
50074856.1/059499.0021

3:23-CV-01652-VC

1    alleges that Dep. Mayfield acted "in concert" with HARD Public Safety Manager Kevin Hart to

2    enforce Rowell Ranch's free speech policy, in violation of the Bane Act. Id. at ¶ 44.

3          In support of this claim, plaintiffs served broad discovery on the County regarding the

4    Deputies' presence at the Rodeo on May 20, 2024. In subsequent meet and confer

5    communications, plaintiffs' counsel specifically requested the Deputies "timesheets" and payroll

6    records." The County subsequently produced redacted Time Sheets, Overtime Requests, and

7    Overtime Cards for that day. The County is not including copies of these documents with this

8    motion as they contain private information of law enforcement personnel.[1] These documents do

9    not, however, indicate that anyone but ACSO and/or the County paid for the Deputies

10   time/overtime at the Rodeo. (Brainich Decl. at ¶ 2.)

11         Counsel for the County met and conferred with counsel for plaintiff Deniz Bolbol and

12   self-represented party Joseph Cuviello, requesting that they stipulate to not asking the deputies

13   about these documents or, more generally, about who was responsible for paying for their law

14   enforcement presence at the Rodeo. They, however, would not agree. Brainich Dec., ¶ 3.

15   **II.    LEGAL ANALYSIS**

16         **A.     The Court May Exclude Evidence in Advance of Trial by way of Motion in**
17                **Limine**

18         Motions in Limine to exclude inadmissible evidence prior to trial are well recognized in

19   practice and by case law. *City of Pomona v. SQM North America Corp.,* 866 F.3d. 1060, 1070 (9th

20   Cir. 2017). Fed. R. Evid. Provides that "A witness may testify to a matter only if evidence is

21   introduced sufficient to support a finding that the witness has personal knowledge of the matter."

22   See also *U.S. v. Lyon*, 567 F.2d 777, 783 and fn. 5 (8th Cir. 1977). Without such personal

23   knowledge, the lay witness can only be speculating, which is of no relevance to the jury's

24   determination of the matter. Further, evidence is relevant "if: (a) it has any tendency to make a

25   fact more or less probable than it would be without the evidence; and (b) the fact is of

26   consequence in determining the action." Fed. R. Evid. 401. Even if evidence is relevant, it may

27   still be excluded "if its probative value is substantially outweighed by a danger of ... unfair

28

---

[1] The County can make these documents available for the Court's review at the hearing.

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

COUNTY OF ALAMEDA'S MIL NO. 3                                                    3:23-CV-01652-VC
50074856.1/059499.0021

1  prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 401; see also *Sims. V.*

2  *State Farm Mutual Automobile Insurance Co.*, 894 F.3d 941, 946 (8th Cir. 2018) (evidence of

3  insurer denying all claims not relevant where breach of the implied covenant of good faith and

4  fair dealing not pled).

**C.      The Deputies Have No Personal Knowledge Regarding Who, if Anyone Oher than the County, Paid for their Time at the Rodeo**

7  If plaintiffs have evidence that HARD or Rowell Ranch paid for the Deputies' time

8  providing a law enforcement presence at the Rodeo, that may have some slight relevance to their

9  claim that the County acted in concert with them to enforce Rowell Ranch's free speech policy.

10  Plaintiffs' responses to the County's "state all facts/identify all witnesses and documents"

11  contention interrogatories, however, disclosed no alleged facts, witnesses, or documents that

12  would support this claim, beyond what is alleged in the complaint about the conduct of Dep.

13  Mayfield and Mr. Hart. The Deputies' Time Sheets, Overtime Requests, and Overtime Cards

14  indicate that they were paid directly by ACSO. There is no evidence that the Deputies might have

15  knowledge of any reimbursement for their time by HART or Rowell Ranch; among other things,

16  plaintiffs' counsel did not take any of their depositions. There is also no reason to think that the

17  Deputies might have any such knowledge.

18  Accordingly, if plaintiffs' counsel are allowed to examine the Deputies about these

19  matters generally, and in particular about the earnings documents, this would prejudice the

20  County, confuse the issues, and mislead the jury. Merely by asking these witnesses, who have no

21  personal knowledge of these matters, questions regarding who, if anyone other than the County,

22  paid for their presence at the Rodeo, plaintiffs' counsel will be allowed to plant the seed of

23  suspicion that HARD or Rowell Ranch paid for their time, and thus the Deputies must have been

24  acting in concert with them to carry out their wishes.

**III.   CONCLUSION**

26  For the reasons discussed above, the County requests that the Court preclude plaintiffs'

27  counsel from asking the Deputies questions as to which they have no personal knowledge: i.e.,

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

COUNTY OF ALAMEDA'S MIL NO. 3                                                3:23-CV-01652-VC
50074856.1/059499.0021

1   whether anyone other than ACSO paid for their time at the Rodeo; any questions about the

2   payroll records; and to exclude the payroll records themselves as irrelevant.

3   Dated:  September 10, 2023                          FENNEMORE WENDEL

4

5                                                      By:/s/ *Marc Brainich*
                                                          William B. Rowell
6                                                         Thiele R. Dunaway
                                                          Marc Brainich
7                                                         Michele C. Kirrane
                                                          Attorneys for Defendants
8                                                         County of Alameda and Alameda County
                                                          Deputy Sheriff Joshua Mayfield
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

COUNTY OF ALAMEDA'S MIL NO. 3                                              3:23-CV-01652-VC
50074856.1/059499.0021

1

## <u>CERTIFICATE OF SERVICE</u>

2

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

3

4

    I am a citizen of the United States and employed in Alameda County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1111 Broadway, 24th Floor, Oakland, California  94607.

5

6

    On September 10, 2024, I served true copies of the following document(s) described as **DEFENDANT COUNTY OF ALAMEDA'S MOTION IN LIMINE NO. 3 TO PRECLUDE**

7

**QUESTIONING SHERIFF'S OFFICE DEPUTIES ABOUT WHO PAID FOR THEIR PRESENCE AT THE ROWELL RANCH RODEO** on the interested parties in this action as

8

follows:

9

    ***Please see attached Service List.***

10

    **BY EMAIL OR ELECTRONIC TRANSMISSION**:  By causing the document(s) listed above to be sent to the person(s) at the e-mail address(es) listed below.  I did not receive, within a

11

reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

12

13

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

15

    Executed on September 10, 2024, at Oakland, California.

16

17

                            */s/ Lena S. Mason*

18

                            Lena S. Mason

19

20

21

22

23

24

25

26

27

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

- 6 -

## SERVICE LIST

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

| | |
|---|---|
| Jessica L. Blome<br>Lily A. Rivo<br>Greenfire Law, PC<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>Phone:    (510) 900-9502<br>Email;    jblome@greenfirelaw.com<br>              lrivo@greenfirelaw.com | *Attorneys for Plaintiff Deniz Bolbol* |
| Joseph P. Cuviello<br>205 DeAnza Boulevard, #125<br>San Mateo, CA 94402<br>Phone:    (650) 315-3776<br>Email:    pcuvie@gmail.com | *Plaintiff Pro Per* |
| Dale L. Allen, Jr.<br>Nicholas D. Syren<br>Allen, Glaessner, Hazelwood & Werth, LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>Phone:    (415) 697-2000<br>Fax:        (415) 813-2045<br>Email:    dallen@aghwlaw.com<br>              nsyren@aghwlaw.com<br>              erodas@aghwlaw.com<br>              mhernandez@aghwlaw.com | *Attorneys for Defendants Hayward Area Recreation and Park District, and Kevin Hart* |
| Paul Caleo<br>Osmaan Khan<br>Gordon Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607<br>Phone:    (510) 463-8600<br>Fax        (510) 984-1721<br>Email:    pcaleo@grsm.com<br>              oakhan@grsm.com<br>              khernandez@grsm.com | *Attorneys for Defendant Rowell Ranch Rodeo, Inc.* |

COUNTY OF ALAMEDA'S MIL NO. 3                                                    3:23-CV-01652-VC
50074856.1/059499.0021

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1  William B. Rowell, Bar No. 178587
   Thiele R. Dunaway, Bar No. 130953
2  Marc Brainich, Bar No. 191034
   Michele C. Kirrane, Bar No. 215448
3  **FENNEMORE WENDEL**
   1111 Broadway, 24th Floor
4  Oakland, CA  94607
   Tel: (510) 834-6600 / Fax: (510) 834-1928
5  browell@fennemorelaw.com
   rdunaway@fennemorelaw.com
6  mbrainich@fennemorelaw.com
   mkirrane@fennemorelaw.com
7
   Attorneys for Defendants
8  County of Alameda and Alameda County Deputy
   Sheriff Joshua Mayfield
9
10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  JOSEPH P. CUVIELLO and DENIZ          Case No. 3:23-cv-01652-VC
    BOLBOL, individually,
14                                         **DECLARATION OF MARC
                    Plaintiffs,            BRAINICH IN SUPPORT OF
15                                         DEFENDANT COUNTY OF
    v.                                     ALAMEDA'S MOTION IN LIMINE
16                                         NO. 3 TO PRECLUDE QUESTIONING
    ROWELL RANCH RODEO, INC.;              SHERIFF'S OFFICE DEPUTIES
17  HAYWARD AREA RECREATION AND            ABOUT WHO PAID FOR THEIR
    PARK DISTRICT; HAYWARD AREA            PRESENCE AT THE ROWELL
18  RECREATION AND PARK DISTRICT           RANCH RODEO**
    PUBLIC SAFETY MANAGER/RANGER
19  KEVIN HART; ALAMEDA COUNTY             Judge:      Hon. Vince Chhabria
    SHERIFF'S OFFICE; ALAMEDA COUNTY       Date:       October 8, 2024
20  DEPUTY SHERIFF JOSHUA MAYFIELD;        Time:       10:00 a.m.
    and DOES 1 and 2, in their individual and   Courtroom:  4 - 17th Floor
21  official capacities, jointly and severally,
22                  Defendants.            Action Filed: April 6, 2023
                                           Trial Date:   October 21, 2024
23

24

25

26

27

28

I, Marc Brainich, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am of counsel with Fennemore Wendel, who are counsel for named defendants County of Alameda and Deputy Sheriff Joshua Mayfield ("County Defendants") in this matter.  I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.

2.      In support of their claim that the County acted in concert with HARD and Rowell Ranch Rodeo, plaintiffs served broad discovery on the County regarding the Deputies' presence at the Rodeo on May 20, 2024. In subsequent meet and confer communications, plaintiffs' counsel specifically requested the Deputies "timesheets" and payroll records." The County subsequently produced redacted Time Sheets, Overtime Requests, and Overtime Cards for that day. The County is not including copies of these documents with this motion as they contain private information of law enforcement personnel.  These documents do not, however, indicate that anyone but ACSO and/or the County paid for the Deputies time/overtime at the Rodeo.

3.      I met and conferred with counsel for plaintiff Deniz Bolbol and self-represented party Joseph Cuviello via email on September 9, 2024, requesting that they stipulate to not asking the deputies about these documents or, more generally, about who was responsible for paying for their law enforcement presence at the Rodeo. They, however, would not agree.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of September, 2024, at Oakland, California.

/s/ Marc Brainich
Marc Brainich

- 2 -

M. BRAINICH DECLARATION IN SUPPORT OF
COUNTY OF ALAMEDA'S MIL NO. 3
50083138.1/059499.0021

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

3:23-CV-01652-VC

## CERTIFICATE OF SERVICE

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

I am a citizen of the United States and employed in Alameda County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1111 Broadway, 24th Floor, Oakland, California  94607.

On September 10, 2024, I served true copies of the following document(s) described as **DECLARATION OF MARC BRAINICH IN SUPPORT OF DEFENDANT COUNTY OF ALAMEDA'S MOTION IN LIMINE NO. 3 TO PRECLUDE QUESTIONING SHERIFF'S OFFICE DEPUTIES ABOUT WHO PAID FOR THEIR PRESENCE AT THE ROWELL RANCH RODEO** on the interested parties in this action as follows:

***Please see attached Service List.***

**BY EMAIL OR ELECTRONIC TRANSMISSION**:  By causing the document(s) listed above to be sent to the person(s) at the e-mail address(es) listed below.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 10, 2024, at Oakland, California.

/s/ *Lena S. Mason*
Lena S. Mason

- 3 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

M. BRAINICH DECLARATION IN SUPPORT OF
COUNTY OF ALAMEDA'S MIL NO. 3

3:23-CV-01652-VC

50083138.1/059499.0021

1

## **SERVICE LIST**

2

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

3

4   Jessica L. Blome                          *Attorneys for Plaintiff Deniz Bolbol*
Lily A. Rivo
5   Greenfire Law, PC
2748 Adeline Street, Suite A
6   Berkeley, CA 94703
Phone:    (510) 900-9502
7   Email;    jblome@greenfirelaw.com
lrivo@greenfirelaw.com
8

9   Joseph P. Cuviello                         *Plaintiff Pro Per*
205 DeAnza Boulevard, #125
10  San Mateo, CA 94402
Phone:    (650) 315-3776
11  Email:    pcuvie@gmail.com

12  Dale L. Allen, Jr.                         *Attorneys for Defendants Hayward Area*
Nicholas D. Syren                          *Recreation and Park District, and Kevin*
13  Allen, Glaessner, Hazelwood & Werth, LLP   *Hart*
14  180 Montgomery Street, Suite 1200
San Francisco, CA 94104
15  Phone:    (415) 697-2000
Fax:      (415) 813-2045
16  Email:    dallen@aghwlaw.com
nsyren@aghwlaw.com
17        erodas@aghwlaw.com
mhernandez@aghwlaw.com
18

19  Paul Caleo                                 *Attorneys for Defendant Rowell Ranch*
Osmaan Khan                                *Rodeo, Inc.*
20  Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700
21  Oakland, CA 94607
Phone:    (510) 463-8600
22  Fax:      (510) 984-1721
Email:    pcaleo@grsm.com
23        oakhan@grsm.com
khernandez@grsm.com
24

25

26

27

28

- 4 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

M. BRAINICH DECLARATION IN SUPPORT OF                          3:23-CV-01652-VC
COUNTY OF ALAMEDA'S MIL NO. 3
50083138.1/059499.0021

1  Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
2  GREENFIRE LAW, PC
2748 Adeline Street, Suite A
3  Berkeley, CA 94703
Ph/Fx: (510) 900-9502
4  Email: jblome@greenfirelaw.com
5        lrivo@greenfirelaw.com

6  *Attorneys for Plaintiff Deniz Bolbol*

7  JOSEPH P. CUVIELLO
8  205 De Anza Blvd., #125
San Mateo, CA 94402
9  Telephone: (650) 315-3776
Email: pcuvie@gmail.com
10

11 *Plaintiff in Pro Se*

12          **UNITED STATES DISTRICT COURT**
          **NORTHERN DISTRICT OF CALIFORNIA**
13

14                                          Case No. 3:23-cv-01652-VC

15                                          **PLAINTIFFS' OPPOSITION TO**
                                            **DEFENDANT COUNTY OF**
16  JOSEPH P. CUVIELLO and DENIZ            **ALAMEDA'S MOTION IN LIMINE NO.**
    BOLBOL, individually,                   **3 TO PRECLUDE QUESTIONING**
17                                          **SHERIFF'S OFFICE DEPUTIES ABOUT**
              Plaintiffs                    **WHO PAID FOR THEIR PRESENCE AT**
18                                          **THE ROWELL RANCH RODEO**
         v.
19
    ROWELL RANCH RODEO, INC., et al.,
20
              Defendants                    Trial date:    October 21, 2024
21                                          Time:          10:00 a.m.
                                            Judge:         Hon. Vince Chhabria
22                                          Courtroom:     5, 17th Floor
23

24

25

26

27

28                          - 1 -

## I.     Introduction

Plaintiffs Joseph Cuviello and Deniz Bolbol submit this Opposition to Defendants Alameda County and Deputy Joshua Mayfield's Motion in Limine No. 3. The County's third Motion in Limine asks the Court to preclude Plaintiffs from questioning Alameda County Sheriff's Office ("ACSO") deputies Joshua Mayfield, Christian Campbell, Sowmaya Ramadas, and Mateusz Laszuk ("the Deputies") about who (other than the County) paid for the Alameda County Sheriff's Office ("ACSO") to provide a law enforcement presence at the Rodeo; and specifically from questioning the Deputies about their payroll records produced in discovery. Additionally, Defendant County seeks an instruction from the Court ordering excluding payroll records themselves.

Plaintiffs do not oppose the County's request to preclude such evidence, so long as the County's motion is made in good faith. Plaintiffs have cause to believe it is not made in good faith, however, as the County has simultaneously asked the Court to require that Plaintiffs prove that Defendant Deputy Mayfield specifically intended to violate the Bane Act when he told them they could be arrested for not moving to the free speech area on May 20, 2022. *See* Defendant's Special Jury Instruction RE Specific Intent. If the Court adopts the County's special jury instruction requiring a showing of "specific intent" to establish a Bane Act claim, then Plaintiffs are plainly entitled to present evidence that makes it more likely than not that Defendant Deputy Mayfield's attempt to interfere with Plaintiffs' free speech rights through threats, intimidation or coercion were based on a bias in favor of Defendant Rowell Ranch Rodeo, Inc. If the evidence establishes Defendant Rowell Ranch Rodeo, Inc. paid deputies' salary, then it could be established Defendant Deputy Mayfield had an incentive to do their bidding. If the evidence establishes the County used taxpayer dollars to pay deputies' salary to provide a sheriff's presence at a private entity's event then a built in bias on the part of the County can be established, which would include County employees such as Defendant Deputy Mayfield. Establishing Defendant Deputy Mayfield's bias will help Plaintiffs establish his intent to violate their free speech rights. Whether and to what

Plaintiffs' Opposition to Defendant County of Alameda's Motion *In Limine* No. 3
(3:23-cv-01652-VC)

1    extent Defendant Mayfield was biased is directly relevant to his intent to interfere with the

2    demonstrators' First Amendment rights.

3        **II.      Legal Standard**

4        Federal Rules of Evidence 401 and 402 prohibit the admission of evidence that does not tend

5    to make any fact of consequence more or less likely. Rule 403 limits admissible evidence to

6    relevant evidence, excluding otherwise relevant evidence if its probative value is substantially

7    outweighed by the danger of, "unfair prejudice, confusing the issues, misleading the jury, undue

8    delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

9        **III.     Argument**

10       On its face, the Bane Act requires a showing of two elements: (1) a threat, intimidation, or

11   coercion that (2) interfered or attempted to interfere with the exercise or enjoyment by an

12   individual or individuals of a constitutional right. Cal. Civ. Code, § 52.1(b). "The essence of a

13   Bane Act claim is that the defendant, by the specified improper means (i.e., `threats, intimidation

14   or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do

15   under the law or to force the plaintiff to do something that he or she was not required to do under

16   the law." *BB v. County of Los Angeles,* 25 Cal. App. 5th 115, 128 (2018). There is no specific

17   intent requirement to the Bane Act. *Id.* Still, Defendants ask the Court to require a showing of

18   specific intent while simultaneously precluding Plaintiffs from evidence that makes it more likely

19   than not that Defendant Deputy Mayfield possessed any intent at all. Indeed, the evidence

20   Defendants seek to exclude with their third Motion in Limine is relevant only if the Court

21   determines Plaintiffs must prove Defendants had an intent to violate Plaintiffs' free speech rights

22   as it makes a fact of consequence more or less likely. Fed. R. Evid. 401(a).

23       Plaintiffs do not believe intent is an element of proving a Bane Act claim, and in the Court's

24   Order on summary judgment, the Court did not state Plaintiffs needed to prove Defendants

25   intended to violate Plaintiffs' free speech rights at trial. It only stated that Plaintiffs need to

26   establish that "Defendants used threats, intimidation, or coercion in violation against them, and that

27   a reasonable person would have felt intimidated, coerced, or threatened. Court's Order Granting in

28

1  Part and Denying in Part Cross-Motions for Summary Judgment ("Order"), Dkt. 129, pp. 2-3.

2  Accordingly, Plaintiffs agree to exclude any evidence of who paid for the deputies' presence at the

3  Rowell Ranch Rodeo only if the Court's Jury Instructions do not require that Plaintiffs demonstrate

4  intent.

5  **IV.     Conclusion**

6       For the foregoing reasons, Plaintiffs will not present evidence of who paid for the deputies'

7  presence at the Rowell Ranch Rodeo unless the Court requires a showing of specific intent to prove

8  a violation of the Bane Act, as the County simultaneously requests in its proposed special jury

9  instructions.

10                                           Respectfully submitted,

11

12    DATED: September 17, 2024            */s/ Lily A. Rivo*
                                          Jessica Blome
                                          Lily A. Rivo
13                                         GREENFIRE LAW, PC
                                          *Attorney for Plaintiff Deniz Bolbol*
14

15    DATED: September 17, 2024            *Joseph P. Cuviello*
                                          JOSEPH P. CUVIELLO
16                                         *Plaintiff In Pro Se*

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am employed in the County of Alameda. My business address is 2748 Adeline Street, Suite A, Berkeley California 94703. I am over the age of 18 years and not a party to the above-entitled action. Document(s) served:

**PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF ALAMEDA'S MOTION IN LIMINE NO. 3 TO PRECLUDE QUESTIONING SHERIFF'S OFFICE DEPUTIES ABOUT WHO PAID FOR THEIR PRESENCE AT THE ROWELL RANCH RODEO**

On September 17, 2024, I served the foregoing document(s) on the parties in this action, located on the attached service list as designated below:

( )   <u>By First Class Mail, where indicated:</u>   Deposited the above documents in a sealed envelope with the United States Postal Service, with the postage fully paid.

( )   <u>By Personal Service:</u>   I personally delivered each in a sealed envelope to the office of the address on the date last written below.

( )   <u>By Overnight Mail:</u>   I caused each to be placed in a sealed envelope and placed the same in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for.

(X)   <u>By Electronic Transmission:</u>   Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 17, 2024, in Berkeley, California.

_____
Lily Rivo

Plaintiffs' Opposition to Defendant County of Alameda's Motion *In Limine* No. 3
(3:23-cv-01652-VC)

1

## SERVICE LIST

2

| | |
|---|---|
| Joseph P. Cuviello<br>205 De Anza Blvd., #125<br>San Mateo, CA 94402<br>(650) 315-3776<br>Email: pcuvie@gmail.com<br><br>*Pro Se Plaintiff* | Paul Caleo, Esq.<br>Osmaan Khan, Esq.<br>Gordon & Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607<br>(510) 463-8600<br>Facsimile: (510) 984-1721<br>Email: pcaleo@grsm.com<br>Email: oakhan@grsm.com<br>Email: khernandez@grsm.com<br><br>*Atty. for Defendant Rowell Ranch Rodeo, Inc.* |
| Dale L. Allen, Jr<br>Allen, Glaessner, Hazelwood & Werth LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>(415) 697-2000<br>Email: dallen@aghwlaw.com<br>Email: erodas@aghwlaw.com<br>Email: nsyren@aghwlaw.com<br><br>*Atty. for Defendants Hayward Area Recreation and Park District and Kevin Hart, Hayward Area Recreation and Park Public Safety Manager/Ranger* | William Blake Rowell<br>Marc Brainich<br>Michele C. Kirrane<br>Thiele R. Dunaway<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94067<br>(510) 834-6600<br>Email: browell@fennemorelaw.com<br>Email: mbrainich@fennemorelaw.com<br>Email: mkirrane@fennemorelaw.com<br>Email: rdunaway@fennemorelaw.com<br>Email: lmason@fennemorelaw.com<br><br>*Attys. for Defendants County of Alameda, Alameda County Sheriff's Office and Alameda County Deputy Sherriff Joshua Mayfield* |

Plaintiffs' Opposition to Defendant County of Alameda's Motion *In Limine* No. 3
(3:23-cv-01652-VC)