Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
        lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 De Anza Blvd., #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in Pro Se*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually, <br><br> Plaintiffs <br><br> v. <br><br> ROWELL RANCH RODEO, INC., et al., <br><br> Defendants | Case No. 3:23-cv-01652-VC <br><br> **PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE TESTIMONY BY DEFENDANTS' POLICE PRACTICES EXPERT JAMES I. DUDLEY** <br><br> Trial date: October 21, 2024 <br> Time: 10:00 a.m. <br> Judge: Hon. Vince Chhabria <br> Courtroom: 5, 17th Floor |

## I.    Introduction

The Court should preclude Defendants from offering inadmissible testimony at trial by Defendants' HARD and ACSO's designated Rule 26(a)(2)(B) police practices expert James I. Dudley. Mr. Dudley's "Rule 26(a)(2)(B) Expert Report, rev. May 23, 2024" ("Report") contains legal conclusions and should be precluded on this basis alone. Further, any testimony related to Defendants' liability for claims against Defendants ACSO, Mayfield, HARD and Hart under the Bane Act should be excluded because it is more prejudicial than probative, particularly considering the Court's framing of the remaining legal issues. Cal. Civ. Code, § 52.1. The Bane Act does not require a showing of animus or intent on behalf of Defendants, and the Court determined that an objective test applies to determine whether plaintiffs felt threatened, intimidated, or coerced. Testimony by Mr. Dudley concerning legal standards or Defendants' state of mind is therefore irrelevant, more prejudicial than probative, likely to confuse the issues and mislead the jury, and a waste of this Court's time. Accordingly, testimony or evidence by Mr. Dudley should be precluded from trial, pursuant to Federal Rules of Evidence 702, 703 and/or 705, 402, 403, 801 and 802.

## II.    Legal Standard

Federal Rules of Evidence 402 and 403 limit admissible evidence to relevant evidence and exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

A person is qualified to testify as an expert if he has special knowledge, skill, experience, training or education sufficient to qualify him as an expert on the subject to which his testimony relates. Fed. Rule Evid. 702. Rule 702 "require[s] that the judge apply his gatekeeping role…to all forms of expert testimony, not just scientific testimony," and that "judges are entitled to broad discretion when discharging their gatekeeping function." *Hangarter v. Provident Life ¶ Acc. Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004). Additionally, under Rules 701 and 702, opinions must be helpful to the trier of fact. In fact, "an expert may only testify as to 'scientific, technical, or other

specialized knowledge [that] will assist the trier of fact to understand the evidence or determine a fact in issue[.]'" *United States v. Tamman,* 782 F.3d 543, 552-553 (9th Cir. 2015).

## III.   Argument

### A.   Mr. Dudley is not qualified to testify about legal conclusions, legal issues including elements of claims, or the sufficiency of evidence

#### 1.   Mr. Dudley is not qualified to offer opinions presented

This court has broad latitude in both determining whether an expert's testimony is reliable, and "in deciding *how* to determine the testimony's reliability." *Hangarter,* 373 F.3d at 1017 (citations omitted, emphasis in original). A reliability determination is not "contingent upon a particular methodology or technical framework," to fulfill the Court's gatekeeping function. *Id.* at 1018. In fact, this obligation may be fulfilled by analysis of Mr. Dudley's knowledge and experience. *Id.* at 1018.

Defendants offer Mr. Dudley as an expert in police practices. Therefore, he cannot testify as to legal standards. *Tamman,* 782 at 554. Mr. Dudley's "Attachment D" to his Report lists his qualifications as an expert. Mr. Dudley's expert qualifications state "columnist and podcaster," "police practices consultant," and detail various roles held in the San Francisco Police Department, including as Police Officer, Sergeant, Lieutenant, and Captain. *See* Report. Neither the Report nor Mr. Dudley's curriculum vitae disclose any experience, expertise, or any other qualifications relevant to offering legal conclusions, such as a juris doctorate. *Id.* at pp. 27-29.

Mr. Dudley states that his roles as a police officer included training in crowd control and overseeing demonstrations and protests. Report, p. 26. He lists teaching experience, including classes in police and public policy and consulting positions as a senior project manager for a public safety strategies group. *Id.* None of Mr. Dudley's academic credentials, experience, affiliations, publications, presentations, or assessments is relevant to stating legal conclusions nor does it support a foundation of reliability for testimony concerning legal conclusions.

### 2. Testimony concerning Defendants' state of mind and duty of care is irrelevant and more prejudicial than probative

This Court has discretion to determine whether Mr. Dudley's testimony is relevant, reliable, and helpful to the jury. *Humetrix,* 268 F.3d at 919. To establish liability under the Bane Act, Plaintiffs must set forth evidence of a threat, intimidation, or coercion that interferes or attempts to interfere with the exercise or enjoyment of rights secured by the constitutions or laws of the state or the United States. Cal. Civ. Code, § 52.1. As Plaintiffs stated in their Summary Judgment Motion, "[t]here is no requirement to prove animus or intent; a defendant is liable if they interfered with the plaintiff's constitutional rights." Dkt. 84, p.17: 23-26, citing *Austin B. v. Escondido Union School Dist.,* 149 Cal. App. 4th 860, 883. And the Court's Order emphasized that an objective test applies in a Bane Act claim, "Asking whether a reasonable person in the plaintiff's position would have felt intimidated, threatened, or coerced by the actions of the defendant." Order, pp. 2-3, citing *Richardson v. City of Antioch,* 722 F. Supp. 2d 1133, 1147 (N.D. Cal. 2010).

Mr. Dudley is offered as an expert in police practices. He is not permitted to testify about legal standards, nor conclusions of law. Plaintiffs anticipate, based on counsel's September 3, 2024, meet and confer, that Mr. Dudley's planned testimony will cover a range of topics, including Defendants' duty of care and whether specific elements of Plaintiffs' legal claims are met. For instance, counsel indicated that testimony may address Defendants' state of mind in responding to Plaintiffs at the rodeo and whether such a response was reasonable. According to Mr. Dudley's Report, his "Scope of review" is to determine if: (1) the County provided a 'Duty of Care' fitting to the situation during the [protest] at Rowell Ranch Rodeo on May 20, 2022; (2) the protester/demonstrators at the rodeo were given reasonable access at the event; (3) the "time place, and manner" access were not denied due to the content of the protest; (4) instructions given to the protesters were reasonable and in compliance with industry standards; and, (5) the protesters were not threatened with arrest at the event. Report, p. 4.

Any testimony consisting of legal conclusions, should be precluded not only because Mr. Dudley is not qualified to offer such (see Section A.1.) but because the probative value of inclusion is outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403. This is particularly true considering this Court's Order Granting in Part and Denying in Part Cross-Motion for Summary Judgment ("Order"). Dkt. 129. The Court stated, in regarding to Plaintiffs' Bane Act claims, an objective test would apply to determine whether "a reasonable person in plaintiff's position would have felt intimidated, threatened or coerced by the actions of the defendant." Dkt. 129, pp. 2- 3. Yet, Mr. Dudley states in his Report, "At no time did it appear that either Cuviello nor Bolbol seemed afraid or intimidated by the deputies." Report, p. 10. Any potential testimony Mr. Dudley may offer regarding either Plaintiffs' subjective belief of fear or intimidation as it relates to Plaintiffs' Bane Act claims is therefore misleading. The Court already ruled on the test to be applied. Order, p. 4. Allowing Mr. Dudley to deliver a paid opinion as to whether Plaintiffs felt threatened, which is irrelevant because an objective not subjective test applies to the Bane Act claims, is likely to confuse the jury. Fed. R. Evid., 403.

No element of Plaintiffs' Bane Act claims requires an expert opinion. Mr. Dudley states an opinion that Defendants provided a "Duty of Care" during the [Rodeo] on May 20, 2022." *Id*., p. 12. He writes, "there were no attempts made to restrict or dissuade protestors at Rowell Ranch based on content, but in relation to their positions on pathways, roadways and in impeding free movement by the patrons attempting to enter the rodeo." *Id.,* p. 5. He adds his opinion that "protesters were not threatened with arrest at the event." *Id.*, p. 14. Dudley's "conclusions," couched as opinions, seek to refute an element of Plaintiffs' Bane Act claims, which only require a showing that "threats, intimidation, or coercion" were carried out with the intent to interfere with a constitutional right. Cal. Civ. Code, § 52.1. Again, the Court made clear that an objective test applies to this test. Order, p. 3. The Court further instructed, "reasonable people could disagree…about whether Deputy Mayfield telling the plaintiffs they could be arrested for trespassing constitutes a threat of arrest." *Id.* The Court added that reasonable people could differ as to whether Defendant Hart stating that failure to relocate to the free speech area will not be good "rises to the level of a threat." *Id.* At no

1  point did the Court address any subjective belief, state of mind of the officers, or any other conduct

2  or emotional state on the part of the officers which may be relevant to Plaintiffs' claims. *See* Order.

    **B.     Mr. Dudley's testimony should be excluded on the grounds it is hearsay evidence.**

3

4        A statement under the Federal Rules of Evidence includes a "person's oral assertion, written

5  assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a).

6  Hearsay statements are those "a party offers in evidence to prove the truth of the matter asserted in

7  the statement." Fed. R. Evid. 801 (c)(2). Regarding nonverbal conduct, that "may be offered as

8  evidence that the person acted as he did because of his belief in the existence of the condition

9  sought to be proved, from which belief the existence of the condition may be inferred." Fed. R.

10 Evid. 801, Notes of Advis. Comm. subdiv. (a). "This sequence is…an assertion of the existence of

11 the condition" and falls within the concept of hearsay. *Id.*

12       Any testimony Mr. Dudley provides at trial based on his interpretation of Plaintiffs' oral

13 assertions and nonverbal conduct, offered for the truth of the matter, should be excluded on the

14 grounds they are inadmissible hearsay evidence. Fed. R. Evid 801. Mr. Dudley's Report relies upon

15 various materials, including a cache of 36 videos of body worn cameras from Defendant ACSO

16 deputies. Report, p. 19. In his Report, Mr. Dudley writes, "at no time did it appear the

17 protestors…seemed fearful or afraid of being arrested." Report, p. 15. As stated in Section B, above,

18 this improper testimony should be excluded on the grounds that it is a conclusion of law that is

19 misleading, potentially confusing to the jury, and irrelevant. It is *also* hearsay evidence as it speaks

20 to the truth of whether Plaintiffs felt threatened with arrest. Fed. R. Evid. 801, Notes of Advis.

21 Comm.

22    **IV.     Conclusion**

23       For the foregoing reasons Plaintiffs respectfully request that this Court grant Plaintiffs'

24 motion *in limine* precluding Defendants' police practices expert James I. Dudley from providing

25 inadmissible testimony or opinion regarding legal conclusions, legal opinions, and from testifying

26 on hearsay.

27

28

1

2

3
                                              Respectfully submitted,

4
        DATED: September 10, 2024              */s/ Lily A. Rivo*

5                                             Jessica Blome
                                              Lily A. Rivo

6                                             GREENFIRE LAW, PC
                                              *Attorney for Plaintiff Deniz Bolbol*

7

8       DATED: September 10, 2024              *Joseph P. Cuviello*
                                              JOSEPH P. CUVIELLO

9                                             *Plaintiff In Pro Se*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

I am employed in the County of Alameda. My business address is 2748 Adeline Street, Suite A,

3

Berkeley California 94703. I am over the age of 18 years and not a party to the above-entitled action. Document(s) served:

4

**PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY BY**

5

**DEFENDANTS' POLICE PRACTICES EXPERT JAMES I. DUDLEY**

6

On September 10, 2024, I served the foregoing document(s) on the parties in this action, located on

7

the attached service list as designated below:

8

( )          <u>By First Class Mail,</u>    Deposited the above documents in a sealed envelope with the

9

             <u>where indicated:</u>        United States Postal Service, with the postage fully paid.

( )          <u>By Personal Service:</u>   I personally delivered each in a sealed envelope to the office of the

10

                                               address on the date last written below.

11

( )          <u>By Overnight Mail:</u>      I caused each to be placed in a sealed envelope and placed the same

12

                                               in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver

13

                                               authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for.

14

(X)         <u>By Electronic</u>           Based on an agreement of the parties to accept service by electronic

15

<u>Transmission:</u>                        transmission, I caused the documents to be sent to the person(s) at

16

                                             the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or

17

                                             other indication that the transmission was unsuccessful.

18

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 20, 2024, in Berkeley, California.

19

20

_Lily Rivo_ (signature)

Lily Rivo

21

22

23

24

25

26

27

28

1

## SERVICE LIST

2

| | |
|---|---|
| Joseph P. Cuviello<br>205 De Anza Blvd., #125<br>San Mateo, CA 94402<br>(650) 315-3776<br>Email: pcuvie@gmail.com<br><br>*Pro Se Plaintiff* | Paul Caleo, Esq.<br>Osmaan Khan, Esq.<br>Gordon & Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607<br>(510) 463-8600<br>Facsimile: (510) 984-1721<br>Email: pcaleo@grsm.com<br>Email: oakhan@grsm.com<br>Email: khernandez@grsm.com<br><br>*Atty. for Defendant Rowell Ranch Rodeo, Inc.* |
| Dale L. Allen, Jr<br>Allen, Glaessner, Hazelwood & Werth<br>LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>(415) 697-2000<br>Email: dallen@aghwlaw.com<br>Email: erodas@aghwlaw.com<br>Email: nsyren@aghwlaw.com<br><br>*Atty. for Defendants Hayward Area Recreation and Park District and Kevin Hart, Hayward Area Recreation and Park Public Safety Manager/Ranger* | William Blake Rowell<br>Marc Brainich<br>Michele C. Kirrane<br>Thiele R. Dunaway<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94067<br>(510) 834-6600<br>Email: browell@fennemorelaw.com<br>Email: mbrainich@fennemorelaw.com<br>Email: mkirrane@fennemorelaw.com<br>Email: rdunaway@fennemorelaw.com<br>Email: lmason@fennemorelaw.com<br><br>*Attys. for Defendants County of Alameda, Alameda County Sheriff's Office and Alameda County Deputy Sherriff Joshua Mayfield* |

William B. Rowell, Bar No. 178587
Thiele R. Dunaway, Bar No. 130953
Marc Brainich, Bar No. 191034
Michele C. Kirrane, Bar No. 215448
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, CA  94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
browell@fennemorelaw.com
rdunaway@fennemorelaw.com
mbrainich@fennemorelaw.com
mkirrane@fennemorelaw.com

Attorneys for Defendants
County of Alameda and Alameda County Deputy
Sheriff Joshua Mayfield

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; ALAMEDA COUNTY SHERIFF'S OFFICE; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,<br><br>Defendants. | Case No. 3:23-cv-01652-VC<br><br>**DEFENDANT COUNTY OF ALAMEDA'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE TESTIMONY BY DEFENDANTS' POLICE PRACTICES EXPERT JAMES I. DUDLEY**<br><br>Action Filed:      April 6, 2023<br>Trial Date:         October 21, 2024 |

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S OPPO TO
PLAINTIFFS' MOTION IN LIMINE NO. 2
50090660.1/059499.0021

3:23-CV-01652-VC

1    **I.    INTRODUCTION**

2         Defendants County of Alameda and Dep. Joshua Mayfield ("the County Defendants")

3    hereby oppose plaintiffs' Motion in Limine No. 2 to Exclude Testimony by Defendants' Police

4    Practices Expert James Dudley. Cap. Mayfield is highly qualified to offer admissible opinions

5    about, inter alia, about the relevant law enforcement standard and whether Dep. Joshua Mayfield

6    and Hart Safety Manager Gary Hart violated that standard.

7    **II.    LEGAL DISCUSSION**

8         **A.    Mr. Dudley is Highly Qualified to Provide Opinions in this Case**

9         Cap. Dudley is highly qualified to give opinions in this case based on his training and

10   experience. See *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015 (9th Cir.

11   2004) ("In certain fields, experience is the predominant, if not sole, basis for a great deal of

12   reliable expert testimony").

13        Cap. Dudley was employed by the San Francisco Police Dept. in July 1980. He attended

14   the SFPD ("SFPD") Police Academy at that time and earned the California Police Officers

15   Standards and Training ("POST") Basic Certificate. He later earned the POST Intermediate,

16   Advanced, Supervisory, Executive Certificates over the course of his career. He was promoted to

17   Sergeant/inspector in 1990, to Lieutenant in 1995, to Captain in 1998, Commander of Patrol and

18   then Special Operations and Homeland Security in 2002-2004, and to Deputy Chief of Patrol and

19   Investigations in 2011. During this time and in various capacities, he was in charge of handling

20   and managing numerous protests and demonstrations. He is highly familiar with law enforcement

21   training in crowd control and First Amendment issues.

22        Cap. Dudley graduated from FBI National Academy in Quantico, Virginia in 1998,

23   receiving a certificate in Law Enforcement Executive Training. He received a BA in Criminal

24   Justice from San Francisco State University in 2000, and an MA in Criminology from U.C. Irvine

25   in 2015. Cap. Dudley retired from UCPD in 2013, at which time he became lecturer in Criminal

26   Justice Studies, a position he has held up to the present. He was an instructor for POST from

27

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

2000-2009. He has published approximately 34 articles in the law enforcement field in the last 10 years.

### B.     The Scope of Cap. Dudley's Opinions[1]

Cap. Dudley may opine at trial as to 1) whether the conduct of defendants ACSO Dep. Joshua Mayfield and HARD Safety Manager were reasonable and in compliance with the relevant law enforcement standard of care; and whether Dep. Mayfield threatened plaintiffs with arrest. Dep. Dudley is well qualified to provide these opinions to the jury, in light of his law enforcement education and training, his employment by SFPD, and academic teaching and publication.

### C.     Cap. Dudley's Opinions Are Admissible

Experts typically cannot opine about the applicable legal standard, as this would invade the province of the court. *Burkhart v. Washington Metro Area Transit Auth*., 112 F.3d 1207, 1212 (D.C. Cir. 1997). Experts are permitted, however, "to express an opinion on an ultimate issue to be decided by the jury." *Davis v. Masson County*, 927 F.2d 1473, 1484-86 (9th Cir. 1991) (expert may opine that sheriff was reckless in failing to properly train his deputies); *Vucinich v. Paine, Webber, Jackson & Curtis*, 803 F.2d 454, 461 (9th Cir. 1986) (expert may opine as to suitability of investments and adequacy of information conveyed to investor); *Hangarter v. Provident Life & Accident Ins. Co.*, supra, 373 F.3d at 1016 (expert properly testified that insurer deviated from industry standard in terminating benefits, as he did not testify that insurer acted in bad faith, the ultimate issue of law); *Lees v. Carthage College*, 714 F.3d 516, 525 (7th Cir. 2913 (expert may consult industry standards).

In addition, an expert may opine as to legal matters where those matters involve questions of fact. *Waco Int'l, Inc. v. KHK Scaffolding Houston, Inc.*, 278 F.3d 523, 533 (5th Cir. 2002) (attorney may testify as to issues an attorney usually investigates in deciding whether to seek ex parte seizure); *Huddleston v. Herman & MacLean*, 640 F.2d 534, 552 (5th Cir. 1981) (attorney could testify that language used in prospectus was boiler plate because it was relevant to proof of defendants' state of mind).

---

[1] Because plaintiffs did not depose Mr. Dudley, their discussion of his opinions and the basis for them is rather sketchy.

- 3 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1

**D.      Cap. Dudley's Opinions are Relevant to this Case and Will Help the Jury**

2    Expert opinion is appropriate when the jury will not be able to decide a factual issue

3    without special assistance in an area unfamiliar to it. *Lauzon v. Senco Products, Inc.*, 270 F.3d

4    681, 686 (evidence based on specialized knowledge may be useful to the jury in deciding the

5    ultimate issue of fact).

6    The jury, of course, will not know anything about the relevant industry-wide law

7    enforcement standard. Accordingly, Cap. Dudley may opine as to the law enforcement standard

8    as it pertains specifically to handling nonviolent demonstrators and respecting their free speech

9    rights in the context of also protecting rodeo patrons' rights to access the rodeo. In California, this

10   standard is set, in part, by the State of California's Commission on Peace Officer Standards and

11   Training ("POST"). In the Commission's own words, "The POST-certified Regular Basic Course

12   (basic academy) is the training standard for police officers, deputy sheriffs, school district police

13   officers, district attorney investigators, as well as a few other classifications of peace officers."[2]

14   He may opine as to the POST training and instruction Dep. Mayfield and Mr. Hart

15   received handling demonstrations and in free speech issues. He may opine as to whether they

16   acted within their POST training and instruction, and more generally within the industry-wide law

17   enforcement standard, in the face of plaintiffs' conduct. For example, he may opine as to what a

18   law enforcement officer should reasonably do when presented with a citizen complaint by a rodeo

19   patron that someone is blocking their access (under the specific circumstances, should he ignore

20   it? investigate it? act upon it?). Under the specific factual circumstances of this case, including

21   Mr. Cuviello's demands, did Dep. Mayfield have a duty to tell him whether or not he was going

22   to arrest him?

23   Further, and as discussed in more detail in the County's Opposition to plaintiffs' Motion

24   in Limine No. 5, plaintiffs must establish that Dep. Mayfield and Mr. Hart had the specific intent

25   to use coercion or intimidation to interfere with plaintiffs' free speech rights. Cap. Dudley's

26   testimony is relevant to their intent; for example, if their conduct was within the industry-wide

27   _____

[2]   Peace Officer Basic Training (ca.gov)

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1   law enforcement standard, then that is relevant to whether or not their conduct was intended to

2   enforce the law, or to violate it.

3   **III.    CONCLUSION**

4          Cap. Dudley is well qualified to testify in this case, and he will offer admissible opinions

5   that are relevant to the issues but beyond the comprehension of the jury without his assistance.

6   Accordingly, plaintiffs' Motion in Limine No. 2 should be denied.

7

8   Dated: September 17, 2024                    FENNEMORE WENDEL

9

10                                              By:*/s/ Marc Brainich*
                                                   William B. Rowell
11                                                 Thiele R. Dunaway
                                                   Marc Brainich
12                                                 Attorneys for Defendants
                                                   County of Alameda and Alameda County
13                                                 Deputy Sheriff Joshua Mayfield

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fennemore Wendel
Attorneys at Law
Oakland

DEFENDANT COUNTY OF ALAMEDA'S OPPO TO                    3:23-CV-01652-VC
PLAINTIFFS' MOTION IN LIMINE NO. 2
50090660.1/059499.0021

## CERTIFICATE OF SERVICE

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

  I am a citizen of the United States and employed in Alameda County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1111 Broadway, 24th Floor, Oakland, California  94607.

  On September 17, 2024, I served true copies of the following document(s) described as **DEFENDANT COUNTY OF ALAMEDA'S QUALIFIED NON-OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE TESTIMONY BY DEFENDANTS' POLICE PRACTICES EXPERT JAMES I. DUDLEY** on the interested parties in this action as follows:

*Please see attached Service List.*

  **BY EMAIL OR ELECTRONIC TRANSMISSION**:  By causing the document(s) listed above to be sent to the person(s) at the e-mail address(es) listed below.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

  Executed on September 17, 2024, at Oakland, California.


*/s/ Lena S. Mason*
Lena S. Mason

1

## SERVICE LIST

2

3

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

4

Jessica L. Blome                                     *Attorneys for Plaintiff Deniz Bolbol*
Lily A. Rivo

5

Greenfire Law, PC
2748 Adeline Street, Suite A

6

Berkeley, CA 94703
Phone:    (510) 900-9502

7

Email;    jblome@greenfirelaw.com

8

          lrivo@greenfirelaw.com

9

Joseph P. Cuviello                                   *Plaintiff Pro Per*
205 DeAnza Boulevard, #125

10

San Mateo, CA 94402
Phone:    (650) 315-3776

11

Email:    pcuvie@gmail.com

12

13

Dale L. Allen, Jr.                                   *Attorneys for Defendants Hayward Area*
Nicholas D. Syren                                    *Recreation and Park District, and Kevin*
Allen, Glaessner, Hazelwood & Werth, LLP             *Hart*

14

180 Montgomery Street, Suite 1200

15

San Francisco, CA 94104
Phone:    (415) 697-2000

16

Fax:      (415) 813-2045
Email:    dallen@aghwlaw.com

17

          nsyren@aghwlaw.com
          erodas@aghwlaw.com

18

19

Paul Caleo                                           *Attorneys for Defendant Rowell Ranch*
Osmaan Khan                                          *Rodeo, Inc.*

20

Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700

21

Oakland, CA 94607
Phone:    (510) 463-8600

22

Fax:      (510) 984-1721
Email:    pcaleo@grsm.com

23

          oakhan@grsm.com
          khernandez@grsm.com

24

25

26

27

28

- 7 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1   DALE L. ALLEN, JR., State Bar No. 145279
    dallen@aghwlaw.com
2   NICHOLAS D. SYREN, State Bar No. 334807
    nsyren@aghwlaw.com
3   ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
    180 Montgomery Street, Suite 1200
4   San Francisco, CA  94104
    Telephone:     (415) 697-2000
5   Facsimile:     (415) 813-2045

6   Attorneys for Defendants
    HAYWARD AREA RECREATION AND PARK
7   DISTRICT and KEVIN HART

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11  JOSEPH P. CUVIELLO and DENIZ          Case No. 3:23-cv-01652-VC
    BOLBOL, individually,
12                                        **DEFENDANTS HAYWARD AREA**
                    Plaintiff,            **RECREATION AND PARK DISTRICT AND**
13                                        **KEVIN HARTS' OPPOSITION TO**
         v.                               **PLAINTIFFS' MOTION IN LIMINE NO. 2 TO**
14                                        **EXCLUDE TESTIMONY BY DEFENDANTS'**
    ROWELL RANCH RODEO, INC.,             **POLICE PRACTICES EXPERT JAMES I.**
15  HAYWARD AREA RECREATION AND           **DUDLEY**
    PARK DISTRICT, HAYWARD AREA
16  RECREATION AND PARK DISTRICT
    PUBLIC SAFETY MANAGER/RANGER
17  KEVIN HART, and DOES 1 and 2, in      Trial:     October 21, 2024
    their individually and official capacities,
18  jointly and severally,

19                  Defendants.

20

21  **I.      INTRODUCTION**

22          Defendants submit this opposition to Plaintiff's motion in limine "2" in which Plaintiff

23  seeks to exclude testimony by Mr. Dudley concerning legal standards or Defendants' state of

24  mind is therefore irrelevant, more prejudicial than probative, likely to confuse the issues and

25  mislead the jury, and a waste of this Court's time. Plaintiffs argue testimony or evidence by Mr.

26  Dudley should be precluded from trial, pursuant to Federal Rules of Evidence 702, 703 and/or

27  705, 402, 403, 801 and 802. Defendant agrees that Mr. Dudley plainly cannot state legal

28  conclusions. However, Defendants plan to offer Mr. Dudley as an expert in police practices and

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

                                           1                          OPPO TO PLTFS' MIL NO. 2
                                                                      3:23-CV-01652

684285.1

to testify as to the industry standards and standard of care for law enforcement when interacting with First Amendment protestors in order to determine if Mr. Hart and the Alameda County deputies acted according to their training and standards.

## II.     STANDARD OF REVIEW

Although not specifically provided for in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence, "[A] district court is vested with discretion as to whether to hear a motion to exclude evidence before trial in an in limine proceeding." *U.S. v. Layton* 767 F.2d 549, 554 (9th Cir. 1985); see also *Luce v. United State*s, 469 U.S. 38, 41 (1984), Fed. R. Evidence 103(c). In Luce, supra, the Court stated that "[i]n jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Ibid. Further,"[p]reliminary questions concerning the admissibility of evidence shall be determined by the court." F.R.E.104(a).

A person is qualified to testify as an expert if he has special knowledge, skill, experience, training or education sufficient to qualify him as an expert on the subject to which his testimony relates. Fed. Rule Evid. 702. Rule 702 "require[s] that the judge apply his gatekeeping role…to all forms of expert testimony, not just scientific testimony," and that "judges are entitled to broad discretion when discharging their gatekeeping function." *Hangarter v. Provident Life ¶ Acc. Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004). Additionally, under Rules 701 and 702, opinions must be helpful to the trier of fact. In fact, "an expert may only testify as to 'scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or determine a fact in issue[.]'" *United States v. Tamman,* 782 F.3d 543, 552-553 (9th Cir. 2015).

## III.     ARGUMENT

Mr. Dudley's expert qualifications include various roles held in the San Francisco Police Department, including as Police Officer, Sergeant, Lieutenant, and Captain as well as a police practices consultant and professor at San Francisco State University. *See* Report. Mr. Dudley is able to testify as to the training and available practices in dealing with First Amendment protestors on private and public property. Plaintiffs appear to desire to severely limit or exclude

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

684285.1

the totality of Mr. Dudley's testimony. This is prejudicial and unfair to Defendants. Specifically, Mr. Dudley would testify to training and practices of law enforcement in dealing with protestors. Specifically, Mr. Dudley can testify as to whether instructions given to the protesters were reasonable and in compliance with industry standards. This is instructive to the jury and is more probative than prejudicial. Mr. Dudley's testimony will not invade the province of legal conclusions. His opinions will be limited to the training and industry standards of law enforcement regarding law enforcement's dealings with demonstrators and First Amendment protests that will be instructive for the jury, highly relevant and not prejudicial to Plaintiffs.

In determining the standard law enforcement is trained to use and setting a standard of care for interactions with First Amendment protestors the jury would be informed of the words normally used when informing protestors of whether they were subject to arrest or detention.

**IV.   CONCLUSION**

For the aforementioned reasons, Plaintiff's MIL "2" should be denied in part and Mr. Dudley allowed to testify as to police practices and instructions given to the protestors being within industry standards.

Respectfully submitted,

Dated:  September 17, 2024

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By:   _/s/ Nicholas D. Syren_
DALE L. ALLEN, JR.
NICHOLAS D. SYREN
Attorneys for Defendants
HAYWARD AREA RECREATION AND
PARK DISTRICT and KEVIN HART

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

OPPO TO PLTFS' MIL NO. 2
3:23-CV-01652

684285.1

CERTIFICATE OF SERVICE

I am a resident of the State of California, over 18 years of age and not a party to the within action.  I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, CA 94104.  On September 17, 2024, I served the within: **DEFENDANTS HAYWARD AREA RECREATION AND PARK DISTRICT AND KEVIN HARTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY BY DEFENDANTS' POLICE PRACTICES EXPERT JAMES I. DUDLEY** on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

SEE ATTACHED SERVICE LIST

☐ **By United States Mail:**  I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing documents for mailing.  On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

☐ **By Overnight Delivery:**  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **By E-Mail or Electronic Transmission:**  Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(FEDERAL)** I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on September 17, 2024, at San Francisco, California.

_Danielle Costes_
Danielle Costes

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

684285.1

**SERVICE LIST**

| | |
|---|---|
| Jessica L. Blome<br>Lily Rivo<br>Gina Tomasselli<br>Greenfire Law, PC<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703 | Attorneys for Plaintiff Deniz Bolbol<br>Telephone: (510) 900-9502<br>Facsimile:  (510) 900-9502<br>E-Mail: jblome@greenfirelaw.com<br>E-Mail: lrivo@greenfirelaw.com<br>E-Mail: tomaselli@greenfirelaw.com |
| Joseph P. Cuviello<br>205 De Anza Blvd. #125<br>San Mateo, CA 94402 | Plaintiff Pro Per<br>Telephone: (650) 315-3776<br>E-Mail: pcuvie@gmail.com |
| Paul Damien Caleo<br>Osmaan Khan<br>Gordon Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607 | Attorneys for Rowell Ranch Rodeo, Inc.<br>Telephone: (510) 463-8600<br>Facsimile:  (510) 984-1721<br>E-Mail: pcaleo@grsm.com<br>E-Mail: oakhan@grsm.com<br>E-Mail: khernandez@grsm.com |
| William B. Rowell<br>Thiele R. Dunaway<br>Marc Brainich<br>Michele C. Kirrane<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607 | Attorneys for County of Alameda,<br>Alameda County Sheriff's Office, and<br>Alameda County Deputy Sheriff Joshua<br>Mayfield<br>Telephone: (510) 834-6600<br>Facsimile:  (510) 834-1928<br>E-Mail: browell@fennemorelaw.com<br>E-Mail: rdunaway@fennemorelaw.com<br>E-Mail: mbrainich@fennemorelaw.com<br>E-Mail: mkirrane@fennemorelaw.com |

OPPO TO PLTFS' MIL NO. 2
3:23-CV-01652

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

684285.1