Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
        lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 De Anza Blvd., #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in Pro Se*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiffs<br><br>v.<br><br>ROWELL RANCH RODEO, INC., et al.,<br><br>Defendants | Case No. 3:23-cv-01652-VC<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE REGARDING THE CONSTITUTIONALITY OF DEFENDANTS' FREE SPEECH AREA**<br><br>Trial date:   October 21, 2024<br>Time:          10:00 a.m.<br>Judge:        Hon. Vince Chhabria<br>Courtroom:  5, 17th Floor |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      Introduction

Plaintiffs seek to exclude any evidence, testimony, or opinions regarding the constitutionally of Defendants' Free Speech Area as applied during the events at Rowell Rodeo Ranch on May 20 - 22, 2022. The Free Speech Area ("FSA") is a marked location for public speech required by lessor Defendant HARD for events, including at Rodeo Park events such as the one hosted by lessee Defendant Rowell Ranch Rodeo, Inc. It is undisputed by the parties the FSA at the Rodeo was unconstitutional. *See* Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment ("Order"). Dkt. 129, p. 1. As noted by the Court, a remaining issue is whether Defendants' conduct toward Plaintiffs at the Rodeo event meets the requirements of a Bane Act claim. Cal. Civ. Code, § 52.1; *Id.*at pp. 2-3. By excluding evidence that the FSA was constitutional as-applied, the Court can focus on the required elements of the Bane Act claims, whether "the actions of the defendants constitute threats, intimidation, or coercion." Order, p. 3; Cal. Civ. Code, § 52.1(b); Order, p. 2. A Bane Act claim does not require a showing of animus or intent. *See* Cal. Civ. Code, § 52.1, Order, pp. 2-3. Accordingly, any testimony concerning whether the FSA was constitutional and Defendants were therefore justified in enforcing it, or potentially immune from liability, is therefore irrelevant to questions facing the trier of fact, more prejudicial than probative, likely to confuse the issues and mislead the jury, and a waste of this Court's time.

## II.      Legal Standard

Federal Rules of Evidence 401 and 402 prohibit the admission of evidence that does not tend to make any fact of consequence more or less likely. Rule 403 limits admissible evidence to relevant evidence, excluding otherwise relevant evidence if its probative value is substantially outweighed by the danger of, "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District Courts have "broad discretion in deciding what evidence is relevant, reliable and helpful to the trier of fact." *Humetrix, Inc., v. Gemplus S.C.A,* 268 F. 3d 910, 919 (9th Cir. 2001). Additionally, where the evidence is of slight probative value, "it's an abuse of discretion to admit it if there's even a

1    modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*,

2    981 F.2d 422, 424 (9th Cir. 1992).

3        **III.    The Court should exclude evidence that the FSA was constitutional**

4        By precluding evidence concerning the constitutionality of the FSA, this Court can give

5    effect to its Order in which it (1) held that the parties agree the FSA was unconstitutional and, (2)

6    stated the need for a jury to determine whether Defendants' actions constitute threats, coercion or

7    intimidation under an objective test as required by the Bane Act. Order, pp. 2-3; Cal. Civ. Code, §

8    52.1.

9        **A.    The parties agree the FSA was unconstitutional**

10       Defendant HARD concedes that the FSA at the Rodeo on the date of the event was "an

11   unreasonable time, place and manner restriction of free speech." Dkt. 115, p. 1:24-26. Defendant

12   HARD should therefore be prohibited from offering any information or opinion concerning the

13   constitutionality of the FSA. Any such testimony would be misleading, and prejudicial to Plaintiffs

14   who would then need to *again* set forth evidence of the unconstitutionality of the restriction.

15   (Emphasis added); *See* Dkt. 84 (Plaintiffs' Joint Motion for Partial Summary Judgment).

16   Importantly, any evidence concerning the constitutionality of the FSA, set forth by any Defendants,

17   would also be contrary to the Court's findings that the parties agree the restriction was "too

18   restrictive." Order, p. 1 ("Plaintiffs refused [to move to the FSA], 'which everyone now appears to

19   agree was appropriate because the free speech area was too restrictive.'") Defendants have not

20   refuted the claim that the FSA was unconstitutional and any time spent on the issue of whether the

21   FSA was a constitutional restriction would expand the case and potentially mislead the jury. Fed.

22   R. Evid. 403. Additionally, whether the FSA was unconstitutional is a legal question, not

23   appropriate for jury determination.

24       **B.    Evidence that the FSA is constitutional as applied should be precluded
             because it is more prejudicial than probative**

25       Under Rule 403, the Court's discretion to admit evidence of slight (if any) probative value,

26   must consider if it would be an abuse of direction to admit if when there is, "even a modest

27

28

1    likelihood of unfair prejudice or a small risk of misleading the jury." *Hitt,* 981 F.2d. at 424.

2    Plaintiffs' Bane Act claims do not require a showing of animus, intent, or any state of mind on

3    behalf of Defendants in acting to interfere or attempt to interfere with Plaintiffs' constitutional

4    rights. Cal. Civ. Code, § 52.1; *Austin B. v. Escondido Union School Dist.,* 149 Cal. App. 4th 860,

5    883. For Plaintiffs to establish liability under the Bane Act, they must show "threats, intimidation,

6    or coercion" carried out with the intent to interfere with the exercise or enjoyment of rights secured

7    by the constitutions or laws of the state or the United States. Cal. Civ. Code, § 52.1. A defendant is

8    liable under the Bane Act if they interfere with the plaintiff's constitutional rights. *Austin B.,* 149

9    Cal. App. 4th at 883.

10          If the Court permits Defendants to admit evidence or testimony that the FSA was

11   constitutional as-applied to Plaintiffs at the Rodeo, Plaintiffs will be unfairly prejudiced. Fed. R.

12   Evid 403. By opening up evidence to the constitutionality of the FSA, inferences that should not be

13   drawn may be plausible. *See Hitt,* 981 F.2d at 424 (stating that admitted evidence by the trial court

14   in that case was "fraught with the twin dangers of unfai[r] prejudice[e]… and misleading the

15   jury."). For instance, evidence that the FSA was a constitutional restriction at the Rodeo could

16   lead the jury to draw a connection that Defendants' actions, including threatening arrest and

17   intimidating Plaintiffs, appear to be reasonable.

18          Additionally, unfair prejudice to Plaintiffs includes the fact that the parties have already

19   determined that the FSA was unconstitutional. *See* Dkt. 115, p. 1:24-26 (HARD admits FSA was

20   an unconstitutional restriction on speech); Fed. R. Evid. 403. Permitting evidence supporting the

21   constitutionality of the FSA as-applied to Plaintiffs at the Rodeo will likely mislead the jury into

22   believing Defendants' state of mind, particularly as it relates to carrying out orders to enforce a

23   "constitutional" FSA, is relevant to Plaintiffs' Bane Act claims. As stated above, a defendant's

24   intent or state of mind is not a necessary element of a Bane Act claim. Cal. Civ. Code, § 52.1.

25   According to Rule 403, any such evidence has minimal, if any, probative value that is substantially

26   outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Fed.

27   R. Evid. 403.

28

Further, evidence of the constitutionality of the FSA is not *relevant* because the Court has determined the parties agree the restriction was unconstitutional. (Emphasis added); Order, p. 1. Any additional evidence is not reliable or helpful because it does not have a tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. Again, evidence of state of mind or intent is not relevant to Plaintiffs' Bane Act claims. Cal. Civ. Code, § 52.1.

Finally, it is inefficient and wastes time to argue for the constitutional nature of the FSA. Fed. R. Evid. 403; *See* Dkt. 84, p. 15. In their Partial Motion for Summary Judgment, Plaintiffs argued effectively for the unconstitutional nature of the FSA as-applied to their leafletting and banner and poster-holding activity near the entrances to the Rodeo Park. *Id.* As detailed above, the parties agree the FSA was unconstitutional. *See* Section III.B. To permit evidence of the constitutionality of the FSA would require Plaintiffs to spend time and resources arguing (again) for the unconstitutionality of the restriction.

For these reasons, evidence or argument about the constitutionality of the FSA is therefore inadmissible under Rules 401, 402, and 403.

**IV.    Conclusion**

For the foregoing reasons Plaintiffs respectfully request that this Court grant Plaintiffs' motion *in limine.*

Respectfully submitted,

DATED: September 10, 2024

*/s/ Lily A. Rivo*
Jessica Blome
Lily A. Rivo
GREENFIRE LAW, PC
*Attorney for Plaintiff Deniz Bolbol*

DATED: September 10, 2024

*Joseph P. Cuviello*
JOSEPH P. CUVIELLO
*Plaintiff In Pro Se*

1

## PROOF OF SERVICE

2

3

I am employed in the County of Alameda. My business address is 2748 Adeline Street, Suite A, Berkeley California 94703. I am over the age of 18 years and not a party to the above-entitled action. Document(s) served:

4

5

**PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE REGARDING THE CONSTITUTIONALITY OF DEFENDANTS' FREE SPEECH AREA**

6

7

On September 10, 2024, I served the foregoing document(s) on the parties in this action, located on the attached service list as designated below:

8

9

( )            <u>By First Class Mail,</u>    Deposited the above documents in a sealed envelope with the
               <u>where indicated:</u>        United States Postal Service, with the postage fully paid.

10

( )            <u>By Personal Service:</u>    I personally delivered each in a sealed envelope to the office of the
                                          address on the date last written below.

11

( )            <u>By Overnight Mail:</u>      I caused each to be placed in a sealed envelope and placed the same

12

in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver

13

authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for.

14

(X)            <u>By Electronic</u>          Based on an agreement of the parties to accept service by electronic

15

<u>Transmission:</u>               transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a

16

reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

17

18

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 20, 2024, in Berkeley, California.

19

20

_Lily Rivo_

Lily Rivo

21

22

23

24

25

26

27

28

1

## <u>SERVICE LIST</u>

2

| Joseph P. Cuviello<br>205 De Anza Blvd., #125<br>San Mateo, CA 94402<br>(650) 315-3776<br>Email: pcuvie@gmail.com<br><br>*Pro Se Plaintiff* | Paul Caleo, Esq.<br>Osmaan Khan, Esq.<br>Gordon & Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607<br>(510) 463-8600<br>Facsimile: (510) 984-1721<br>Email: pcaleo@grsm.com<br>Email: oakhan@grsm.com<br>Email: khernandez@grsm.com<br><br>*Atty. for Defendant Rowell Ranch Rodeo, Inc.* |
|---|---|
| Dale L. Allen, Jr<br>Allen, Glaessner, Hazelwood & Werth LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>(415) 697-2000<br>Email: dallen@aghwlaw.com<br>Email: erodas@aghwlaw.com<br>Email: nsyren@aghwlaw.com<br><br>*Atty. for Defendants Hayward Area Recreation and Park District and Kevin Hart, Hayward Area Recreation and Park Public Safety Manager/Ranger* | William Blake Rowell<br>Marc Brainich<br>Michele C. Kirrane<br>Thiele R. Dunaway<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94067<br>(510) 834-6600<br>Email: browell@fennemorelaw.com<br>Email: mbrainich@fennemorelaw.com<br>Email: mkirrane@fennemorelaw.com<br>Email: rdunaway@fennemorelaw.com<br>Email: lmason@fennemorelaw.com<br><br>*Attys. for Defendants County of Alameda, Alameda County Sheriff's Office and Alameda County Deputy Sheriff Joshua Mayfield* |

1  William B. Rowell, Bar No. 178587
   Thiele R. Dunaway, Bar No. 130953
2  Marc Brainich, Bar No. 191034
   Michele C. Kirrane, Bar No. 215448
3  **FENNEMORE WENDEL**
   1111 Broadway, 24th Floor
4  Oakland, CA  94607
   Tel: (510) 834-6600 / Fax: (510) 834-1928
5  browell@fennemorelaw.com
   rdunaway@fennemorelaw.com
6  mbrainich@fennemorelaw.com
   mkirrane@fennemorelaw.com
7
   Attorneys for Defendants
8  County of Alameda and Alameda County Deputy
   Sheriff Joshua Mayfield
9
10                  UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12
   JOSEPH P. CUVIELLO and DENIZ          Case No. 3:23-cv-01652-VC
13 BOLBOL, individually,

14              Plaintiffs,              **DEFENDANT COUNTY OF ALAMEDA'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE REGARDING THE CONSTITUTIONALITY OF DEFENDANTS' FREE SPEECH AREA**
15 v.

16 ROWELL RANCH RODEO, INC.;
   HAYWARD AREA RECREATION AND
17 PARK DISTRICT; HAYWARD AREA
   RECREATION AND PARK DISTRICT
18 PUBLIC SAFETY MANAGER/RANGER
   KEVIN HART; ALAMEDA COUNTY         Action Filed:     April 6, 2023
19 SHERIFF'S OFFICE; ALAMEDA COUNTY   Trial Date:       October 21, 2024
   DEPUTY SHERIFF JOSHUA MAYFIELD;
20 and DOES 1 and 2, in their individual and
   official capacities, jointly and severally,
21
22              Defendants.

23 **I.      INTRODUCTION**

24         Defendants County of Alameda and Dep. Joshua Mayfield oppose plaintiffs' Motion in

25 Limine No. 3 to Exclude Evidence Regarding the Constitutionality of Defendants' Free Speech

26 Area ("Motion") because the requested relief is too broad and would exclude evidence directly

27 relevant to Dep. Mayfield state of mind and thus of his specific intent to deprive plaintiffs of their

28

free speech rights – an element of plaintiffs' Bane Act claim. This evidence is also directly relevant to countering plaintiffs' claim that Dep. Mayfield worked "in concert" with HARD employee Gary Hart to enforce Rowell Ranch Rodeo's Free Speech Area ("FSA").

## II.    DISCUSSION

### A.    The Scope of Plaintiffs' Motion to Exclude

The scope of plaintiffs' motion is unclear. On the one hand, plaintiffs seek a broad order excluding evidence or argument "*regarding* the constitutionality of Defendants' Free Speech Area." (Plaintiffs' MIL No.3 at 2:2-3; see also 5:13-14 ["evidence or argument about the constitutionality of the FSA"] [emphasis added].) Alternatively, and more restrictively, plaintiffs appear to be asking for a narrower order excluding evidence and argument "*that* the FSA was unconstitutional and Defendants were therefore *justified* in enforcing it, or potentially immune from liability …." (Id. at 2:14-16; see also 5:6 [emphasis added].)

As an initial matter, the phrase "Defendants' Free Speech Area" is not factually correct. The undisputed evidence is that the County was not involved in creation of the FSA  for the rodeo; had no communications prior to the rodeo with HARD or Rowell Ranch Rodeo about the FSA; and had nothing to do with setting up the FSA or determining its location. Further, the undisputed evidence is that at no time did Dep. Mayfield require or even request plaintiffs to move to the FSA. Rather, during his very first encounter with plaintiffs minutes after arriving at the rodeo, he simply informed them that "There is a designated area for you guys…. If you guys go over there, great; if you chose to stay here, let's just keep it peaceful." (Audio Transcription of Body Cams at 7:3-8.) Dep. Mayfield never wavered from his position that the demonstrators needed to move to the FSA.

The Motion also incorrectly states that the County Defendants have conceded that the FSA was too restrictive and therefore unconstitutional. (Motion at 3:17-18 and 2:6-7.) The County does not, however, intend to argue that the FSA was in fact constitutional, if only for the reason that County had nothing to do with it and Dep. Mayfield never required plaintiffs to move

1    there. The County Defendants therefore do not need to argue that the FSA was constitutional or to

2    "justify" their non-existent requirement that plaintiffs move there.

3           **B.**      **The Relevance of the Proposed Excluded Evidence**

4          Evidence regarding the FSA's constitutionality is, however, directly relevant to the

5    County Defendants' defense of plaintiffs' Bane Act claim. As discussed in more detail in the

6    County's Opposition to Plaintiffs' MIL No. 3, plaintiffs must establish that Dep. Mayfield had the

7    specific intent to deprive them of their free speech rights. Accordingly, evidence of Dep.

8    Mayfield's mental state is a crucial part of plaintiffs' Bane Act claim.

9          If asked, Dep. Mayfield would testify that as he drove onto the rodeo grounds, he

10   observed the designated FSA. Based on his extensive training by the Sheriff's Office on free

11   speech issues in the context of handling nonviolent demonstrations, he believed that the FSA

12   appeared to improperly located as it did not allow demonstrators the ability to talk to the patrons

13   and hand out leaflets to them. The County does *not* intend to put this evidence before the jury to

14   establish whether that the FSA was or was not constitutional. Evidence regarding the FSA

15   (including evidence that could be construed as to whether it was in fact constitutional) is,

16   however, directly relevant to Dep. Mayfield's state of mind regarding his alleged specific intent

17   to deprive plaintiffs of their free speech rights in any way. More specifically, this evidence also

18   undermines plaintiffs' claim that Dep. Mayfield required plaintiffs, using intimidation and

19   coercion, including an alleged threat to arrest them, to move them to the FSA. It is absurd to think

20   that Dep. Mayfield would arrest plaintiffs for not moving to the FSA which he himself believed

21   *might* be unconstitutional. And finally, this evidence is relevant to counter plaintiffs' claim that

22   Dep. Mayfield acted "in concert" with HARD employee Gary Hart to require plaintiffs to move

23   to the FSA (which plaintiffs claim HARD required of Rowell Ranch Rodeo). (See Second

24   Amended Complaint at ¶¶ 44-46.) Again, Dep. Mayfield would not work "in concert" with Mr.

25   Hart to move plaintiffs to a FSA which he believed was improper.

26   / / /

27   / / /

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

1    **III.    CONCLUSION**

2        The County defendants do not intend to argue one way or the other as to the

3    constitutionality of the FSA. Evidence regarding the FSA (for example, its location and proximity

4    to the rodeo patrons and the reasons why Dep. Mayfield believed it might be unconstitutional) is

5    directly relevant to the County Defendants' defense against plaintiffs' Bane Act claim, which

6    requires plaintiffs to establish Dep. Mayfield's specific intent to deprive plaintiff of their free

7    speech rights, including but not limited his intent to require them to move to the FSA in concert

8    with HARD to enforce Rowell Ranch's free speech policy for the rodeo. Accordingly, plaintiffs'

9    motion to exclude this evidence should be denied.

10

11   Dated: September 17, 2024                        FENNEMORE WENDEL

12

13                                                    By:/s/ Marc Brainich

14                                                       William B. Rowell
                                                         Thiele R. Dunaway
15                                                       Marc Brainich
                                                         Michele C. Kirrane
16                                                       Attorneys for Defendants
                                                         County of Alameda and Alameda County
17                                                       Deputy Sheriff Joshua Mayfield

18

19

20

21

22

23

24

25

26

27

28

Fennemore Wendel
Attorneys at Law
Oakland

- 4 -

DEFENDANT COUNTY OF ALAMEDA'S OPP TO                           3:23-CV-01652-VC
PLAINTIFFS' MOTION IN LIMINE NO. 3
50090686.1/059499.0021

## CERTIFICATE OF SERVICE

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

I am a citizen of the United States and employed in Alameda County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1111 Broadway, 24th Floor, Oakland, California  94607.

On September 17, 2024, I served true copies of the following document(s) described as **DEFENDANT COUNTY OF ALAMEDA'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE REGARDING THE CONSTITUTIONALITY OF DEFENDANTS' FREE SPEECH AREA** on the interested parties in this action as follows:

***Please see attached Service List.***

**BY EMAIL OR ELECTRONIC TRANSMISSION**:  By causing the document(s) listed above to be sent to the person(s) at the e-mail address(es) listed below.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 17, 2024, at Oakland, California.

*/s/ Lena S. Mason*
Lena S. Mason

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S OPP TO
PLAINTIFFS' MOTION IN LIMINE NO. 3
50090686.1/059499.0021

3:23-CV-01652-VC

1

## SERVICE LIST

2

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*

3
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

4
Jessica L. Blome                                     *Attorneys for Plaintiff Deniz Bolbol*
Lily A. Rivo

5
Greenfire Law, PC
2748 Adeline Street, Suite A

6
Berkeley, CA 94703
Phone:    (510) 900-9502

7
Email;      jblome@greenfirelaw.com
              lrivo@greenfirelaw.com

8

9
Joseph P. Cuviello                                   *Plaintiff Pro Per*
205 DeAnza Boulevard, #125

10
San Mateo, CA 94402
Phone:    (650) 315-3776

11
Email:      pcuvie@gmail.com

12

13
Dale L. Allen, Jr.                                   *Attorneys for Defendants Hayward Area*
Nicholas D. Syren                                    *Recreation and Park District, and Kevin*
Allen, Glaessner, Hazelwood & Werth, LLP             *Hart*

14
180 Montgomery Street, Suite 1200

15
San Francisco, CA 94104
Phone:    (415) 697-2000

16
Fax:         (415) 813-2045
Email:      dallen@aghwlaw.com

17
              nsyren@aghwlaw.com
              erodas@aghwlaw.com

18

19
Paul Caleo                                           *Attorneys for Defendant Rowell Ranch*
Osmaan Khan                                          *Rodeo, Inc.*

20
Gordon Rees Scully Mansukhani, LLP
1111 Broadway, Suite 1700

21
Oakland, CA 94607
Phone:    (510) 463-8600

22
Fax:         (510) 984-1721
Email:      pcaleo@grsm.com

23
              oakhan@grsm.com
              khernandez@grsm.com

24

25

26

27

28

- 6 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S OPP TO
PLAINTIFFS' MOTION IN LIMINE NO. 3
50090686.1/059499.0021

3:23-CV-01652-VC

1  DALE L. ALLEN, JR., State Bar No. 145279
   dallen@aghwlaw.com
2  NICHOLAS D. SYREN, State Bar No. 334807
   nsyren@aghwlaw.com
3  ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
   180 Montgomery Street, Suite 1200
4  San Francisco, CA  94104
   Telephone:      (415) 697-2000
5  Facsimile:      (415) 813-2045

6  Attorneys for Defendants
   HAYWARD AREA RECREATION AND PARK
7  DISTRICT and KEVIN HART

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JOSEPH P. CUVIELLO and DENIZ           Case No. 3:23-cv-01652-VC
    BOLBOL, individually,
12                                         **DEFENDANTS HAYWARD AREA**
                                           **RECREATION AND PARK DISTRICT AND**
13               Plaintiff,                **KEVIN HARTS' OPPOSITION TO**
                                           **PLAINTIFFS' MOTION IN LIMINE NO. 3 TO**
14       v.                                **EXCLUDE EVIDENCE REGARDING THE**
                                           **CONSTITUTIONALITY OF DEFENDANTS'**
15  ROWELL RANCH RODEO, INC.,              **FREE SPEECH AREA**
    HAYWARD AREA RECREATION AND
16  PARK DISTRICT, HAYWARD AREA
    RECREATION AND PARK DISTRICT
17  PUBLIC SAFETY MANAGER/RANGER
    KEVIN HART, and DOES 1 and 2, in       Trial:      October 21, 2024
18  their individually and official capacities,
    jointly and severally,
19
                 Defendants.
20

21       Hayward Area Recreation and Park District ("HARD") and Kevin Hart join the County of

22  Alameda's Opposition to Motion in Limine No. 3 to Exclude Evidence Regarding the

23  Constitutionality of Defendants' Free Speech Area.

24       Defendants HARD and Mr. Hart oppose plaintiffs' Motion in Limine No. 3 to Exclude

25  Evidence Regarding the Constitutionality of Defendants' Free Speech Area ("Motion") because

26  the requested relief is too broad and would exclude evidence directly relevant to Mr. Hart's state

27  of mind and thus of his specific intent to deprive plaintiffs of their free speech rights – an element

28  of plaintiffs' Bane Act claim. This evidence is also directly relevant to countering plaintiffs'

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

684293.1

claim that Mr. Hart worked "in concert" with County of Alameda Deputy Mayfield to enforce Rowell Ranch Rodeo's Free Speech Area ("FSA").

HARD and Mr. Hart do not intend to argue one way or the other as to the constitutionality of the FSA. Evidence regarding the FSA (for example, its location and proximity to the rodeo patrons and the reasons why Mr. Hart believed it might be unconstitutional) is directly relevant to HARD and Mr. Hart's defense against plaintiffs' Bane Act claim, which requires plaintiffs to establish Mr. Hart's specific intent to deprive plaintiff of their free speech rights, including but not limited his intent to require them to move to the FSA in concert with the County deputies to enforce Rowell Ranch's free speech policy for the rodeo. Accordingly, plaintiffs' motion to exclude this evidence should be denied.


Respectfully submitted,

Dated:  September 17, 2024            ALLEN, GLAESSNER,
                                      HAZELWOOD & WERTH, LLP


                                      By:   /s/ Nicholas D. Syren
                                            DALE L. ALLEN, JR.
                                            NICHOLAS D. SYREN
                                            Attorneys for Defendants
                                            HAYWARD AREA RECREATION AND
                                            PARK DISTRICT and KEVIN HART

OPPO TO PLTFS' MIL NO. 3
3:23-CV-01652

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

684293.1

CERTIFICATE OF SERVICE

I am a resident of the State of California, over 18 years of age and not a party to the within action.  I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, CA 94104.  On September 17, 2024, I served the within: **DEFENDANTS HAYWARD AREA RECREATION AND PARK DISTRICT AND KEVIN HARTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE REGARDING THE CONSTITUTIONALITY OF DEFENDANTS' FREE SPEECH AREA** on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

SEE ATTACHED SERVICE LIST

☐  **By United States Mail:**  I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing documents for mailing.  On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

☐  **By Overnight Delivery:**  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒  **By E-Mail or Electronic Transmission:**  Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒  *(FEDERAL)* I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on September 17, 2024, at San Francisco, California.

_____
Danielle Costes

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

OPPO TO PLTFS' MIL NO. 3
3:23-CV-01652

684293.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1

**SERVICE LIST**

2

3  Jessica L. Blome                          Attorneys for Plaintiff Deniz Bolbol
   Lily Rivo                                 Telephone: (510) 900-9502
   Gina Tomasselli                           Facsimile:  (510) 900-9502
4  Greenfire Law, PC                         E-Mail: jblome@greenfirelaw.com
   2748 Adeline Street, Suite A              E-Mail: lrivo@greenfirelaw.com
5  Berkeley, CA 94703                        E-Mail: tomaselli@greenfirelaw.com

6  Joseph P. Cuviello                        Plaintiff Pro Per
   205 De Anza Blvd. #125                    Telephone: (650) 315-3776
7  San Mateo, CA 94402                       E-Mail: pcuvie@gmail.com

8  Paul Damien Caleo                         Attorneys for Rowell Ranch Rodeo, Inc.
   Osmaan Khan                               Telephone: (510) 463-8600
9  Gordon Rees Scully Mansukhani, LLP        Facsimile:  (510) 984-1721
   1111 Broadway, Suite 1700                 E-Mail: pcaleo@grsm.com
10 Oakland, CA 94607                         E-Mail: oakhan@grsm.com
                                             E-Mail: khernandez@grsm.com
11

12 William B. Rowell                         Attorneys for County of Alameda,
   Thiele R. Dunaway                         Alameda County Sheriff's Office, and
   Marc Brainich                             Alameda County Deputy Sheriff Joshua
13 Michele C. Kirrane                        Mayfield
   Fennemore Wendel                          Telephone: (510) 834-6600
14 1111 Broadway, 24th Floor                 Facsimile:  (510) 834-1928
   Oakland, CA 94607                         E-Mail: browell@fennemorelaw.com
15                                           E-Mail: rdunaway@fennemorelaw.com
                                             E-Mail: mbrainich@fennemorelaw.com
16                                           E-Mail: mkirrane@fennemorelaw.com

17

18

19

20

21

22

23

24

25

26

27

28

684293.1

4

OPPO TO PLTFS' MIL NO. 3
3:23-CV-01652