Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
         lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 De Anza Blvd., #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in Pro Se*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiffs<br><br>v.<br><br>ROWELL RANCH RODEO, INC., et al.,<br><br>Defendants | Case No. 3:23-cv-01652-VC<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE CHARACTERIZING PLAINTIFFS AS ANYTHING OTHER THAN ANIMAL RIGHTS PROTESTERS**<br><br>Trial date:   October 21, 2024<br>Time:          10:00 a.m.<br>Judge:         Hon. Vince Chhabria<br>Courtroom:  5, 17th Floor |

## I. Introduction

Plaintiffs seek to exclude evidence characterizing Plaintiffs Deniz Bolbol and Joseph Cuivello as anything other than Animal Rights Protesters during their activity at Rowell Rodeo Ranch on May 20 - 22, 2022. Defendants have a demonstrated history of suggesting that Plaintiffs filed this litigation because they are "troublemakers" or by implying they are trying to manufacture civil right claims for the money. Such accusations are unfounded and extremely prejudicial to Plaintiffs. As such, uncertain, speculative, and misleading testimony regarding Plaintiffs' prior protests, or their motives for protesting at the Rowell Ranch Rodeo aside from advocating on behalf of animal rights, is more prejudicial than probative and should be precluded. If the Court somehow finds such evidence relevant or material, it should still be excluded because the probative value is minimal and substantially outweighed by the danger of unfair prejudice, confusion of the issues, and a potential to mislead the jury. Fed. R. Evid. 403.

## II. Legal Standard

Federal Rules of Evidence 401 and 402 prohibit the admission of evidence that does not tend to make any fact of consequence more or less likely. Rule 403 limits admissible evidence to relevant evidence, excluding otherwise relevant evidence if its probative value is substantially outweighed by the danger of, "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

District Courts have "broad discretion in deciding what evidence is relevant, reliable and helpful to the trier of fact." *Humetrix, Inc., v. Gemplus S.C.A,* 268 F.3d 910, 919 (9th Cir. 2001). Additionally, where the evidence is of slight probative value, "it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). Additionally, as relates to character evidence in civil cases, character evidence is held to be of "slight probative value and may be very prejudicial." Fed. R. Evid. 404, Adv. Comm. Notes.

**III.  The Court should preclude Defendants from offering testimony or evidence characterizing Plaintiffs as anything other than Activists or Animal Rights Protesters.**

Evidence characterizing Plaintiffs as other than Animal Rights Protesters or seeking to demonstrate that Plaintiffs were motivated by anything other than their concern for animal rights would lack probity to outweigh the prejudice to Plaintiffs. Fed. R. Evid. 403. Plaintiffs ask the Court to preclude Defendants from offering any facts or argument characterizing Plaintiffs as anything other than Animal Rights Protesters. The relevance of any facts indicating that Plaintiffs' motivation in peacefully protesting at Rowell Ranch Rodeo was other than to advance animal rights is not relevant to the legal claims at issue in this case. Fed. R. Evid. 401, 402.

Under the Bane Act, Plaintiffs need not prove that Defendants' conduct toward them was because of their Animal Rights affiliation. *See* Cal. Civ. Code, § 52.1. Instead, it is sufficient for Plaintiffs to demonstrate Defendants' threats, intimidation, or coercion were carried out with intent to interfere with a constitutional right. *Id.; See* Order, p. 2.

Plaintiffs' Ralph Act claims against Defendant Rowell Ranch Rodeo require that Plaintiffs set forth evidence that Defendants' conduct toward them, in the form of violence, or intimidation by threat of violence, was committed against them "because of political affiliation." Cal. Civ. Code, § 51.7. This Court determined that "there remains a dispute of fact remaining the issue of whether Rowell Ranch Rodeo's Gary Houts's act of violence (hitting Cuviello with the cart) and threat of violence (calling the police) were because of plaintiffs' political affiliation." Order, p. 5. Relevant evidence must therefore focus on Plaintiffs' political affiliation as Animal Rights Protesters and Houts's perception of Plaintiffs at the rodeo during the events at issue. Cal. Civ. Code, § 51.7.

Any evidence concerning Plaintiffs' intent or motivation in attending Rowell Ranch Rodeo aside from peacefully advocating on behalf of animals should be precluded as it is more prejudicial than probative. Fed. R. Evid 401. It is prejudicial because there is a danger of confusing the issues, which, as framed by the Court, is whether Defendant Rowell Ranch Rodeo's Gary Houts's actions were because of Plaintiffs' political affiliation. Order, p. 5; Cal. Civ. Code, § 51.7.

1   Plaintiffs have set forth evidence of their political affiliation as Animal Rights protesters, and the Court has stated that Plaintiffs attended the rodeo to protest animal cruelty. Order, p. 1. As Animal Rights Protesters, Plaintiffs' speech and association focus on the abuse of animals in rodeos as well as other "entertainment" entities. *See* Dkt. 83-4, ¶¶ 3,4, Declaration of Deniz Bolbol ISO Plaintiffs' Joint Mtn for Partial SJ. Evidence.

This Court should preclude any circumstantial evidence related to Plaintiffs' motivations in protesting at the Rodeo outside from their intent to advocate on behalf of animal rights. Anticipated evidence may include allegations that Plaintiffs somehow seek to "benefit" from the incidents. Dkt. 116, p. 5:8-10 (Rowell Ranch Rodeo Cross-Mot. for SJ). This prejudicial evidence is not helpful to establishing liability under the Ralph Act claims. Fed. R. Evid. 403.

Unlike the Ralph Act, Plaintiffs' Bane Act claims do not require a showing that Defendants' conduct was because of their political affiliation. In fact, the Bane Act claim requires "threats, intimidation, or coercion" carried out with the intent to interfere with a constitutional right. Order, p. 2; Cal. Civ. Code, § 52.1. Additionally, evidence characterizing Plaintiffs as anything other than Animal Rights protesters is irrelevant to the elements of Plaintiffs' assault and battery claims against Defendant Rowell Ranch Rodeo. *See* Order, p. 6 (analyzing the elements of assault and battery and holding that liability must be determined by a jury).

Accordingly, any evidence that characterizes Plaintiffs as anything other than Animal Rights Protestors should be precluded from trial as it relates to the Ralph Act because it is more prejudicial than probative and is likely to mislead the jury. Fed. R. Evid. 401, 402, and 403. Any such evidence should also be precluded because it is irrelevant to the Bane Act claims and assault and battery claims, confuses the issues, and will potentially mislead the jury. Fed. R. Evid. 401, 402, and 403.

**IV.    Conclusion**

For the foregoing reasons Plaintiffs respectfully request that this Court grant Plaintiffs' motion *in limine*.

                                        Respectfully submitted,

DATED: September 10, 2024    /s/ Lily A. Rivo
Jessica Blome
Lily A. Rivo
GREENFIRE LAW, PC
*Attorney for Plaintiff Deniz Bolbol*

DATED: September 10, 2024    Joseph P. Cuviello
JOSEPH P. CUVIELLO
*Plaintiff In Pro Se*

# PROOF OF SERVICE

I am employed in the County of Alameda. My business address is 2748 Adeline Street, Suite A, Berkeley California 94703. I am over the age of 18 years and not a party to the above-entitled action. Document(s) served:

**PLAINTIFFS' MOTION IN LIMINE NO. 4. TO EXCLUDE EVIDENCE CHARACTERIZING PLAINTIFFS AS ANYTHING OTHER THAN ANIMAL RIGHTS PROTESTERS**

On September 10, 2024, I served the foregoing document(s) on the parties in this action, located on the attached service list as designated below:

| | | |
|---|---|---|
| ( ) | <u>By First Class Mail, where indicated:</u> | Deposited the above documents in a sealed envelope with the United States Postal Service, with the postage fully paid. |
| ( ) | <u>By Personal Service:</u> | I personally delivered each in a sealed envelope to the office of the address on the date last written below. |
| ( ) | <u>By Overnight Mail:</u> | I caused each to be placed in a sealed envelope and placed the same in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for. |
| (X) | <u>By Electronic Transmission:</u> | Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 20, 2024, in Berkeley, California.

*/s/ Lily Rivo*
Lily Rivo

# SERVICE LIST

| | |
|---|---|
| Joseph P. Cuviello<br>205 De Anza Blvd., #125<br>San Mateo, CA 94402<br>(650) 315-3776<br>Email: pcuvie@gmail.com<br><br>*Pro Se Plaintiff* | Paul Caleo, Esq.<br>Osmaan Khan, Esq.<br>Gordon & Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607<br>(510) 463-8600<br>Facsimile: (510) 984-1721<br>Email: pcaleo@grsm.com<br>Email: oakhan@grsm.com<br>Email: khernandez@grsm.com<br><br>*Atty. for Defendant Rowell Ranch Rodeo, Inc.* |
| Dale L. Allen, Jr<br>Allen, Glaessner, Hazelwood & Werth LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>(415) 697-2000<br>Email: dallen@aghwlaw.com<br>Email: erodas@aghwlaw.com<br>Email: nsyren@aghwlaw.com<br><br>*Atty. for Defendants Hayward Area Recreation and Park District and Kevin Hart, Hayward Area Recreation and Park Public Safety Manager/Ranger* | William Blake Rowell<br>Marc Brainich<br>Michele C. Kirrane<br>Thiele R. Dunaway<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94067<br>(510) 834-6600<br>Email: browell@fennemorelaw.com<br>Email: mbrainich@fennemorelaw.com<br>Email: mkirrane@fennemorelaw.com<br>Email: rdunaway@fennemorelaw.com<br>Email: lmason@fennemorelaw.com<br><br>*Attys. for Defendants County of Alameda, Alameda County Sheriff's Office and Alameda County Deputy Sheriff Joshua Mayfield* |

William B. Rowell, Bar No. 178587
Thiele R. Dunaway, Bar No. 130953
Marc Brainich, Bar No. 191034
Michele C. Kirrane, Bar No. 215448
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, CA  94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
browell@fennemorelaw.com
rdunaway@fennemorelaw.com
mbrainich@fennemorelaw.com
mkirrane@fennemorelaw.com

Attorneys for Defendants
County of Alameda and Alameda County Deputy
Sheriff Joshua Mayfield

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; ALAMEDA COUNTY SHERIFF'S OFFICE; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,<br><br>Defendants. | Case No. 3:23-cv-01652-VC<br><br>**DEFENDANT COUNTY OF ALAMEDA'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE CHARACTERIZING PLAINTIFFS AS ANYTHING OTHER THAN ANIMAL RIGHTS PROTESTERS**<br><br>Action Filed:   April 6, 2023<br>Trial Date:       October 21, 2024 |

**I.    INTRODUCTION**

Defendants County of Alameda and Dep. Joshua Mayfield ("the County Defendants") agree to use neutral language such as "demonstrators" or "protestors" to describe plaintiffs generally. The County does not agree, however, that they must characterize plaintiffs as "animal rights protestors" as that term will be positively charged for most if not all of the jury members.

Despite its narrow title, however, plaintiffs' motion also seeks to exclude highly relevant evidence, such as that that they were "anything other than Animal Rights Protesters," that "they were motivated by anything other than their concern for animal rights," that they sought to "benefit" from the demonstrations, and about their "prior protests" and resulting lawsuits. MIL No. 4 at 2:5-6, 3:2-9, and 4:8. They further seek a broad order excluding "any circumstantial evidence" of these matters. Id. at 4:6.

## II. LEGAL DISCUSSION

### A. The Bias of Witnesses on Important Matters is Always Relevant

"Evidence is relevant to a matter of consequence to the determination of the case if it has a mere tendency to impeach a witness' credibility by a showing of bias …." *U.S. v. Hankey*, 203 F.3d 1160, 1171 (9th Cir. 2000). Evidence regarding "the credibility of a witness is of consequence to the determination of the action." Ibid. "The point of a bias inquiry is to expose to the jury the witness' special motive to lie … by revealing facts such as interest in the outcome of the trial." Ibid. The money that a witness may receive as a result of his or her testimony is relevant to the witness's credibility. See, e.g., *Continental Circuits LLC v. Intel Corp.*, 435 F.Supp.3d 1014 ("to the extent persons affiliated with Plaintiff may receive substantial compensation through the litigation, that fact bears on their credibility"); *Wise v. Southern Tier Express, Inc.*, 2017 WL 11488517 (D. Nev.) at 1 (evidence that plaintiffs' witnesses held liens and of experts' compensation is relevant to bias).

Bias may, however, result from more than just the expectation of profit resulting from one's testimony. Bias includes:

> the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party. Bias may be induced by a witness' … dislike of a party ….

*U.S. v. Hankey*, supra, 203 F.3d at 171 (emphasis added). Further, evidence of prior lawsuits is admissible if it is relevant to something other than plaintiff's tendency to sue. *Chopourian v. Catholic Healthcare West*, 2011 WL 6396550 (E.D. Cal.) at *3, citing *Gastineau v. Fleet Mortg. Co.*, 137 F.3d 490, 496 (7th Cir. 1998).

- 2 -

DEFENDANT COUNTY OF ALAMEDA'S OPP TO PLAINTIFFS' MOTION IN LIMINE NO. 4
3:23-CV-01652-VC
50090710.1/059499.0021

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

### A. The Relevant Evidence Plaintiffs Wish to Exclude

The exceedingly broad scope of this MIL goes far beyond the characterization of plaintiffs as "animal rights protestors" and would include the following evidence directly relevant to plaintiffs' bias and thus the credibility of their testimony:

Approximately one minute after the deputies had arrived at 5:57 pm, while Deps. Mayfield and Christian Campbell were simply walking towards plaintiffs, *and before any words had even been spoken between them and plaintiffs*, Ms. Bolbol observed the deputies and remarked, "We got a lawsuit. Here we go." Transcript of Plaintiffs' Videos at 13:8. Dep. Campbell's very first words to plaintiffs, however, were very polite and clearly indicated he and Dep. Mayfield had no problem with the demonstrators: "Hey, so were just here with the Sheriff's Office obviously. We just wanted to say hello and, you know, let you know basically were going to be hanging out here. It's free speech, we totally get that. That's totally cool…. Basically all we are here, you know, play nice." Id. at 13-25. This shows that plaintiffs were already filtering the deputies' obviously neutral and friendly words and conduct through their preconceived notions of how law enforcement will *always* behave when encountering a political protest. Plaintiffs' "filter" colored their perception and understanding of the deputies conduct throughout the evening, and is thus relevant to their bias and the credibility of their testimony.

Throughout the evening, plaintiffs also commented that if the deputies violated their rights by arresting them, they could be sued "for damages." Id. at 36:18-19; 44:10-11, and 53:19-22. Mr. Cuviello even specifically threatened Dep. Mayfield with a lawsuit: "I know you because I've met cops like you so many times. I filed lawsuits against cops like you. I know you like the back of my hand." He even warned him, "Look up Six Flags. I just won a lawsuit." Ms. Bolbol apparently had dreams of grandeur, telling another demonstrator that they could win "hundreds of thousands of dollars" if the deputies arrested them Id. at 20:21-25. This dream, however, was apparently grounded in fact: one northern district federal court noted plaintiff Bolbol and Cuviello's "substantial past settlements and affirmative litigation history" as early as 2013. *Bolbol v. Feld Entertainment, Inc.*, 2013 WL 3808023 (N.D. Cal.) at *1. Throughout the evening,

DEFENDANT COUNTY OF ALAMEDA'S OPP TO PLAINTIFFS' MOTION IN LIMINE NO. 4
50090710.1/059499.0021
3:23-CV-01652-VC

F{\scriptsize ENNEMORE} W{\scriptsize ENDEL}
A{\scriptsize TTORNEYS AT} L{\scriptsize AW}
O{\scriptsize AKLAND}

plaintiffs appear to be deliberately goading Dep. Mayfield into making even a small misstep, for which they could sue him, both as a way of punishing him, and of recovering monetary damages. At no time, did plaintiffs change their conduct based on Dep. Mayfield's statements and/or conduct towards them; rather, they continued their protests and repeatedly said that if he had arrested them, they would have filed a lawsuit. Id. at 13:8, 36:6-7, 42:12, 44:10, and 435:17-19.

This same encounter again shows Mr. Cuviello perceiving Dep. Mayfield, not based on a reasonable and objective assessment of his statement and/or conduct, but on what other law enforcement personnel may have done ("I know you like the back of my hand" even though they had never meet before). Another telling example: when Dep. Mayfield asked Ms. Bolbol, "Can you just do me one favor and *scoot this way* a little bit so you're not blocking the bathroom and you're not blocking this walkway," she aggressively responded, "You've just got a hard-on for us, don't you." Id. at 46:9-16.[1] The stark contrast in tone between Dep. Mayfield's use of the term "scoot" and Ms. Bolbol's aggressive and highly sexualized response aptly illustrates how plaintiffs' bias colored their understanding (and will thus impact their testimony at trial) of Dep. Mayfield's words and actions, while also demonstrating that they suffered no harm as a result of Dep. Mayfield's conduct or statements that day. Rather, it shows plaintiffs' complete incomprehension of what Dep. Mayfield was working to accomplish because of their negative experience at prior protests: in short, respecting the demonstrators' free speech, while also maintaining the rodeo patrons' right to free access to the arena.

Plaintiffs wish to exclude this sort of evidence because it will complicate the image they want to project to the jury of themselves as nothing but sincere animal rights protestors. The County Defendants, however, intend to present this evidence, not to convince the jury that plaintiffs are "bad people," but because it sheds light on their bias and it also goes to the issue of whether they actually suffered "harm" as a result of Dep. Mayfield's statements or conduct.[2]

---

[1] Ms. Bolbol accused Dep. Mayfield of having a "hard-on" for the demonstrators on another occasion, and of calling him "bullish" three times (even correcting him when he assumed she had merely used the term "bully."

[2] To succeed on their Bain Act claims, plaintiffs must establish that they were harmed and that Dep. Mayfields' conduct was a substantial factor in causing their harm. CACI 3066.

- 4 -

DEFENDANT COUNTY OF ALAMEDA'S OPP TO
PLAINTIFFS' MOTION IN LIMINE NO. 4
50090710.1/059499.0021

3:23-CV-01652-VC

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

Plaintiffs somehow *knew* that he was "like" other cops that they had "sued." Because of their apparently unfortunate experiences at other demonstrations, which resulted in plaintiffs filing lawsuits on multiple occasions, plaintiffs *immediately* took a deep dislike of Dep. Mayfield, long before there had been any interactions with him that could have formed a reasonable basis for their dislike. The evidence clearly shows that for the rest of the evening, they misunderstood his words and conduct because of the filter they perceived him through (unlike Dep. Campbell, "the white guy" in Ms. Bolbol's words) and, equally important, that they suffered no harm as a result of Dep. Mayfield statements and/or conduct. Plaintiffs' misunderstanding is relevant because it will also slant and distort their testimony at trial (the jury "is entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *Hankey* at 171) and evidence as to whether they actually suffered harm are elements that they must prove to establish their claim against Dep. Mayfield and the County of Alameda.

Plaintiffs' remarks throughout the demonstration about the lawsuits they could file and the "hundreds of thousands of dollars" they could be awarded in damages is also relevant to show bias. Further, it is not just plaintiffs' financial interest in suing that is relevant. As the saying goes, "the process is the punishment." A lawsuit against Dep. Mayfield appears to have been a means for plaintiffs to punish this Deputy for whom they had such an immediate, visceral dislike.

### III. CONCLUSION

Plaintiffs' Motion in Limine No. 4 must be denied to the extent it asks for the exclusion of relevant evidence regarding plaintiffs' bias and whether they actually suffered harm as a result of Dep. Mayfield's words and/or conduct.

Dated: September 17, 2024                    FENNEMORE WENDEL

By:*/s/ Marc Brainich*
    William B. Rowell
    Marc Brainich
    Attorneys for Defendants
    County of Alameda and Alameda County
    Deputy Sheriff Joshua Mayfield

- 5 -
FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND
DEFENDANT COUNTY OF ALAMEDA'S OPP TO PLAINTIFFS' MOTION IN LIMINE NO. 4
3:23-CV-01652-VC
50090710.1/059499.0021

# CERTIFICATE OF SERVICE

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

I am a citizen of the United States and employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1111 Broadway, 24th Floor, Oakland, California 94607.

On September 17, 2024, I served true copies of the following document(s) described as **DEFENDANT COUNTY OF ALAMEDA'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE CHARACTERIZING PLAINTIFFS AS ANYTHING OTHER THAN ANIMAL RIGHTS PROTESTERS** on the interested parties in this action as follows:

*Please see attached Service List.*

**BY EMAIL OR ELECTRONIC TRANSMISSION**: By causing the document(s) listed above to be sent to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 17, 2024, at Oakland, California.

*/s/ Lena S. Mason*
Lena S. Mason

- 6 -

DEFENDANT COUNTY OF ALAMEDA'S OPP TO PLAINTIFFS' MOTION IN LIMINE NO. 4

3:23-CV-01652-VC

50090710.1/059499.0021

Fennemore Wendel
Attorneys at Law
Oakland

# SERVICE LIST

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
*USDC – Northern District of California, Case No. 3:23-cv-01652-VC*

| | |
|---|---|
| Jessica L. Blome<br>Lily A. Rivo<br>Greenfire Law, PC<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>Phone:   (510) 900-9502<br>Email;   jblome@greenfirelaw.com<br>            lrivo@greenfirelaw.com | *Attorneys for Plaintiff Deniz Bolbol* |
| Joseph P. Cuviello<br>205 DeAnza Boulevard, #125<br>San Mateo, CA 94402<br>Phone:   (650) 315-3776<br>Email:    pcuvie@gmail.com | *Plaintiff Pro Per* |
| Dale L. Allen, Jr.<br>Nicholas D. Syren<br>Allen, Glaessner, Hazelwood & Werth, LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>Phone:   (415) 697-2000<br>Fax:       (415) 813-2045<br>Email:    dallen@aghwlaw.com<br>            nsyren@aghwlaw.com<br>            erodas@aghwlaw.com | *Attorneys for Defendants Hayward Area Recreation and Park District, and Kevin Hart* |
| Paul Caleo<br>Osmaan Khan<br>Gordon Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607<br>Phone:   (510) 463-8600<br>Fax:       (510) 984-1721<br>Email:    pcaleo@grsm.com<br>            oakhan@grsm.com<br>            khernandez@grsm.com | *Attorneys for Defendant Rowell Ranch Rodeo, Inc.* |

- 7 -

DEFENDANT COUNTY OF ALAMEDA'S OPP TO
PLAINTIFFS' MOTION IN LIMINE NO. 4

3:23-CV-01652-VC

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

50090710.1/059499.0021