Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
　　　　lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 De Anza Blvd., #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in Pro Se*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually, <br><br> Plaintiffs <br><br> v. <br><br> ROWELL RANCH RODEO, INC., et al., <br><br> Defendants | Case No. 3:23-cv-01652-VC <br><br> **PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' STATE OF MIND** <br><br> Trial date: October 21, 2024 <br> Time: 10:00 a.m. <br> Judge: Hon. Vince Chhabria <br> Courtroom: 5, 17th Floor |

## I. Introduction

Plaintiffs seek to exclude any evidence, testimony, or opinions seeking to establish that Plaintiffs were blocking ingress or egress during their peaceful protest at the Rowell Ranch Rodeo from May 20, 2022, to May 22, 2022. Any such evidence is irrelevant to establishing that Defendants are liable for their conduct under the Bane Act. Cal. Civ. Code, §, 52.1. Defendants' state of mind or intent is not necessary to establish liability under the Bane Act. *See* Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment ("Order"). Dkt. 129. Because state of mind is irrelevant to demonstrating liability for Plaintiffs' Bane Act claims, this Court should exclude any evidence seeking to establish that Plaintiffs were blocking ingress or egress, or otherwise depicting Defendants' state of mind. Plaintiffs anticipate that Defendants will introduce such evidence to support their argument that Defendants' conduct in issuing threats, coercion, and intimidation was justified. The Court should preclude any such evidence under Federal Rules of Evidence, 401, 402, and 403. This evidence is more prejudicial than probative, likely to confuse the issues and mislead the jury, and a waste of this Court's time.

## II. Legal Standard

Federal Rules of Evidence 401 and 402 prohibit the admission of evidence that does not tend to make any fact of consequence more or less likely. Rule 403 limits admissible evidence to relevant evidence, excluding otherwise relevant evidence if its probative value is substantially outweighed by the danger of, "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District Courts have "broad discretion in deciding what evidence is relevant, reliable and helpful to the trier of fact." *Humetrix, Inc., v. Gemplus S.C.A,* 268 F. 3d 910, 919 (9th Cir. 2001). Additionally, where the evidence is of slight probative value, "it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

### A. Plaintiffs' legal claims under the Bane Act do not require demonstrating intent or state of mind

Any evidence to establish that Plaintiffs were blocking ingress or egress should be precluded as it is irrelevant to questions facing the trier of fact, confuses the issues, and potentially misleads the jury. Fed. R. Evid. 403. The Court addressed Plaintiffs' remaining Bane Act claims in its Order. *See* Order, pp. 2-3. In denying summary judgment on the Bane Act for all parties, the Court narrowed the remaining disputes of material fact, including whether Defendants' conduct constitutes threats, coercion or intimidation under the Bane Act. *Id.* at p. 3. The Court also emphasized that the Bane Act claims require an objective test, asking whether a reasonable person would feel intimidated, threatened, or coerced by a Defendant's actions. *Id.* at pp. 2-4.

The Bane Act requires that challenged conduct be "intentional." *Simmons v. Superior Court,* 7 Cal.App.5th 113, 125 (2016). The question is whether Defendants attempted to, or did interfere with Plaintiffs' rights and whether this attempt or interference was accompanied by threats, intimidation, or coercion. Cal. Civ. Code, § 52.1(b); Order, p. 2. There is no requirement that Defendants "recognize the [unlawfulness] of their acts" so long as they acted "in reckless disregard" for Plaintiffs' constitutional rights. *Cornel v. City and Cnty. of S.F.,* 17 Cal.App.5th 766, 803-804 (Cal. Ct. App. 2017). Acting with "reckless disregard" means acting "willfully," *People v. Lashley*, 1 Cal.App.4th 938, 949 (1991), which simply means Defendants acted "intentionally" to achieve the desired outcome, regardless of whether they understood the outcome would in-fact violate Plaintiffs' rights. *Anderson v. Ford Motor Co*., 74 Cal.App.5th 946, 972 fn. 15 (2022); *see also Korea Supply Co. v. Lockheed Martin Corp* (2003) 29 Cal.App.4th 1134, 1156-1157 (Intention means that a person's intended action or omission results in an intended result).

Accordingly, the Court should exclude any evidence of specific intent as it relates to Defendants' conduct in violation of the Bane Act because it is not required by law. Cal. Civ. Code, § 52.1(b). Defendants must have intended to move Plaintiffs to the FSA. And, as stated by the

Court, this attempt must have been conducted through "threats, intimidation, or coercion." Cal. Civ. Code, § 52.1(b); Order, p. 2.

### B. Evidence regarding Plaintiffs' blocking ingress or egress is irrelevant to helping the jury determine liability and prejudicial to Plaintiffs

Evidence that Plaintiffs were blocking ingress or egress is more prejudicial than probative under Rule 403 because it is irrelevant to helping the jury determine liability under the Bane Act. Cal. Civ. Code, § 52.1. The Court has discretion to determine what is helpful to the trier of fact. *Humetrix, Inc.* 268 F.3d at 919. Admission of irrelevant evidence for the events at issue here – Defendants' threats, intimidation and coercion that interfered with Plaintiffs' constitutional rights - are likely to confuse the jury into thinking that whether Plaintiffs were blocking ingress or egress affects Defendants' liability, which it does not. Additionally, evidence concerning whether Plaintiffs were blocking ingress or egress is not evidence that can then be corrected without risk of harm.

The Court addressed "the law's purpose" in evaluating whether Plaintiffs must establish harm for a Ralph Act claim. Order, p. 4. Similarly, in holding to the purpose of the Bane Act, it would be, in the words of the Court, "antithetical" for the Court to admit testimony concerning whether Plaintiffs allegedly blocked ingress or egress at the Rodeo. Plaintiffs anticipate that such evidence may be introduced in an effort to support Defendants' improper allegations of immunity for their conduct, which, by statute, requires no showing of intent.

### III. Conclusion

For the foregoing reasons Plaintiffs respectfully request that this Court grant Plaintiffs' motion *in limine*.

Respectfully submitted,

DATED: September 10, 2024

/s/ Lily A. Rivo
Jessica Blome
Lily A. Rivo
GREENFIRE LAW, PC
*Attorney for Plaintiff Deniz Bolbol*

- 4 -
Plaintiffs' Motion *In Limine* No. 5
(3:23-cv-01652-VC)

1
2     DATED: September 10, 2024                *Joseph P. Cuviello*
3                                              JOSEPH P. CUVIELLO
                                               *Plaintiff In Pro Se*
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I am employed in the County of Alameda. My business address is 2748 Adeline Street, Suite A, Berkeley California 94703. I am over the age of 18 years and not a party to the above-entitled action. Document(s) served:

**PLAINTIFFS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' STATE OF MIND**

On September 10, 2024, I served the foregoing document(s) on the parties in this action, located on the attached service list as designated below:

| | | |
|---|---|---|
| ( ) | <u>By First Class Mail, where indicated:</u> | Deposited the above documents in a sealed envelope with the United States Postal Service, with the postage fully paid. |
| ( ) | <u>By Personal Service:</u> | I personally delivered each in a sealed envelope to the office of the address on the date last written below. |
| ( ) | <u>By Overnight Mail:</u> | I caused each to be placed in a sealed envelope and placed the same in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for. |
| (X) | <u>By Electronic Transmission:</u> | Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 20, 2024, in Berkeley, California.

_____
Lily Rivo

# SERVICE LIST

| Joseph P. Cuviello<br>205 De Anza Blvd., #125<br>San Mateo, CA 94402<br>(650) 315-3776<br>Email: pcuvie@gmail.com<br><br>*Pro Se Plaintiff* | Paul Caleo, Esq.<br>Osmaan Khan, Esq.<br>Gordon & Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607<br>(510) 463-8600<br>Facsimile: (510) 984-1721<br>Email: pcaleo@grsm.com<br>Email: oakhan@grsm.com<br>Email: khernandez@grsm.com<br><br>*Atty. for Defendant Rowell Ranch Rodeo, Inc.* |
|---|---|
| Dale L. Allen, Jr<br>Allen, Glaessner, Hazelwood & Werth LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>(415) 697-2000<br>Email: dallen@aghwlaw.com<br>Email: erodas@aghwlaw.com<br>Email: nsyren@aghwlaw.com<br><br>*Atty. for Defendants Hayward Area Recreation and Park District and Kevin Hart, Hayward Area Recreation and Park Public Safety Manager/Ranger* | William Blake Rowell<br>Marc Brainich<br>Michele C. Kirrane<br>Thiele R. Dunaway<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94067<br>(510) 834-6600<br>Email: browell@fennemorelaw.com<br>Email: mbrainich@fennemorelaw.com<br>Email: mkirrane@fennemorelaw.com<br>Email: rdunaway@fennemorelaw.com<br>Email: lmason@fennemorelaw.com<br><br>*Attys. for Defendants County of Alameda, Alameda County Sheriff's Office and Alameda County Deputy Sherriff Joshua Mayfield* |

William B. Rowell, Bar No. 178587
Thiele R. Dunaway, Bar No. 130953
Marc Brainich, Bar No. 191034
Michele C. Kirrane, Bar No. 215448
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, CA  94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
browell@fennemorelaw.com
rdunaway@fennemorelaw.com
mbrainich@fennemorelaw.com
mkirrane@fennemorelaw.com

Attorneys for Defendants
County of Alameda and Alameda County Deputy
Sheriff Joshua Mayfield

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ROWELL RANCH RODEO, INC.; HAYWARD AREA RECREATION AND PARK DISTRICT; HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART; ALAMEDA COUNTY SHERIFF'S OFFICE; ALAMEDA COUNTY DEPUTY SHERIFF JOSHUA MAYFIELD; and DOES 1 and 2, in their individual and official capacities, jointly and severally,<br><br>Defendants. | Case No. 3:23-cv-01652-VC<br><br>**DEFENDANT COUNTY OF ALAMEDA'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' STATE OF MIND**<br><br>Action Filed:  April 6, 2023<br>Trial Date:     October 21, 2024 |

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S OPP TO PLAINTIFFS' MOTION IN LIMINE NO. 5

3:23-CV-01652-VC

50090738.1/059499.0021

## I. INTRODUCTION

Defendants County of Alameda and Dep. Joshua Mayfield ("the County Defendants") oppose plaintiffs' Motion in Limine No. 5 to Exclude Evidence Re: Defendants' State of Mind on the grounds that Ninth Circuit case law requires plaintiffs to establish Dep. Mayfield's "specific intent" to violate their rights as part of their Bane Act claim. Accordingly, evidence of Dep. Mayfield's mental state is highly relevant.

In addition, evidence as to whether plaintiffs were in fact blocking access to the rodeo area is directly relevant to the jury's determination as to whether Dep. Mayfield had the requisite scienter for a Bane Act violation.

## II. LEGAL DISCUSSION

### A. Plaintiffs Must Establish Dep. Mayfield's Specific Intent to Interfere with Their Free Speech Rights

Plaintiffs argue that "Defendants' state of mind or intent is irrelevant" to a Bane Act claim. Plaintiffs' MIL No. 5 at 2:5-6. This ignores recent Ninth Circuit case law directly on point that is not cited by plaintiffs, *Reese v. County of Sacramento,* 888 F.3d 1030 (9th Cir. 2018) ("*Reese*"), which explicitly holds that plaintiffs must establish defendant's specific intent interfering with their rights.

The Court in *Reese* found that that Civil Code § 52.1(a) required a finding of the defendant's specific intent to interfere with plaintiff's rights was shown by the language of the statute itself. Ibid. (the words "threat, intimidation or coercion … connote an element of intent"). This reading was bolstered by CACI 3066, which requires plaintiff to prove that defendant "intended to deprive" plaintiff of his or her rights. (Ibid.)

Accordingly, the Bane Act "imposes an additional requirement beyond a finding of a constitutional violation." *Id*. at 1043. The phrase "threat, intimidation, or coercion" is an "aggravator justifying the conclusion that the underlying violation of rights is sufficiently egregious to warrant enhanced statutory penalties." Ibid. This egregiousness is in turn "tested by whether the circumstances indicate" that the defendant had the "specific intent to violate"

plaintiff's rights. *Id*. The *Reese* Court's discussion throughout on this issue was guided by a California Court of Appeal decision decided the previous year, *Cornell v. City & County of San Francisco*, 17 Cal.App. 5th 766 (2017) ("*Cornell*"), which the *Reese* Court noted it was "now bound to apply" because the California Supreme Court would likely reach the same conclusion. *Id*. at 1042-1043.

Accordingly, a finding of "general criminal intent" is insufficient. *Reese* at 1045. Specifically, "a mere intention to use force that the jury finds unreasonable" is not enough to establish liability. (Ibid.) Rather, "the jury must find that the defendants 'intended' not only the force, but its unreasonableness, its character as 'more than necessary under the circumstances.'" Ibid. (quoting *Cornell*).

### B. Dep. Mayfield's State of Mind is Relevant to His Specific Intent

The *Cornell* court applied "the *Screws*[1] specific intent standard, which sets forth two requirements for this finding. First, the court will determine as a matter of law that the right is "clearly delineated and plainly applicable." *Id*. at 803. The jury will then determine the following question: "Did the defendant commit the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that … right?" Ibid. It is not necessary that the defendant understood that he or she was acting unlawfully. *Id*. at 803-804. Thus, "reckless disregard" of the relevant right is all that is necessary. (Ibid.) Objective circumstances are of course relevant to this inquiry. (Ibid.) *But "subjective" elements, such as the defendant's "spite" in depriving plaintiff of his or her rights, are equally relevant to a finding of specific intent*. *Id*. at 804.

The determination of defendant's "reckless disregard" in violating plaintiff's rights will be highly dependent on all the surrounding facts, both objective circumstances and "subjective" elements (such as the "spite" discussed in *Cornell*). So, for example, a jury could reasonably find reckless disregard where an officer lied about the plaintiff, causing other officers to misinterpret the force necessary to restrain him or escalated force where there no imminent danger to safety.

---

[1] As did the Court in *Reese*. Id. at 1043. See *Screws v. U.S.*, 325 U. 91 (1945).

50090738.1/059499.0021
3:23-CV-01652-VC

*Estate of Nunis v. City of Chula Vista*, 676 F.Supp.3d 867, 887 (S.D.Cal.). Accordingly, any evidence – objective or subjective – relevant to the jury's determination as to whether Dep. Mayfield had the requisite specific intent (including as to whether he acted in reckless indifference to plaintiffs' rights) is relevant.

In the context of a claim for elder abuse, recklessness "refers to a *subjective* state of culpability" and requires "*deliberate disregard* of the high degree of probability" that an injury will occur. *Delaney v. Baker*, 20 Cal.4th 23, 31-32 (1999). Recklessness requires a "level of a *conscious choice* of a course of action … with *knowledge* of the serious danger to others involved in it." Ibid. (internal quotation marks omitted); see also CACI 1603 ("reckless disregard" in claim for intentional infliction of emotional distress requires that defendant "knew" that the emotional distress would probably result from his/her conduct.)

### C. Evidence that Plaintiffs Were Blocking Access to the Arena is Relevant to Dep. Mayfield's Alleged Specific Intent

Although the County Defendants' culpable conduct as alleged in the First Amended Complaint is much broader, plaintiffs have recently suggested that they may be limiting their claim to Dep. Mayfield's statement that, "You could be arrested for trespassing." Whether or not plaintiffs were in fact blocking access to the rodeo arena is obviously directly relevant to what Dep. Mayfield meant by those words, because plaintiffs could be arrested for trespassing for such conduct. Further, evidence as to whether plaintiffs were blocking access is relevant to whether Dep. Mayfield had the specific intent (that is, the requisite mental state) to violate plaintiffs' rights, and as to whether a violation of the Bane Act occurred.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 4 -

DEFENDANT COUNTY OF ALAMEDA'S OPP TO
PLAINTIFFS' MOTION IN LIMINE NO. 5

3:23-CV-01652-VC

50090738.1/059499.0021

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

### III. CONCLUSION

Dep. Mayfield's state of mind is directly relevant to Dep. Mayfield's alleged specific intent to violate plaintiffs' rights. Evidence regarding plaintiffs' blocking access to the arena is also relevant to plaintiffs' Bane Act claim. Accordingly, plaintiffs' motion in limine should be denied.

Dated: September 17, 2024                                FENNEMORE WENDEL

By: /s/ *Marc Brainich*
    William B. Rowell
    Thiele R. Dunaway
    Marc Brainich
    Michele C. Kirrane
    Attorneys for Defendants
    County of Alameda and Alameda County
    Deputy Sheriff Joshua Mayfield

- 5 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S OPP TO
PLAINTIFFS' MOTION IN LIMINE NO. 5
50090738.1/059499.0021

3:23-CV-01652-VC

# CERTIFICATE OF SERVICE

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

I am a citizen of the United States and employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1111 Broadway, 24th Floor, Oakland, California 94607.

On September 17, 2024, I served true copies of the following document(s) described as **DEFENDANT COUNTY OF ALAMEDA'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' STATE OF MIND** on the interested parties in this action as follows:

*Please see attached Service List.*

**BY EMAIL OR ELECTRONIC TRANSMISSION**: By causing the document(s) listed above to be sent to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 17, 2024, at Oakland, California.

*/s/ Lena S. Mason*
Lena S. Mason

- 6 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S OPP TO PLAINTIFFS' MOTION IN LIMINE NO. 5

3:23-CV-01652-VC

50090738.1/059499.0021

# SERVICE LIST

*Joseph P. Cuviello, et al. v. Rowell Ranch Rodeo, Inc., et al.*
USDC – Northern District of California, Case No. 3:23-cv-01652-VC

| | |
|---|---|
| Jessica L. Blome<br>Lily A. Rivo<br>Greenfire Law, PC<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>Phone:   (510) 900-9502<br>Email;   jblome@greenfirelaw.com<br>              lrivo@greenfirelaw.com | *Attorneys for Plaintiff Deniz Bolbol* |
| Joseph P. Cuviello<br>205 DeAnza Boulevard, #125<br>San Mateo, CA 94402<br>Phone:   (650) 315-3776<br>Email:   pcuvie@gmail.com | *Plaintiff Pro Per* |
| Dale L. Allen, Jr.<br>Nicholas D. Syren<br>Allen, Glaessner, Hazelwood & Werth, LLP<br>180 Montgomery Street, Suite 1200<br>San Francisco, CA 94104<br>Phone:   (415) 697-2000<br>Fax:       (415) 813-2045<br>Email:   dallen@aghwlaw.com<br>              nsyren@aghwlaw.com<br>              erodas@aghwlaw.com | *Attorneys for Defendants Hayward Area Recreation and Park District, and Kevin Hart* |
| Paul Caleo<br>Osmaan Khan<br>Gordon Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607<br>Phone:   (510) 463-8600<br>Fax:       (510) 984-1721<br>Email:   pcaleo@grsm.com<br>              oakhan@grsm.com<br>              khernandez@grsm.com | *Attorneys for Defendant Rowell Ranch Rodeo, Inc.* |

- 7 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANT COUNTY OF ALAMEDA'S OPP TO
PLAINTIFFS' MOTION IN LIMINE NO. 5

3:23-CV-01652-VC

50090738.1/059499.0021

DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
NICHOLAS D. SYREN, State Bar No. 334807
nsyren@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:     (415) 697-2000
Facsimile:     (415) 813-2045

Attorneys for Defendants
HAYWARD AREA RECREATION AND PARK
DISTRICT and KEVIN HART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>    Plaintiff,<br><br>v.<br><br>ROWELL RANCH RODEO, INC., HAYWARD AREA RECREATION AND PARK DISTRICT, HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART, and DOES 1 and 2, in their individually and official capacities, jointly and severally,<br><br>    Defendants. | Case No. 3:23-cv-01652-VC<br><br>**DEFENDANTS HAYWARD AREA RECREATION AND PARK DISTRICT AND KEVIN HARTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' STATE OF MIND**<br><br>Trial:     October 21, 2024 |

## I.    INTRODUCTION

Defendants submit this opposition to Plaintiffs' motion in limine "5" in which Plaintiff seeks to exclude any evidence, testimony, or opinions seeking to establish that Plaintiffs were blocking ingress or egress during their peaceful protest at the Rowell Ranch Rodeo from May 20, 2022, to May 22, 2022. Plaintiffs argue any such evidence or testimony should be precluded under Federal Rules of Evidence, 401, 402, and 403. This evidence, Plaintiffs argue, is more prejudicial than probative, likely to confuse the issues and mislead the jury, and a waste of this Court's time. However, the evidence of the blocking of ingress and/or egress gives key context to

1 the jury as to why Ranger Kevin Hart was present and contacted regarding responding to
2 Plaintiffs. For this reason, the evidence and testimony are more probative than prejudicial. The
3 prejudicial value is limited here in relation to a Bane Act claim. Additionally, Plaintiffs must
4 establish Kevin Hart's "specific intent" to violate their rights as part of their Bane Act claim.
5 Accordingly, Kevin Hart's state of mind is highly relevant. Evidence as to whether Plaintiffs or
6 other demonstrators were blocking ingress or egress is directly relevant to Mr. Hart's scienter for
7 a Bane Act violation. For these reasons, Defendants respectfully request that Plaintiffs' motion in
8 limine "5" be denied.

## II. STANDARD OF REVIEW

Federal Rules of Evidence 401 and 402 prohibit the admission of evidence that does not tend to make any fact of consequence more or less likely. Rule 403 limits admissible evidence to relevant evidence, excluding otherwise relevant evidence if its probative value is substantially outweighed by the danger of, "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District Courts have "broad discretion in deciding what evidence is relevant, reliable and helpful to the trier of fact." *Humetrix, Inc., v. Gemplus S.C.A,* 268 F. 3d 910, 919 (9th Cir. 2001).

## III. ARGUMENT

Here, Plaintiffs are incorrect that any evidence or testimony relating to the blocking or ingress or egress is irrelevant or more prejudicial than probative. The lack of mention of the Plaintiffs and/or demonstrators blocking ingress and/or egress itself is more prejudicial than probative because a jury would be left to make its own determination as to why the Defendants responded to the scene of Plaintiffs. Defendants are likely to testify that they responded to the scene in part due to complaints of the blocking of ingress and/or egress of the walkways near the ticket booth entrance. This is crucial to the jury's understanding of the facts and circumstances of the interactions with Plaintiffs at Rowell Ranch Rodeo on May 20, 2022. The inability to respond to questioning regarding the reasoning as to why the Defendants responded makes the jury assume the Defendants responded out of illegal or immoral reasons. For those reasons, the exclusion of such evidence and testimony is more prejudicial than probative under Fed. R. Evid.

684296.1

401, 402 and 403.

Additionally, the determination of defendant's "reckless disregard" in violating plaintiff's rights will be highly dependent on all the surrounding facts, both objective circumstances and "subjective" elements (such as the "spite" discussed in *Cornell*). So, for example, a jury could reasonably find reckless disregard where an officer lied about the plaintiff, causing other officers to misinterpret the force necessary to restrain him or escalated force where there no imminent danger to safety. *Estate of Nunis v. City of Chula Vista*, 676 F.Supp.3d 867, 887 (S.D.Cal.). Accordingly, any evidence – objective or subjective – relevant to the jury's determination as to whether Mr. Hart had the requisite specific intent (including as to whether he acted in reckless indifference to plaintiffs' rights) is relevant.

Plaintiffs argue that "Defendants' state of mind or intent is irrelevant" to a Bane Act claim. Plaintiffs' MIL No. 5 at 2:5-6. This ignores recent Ninth Circuit case law directly on point that is not cited by plaintiffs, *Reese v. County of Sacramento,* 888 F.3d 1030 (9th Cir. 2018) ("*Reese*"), which explicitly holds that plaintiffs must establish defendant's specific intent interfering with their rights. The Court in *Reese* found that that Civil Code § 52.1(a) required a finding of the defendant's specific intent to interfere with plaintiff's rights was shown by the language of the statute itself. Ibid. (the words "threat, intimidation or coercion … connote an element of intent"). This reading was bolstered by CACI 3066, which requires plaintiff to prove that defendant "intended to deprive" plaintiff of his or her rights. (Ibid.)

The Bane Act requirement of specific intent makes the evidence including testimony of Mr. Hart directly relevant to the action.

///
///
///
///
///
///
///

3  OPPO TO PLTFS' MIL NO. 5
3:23-CV-01652

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's MIL "5" should be denied.

Respectfully submitted,

Dated: September 17, 2024

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Nicholas S. Syren*
DALE L. ALLEN, JR.
NICHOLAS D. SYREN
Attorneys for Defendants
HAYWARD AREA RECREATION AND
PARK DISTRICT and KEVIN HART

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, CA 94104. On September 17, 2024, I served the within: **DEFENDANTS HAYWARD AREA RECREATION AND PARK DISTRICT AND KEVIN HARTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' STATE OF MIND** on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

SEE ATTACHED SERVICE LIST

☐ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐ **By Overnight Delivery:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ *(FEDERAL)* I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on September 17, 2024, at San Francisco, California.

_____
Danielle Costes

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1

**SERVICE LIST**

2

3  Jessica L. Blome                    Attorneys for Plaintiff Deniz Bolbol
   Lily Rivo                           Telephone: (510) 900-9502
   Gina Tomasselli                     Facsimile:  (510) 900-9502
4  Greenfire Law, PC                   E-Mail: jblome@greenfirelaw.com
   2748 Adeline Street, Suite A        E-Mail: lrivo@greenfirelaw.com
5  Berkeley, CA 94703                  E-Mail: tomaselli@greenfirelaw.com

6  Joseph P. Cuviello                  Plaintiff Pro Per
   205 De Anza Blvd. #125              Telephone: (650) 315-3776
7  San Mateo, CA 94402                 E-Mail: pcuvie@gmail.com

8  Paul Damien Caleo                   Attorneys for Rowell Ranch Rodeo, Inc.
   Osmaan Khan                         Telephone: (510) 463-8600
9  Gordon Rees Scully Mansukhani, LLP  Facsimile:  (510) 984-1721
   1111 Broadway, Suite 1700           E-Mail: pcaleo@grsm.com
10 Oakland, CA 94607                   E-Mail: oakhan@grsm.com
                                       E-Mail: khernandez@grsm.com
11

12 William B. Rowell                   Attorneys for County of Alameda,
   Thiele R. Dunaway                   Alameda County Sheriff's Office, and
   Marc Brainich                       Alameda County Deputy Sheriff Joshua
13 Michele C. Kirrane                  Mayfield
   Fennemore Wendel                    Telephone: (510) 834-6600
14 1111 Broadway, 24th Floor           Facsimile:  (510) 834-1928
   Oakland, CA 94607                   E-Mail: browell@fennemorelaw.com
15                                     E-Mail: rdunaway@fennemorelaw.com
                                       E-Mail: mbrainich@fennemorelaw.com
16                                     E-Mail: mkirrane@fennemorelaw.com

17

18

19

20

21

22

23

24

25

26

27

28