DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
NICHOLAS D. SYREN, State Bar No. 334807
nsyren@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

Attorneys for Defendants
HAYWARD AREA RECREATION AND PARK
DISTRICT and KEVIN HART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiff,<br><br>v.<br><br>ROWELL RANCH RODEO, INC., HAYWARD AREA RECREATION AND PARK DISTRICT, HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART, and DOES 1 and 2, in their individually and official capacities, jointly and severally,<br><br>Defendants. | Case No. 3:23-cv-01652-VC<br><br>**DEFENDANTS HAYWARD AREA RECREATION AND PARK DISTRICT AND KEVIN HART'S MOTION IN LIMINE NO. 1 RE: PRECLUDE EVIDENCE OF "PRIOR BAD ACTS" OR "SUBSEQUENT BAD ACTS" OF DEFENDANTS AND PRECLUDE THE PERSONNEL FILE OF KEVIN HART**<br><br>Trial: October 21, 2024 |

## I. INTRODUCTION

PLEASE TAKE NOTICE THAT HAYWARD AREA RECREATION AND PARK DISTRICT, and KEVIN HART (hereinafter "Defendants") prior to trial and before the selection of a jury, hereby move this Court for an order as follows: to preclude Plaintiff, Plaintiff's counsel and any witnesses called on Plaintiff's behalf from presenting or offering any testimony or other evidence, asking any questions, or making any statements, comments or arguments to the jury regarding any alleged other "bad acts", personnel files, social media and news stories regarding Mr. Hart as well as unrelated previous actions by Defendant Kevin Hart and Alameda County Sheriff's Officers either prior or subsequent to the subject incident. This motion is made on the ground that such evidence is inadmissible pursuant to Federal Rules of Evidence 401, 402 and 405.

## II. STANDARD OF REVIEW

Although not specifically provided for in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence, "[A] district court is vested with discretion as to whether to hear a motion to exclude evidence before trial in an *in limine* proceeding." *U.S. v. Layton* 767 F.2d 549, 554 (9th Cir. 1985); see also *Luce v. United States*, 469 U.S. 38, 41 (1984), Fed. R. Evidence 103(c). In *Luce*, *supra*, the Court stated that "[i]n jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." *Ibid*. Further, "[p]reliminary questions concerning the admissibility of evidence shall be determined by the court." F.R.E.104(a).

## III. RELEVANT FACTS

Despite the fact that during the course of discovery in this matter, Defendants did not produce any documents related to Mr. Hart's personnel file, previous law enforcement experience or any prior bad acts. Mr. Hart's deposition was not noticed by any party.

Defendants hereby move that any such evidence – i.e. reference to any prior or subsequent complaints, internal affair investigation or personnel file investigation – or any mention of any such evidence or attempts to introduce it, be prohibited. Additionally, Defendants move that any

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

683274.1

reference to Mr. Hart's law enforcement experience (except law enforcement training) be excluded. These records include investigations of IA complaints and past and subsequent officer involvement with First Amendment incidents.

### IV.  LEGAL ARGUMENT

Federal Rules of Evidence 404 prohibits the use of character evidence (whether it be opinion of reputation or of prior specific conduct) to prove specific conduct on a specified occasion. Evidence that a person has a propensity or tendency to act in a certain manner is inadmissible to prove that he or she so acted at a given time. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Federal Rules of Evidence 404(b)(1). Evidence of specific incidents of police officers' use of force, officer involved shootings, internal-affairs complaints, or civil rights lawsuits was not admissible in context of excessive force claims, since that evidence did not have tendency to make existence of facts of consequence to determination of that claim more or less probable. U.S.C.A. Const.Amend. 4; 42 U.S.C.A. § 1983. *Mata v. City of Farmington*, 798 F. Supp. 2d 1215 (D.N.M. 2011).

Here, any attempt by Plaintiff to introduce alleged prior or subsequent "bad acts" is irrelevant to the issues in this case as the same would not have "any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action. *People v. Kelly* (1992) 1 Cal 4th 495, 523; *People v. Haston* (1968) 69 Cal. 2d 233, 245.

Any attempt to introduce any evidence of alleged prior "bad acts" should also be excluded under Federal Rules of Evidence 403. The policy basis of this prohibitory rule rests on the fact that the probative force of this kind of evidence is too slight to overbear the dangers of prejudice, distraction by side issues, and unfair surprise such that it would unfairly taint the character of the officers here as bad actors.

### V.  CONCLUSION

For the reasons set forth above, any attempt by Plaintiff to introduce alleged prior "bad acts" of Defendant Kevin Hart, whether in the form of Internal Affairs complaints and investigations, previous lawsuits in which Defendants were named, witnesses to such alleged acts,

or reports and/or incidents from personnel records is inadmissible character evidence that should be summarily excluded at trial. Additionally, any previous news clippings, social media posts and any other information regarding Mr. Hart's law enforcement history are irrelevant and highly prejudicial and should be excluded.

Dated:  September 10, 2024

Respectfully submitted,

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By:   */s/ Nicholas D. Syren*
    DALE L. ALLEN, JR.
    NICHOLAS D. SYREN
    Attorneys for Defendants
    HAYWARD AREA RECREATION AND
    PARK DISTRICT and KEVIN HART

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

3

MIL-001
3:23-CV-01652

683274.1

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, CA 94104. On September 10, 2024, I served the within: **DEFENDANTS HAYWARD AREA RECREATION AND PARK DISTRICT AND KEVIN HART'S MOTION IN LIMINE NO. 1 RE: PRECLUDE EVIDENCE OF "PRIOR BAD ACTS" OR "SUBSEQUENT BAD ACTS" OF DEFENDANTS AND PRECLUDE THE PERSONNEL FILE OF KEVIN HART** on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

SEE ATTACHED SERVICE LIST

☒ By United States Mail: I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐ By Messenger Service: I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☒ By E-Mail or Electronic Transmission: Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ *(FEDERAL)* I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on September 10, 2024, at San Francisco, California.

*Danielle Costes*
Danielle Costes

# SERVICE LIST

| | |
|---|---|
| Jessica L. Blome<br>Lily Rivo<br>Gina Tomasselli<br>Greenfire Law, PC<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703<br>*(Via Electronic Mail)* | Attorneys for Plaintiff Deniz Bolbol<br>Telephone: (510) 900-9502<br>Facsimile:  (510) 900-9502<br>E-Mail: jblome@greenfirelaw.com<br>E-Mail: lrivo@greenfirelaw.com<br>E-Mail: tomaselli@greenfirelaw.com |
| Joseph P. Cuviello<br>205 De Anza Blvd. #125<br>San Mateo, CA 94402<br>*(Via Regular Mail and Electronic Mail)* | Plaintiff Pro Per<br>Telephone: (650) 315-3776<br>E-Mail: pcuvie@gmail.com |
| Paul Damien Caleo<br>Osmaan Khan<br>Gordon Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607<br>*(Via Electronic Mail)* | Attorneys for Rowell Ranch Rodeo, Inc.<br>Telephone: (510) 463-8600<br>Facsimile:  (510) 984-1721<br>E-Mail: pcaleo@grsm.com<br>E-Mail: oakhan@grsm.com<br>E-Mail: khernandez@grsm.com |
| William B. Rowell<br>Thiele R. Dunaway<br>Marc Brainich<br>Michele C. Kirrane<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607<br>*(Via Electronic Mail)* | Attorneys for County of Alameda, Alameda County Sheriff's Office, and Alameda County Deputy Sheriff Joshua Mayfield<br>Telephone: (510) 834-6600<br>Facsimile:  (510) 834-1928<br>E-Mail: browell@fennemorelaw.com<br>E-Mail: rdunaway@fennemorelaw.com<br>E-Mail: mbrainich@fennemorelaw.com<br>E-Mail: mkirrane@fennemorelaw.com |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

683274.1