DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
NICHOLAS D. SYREN, State Bar No. 334807
nsyren@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

Attorneys for Defendants
HAYWARD AREA RECREATION AND PARK
DISTRICT and KEVIN HART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually, <br><br> Plaintiff, <br><br> v. <br><br> ROWELL RANCH RODEO, INC., HAYWARD AREA RECREATION AND PARK DISTRICT, HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART, and DOES 1 and 2, in their individually and official capacities, jointly and severally, <br><br> Defendants. | Case No. 3:23-cv-01652-VC <br><br> **DEFENDANTS HAYWARD AREA RECREATION AND PARK DISTRICT AND KEVIN HARTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY BY DEFENDANTS' POLICE PRACTICES EXPERT JAMES I. DUDLEY** <br><br> Trial: October 21, 2024 |

I. **INTRODUCTION**

Defendants submit this opposition to Plaintiff's motion in limine "2" in which Plaintiff seeks to exclude testimony by Mr. Dudley concerning legal standards or Defendants' state of mind is therefore irrelevant, more prejudicial than probative, likely to confuse the issues and mislead the jury, and a waste of this Court's time. Plaintiffs argue testimony or evidence by Mr. Dudley should be precluded from trial, pursuant to Federal Rules of Evidence 702, 703 and/or 705, 402, 403, 801 and 802. Defendant agrees that Mr. Dudley plainly cannot state legal conclusions. However, Defendants plan to offer Mr. Dudley as an expert in police practices and

to testify as to the industry standards and standard of care for law enforcement when interacting with First Amendment protestors in order to determine if Mr. Hart and the Alameda County deputies acted according to their training and standards.

## II.    STANDARD OF REVIEW

Although not specifically provided for in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence, "[A] district court is vested with discretion as to whether to hear a motion to exclude evidence before trial in an in limine proceeding." *U.S. v. Layton* 767 F.2d 549, 554 (9th Cir. 1985); see also *Luce v. United States*, 469 U.S. 38, 41 (1984), Fed. R. Evidence 103(c). In Luce, supra, the Court stated that "[i]n jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Ibid. Further,"[p]reliminary questions concerning the admissibility of evidence shall be determined by the court." F.R.E.104(a).

A person is qualified to testify as an expert if he has special knowledge, skill, experience, training or education sufficient to qualify him as an expert on the subject to which his testimony relates. Fed. Rule Evid. 702. Rule 702 "require[s] that the judge apply his gatekeeping role…to all forms of expert testimony, not just scientific testimony," and that "judges are entitled to broad discretion when discharging their gatekeeping function." *Hangarter v. Provident Life ¶ Acc. Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004). Additionally, under Rules 701 and 702, opinions must be helpful to the trier of fact. In fact, "an expert may only testify as to 'scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or determine a fact in issue[.]'" *United States v. Tamman,* 782 F.3d 543, 552-553 (9th Cir. 2015).

## III.    ARGUMENT

Mr. Dudley's expert qualifications include various roles held in the San Francisco Police Department, including as Police Officer, Sergeant, Lieutenant, and Captain as well as a police practices consultant and professor at San Francisco State University. *See* Report. Mr. Dudley is able to testify as to the training and available practices in dealing with First Amendment protestors on private and public property. Plaintiffs appear to desire to severely limit or exclude

the totality of Mr. Dudley's testimony. This is prejudicial and unfair to Defendants. Specifically, Mr. Dudley would testify to training and practices of law enforcement in dealing with protestors. Specifically, Mr. Dudley can testify as to whether instructions given to the protesters were reasonable and in compliance with industry standards. This is instructive to the jury and is more probative than prejudicial. Mr. Dudley's testimony will not invade the province of legal conclusions. His opinions will be limited to the training and industry standards of law enforcement regarding law enforcement's dealings with demonstrators and First Amendment protests that will be instructive for the jury, highly relevant and not prejudicial to Plaintiffs.

In determining the standard law enforcement is trained to use and setting a standard of care for interactions with First Amendment protestors the jury would be informed of the words normally used when informing protestors of whether they were subject to arrest or detention.

## IV.   CONCLUSION

For the aforementioned reasons, Plaintiff's MIL "2" should be denied in part and Mr. Dudley allowed to testify as to police practices and instructions given to the protestors being within industry standards.

Respectfully submitted,

Dated:  September 17, 2024

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: ___/s/ Nicholas D. Syren___
　　DALE L. ALLEN, JR.
　　NICHOLAS D. SYREN
　　Attorneys for Defendants
　　HAYWARD AREA RECREATION AND
　　PARK DISTRICT and KEVIN HART

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, CA 94104. On September 17, 2024, I served the within: **DEFENDANTS HAYWARD AREA RECREATION AND PARK DISTRICT AND KEVIN HARTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY BY DEFENDANTS' POLICE PRACTICES EXPERT JAMES I. DUDLEY** on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

SEE ATTACHED SERVICE LIST

☐ By United States Mail: I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐ By Overnight Delivery: I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ By E-Mail or Electronic Transmission: Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ *(FEDERAL)* I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on September 17, 2024, at San Francisco, California.

_Danielle Costes_
Danielle Costes

# SERVICE LIST

| | |
|---|---|
| Jessica L. Blome<br>Lily Rivo<br>Gina Tomasselli<br>Greenfire Law, PC<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703 | Attorneys for Plaintiff Deniz Bolbol<br>Telephone: (510) 900-9502<br>Facsimile:  (510) 900-9502<br>E-Mail: jblome@greenfirelaw.com<br>E-Mail: lrivo@greenfirelaw.com<br>E-Mail: tomaselli@greenfirelaw.com |
| Joseph P. Cuviello<br>205 De Anza Blvd. #125<br>San Mateo, CA 94402 | Plaintiff Pro Per<br>Telephone: (650) 315-3776<br>E-Mail: pcuvie@gmail.com |
| Paul Damien Caleo<br>Osmaan Khan<br>Gordon Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607 | Attorneys for Rowell Ranch Rodeo, Inc.<br>Telephone: (510) 463-8600<br>Facsimile:  (510) 984-1721<br>E-Mail: pcaleo@grsm.com<br>E-Mail: oakhan@grsm.com<br>E-Mail: khernandez@grsm.com |
| William B. Rowell<br>Thiele R. Dunaway<br>Marc Brainich<br>Michele C. Kirrane<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607 | Attorneys for County of Alameda,<br>Alameda County Sheriff's Office, and<br>Alameda County Deputy Sheriff Joshua<br>Mayfield<br>Telephone: (510) 834-6600<br>Facsimile:  (510) 834-1928<br>E-Mail: browell@fennemorelaw.com<br>E-Mail: rdunaway@fennemorelaw.com<br>E-Mail: mbrainich@fennemorelaw.com<br>E-Mail: mkirrane@fennemorelaw.com |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

5

OPPO TO PLTFS' MIL NO. 2
3:23-CV-01652

684285.1