DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
NICHOLAS D. SYREN, State Bar No. 334807
nsyren@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:   (415) 697-2000
Facsimile:    (415) 813-2045

Attorneys for Defendants
HAYWARD AREA RECREATION AND PARK
DISTRICT and KEVIN HART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually, <br><br> Plaintiff, <br><br> v. <br><br> ROWELL RANCH RODEO, INC., HAYWARD AREA RECREATION AND PARK DISTRICT, HAYWARD AREA RECREATION AND PARK DISTRICT PUBLIC SAFETY MANAGER/RANGER KEVIN HART, and DOES 1 and 2, in their individually and official capacities, jointly and severally, <br><br> Defendants. | Case No. 3:23-cv-01652-VC <br><br> **DEFENDANTS HAYWARD AREA RECREATION AND PARK DISTRICT AND KEVIN HARTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' STATE OF MIND** <br><br> Trial:   October 21, 2024 |

### I.   INTRODUCTION

Defendants submit this opposition to Plaintiffs' motion in limine "5" in which Plaintiff seeks to exclude any evidence, testimony, or opinions seeking to establish that Plaintiffs were blocking ingress or egress during their peaceful protest at the Rowell Ranch Rodeo from May 20, 2022, to May 22, 2022. Plaintiffs argue any such evidence or testimony should be precluded under Federal Rules of Evidence, 401, 402, and 403. This evidence, Plaintiffs argue, is more prejudicial than probative, likely to confuse the issues and mislead the jury, and a waste of this Court's time. However, the evidence of the blocking of ingress and/or egress gives key context to

the jury as to why Ranger Kevin Hart was present and contacted regarding responding to Plaintiffs. For this reason, the evidence and testimony are more probative than prejudicial. The prejudicial value is limited here in relation to a Bane Act claim. Additionally, Plaintiffs must establish Kevin Hart's "specific intent" to violate their rights as part of their Bane Act claim. Accordingly, Kevin Hart's state of mind is highly relevant. Evidence as to whether Plaintiffs or other demonstrators were blocking ingress or egress is directly relevant to Mr. Hart's scienter for a Bane Act violation. For these reasons, Defendants respectfully request that Plaintiffs' motion in limine "5" be denied.

## II.   STANDARD OF REVIEW

Federal Rules of Evidence 401 and 402 prohibit the admission of evidence that does not tend to make any fact of consequence more or less likely. Rule 403 limits admissible evidence to relevant evidence, excluding otherwise relevant evidence if its probative value is substantially outweighed by the danger of, "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District Courts have "broad discretion in deciding what evidence is relevant, reliable and helpful to the trier of fact." *Humetrix, Inc., v. Gemplus S.C.A,* 268 F. 3d 910, 919 (9th Cir. 2001).

## III.   ARGUMENT

Here, Plaintiffs are incorrect that any evidence or testimony relating to the blocking or ingress or egress is irrelevant or more prejudicial than probative. The lack of mention of the Plaintiffs and/or demonstrators blocking ingress and/or egress itself is more prejudicial than probative because a jury would be left to make its own determination as to why the Defendants responded to the scene of Plaintiffs. Defendants are likely to testify that they responded to the scene in part due to complaints of the blocking of ingress and/or egress of the walkways near the ticket booth entrance. This is crucial to the jury's understanding of the facts and circumstances of the interactions with Plaintiffs at Rowell Ranch Rodeo on May 20, 2022. The inability to respond to questioning regarding the reasoning as to why the Defendants responded makes the jury assume the Defendants responded out of illegal or immoral reasons. For those reasons, the exclusion of such evidence and testimony is more prejudicial than probative under Fed. R. Evid.

1  401, 402 and 403.

2  Additionally, the determination of defendant's "reckless disregard" in violating plaintiff's rights will be highly dependent on all the surrounding facts, both objective circumstances and "subjective" elements (such as the "spite" discussed in *Cornell*). So, for example, a jury could reasonably find reckless disregard where an officer lied about the plaintiff, causing other officers to misinterpret the force necessary to restrain him or escalated force where there no imminent danger to safety. *Estate of Nunis v. City of Chula Vista*, 676 F.Supp.3d 867, 887 (S.D.Cal.). Accordingly, any evidence – objective or subjective – relevant to the jury's determination as to whether Mr. Hart had the requisite specific intent (including as to whether he acted in reckless indifference to plaintiffs' rights) is relevant.

Plaintiffs argue that "Defendants' state of mind or intent is irrelevant" to a Bane Act claim. Plaintiffs' MIL No. 5 at 2:5-6. This ignores recent Ninth Circuit case law directly on point that is not cited by plaintiffs, *Reese v. County of Sacramento,* 888 F.3d 1030 (9th Cir. 2018) ("*Reese*"), which explicitly holds that plaintiffs must establish defendant's specific intent interfering with their rights.  The Court in *Reese* found that that Civil Code § 52.1(a) required a finding of the defendant's specific intent to interfere with plaintiff's rights was shown by the language of the statute itself. Ibid. (the words "threat, intimidation or coercion … connote an element of intent"). This reading was bolstered by CACI 3066, which requires plaintiff to prove that defendant "intended to deprive" plaintiff of his or her rights. (Ibid.)

The Bane Act requirement of specific intent makes the evidence including testimony of Mr. Hart directly relevant to the action.

///
///
///
///
///
///
///

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's MIL "5" should be denied.

Respectfully submitted,

Dated: September 17, 2024

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Nicholas S. Syren*
DALE L. ALLEN, JR.
NICHOLAS D. SYREN
Attorneys for Defendants
HAYWARD AREA RECREATION AND
PARK DISTRICT and KEVIN HART

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, CA 94104. On September 17, 2024, I served the within: **DEFENDANTS HAYWARD AREA RECREATION AND PARK DISTRICT AND KEVIN HARTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' STATE OF MIND** on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

SEE ATTACHED SERVICE LIST

☐ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☐ **By Overnight Delivery:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ *(FEDERAL)* I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on September 17, 2024, at San Francisco, California.

Danielle Costes

# SERVICE LIST

| | |
|---|---|
| Jessica L. Blome<br>Lily Rivo<br>Gina Tomasselli<br>Greenfire Law, PC<br>2748 Adeline Street, Suite A<br>Berkeley, CA 94703 | Attorneys for Plaintiff Deniz Bolbol<br>Telephone: (510) 900-9502<br>Facsimile:  (510) 900-9502<br>E-Mail: jblome@greenfirelaw.com<br>E-Mail: lrivo@greenfirelaw.com<br>E-Mail: tomaselli@greenfirelaw.com |
| Joseph P. Cuviello<br>205 De Anza Blvd. #125<br>San Mateo, CA 94402 | Plaintiff Pro Per<br>Telephone: (650) 315-3776<br>E-Mail: pcuvie@gmail.com |
| Paul Damien Caleo<br>Osmaan Khan<br>Gordon Rees Scully Mansukhani, LLP<br>1111 Broadway, Suite 1700<br>Oakland, CA 94607 | Attorneys for Rowell Ranch Rodeo, Inc.<br>Telephone: (510) 463-8600<br>Facsimile:  (510) 984-1721<br>E-Mail: pcaleo@grsm.com<br>E-Mail: oakhan@grsm.com<br>E-Mail: khernandez@grsm.com |
| William B. Rowell<br>Thiele R. Dunaway<br>Marc Brainich<br>Michele C. Kirrane<br>Fennemore Wendel<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607 | Attorneys for County of Alameda,<br>Alameda County Sheriff's Office, and<br>Alameda County Deputy Sheriff Joshua<br>Mayfield<br>Telephone: (510) 834-6600<br>Facsimile:  (510) 834-1928<br>E-Mail: browell@fennemorelaw.com<br>E-Mail: rdunaway@fennemorelaw.com<br>E-Mail: mbrainich@fennemorelaw.com<br>E-Mail: mkirrane@fennemorelaw.com |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

684296.1