William B. Rowell, Bar No. 178587
Thiele R. Dunaway, Bar No. 130953
Marc Brainich, Bar No. 191034
Michele C. Kirrane, Bar No. 215448
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, CA  94607
Tel: (510) 834-6600 / Fax: (510) 834-1928
browell@fennemorelaw.com
rdunaway@fennemorelaw.com
mbrainich@fennemorelaw.com
mkirrane@fennemorelaw.com

Attorneys for Defendants
County of Alameda and Alameda County Deputy
Sheriff Joshua Mayfield

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH P. CUVIELLO and DENIZ
BOLBOL, individually,

Plaintiffs,

v.

ROWELL RANCH RODEO, INC.;
HAYWARD AREA RECREATION AND
PARK DISTRICT; HAYWARD AREA
RECREATION AND PARK DISTRICT
PUBLIC SAFETY MANAGER/RANGER
KEVIN HART; ALAMEDA COUNTY
SHERIFF'S OFFICE; ALAMEDA COUNTY
DEPUTY SHERIFF JOSHUA MAYFIELD;
and DOES 1 and 2, in their individual and
official capacities, jointly and severally,

Defendants.

Case No. 3:23-cv-01652-VC

**DEFENDANTS COUNTY OF
ALAMEDA AND ALAMEDA COUNTY
DEPUTY SHERIFF JOSHUA
MAYFIELD'S TRIAL BRIEF RE:
SPECIFIC INTENT**

Action Filed:      April 6, 2023
Trial Date:        October 21, 2024

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANTS COUNTY OF ALAMEDA'S TRIAL
BRIEF RE: SPECIFIC INTENT
50168571.1/059499.0021

3:23-CV-01652-VC

1    The Bane Act requires plaintiffs to establish that Dep. Joshua Mayfield had the *mens rea*

2   of specific intent to violate their right to free speech. This requirement appears not only in CACI

3   3066's introductory paragraph ("defendant intentionally interred with plaintiff's civil rights"), but

4   is set forth as a necessary element that plaintiffs must prove ("2.  That defendant intended to

5   deprive plaintiffs of their enjoyment of the interests protected by the right").

6    Plaintiff Cuviello (pro se) and plaintiff Bolbol's counsel have adamantly taken the

7   opposite position: that a Bane Act claim does *not* require proof of specific intent. The parties'

8   proposed Jury Instructions and Verdict Forms therefor differ considerably on this crucial point,

9   and this issue will need to be decided by the Court.

10    Defendant County of Alameda and Dep. Joshua Mayfield accordingly submit this trial

11   brief on the specific intent element of a Bane Act claim for the Court's consideration.

12   **I.    CACI 3066 Requires Plaintiffs to Prove Intent**

13    CACI 3066 explicitly requires that plaintiffs prove intent. The introductory paragraph[1]

14   explains to the jury that "Plaintiffs claim that Dep. Josh Mayfield *intentionally interfered with*

15   *plaintiffs civil rights by threats, intimidation, or coercion.*" (Emphasis added.) The CACI then

16   makes the intent requirement a necessary element of this claim: "To establish this claim, plaintiffs

17   must prove …: 2.   That Dep. Mayfield *intended to deprive* plaintiffs of their enjoyment of the

18   interests protected by the right to free speech." (Emphasis added.)

19    Subsequent California case law explains why the Legislature requires plaintiffs to prove

20   intent in a Bane Act claim (whereas, for example, the intent element is absent in a negligence

21   claim); and that the level of intent that plaintiffs must prove is *specific* intent.

22   **II.    Controlling California Appellate Case Law Requires that Plaintiffs Establish That**
23   **Dep. Mayfield Had the Specific Intent to Violate Their Free Speech Rights**

24    The leading California Appellate Court opinion on the *mens rea* required to prove a

25   violation of the Bane Act is *Cornell v. City and County of San Francisco*, 17 Cal.App.5th766

26   (2017) ("*Cornell*"). Following from its close analysis of the statutory language on a number of

27   _____

28   [1] Revised only to fit the facts of this case.

DEFENDANTS COUNTY OF ALAMEDA'S TRIAL
BRIEF RE: SPECIFIC INTENT
50168571.1/059499.0021

3:23-CV-01652-VC

1   issues, the Court held that, "The statutory phrase 'threat, intimidation, or coercion' serves as an

2   aggravator justifying that the underlying violation of civil rights is sufficiently egregious to

3   warrant *enhanced statutory remedies*." (*Cornell* at 801 [emphasis added].) Based on this, the

4   Cornell Court stated that:

5       Accordingly, we hold that … the egregiousness required by Section 52.1 is tested
        by whether the circumstances indicate the arresting officer had a *specific intent to*
6       *violate* [the relevant constitutional or statutory right relied on by plaintiff].

7       *Id*. at 801-802 (emphasis added). This was because California Legislature intended that in

8   order for plaintiff to be awarded "enhanced statutory remedies," in addition to whatever "actual"

9   damages he or she suffered, plaintiff must meet the higher burden of proving specific intent.

10  (Ibid.) Put differently, the statute was meant "to address interference with constitutional rights

11  involving more egregious conduct than mere negligence," which does not have a *mens rea*

12  element at all. *Id*. at 796. Plaintiffs here claim not only the enhance statutory damages allowed by

13  the Bane Act even in the absence of actual harm, but plaintiff Bolbol also claims substantial

14  attorney's fees. Neither of these would be allowed in a negligence action, where plaintiffs would

15  have to prove harm and causation. The *Cornell* holding guarantees that if plaintiffs wish to obtain

16  these enhanced damages and attorney's fees, based on Dep. Mayfield's mere *words* to them,

17  something more than a mere violation of the negligence standard is required.

18      The specific intent requirement is the same as that set forth in *Screws v. United States*

19  (1945) 325 U.S. 91. *Id*. at 802. "The *Screws* specific intent standard has been an established

20  feature of federal civil rights law under Section 241 [criminal conspiracy against rights] since the

21  mid-1960s." Ibid. This conclusion, the *Cornell* court further found, is bolstered by the fact that

22  "so much of the text and structure of Section 52.1 appears to descend from Section 241." Ibid.

23  While noting the differences between Section 241 and 52.1, including as to the burden of proof in

24  the criminal statute, the Court saw no difference why the applicable *mens rea* element ought to

25  differ." Ibid. "Application of the *Screws* specific intent standard" will often be "straightforward."

26  *Id*. at 803. The finder of fact will simply ask, "Did the defendant commit the act in question with

27

28

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANTS COUNTY OF ALAMEDA'S TRIAL
BRIEF RE: SPECIFIC INTENT
50168571.1/059499.0021                                    3:23-CV-01652-VC

1  the particular purpose of depriving the citizen victim of his enjoyment of the interests protected

2  by that … right." Ibid.

3       The specific intent requirement, however, does not require that the defendant "recognize

4  the unlawfulness of his act." Ibid. (internal quotation marks and citation omitted). Rather,

5  defendant will have acted with the requisite specific intent if they acted "in reckless disregard of

6  constitutional … prohibitions or guarantees." Ibid. (internal quotation marks and citation

7  omitted).

8       Subsequent California Courts of Appeal opinions have confirmed that *Cornell* was rightly

9  decided. See *B.B. v. County of Los Angeles*, 25 Cal.App.5th 115, 133 (2018) (judgment reversed

10  on other grounds at *B.B. v. County of Los Angeles* 10 Cal.5th 1, 2020) ("to establish liability

11  under the Bane Act, a plaintiff must prove the defendant acted with a specific intent to violate the

12  plaintiff's civil rights," citing *Cornell*; see also *Sherman v. Bryant*, 2020 WL 6798809 at *9

13  (same).

14  **III.   The Ninth Circuit Also Requires Proof of Specific Intent in a Bane Act Claim**

15       Following *Cornell*, the Ninth Circuit has held that "the Bane Act requires 'a specific

16  intent' to violate" plaintiff's constitutional rights. *Reese v. County of Sacramento*, 888 F.3d 1030,

17  1043 (9th Cir. 2018) ("*Reese*"), quoting *Cornell* at 384. The *Reese* court noted its "obligation to

18  consider the California Court of Appeal's thorough analysis of its own law." Ibid. It further noted

19  that, "We see no convincing evidence that the state's supreme court likely would not follow

20  *Cornell* in reaching [this conclusion]." Ibid (internal quotation marks and citation omitted).

21       Subsequent Ninth Circuit case law has followed *Reese* and *Cornell* to require proof of

22  specific intent. See *Sandoval v. County of Sonoma*, 912 F.3d 509, 519-520 (9th Cir. 2018) (*Reese*

23  "substantially clarified the legal standard to be applied in a Bane Act claim" to require a finding

24  of specific intent); also *Hughes v. Rodriguez*, 31 F.4th 1211 (9th Cir. 2022), 1224 (Bane Act

25  requires that the defendant "had a 'specific intent' to violate a constitutional right," quoting *Reese*

26  at 1043).

27  / / /

28

- 4 -

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANTS COUNTY OF ALAMEDA'S TRIAL
BRIEF RE: SPECIFIC INTENT
50168571.1/059499.0021

3:23-CV-01652-VC

1

**IV.    The Directions for Use for CACI 3066 Incorrectly State the Law on Specific Intent,
Apparently as a Result of Scribal Error**

2

3          The Directions for Use ("Directions") for CACI 3066 incorrectly state the law as to

4   specific intent in a Bane Act Claim – apparently as a result of a scribal error. The Directions state

5   in full as follows:

6          Under the Unruh Act, **if only the statutory minimum damages of $4,000 is
           sought, it is not necessary to prove *harm* and *causation*.** (See *Koire v. Metro
7          Car Wash* (1985) 40 Cal.3d 24, 33 [219 Cal.Rptr. 133, 707 P.2d 195] [Section 52
           provides for minimum statutory damages for every violation of section 51,
8          regardless of the plaintiff's actual damages]; see also Civ. Code, § 52(h) ["actual
           damages" means special and general damages].) Presumably, the same rule applies
9          under the Bane Act as the statutory minimum of section 52(a) should be
           recoverable. **Therefore, omit elements 2 and 3 unless actual damages are
10         sought**. (Emphasis added.)

11

12         The direction to omit elements 2 ("intended to deprive") and 3 ("harmed"), while

13   retaining element 4 ("substantial factor/causation") does not make sense on its face, as a

14   comparison of the two bolded phrases makes clear. The Direction must have intended to read

15   "omit elements 3 and 4" if only statutory damages, not actual damages, are sought. This

16   conclusion is further borne out by a review of CACI 3060 (Unruh Civil Rights Act), where the

17   four instructions are structured similarly to CACI 3066 and, specifically, with the last two

18   elements, elements 3. and 4., being identical:  **3. That [*name of plaintiff*] was harmed; and 4.**

19   **That [*name of defendant*]'s conduct was a substantial factor in causing [*name of plaintiff*]'s**

20   **harm**.  CACI 3060 and 3066.

21         The Directions for Use of CACI No. 3060 reads:

22         For an instruction on damages under the Unruh Act, see CACI No. 3067, Unruh
           Civil Rights Act - Damages. Note that the jury may award a successful plaintiff up
23         to three times actual damages but not less than $4,000 regardless of any actual
           damages. (Civ. Code, § 52(a).) **In this regard, harm is presumed, and elements
24         3 and 4 may be considered as established if no actual damages are sought**.
           (See *Koire v. Metro Car Wash* (1985) 40 Cal.3d 24, 33 [219 Cal.Rptr. 133, 707
25         P.2d 195] [Unruh Act violations are per se injurious]; Civ. Code, § 52(a) [provides
           for minimum statutory damages for every violation regardless of the plaintiff's
26         actual damages];see also Civ. Code, § 52(h) ["actual damages" means special and
           general damages].) (Emphasis added.)

27

28

DEFENDANTS COUNTY OF ALAMEDA'S TRIAL                    3:23-CV-01652-VC
BRIEF RE: SPECIFIC INTENT
50168571.1/059499.0021

1    Additionally, the Directions for Use for CACI 3066 cite *Cornell* for the proposition that

2    "the 'threat, intimidation or coercion' element requires a specific intent to violate protected

3    rights."

4    **VI.    Conclusion**

5    California Appellate and Ninth Circuit opinion hold that the Bane Act requires proof that

6    the defendant had the specific intent to violate plaintiff's constitutional rights. CACI 3066 clearly

7    reflects that requirement both in its introductory paragraph, as well as enumerated element No. 2.

8    Accordingly, the jury instructions and verdict form must reflect this legal requirement.

Dated: September 25, 2024              FENNEMORE WENDEL

By: _____
                                       William B. Rowell
                                       Thiele R. Dunaway
                                       Marc Brainich
                                       Michele C. Kirrane
                                       Attorneys for Defendants
                                       County of Alameda and Alameda County
                                       Deputy Sheriff Joshua Mayfield

FENNEMORE WENDEL
ATTORNEYS AT LAW
OAKLAND

DEFENDANTS COUNTY OF ALAMEDA'S TRIAL
BRIEF RE: SPECIFIC INTENT
50168571.1/059499.0021                                    3:23-CV-01652-VC