Jessica L. Blome (Cal. Bar No. 314898)
Lily A. Rivo (Cal. Bar No. 242688)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fx: (510) 900-9502
Email: jblome@greenfirelaw.com
        lrivo@greenfirelaw.com

*Attorneys for Plaintiff Deniz Bolbol*

JOSEPH P. CUVIELLO
205 De Anza Blvd., #125
San Mateo, CA 94402
Telephone: (650) 315-3776
Email: pcuvie@gmail.com

*Plaintiff in Pro Se*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL, individually,<br><br>Plaintiffs<br><br>v.<br><br>ROWELL RANCH RODEO, INC., et al.,<br><br>Defendants | Case No. 3:23-cv-01652-VC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' TRIAL BRIEF RE: SPECIFIC INTENT**<br><br>Judge:  Hon. Vince Chhabria<br>Dept:  Courtroom 5 – 17th Floor<br>Hearing Date:  October 8, 2024<br>Hearing Time: 10:00 a.m. |

1

**NOTICE OF MOTION**

2

PLEASE TAKE NOTICE that on October 8, 2024 at 10:00 a.m., in Courtroom 5, 17th Floor

3

of the United States District Court for the Northern District of California, 450 Golden Gate Avenue,

4

San Francisco, California, before the Honorable Vince Chhabria, Plaintiffs Deniz Bolbol and Joseph

5

P. Cuviello will, and hereby do, move for an order granting this Motion to Strike Defendants'

6

County of Alameda and Alameda County Deputy Sheriff Joshua Mayfield's Trial Brief Re: Specific

7

Intent. This Motion to Strike is made on the grounds that Defendant's Trial Brief violates the

8

Court's Standing Order for Civil Trials. This Motion is based on this Notice of Motion, the

9

Memorandum of Points and Authorities below, and the Proposed Order.

10

11

Respectfully submitted,

12

13

DATED: September 27, 2024          */s/ Jessica L. Blome*
Jessica Blome

14

Lily A. Rivo
GREENFIRE LAW, PC

15

*Attorney for Plaintiff Deniz Bolbol*

16

DATED: September 27, 2024          */s/ Joseph P. Cuviello*
JOSEPH P. CUVIELLO

17

*Plaintiff In Pro Se*

18

19

20

21

22

23

24

25

26

27

28

**Memorandum of Points and Authorities**

### I.        Introduction

The Court's Standing Order for Civil Trials ("Order") states that Motions in Limine are limited to five pages. Order, p. 5, no. 13. Defendant County of Alameda ("County"), through their Trial Brief Re: Specific Intent, seeks to supplement arguments set forth in their previously filed Motions in Limine and direct this Court to order that specific intent is an element of the Bane Act. Dkt. 147. But this determination will be made when the Court rules on the parties' Motions in Limine. In addition, the County has requested a special jury instruction requiring that the court instruct the jury that specific intent is an element of a Bane Act claim, and Plaintiffs have objected. These issues are, therefore, properly before the Court already. As such, this Court should strike Defendant County's supplemental briefing as it violates the Court's Order regarding page limitations for Motions in Limine.

### II.       Statement of Facts

On September 17, 2024, the parties filed their Proposed Jury Instructions. Dkt. 131. At pages 19 and 20, the parties specifically dispute whether the County's proposed special instruction requiring a showing of specific intent under the Bane Act. *Id.* With their objection and dispute, Plaintiffs adhered to the Court's Order and explained, in no more than one page, why the instruction should not be given. *See* Order, p. 4, no. 8.

The next day, Defendant County filed three Motions in Limine. Dkts. 133-135. Defendant County's Motion in Limine No. 1 sought to preclude evidence concerning the County's policies, procedures, training, and instruction regarding handling demonstrations and first amendment issues. Dkt. 133. Defendant County's Motion in Limine No. 2 sought to preclude evidence of the County's handling of other demonstrations and complaints, and Motion in Limine No. 3 sought to preclude questioning of sheriff's office deputies about who paid for their presence at the Rowell Ranch Rodeo. Dkts. 134-135.

1   According to the Court's Order, "The memoranda in support of and in opposition to each

2   motion in limine shall be no longer than five pages." Order, p. 5, no. 13. In each of their

3   Oppositions to Defendant County's Motion in Limine, Plaintiffs contend that if the Court requires a

4   showing of specific intent to prove a violation of the Bane Act, as the County requests, then

5   Plaintiffs should be entitled to present evidence demonstrating this intent. Dkt. 133, p. 31:21-22;

6   Dkt. 134, p. 28:21-22 ("Plaintiffs do not believe intent is an element of proving a Bane Act

7   claim…"); Dkt. 135, p. 13:16-20. The County filed Plaintiffs' Oppositions in accordance with the

8   Court's Order, collating the County's respective Motion with Plaintiffs' Opposition and filing them

9   as paired sets. Order, p. 5, no. 14.

10   On September 25, 2024, the County filed their Trial Brief Re: Specific Intent. Dkt. 147.

11   **III.    Argument**

12   The Court should strike the County's "Trial Brief Re: Specific Intent" because the Court's

13   Order states that a dispute about jury instructions must be raised when the proposed jury

14   instructions are filed and at the pretrial conference. Order, p. 4, no. 9. The County's Trial Brief Re:

15   Specific Intent states that because the parties' Proposed Jury Instructions and Verdict Forms differ,

16   the Court *must* determine whether specific intent is required. (Emphasis added), Dkt. 147, p. 2. But

17   the Order does not provide for supplemental briefing on jury instructions.

18   Further, the Court should strike the County's Trial Brief Re: Specific Intent because it is an

19   improper attempt to supplement their Motions in Limine in violation of this Court's Order setting

20   page limitations. Order, p. 5, no. 13. This Court has the inherent power to control its docket.

21   *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir. 1998). This

22   includes the power to strike items from the docket as a sanction for litigation conduct. *Ibrahim v.*

23   *U.S. Dep't of Homeland Sec.,* 835 F.3d 1048, 1065 (9th Cir. 2016) (citing *Ready Transp., Inc. v.*

24   *AAR Mfg.,* 627 F.3d 402, 404 (9th Cir. 2010). These inherent powers are "mechanisms" that help

25   the courts manage their own affairs to achieve an orderly and expeditious disposition of cases. *Id.,*

26   *citing Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991).

27

28

1    Through an additional and prohibited five pages of argument, the County seeks to force the

2    Court's hand and mandate that specific intent is an element of the Bane Act. *See* Dkt. 131, p. 19.

3    But the proper method for the Court to determine whether there is an intent requirement to the Bane

4    Act, and accordingly, whether specific evidence should be included at trial, is to rule on the parties'

5    Motions in Limine. Each party was provided the same page limit for filing these motions and

6    oppositions. Plaintiffs should not suffer prejudice due to adhering to the Court's rules, and

7    Defendant County should not benefit from violating the same. Further, it is clear the County is

8    cognizant of the Court's Order as it adhered to requirements when filing Motions in Limine. *See*

9    Order, p. 5, no. 14 (requiring collating Motions in Limine with Oppositions, back-back as a paired

10    set).

11    The County's Trial Brief Re: Specific Intent violates the Court's Order as it improperly

12    maneuvers around Court-ordered page limitations. This Court has the power to control its docket,

13    "manage" its affairs, and accordingly should strike this improper supplemental filing. *Ibrahim,* 835

14    F.3d at 1065.

15    **IV.    Conclusion**

16    For the foregoing reasons Plaintiffs respectfully request that this Court grant their Motion to

17    Strike Defendant's Trial Brief Re: Specific Intent.

18

19                                      Respectfully submitted,

20

21    DATED: September 27, 2024          */s/ Jessica L. Blome*

22                                      Jessica Blome

23                                      Lily A. Rivo
                                      GREENFIRE LAW, PC

24                                      *Attorney for Plaintiff Deniz Bolbol*

25    DATED: September 27, 2024          */s/ Joseph P. Cuviello*
                                      JOSEPH P. CUVIELLO

26                                      *Plaintiff In Pro Se*

27

28                              - 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of September 2024 the foregoing was served on all parties through the Court's electronic filing, CM/ECF system in accordance with Rule 5 of the Federal Rules of Civil Procedure.

By:     */s/ Jessica San Luis*
Jessica San Luis
GREENFIRE LAW, P.C.